ROBBINS ARROYO LLP
BRIAN J. ROBBINS (190264)
STEPHEN J. ODDO (174828)
ERIC M. CARRINO (310765)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsarroyo.com
       soddo@robbinsarroyo.com
       ecarrino@robbinsarroyo.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page]

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| IN RE RIPPLE LABS INC. LITIGATION | ) | Case No. 4:18-cv-06753-PJH |
|---|---|---|
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) | |
| | ) | **PLAINTIFFS' RESPONSE TO** |
| ALL ACTIONS. | ) | **DEFENDANTS' RESPONSE TO** |
| | ) | **STANDING ORDER REGARDING** |
| | ) | **REMOVED CASES** |

1  Plaintiff Vladi Zakinov and Plaintiff David Oconer (together "Plaintiffs") hereby submit
2  this response to clarify certain representations made in Defendants' Response to Standing Order
3  Regarding Removed Cases ("Defendants' Response") filed November 16, 2018 (ECF 10) and
4  provide the following information:

5  On August 29, 2018, Judge Richard H. DuBois of the Superior Court of California,
6  County of San Mateo ("San Mateo Superior Court") entered an order consolidating two
7  factually similar actions – *Zakniov v. Ripple Labs Inc.*, No. 18-CIV-02845 (Cal. Super. Ct.-San
8  Mateo Cty.) and *Oconer v. Ripple Labls Inc.*, No. 18-CIV-0332 (Cal. Super. Ct.-San Mateo
9  Cty.) – under the name *In re Ripple Labs Inc. Litigation*, Lead Case No. 18-CIV-02845 (Cal.
10 Super. Ct.-San Mateo Cty.) (the "First Consolidation Order").[1]  The First Consolidation Order
11 provided that in the event any case "which properly belongs as part of the *In re Ripple Labs Inc.*
12 *Litigation*, Lead Case No. 18-CIV-02845, is hereafter or has been filed in, remanded to, or
13 transferred to this Court, counsel for the parties shall ... ***mov[e] the Court for an order***
14 ***consolidating such case(s)*** with *In re Ripple Labs Inc. Litigation*, Lead Case No. 18-CIV-
15 02845."  (emphasis added).

16 On October 25, 2018, Defendants filed a Notice of Related Case in the San Mateo
17 Superior Court suggesting that *Greenwald vs. Ripple Labs Inc.*, No. 18-CIV-03461 (Cal. Super.
18 Ct.-San Mateo Cty.) (the "Greenwald Action") was related to *In re Ripple Labs Inc. Litigation*
19 after the Greenwald Action was first removed to, and then subsequently remanded by, this
20 Court.[2]  Defendants did not, however, file a notice and motion pursuant to Rule 3.350 of the

---

[1] Consistent with the requirements of the First Consolidation Order, Plaintiffs filed a consolidated complaint on October 15, 2018 on behalf of themselves and a "class consisting of all citizens of California who purchased XRP" against defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse and asserting claims under sections 25110, 25503, and 25504 of the California Corporations Code.

[2] On August 8, 2018, the Greenwald Action was removed to this Court.  *Greenwald v. Ripple Labs Inc.*, No. 3:18-cv-04790-SK (N.D. Cal.).  On October 15, 2018, after full briefing, this Court remanded the Greenwald Action back to San Mateo Superior Court.  *See* Order Granting Plaintiff's Motion to Remand and Vacating Hearing, *Greenwald v. Ripple Labs Inc.*, No. 3:18-cv-04790-SK (N.D. Cal. Oct. 15, 2018).

- 1 -

PS' RESPONSE TO DEFENDANTS' RESPONSE TO STANDING ORDER REGARDING REMOVED CASES
Case No. 3:18-cv-06753-PJH

California Rules of Court.  Nor did any other party file such a notice and motion or otherwise stipulate that the Greenwald Action should or could be consolidated with the two state court actions subject to the First Consolidation Order.

