JOHN T. JASNOCH (CA 281605)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com

– and –

THOMAS L. LAUGHLIN, IV *(pro hac vice)*
RHIANA SWARTZ *(pro hac vice)*
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com

*Counsel for Plaintiff Avner Greenwald*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE RIPPLE LABS INC. LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No. 4:18-cv-06753-PJH<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' RESPONSE TO STANDING ORDER REGARDING REMOVED CASES** |

Plaintiff Avner Greenwald ("Plaintiff") hereby submits this response to clarify certain representations made in Defendants' Response to Standing Order Regarding Removed Cases ("Defendants' Response"), filed November 16, 2018 (ECF No. 10) and provide the following information:

On August 29, 2018, Judge Richard H. DuBois of the Superior Court of California, County of San Mateo ("San Mateo Superior Court") entered an order consolidating two factually similar actions – *Zakniov v. Ripple Labs Inc.*, No. 18-CIV-02845 (Cal. Super. Ct. San Mateo Cty.) and *Oconer v. Ripple Labs Inc.*, No. 18-CIV-0332 (Cal. Super. Ct. San Mateo Cty.) – under the name *In re Ripple Labs Inc. Litigation*, Lead Case No. 18-CIV-02845 (Cal. Super. Ct. San Mateo Cty.) (the "First Consolidation Order").[1]  The First Consolidation Order further provided that in the event any case "which properly belongs as part of the *In re Ripple Labs Inc. Litigation*, Lead Case No. 18-CIV-02845, is hereafter or has been filed in, remanded to, or transferred to this Court, counsel for the parties shall . . . ***mov[e] the Court for an order consolidating such case(s)*** with *In re Ripple Labs Inc. Litigation*, Lead Case No. 18-CIV-02845."  (emphasis added).

On October 25, 2018, Defendants filed a Notice of Related Case in the San Mateo Superior Court suggesting that *Greenwald v. Ripple Labs Inc.*, No. 18-CIV-03461 (Cal. Super. Ct. San Mateo Cty.) (the "*Greenwald* Action") was related to *In re Ripple Labs Inc. Litigation* after the *Greenwald* Action was first removed to, and then subsequently remanded by, this Court.[2]  Defendants did not, however, file a notice and motion pursuant to Rule 3.350 of the California Rules of Court.  Nor did any other party file such a notice and motion or otherwise stipulate that the *Greenwald* Action

---

[1]  Consistent with the requirements of the First Consolidation Order, Plaintiffs filed a consolidated complaint on October 15, 2018 on behalf of themselves and a "class consisting of all citizens of California who purchased XRP" against defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse and asserting claims under sections 25110, 25503, and 25504 of the California Corporations Code.

[2]  On August 8, 2018, the *Greenwald* Action was removed to this Court.  *Greenwald v. Ripple Labs Inc.*, No. 4:18-cv-04790-PJH (N.D. Cal.).  On October 15, 2018, after full briefing, this Court remanded the *Greenwald* Action back to San Mateo Superior Court.  *See* Order Granting Plaintiff's Motion to Remand and Vacating Hearing, *Greenwald v. Ripple Labs Inc.*, No. 4:18- cv-04790-PJH (N.D. Cal. Oct. 15, 2018).

should or could be consolidated with the two state court actions subject to the First Consolidation Order.

On October 31, 2018, Judge Dubois entered an order deeming the *Greenwald* Action related to and consolidated with *In re Ripple Labs Inc. Litigation* (the "Second Consolidation Order"). Plaintiffs believe this consolidation was inadvertent. *See, e.g.*, *Sutter Health Uninsured Pricing Cases*, 171 Cal. App. 4th 495, 514 (2009) ("Absent a stipulation to consolidate, a noticed and written motion to consolidate is required.") (emphasis omitted).

Defendants' Response contends that this action "became removable" after Judge DuBois entered the Second Consolidation Order. Not so. As will be explained fully in Plaintiff's forthcoming Motion to Remand, Plaintiff believes the Second Consolidation Order was made inadvertently and this action did not become removable on October 31, 2018. First, the *Greenwald* Action was purportedly consolidated with *In re Ripple Labs Inc. Litigation* even though no party ever "mov[ed] the Court for an order consolidating such case(s)," as was required by the First Consolidation Order, and consistent with California state law. *Sutter Health*, 171 Cal. App. 4th at 514. Among other deficiencies, the Second Consolidation Order also fails to indicate whether the *Greenwald* Action, which asserts unique claims on behalf of a vastly different class and includes additional defendants, is related to the *In re Ripple Labs Inc. Litigation* "for all purposes" and/or to specify which complaint is operative in this action. Accordingly, significant ambiguity exists as to whether the *Greenwald* Action was completely or properly consolidated with *In re Ripple Labs Inc. Litigation*. For these reasons alone, remand is required. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."); *Alderman v. Pitney Bowes Mgmt. Servs.*, 191 F. Supp. 2d 1113, 1115 (N.D. Cal. 2002) ("The removal statute is strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand.").

| | | |
|---|---|---|
| 1 | DATED:  November 26, 2018 | Respectfully submitted, |
| 2 | | SCOTT+SCOTT ATTORNEYS AT LAW LLP |
| 3 | | |
| 4 | | *s/* John T. Jasnoch<br>JOHN T. JASNOCH (CA 281605) |
| 5 | | 600 W. Broadway, Suite 3300<br>San Diego, CA 92101 |
| 6 | | Telephone: 619-233-4565<br>Facsimile:  619-233-0508 |
| 7 | | jjasnoch@scott-scott.com |
| 8 | | THOMAS L. LAUGHLIN, IV *(pro hac vice)* |
| 9 | | RHIANA SWARTZ *(pro hac vice)*<br>The Helmsley Building |
| 10 | | 230 Park Avenue, 17th Floor<br>New York, NY 10169 |
| 11 | | Telephone: 212-223-6444<br>Facsimile:  212-223-6334 |
| 12 | | tlaughlin@scott-scott.com<br>rswartz@scott-scott.com |
| 13 | | |
| 14 | | *Counsel for Plaintiff Avner Greenwald* |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the CM/ECF Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

          s/ John T. Jasnoch
          JOHN T. JASNOCH