SCOTT+SCOTT ATTORNEYS AT LAW LLP
JOHN T. JASNOCH
600 W. Broadway, Suite 3300
San Diego, CA  92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com

*Attorneys for Plaintiff Avner Greenwald*

[Additional counsel on signature page.]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| VLADI ZAKINOV, DAVID OCONER, & AVNER GREENWALD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RIPPLE LABS INC., *et al*.,<br><br>Defendants. | Case No. 4:18-cv-06753-PJH<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFF AVNER GREENWALD'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: February 13, 2019<br>Time: 9:00 a.m.<br>Courtroom:  3 – 3rd Floor<br><br>Hon. Phyllis J. Hamilton |

PLAINTIFF AVNER GREENWALD'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 18-CV-06753-PJH

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................2

II.  FACTUAL BACKGROUND........................................................................3

    A.   Defendants' First Improper Removal of the *Greenwald* Action .............3

    B.   After Remand, the *Greenwald* Action Is Inadvertently Consolidated with the State Law Action..................................................................................4

    C.   Defendants Waste the Parties' and the Court System's Time by Removing the Consolidated Action Before the Parties Are Able to Contact Judge Dubois.........................................................................................................5

III. ARGUMENT..................................................................................................6

    A.   The Court Should Remand to Give the San Mateo Superior Court the Opportunity to Address the Consolidation in the First Instance..............6

    B.   The Improper Second Consolidation Order Was Not a Voluntary Act Giving Rise to CAFA Jurisdiction..............................................................7

    C.   Even if the Cases Were Properly Consolidated in Full, Remand Is Still Required Because the Operative Complaint in the State Law Action Is Not Removable .................................................................................................8

IV. CONCLUSION.............................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abeyta v. Raytheon Space & Airborne Sys. Co.*,
   No. CV-08-2677, 2008 WL 11338842 (C.D. Cal. June 12, 2008) ............................................ 7

*Agnello v. Twin Hill Acquisition Co., Inc.*,
   No. 18-cv-02756-JCS, 2018 WL 3972022 (N.D. Cal. Aug. 20, 2018) .................................... 7

*Bridewell-Sledge v. Blue Cross of California*,
   798 F.3d 923 (9th Cir. 2015) ................................................................................................... 6

*Camino Camper of San Jose, Inc. v. Winnebago Indus., Inc.*,
   715 F. Supp. 964 (N.D. Cal. 1989) .......................................................................................... 8

*Denevi v. LGCC, LLC*,
   121 Cal. App. 4th 1211 (2004) ................................................................................................ 7

*Drouet v. Superior Court*,
   104 Cal. Rptr. 2d 159 (Cal. 2001), *rev'd on other grounds*,
   31 Cal. 4th 583 (2003) ............................................................................................................. 9

*Hamilton v. Asbestos Corp.*,
   22 Cal. 4th 1127 (2000) ........................................................................................................... 6

*Harris v. Bankers Life & Cas. Co.*,
   425 F.3d 689 (9th Cir. 2005) ................................................................................................... 9

*Humana Inc. v. Forsyth*,
   119 S. Ct. 710 (1999) ............................................................................................................... 9

*Kuxhausen v. BMW Fin. Servs. NA LLC*,
   707 F.3d 1136 (9th Cir. 2013) ................................................................................................. 9

*Luther v. Countrywide Home Loans Servicing LP*,
   533 F.3d 1031 (9th Cir. 2008) ................................................................................................. 2

*Morris-Edge Masonry, Inc. v. Tonn & Blank, Inc.*,
   461 So. 2d 1036 (Fla. Dist. Ct. App. 1985) ............................................................................. 8

*Moss Bros. Toy, Inc. v. Ruiz*,
   27 Cal. App. 5th 424 (2018) .................................................................................................... 7

*Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*,
    721 F.3d 95 (2d Cir. 2013) ................................................................................................9

*Sutter Health Uninsured Pricing Cases*,
    171 Cal. App. 4th 495 (2009) ............................................................................................6

