1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  SHAWN A. WILLIAMS (213113)
   Post Montgomery Center
3  One Montgomery Street, Suite 1800
   San Francisco, CA  94104
4  Telephone:  415/288-4545
   415/288-4534 (fax)
5  shawnw@rgrdlaw.com
          – and –
6  BRIAN O. O'MARA (229737)
   655 West Broadway, Suite 1900
7  Telephone:  619/231-1058
   619/231-7423 (fax)
8  bomara@rgrdlaw.com
   lolts@rgrdlaw.com
9

                                    ROBBINS ARROYO LLP
                                    BRIAN J. ROBBINS (190264)
                                    STEPHEN J. ODDO (174828)
                                    ERIC M. CARRINO (310765)
                                    600 B Street, Suite 1900
                                    San Diego, CA  92101
                                    Telephone:  619/525-3990
                                    619/525-3991 (fax)
                                    brobbins@robbinsarroyo.com
                                    soddo@robbinsarroyo.com
                                    ecarrino@robbinsarroyo.com

10  Co-Lead Counsel for Plaintiffs

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                    OAKLAND DIVISION

14  In re RIPPLE LABS INC. LITIGATION ) Case No. 4:18-cv-06753-PJH
                                       )
15  _____     ) CLASS ACTION
                                       )
16  This Document Relates To:          ) PLAINTIFFS ZAKINOV AND OCONER'S
                                       ) NOTICE OF MOTION AND MOTION TO
17       ALL ACTIONS.                  ) REMAND; MEMORANDUM OF POINTS
                                       ) AND AUTHORITIES IN SUPPORT
18  _____     )  THEREOF

19                                      DATE:     February 13, 2019
                                        TIME:     9:00 a.m.
20                                      CTRM:     3, 3rd Floor
                                        JUDGE:  Hon. Phyllis J. Hamilton
21

22

23

24

25

26

27

28

1510300_2

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION AND STATEMENT OF THE ISSUES ...............................................3

II.     STATEMENT OF THE RELEVANT FACTS ..................................................................4

III.    REMOVAL WAS IMPROPER AND THE COURT SHOULD GRANT
        REMAND ...........................................................................................................................6

        A.      Defendants Failed to Meet Their Burden of Removability .....................................6

        B.      Neither the State Law Action Nor *Greenwald* Are Independently
                Removable ...............................................................................................................7

        C.      The Improper Second Consolidation Order Was Not a Voluntary Act and
                the State Court's Error Did Not Create Removal Jurisdiction ................................8

        D.      Even if Consolidated, the Actions Could Not Be Consolidated for All
                Purposes and the Operative State Law Complaint Is Not Removable ..................11

IV.     CAFA DEMANDS THAT THE STATE LAW ACTION BE REMANDED .................12

        A.      Removal Was Improper Under the Local Controversy Exception .........................13

                1.      Greater than Two-Thirds of the Class Are Citizens of California .............13

                2.      Significant Relief Is Sought from Multiple Defendants Who Are
                        Citizens of California ...............................................................................13

                3.      The Principal Injuries Occurred in California ...........................................14

        B.      Removal of the State Law Action Is Separately Barred by CAFA's
                Securities-Related Exceptions ..............................................................................15

V.      ALTERNATIVELY, THIS COURT SHOULD SEVER THE STATE LAW
        ACTION FROM *GREENWALD* AND REMAND ...........................................................15

VI.     PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES
        AND COSTS .....................................................................................................................17

VII.    CONCLUSION ..................................................................................................................18

1510300_2

PLAINTIFFS ZAKINOV AND OCONER'S NOTICE OF MOTION AND MOTION TO REMAND;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4:18-cv-06753-PJH     - i -

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Abrego Abrego v. The Dow Chem. Co.*,
    443 F.3d 676 (9th Cir. 2006) ..................................................................6

*Agnello v. Twin Hill Acquisition Co.*,
    No. 18-cv-02756-JCS, 2018 U.S. Dist. LEXIS 141091
    (N.D. Cal. Aug. 20, 2018)...................................................................8, 9

*Alderman v. Pitney Bowes Mgmt. Servs.*,
    191 F. Supp. 2d 1113 (N.D. Cal. 2002) ..........................................7, 18

*Balcorta v. Twentieth Century-Fox Film Corp.*,
    208 F.3d 1102 (9th Cir. 2000) ..............................................................17

*Benko v. Quality Loan Serv. Corp.*,
    789 F.3d 1111 (9th Cir. 2015) ................................................12, 13, 14

*Broadway Grill, Inc. v. Visa Inc.*,
    856 F.3d 1274 (9th Cir. 2017) ..............................................................12

*Camino Camper of San Jose, Inc. v. Winnebago Indus., Inc.*,
    715 F. Supp. 964 (N.D. Cal. 1989) .........................................................8

*Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*,
    768 F.3d 425 (5th Cir. 2014) ................................................................12

*Chow v. Hirsch*,
    No. C-98-4619 PJH, 1999 U.S. Dist. LEXIS 3010
    (N.D. Cal. Feb. 22, 1999)......................................................................17

*Cohen v. GTE Gov't Sys. Corp.*,
    No. C-92-20783 RMW (EAI), 1993 U.S. Dist. LEXIS 7914
    (N.D. Cal. Apr. 6, 1993) .......................................................................10

*Coleman v. Estes Express Lines, Inc.*,
    631 F.3d 1010 (9th Cir. 2011) ..............................................................14

*Corber v. Xanodyne Pharm., Inc.*,
    771 F.3d 1218 (9th Cir. 2014) ................................................................8

*Dunkin v. A.W. Chesterson Co.*,
    No. C 10-458 SBA, 2010 U.S. Dist. LEXIS 36637
    (N.D. Cal. Mar. 10, 2010)........................................................................9

1510300_2

PLAINTIFFS ZAKINOV AND OCONER'S NOTICE OF MOTION AND MOTION TO REMAND;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4:18-cv-06753-PJH          - ii -

1

2                                                                                               **Page**

3

4   *Dunson v. Cordis Corp.*,
        854 F.3d 551 (9th Cir. 2017), *cert. denied*,
5       _U.S._, 138 S. Ct. 471 (2017) ...................................................................................9

6   *Gaus v. Miles, Inc.*,
        980 F.2d 564 (9th Cir. 1992) ....................................................................................7

7   *Goodman v. Wells Fargo Bank, N.A.*,
        No. 14-3171-JFN, 2014 U.S. Dist. LEXIS 195970
8       (C.D. Cal. July 1, 2014) ..............................................................................7, 8, 18

9   *Greenwald v. Ripple Labs, Inc.*,
        No. 18-cv-04790-PJH, 2018 U.S. Dist. LEXIS 177058
10      (N.D. Cal. Oct. 15, 2018) ....................................................................................1, 5, 8

11  *Hall v. Hall*,
        _U.S._, 138 S. Ct. 1118 (2018) .............................................................................11
12
    *Hargett v. RevClaims, LLC*,
13      854 F.3d 962 (8th Cir. 2017) ..................................................................................12

14  *Hill v. Tribune Co.*,
        No. 05 C 2602, 2005 U.S. Dist. LEXIS 23931
15      (N.D. Ill. Oct. 13, 2005) ..........................................................................................16

16  *IBEN Local Union No. 58 Pension Tr. Fund and Annuity Fund v.
    Royal Bank of Scotland Grp. PLC*,
17      783 F.3d 383 (2d Cir. 2015) ....................................................................................15

