PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
VIRGINIA F. MILSTEAD (SBN 234578)
virginia.milstead@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

JOHN NEUKOM (SBN 275887)
john.neukom@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

Attorney for Defendants
Ripple Labs Inc., XRP II, LLC, Bradley Garlinghouse, Christian Larsen, Ron Will, Antoinette O'Gorman, Eric van Miltenburg, Susan Athey, Zoe Cruz, Ken Kurson, Ben Lawsky, Anja Manuel, and Takashi Okita

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE RIPPLE LABS INC. LITIGATION | CASE NO.: 4:18-cv-06753-PJH |
| This Document Relates To:<br><br>ALL ACTIONS. | **[PROPOSED] ORDER DENYING PLAINTIFF AVNER GREENWALD'S AND VLADI ZAKINOV'S AND DAVID OCONER'S MOTIONS TO REMAND** |

**[PROPOSED] ORDER**

The Court, having considered Plaintiff Avner Greenwald's Motion to Remand (ECF No. 17) and Plaintiffs Vladi Zakinov's and David Oconer's Motion to Remand (ECF No. 18) (together the "Motions"), and Defendants' Omnibus Memorandum of Points and Authorities in Opposition thereto, and Plaintiffs' Replies In Further Support of their Motions, declarations and exhibits, as well as the files in the case and any oral argument presented, and for good cause shown therein, it is hereby ORDERED as follows:

The Motions to Remand are DENIED.

Under California and Ninth Circuit law when there is complete consolidation in state court, the actions are considered together when determining whether federal subject matter jurisdiction exists. Specifically, in California, when there is "a complete consolidation or consolidation for all purposes . . . the two actions are merged into a single proceeding under one case number and result in only one verdict or set of findings and one judgment." Hamilton v. Asbestos Corp., 22 Cal. 4th 1127, 1147 (2000). After "actions are consolidated, . . . the allegations of the complaints can be treated as one pleading." People ex rel. Camil v. Buena Vista Cinema, 57 Cal. App. 3d 497, 500 (1976).

The Ninth Circuit in Bridewell-Sledge v. Blue Cross of California, 798 F.3d 923 (9th Cir. 2015), confirmed that it follows California law when determining whether a consolidated action is removable pursuant to the Class Action Fairness Act ("CAFA") and that "when examining whether [it] ha[d] federal jurisdiction over [action 1] and [action 2] under CAFA, it [was] necessary to view [action 1] and [action 2] as a single consolidated class action that was united originally, rather than as two separate class actions filed at different times." Id. at 930.

Accordingly, if the state court judge completely consolidated Greenwald v. Ripple Labs Inc. et al., 18-CIV-03461 ("Greenwald") with the In re Ripple Labs Inc. Litigation, Lead Case No. 18-CIV-02845 ("Ripple Labs"), for "all purposes," then under California and Ninth Circuit authority, these actions are to be considered together when determining whether there is federal subject matter jurisdiction pursuant to CAFA. This Court finds that the actions were consolidated for "all purposes" by the state court judge prior to removal and thus, because CAFA's requirements are otherwise satisfied, removal was proper.

Plaintiffs make two central arguments in their attempt to defeat federal jurisdiction that: (i) the state court did not really mean to consolidate the cases, as consolidation was not proper; and (ii) the consolidation was not Plaintiffs' idea. However, these arguments fail.

*First*, this "Court's role is not to decide whether it was proper for the state court to consolidate the actions, but whether the consolidation affects the Court's jurisdiction." Unifoil Corp. v. S.E. Personnel Leasing, Inc., No. 18-18, 2018 WL 4676044, at *2 (D. N.J. Sept. 28, 2018). Here, the state court ordered complete consolidation. Defendants and Plaintiffs Zakinov and Oconer, the plaintiffs in the two actions resulting in the consolidated Ripple Labs action, entered into the STIPULATION AND [PROPOSED] ORDER CONSOLIDATING RELATED ACTIONS AND RELATED MATTERS ("Stipulation"), which Judge DuBois of the San Mateo Superior Court signed and ordered that the Zakinov and Oconer actions be "consolidated for all purposes, including pre-trial proceedings and trial." (ECF No. 2, Ex. E ("First Consolidation Order") ¶ 6.) The Stipulation stated that: "When a case which properly belongs as part of [Ripple Labs] is hereafter or has been filed in, *remanded to*, or transferred to this Court, *counsel for the parties shall* call such filing, *remand*, or transfer to the attention of the clerk of this Court *for purposes of moving the Court for an order consolidating such case(s)* with [Ripple Labs.]" (Id. ¶ 15 (emphasis added).) Thus, the parties agreed that if a related action came before the court, they would "call such filing" to the Court's attention for one particular, shared, and non-optional purpose: to serve as a motion to consolidate or in order to obtain an order consolidating the remanded action with Ripple Labs.

