1    SCOTT+SCOTT ATTORNEYS AT LAW LLP
     JOHN T. JASNOCH
2    600 W. Broadway, Suite 3300
     San Diego, CA 92101
3    Telephone: 619-233-4565
     Facsimile:  619-233-0508
4    jjasnoch@scott-scott.com

5    *Attorneys for Plaintiff*

6    [Additional counsel on signature page.]

7

8

9                    **UNITED STATES DISTRICT COURT**
10                  **NORTHERN DISTRICT OF CALIFORNIA**
                          **OAKLAND DIVISION**
11

12   VLADI ZAKINOV, DAVID OCONER, &          Case No. 4:18-cv-06753-PJH
     AVNER GREENWALD, individually and on
13   behalf of all others similarly situated,   <u>CLASS ACTION</u>

                    Plaintiffs,                  **PLAINTIFF AVNER GREENWALD'S**
14                                               **REPLY IN FURTHER SUPPORT OF**
                                                 **MOTION TO REMAND**
15                      v.
                                                 Date: February 13, 2019
16   RIPPLE LABS INC., *et al.*,                 Time: 9:00 a.m.
                                                 Courtroom:  3 – 3rd Floor
17                  Defendants.

18                                               Hon. Phyllis J. Hamilton

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2    I.       INTRODUCTION ................................................................................................1

3    II.      ARGUMENT ......................................................................................................3

4            A.      The First Consolidation Order Rendered the State Law Action Complaint
                    the Operative Complaint, which Is Not Removable .................................3

5

6            B.      The First Consolidation Order Requires a Motion to Consolidate, which
                    Did Not Occur..........................................................................................6

7            C.      The Voluntary-Involuntary Rule Applies Here, and the First Consolidation
                    Order Was Not a Voluntary Action Giving Rise to CAFA Jurisdiction.................7

8

9            D.      Whether Consolidation Was Appropriate Is Irrelevant But, in Any Event,
                    Consolidation Would Be Highly Prejudicial to the *Greenwald* Action
                    Class ........................................................................................................9

10

11   III.     CONCLUSION.................................................................................................13

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abeyta v. Raytheon Space & Airborne Sys. Co.*,
  No. CV-08-2677, 2008 WL 11338842 (C.D. Cal. June 12, 2008) ...........................................7

*Amadu v. Bradshaw*,
  Civil No 15-8033, 2016 WL 3676474 (D.N.J. July 11, 2016) ................................................4

*Barker v. Hartford Fire Ins. Co.*,
  100 F. Supp. 1022 (E.D. Ky. 1951) .......................................................................................9

*Belen v. Taylor*,
  No. A118433, 2008 WL 3893789 (Cal. Ct. App. Aug. 25, 2008)...........................................6

*Bley v. Travelers Ins. Co.*,
  27 F. Supp. 351 (S.D. Ala. 1939)...........................................................................................9

*Bridewell-Sledge v. Blue Cross of California*,
  798 F.3d 923 (9th Cir. 2015) .................................................................................................4

*Bryant v. Matson Navigation Co.*,
  No. RG07361995, 2008 WL 7759184
  (Super. Ct. Alameda Cnty. Nov. 6, 2008)...............................................................................6

*California State Univ., Fresno Assn., Inc. v. Cnty. of Fresno*,
  9 Cal. App. 5th 250, 255 ........................................................................................................6

*City of Oakland v. Abend*,
  No. C 07 2142 EMC, 2007 WL 2023506 (N.D. Cal. July 12, 2007) ......................................4

*Denevi v. LGCC*,
  121 Cal. App. 4th 1211 (2004) .............................................................................................12

*Figueroa v. DiNitto*,
  No. Civ.A. 03-186 ML, 2003 WL 23142193 (D.R.I. Dec. 15, 2003) ..............................10, 11

*Gonzalez-Quiles v. Cooperativa De Ahorro y Credito De Isabela*,
  250 F.R.D. 91 (D.P.R. 2007) ...............................................................................................10

*Greenwald v. Ripple Labs, Inc.*,
  No. 18-cv-04790-PJH, 2018 WL 4961767 (N.D. Cal. Oct. 15, 2018) ....................................1

*Hamilton v. Asbestos Corp., LTD*,
  22 Cal. 4th 1127 (2000) ......................................................................................................4, 5

ii

*Heritage Pac. Fin., LLC v. Monroy*,
   215 Cal. App. 4th 972 (2013) ........................................................................6

*In re Cent. Eur. Distrib. Corp. Sec. Litig.*,
   No. 11-6247, 2012 WL 5465799 (D.N.J. Nov. 8, 2012) ........................................11

