1  ROBBINS ARROYO LLP
   BRIAN J. ROBBINS (190264)
2  STEPHEN J. ODDO (174828)
   ERIC M. CARRINO (310765)
3  5040 Shoreham Place
4  San Diego, CA 92122
   Telephone: (619) 525-3990
5  Facsimile: (619) 525-3991
   E-mail: brobbins@robbinsarroyo.com
6  soddo@robbinsarroyo.com
7  ecarrino@robbinsarroyo.com

8  ROBBINS GELLER RUDMAN
      & DOWD LLP
9  BRIAN O. O'MARA (229737)
   655 West Broadway, Suite 1900
10 San Diego, CA 92101
   Telephone: (619) 231-1058
11 Facsimile: (619) 231-7423
12 E-mail: bomara@rgrdlaw.com

13 Co-Lead Counsel for Plaintiffs

14 [Additional counsel appear on signature page]

15                UNITED STATES DISTRICT COURT

16               NORTHERN DISTRICT OF CALIFORNIA

17                        OAKLAND DIVISION

18

19 In re RIPPLE LABS INC. LITIGATION      )   Case No. 4:18-cv-06753-PJH
                                          )   <u>CLASS ACTION</u>
20 _____)
                                          )
   This Document Relates To:             )   REPLY MEMORANDUM IN FURTHER
21                                        )   SUPPORT OF PLAINTIFFS' MOTION TO
          ALL ACTIONS.                    )   REMAND
22                                        )
                                          )   DATE:    February 13, 2019
23                                        )   TIME:    9:00 a.m.
                                          )   CTRM:    3, 3rd Floor
24                                        )   JUDGE:   Hon. Phyllis J. Hamilton
                                          )
25 _____)

26

27

28

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

I.       INTRODUCTION AND STATEMENT OF THE ISSUES ........................................... 1

II.      REMOVAL WAS IMPROPER AND THE COURT SHOULD GRANT
         REMAND ............................................................................................................................ 2

         A.      The Second Consolidation Order Did Not Render the Actions Removable .......... 2

         B.      Defendants' Suggestion That the Court May Ignore the Propriety of the
                 Underlying Consolidation Is Misplaced .............................................................. 4

         C.      Defendants' Other Attempts to Support the Propriety of the Second
                 Consolidation Order Also Must Fail .................................................................... 4

         D.      The Second Consolidation Order Could Not Have Completely
                 Consolidated *Greenwald* and *In re Ripple Labs* for All Purposes ........................ 8

III.     REMOVAL WAS NOT THE RESULT OF A "VOLUNTARY ACT" OF
         PLAINTIFFS ...................................................................................................................... 10

IV.      CAFA DEMANDS THAT IN RE RIPPLE LABS BE REMAND ................................... 12

         A.      Removal of *In re Ripple Labs* was Improper Under CAFA's Local
                 Controversy Exception ...................................................................................... 12

         B.      CAFA's Securities Exception Also Applies........................................................ 13

V.       THE COURT SHOULD AWARD PLAINTIFFS ATTORNEYS' FEES AND
         COSTS ............................................................................................................................... 13

1

## <u>TABLE OF AUTHORITIES</u>

2

**CASES**                                                                                                    **PAGE(S)**

3

*Aronson v. McKesson HBOC, Inc.*,

4
        79 F. Supp. 2d 1146 (N.D. Cal. 1999) ......................................................................... 7

5

*Benko v. Quality Loan Serv. Corp.*,
        789 F.3d 1111 (9th Cir. 2015) ................................................................................... 12

6

*Bridewell-Sledge v. Blue Cross of California*,

7
        798 F.3d 923 (9th Cir. 2015) ................................................................................ 9, 10

8

*California State Univ., Fresno Assn., Inc. v. Cty. of Fresno*,

9
        9 Cal. App. 5th 250, 255 (2017) .................................................................................. 5

10

*Castro v. Providian Nat. Bank*,
        No. C-00-4256 VRW, 2000 WL 1929366 (N.D. Cal. Dec. 29, 2000) ......................... 14

11

*City of Oakland v. Abend*,

12
        No. C 07 2142 EMC, 2007 WL 2023506 (N.D. Cal. July 12, 2007) ......................... 4, 9

13

*Goodman v. Wells Fargo Bank, N.A.*,
        No. cv 14-3171-JFN, 2014 U.S. Dist. LEXIS 195970 (C.D. Cal. July 1,

14
        2014) ............................................................................................................................ 2

15

*Hamilton v. Asbestos Corp., LTD.*,

16
        22 Cal. 4th 1127 (2000)............................................................................................ 8, 9

17

*Heritage Pac. Fin., LLC v. Monroy*,
        215 Cal. App. 4th 972 (2013) ...................................................................................... 5

18

*In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*,

19
        258 F.R.D. 260 (S.D.N.Y. 2009) ................................................................................ 8

20

*In re Bear Stearns Cos. Sec., Derivative, and ERISA Litig.*,

21
        08 M.D.L. No. 1963 (RWS), 2008 U.S. Dist. LEXIS 106327 (S.D.N.Y.
        Jan. 5, 2009).............................................................................................................. 8

22

*In re Diebold Sec. Litig.*,

23
        No. 5:05CV2873, 2006 WL 3023033 (N.D. Ohio Oct. 23, 2006) ................................ 8

24

*In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*,

25
        399 F. Supp. 2d 340 (S.D.N.Y. 2005)......................................................................... 4

26

*Martin v. Franklin Capital Corp.*,
        546 U.S. 132 .............................................................................................................. 13

27

*Miller v. Ventro Corp.*,

28
        No. 01-CV-1287, 2001 WL 34497752 (N.D. Cal. Nov. 28, 2001) ............................... 7

*People of State of Cal. By & Through Lungren v. Keating*,
    986 F.2d 346 (9th Cir. 1993) ...................................................................... 10