On October 31, 2018, Judge Dubois entered an order deeming the Greenwald Action related to and consolidated with *In re Ripple Labs Inc. Litigation* (the "Second Consolidation Order").  Plaintiffs believe this consolidation was inadvertent.  *See, e.g.*, *Sutter Health Uninsured Pricing Cases*, 171 Cal. App. 4th 495, 514 (2009) ("Absent a stipulation to consolidate, a noticed and written motion to consolidate is required.") (emphasis omitted).[3]

Defendants' Response contends that this action "became removable" after Judge DuBois entered the Second Consolidation Order.  Not so.  As will be explained fully in Plaintiffs' forthcoming Motion to Remand, the Second Consolidation Order was made inadvertently and this action did not become removable on October 31, 2018.  First, the Greenwald Action was purportedly consolidated with *In re Ripple Labs Inc. Litigation* even though no party ever "mov[ed] the Court for an order consolidating such case(s)," as was required by the First Consolidation Order, and consistent with California state law.  *Sutter Health*, 171 Cal. App. 4th at 514.  Among other deficiencies, Plaintiffs believe the Second Consolidation Order also fails to indicate whether the Greenwald Action, which asserts unique claims on behalf of a vastly different class and includes additional defendants, is related to the *In re Ripple Labs Inc. Litigation* "for all purposes" and/or to specify which complaint is operative in this action.  Accordingly, significant ambiguity exists as to whether the Greenwald Action was completely or properly consolidated with *In re Ripple Labs Inc. Litigation*.  For these reasons alone, remand

---

[3] Notably, a case management conference ("CMC") in the consolidated *Zakniov* and *Oconer* cases was scheduled for November 16, 2018.  During a November 7, 2018, telephonic conference in advance of the CMC, counsel for Defendants revealed that the call was unnecessary as the Notice of Removal had been sent out for filing shortly before the call.  Counsel for Plaintiffs in the consolidated *Zakinov* and *Oconer* cases suggested that the parties should address the un-noticed and un-stipulated consolidation with the Court during the upcoming November 16, 2018 CMC, which would have still provided Defendants with sufficient time to file a Notice of Removal.  Defendants refused, however, and persisted in removing the instant actions.

1  is required.  *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.

2  2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state

3  court."); *Alderman v. Pitney Bowes Mgmt. Servs.*, 191 F. Supp. 2d 1113, 1115 (N.D. Cal. 2002)

4  ("The removal statute is strictly construed against removal jurisdiction and any doubt must be

5  resolved in favor of remand.").

6  DATED: November 26, 2018                     Respectfully submitted,

                                                ROBBINS ARROYO LLP
                                                BRIAN J. ROBBINS
                                                STEPHEN J. ODDO
                                                ERIC M. CARRINO


                                                       */s/ Stephen J. Oddo*
                                                       STEPHEN J. ODDO

                                                600 B Street, Suite 1900
                                                San Diego, CA 92101
                                                Telephone: (619) 525-3990
                                                Facsimile: (619) 525-3991
                                                E-mail: brobbins@robbinsarroyo.com
                                                         soddo@robbinsarroyo.com
                                                         ecarrino@robbinsarroyo.com

                                                ROBBINS GELLER RUDMAN
                                                  & DOWD LLP
                                                BRIAN O. O'MARA (229737)
                                                655 West Broadway, Suite 1900
                                                San Diego, CA 92101
                                                Telephone: (619) 231-1058
                                                Facsimile: (619) 231-7423
                                                E-mail: bomara@rgrdlaw.com

                                                SHAWN A. WILLIAMS (213113)
                                                Post Montgomery Center
                                                One Montgomery Street, Suite 1800
                                                San Francisco, CA  94104
                                                Telephone: (415) 288-4545
                                                Facsimile: (415) 288-4534
                                                E-mail: shawnw@rgrdlaw.com

                                                Co-Lead Counsel for Plaintiffs

131775

- 3 -

PS' RESPONSE TO DEFENDANTS' RESPONSE TO STANDING ORDER REGARDING REMOVED CASES
Case No. 3:18-cv-06753-PJH

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 26, 2018.

*/s/ Stephen J. Oddo*
STEPHEN J. ODDO