*Thompson v. Target Corp.*,
    No. EDCV-16-00839, 2016 WL 4119937 (C.D. Cal. Aug. 2, 2016) .................................6

**Statutes, Rules, and Regulations**

28 U.S.C.
    §1332(d)(11)(B)(ii)(II) .......................................................................................................7
    §1446(b) .............................................................................................................................9
    §1447(c) .............................................................................................................................1
    §1453(b) .............................................................................................................................3

California Corporation Code
    §25110 ................................................................................................................................4
    §25503 ................................................................................................................................4
    §25504 ................................................................................................................................4

California Rules of Court
    Rule 3.350 ................................................................................................................5, 6, 8

## NOTICE OF MOTION AND MOTION

TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on February 13, 2019 at 9:00 a.m., before the Honorable Phyllis J. Hamilton, United States District Judge, at the United States District Court, Northern District of California, 1301 Clay Street, Courtroom 3, Oakland, California 94612, Plaintiff Avner Greenwald ("Greenwald") will move this Court for an order, pursuant to 28 U.S.C. §1447(c), remanding this action to the Superior Court of the State of California, County of San Mateo ("San Mateo Superior Court").  This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, and the Proposed Order filed herewith, all pleadings and papers filed herewith, arguments of counsel, and any other matters properly before the Court.

## CONCISE STATEMENT OF RELIEF SOUGHT BY MOVANT

Plaintiff Greenwald requests an order remanding this action to San Mateo Superior Court.

## QUESTIONS PRESENTED

1.   Given the apparently inadvertent nature of consolidation in state court, should this case be remanded to give the state court the chance to consider whether consolidation is appropriate?

2.   Can this case be removed to federal court despite the fact that Plaintiffs have not taken a voluntary action triggering Class Action Fairness Act ("CAFA") jurisdiction?

3.   Does this Court have jurisdiction under CAFA over a recently consolidated action where the operative complaint in the action admittedly does not give rise to CAFA jurisdiction?

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

This case is back before this Court despite having just recently been remanded due to Defendants'[1] bizarre and wasteful second removal only three weeks after this Court's previous remand decision. Plaintiff Avner Greenwald has asserted a class action alleging ***only*** non-removable claims under the Securities Act of 1933 (the "Securities Act") in San Mateo Superior Court (the "*Greenwald* Action"). On August 8, 2018, Defendants removed the *Greenwald* Action pursuant to CAFA and, on October 15, 2018, this Court remanded the action pursuant to *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031 (9th Cir. 2008).

Despite this Court's clear directive, Defendants again improperly removed the *Greenwald* Action to this Court pursuant to CAFA on November 7, 2018 after it was inadvertently, without motion practice, consolidated with the related action filed by Vladi Zakinov ("Zakinov") and David Oconer ("Oconer") asserting only non-removable state law claims on behalf of only California residents (hereinafter, the "State Law Action."). Demonstrating their gamesmanship, Defendants removed this action and the State Law Action despite being told by plaintiff's counsel in both cases that they believed the consolidation was in error and after being apprised of Greenwald's forthcoming motion to deconsolidate. Defendants further refused to wait to remove these actions until after the state court judge could be apprised of plaintiffs' concern that the consolidation was in error.

The Court should grant remand for three reasons. First, in all likelihood, the consolidation order in state court was administrative in nature and will be reversed when the state court is apprised of the fact that the *Greenwald* Action and the State Law Action are very different cases that should be not be consolidated. Second, removal under CAFA must be based

---

[1]     Defendants are Ripple Labs Inc. ("Ripple"), XRP II, LLC ("XRP II"), Bradley Garlinghouse, Christian Larsen, Ron Will, Antoinette O'Gorman, Eric van Miltenburg, Susan Athey, Zoe Cruz, Ken Kurson, Ben Lawsky, Anja Manuel, and Takashi Okita (collectively, "Defendants").

on a "voluntary act" to plead claims giving rise to CAFA jurisdiction. Here, that did not occur. Rather, the *Greenwald* Action and the State Law Action were consolidated without motion practice. Greenwald was not even served with the consolidation order in the State Law Action that provided the basis for the consolidation. Third, even accepting Defendants' position that the *Greenwald* Action and the State Law Action were consolidated for all purposes, Defendants lacked a reasonable basis for removal because the consolidation order provided that the consolidated state law complaint filed by Zakinov and Oconor "*superseded*" the complaints of any actions consolidated into the State Law Action. In analyzing the grounds for removal, the Court must look at the four corners of the operative pleading. In this case, the operative pleading is a state law-only complaint that Defendants admit does not give rise to CAFA jurisdiction.