18  *In re Bank of Am. Corp. Sec., Derivative, and ERISA Litig.*,
        258 F.R.D. 260 (S.D.N.Y. 2009) ............................................................................16
19
    *In re Bear Stearns Cos. Sec., Derivative, and ERISA Litig.*,
20      08 M.D.L. No. 1963 (RWS), 2008 U.S. Dist. LEXIS 106327
        (S.D.N.Y. Jan. 5, 2009) ......................................................................................16, 17
21
    *In re Diebold Sec. Litig.*,
22      No. 05-cv-2873, 2006 WL 3023033
        (N.D. Ohio Oct. 23, 2006) .......................................................................................16
23
    *In Touch Concepts, Inc. v. Cellco P'ship*,
24      788 F.3d 98 (2d Cir. 2015) ......................................................................................12

25  *Int'l Soc'y for Krishna Consciousness, Inc. v. City of L.A.*,
        611 F. Supp. 315 (C.D. Cal. 1984) .........................................................................11

26

27

28

PLAINTIFFS ZAKINOV AND OCONER'S NOTICE OF MOTION AND MOTION FOR TO REMAND;
MEMORANDUM OF LAW IN SUPPORT THEREOF - 4:18-cv-06753-PJH                    **- iii -**

**Page**

*J.G. Link & Co. v. Cont'l Cas. Co.*,
    470 F. 2d 1133 (9th Cir. 1973) ..................................................................11

*Lighthouse Fin. Grp. v. Royal Bank of Scotland Grp. PLC*,
    902 F. Supp. 2d 329 (S.D.N.Y. Sept. 18, 2012) ................................15, 17

*Matheson v. Progressive Specialty Ins. Co.*,
    319 F.3d 1089 (9th Cir. 2003) ...............................................................7, 18

*McGrath v. Home Depot USA, Inc.*,
    298 F.R.D. 601 (S.D. Cal. 2014) ...............................................................6

*Meeder v. Superior Tube Co.*,
    72 F.R.D. 633 (W.D. Pa. 1976) ........................................................16, 17

*Moore v. Permanente Medical Group, Inc.*,
    981 F.2d 443 (9th Cir. 1992) ............................................................17, 18

*Morris-Edge Masonry, Inc. v. Tonn & Blank, Inc.*,
    461 So. 2d 1036 (Fla. Dist. Ct. App. 1985) ...............................................9

*Pineda v. Bank of Am., N.A.*,
    No. C 11-00606 WHA, 2011 U.S. Dist. LEXIS 37500
    (N.D. Cal. Mar. 28, 2011) ..................................................................7, 10

*Quesada v. Herb Thyme Farms, Inc.*,
    No. CV 11-00016 ODW(SSx), 2011 WL 1195952
    (C.D. Cal. Mar. 28, 2011) ...........................................................................6

*Rice v. McKesson Corp.*,
    No. C 12-05949 WHA, 2013 U.S. Dist. LEXIS 2221
    (N.D. Cal. Jan. 7, 2013) ...........................................................................10

*Rochester Laborers Pension Fund v. Monsanto Co.*,
    No. 4:10cv1380CDP, 2010 U.S. Dist. LEXIS 101869
    (E.D. Mo. Sept. 28, 2010) ...............................................................16, 17

*Sanchez v. Superior Court*,
    203 Cal. App. 3d 1391 (1988) ..................................................................11

*Schnabel v. Lui*,
    302 F.3d 1023 (9th Cir. 2002) ..................................................................11

*Self v. Gen. Motors Corp.*,
    588 F.2d 655 (9th Cir. 1978) ...........................................................7, 8, 9

1510300_2

PLAINTIFFS ZAKINOV AND OCONER'S NOTICE OF MOTION AND MOTION FOR TO REMAND;
MEMORANDUM OF LAW IN SUPPORT THEREOF - 4:18-cv-06753-PJH                          - iv -

**Page**

*Serrano v. 180 Connect, Inc.*,
    478 F.3d 1018 (9th Cir. 2007) .................................................................12

*Sutter Health Uninsured Pricing Cases*,
    171 Cal. App. 4th 495 (2009) ..................................................................7

*Tanoh v. Dow Chem. Co.*,
    561 F.3d 945 (9th Cir. 2009) ..................................................................12

*Welgs v. Dolan*,
    No. 1:10 CV 1241, 2011 U.S. Dist. LEXIS 87164
    (N.D. Ohio Aug. 8, 2011) ........................................................................10


**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §77e .........................................................................................................5
    §77l ..........................................................................................................5
    §77o .........................................................................................................5
    §77z-1(a)(1) ...........................................................................................16
    §77z-1(a)(3) ...........................................................................................16
    §77z-1(a)(5) ...........................................................................................16
    §77z-1(b)(3)(B) ......................................................................................16

28 U.S.C.
    §1332 .....................................................................................................12
    §1332(c)(1) .............................................................................................13
    §1332(d)(2) ............................................................................................12
    §1332(d)(4) ............................................................................................12
    §1332(d)(4)(A)(i) ...................................................................................13
    §1332(d)(4)(A)(i)(II)(aa) .......................................................................14
    §1332(d)(4)(A)(i)(II)(bb) .......................................................................14
    §1332(d)(4)(A)(i)(II)(cc) .......................................................................14
    §1332(d)(4)(A)(ii) ..................................................................................13
    §1332(d)(9)(C) .......................................................................................15
    §1332(d)(11)(B)(ii)(II) .............................................................................8
    §1446(b)(1) ...............................................................................................8
    §1447(c) ...........................................................................................*passim*

Federal Rules of Civil Procedure
    Rule 42(a) ..............................................................................................16

PLAINTIFFS ZAKINOV AND OCONER'S NOTICE OF MOTION AND MOTION FOR TO REMAND;
MEMORANDUM OF LAW IN SUPPORT THEREOF - 4:18-cv-06753-PJH

1

2                                                                                          **Page**

3
California Corporations Code

4      §25110........................................................................................................................4
       §25503........................................................................................................................4

5      §25504........................................................................................................................4

6  California Rules of Court

7      Rule 3.350.............................................................................................................5, 8

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1510300_2

PLAINTIFFS ZAKINOV AND OCONER'S NOTICE OF MOTION AND MOTION FOR TO REMAND;
MEMORANDUM OF LAW IN SUPPORT THEREOF - 4:18-cv-06753-PJH                    - vi -

**NOTICE OF MOTION AND MOTION**

TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Wednesday, February 13, 2019, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Chief Judge Phyllis J. Hamilton, United States District Judge, at the United States District Court, Northern District of California, Oakland Division, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Courtroom 3, 3rd Floor, Oakland, CA 94612, Plaintiffs Vladi Zakinov ("Zakinov") and David Oconer ("Oconer") (together, "Plaintiffs") will and hereby do move this Court for an order remanding *In re Ripple Labs Inc. Litig.*, No. 18-CIV-02845 (Cal. Super. Ct. San Mateo Cty.) ("*In re Ripple Labs*" or "*State Law Action*") and *Avner Greenwald v. Ripple Labs, Inc., a Delaware Corp., et al.*, No. 18-CIV-03461 (Cal. Super. Ct. San Mateo Cty.) ("*Greenwald*") (collectively, the "*Actions*") to the Superior Court of the State of California, County of San Mateo ("San Mateo Superior Court"), pursuant to 28 U.S.C. §1447(c).  This Motion is made on the grounds that the *Actions* were improperly consolidated in San Mateo Superior Court, consolidation of *Greenwald* into *In re Ripple Labs* was not the result of any "voluntary" act by Plaintiffs, and the *Actions* were not and could not have been consolidated for all purposes.  As such, *In re Ripple Labs* and *Greenwald* are not removable.