After the Greenwald action was remanded from this Court, Defendants filed a Notice of Related Case in the San Mateo Superior Court indicating that Greenwald is related to Ripple Labs because it "involves the same parties and is based on the same or similar claims," "arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact;" and "is likely for other reasons to require substantial duplication of judicial resources if heard by different judges." (Declaration of Virginia F. Milstead ("Milstead Decl.") Exs. 2-3.) Defendants served the Notice of Related Cases on counsel for Plaintiffs. (Id.) Plaintiffs had five days to file a response "opposing the notice." Cal. R. Ct. 3.300(g). No Plaintiff opposed the Notice.

Thereafter, Judge DuBois ordered Greenwald related to and consolidated with Ripple Labs (Greenwald and Ripple Labs collectively, the "Action"). (ECF No. 2, Ex. F (the "Second Consolidation Order").) Judge DuBois observed that the Notice of Related Cases had "been filed and served" and that "no opposition or objection" was filed in response. (Id. ¶ 1.) Judge DuBois ordered that "[p]ursuant to the order in Master File No. 18CIV02845 consolidating related class actions [e.g., the First Consolidation Order], . . . the case of *Greenwald vs. Ripple Labs Inc. 18CIV03461* is ordered CONSOLIDATED as part of Master File No. 18CIV02845." (Id. ¶ 2.) Given that the Stipulation and First Consolidation Order made clear that related actions, including remanded actions, would be consolidated with Ripple Labs, the Court finds that Judge DuBois ordered complete consolidation. Thus, this Court must consider the two actions collectively when determining whether federal subject matter jurisdiction exists pursuant to CAFA. When the complaints are viewed together, each of the requirements for CAFA is satisfied, granting this Court jurisdiction.

*Second*, Plaintiffs' argument that the Second Consolidation Order did not render the entire, consolidated action removable because such order was not the result of a "voluntary" act they took is misplaced. None of the cases Plaintiffs cite assists their argument here as they all arise in one of two different contexts either: (i) removal under the "mass action" provisions of CAFA; or (ii) when diversity jurisdiction arose due to the dismissal of a defendant on the merits. Such cases are inapplicable.

In fact, a consolidation may make a case removable—even when ordered sua sponte or sought by the defendant—because removal based on a consolidation order does not offend the well-pleaded complaint rule. In these situations, removal is still based only on a review of the complaints viewed together. See, e.g., In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 399 F. Supp. 2d 340, 355 (S.D.N.Y. 2005) (state court sua sponte consolidation order rendered previously non-removable action removable); Tonyco, Inc. v. Equity Mktg., Inc., No. 99-74995, 2000 WL 654957, at *3 (E.D. Mich. Apr. 25, 2000) (noting that had the actions been consolidated in state court, as opposed to federal court, removal would have been appropriate); Barker v. Hartford Fire Ins. Co., 100 F. Supp. 1022, 1023 (E.D. Ky. 1951) (removal proper after sua sponte consolidation).

In any event, the Second Consolidation Order "is traceable to a voluntary act by Plaintiff[s]." Thompson v. Target Corp., No. EDCV 16-00839 JGB (MRWx), 2016 WL 4119937, at *8 n.7 (C.D. Cal.

1  Aug. 2, 2016).  Plaintiffs voluntarily agreed to the Stipulation, which applies by its express terms to
2  related actions and which contemplates that related actions remanded to state court, such as Greenwald,
3  would be consolidated with Ripple Labs.  (Ex. E ¶¶ 14, 15.)  Defendants filed the Notice of Related
4  Cases notifying the court of Greenwald for purposes of consolidation.  Plaintiffs did not object.
5  Plaintiffs' agreement to the stipulation, decision not to object to the Notice, and the subsequent
6  consolidation gave rise to the circumstances for removal.  That qualifies as a voluntary act traceable to
7  Plaintiffs.

8  Plaintiffs also argue that independently Ripple Labs is not removable.  However, this Court has
9  concluded that Ripple Labs and Greenwald were consolidated for all purposes and need to be considered
10 collectively to determine if there is federal subject matter jurisdiction pursuant to CAFA.  The Court
11 need not reach Plaintiffs' arguments regarding whether the Ripple Labs action is independently barred
12 from removal.

13 Plaintiffs' request for attorney's fees is DENIED because removal was proper here.

14 DATED: _____, 2018

_____
Hon. Phyllis J. Hamilton
United States District Judge
Northern District of California