*In re Constar Int'l Inc. Sec. Litig.*,
   585 F.3d 774 (3d Cir. 2009).........................................................................11

*In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*,
   399 F. Supp. 2d 340 (S.D.N.Y. 2005)...........................................................8

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990).......................................................................10

*Johnson v. Vowell*,
   No. 423566, 2003 WL 25454210
   (Super. Ct. San Francisco Cnty. Nov. 24, 2003)..........................................6

*Liberty Media Corp. v. Vivendi Universal, S.A.*,
   842 F. Supp. 2d 587 (S.D.N.Y. 2012)...........................................................10

*Louisville & Nashville Railroad Co. v. Mottley*,
   211 U.S. 149 (1908)......................................................................................8

*Luther v. Countrywide Home Loans Servicing LP*,
   533 F.3d 1031 (9th Cir. 2008) ......................................................................1

*Nat'l Union Fire Ins. Co. v. Chesapeake & O. Ry. Co.*,
   4 F. Supp. 25 (E.D. Ky. 1933) ....................................................................9

*People ex rel. Camil v. Buena Vista Cinema*,
   57 Cal. App. 3d 497 (1976)..........................................................................4

*Sanchez v. Superior Court*,
   203 Cal. App. 3d 1391 (1988) ......................................................................4

*Savadians v. Toledo*,
   No. HG09447714, 2009 WL 7165886
   (Super. Ct. Alameda Cnty. Dec. 9, 2009) ...................................................6

*Self v. General Motors Corp.*,
   588 F.2d 655 (9th Cir. 1978) .................................................................7, 8, 9

*Tanoh v. Dow Chem. Co.*,
   561 F.3d 945 (9th Cir. 2009) ......................................................................10

*Taylor v. Belen*,
　　No. H-605-230854, 2006 WL 6049034
　　(Super. Ct. Alameda Cnty. June 15, 2006) ................................................................6

*Thompson v. Target Corp.*,
　　*No*. EDCV1600839JGBMRWX, 2016 WL 4119937 (C.D. Cal. Aug. 2, 2016) .....................8

*Tonyco, Inc. v. Equity Mktg., Inc.*,
　　No. 99-74995, 2000 WL 654957 (E.D. Mich. Apr. 25, 2000) ...................................9

*Wai Feng Trading Co. Ltd. v. Quick Fitting, Inc.*,
　　C.A. No. 13-033 ...................................................................................................11

**Statutes, Rules and Regulations**

28 U.S.C.
　　§1453(b) ...............................................................................................................1
California Rules of Court
　　Rule 3.350 ............................................................................................................6
Class Action Fairness Act .................................................................................. *passim*
Securities Act of 1933 ........................................................................................ *passim*


**Other Authorities**

8 James Wm. Moore *et al.*,
　　*Moore's Federal Practice* ¶42.10(5)(d)(i) (3d ed. 2011) ........................................10

PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION TO REMAND
CASE NO. 4:18-CV-06753-PJH

1

2

## I.    INTRODUCTION

This securities class action was commenced by Avner Greenwald ("Greenwald" or "Plaintiff") in the Superior Court of the State of California, County of San Mateo ("San Mateo Superior Court"), on behalf of himself and all other persons or entities who purchased XRP tokens from July 3, 2015 through the present (the "*Greenwald* Action").  The *Greenwald* Action asserts ***only*** non-removable claims brought under the Securities Act of 1933 (the "Securities Act") and, therefore, is subject to the Securities Act's anti-removal provision and may not be removed pursuant to controlling Ninth Circuit authority.  *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

Nevertheless, Defendants have twice wasted this Court's time and resources and removed the *Greenwald* Action.  First, on August 8, 2018, Defendants removed the *Greenwald* Action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1453(b).  On October 15, 2018, this Court remanded the *Greenwald* Action pursuant to *Luther*.  *See Greenwald v. Ripple Labs, Inc.*, No. 18-cv-04790-PJH, 2018 WL 4961767 (N.D. Cal. Oct. 15, 2018).  Second, on November 7, 2018, Defendants removed the *Greenwald* Action after it was inadvertently consolidated with the related action filed by Vladi Zakinov ("Zakinov") and David Oconer ("Oconer"), which asserts only non-removable state law claims on behalf of only California residents (the "State Law Action").  Remand is again required because: (i) the operative complaint is the state law-only complaint in the State Law Action that is not subject to CAFA removal, (ii) the parties in the State Law Action did not move for consolidation as required, and (iii) Greenwald did not undertake a "voluntary act" to plead claims giving rise to CAFA jurisdiction.