*Rochester Laborers Pension Fund v. Monsanto Co.*,
    No. 4:10cv1380CDP, 2010 U.S. Dist. LEXIS 101869 (E.D. Mo. Sept. 28,
    2010) ............................................................................................................ 8

*Rubin v. Reinhard*,
    No. 08CV1820-WQH-JMA, 2009 WL 862241 (S.D. Cal. Mar. 25, 2009) .................... 13

*Sanchez v. Aviva Life & Annuity Co.*,
    No. CV S-09-1454 FCD/DAD, 2009 WL 10694222 (E.D. Cal. July 16,
    2009) .......................................................................................................... 12

*Self v. Gen. Motors Corp.*,
    588 F.2d 655 (9th Cir. 1978) .................................................................... 10

*Smith v. Abbott Labs., Inc.*,
    No. CV 16-501 (RJL), 2017 WL 3670194 (D.D.C. Mar. 31, 2017) ................................ 2

*Sutter Health Uninsured Pricing Cases*,
    171 Cal. App. 4th 495 (2009) .................................................................... 5

*Teuma v. Marvin Lumber & Cedar Corp.*,
    2019 WL 118596 (N.D. Cal. Jan. 7, 2019) .................................................. 14

*Thompson v. Target Corp.*,
    No. EDC1600839JGBMRWX, 2016 WL 4119937 (C.D. Cal. Aug. 2,
    2016) .......................................................................................................... 11

*Unifoil Corp. v. Se. Pers. Leasing, Inc.*,
    No. CV 18-18, 2018 WL 4676044 (D.N.J. Sept. 28, 2018) ............................ 4

*Wyatt v. Lehman Bros. Bank, FSB*,
    No. CV1409824PSGPLAX, 2015 WL 4397938 (C.D. Cal. July 16, 2015) .................... 2

**STATUTES, RULES & OTHER AUTHORITIES**

15 U.S.C.
    §77z-1(a)(3) .............................................................................................. 8
    §77z-1(a)(5) .............................................................................................. 8
    §77z-1(b)(3)(B) ......................................................................................... 8

28 U.S.C.
    §1332(d)(4)(A)(i) ..................................................................................... 12
    §1332(d)(4)(A)(ii) .................................................................................... 12
    §1332(d)(9)(c) .......................................................................................... 13
    §1447(c) ................................................................................................... 14

California Rules of Court

        Rule 3.350.........................................................................................................5
        Rule 3.767(a)(4)................................................................................................6

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND STATEMENT OF THE ISSUES

Defendants have opposed remand based on unsupported arguments that only further demonstrate that this action should be remanded to state court.[1]  First, Defendants disregard the unambiguous language of the First Consolidation Order which specifically provides that "the Consolidated Complaint shall be the operative complaint and ***shall supersede all complaints filed in any of the actions consolidated herein***."[2]  ECF No. 2-1, Ex. E, ¶8.  Pursuant to this clear instruction, the complaint to be analyzed when considering remand must be the Operative State Law Complaint,[3] which Defendants have both expressly and implicitly admitted is not removable.  Any subsequent complaints consolidated after filing or after remand—such as the *Greenwald* complaint—are superseded and cannot form the basis for removal.  As such, Defendants' argument that Judge Richard DuBois' October 31, 2018 Second Consolidation Order effectively "merged" the separate complaints filed in *Greenwald* and *In re Ripple Labs* is unavailing.  ECF No. 2-1, Ex. F.

Equally unpersuasive are Defendants' efforts to explain the validity of the Second Consolidation Order.  Defendants rely on inapposite authority and make several mischaracterizations of the state court record to defend the Second Consolidation Order.  That order was entered, however, even though no party moved or otherwise stipulated to the consolidation of *Greenwald*, which alleges claims arising under the federal securities laws on behalf of a world-wide class of purchasers, with *In re Ripple Labs*, which alleges only state law claims arising under California law on behalf of a California-only class.  *See, e.g.*, Motion at 4.  And neither the language of the Second Consolidation Order nor the state court record support Defendants' assertion that the *In re Ripple*

---

[1] "Opposition" or "Opp." refers to Defendants' Omnibus Memorandum of Points and Authorities in Opposition to Plaintiff Avner Greenwald's and Vladi Zakinov's and David Oconer's Motions to Remand filed on December 28, 2018 (ECF No. 21).

[2] Unless otherwise defined, all capitalized terms herein shall have the same meaning as set forth in Plaintiffs Zakinov and Oconer's Notice of Motion and Motion to Remand; Memorandum of Points and Authorities in Support Thereof ("Motion") filed on December 7, 2018 (ECF No. 18).

[3] The Operative State Law Complaint refers to the Consolidated Complaint for Violations of California Law filed on October 15, 2018 in *In re Ripple Labs*, which asserts only California state law claims on behalf of a California-only Class.  ECF No. 2-1, Ex. A.

1   *Labs* and *Greenwald* actions were consolidated for all purposes.  *Compare, e.g.*, ECF No. 2-1, Ex. F
2   *with* Opp. at 11-16.

3          Defendants' additional claim that a reading of the allegations in the separate *Greenwald* and
4   *In re Ripple Labs* complaints obviates the need to comply with the "voluntary-involuntary" rule also
5   fails.  (Opp. at 23).  Indeed, it is settled that "the 'voluntary-involuntary' rule followed by the Ninth
6   Circuit requires that a suit remain in state court unless a 'voluntary' act of the plaintiff, such as the
7   voluntary amendment of the pleadings, brings about a change that renders the case removable." *See,*
8   *e.g.*, *Goodman v. Wells Fargo Bank, N.A.*, No. cv 14-3171-JFN (RZx), 2014 U.S. Dist. LEXIS
9   195970, at *5 (C.D. Cal. July 1, 2014); *also* Motion at 8-10.