For these reasons, this case must be remanded a second time.

## II.   FACTUAL BACKGROUND

### A.   Defendants' First Improper Removal of the *Greenwald* Action

This securities class action was commenced in the San Mateo Superior Court on July 3, 2018, on behalf of all persons or entities who purchased XRP tokens, a virtual currency, from July 3, 2015 through the present. (ECF No. 1-1, Compl., ¶87.)[2] This action asserts ***only*** claims brought under §§5, 12(a)(1), and 15 of the Securities Act. On August 8, 2018, Defendants removed the action to this Court under CAFA, 28 U.S.C. §1453(b). On September 7, 2017, Plaintiff Greenwald filed a motion to remand, arguing that §22(a) of the Securities Act operates as a complete bar on any action that involves only Securities Act claims. On October 15, 2018, after full briefing, this Court agreed with Plaintiff Greenwald and, relying on controlling Ninth Circuit authority, held that "§22(a) bars removal of pure Securities Act Claims." (ECF No. 23 at 4.) On October 17, 2018, Defendants filed an *ex parte* motion to stay the remand order pending

---

[2] All ECF references are to *Greenwald v. Ripple Labs, Inc.,* No. 18-cv-04790 (N.D. Cal.) (Hamilton, J.) unless otherwise stated.

appeal to the Ninth Circuit. (ECF No. 25.) This Court denied that motion *sua sponte* on the same day. (ECF No. 27.)

### B. After Remand, the *Greenwald* Action Is Inadvertently Consolidated with the State Law Action

On August 29, 2018, Judge Richard H. DuBois of the San Mateo Superior Court entered an order consolidating the *Zakinov* action and another state court action asserting only California state law claims, the *Oconer* action, into the State Law Action. *See* Defendants' Notice to Adverse Party and Clerk of State Court of Removal of Action to Federal Court, Lead Case No. 18-CIV-02845, filed on November 7, 2018 ("Defs' Rem."), Ex. E (the "First Consolidation Order"). The consolidation order provides, in relevant part:

> Plaintiffs shall either designate a complaint as operative or file a Consolidated Complaint ("Consolidated Complaint") within 45 days after entry of this order, unless otherwise agreed upon by the parties. If filed, ***the Consolidated Complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein.*** *Id.*, ¶8.[3]

The consolidation order in the State Law Action further provides that if the parties in that action identified a related case that they believed should be consolidated with the State Law Action, they should "move[] the Court for an order consolidating such case(s)." *Id.*, ¶15.

On October 15, 2018, consistent with the requirements of the First Consolidation Order, plaintiffs in the *Zakinov* and *Oconer* actions filed a consolidated complaint on behalf of themselves and a "class consisting of all citizens of California who purchased XRP" against defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse (all California residents) and asserting claims under sections 25110, 25503, and 25504 of the California Corp. Code. Defs' Rem., Ex. A. The consolidated complaint in the State Law Action asserts different claims on behalf of a different class than the *Greenwald* Action. Whereas the *Greenwald* Action asserts federal Securities Act claims on behalf of a world-wide class of all purchasers, the State Law Action complaint asserts only California state law claims on behalf of Californians. *See id.*

---

[3] Unless otherwise stated, all emphases are added and citations are omitted.