Additionally, the *State Law Action* asserts state law claims on behalf of a putative California-only class (the "California Class") naming three California residents as Defendants[1], are not removable.  And, as this Court held just a few weeks ago, *Greenwald* is also not removable. *Greenwald v. Ripple Labs, Inc.*, No. 18-cv-04790-PJH, 2018 U.S. Dist. LEXIS 177058, at *6-*7 (N.D. Cal. Oct. 15, 2018).  This Motion is based the on concurrently filed Memorandum of Points and Authorities in Support Thereof, the Declaration of Brian O. O'Mara, all pleadings and papers filed herein, any additional materials and arguments that may be submitted in further support of the Motion, and any other matters properly before this Court.

---

[1]    Defendants are Ripple Labs Inc. ("Ripple Labs" or the "Company"), XRPII, LLC and Bradley Garlinghouse.

**CONCISE STATEMENT OF MOVANTS' REQUESTED RELIEF**

Plaintiffs Zakinov and Oconer request an order immediately remanding their action to California state court (San Mateo Superior Court), and awarding them attorney's fees and costs pursuant to 128 U.S.C. §1447(c).

**QUESTIONS PRESENTED**

1.     Because the consolidation of *Greenwald* into *In re Ripple* was in error and inadvertent, should this case be remanded to give the state court the chance to consider whether consolidation is appropriate?

2.     Is *In re Ripple* removable to federal court given that the asserted basis for removal jurisdiction was not the result of any "voluntary" act by Plaintiffs?

3.     Does this Court have jurisdiction under the Class Action Fairness Act (28 U.S.C. §1711 *et. seq.*) ("CAFA") over a recently consolidated action where the operative complaint in the action lacks CAFA jurisdiction?

1510300_2

PLAINTIFFS ZAKINOV AND OCONER'S NOTICE OF MOTION AND MOTION TO REMAND;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4:18-cv-06753-PJH     - 2 -

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND STATEMENT OF THE ISSUES

Defendants improperly removed *Greenwald* several months ago, only to have it remanded to state court just a few weeks ago.  Now, Defendants have seized on a procedural error to once again remove *Greenwald*, but this time they also removed Zakinov and Oconer's separate state law claims asserted in *In re Ripple Labs*, which were mistakenly consolidated with *Greenwald*.  Zakinov and Oconer's action, which asserts only state law claims against California-only defendants on behalf of the California Class citizens and which Defendants recognized was not removable when they did not timely remove the claims after they were filed, must be permitted to proceed in San Mateo Superior Court.

As a preliminary matter, the San Mateo Superior Court's Second Consolidation Order (ECF No. 2-1, Ex. F) ("Second Consolidation Order") is improper and was entered in error.  No party moved or otherwise stipulated to the consolidation of *Greenwald*, which alleges claims arising under the federal securities laws on behalf of a world-wide class of purchasers, with *In re Ripple Labs*, which alleges state law claims arising under California law on behalf of the California Class.  Zakinov and Oconer's claims do not become removable without a "voluntary act" by the plaintiff, such as the voluntary amendment of the pleadings that renders the case removable.  Defendants' entire basis for removing the action is the inadvertent and involuntary consolidation, not any "voluntary act" by Plaintiffs.  As such, the cases must remain in state court.  Additionally, even if the involuntary consolidation were somehow proper, the operative complaint that must serve as the basis for any jurisdictional analysis for purposes of removal is the Consolidated Complaint for Violations of California Law, filed October 15, 2018 (ECF No. 2-1, at Ex. A) ("Operative State Law Complaint"), which asserts only California state law claims on behalf of the California Class.  This Court may also sever *Greenwald* from *In re Ripple Labs* and remand the actions back to San Mateo Superior Court.  Zakinov and Oconer made the strategic decision to concentrate on state law claims in an attempt to have them heard in state court.  They are entitled to move forward with those claims in the appropriate state court.

1510300_2

PLAINTIFFS ZAKINOV AND OCONER'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4:18-cv-06753-PJH          - 3 -

1    Ultimately, Defendants have simply not met their burden of establishing that removal is

2    proper.   And where doubt regarding the right to removal exists, remand should be granted.

3    Moreover, because this removal has no basis in law or fact and is frivolous, Zakinov and Oconer are

4    entitled to an award of attorneys' fees and costs pursuant to 28 U.S.C. §1447(c).

5    **II.    STATEMENT OF THE RELEVANT FACTS**

6    On June 5, 2018, plaintiff Zakinov, a California citizen, filed an action alleging California

7    state law claims arising under California Corporations Code §§25110, 25503 and 25504.  *Vladi*

8    *Zakinov, et al. v. Ripple Labs Inc.*, No. 18-CIV-02845 (Cal. Super. Ct. San Mateo Cty.) ("*Zakinov*").

9    ECF No. 2-1, Ex. C.  *Zakinov* was brought on behalf of a proposed class comprised solely of

10   California citizens and named as defendants Ripple Labs, Inc. ("Ripple"), XRP II, LLC ("XRP II")

11   and Ripple's Chief Executive Officer ("CEO"), Bradley Garlinghouse ("Garlinghouse"), whom all

12   three alleged to be California citizens.  *Id.*  On June 27, 2018, Plaintiff Oconer filed a similar action

13   alleging identical claims (Cal. Corp. Code §§25110, 25503 and 25504) on behalf of the same

14   California Class naming as defendants the same three California residents: Ripple, XRP II and

15   Garlinghouse.  *David Oconer v. Ripple Labs Inc.*, 18-CIV-03332 (Cal. Super. Ct. San Mateo Cty.)

16   ("*Oconer*").  ECF No. 2-1, Ex. D.

17   On August 30, 2018, following stipulation among the parties in *Zakinov* and *Oconer*, the

18   Honorable Richard H. DuBois ("Judge DuBois") of the San Mateo Superior Court entered an Order

19   (the "First Consolidation Order")[2] consolidating *Zakinov* and *Oconer* under the caption *In re Ripple*

20   *Labs*.  ECF No. 2-1, Ex. E.  The First Consolidation Order orders Plaintiffs to "either designate a

21   complaint as operative or file a Consolidated Complaint," and further provided that in the event any

22   case "which properly belongs as part of the *In re Ripple Labs Inc. Litigation*, Lead Case No. 18-

23   CIV-02845, is hereafter or has been filed in, remanded to, or transferred to this Court, counsel for the

24

25

26   _____

27   [2]    Consistent with the requirements of the First Consolidation Order, ECF No. 2-1, Ex. A. Plaintiffs
     filed a consolidated complaint on October 15, 2018, on behalf of themselves and a "class consisting
28   of all citizens of California who purchased XRP" against Defendants and asserting claims under
     California Corps. Code §§25110, 25503 and 25504.  *Id.*, Ex. A, ¶80.

1510300_2

PLAINTIFFS ZAKINOV AND OCONER'S NOTICE OF MOTION AND MOTION TO REMAND;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4:18-cv-06753-PJH      - 4 -

1  parties shall . . . ***mov[e] the Court for an order consolidating such case(s)*** with *In re Ripple Labs*."[3]

2  *See* ECF No. 2-1, Ex. E, ¶¶8, 15.