Seeking to avoid this conclusion, Defendants argue that, against the wishes of all Plaintiffs, the Court should foist the claims in the *Greenwald* Action onto the complaint filed by Zakinov and Oconor and find CAFA jurisdiction on that basis.  This argument is clearly deficient.  First, Defendants completely ignore the clear language in the August 29, 2018

1

1  consolidation order (the "First Consolidation Order"), which expressly provides that "the

2  Consolidated Complaint shall be the operative complaint and ***shall supersede all complaints***

3  ***filed in any of the actions consolidated herein***." *See* Defendants' Notice to Adverse Party and

4  Clerk of State Court of Removal of Action to Federal Court, Lead Case No. 18-CIV-02845, filed

5  on November 7, 2018 ("Defs' Rem."), Ex. E, ¶8.[1]  Therefore, under the unequivocal terms of the

6  First Consolidation Order, the Consolidated Complaint filed in the State Law Action

7  "supersedes" – or renders null – ***all*** other complaints filed in any action consolidated with the

8  State Law Action, including the complaint in the *Greenwald* Action.  Defendants have conceded

9  that the Consolidated Complaint in the State Law Action asserts only state law claims and thus is

10  not removable under CAFA.  Defendants' citations to authority that stand only for the general

11  proposition that, in the absence of a clear order from the court, a federal court may look to the

12  common law of the state from which the case is removed to evaluate whether consolidation

13  changes the jurisdictional analysis are irrelevant in the face of the clear directive here in the First

14  Consolidation Order.

15         Second, the First Consolidation Order provides that, if the parties in the State Law Action

16  identified a related case that they believed should be consolidated with the State Law Action,

17  they should "move[] the Court for an order consolidating such case(s)." *Id.* ¶15.  That did not

18  occur here.   Without such a motion, the *Greenwald* Action could not be "completely

19  consolidated" with the State Law Action, despite Defendants' arguments to the contrary.

20  Defendants' repeated avoidance of the plain and reasoned language of the First Consolidation

21  Order and reliance on the three-paragraph, *sua sponte* October 31, 2018 consolidation order (the

22  "Second Consolidation Order"), entered without motion practice and without argument, is

23  telling.

24         Third, Defendants' argument that the voluntary-involuntary rule is inapplicable here fails.

25  None of the authority cited by Defendants holds that the voluntary-involuntary rule is confined to

---

[1]      Unless otherwise indicated, all emphases are added and citations and internal quotations omitted.

PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION TO REMAND
CASE NO. 4:18-CV-06753-PJH

1   the narrow categories Defendants propose.  Further, as Defendants acknowledge, the voluntary-

2   involuntary rule follows from the "well-pleaded" complaint rule, where the court looks to the

3   four corners of the complaint when applying the voluntary-involuntary rule.  The operative

4   complaint here alleges only non-removable state law claims and therefore is not subject to CAFA

5   removal.  Moreover, Greenwald was not a party to the stipulation which preceded the First

6   Consolidation Order, as Defendants concede, and so in any event did not take any voluntary act

7   to render the *Greenwald* Action removable under CAFA even under the terms of Defendants'

8   argument.

9          Finally, Defendants' remaining argument that the consolidation was appropriate is

10  irrelevant, and the fact that Defendants belabor the point in their opposition brief is a diversion

11  from their inability to contest the clear mandates of the First Consolidation Order and the

12  voluntary-involuntary rule.  Nonetheless, after remand, Plaintiff Greenwald will argue to the San

13  Mateo Superior Court that consolidation was improper and would prejudice the *Greenwald*

14  Action class by depriving Greenwald of the right to assert claims under the Securities Act, which

15  are omitted from the operative Consolidated Complaint in the State Law Action.

16         Accordingly, the Court should grant Plaintiff's motion to remand in full.

17  **II.   ARGUMENT**

18         **A.    The First Consolidation Order Rendered the State Law Action**
               **Complaint the Operative Complaint, which Is Not Removable**
19
20         Defendants' argument that the court should look to common law principles to evaluate

21  how the Second Consolidation Order changes the jurisdictional analysis completely ignores the

22  dispositive language of the First Consolidation Order establishing that consolidation did not

23  change the CAFA analysis.  The First Consolidation Order clearly mandates, in relevant part:

24         Plaintiffs shall either designate a complaint as operative or file a Consolidated
           Complaint ("Consolidated Complaint") within 45 days after entry of this order,
25         unless otherwise agreed upon by the parties.  If filed, ***the Consolidated***
           ***Complaint shall be the operative complaint and shall supersede all complaints***
26         ***filed in any of the actions consolidated herein.***[2]

27  _____
    [2]     Defs' Rem., Ex. E, ¶8.
28
                                              3

Under those terms, there can be no other conclusion than that the Consolidated Complaint filed in the State Law Action is the operative, and the only, complaint that survives the Second Consolidation Order consolidating the *Greenwald* Action into the State Law Action.   The unavoidable corollary to the First Consolidation Order is that the federal claims in the *Greenwald* Action are null post-consolidation and that the only claims alleged in the action are state law claims on behalf of a class of California residents as set forth in the Consolidated Complaint.