10          At the end of the day, Defendants are asking this Court to believe that two actions that they
11   acknowledge individually are not removable became removable due to an ambiguous and
12   inadvertent consolidation order.  Their arguments must fail.  For the reasons set forth herein, as well
13   as those outlined in the Motion, the Actions should be remanded.  *Smith v. Abbott Labs., Inc.*, No.
14   CV 16-501 (RJL), 2017 WL 3670194, at *1 (D.D.C. Mar. 31, 2017) ("remand is necessary whenever
15   there is an ambiguity or doubt about the existence of federal jurisdiction;" *Wyatt v. Lehman Bros.*
16   *Bank, FSB*, No. CV1409824PSGPLAX, 2015 WL 4397938, at *2 (C.D. Cal. July 16, 2015) ("If
17   there is any ambiguity as to the propriety of removal, federal jurisdiction must be rejected.").

18   **II.     REMOVAL WAS IMPROPER AND THE COURT SHOULD GRANT REMAND**

19          **A.     The Second Consolidation Order Did Not Render the Actions Removable**

20          Defendants' removal is based entirely on the incorrect premise that the Second Consolidation
21   Order "merged" the *Greenwald* and *In re Ripple Labs* complaints.  Opp. at 16-19.  This argument
22   completely disregards the purpose and effect of Judge DuBois' First Consolidation Order which,
23   provides:

24          Plaintiffs shall either designate a complaint as operative or file a Consolidated
           Complaint ("Consolidated Complaint") within 45 days after entry of this order,
25          unless otherwise agreed upon by the parties.  If filed, ***the Consolidated Complaint***
           ***shall be the operative complaint and shall supersede all complaints filed in any of***
26          ***the actions consolidated herein.***

27   ECF No. 2-1, Ex. E, ¶8.
28

1    Consistent with the First Consolidation Order, Plaintiffs filed the Operative State Law
2    Complaint October 15, 2018 asserting only California state law claims on behalf of a California-only
3    Class.  ECF No. 2-1, Ex. A.  Since its filing, the Operative State Law Complaint has been at all
4    times, and remains the only operative complaint in this action.  Accordingly, even if *Greenwald* and
5    *In re Ripple Labs* had been merged, pursuant to the First Consolidation Order the Operative State
6    Law Complaint superseded the *Greenwald* complaint upon entry of the Second Consolidation Order.
7    *See* ECF No. 2-1, Ex. E, ¶8; *see also* Motion at 11-12.  Because the federal claims asserted in
8    *Greenwald* are not present in the Operative State Law Complaint, and only the non-removable state
9    law claims remain, removal was improper and remand is required.

10    Not surprisingly, Defendants attempt to downplay the significance of the First Consolidation
11    Order and argue that it "does not state that the Consolidated Complaint would supersede the
12    complaints in related actions that would be consolidated *in the future*" (Opp. at 19).  This
13    construction makes no sense, however, and the First Consolidation Order's mandate that the
14    "operative complaint ... shall supersede all complaints" (ECF No. 2-1, Ex. E, ¶8) would serve no
15    purpose if it were not intended to apply to **all** related cases subsequently consolidated into *In re
16    Ripple Labs*, including those filed or remanded in the future.

17    Defendants also argue that the Operative State Law Complaint did not supersede the
18    *Greenwald* complaint because the Second Consolidation Order "does not reference the Consolidated
19    Complaint" or make any reference to "the *Greenwald* Complaint" (Opp. at 19).  Although
20    Defendants are correct that the Second Consolidation Order does not specifically address this point,
21    Defendants fail to explain how this silence does anything other than underscore the ambiguity of the
22    Second Consolidation Order.   Indeed, the only plausible reading is that paragraph 8 of the First
23    Consolidation Order controls after consolidation.  ECF No. 2-1, Ex. E, ¶8 ("the Consolidated
24    Complaint shall be the operative complaint and shall supersede all complaints filed in any of the
25    actions consolidated herein.").

26
27
28

1    **B.    Defendants' Suggestion That the Court May Ignore the Propriety of the
2            Underlying Consolidation Is Misplaced**

3        Defendants implore the Court "[n]ot [t]o [c]onsider [t]he [p]ropriety [o]f [t]he [u]nderlying
4    [c]onsolidation" even though the Second Consolidation Order provides the entire basis for
5    Defendants' claimed removal jurisdiction.  Opp. at 9.  Yet, Defendants concede that neither
6    *Greenwald* nor *In re Ripple Labs* is independently removable and that this Court's jurisdiction under
7    CAFA is entirely predicated on Defendants' interpretation of both the validity and effect of the
8    Second Consolidation Order.  *Id.* at 6; 16-19.

9        To dissuade this Court from considering the propriety of the Second Consolidation Order,
10   Defendants rely entirely on an out-of-Circuit unpublished decision from the U.S. District Court for
11   the District New Jersey.  *See* Opp. at 9 (citing *Unifoil Corp. v. Se. Pers. Leasing, Inc.*, No. CV 18-
12   18, 2018 WL 4676044, at *2 (D.N.J. Sept. 28, 2018)).  Defendants' reliance on *Unifoil*, however, is
13   misplaced given that the *Unifoil* court *did* address the propriety of the state court consolidation at
14   issue in that case and, ultimately, remanded the case to state court after citing ambiguities  in the
15   order that could affect federal jurisdiction.  *See Unifoil*, 2018 WL 4676044, at *2 ("even if it is
16   ambiguous whether the Consolidation Order intended to consolidate the Coverage Action and the
17   Underlying Action for discovery purposes or for all purposes, ***that ambiguity must be resolved in***
18   ***favor of remand***").  Defendants' other authorities are in accord.  *See In re Methyl Tertiary Butyl*
19   *Ether ("MTBE") Prod. Liab. Litig.*, 399 F. Supp. 2d 340, 355 (S.D.N.Y. 2005) (analyzing state
20   court's consolidation order); *City of Oakland v. Abend*, No. C 07 2142 EMC, 2007 WL 2023506, at
21   *4 (N.D. Cal. July 12, 2007) (same).  This Court should decline Defendants' invitation to simply
22   ignore the Second Consolidation Order's procedural and factual defects because it provides the sole
23   basis for Defendants' removal petition.