Defendants do not dispute that the claims alleged in the operative State Law Action complaint are not removable under CAFA. (*See* ECF No. 17 at 24.). Indeed, in their opposition to Plaintiff Greenwald's first motion to remand, Defendants conceded that "[t]he *Zakinov* and *Oconer* actions assert only California state law claims and are brought solely on behalf of California citizens against Defendants who are alleged to be California citizens. Thus, neither the alienage nor the minimum diversity requirements of CAFA are satisfied." *Id.*

On October 25, 2018, following this Court's remand order, Defendants filed a Notice of Related Case in San Mateo Superior Court indicating that the *Greenwald* Action was related to the State Law Action. Defendants did not, however, file a notice and motion to consolidate pursuant to Rule 3.350 of the California Rules of Court or paragraph 15 of the consolidation order in the State Law Action. Nor did any other party file such a notice and motion or otherwise stipulate that the *Greenwald* Action should or could be consolidated with the State Law Action. However, on October 31, 2018, Judge Dubois *sua sponte* entered an order deeming the *Greenwald* Action related to and consolidated with the State Law Action. Defs' Rem., Ex. F (the "Second Consolidation Order").[4]

### C. Defendants Waste the Parties' and the Court System's Time by Removing the Consolidated Action Before the Parties Are Able to Contact Judge Dubois

On its face, the order consolidating the State Law Action and the *Greenwald* Action appeared to be administrative in nature and not the product of a reasoned determination by Judge Dubois that two very different class actions should be consolidated and removed to federal court. Recognizing this fact, counsel for plaintiffs in the State Law Action and the *Greenwald* Action immediately began to take steps to correct the apparently inadvertent consolidation. Among other things, on November 7, 2018, counsel for the parties in the State Law Action and the *Greenwald* Action participated in a conference call with Defendants where counsel for plaintiffs

---

[4]   The consolidation order in the State Law Action was not served on Plaintiff in the *Greenwald* Action.

pointed out that consolidation had likely been inadvertent and requested that Defendants not remove this action until the issue could be raised with Judge Dubois. Additionally, on the same day, counsel in the *Greenwald* Action notified Defendants of Greenwald's intent to move to deconsolidate and asked for Defendants to consent. Notwithstanding the obvious ambiguities regarding the consolidation order and plaintiffs' request, Defendants filed a Notice of Removal on November 7, 2018, contending that this action "became removable" after Judge DuBois entered the Second Consolidation Order.

### III.     ARGUMENT

#### A.     The Court Should Remand to Give the San Mateo Superior Court the Opportunity to Address the Consolidation in the First Instance

By all appearances, Judge Dubois' order consolidating the State Law Action and the *Greenwald* Action was an administrative decision not reflective of a considered determination regarding consolidation. This Court should remand to let Judge Dubois address the plaintiffs' concerns regarding consolidation.

Judge Dubois issued the consolidation order *sua sponte* without briefing. Further, Defendants failed to file a notice and motion to consolidate as required by both the State Law Action's First Consolidation Order and California law. The State Law Action consolidation order provided that the parties should "mov[e] the Court for an order consolidating such case(s)." *See* First Consolidation Order, Defs' Rem., Ex. E, ¶15. Similarly, California law mandates a stipulation or a motion. Rule 3.350 of the California Rules of Court requires that a "notice of motion to consolidate must . . . be filed in each case sought to be consolidated." *See, e.g.*, *Sutter Health Uninsured Pricing Cases*, 171 Cal. App. 4th 495, 514 (2009) ("Absent a stipulation to consolidate, a noticed and written motion to consolidate is required.") (emphasis omitted).[5]

---

[5] Notably, in many of the cases cited by Defendants, consolidation occurred after motion practice. *See, e.g., Hamilton v. Asbestos Corp.*, 22 Cal. 4th 1127, 1133 (2000) (plaintiff "***moved*** for an order to consolidate his two actions"); *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 926 (9th Cir. 2015) ("the Crowder plaintiffs ***moved*** . . . to consolidate . . .); *Thompson v. Target Corp.*, No. EDCV-16-00839, 2016 WL 4119937, at *2 (C.D. Cal. Aug. 2, 2016) ("the Superior Court granted Defendant's ***motion*** to consolidate the two actions").