3        As directed by the First Consolidation Order, Plaintiffs Zakinov and Oconer filed the

4  Operative State Law Complaint on October 15, 2018.  ECF No. 2-1, Ex. A.  The Operative State

5  Law  Complaint was, and is, the operative complaint in the consolidated action: *In re Ripple Labs*.

6  A Case Management Conference ("CMC") was scheduled for November 16, 2018 at 10:30 a.m.

7  ECF No. 2-1, Ex. F.

8        At the same time, a separate action, *Greenwald* (filed July 3, 2018), was then pending in this

9  Court during an earlier attempt by Defendants to remove *Greenwald*.  *See Greenwald v. Ripple Labs,*

10  *Inc. et al.*, No. 3:18-cv-04790-SK (N.D. Cal. 2018).  ECF No. 2-1, Ex. B.  In contrast to *Zakinov* and

11  *Oconer*, *Greenwald* alleged federal claims arising under §§5, 12(a)(1), and 15 the Securities Act of

12  1933 ("Securities Act").  15 U.S.C. §§77e, 77l, 77o.  *Id.*, ¶10.  On October 15, 2018, this Court

13  remanded *Greenwald* back to San Mateo Superior Court.  *See Greenwald v. Ripple Labs, Inc.*, No.

14  18-cv-04790, 2018 U.S. Dist. LEXIS 177058 (N.D. Cal. Oct. 15, 2018).

15        On October 25, 2018, following *Greenwald*'s remand, Defendants filed a "check-the-box"

16  Notice of Related Case in San Mateo Superior Court suggesting that *Greenwald* was related to *In re*

17  *Ripple Labs*.  ECF No. 2-1, Ex. F.  Defendants did not then, or at any time thereafter, file a notice

18  and motion to consolidate pursuant to the California Rules of Court, Rule 3.350.  Nor did any other

19  party file such a notice and motion to consolidate *Greenwald* with *In re Ripple Labs*.  Likewise, the

20  parties never stipulated that *Greenwald* should or could be consolidated with the two state court

21  actions subject to the First Consolidation Order.

22        Nevertheless, on October 31, 2018, without the parties' consent to consolidating the actions,

23  and without being presented with a notice and motion to consolidate the action pursuant to Rule

24  3.350, and, indeed, without any party advocating for consolidation, Judge DuBois entered the

25  Second Consolidation Order deeming *Greenwald* related to, and consolidated with, *In re Ripple*

26  *Labs*.

27

28  _____

[3]    All citations and footnotes omitted and emphasis added unless otherwise indicated.

On November 7, 2018, counsel in the consolidated *Zakinov* and *Oconer* actions convened a conference call in advance of and to prepare for the scheduled November 16, 2018 CMC with Judge DuBois.  Declaration of Brian O. O'Mara in Support of Plaintiffs' Notice of Motion and Motion to Remand filed concurrently herewith ("O'Mara"), ¶3.  During the teleconference, counsel for Defendants revealed that the call was unnecessary as Defendants would be filing a notice of removal shortly.  *Id.*, ¶5.  Plaintiffs' counsel in the consolidated *Zakinov* and *Oconer* actions suggested that Defendants should wait to file the notice of removal so that the parties could address the un-noticed and un-stipulated consolidation with Judge DuBois during the upcoming November 16, 2018 CMC. *Id.*  Plaintiffs' counsel further explained that Defendants would still have sufficient time in which to remove the action following the CMC.  Yet Defendants refused and immediately removed the instant actions.  *Id.*, ¶7.

On November 16, 2018, Defendants filed Defendants' Response to Standing Order Regarding Removed Cases ("Response"), (ECF No. 2-1, Ex. F) which contends that this action "became removable" after Judge DuBois entered the Second Consolidation Order.  Response, ¶2. On November 26, 2018, plaintiffs Zakinov and Oconer filed Plaintiffs' Response to Defendants' Response to Standing Order Regarding Removed Cases, which explained that the consolidation was in error and the removal improper.  ECF No. 12.

## III.   REMOVAL WAS IMPROPER AND THE COURT SHOULD GRANT REMAND

### A.   Defendants Failed to Meet Their Burden of Removability

"As federal courts have limited jurisdiction, they are presumed to lack jurisdiction unless the contrary is established.  The removal statute is therefore strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 605 (S.D. Cal. 2014).  "[U]nder CAFA[,] the burden of establishing removal jurisdiction remains . . . on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).  *Quesada v. Herb Thyme Farms, Inc.*, No. CV 11-00016 ODW(SSx), 2011 WL 1195952, at *2 (C.D. Cal. Mar. 28, 2011) ("the removing defendant must prove" the jurisdictional elements "by a preponderance of the evidence") (citing *Gaus v. Miles, Inc.*, 980 F.2d

1510300_2

PLAINTIFFS ZAKINOV AND OCONER'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4:18-cv-06753-PJH      - 6 -

564, 566–67 (9th Cir. 1992)).  And the "'"strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and **_all ambiguity is resolved in favor of remand to state court_**."  *Pineda v. Bank of Am., N.A.*, No. C 11-00606 WHA, 2011 U.S. Dist. LEXIS 37500, at *6 (N.D. Cal. Mar. 28, 2011) (citing *Gaus*, 980 F.2d at 566).  *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."); *Alderman v. Pitney Bowes Mgmt. Servs.*, 191 F. Supp. 2d 1113, 1115 (N.D. Cal. 2002) ("The removal statute is strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand.").

Here, as set forth in more detail below, Defendants have failed to sustain their burden of establishing that the CAFA jurisdictional requirement has been satisfied, and Defendants' attempt to remove two decidedly non-removable cases must fail.  The state court's Second Consolidation Order, purportedly creating the basis for removal jurisdiction, arose without the requisite notice and motion or consent by all parties,  As such, it is improper and was entered in error.  *See, e.g.*, *Sutter Health Uninsured Pricing Cases*, 171 Cal. App. 4th 495, 514 (2009) ("Absent a stipulation to consolidate, a noticed and written motion to consolidate is required.").  Additionally, the consolidation was not a "voluntary" act by Plaintiffs, which is required to create removal jurisdiction.  *See, e.g.*, *Goodman v. Wells Fargo Bank, N.A.*, No. cv 14-3171-JFN (RZx), 2014 U.S. Dist. LEXIS 195970, at *5 (C.D. Cal. July 1, 2014).  Moreover, as masters of their complaint, unless and until Plaintiffs further amend the pleadings – which they have not done – the operative and applicable complaint is the Operative State Law Complaint, which lacks any basis for removal.  *See Self v. Gen. Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978) ("[I]t is clear that the existence of federal jurisdiction is to be determined solely by an examination of the plaintiff's case, without recourse to the defendant's pleadings"); *see also Pineda*, 2011 U.S. Dist. LEXIS 37500, at *8.

**B.    Neither the State Law Action Nor _Greenwald_ Are Independently Removable**

*Zakinov* and *Oconer* were filed June 5, 2018 and June 27, 2018, respectively.  As such, Defendants in those actions were required to file a notice of removal within 30 days after their receipt of the initial pleading "through service or otherwise" or within 30 days after service of the

1510300_2

PLAINTIFFS ZAKINOV AND OCONER'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4:18-cv-06753-PJH     - 7 -

1    summons on the defendant, if the initial pleading is not required to be served on the defendant,

2    whichever period is shorter.  28 U.S.C. §1446(b)(1).  That deadline passed without removal because

3    Defendants knew the cases weren't removable.  And, the jurisdictional qualities of *Zakinov* and

4    *Oconer* that rendered them unremovable remain unchanged in *In re Ripple*.  *See generally* ECF No.

5    2-1, Ex. A.

6           Similarly, this Court already found that *Greenwald* is not removable.  *See Greenwald*, 2018

7    U.S. Dist. LEXIS 177058, at *4.  Like in *In re Ripple*, the plaintiff in *Greenwald* has done nothing to

8    change the jurisdictional aspects of the *Greenwald* complaint that was recently remanded to San

9    Mateo Superior Court.

10          **C.      The Improper Second Consolidation Order Was Not a Voluntary Act
                       and the State Court's Error Did Not Create Removal Jurisdiction**

11          "The Ninth Circuit has held that 'consistent with the plain language of CAFA, . . . the

12   proposal to try claims jointly ***must come from the plaintiffs, not from the defendants***.'"  *Agnello v.*

13   *Twin Hill Acquisition Co*., No. 18-cv-02756-JCS, 2018 U.S. Dist. LEXIS 141091, at *21 (N.D. Cal.