Defendants' continued reliance on the same cases (*Compare* Defs.' Rem., Ex. A, ¶¶13-15 *with* Defs' Opp.at 3, 16-19) that look to the common law of the state to evaluate whether consolidation affects jurisdiction is unavailing when faced with a clear directive from the court, as here in the First Consolidation Order.   None of the cases cited by Defendants involve a similar order from the court mandating that one complaint "supersedes" all others and instead require the courts to determine the scope of consolidation in the absence of explicit guidance from the consolidating court.   In fact, all involve only minimal discussion, if any, of the terms of the consolidation and thus are not applicable.   *See, e.g.*, *City of Oakland v. Abend*, No. C 07 2142 EMC, 2007 WL 2023506, at *4 (N.D. Cal. July 12, 2007) ("the state court's consolidation order did not explicitly specify which type of consolidation was being established"); *Hamilton v. Asbestos Corp., LTD*, 22 Cal. 4th 1127, 1149 (2000) (stating only that "[t]he motion was granted and the two cases were consolidated for all purposes"); *People ex rel. Camil v. Buena Vista Cinema*, 57 Cal. App. 3d 497, 500 (1976) (only stating the "cases were duly consolidated"); *Sanchez v. Superior Court*, 203 Cal. App. 3d 1391, 1395-96 (1988) (The court refused to consolidate for all purposes when the consolidation order stated that "the cases were ordered consolidated for trial," finding "a complete merger of the two actions would be improper in the absence of a stipulation or consent by defendants."); *Bridewell-Sledge v. Blue Cross of*

1  *California*, 798 F.3d 923, 925-26 (9th Cir. 2015) (only stating the court ordered consolidation

2  "for all purposes" after motion practice); *Amadu v. Bradshaw*, Civil No 15-8033 (RBK/AMD),

3  2016 WL 3676474, at *2 (D.N.J. July 11, 2016) (only stating that the judge "signed an order

4  consolidating" two cases arising out of the same car accident).[3]

5          Puzzlingly, Defendants also argue that the "supersede" language in the First

6  Consolidation Order ***does not apply*** to "related actions that would be consolidated *in the future*,

7  like *Greenwald*."  Defs' Opp. at 18-19 (emphasis in original).  First, Defendants' argument is

8  wrong on its face.  The First Consolidation Order expressly applies to ***"all*** complaints filed in

9  ***any*** of the actions consolidated herein" – period.  The "in the future" language appears nowhere,

10  and, if the First Consolidation Order does not apply to related actions consolidated in the future,

11  it essentially serves no purpose and invites further confusion.  Further, Defendants cannot argue

12  that the "supersede" language in the First Consolidation Order does not apply to the *Greenwald*

13  Action and then at the same time argue that Greenwald is bound by all the other terms of the

14  First Consolidation Order.  *See, e.g.,* Defs' Opp. at 10 ("the First Consolidation Order 'shall'

15  apply to related cases 'remanded to' the court.  This indisputably included *Greenwald*. . .").

16  Defendants cannot have it both ways: the First Consolidation Order either applies to the

17  *Greenwald* Action or it does not.  Defendants' arguments are inherently contradictory and must

18  be rejected.

19

20

21

22  ─────────────────────

[3]      The cases are further distinguishable.  For example, in *Hamilton,* the ***plaintiff*** filed a
23  "motion to consolidate the two cases for ***all purposes*** and advance the consolidated action for
trial was made. [Defendant] was served with that motion but did not oppose it."  22 Cal. 4th at
24  1148-49 (emphasis in original).  Moreover, the defendant "fully participated in this consolidated
action from beginning to end . . . was the sole defendant at trial and actively defended itself on
25  the merits of all the claims," and did not "object to the trial court's jurisdiction."  *Id.* at 1149.
This case differs significantly from the situation here, where Plaintiff Greenwald did not have the
26  opportunity to oppose any motion to consolidate and has, in no way, participated in the
consolidated State Law Action.  Further, *City of Oakland* involved the consolidation of cases
27  where the defendant in the first action brought a later, separate suit against the same plaintiff in
the first action related to the same property.