24   **C.    Defendants' Other Attempts to Support the Propriety of the Second
25           Consolidation Order Also Must Fail**

26       Defendants advance numerous other arguments aimed at defending the validity and merits of
27   the Second Consolidation Order.  None are persuasive.  First, Defendants claim that the Second
28   Consolidation Order validly and properly consolidated *Greenwald* and *In re Ripple Labs* even

1    though no party ever stipulated that the actions should be consolidated, nor did any party file a notice

2    and motion to consolidate the actions, as required by both Rule 3.350 of the California Rules of

3    Court ("Rule 3.350") and paragraph 15 of the First Consolidation Order.  *See, e.g.*, *Sutter Health*

4    *Uninsured Pricing Cases*, 171 Cal. App. 4th 495, 514 (2009) ("Absent a stipulation to consolidate, a

5    noticed and written motion to consolidate is required."); ECF No. 2-1, Ex. E, First Consolidation

6    Order, ¶15 (requiring that in the event any case "which properly belongs as part of the *In re Ripple*

7    *Labs Inc. Litigation*, Lead Case No. 18-CIV-02845, is hereafter or has been filed in, remanded to, or

8    transferred to this Court, counsel for the parties shall call such filing ... to the attention of the clerk of

9    this Court *for purposes of moving this Court  for an order consolidating such case(s) with In re*

10   *Ripple Labs Inc. Litigation*, Lead Case No. 18-CIV- 02845.").

11          In an effort to sidestep the requirements of Rule 3.350 and the clear command of the Court's

12   First Consolidation Order, Defendants cite several cases they claim establish a state court's right to

13   consolidate actions *sua sponte*.  Opp. at 9-10; 15.  However, not a single case cited by Defendants

14   considered *sua sponte* consolidation in a factual or procedural context even remotely similar to that

15   presented here.  Indeed, the first two cases cited by Defendants involved the Court of Appeals

16   ordering consolidation *sua sponte* where judgements and awards of attorneys' fees were appealed

17   separately.  *California State Univ., Fresno Assn., Inc. v. Cty. of Fresno*, 9 Cal. App. 5th 250, 255

18   (2017) (ordering consolidation *sua sponte* of appeal from judgement and appeal of post judgement

19   order denying motion for attorneys' fees); *Heritage Pac. Fin., LLC v. Monroy*, 215 Cal. App. 4th

20   972, 980 (2013) (ordering consolidation *sua sponte* of appeal from adverse judgment and appeal of

21   award of attorneys' fees filed by same defendant).  And, the remaining cases Defendants cite involve

22   case management orders, and non-analogous to facts.  Opp. at 9-10.[4]

23

24   [4] *See Savadians v. Toledo, et al.*, Case No. HG09447714, Case Management Order (Alameda Super.
     Ct. Dec. 9, 2009) (one-page case management order) (attached as Ex. A, to the Declaration of
25   Stephen J. Oddo in Support of Reply Memorandum in Further Support of Plaintiffs' Motion to
     Remand ("Oddo Decl.")); *Bryant v. Matson Navigation Co., et al.*, Case No. RG07361995, Case
26   Management Order (Alameda Super. Ct. Nov. 6, 2008) (same) (Oddo Decl., Ex. B); *Taylor v. Belen*,
     Case No. HG06261686, Order Overruling Defendant's Demurrer and Consolidating Action
27   (Alameda Super. Ct. June 15, 2006) (case management order in quiet title action) (Oddo Decl., Ex.
     C); *Johnson v. Vowell, et al.*, Case No. CGC-03-421113, Order Denying Motion to Dismiss (San
28   Francisco Super. Ct. Nov. 24, 2003) (case management order directing consolidation *sua sponte* after
     inadvertent dismissal of initially filed case) ("This action was filed after the Court entered an order in

Similarly unavailing is Defendants' reliance on Rule 3.767(a)(4) of the California Rules of Court ("Rule 3.767(a)(4)"), which Defendants claim "expressly authorize[s]" state courts to "facilitate the management of class actions through consolidation" *See* Opp. at 10.  Defendants do not (and cannot) point to any language in the Second Consolidation Order that indicates or otherwise suggests that the order was entered by Judge DuBois pursuant to or in furtherance of this general statutory provision.[5]  Furthermore, Defendants fail to cite even a single case where Rule 3.767(a)(4) was utilized, much less utilized to consolidate *sua sponte* two or more class actions asserting different claims against different defendants on behalf of different putative classes.

Further, Defendants claim that their filing of a two-page "check-the-box" notice of related case (Oddo Decl., Ex. E) is the equivalent of a properly noticed motion to consolidate as required by Rule 3.350 and paragraph 15 of the First Consolidation Order is unsupported.  Opp. at 11.  As highlighted in Plaintiffs' Motion, the parties never were afforded the opportunity to (i) brief the issue of consolidation prior to entry of the Second Consolidation Order (which came less than a week after Defendants filed the notice of related case); or (ii) address with Judge DuBois whether the Second Consolidation Order was entered inadvertently.  Motion at 5; 8-10.  The Court should therefore reject Defendants' unsupported claim that their related case notice "serve[d] as a motion to consolidate" (Opp. at 11), and their supposition that "Judge DuBois decided the formality of a motion was unnecessary."[6]  *Id.*  Neither the language of the Second Consolidation Order nor the state court record provides ***any*** basis for these assertions.  To the contrary, the record in the state

---

Case Number 421113 ... that inadvertently dismissed the case with prejudice…. Accordingly, case number 421113 is not and should not have been dismissed and thus there was never a need to file case number 423566.) (*See* Oddo Decl., Ex. D.).