Even had such a motion been filed, consolidation would not have been appropriate under Rule 3.350 of the California Rules of Court. The *Greenwald* Action involves vastly different classes and different claims than the State Law Action. *See, e.g., Denevi v. LGCC, LLC,* 121 Cal. App. 4th 1211, 1216 (2004) (discussing motion to consolidate denied by district court because "'there are sufficiently different issues of law and fact and differences relating to the parties such that consolidation may lead to judicial diseconomies'"). Further, consolidation would be prejudicial to plaintiffs because the sets of claims alleged in the *Greenwald* Action and the State Law Action could not proceed simultaneously in an amended complaint without potentially leading to removal under CAFA. *See Moss Bros. Toy*, *Inc. v. Ruiz*, 27 Cal. App. 5th 424, 431 (2018) (discussing motion to consolidate denied by district court "'as an improper attempt to circumvent the Court's prior ruling'" denying the party's motion to intervene). In this instance, consolidation, and removal, would be inappropriate.

Accordingly, remand is warranted to address these issues.

**B.     The Improper Second Consolidation Order Was Not a Voluntary Act Giving Rise to CAFA Jurisdiction**

"The Ninth Circuit has held that 'consistent with the plain language of CAFA, . . . the proposal to try claims jointly ***must come from the plaintiffs, not from the defendants***.'" *Agnello v. Twin Hill Acquisition Co., Inc.*, No. 18-cv-02756-JCS, 2018 WL 3972022, at *6 (N.D. Cal. Aug. 20, 2018) (citing *Corber v. Xanodyne Pharms., Inc.*, 771 F.3d 1218, 1223 (9th Cir. 2014)); *see also* 28 U.S.C. §1332(d)(11)(B)(ii)(II) ("the term 'mass action' shall not include any civil action in which . . . the claims are joined upon motion of a defendant."). The voluntary-involuntary rule, followed by the Ninth Circuit, "provides that an action that . . . must remain in state court unless a voluntary act of the plaintiff brings about a change that renders the case removable. Thus, under the voluntary-involuntary rule, removability is dependent on the voluntary actions of the plaintiff, rather than the actions of the defendants or the court." *Abeyta v. Raytheon Space & Airborne Sys. Co.*, No. CV-08-2677, 2008 WL 11338842, at *2 (C.D. Cal. June 12, 2008) (citing *Self v. General Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978)).

7

PLAINTIFF AVNER GREENWALD'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 18-CV-06753-PJH

Here, Defendants contend that this action "became removable" once Judge DuBois entered the Second Consolidation Order. The Second Consolidation Order was not, however, a "voluntary" act by plaintiffs. No party filed a notice and motion to consolidate the action as required by Rule 3.350, and the parties did not stipulate that the *Greenwald* Action could or should be consolidated with the State Law Action. *See, e.g.*, *Sutter Health*, 171 Cal. App. 4th at 514 ("Absent a stipulation to consolidate, a noticed and written motion to consolidate is required."). *See also Camino Camper of San Jose, Inc. v. Winnebago Indus., Inc.*, 715 F. Supp. 964, 966 (N.D. Cal. 1989) ("The court finds that the plaintiffs' purported agreement to the terms of the stipulation does not satisfy the voluntary act requirement. The expressed purpose of the stipulation was to facilitate the litigation."). *Cf. Morris-Edge Masonry, Inc. v. Tonn & Blank, Inc.*, 461 So. 2d 1036, 1037 (Fla. Dist. Ct. App. 1985) (finding that a *sua sponte* order of consolidation without notice to the parties deprives the parties of due process of law and is reversible error). Moreover, the named plaintiff and ten defendants in the *Greenwald* Action were not parties to the August 22, 2018 stipulation that is the predicate for the First Consolidation Order.[6]  *See* Defs' Rem., Ex. E.