14   Aug. 20, 2018) (citing *Corber v. Xanodyne Pharm., Inc*., 771 F.3d 1218, 1223 (9th Cir. 2014)); *see*

15   *also* 28 U.S.C. §1332(d)(11)(B)(ii)(II) ("the term 'mass action' shall not include any civil action in

16   which . . . the claims are joined upon motion of a defendant.").  "[T]he 'voluntary-involuntary' rule

17   followed by the Ninth Circuit requires that a suit remain in state court unless a 'voluntary' act of the

18   plaintiff, such as the voluntary amendment of the pleadings, brings about a change that renders the

19   case removable." *Goodman*, 2014 U.S. Dist. LEXIS 195970, at *5 (citing *Self*, 588 F.2d at 657-59).

20          Here, Defendants contend that this action "became removable" once Judge DuBois entered

21   the Second Consolidation Order.  Response, ¶2.  The Second Consolidation Order was not, however,

22   a "voluntary" act by plaintiffs.  No party filed a notice and motion to consolidate the action as

23   required by Rule 3.350, and the parties did not stipulate that *Greenwald* could or should be

24   consolidated with *In re Ripple Labs*.  *See, e.g*., *Sutter Health Uninsured Pricing Cases*, 171 Cal.

25   App. 4th at 514 (2009) ("Absent a stipulation to consolidate, a noticed and written motion to

26   consolidate is required.").  *See also Camino Camper of San Jose, Inc. v. Winnebago Indus., Inc*., 715

27   F. Supp. 964, 966 (N.D. Cal. 1989) ("The court finds that the plaintiffs' purported agreement to the

28

1   terms of the stipulation does not satisfy the voluntary act requirement.  The expressed purpose of the

2   stipulation was to facilitate the litigation.").  *Cf. Morris-Edge Masonry, Inc. v. Tonn & Blank, Inc*.,

3   461 So. 2d 1036, 1037 (Fla. Dist. Ct. App. 1985) (finding that a *sua sponte* order of consolidation

4   without notice to the parties deprives the parties of due process of law and is reversible error.).

5   Moreover, the named plaintiff and ten defendants in *Greenwald* were not parties to the August 30,

6   2018 stipulation that is the predicate for the First Consolidation Order.[4]  *See* ECF No. 2-1, Ex. E.  As

7   such, there is no factual or legal basis for consolidating *Greenwald* with *In re Ripple Labs*.  Indeed,

8   "Plaintiffs did not intend to propose a joint trial" with a separate case (which, at the time, had

9   already been removed to federal court) alleging federal Securities Act claims on behalf of a

10  worldwide class when they stipulated to consolidate two state law cases brought on behalf of

11  California-only classes.  *Agnello*, 2018 U.S. Dist. LEXIS 141091, at *28.  *See Dunson v. Cordis

12  Corp*., 854 F.3d 551, 556 (9th Cir. 2017), *cert. denied*, _U.S._, 138 S. Ct. 471 (2017) (defendant

13  "bears the burden of showing that the ***plaintiffs proposed*** a joint trial of their claims").

14          Nor can the August 30, 2018, stipulation and order be used as a basis on which to find that

15  Plaintiffs took "voluntary" steps that could create removal jurisdiction.  Indeed, the only parties to

16  the stipulation were those named in the state-law *Zakinov* and *Oconer* actions.  And neither Avner

17  Greenwald, nor the defendants in *Greenwald* not named in the State Law Action, were parties to the

18  stipulation.  The events at the San Mateo Superior Court are simply insufficient to satisfy the

19  removal requirement when "'conversion [of a nonremovable case] can only be accomplished by the

20  ***voluntary amendment of his pleadings by the plaintiff*** or, where the case is not removable because

21  of joinder of defendants, by the voluntary dismissal or nonsuit by him of the party or of parties

22  defendant.'"  *Dunkin v. A.W. Chesterson Co.*, No. C 10-458 SBA, 2010 U.S. Dist. LEXIS 36637, at

23  *6 (N.D. Cal. Mar. 10, 2010) (emphasis in original) (citing *Self*, 588 F.2d at 659).

24          Judge Whyte's decision in *Cohen v. GTE Gov't Sys. Corp.*, No. C-92-20783 RMW (EAI),

25  1993 U.S. Dist. LEXIS 7914, at *3-*8 (N.D. Cal. Apr. 6, 1993) is on point.  In *Cohen*, "Judge Fogel

26

---

27  [4]    The following *Greenwald* defendants are not named as defendants in the State Law Action:
    Christian Larsen, Ron Will, Antoinette O'Gorman, Eric Van Miltenburg, Susan Athey, Zoe Cruz,

28  Ken Kurson, Ben Lawski, Anja Manuel, and Takashi Okita.  *See* ECF No. 2-1, Ex. E, ¶3.

1510300_2

PLAINTIFFS ZAKINOV AND OCONER'S NOTICE OF MOTION AND MOTION TO REMAND;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4:18-cv-06753-PJH      - 9 -

1  of the Santa Clara Superior Court held that defendants' motion for summary adjudication be treated

2  as a motion for partial judgment on the pleadings and that the motion be granted with twenty (20)

3  days leave to amend the complaint." *Id*. at *2.  The next day, defendant GTE quickly removed the

4  action contending "that, once the non-diverse, individual defendants were dismissed from the action

5  by the Superior Court . . . diversity jurisdiction existed and the case was properly removed." *Id*. at

6  *2.

7         In this action, GTE did not file the notice of removal within thirty days of
          receipt of the complaint.  It filed the day after Judge Fogel's ruling, before a written

8        order was prepared and before plaintiff had an opportunity to amend his complaint to
         state a cause of action against the individual defendants whose presence destroyed

9        diversity jurisdiction.

10  *Id*. at *7-*8.  Judge Whyte remanded the action explaining that "[a]s a general rule, federal removal

11  jurisdiction is not created by an 'involuntary' change in the case.  Rather, a 'voluntary' act of the

12  plaintiff must occur in order to create diversity removal jurisdiction where none existed from the

13  complaint." *Id.* at *3-*4.  Just as in *Cohen*, Judge DuBois' Second Consolidation Order here did not

14  create removal jurisdiction "and the action could not be removed to this court on that basis." *Id*.

15         Indeed, as masters of their complaint, Plaintiffs are entitled to determine the nature and scope

16  of the case to be advanced.  Defendants' hasty and premature effort to remove these actions denied

17  Plaintiffs their right to contest the court's consolidation and then determine the form and substance

18  of their case. *Rice v. McKesson Corp*., No. C 12-05949 WHA, 2013 U.S. Dist. LEXIS 2221, at *7-

19  *8 (N.D. Cal. Jan. 7, 2013) (finding "defendants' removal petition was, at best, premature," court

20  remanded actions noting: "'Plaintiffs separate state court actions may, of course, become removable

21  at [some] later point if *plaintiffs* seek to join the claims for trial.'").  Defendants should not now be

22  rewarded for any ambiguity in these proceedings. *Cf.*, *Welgs v. Dolan*, No. 1:10 CV 1241, 2011

23  U.S. Dist. LEXIS 87164, at *5 (N.D. Ohio Aug. 8, 2011) ("such obvious attempts at forum shopping

24  should not be countenanced and remand should be granted."); *Pineda*, 2011 U.S. Dist. LEXIS

25  37500, at *12 ("The idea that defendant should have been entitled to make removability dependent

26  on its own view of that issue runs contrary to basic principles.").