28

**B.    The First Consolidation Order Requires a Motion to Consolidate, which Did Not Occur**

Defendants also wholly ignore the language in the First Consolidation Order requiring a *motion* to consolidate.  Paragraph 15 of the First Consolidation Order states, in full:

> When a case which properly belongs as part of the *In re Ripple Labs Inc. Litigation*, Lead Case No. 18-CIV-02845, is hereafter or has been filed in, remanded to, or transferred to this Court, counsel for the parties shall call such filing, remand or transfer to the attention of the clerk of this Court for purposes of *moving the Court for an order* consolidating such case(s) with *In re Ripple Labs Inc. Litigation*, Lead Case No. 18-CIV-02845.  Counsel for the parties will further assist in assuring that counsel for the parties in such subsequent action(s) *receive notice of this Order*.[4]

Further, California law requires a notice and motion to consolidate.  *See, e.g.* Rule 3.350 of the California Rules of Court; *Sutter Health Uninsured Pricing Cases*, 171 Cal. App. 4th 495, 514 (2009) ("Absent a stipulation to consolidate, a noticed and written motion to consolidate is required.") (emphasis omitted).

Defendants' argument that courts have discretion to consolidate actions *sua sponte* does not change the fact that the First Consolidation Order in *this* case – and California law generally – requires a notice and motion.  Defs' Opp. at 9-10.  Further, the case law cited by Defendants demonstrates the reaching nature of their argument.  First, in *California State Univ., Fresno Assn., Inc. v. Cnty. of Fresno*, 9 Cal. App. 5th 250, 255 n. 1 (2017) and *Heritage Pac. Fin., LLC v. Monroy*, 215 Cal. App. 4th 972, 980 (2013), the court consolidated separate *appeals* from judgments in the same case.    Second, *Savadians v. Toledo*, No. HG09447714, 2009 WL 7165886 (Super. Ct. Alameda Cnty. Dec. 9, 2009) and *Bryant v. Matson Navigation Co.*, No. RG07361995, 2008 WL 7759184 (Super. Ct. Alameda Cnty. Nov. 6, 2008) are standard case management orders with no substantive analysis, and there is no indication that any party challenged the consolidation.  Third, in *Taylor v. Belen*, No. H-605-230854, 2006 WL 6049034 (Super. Ct. Alameda Cnty. June 15, 2006), the court consolidated *Taylor v. Belen* with *Belen v. Taylor* – two cases involving the exact same parties' dispute over the same property.  *See Belen*

---

[4]    Defs. Rem. Ex. E, ¶15.

1    *v. Taylor,* No. A118433, 2008 WL 3893789 (Cal. Ct. App. Aug. 25, 2008).  Finally, *Johnson v.*

2    *Vowell*, No. 423566, 2003 WL 25454210 (Super. Ct. San Francisco Cnty. Nov. 24, 2003)

3    provides no further discussion of the nature of the cases consolidated.

4          Defendants next attempt to argue that, "***without further action***," the First Consolidation

5    Order applies to the *Greenwald* Action.  Defs' Opp. at 10 (emphasis in original).  However, that

6    language appears nowhere in the First Consolidation Order.  While attempting to assert their own

7    mandates into the First Consolidation Order, Defendants argue that Plaintiffs "ignore" the

8    language stating that the First Consolidation Order applies to "remanded" cases. *Id.* at 10-11.

9    Defendants mischaracterize the language in the First Consolidation Order and Plaintiffs'

10   position.  Plaintiffs do not dispute that, upon consolidation with the State Law Action, the First

11   Consolidation Order in that Action applies to the remanded *Greenwald* Action.  In fact, Plaintiffs

12   rely on the full and complete terms of the order and paragraph 15 – not the cherry-picked phrases

13   quoted by Defendants, much less phrases that do not exist in the order.

14         Defendants further appear to argue that the Notice of Related Cases filed on October 25,

15   2018 in San Mateo Superior Court satisfies the requirement in the First Consolidation Order for a

16   motion.  Defs' Opp. at 11.  That argument clearly lacks merit.  The First Consolidation Order –

17   and California law – require a notice and motion to consolidate the cases.  That did not occur,

18   and therefore the consolidation was improper.

19         **C.    The Voluntary-Involuntary Rule Applies Here, and the First**
              **Consolidation Order Was Not a Voluntary Action Giving Rise to**
20            **CAFA Jurisdiction**

21         The voluntary-involuntary rule clearly applies here.  The voluntary-involuntary rule,

22   followed by the Ninth Circuit, "provides that an action . . . must remain in state court unless a

23   voluntary act of the plaintiff brings about a change that renders the case removable.  Thus, under

24   the voluntary-involuntary rule, removability is dependent on the voluntary actions of the

25   plaintiff, rather than the actions of the defendants or the court."  *Abeyta v. Raytheon Space &*

26   *Airborne Sys. Co*., No. CV-08-2677, 2008 WL 11338842, at *2 (C.D. Cal. June 12, 2008)

27   (relying on *Self v. General Motors Corp*., 588 F.2d 655, 657 (9th Cir. 1978)).