[5] Defendants' Opposition also improperly paraphrases Rule 3.767(a)(4). Opp. at 10.  In addition to consolidation, Rule 3.767(a)(4) also expressly authorizes state courts to manage class actions through other means, including severance, coordination, and bifurcation.  *See* Rule 3.767(a)(4) (authorizing courts to "[f]acilitate the management of class actions through consolidation, ***severance, coordination, bifurcation, intervention, or joinder***").  For this reason, Defendants are incorrect that "coordination is not available" here (Opp. at 3 n.2), as Rule 3767(a)(4) clearly vests in state courts the authority to facilitate class actions through coordination.

[6] Moreover, Defendants' claim that the notice of related case "serve[d] as a motion to consolidate" (Opp. at 11) runs contrary to their position that they took "no action" to trigger removal that would violate the "voluntary-involuntary rule"  *See infra* Section III.

1   court action, including the unambiguous language of the First Consolidation Order, demonstrates

2   that in the absence of a consolidation stipulation, the parties were required to file a notice and motion

3   in order to consolidate *Greenwald* with *In re Ripple Labs*.  *See* Motion at 5; 8-10.

4          Finally, Defendants' efforts to defend the "merits" of the Second Consolidation Order fare no

5   better.  Throughout their Opposition, Defendants attempt to "illustrat[e] the propriety" of the Second

6   Consolidation Order by ignoring the significant differences between *Greenwald* and the *In re Ripple*

7   *Labs*.  Opp. at 7; 11-14.  Although Defendants claim that "courts regularly consolidate" class actions

8   "even where there are some differences" between the classes, claims, and defendants (Opp. at 13),

9   none of the authority they rely on supports the premise that one or more class actions asserting

10  differing federal and state law claims against different defendants on behalf of different putative

11  classes are properly consolidated under state law.

12         For instance, *Miller v. Ventro Corp.* (Opp. at 13), addressed consolidation under Rule 42(a)

13  of the Federal Rules of Civil Procedure ("FRCP 42(a)"), not state law.  No. 01-CV-1287, 2001 WL

14  34497752, at *2 (N.D. Cal. Nov. 28, 2001).  Moreover, *Miller* involved a class of bondholders that

15  resisted consolidation with a class of shareholders even though both actions asserted fraud claims

16  under sections 10(b) and 20(a) of the Securities Act of 1934 (and were therefore both subject to the

17  additional pleading and procedural requirements of the Private Securities Litigation Reform Act

18  ("PSLRA")).  *Id.* at *4 (noting that "both the stockholder and bondholder actions make claims under

19  sections 10(b) and 20(a) of the Securities Act of 1934 and Rule 10b-5 thereunder").  In ordering

20  consolidation, Judge Armstrong determined that "there [existed] no significant prejudice to the

21  bondholder class" because all plaintiffs would still have to face the same exacting "standard even if

22  the actions were not consolidated."  *Miller*, 2001 WL 34497752, *5.[7]

23         Here, however, the putative class in *In re Ripple Labs*—unlike the class of bondholders in

24  *Miller*—would be significantly prejudiced by consolidation with *Greenwald*.  As set forth in

---

[7] Defendants' reliance on *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999) is also misplaced.  Opp. at 13.  In *Aronson*, the court addressed consolidation in the context of FRCP 42(a) and found that plaintiff's "objection to consolidating his common-law derivative suit" with class actions asserting federal claims "deserve[d] to be addressed separately."  79 F. Supp. 2d. at 1151 (finding that the issue of whether to consolidate state law claims "should be fully briefed by the parties before the court rules on consolidation").  *Id.* at 1152.

REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO REMAND            - 7 -

1   Plaintiffs' Motion, the Operative State Law Complaint does not allege claims arising under federal

2   securities laws and therefore is not governed by the PSLRA. *See* Motion at 16-17. If compelled to

3   proceed in this Court alongside *Greenwald*, the putative class in *In re Ripple Labs* will be subject to

4   the heightened requirements of the PSLRA, which govern each stage of *Greenwald*.[8] *Id.*

5   Accordingly, the Court should follow the reasoning of *Miller*, as well as the other cases cited in

6   Plaintiffs' Motion where courts have repeatedly declined to consolidate these different types of

7   actions.[9]

8           **D.      The Second Consolidation Order Could Not Have Completely Consolidated**
            ***Greenwald* and *In re Ripple Labs* for All Purposes**
9

10          In addition to defending its propriety, Defendants also contend that the Second Consolidation

11  Order consolidated *Greenwald* and *In re Ripple Labs* for all purposes.[10] Opp. at 15-19. In their

12  Opposition, however, they fail to identify any language from the Second Consolidation Order that

13  would suggest that Judge DuBois intended to consolidate the actions for all purposes. Instead,

14  Defendants' Opposition usurps the language of the First Consolidation Order which—unlike the

15  ────────────

16  [8] *See, e.g.*, 15 U.S.C. §77z-1(a)(3) (mandating the filing of a certification with federal securities class
    action complaints); 15 U.S.C. §77z-1(a)(5) (providing certain mandatory disclosure of settlement
17  terms to class members); 15 U.S.C. §77z-1(b)(3)(B) (requiring a stay of all discovery and other
    proceedings ... during the pendency of any motion to dismiss).
18