### C.   Even if the Cases Were Properly Consolidated in Full, Remand Is Still Required Because the Operative Complaint in the State Law Action Is Not Removable

Even accepting their contention that Judge DuBois meant to consolidate the *Greenwald* Action and the State Law Action in full, Defendants still evidently lacked a basis for removal because Judge DuBois further ordered that the consolidated complaint in the State Law Action superseded the complaints of all cases consolidated therein. Defs' Rem., Ex. E, ¶6. Defendants admit that the consolidated complaint in the State Court Action does not give rise to CAFA

---

[6]  The following *Greenwald* defendants are not named as defendants in the State Law Action: Christian Larsen, Ron Will, Antoinette O'Gorman, Eric Van Miltenburg, Susan Athey, Zoe Cruz, Ken Kurson, Ben Lawski, Anja Manuel, and Takashi Okita. *See* Defs' Rem., Ex. E, ¶¶18-27.

jurisdiction and so had no grounds to remove the action notwithstanding its temporary consolidation with the *Greenwald* Action. (*See* ECF No. 17 at 24.)

Whether a case is removable is determined by reviewing the complaint in question. *See, e.g., Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (CAFA removability "'is triggered if the case stated by the initial pleading is removable on its face.'"); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("[N]otice of removability under §1446(b) is determined through examination of the four corners of the applicable pleadings."). Here, Judge Dubois' consolidation order explicitly states that the consolidated State Law Action complaint filed by Zakinov and Oconor on October 15, 2018 "shall be the operative complaint and shall ***supersede*** all complaints filed in any of the actions consolidated herein." Defs' Rem., Ex. E, ¶8.

Thus, if Judge DuBois really intended to consolidate the *Greenwald* Action with the State Law Action, his consolidation order rendered the *Greenwald* complaint, and the federal claims alleged therein, null. *See* Black's Law Dictionary (10th ed. 2014) (defining supersede as "[t]o annul, make void, or repeal by taking the place of"); *Humana Inc. v. Forsyth*, 119 S. Ct. 710, 716 (1999) ("the term 'supersede' ordinarily means 'to displace (and thus render ineffective)'"); *Drouet v. Superior Court*, 104 Cal. Rptr. 2d 159, 169 (Cal. 2001), *rev'd on other grounds*, 31 Cal. 4th 583 (2003) (defining supersede as "'[t]o make obsolete, inferior, or outmoded . . . to make void . . . annul, override . . . to make superfluous or unnecessary . . . to take the place of . . . to take precedence over..."); *see also Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 111-12 (2d Cir. 2013) (discussing effect of full consolidation on claims alleged in consolidated cases). Accordingly, the claims left would be the state law claims filed by Zakinov and Oconor, which Defendants have already admitted do not give rise to CAFA jurisdiction. (*See* ECF No. 17 at 24.)

The handful of decisions cited by Defendants in their second notice of removal do not change this conclusion. Defs' Rem., ¶¶13-15. Those cases stand only for the general

9

PLAINTIFF AVNER GREENWALD'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 18-CV-06753-PJH

proposition that, in the absence of a clear directive from the court regarding the effect of consolidation on the complaints filed in consolidated actions, a federal court may look to the common law of the state from which the case is removed to evaluate whether consolidation changes the jurisdictional analysis. As such, those cases are inapt here because, in light of Judge DuBois' order, there is not, and never has been, a question about the fact that consolidation pursuant to the consolidation in the State Court Case would render Greenwald's allegations null.

## IV.  CONCLUSION

Based on the foregoing, Plaintiff Greenwald respectfully requests that the Court remand this action to the Superior Court of the State of California, County of San Mateo.

DATED:  December 7, 2018

Respectfully submitted,

SCOTT+SCOTT ATTORNEYS AT LAW LLP

*s/* John T. Jasnoch
JOHN T. JASNOCH
600 W. Broadway, Suite 3300
San Diego, CA  92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com

− and −

Thomas L. Laughlin, IV (*pro hac vice*)
Rhiana L. Swartz (*pro hac vice*)
Lauren S. McCabe (*pro hac vice*)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
tlaughhlin@scott-scott.com
rswartz@scott-scott.com
lmccabe@scott-scott.com

*Attorneys for Plaintiff Avner Greenwald*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

       s/ John T. Jasnoch
       JOHN T. JASNOCH