27

28

1510300_2

PLAINTIFFS ZAKINOV AND OCONER'S NOTICE OF MOTION AND MOTION TO REMAND;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4:18-cv-06753-PJH      - 10 -

### D. Even if Consolidated, the Actions Could Not Be Consolidated for All Purposes and the Operative State Law Complaint Is Not Removable

Consolidation is generally held not to merge separate lawsuits into a single action nor change the parties' substantive rights. Rather, the consolidated actions "retain their separate identities." *Hall v. Hall*, _U.S._, 138 S. Ct. 1118, 1131 (2018). *See also J.G. Link & Co. v. Cont'l Cas. Co.*, 470 F. 2d 1133, 1138 (9th Cir. 1973); *Int'l Soc'y for Krishna Consciousness, Inc. v. City of L.A.*, 611 F. Supp. 315, 319 (C.D. Cal. 1984); *Schnabel v. Lui*, 302 F.3d 1023, 1035 (9th Cir. 2002) (noting distinction among federal courts whether consolidated actions retain their separate character or merge for purposes of personal jurisdiction). In San Mateo Superior Court, there are two types of consolidation and the effects of such consolidation hinge on whether consolidation is "complete" or merely for "purposes of trial." Under the former procedure, which may be invoked only "***where the parties are identical*** and the causes could have been joined, the pleadings are regarded as merged, one set of findings is made, and one judgment is rendered." *Sanchez v. Superior Court*, 203 Cal. App. 3d 1391, 1396 (1988). In a consolidation for purposes of trial, the pleadings, verdicts, findings and judgments are kept separate; the actions are simply tried together for the sake of convenience and judicial economy. *Id.* Regardless of Judge DuBois' consolidation order, or Defendants' mischaracterization of that order, the *State Law Action* and *Greenwald* could have only been consolidated, if at all, "for the purpose of being tried together only." *Id.* As the *Sanchez* Court noted, "[w]hile it is clear that the two actions arose from the same incident, nonetheless there were two different sets of plaintiffs who pleaded their cases separately and would presumably expect separate judgments." *Id.* The same is true here. Moreover, "a complete merger of the two actions would be improper in the absence of a stipulation or consent" by all of the parties. *Id.*

In any event, the Second Consolidation Order contemplates that Plaintiffs will "either designate a complaint as operative or file a Consolidated Complaint." ECF No. 2-1, Ex. E, ¶8. On October 15, 2018, Plaintiffs filed a Consolidated Complaint. *See* ECF No. 2-1, Ex. A. Unless and until Plaintiffs do something to modify or alter the pleadings, the Operative State Law Complaint

1510300_2

PLAINTIFFS ZAKINOV AND OCONER'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4:18-cv-06753-PJH    - 11 -

1   remains in effect.[5]  Jurisdiction for removal purposes "must be determined as of the operative

2   complaint at the date of removal."  *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1284 (9th Cir.

3   2017).  *See also Hargett v. RevClaims, LLC*, 854 F.3d 962, 967 (8th Cir. 2017) (CAFA jurisdiction

4   "determined as of the date of the pleading giving federal jurisdiction."); *In Touch Concepts, Inc. v.*

5   *Cellco P'ship*, 788 F.3d 98, 102 (2d Cir. 2015) (same); *Cedar Lodge Plantation, L.L.C. v. CSHV*

6   *Fairway View I, L.L.C.*, 768 F.3d 425, 429 (5th Cir. 2014) (same).  *See Benko v. Quality Loan Serv.*

7   *Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015) (permitting small exception to allow plaintiffs to clarify

8   jurisdiction so the court could decide whether remand is appropriate).  As indicated above, and as

9   Defendants have acknowledged by not removing it in a timely manner, the Operative State Law

10   Complaint is decidedly not removable.

11   **IV.    CAFA DEMANDS THAT THE STATE LAW ACTION BE REMANDED**

12          Under CAFA, district courts are vested with "original jurisdiction of any civil action in which

13   the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs,"

14   in which the aggregate number of proposed plaintiffs is 100 or greater, and in which there is minimal

15   diversity between any class member and any defendant.  28 U.S.C. §1332(d)(2).  Yet, CAFA

16   removal is not absolute.  Pursuant to §1332(d)(4), there are "two circumstances that *require* district

17   courts to decline jurisdiction, the so-called 'local controversy' and 'home-state controversy'

18   exceptions.    Implicit in . . . [§1332]d(3) and d(4) is that the court has jurisdiction, but the

19   court . . . must decline to exercise such jurisdiction."  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018,

20   1022 (9th Cir. 2007) (emphasis in original).

21          In this case, concluding that plaintiffs' claims fall outside CAFA's removal
            provisions is not absurd, but rather is consistent with both the well-established rule

22          that plaintiffs, as masters of their complaint, may choose their forum by selecting
            state over federal court and with the equally well-established presumption against

23          federal removal jurisdiction.

24   *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 953 (9th Cir. 2009).

25

26

    _____

27   [5]    Of course, Defendants' rush to remove these actions and refusal to address this matter with Judge
    DuBois at the November 16, 2018 CMC prevented Plaintiffs from the opportunity of identifying,

28   modifying or otherwise amending the Operative State Law Complaint.

### A.   Removal Was Improper Under the Local Controversy Exception

CAFA "*requires* that federal courts remand removed CAFA cases to the originating state court" when the "local controversy exception [is] satisfied." *Benko*, 789 F.3d at 1116.  The local controversy exception is applicable where:

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

> (II) at least 1 defendant is a defendant–(aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed; and

> (III) Principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed.

28 U.S.C. §1332(d)(4)(A)(i).

Additionally, 28 U.S.C. §1332(d)(4)(A)(ii) must be satisfied, which states:

> [D]uring the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

Because all of these requirements are met, the local controversy exception to CAFA requires remand.

### 1.   Greater than Two-Thirds of the Class Are Citizens of California

Named Plaintiffs Zakinov and Oconer are *California citizens*.  Consol. ECF No. 2-1, Ex. A, ¶¶10-11.  *See* 28 U.S.C. §1332(c)(1).  Plaintiffs bring the State Law Action "as a class action pursuant to §382 of the California Code of Civil Procedure on behalf of a class consisting solely of *citizens of California* who purchased XRP."  ECF No. 2-1, Ex. A, ¶80.  As such, more than two-thirds of the class are citizens of California.  Therefore, the first requirement of the local controversy exception is met; Defendants cannot argue otherwise.

### 2.   Significant Relief Is Sought from Multiple Defendants Who Are Citizens of California

Subsection (II) of the local-controversy exception is also satisfied here.  The record demonstrates that the defendants named in the state law Action are citizens of California.  Ripple and XRP II have their principal places of business located in California, and Defendant Garlinghouse is a

1510300_2

PLAINTIFFS ZAKINOV AND OCONER'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4:18-cv-06753-PJH     - 13 -

1   resident and citizen of California.   ECF No. 2-1, Ex. A, ¶¶12-14.   This satisfies 28 U.S.C.

2   §1332(d)(4)(A)(i)(II)(cc).