28
                                                      7

Defendants appear to argue that the voluntary-involuntary rule applies *only* to cases involving "(i) removal under the "mass action" provisions of CAFA or (ii) when diversity jurisdiction arose due to the dismissal of a defendant on the merits."   Defs' Opp. at 19. However, none of the cases cited by Plaintiffs or Defendants confine the rule's application only to these narrow situations.  *Id.* at 19-23.  In fact, in *Self*, cited by Defendants, the Ninth Circuit explained that a non-removable case becomes removable in one of two situations – not the two categories Defendants claim – both of which require a voluntary act by plaintiff:

> It is also settled that a case, arising under the laws of the United States, nonremovable on the complaint when commenced, cannot be converted into a removable one by evidence of the defendant or by an order of the court upon any issue tried upon the merits, but *that such conversion can only be accomplished by the voluntary amendment of his pleadings by the plaintiff or, where the case is not removable because of joinder of defendants, by the voluntary dismissal or nonsuit by him of a party or of parties defendant.*

> The obvious principle of these decisions is that, in the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case, arising under a law of the United States, when it is commenced, and *that this power to determine the removability of his case continues with the plaintiff throughout the litigation*, so that whether such a case non-removable when commenced shall afterwards become removable depends not upon what the defendant may allege or prove or what the court may, after hearing upon the merits, In invitum, order, but *solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion*.

588 F.2d at 657-58.

Further, citing *Self*, Defendants acknowledge that the voluntary-involuntary rule stems from the "familiar 'well-pleaded complaint rule' from *Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149 (1908), applied in the context of removal, which requires that "when assessing if an action is removable based on diversity, the court looks only to the 'plaintiff's complaint and the context in which it is found.'"  Defs.' Opp. at 21.  Plaintiffs agree.  Here, Plaintiff *Greenwald* chose to bring only claims under the Securities Act in his complaint, which

1  renders the *Greenwald* Action non-removable without a "voluntary act" giving rise to CAFA

2  jurisdiction.[5]

3          Alternatively, Defendants argue that even if the voluntary act rule applied, the stipulation

4  in the State Law Action preceding the First Consolidation Order was a "voluntary" act by

5  Plaintiffs.  However, Plaintiff Greenwald, the **only** named plaintiff in the *Greenwald* Action was

6  **not a party** to the August 22, 2018 stipulation that is the predicate for the First Consolidation

7  Order, and any awareness of the stipulation after the stipulation and First Consolidation Order

8  were so ordered cannot change that fact.  *See* Defs' Rem., Ex. E.  Thus, it is undeniable that

9  Defendants can point to no "voluntary act" by Greenwald that would subject the *Greenwald*

10  Action to CAFA jurisdiction, and so removal was improper.

11          **D.      Whether Consolidation Was Appropriate Is Irrelevant But, in Any**
                      **Event, Consolidation Would Be Highly Prejudicial to the *Greenwald***
12                    **Action Class**

13          In light of the three conclusive legal arguments asserted by Plaintiff Greenwald in the

14  preceding sections, any consideration of whether consolidation was appropriate is irrelevant

15

16  [5]       The cases cited by Defendants are inapposite or no longer good law.  In *Thompson v.*
    *Target Corp., No.* EDCV1600839JGBMRWX, 2016 WL 4119937, at *8 n. 7 (C.D. Cal. Aug. 2,
17  2016), the Court found that "Plaintiff's invocation of the voluntary-involuntary rule is meritless
    because her class claims became removable as a result of her own voluntary action" by
18  voluntarily adding claims so that potential damages "exceeded the $5 million threshold for
    CAFA jurisdiction."  In *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 399 F.
19  Supp. 2d 340, 355 (S.D.N.Y. 2005), the court, applying Maryland state law, relied on the fact
    that, after the cases had been consolidated, "[t]he Judge went so far as to deny plaintiffs' request
20  to issue a new order stating that the cases were not consolidated as a single action," which
    Plaintiffs were unable to do here due to Defendants' immediate second removal, despite
21  Plaintiffs' communication to counsel for Defendants that they believed the consolidation was in
    error and planned to move for deconsolidation.  *Tonyco, Inc. v. Equity Mktg., Inc.*, No. 99-74995,
22  2000 WL 654957, at *3 (E.D. Mich. Apr. 25, 2000) stands only for the proposition that removal
    is appropriate when cases properly consolidated in state court meet federal jurisdictional
23  requirements and did not address the propriety of consolidation or the voluntary-involuntary rule.
    In *Barker v. Hartford Fire Ins. Co.*, 100 F. Supp. 1022, 1023 (E.D. Ky. 1951), the court
24  consolidated the cases "to save the plaintiff's causes of action" because otherwise two of the
    actions would have been dismissed under Kentucky law.  Finally, *Self*, 588 F.2d at 658 n. 4,
25  which Defendants also rely on, stated that another case and "Parkhill Produce, both decided by
    district courts in [the Fifth Circuit], are effectively overruled."  The more recent Ninth Circuit
26  decision in *Self* likewise renders the decisions in *Bley v. Travelers Ins. Co.*, 27 F. Supp. 351
    (S.D. Ala. 1939) and *Nat'l Union Fire Ins. Co. v. Chesapeake & O. Ry. Co.*, 4 F. Supp. 25 (E.D.
27  Ky. 1933) inapplicable here.