19  [9] *See* Motion at 16-15; *In re Bear Stearns Cos. Sec., Derivative, and ERISA Litig.*, 08 M.D.L. No.
    1963 (RWS), 2008 U.S. Dist. LEXIS 106327, at *18 (S.D.N.Y. Jan. 5, 2009) (denying defendants'
20  request to consolidate separate federal securities, state law derivative and ERISA actions into one
    consolidated action after recognizing the "overwhelming number of courts ... who have determined
21  that consolidation in this context is not appropriate"); *Rochester Laborers Pension Fund v. Monsanto
    Co.*, No. 4:10cv1380CDP, 2010 U.S. Dist. LEXIS 101869 (E.D. Mo. Sept. 28, 2010) (declining to
22  consolidate federal securities fraud action with other related non-PSLRA actions); *In re Bank of Am.
    Corp. Sec., Derivative, & ERISA Litig.*, 258 F.R.D. 260 (S.D.N.Y. 2009) (consolidating securities,
23  state law derivative and ERISA actions into three separate actions and appointing different lead
    plaintiffs and lead counsel in each of the separate actions); *In re Diebold Sec. Litig.*, No.
24  5:05CV2873, 2006 WL 3023033, at *2-*4 (N.D. Ohio Oct. 23, 2006) (consolidating five securities
    cases into one action, five ERISA cases into a separate second action, and two state law derivative
25  actions into a third separate action).

26  [10] Section 1048 of California Code of Civil Procedure authorizes two types of consolidation: "a
    consolidation for purposes of trial only, where the two actions remain otherwise separate; and a
27  complete consolidation or consolidation for all purposes, where the two actions are merged into a
    single proceeding under one case number and result in only one verdict or set of findings and one
28  judgment." *Hamilton v. Asbestos Corp., LTD.*, 22 Cal. 4th 1127, 1147 (2000).

1   Second Consolidation Order—expressly stated that *Zakinov* and *Oconer* were consolidated under *In*

2   *In re Ripple Labs* "for all purposes, including pre-trial and proceeding and the trial." *See* ECF No. 2-

3   1, Ex. E & Opp. at 15-16.   Although Defendants quote this language from the First Consolidation

4   Order, they do not addresses, much less adequately explain, why the Second Consolidated Order

5   omitted similar language, if as they claim, Judge DuBois intended to order a complete consolidation

6   of *Greenwald* and *In re Ripple Labs*.[11]

7          Moreover, the authority cited by Defendants also fails to demonstrate that the Second

8   Consolidation Order consolidated the actions for all purposes.  Opp. at 15.  Defendants rely

9   extensively on *Hamilton*, but in that case the same plaintiff moved to consolidate two related actions

10  that he filed against several asbestos producers.  The trial court in *Hamilton* expressly stated after

11  full briefing that upon entry of its consolidation order, "the two cases were consolidated ***for all***

12  ***purposes*** and an early trial date was ordered" (emphasis in original).  *See Hamilton*, 22 Cal. 4th at

13  1149.  The other authority Defendants rely on—*City of Oakland*—is similarly distinguishable.  *See*

14  2007 WL 2023506, at *4 ("Although the state court did not specify that only one judgment would be

15  rendered, ***it consolidated the two cases for all purposes*** (the [plaintiffs] asked in essence for

16  consolidation for all purposes by asking that discovery, pretrial motions, and trial be consolidated)").

17         Further, Defendants' claim that Judge DuBois could not have intended to limit consolidation

18  for purposes of trial because of the purportedly "extensive overlap" between *Greenwald* and *In re*

19  *Ripple Lab*s (*see* Opp. at 15-16) is contradicted by *Hamilton*.  In *Hamilton*, the court rejected the

20  identical argument that the trial court must have intended to order a complete consolidation because

21  the "actions 'involve[d] common questions of law and fact,'" and that "consolidation 'will avoid

22  unnecessary costs and delay,'" and instead found that "these grounds will support a consolidation ***of***

23  ***either type***."  *Hamilton*, 22 Cal. 4th at 1148 n.12.

24

25

---

26  [11] Defendants' assertions that "[n]othing [in the Second Consolidation Order] suggests an intent to
    limit the scope of the consolidation" (Opp. at 15) merely underscores that the language of the Second
27  Consolidation Order is vague and fails to resolve whether Judge DuBois intended to consolidate
    *Greenwald* and *In re Ripple Labs* at all, much less, whether he intended for any consolidation to be
28  for all purposes under C.C.P. §1048.

1    Finally, Defendants rely on *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 926

2    (9th Cir. 2015) to argue that "this Court should consider the *Greenwald* and *In re Ripple Labs*

3    actions as 'a single consolidated class action ... in determining whether there is jurisdiction under

4    CAFA." Opp. at 17-18. *Bridewell-Sledge*, however, is inapposite.  In *Bridewell-Sledge*, **plaintiffs**

5    filed a motion to consolidate two class actions that asserted overlapping state law causes of action

6    against the same defendants on behalf of identical classes and were filed minutes apart by counsel

7    who represented both sets of plaintiffs.  798 F.3d at 926.  After "the state court granted **[plaintiffs']**

8    motion for consolidation and ordered that the *Crowder* action and *Bridewell-Sledge* action be

9    'consolidated this date for all purposes' [and] ... further ordered that *Crowder* would be designated

10   the lead case, and that all future filings should be made in only that lead case," Defendants

11   nevertheless filed "two separate notices of removal – one for *Bridewell-Sledge* complaint and one for

12   the *Crowder* complaint."  *Id.*  On appeal, the Ninth Circuit determined that "under these

13   circumstances" it was appropriate to treat the cases "as a single consolidated class action that was

14   united originally, rather than as two separate class actions filed at different times."  *Id.* at 930.

15   Here, however, no party ever filed a motion to consolidate *Greenwald* and *In re Ripple Labs*,

16   and Judge DuBois' Second Consolidation Order did not state or otherwise indicate that the two

17   actions were consolidated "for all purposes."  *See* ECF No. 2-1, Ex. F.  Moreover, *Greenwald* and *In*

18   *re Ripple Labs*, unlike the two actions in *Bridewell-Sledge*, do not involve the same parties, do not

19   rely on identical class definitions, and do not assert overlapping state law causes of action.  *See*

20   Motion at 4-5; 15-17.  For these reasons, *Bridewell-Sledge* does not support Defendants' contention

21   that the separate *Greenwald* and *In re Ripple Labs* complaints should be viewed as a single

22   consolidated action.