3            And, as required by subsection (II)(aa) of the local controversy exception, "significant relief"

4   is sought from Ripple, XRP II, and Garlinghouse.  28 U.S.C. §1332(d)(4)(A)(i)(II)(aa).  Although at

5   this stage Plaintiff has not determined the precise amount of damages caused by Defendants' actions,

6   given that all of the defendants named in the Operative State Law Complaint are California

7   residents, there is no question that the damages "are sufficient to show that the Plaintiffs claim

8   'significant relief' from a local defendant[s]."  *Benko*, 789 F.3d at 1119 ("significant relief" found

9   where damages against defendants were estimated between $5-8 million).  Because "[t]here is

10  nothing in the complaint to suggest that [Ripple, XRP II, and Garlinghouse] . . . [are] nominal

11  defendant[s] or that [Ripple, XRP II, and Garlinghouse have] so few assets . . . that [Plaintiffs are]

12  not seeking significant monetary relief from it."  *Coleman v. Estes Express Lines, Inc.*, 631 F.3d

13  1010, 1020 (9th Cir. 2011) ("[S]ignificant relief" is satisfied under subsection (aa).)

14           Further, Defendants' actions constitute a "significant basis for the claims" of Plaintiffs under

15  subsection 28 U.S.C. §1332(d)(4)(A)(i)(II)(bb).  Indeed, given again that all of the defendants named

16  in the Operative State Law Complaint are California residents, these three defendants' conduct

17  constitute a "significant basis for the claims," satisfying 28 U.S.C. §1332(d)(4)(A)(i)(II)(bb).  *See*

18  *Benko*, 789 F.3d 1117-19 (finding "significant basis" met where defendant was one of six named

19  defendants and whose activities constituted between 15% to 20% of the alleged improper activities

20  of all defendants).

21           **3.      The Principal Injuries Occurred in California**

22           Defendants' alleged misconduct, and Plaintiff's injuries, are of the sort "that uniquely affects

23  a particular locality to the exclusion of all others" and warrants application of the local controversy

24  exception.  *Benko*, 789 F.3d at 1119.  Indeed, as alleged in the Operative State Law Complaint,

25  "Ripple raised proceeds from, and is backed by venture capital firms, such as Andreessen Horowitz,

26  which is located in this County, has solicited and sold XRP to investors located in this County, and is

27  run by defendant Garlinghouse, who lives in this County."  ECF No. 2-1, Ex. A, ¶8.  And, the

28  alleged damaged class "consist[s] of all citizens of California who purchased XRP."  *Id.*, ¶81.

### B.      Removal of the State Law Action Is Separately Barred by CAFA's Securities-Related Exceptions

The State Law Action also falls squarely within the exceptions to federal jurisdiction included in CAFA that provides that federal courts do ***not*** have removal jurisdiction over an action "that relates to the ***rights, duties*** (including fiduciary duties), and ***obligation*** relating to or created by or pursuant to any security." 28 U.S.C. §1332(d)(9)(C).  This exception applies squarely to this action.  As detailed in the Operative State Law Complaint and summarized above, Plaintiff brings this action seeking redress for purchasers and holders of the securities at issue.  This action therefore relates to the ***rights, duties, and obligations*** relating to the XRP securities.

The Operative State Law Complaint alleges that Defendants are entirely responsible for developing and improving the XRP Ledger ("Ledger") and securing institutional users of that Ledger.  These modifications of the Ledger in turn impact the rights of XRP holders and the profits that investors expect to derive from holding XRP.  *E.g.*, ECF No. 2-1, Ex. A, ¶¶43, 55, 95.  For example, Ripple Labs frequently updates the software underpinning the XRP Ledger, purportedly improving the utility of XRP by increasing transaction speed or security.  These actions and representations regarding the rights of XRP holders form the basis of the California Class' investment in XRP.  This case thus relates directly to ***rights, duties, and obligations*** relating to the XRP securities offered and sold by Defendants, providing an additional basis for remand of the case.

## V.      ALTERNATIVELY, THIS COURT SHOULD SEVER THE STATE LAW ACTION FROM *GREENWALD* AND REMAND

Consolidation of *Greenwald* with *In re Ripple Labs* is and would be improper here because *Greenwald* alleges different claims and purports to bring such claims on behalf of a different class than the Operative State Law Complaint.  *See, e.g.*, *Lighthouse Fin. Grp. v. Royal Bank of Scotland Grp. PLC*, 902 F. Supp. 2d 329 (S.D.N.Y. Sept. 18, 2012), *aff'd sub nom IBEN Local Union No. 58 Pension Tr. Fund and Annuity Fund v. Royal Bank of Scotland Grp. PLC*, 783 F.3d 383 (2d Cir. 2015) (declining even to consolidate two related federal securities class actions because, among other reasons, the 33 Act actions and 34 Act action contain "different claims, different class periods, and purports different classes").  With different claims and different classes, *In re Ripple Labs* and *Greenwald* are not sufficiently similar such that consolidation would be appropriate.  *See also*

1510300_2

PLAINTIFFS ZAKINOV AND OCONER'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4:18-cv-06753-PJH          - 15 -

1   *Meeder v. Superior Tube Co.*, 72 F.R.D. 633, 636 (W.D. Pa. 1976) (holding that consolidation under

2   Rule 42(a) of three cases arising out of the same stock tender offer would not be proper).

3           Moreover, the Private Securities Litigation Reform Act ("PSLRA") provides that it "shall

4   apply in each private action arising under this title [Securities Act of 1933] that is brought as a

5   plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(1). The

6   Operative State Law Consolidated Complaint does not allege claims arising under the Securities Act

7   and is not governed by the PSLRA. Should *Greenwald* proceed in this Court, however, the PSLRA

8   will govern each stage of *Greenwald*.[6] *See, e.g.*, *Hill v. Tribune Co.*, No. 05 C 2602, 2005 U.S. Dist.

9   LEXIS 23931, at *12 (N.D. Ill. Oct. 13, 2005) (finding "[t]he PSLRA provisions regarding

10  appointment of lead plaintiff and lead counsel are not applicable to" actions which "do not contain

11  claims for violation of federal securities laws").

12          In analogous situations involving federal securities class actions and other securities-related

13  litigation, courts have declined an invitation to consolidate these different types of cases. For

14  example, in *In re Bear Stearns Cos. Sec., Derivative, and ERISA Litig.*, 08 M.D.L. No. 1963 (RWS),

15  2008 U.S. Dist. LEXIS 106327, at *18 (S.D.N.Y. Jan. 5, 2009), defendants sought to consolidate

16  separate federal securities, state law derivative and ERISA actions into one consolidated action. The

17  Honorable Robert W. Sweet, noting the "overwhelming number of courts . . . who have determined

18  that consolidation in this context is not appropriate," denied defendants' request and instead

19  consolidated the securities fraud, state law derivative and ERISA actions into three separate actions.

20  *See also Rochester Laborers Pension Fund v. Monsanto Co.*, No. 4:10cv1380CDP, 2010 U.S. Dist.

21  LEXIS 101869 (E.D. Mo. Sept. 28, 2010) (declining to consolidate federal securities fraud action

22  with other related non-PSLRA actions); *In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*,

23  258 F.R.D. 260 (S.D.N.Y. 2009) (consolidating securities, state law derivative and ERISA actions

24  into three ***separate*** actions and appointing different lead plaintiffs and lead counsel in each of the

25  separate actions); *In re Diebold Sec. Litig.*, No. 05-cv-2873, 2006 WL 3023033, at *2-*4 (N.D. Ohio

26  _____
    [6]   *See, e.g.*, 15 U.S.C. §77z-1(a)(3) (mandating the filing of a certification with federal securities
27  class action complaints); 15 U.S.C. §77z-1(a)(5) (providing certain mandatory disclosure of
    settlement terms to class members); 15 U.S.C. §77z-1(b)(3)(B) (requiring a stay of "all discovery
28  and other proceedings . . . during the pendency of any motion to dismiss").