28

PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION TO REMAND
CASE NO. 4:18-CV-06753-PJH

1   given the plain terms of the First Consolidation Order and the applicability of the voluntary-

2   involuntary rule.  For those reasons alone, remand is required.  The fact that Defendants spend

3   much of their brief discussing the propriety of consolidation is a red herring.  Defs' Opp. at 4, 7-

4   8, 9-19.  Without a solid legal footing, Defendants resort to a repetitive diatribe regarding the

5   appropriateness of consolidation, despite claiming to agree that this Court cannot consider

6   "whether it was proper for the state court to consolidate the actions."  Defs' Opp. at 2, 9.

7        Nonetheless, after remand, Plaintiff Greenwald will argue to the San Mateo Superior

8   Court that consolidation was improper and highly prejudicial in this case because it deprives

9   Plaintiff Greenwald of his right to assert federal law claims on behalf of a global class.  Courts

10  agree that consolidation is not appropriate when it will cause prejudice to a party.  *See, e.g.,*

11  *Figueroa v. DiNitto*, No. Civ.A. 03-186 ML, 2003 WL 23142193, at *3 (D.R.I. Dec. 15, 2003)

12  (relying on *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990)) ("[T]he discretion to

13  consolidate is not unfettered. . . Accordingly, despite possible common questions of law or fact,

14  '[w]here confusion and prejudice will result, it is inappropriate for a court to order

15  consolidation.'"); *see also Gonzalez-Quiles v. Cooperativa De Ahorro y Credito De Isabela*, 250

16  F.R.D. 91, 92 (D.P.R. 2007) (noting that consolidation "is inappropriate if it will cause prejudice

17  to a party").

18       Here, consolidation would prejudice Plaintiffs by depriving them of their choice of both

19  legal claims and legal strategy.   Consolidation would also subject Plaintiffs to CAFA

20  jurisdiction, divesting them of their choice of forum as well.  This is inconsistent with the "well-

21  established rule that plaintiffs, as masters of their complaint, may choose their forum by selecting

22  state over federal court."  *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 953 (9th Cir. 2009).  Plaintiff

23  Greenwald chose to assert **only** federal law claims under the Securities Act on behalf of a global

24  class.  Plaintiffs Zakinov and Oconor chose to assert **only** state law claims on behalf of a class of

25  California citizens.  Consolidation would force Plaintiffs to litigate claims they did not choose to

26  bring in a forum they did not choose.  More specifically, consolidation would make Zakinov and

27  Oconer lead plaintiffs in the State Law Action, resulting in no recovery for Plaintiff Greenwald,

28

a London citizen, or the remainder of the Greenwald class.  Depriving the *Greenwald* Class from the ability to bring federal law claims and recover on behalf of the global class is the definition of prejudice.  *See, e.g.,* 8 James Wm. Moore *et al.*, *Moore's Federal Practice* ¶42.10(5)(d)(i) (3d ed. 2011) ("Consolidation is inappropriate when it will adversely affect the rights of the parties."); *Liberty Media Corp. v. Vivendi Universal, S.A.*, 842 F. Supp. 2d 587, 593 (S.D.N.Y. 2012) (vacating consolidation where plaintiff would suffer prejudice, including the inability to bring certain claims).