23   **III.    REMOVAL WAS NOT THE RESULT OF A "VOLUNTARY ACT" OF PLAINTIFFS**

24   The Ninth Circuit's "voluntary-involuntary" rule provides that "only a voluntary act of the

25   plaintiff [can] bring about removal to federal court."  *Self v. Gen. Motors Corp.*, 588 F.2d 655, 658

26   (9th Cir. 1978); *People of State of Cal. By & Through Lungren v. Keating*, 986 F.2d 346, 348 (9th

27   Cir. 1993) ("Since a voluntary act by the plaintiff has not rendered the case removable, it must

28   remain in state court").  Acknowledging the validity of this doctrine (*see* Opp. at 21), Defendants

1  nonetheless claim that removal here did not run afoul of the "voluntary-involuntary" rule.

2  Defendants' arguments are without merit.

3  First, Defendants assert that because removal is based on the "allegations in the well-pleaded

4  *Greenwald* and *Ripple Labs* complaints "it does not violate the "voluntary-involuntary" rule. Opp. at

5  23. This argument is a red-herring as it ignores that the only basis for comparing the allegations of

6  the *In re Ripple Labs* and *Greenwald* complaints together is the Second Consolidation Order which,

7  as explained throughout (*see supra* Section I. B-D; *see also* Motion at 8-10), was entered without

8  any party stipulating or moving to consolidate *Greenwald* with *In re Ripple Labs*. Moreover,

9  Defendants' contention also ignores that if valid, entry of the Second Consolidation Order caused the

10  Operative State Law Complaint to supersede the *Greenwald* complaint and nullify its federal claims.

11  *See supra* IA.; *see also* Motion at 11-12.

12  Second, Defendants' claim that no "action by defendants[] forms the basis of jurisdiction"

13  (Opp. at 23) is contradicted by Defendants' assertion that *their* decision to file a notice of related case

14  satisfied the motion requirement of the First Consolidation Order and purportedly triggered Judge

15  DuBois to enter the Second Consolidation Order. Opp. at 11; 23-24.

16  Finally, Defendants are simply incorrect that the Second Consolidation Order is traceable to a

17  voluntary act by plaintiffs. Opp. at 23. Although Defendants assert that "Plaintiffs voluntarily

18  agreed to the Stipulation [that later would become the First Consolidation Order]" (*id.*), they ignore

19  that the *Greenwald* plaintiff and ten additional defendants named therein were not parties to that

20  Stipulation.[12] In any event, even if the additional *Greenwald* parties were parties to the Stipulation

21  (they were not), Defendants disregard that the Second Consolidation Order was entered *despite* the

22  clear language of the First Consolidation Order, which clearly required that the parties "mov[e] the

23  Court for an order consolidating" any cases with *In re Ripple Labs*. (ECF No. 2-1, Ex. E, ¶15).

24

25

26

27  [12] Perhaps not surprisingly Defendants fail to cite any authority suggesting that a decision by some

28  plaintiffs to agree to a stipulation to a consolidation is sufficient to both bind all parties to that stipulation and satisfy the "voluntary-involuntary rule."

1  Because Defendants have not (and cannot) show that this action became removable as a result of a

2  voluntary act by plaintiffs in *In re Ripple Labs* and *Greenwald* it must be remanded.[13]

3  **IV.    CAFA DEMANDS THAT IN RE RIPPLE LABS BE REMAND**

4         **A.    Removal of *In re Ripple Labs* was Improper Under CAFA's Local Controversy**

5                **Exception**

6         Federal courts are required to decline jurisdiction under CAFA when actions removed from

7  state court satisfy the requirements of the "local controversy exception" to the statute.  *Benko v.*

8  *Quality Loan Serv. Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015).  This exception applies, where ever:

9  "(1) greater than two-thirds of the members of the putative class are citizens of the state in which the

10 action was filed; (2) at least one defendant is a defendant from whom members of the class seek

11 significant relief, whose alleged conduct forms a significant basis of the asserted claims, and who is

12 a citizen of the original filing state; (3) the principal injuries were incurred in the original filing state;

13 (4) no other class action asserting similar factual allegations has been filed against any of the

14 defendants during the previous three years." *Sanchez v. Aviva Life & Annuity Co.*, No. CV S-09-

15 1454 FCD/DAD, 2009 WL 10694222, at *2 (E.D. Cal. July 16, 2009); 28 U.S.C. §1332(d)(4)(A)(i);

16 28 U.S.C. §1332(d)(4)(A)(ii).

17        CAFA's "local controversy" exception applies here because: (i) the named plaintiffs in the

18 Operative State Law Complaint are California citizens and the Operative State Law Complaint

19 asserts state law causes of action on behalf of a class consisting solely of California citizens; (ii) the

20 Operative State Law Complaint seeks significant relief in the form of damages stemming from the

21 wrongful conduct of defendants Ripple, XRP II, and Garlinghouse who have their principal places of

22 business in California and/or are citizens of California; and (iii) the Operative State Law Complaint

23 demonstrates that the principal injuries were incurred in California by citizens of California.  Motion

24 at 13-14.

25

26 _____

[13] For this reason, Defendants reliance on *Thompson v. Target Corp.* is misplaced.  In *Thompson*, the
27 court found that the class claims became removable as a result of plaintiff's voluntarily decision to
   seek damages on behalf of a larger class, thereby triggering "the $5 million threshold for CAFA
28 jurisdiction."  No. EDC1600839JGBMRWX, 2016 WL 4119937, at *8 (C.D. Cal. Aug. 2, 2016).