Oct. 23, 2006) (consolidating five securities cases into one action, five ERISA cases into a separate second action, and two state law derivative actions into a third separate action). Just as consolidation was denied in *Monsanto*, *Lighthouse, Bear Stearns* and scores of similar cases, so too here, consolidation was not appropriate and should not be permitted where *In re Ripple Labs* and *Greenwald* are brought pursuant to wholly separate and distinct statutory schemes, allege different claims, and purport to bring such claims on behalf of different classes against different defendants. *See Meeder*, 72 F.R.D. at 636 ("It makes sense, therefore, to permit each attorney to control the destiny of his own client's case at this time.").

Accordingly, the Court may sever *Greenwald* from *In re Ripple Labs* and remand the actions back to San Mateo Superior Court. *See, e.g.*, *Chow v. Hirsch*, No. C-98-4619 PJH, 1999 U.S. Dist. LEXIS 3010, at *12-*13 (N.D. Cal. Feb. 22, 1999) (granting plaintiff's motion to amend and remand, and stating that "[e]xceptional circumstances or other compelling reasons under section 1367(a) . . . are not apparent from the pleadings. Moreover, the court does not find that plaintiff has attempted to manipulate the forum. The court finds rather that plaintiff has made a strategic decision to concentrate on her state law claims in an attempt to have them heard in state court. This is not improper").

## VI.  PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS

Under 28 U.S.C. §1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 446 (9th Cir. 1992) ("By adding attorney's fees to costs which may be awarded after remand, Congress provided the statutory authorization necessary to award fees without a finding of bad faith."). While Defendants' position here is far from supportable, costs and fees are appropriate even where the grounds for removal were "fairly supportable" but "wrong as a matter of law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

Here, there was no legal or factual basis for removal. The Second Consolidation Order, purportedly creating the basis for removal jurisdiction, was entered in error and arose without the

1510300_2

PLAINTIFFS ZAKINOV AND OCONER'S NOTICE OF MOTION AND MOTION TO REMAND;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4:18-cv-06753-PJH      - 17 -

1   requisite "notice and motion to consolidate."  *Sutter Health*, 171 Cal. App. 4th 495, 514 (2009).

2   And it is without question that the Second Consolidation Order was not a "voluntary" act by

3   plaintiffs.  *See, e.g.*, *Goodman v. Wells Fargo Bank, N.A.*, No. cv 14-3171-JFN (RZx), 2014 U.S.

4   Dist. LEXIS 195970, at *5 (C.D. Cal. July 1, 2014).  Counsel for Plaintiffs raised these issues with

5   Defendants on November 7, 2018, and maintained that they should be addressed with Judge DuBois

6   the following week at the November 16, 2018 CMC, pointing out that Defendants would still have

7   several weeks in which to remove the actions should they wish to do so following the CMC.

8   O'Mara Decl., ¶¶5, 6.  Defendants rebuffed such suggestions and stated that they were going to

9   proceed with removal.  Defendants' attempt to remove these actions was not consistent with the law,

10  and these unnecessary proceedings should have been avoided.

11       Finally, the Court need not delay its order remanding this action in order to award Plaintiffs

12  their attorneys' fees and costs.  Rather, the Court may issue an order immediately remanding this

13  action while retaining jurisdiction to determine the appropriate amount of an award under §1447(c).

14  *See Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 448 (9th Cir. 1992) ("because the award of

15  attorney's fees pursuant to 28 U.S.C. §1447(c) is collateral to the decision to remand, the district

16  court retain[s] jurisdiction after remand to entertain Plaintiffs' motion for attorney's fees").

17  **VII.   CONCLUSION**

18       *In re Ripple Labs* must be remanded.  The record is not definitive such that *In re Ripple Labs*

19  and *Greenwald* were removable from San Mateo Superior Court.  And as is well-settled in the Ninth

20  Circuit, "[w]here doubt regarding the right to removal exists, a case should be remanded to state

21  court."  *Matheson*, 319 F.3d at 1090; *see also Alderman*, 191 F. Supp. 2d at 1115 ("The removal

22  statute is strictly construed against removal jurisdiction and any doubt must be resolved in favor of

23  remand.").  Additionally, the state court's Second Consolidation Order was entered without the

24  requisite notice and motion or consent by all parties.  As such, it is improper and was entered in

25

26

27

28

1510300_2

PLAINTIFFS ZAKINOV AND OCONER'S NOTICE OF MOTION AND MOTION TO REMAND;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4:18-cv-06753-PJH      - 18 -

1   error.  Moreover, the asserted basis for removal was not the result of a "voluntary" act by Plaintiffs,

2   which it must be to create removal jurisdiction.  Resolving as it must all doubts in favor of remand,

3   the Court should remand *In re Ripple Labs* and *Greenwald*.

4   DATED:  December 7, 2018              Respectfully submitted,

5                            ROBBINS GELLER RUDMAN
                                & DOWD LLP

6                            BRIAN O. O'MARA

7

8                                   s/ BRIAN O. O'MARA
                                BRIAN O. O'MARA

9

10                        655 West Broadway, Suite 1900
                        Telephone:  619/231-1058

11                        619/231-7423 (fax)

12                        ROBBINS GELLER RUDMAN
                         & DOWD LLP

13                        SHAWN A. WILLIAMS
                        Post Montgomery Center

14                        One Montgomery Street, Suite 1800
                        San Francisco, CA  94104

15                        Telephone:  415/288-4545
                        415/288-4534 (fax)

16                        ROBBINS ARROYO LLP
                        BRIAN J. ROBBINS

17                        STEPHEN J. ODDO
                        ERIC M. CARRINO

18                        600 B Street, Suite 1900
                        San Diego, CA  92101

19                        Telephone:  619/525-3990
                        619/525-3991 (fax)

20                        Co-Lead Counsel for Plaintiffs

21

22

23

24

25

26

27

28

1

<u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on, I authorized the electronic filing of the foregoing with the Clerk of

3

the Court using the CM/ECF system which will send notification of such filing to the e-mail

4

addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to

5

be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF

6

participants indicated on the attached Manual Notice List.

7

I certify under penalty of perjury under the laws of the United States of America that the

8

foregoing is true and correct. Executed on December 7, 2018.

9

s/ BRIAN O. O'MARA

BRIAN O. O'MARA

10

11

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

12

13

14

E-mail:  bomara@rgrdlaw.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1510300_2

# Mailing Information for a Case 4:18-cv-06753-PJH Zakinov et al v. Ripple Labs, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Eric M. Carrino**
  ecarrino@robbinsarroyo.com

- **Brian Edward Cochran**
  bcochran@rgrdlaw.com

- **John T. Jasnoch**
  jjasnoch@scott-scott.com,efile@scott-scott.com

- **Thomas L Laughlin , IV**
  tlaughlin@scott-scott.com,efile@scott-scott.com

- **Lauren Sager McCabe**
  lmccabe@scott-scott.com

- **Virginia Faye Milstead**
  virginia.milstead@skadden.com,dlmlclac@skadden.com,mayra.aguilera@skadden.com

- **Peter Bradley Morrison**
  peter.morrison@skadden.com,alissa.turnipseed@skadden.com,nandi.berglund@skadden.com

- **John M. Neukom**
  John.Neukom@skadden.com,alissa.turnipseed@skadden.com,ecf-ffe64b85f282@ecf.pacerpro.com

- **Brian O. O'Mara**
  bo'mara@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Stephen J. Oddo**
  soddo@robbinsarroyo.com,notice@robbinsarroyo.com

- **Brian J. Robbins**
  notice@robbinsarroyo.com

- **Rhiana Swartz**
  rswartz@scott-scott.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,e_file_sd@rgrdlaw.com,1101510420@filings.docketbird.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)