Relatedly, Defendants effectively concede that Zakinov and Oconer disclaimed any interest in asserting Plaintiff Greenwald's claims when "Plaintiffs knew of the existence of *Greenwald* and proposed the Stipulation," to which Plaintiff Greenwald was not a party and which resulted in the Consolidated Complaint in the State Law Action superseding the complaint in the *Greenwald* Action.  Defs' Opp. at 5.   Zakinov and Oconer further demonstrated their disinterest in asserting the claims of the *Greenwald* Action class by choosing not to include a global class or assert claims under the Securities Act in the Consolidated Complaint in the State Law Action.  *See, e.g., Wai Feng Trading Co. Ltd. v. Quick Fitting, Inc.*, C.A. No. 13-033 S, 2014 WL 4199174, *4 (D.R.I. Aug. 22, 2014) ("Consolidation is inappropriate when it denies a party its due process right to prosecute its own claims."); *In re Cent. Eur. Distrib. Corp. Sec. Litig.*, No. 11-6247 (JBS-KMW), 2012 WL 5465799, at *9-10 (D.N.J. Nov. 8, 2012) ("Consolidation is unwarranted when prejudice would result. [Lead plaintiffs] have indicated that they will not prosecute the Grodko action claims. The Court would prejudice [the] Grodko [plaintiffs] by subjecting them to a lead plaintiff that would neglect their claims. . . It seems clear, therefore, that the Court must ensure that all claims receive sufficient attention from representatives with interest in prosecuting them.").[6]

---

[6]     In addition, the Securities Act claims in the *Greenwald* Action are typically easier to prove than the claims raised in the State Law Action.  For example, "[a] *prima facie* case under §11 is straightforward, requiring only a showing of a material misrepresentation or omission from a defendant's registration statement."  *In re Constar Int'l Inc. Sec. Litig.*, 585 F.3d 774, 782 (3d Cir. 2009) (emphasis in original).

11

1    Moreover, consolidation is inappropriate where, as here, the cases involve different

2    parties asserting different claims. *Figueroa*, 2003 WL 23142193, at *3 (consolidation

3    inappropriate due to addition of new claims, allegations, and defendants). As stated above, the

4    *Greenwald* Action asserts **only** federal claims under the Securities Act. The State Law Action

5    asserts **only** state law claims under the California Corporations Code. In addition, the following

6    *Greenwald* defendants are not named as defendants in the State Law Action: Christian Larsen,

7    Ron Will, Antoinette O'Gorman, Eric Van Miltenburg, Susan Athey, Zoe Cruz, Ken Kurson,

8    Ben Lawski, Anja Manuel, and Takashi Okita. *See* Defs' Rem., Ex. B, ¶¶18-27. Here, the

9    "sufficiently different issues of law" and "differences relating to the parties" would lead to

10   "judicial diseconomies" making consolidation inappropriate. *Denevi v. LGCC*, 121 Cal. App.

11   4th 1211, 1216 (2004).[7]

12   Last, Defendants fail to explain their gamesmanship in filing a second Notice of Removal

13   on November 7, 2018, when previously on that **same day**: (i) counsel for Plaintiffs in the State

14   Law Action and the *Greenwald* Action participated in a conference call with Defendants where

15   counsel for Plaintiffs pointed out that consolidation had likely been inadvertent and requested

16   that Defendants not remove this action until the issue could be raised with Judge Dubois, and (ii)

17   counsel in the *Greenwald* Action notified Defendants of Greenwald's intent to move to

18   deconsolidate and asked Defendants to consent. Defendants' second removal of this action has

19   wasted resources and prevented this action from moving forward in conjunction with the related

20   State Law Action in San Mateo Superior Court.

21   The Court should promptly grant Plaintiff's motion to remand so that he can proceed in

22   coordination with the related State Law Action.

23

24

---

25   [7]   Despite Defendants' arguments to the contrary, Plaintiff Greenwald's arguments in the
26   prior motion to remand are consistent with his position here. Defs' Opp. at 11-12. Greenwald
     has never disputed that the cases are related and should be coordinated, but does oppose – and
27   would have filed an opposition to, as he indicated to counsel for Defendants – consolidation.

28

III.     CONCLUSION

Based on the foregoing and for the reasons stated in Plaintiff's initial brief, Plaintiff Greenwald respectfully requests that the Court remand this action to the Superior Court of the State of California, County of San Mateo.

DATED:  January 25, 2019

Respectfully submitted,

SCOTT+SCOTT ATTORNEYS AT LAW LLP

s/ John T. Jasnoch

JOHN T. JASNOCH
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com

− and −
Thomas L. Laughlin, IV
Rhiana L. Swartz
Lauren M. McCabe
SCOTT+SCOTT ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com
lmccabe@scott-scott.com

*Attorneys for Plaintiff Avner Greenwald*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ John T. Jasnoch
JOHN T. JASNOCH

14

PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION TO REMAND
CASE NO. 4:18-CV-06753-PJH