1    Defendants do not contest that the "local controversy" exception applies to the Operative

2  State Law Complaint in *In re Ripple Labs*.   Rather, Defendants' sole contention is that the

3  requirements of CAFA's "local controversy" exception are "not met" when "[l]ooking to ***both*** the

4  *Ripple Labs* and *Greenwald* complaints."  Opp. at 24.  But, as described *supra* Section I.A., and as

5  fully set forth in Plaintiffs' Motion, the Second Consolidation Order (even if found to be valid) did

6  not operate to merge the *Greenwald* and *In re Ripple Labs* complaints.  Rather, as stated in the First

7  Consolidation Order, the Operative State Law Complaint would have superseded the *Greenwald*

8  complaint upon consolidation.  For these reasons, Defendants' attempt to avoid CAFA's "local

9  controversy" by pointing to the separate *Greenwald* and *In re Ripple Labs* complaints fails.  The

10  Court should grant remand.

11    **B.    CAFA's Securities Exception Also Applies**

12    Defendants' claim that CAFA's securities exception does not bar removal here because

13  "Plaintiffs' claims arise from their … purchases of XRP."  Opp. at 25.  Not true.  The Operative State

14  Law Complaint relates directly to the rights, duties, and obligations relating to the XRP securities

15  offered and sold by Defendants, including the various representations made by Defendants to the

16  putative Class regarding their rights as holders of XRP.  *E.g.*, ECF No. 2-1, Ex. A, ¶¶43, 55, 95.

17  Accordingly, 28 U.S.C. §1332(d)(9)(c) provides yet another basis for remand.  *See* 28 U.S.C.

18  §1332(d)(9)(c) (baring removal of any actions "that relates to the *rights*, *duties* (including fiduciary

19  duties), and *obligation* relating to or created by or pursuant to any security.").

20  **V.    THE COURT SHOULD AWARD PLAINTIFFS ATTORNEYS' FEES AND COSTS**

21    Despite being under no time exigency, Defendants jumped the gun to remove this action

22  despite the suggestion of plaintiffs' counsel in *In re Ripple Labs* and *Greenwald* to contact the state

23  court to clarify the intent and scope of the Second Consolidation Order.  *See* Motion at 6; 18.

24  Instead, they removed *In re Ripple Labs* and *Greenwald*—two admittedly non-removable actions—

25  solely on the basis of the ambiguous Second Consolidation Order, which directly contradicted the

26  First Consolidation Order.

27    Defendants could have joined plaintiffs' counsel in contacting the state court, but declined to

28  do so.  *Id.*  They also could have waited mere days for the previously scheduled Case Management

1   Conference set for November 16, 2018, but likewise declined to do so.  *Id.*  Such reckless conduct

2   represents a waste of court and party resources that should be countenanced.

3         Although Defendants assert otherwise (*see* Opp. at 25), the foregoing clearly demonstrates

4   that Defendants lacked an objectively reasonable basis for removal.  *Rubin v. Reinhard*, No.

5   08CV1820-WQH-JMA, 2009 WL 862241, at *6 (S.D. Cal. Mar. 25, 2009) ("The standard for

6   awarding fees under 28 U.S.C. §1447(c) turns on the reasonableness of the removal.") (citing *Martin*

7   *v. Franklin Capital Corp.*, 546 U.S. 132, 141(2005); *see also Teuma v. Marvin Lumber & Cedar*

8   *Corp.*, 2019 WL 118596, at *6 (N.D. Cal. Jan. 7, 2019) ("The purposes of awarding fees under

9   §1447(c) are 'to deter removals sought for the purpose of prolonging litigation and imposing costs on

10  the opposing party[.]'"); *Castro v. Providian Nat. Bank*, No. C-00-4256 VRW, 2000 WL 1929366, at

11  *4 (N.D. Cal. Dec. 29, 2000) (nothing that ultimately "[t]he court has broad discretion in this

12  determination").

13  DATED:  January 25, 2019              Respectfully submitted,

14                             ROBBINS ARROYO LLP
                               BRIAN J. ROBBINS

15                             STEPHEN J. ODDO
                               ERIC M. CARRINO

16

17                                   /S/ Stephen J. Oddo
                               STEPHEN J. ODDO

18

19

20

21

22

23

24

25

26

27

28

1   5040 Shoreham Place
    San Diego, CA 92122
2   Telephone: (619) 525-3990
    Facsimile: (619) 525-3991
3   E-mail: brobbins@robbinsarroyo.com
    soddo@robbinsarroyo.com
4   ecarrino@robbinsarroyo.com

5   ROBBINS GELLER RUDMAN
       & DOWD LLP
6   SHAWN A. WILLIAMS (213113)
    Post Montgomery Center
7   One Montgomery Street,
    Suite 1800
8   San Francisco, CA 94104
    Telephone: (415) 288-4545
9   Facsimile: (415) 288-4534
    E-mail: shawnw@rgrdlaw.com
10
    ROBBINS GELLER RUDMAN
11     & DOWD LLP
    BRIAN O. O'MARA
12  655 West Broadway, Suite 1900
    San Diego, Ca 92101
13  Telephone: (619) 231-1058
    Facsimile: (619) 231-7423
14  E-mail: bomara@rgrdlaw.com

15  Co-Lead Counsel for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27  1327376

28

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that on, I authorized the electronic filing of the foregoing with the Clerk of

3 the Court using the CM/ECF system which will send notification of such filing to the e-mail

4 addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to

5 be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF

6 participants indicated on the attached Manual Notice List.

7      I certify under penalty of perjury under the laws of the United States of America that the

8 foregoing is true and correct.  Executed on January 25, 2019.

9                                                    /S/ Stephen J. Oddo

10                                                   STEPHEN J. ODDO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28