Pages 1 - 33

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Phyllis J. Hamilton, Judge

VLADI ZAKINOV, INDIVIDUALLY      )
AND ON BEHALF OF ALL OTHERS      )
SIMILARLY SITUATED,              )
                                 )
          Plaintiffs,            )
                                 )
  VS.                            )        NO. CV 18-06753-PJH
                                 )
RIPPLE LABS, INC., ET AL.,       )
                                 )
          Defendants.            )
_____)

                        Oakland, California
                        Wednesday, February 13, 2019

                **TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs Vladi Zakinov and David Oconer:
                    ROBBINS, GELLER, RUDMAN & DOWD LLP
                    655 West Broadway - Suite 1900
                    San Diego, CA  92101
                BY: **BRIAN O. O'MARA, ESQUIRE**

                    ROBBINS ARROYO LLP
                    5040 Shoreham Place
                    San Diego, CA  92122
                BY: **STEPHEN J. ODDO, ESQUIRE**

For Plaintiff Avner Greenwald:
                    SCOTT + SCOTT, ATTORNEYS AT LAW, LLP
                    The Helmsley Building
                    230 Park Avenue - 17th Floor
                    New York, NY  10169
                BY: **THOMAS L. LAUGHLIN, IV, ESQUIRE**

        (Appearances continued on the following page)

Reported By:      Pamela Batalo-Hebel, CSR No. 3593, RMR, FCRR
                  Official Reporter

```
APPEARANCES CONTINUED:


For Defendants:
                          SKADEN, ARPS, SLATE, MEAGHER & FLOM LLP
                          300 S. Grand Avenue - Suite 3400
                          Los Angeles, CA  90071
                 BY:  PETER B. MORRISON, ESQUIRE
```

| | |
|---|---|
| 1 | **Wednesday - February 13, 2019**                                    **12:39 p.m.** |
| 2 | **P R O C E E D I N G S** |
| 3 | **---oOo---** |
| 4 |         **THE CLERK:**  Calling CV 18-6753, Zakinov, et al. vs. |
| 5 | Ripple Labs, Inc., et al. |
| 6 |     Counsel, please step forward and state your appearances. |
| 7 |         **MR. ODDO:**  Good morning, Your Honor.  Stephen Oddo |
| 8 | from Robbins Arroyo on behalf of plaintiffs Zakinov and Oconer. |
| 9 |         **THE COURT:**  All right.  Good morning. |
| 10 |         **MR. LAUGHLIN:**  Good morning, Your Honor -- or |
| 11 | afternoon.  Good afternoon. |
| 12 |         **THE COURT:**  Morning.  It's morning.  Still morning. |
| 13 |         **MR. LAUGHLIN:**  Tom Laughlin from Scott + Scott on |
| 14 | behalf of Plaintiff Greenwald. |
| 15 |         **THE COURT:**  All right.  Good morning. |
| 16 |         **MR. O'MARA:**  Good morning, Your Honor.  Brian O'Mara |
| 17 | on behalf of the state law plaintiffs, Zakinov and Oconer. |
| 18 |         **THE COURT:**  All right.  Good morning. |
| 19 |         **MR. MORRISON:**  Good morning, Your Honor.  Peter |
| 20 | Morrison with Skadden Arps on behalf of defendants. |
| 21 |         **THE COURT:**  All right.  Now, this matter is on for |
| 22 | hearing on the two motions to remand that have been filed. |
| 23 |     Is one of you going to take the lead on this? |
| 24 |         **MR. O'MARA:**  I think I'll be the guy. |
| 25 |         **THE COURT:**  Okay.  And you are? |

1      **MR. O'MARA:**  Brian O'Mara.

2      **THE COURT:**  O'Mara.  Okay.  All right.  It's your

3  motion then.

4      **MR. O'MARA:**  Okay, Your Honor.  I think it's been

5  fully briefed by both sets of plaintiffs.  And maybe I could

6  just -- if I could just cut to the chase, and we'll kind of get

7  to the meat of it.

8      I think I would like to focus on two aspects of this, and

9  one is the voluntarily/involuntary rule and then the other one

10  is actually the stipulation and Consolidation Order itself.

11      And kind of no matter how you cut it, it leads to the

12  conclusion that these matters are not removable.  There is no

13  basis for removal.

14      So let's start with the voluntarily/involuntary rule.

15      **THE COURT:**  Wait a minute.  They're removable if they

16  are consolidated, aren't they?

17      **MR. O'MARA:**  No, Your Honor.  And that's the second

18  part when we get to the consolidation.  It doesn't matter

19  essentially if it was consolidated properly or not.  And you

20  may -- maybe I'll start with that to begin with, if that's

21  where Your Honor is focused.

22      Mr., I guess, Ripple of the Ripple defendants, they focus

23  on the terms of the first Consolidation Order and says that if

24  there is another -- if the action party shall bring that to the

25  attention of the court for the purposes of consolidating it

1  with it.

2      But the first Consolidation Order also provides that the

3  Zakinov and Oconer plaintiffs would, when they were

4  consolidated -- and at the time that the stipulation was

5  entered and the order was entered consolidating those two

6  cases, Greenwald was up here before Your Honor.  It had already

7  been removed and then was shortly thereafter remanded.

8      But at that time, that consolidation stipulation and order

9  provided that the state law plaintiffs could either identify an

10  operative Complaint or file a Consolidated Complaint and that

11  Complaint would be the operative Complaint.

12      So on October 15th, we went forward and we filed the state

13  law operative Complaint.  We can all agree, as Mr. Morrison did

14  in his brief, that that Complaint on October 15th was not

15  removable.  It was state law claims on behalf of a state law

16  class.  And by operation of the stipulation, that becomes the

17  operative Complaint.

18      So if -- assuming that Greenwald was properly consolidated

19  in, by operation of that stipulation, that operative Complaint

20  supersedes the Greenwald Complaint and any other Complaint for

21  an action that was consolidated into the state law --

22          **THE COURT:**  So what happens to Greenwald?  Is he --

23          **MR. O'MARA:**  There's nothing there right now,

24  Your Honor.

25          **THE COURT:**  Is he dismissed?  Are the federal claims

1  that Greenwald brought -- are they just all dismissed?

2  **MR. O'MARA:**  And that's the next step because we were

3  on the phone actually.  We had a conference call with

4  defendants -- I believe it was like November 7th -- to prepare

5  for a Case Management Conference in front of Judge Dubois, and

6  this was raised.  And we asked Mr. Morrison, *Hey, let's hold*

7  *off on this*.  *Let's talk to the judge and see what he has in*

8  *mind, and we'll get to the bottom of this*, because the next

9  step would have been for the parties to determine whether or

10  not they wanted to continue to proceed based on that operative

11  state law Complaint, which supersedes all other Complaints, or

12  whether they wanted to go ahead and amend the Complaint to add

13  other claims or parties or whatever it may be.

14  But it's clear from that -- from that Consolidation Order

15  that if Greenwald was consolidated in, that that Complaint had

16  been superseded by the existing October 15th operative

17  Complaint.

18  So that's where we are.  There is no -- there is only one

19  Complaint here because the Greenwald Complaint has been

20  superseded.  The only Complainant that's before Your Honor to

21  determine removal jurisdiction is the October 15th, 2018

22  Complaint --

23  **THE COURT:**  And it would be inappropriate for the

24  Court to consider the Greenwald Complaint in conjunction with

25  the operative Complaint in making a determination?

1      **MR. O'MARA:**  Well, it's not before Your Honor.  The

2 Consolidation Order that Mr. Morrison contends creates the

3 basis for removal jurisdiction also provides that that

4 Greenwald Complaint has been superseded.

5      The next step would have been the plaintiffs --

6      **THE COURT:**  Are you talking about the second

7 Consolidation Order?  The October 31st, 2018 order?

8      **MR. O'MARA:**  Right.  And that's the other point

9 because Mr. Morrison says *Well, it really doesn't matter the*

10 *voluntarily/involuntary aspect because courts can sua sponte*

11 *consolidate cases*, but Judge Dubois did not do that.  In his

12 second Consolidation Order, he specifically says, *Pursuant to*

13 *the first contesting order I'm going to consolidate Greenwald*

14 *into the In Re Ripple Labs state law case.*  So --

15      **THE COURT:**  And he didn't do that?

16      **MR. O'MARA:**  No -- well, he did do that, but he

17 made -- he made it clear that that consolidation was pursuant

18 to the first consolidation order.  The first consolidation

19 order provided that any Complaint for an action that was

20 consolidated into this state law case would be superseded by

21 the Complaint that plaintiffs filed on October 15th.

22      So whether a consolidation was proper or not, there is

23 only one Complaint in front of Your Honor and that's the state

24 law case that was filed on October 15th.

25      **THE COURT:**  Okay.  So does Greenwald agree that the --

1    his Complaint is no longer operative and shouldn't be

2    considered?  It seems to me if there is agreement, then it's

3    pretty easy.  You just dismiss the federal claims and you can

4    stay there.

5           **MR. LAUGHLIN:**  Stay in state court?

6           **THE COURT:**  In state court.

7           **MR. LAUGHLIN:**  Well, we think if, in fact, this Court

8    were to deny remand -- and I don't think -- I think it should

9    remand for all the reasons we've stated in our papers -- we

10    would properly dismiss and go back to state court because

11    what's going on, in our view, is really we -- as the master of

12    our Complaint, we have chosen to file in state court.  Ripple

13    has already removed us one time contrary to controlling Ninth

14    Circuit law, and the Court decided that we should have been

15    remanded back.

16    After we were remanded, within a few days, we were

17    consolidated.  We believe the court probably overlooked -- was

18    not aware of the fact that there were differences between our

19    two cases.  And then before that issue could be brought to the

20    judge in California state court, Ripple removed us, bringing us

21    up here, really in a way that has, in our view, been wasteful

22    of time and resources and doesn't make a lot of sense.

23    But if -- so we are pursuing the remand now because it

24    seems as though it might be the fastest way to get the cases

25    back down in front of Judge Dubois.

1      **THE COURT:**  Maybe not.

2      **MR. LAUGHLIN:**  Maybe not.  But I just -- if I could

3  just point the Court to what -- really what I think is the key

4  paragraph here, which is paragraph 8 of the first Consolidation

5  Order, which was the stipulation entered in the state court

6  action.

7      What it provides, I think, is a point of law that is

8  determinative here which is, you know -- my colleague has

9  already pointed out.  It says that, "If filed, the Consolidated

10  Complaint shall be operative and shall supersede all complaints

11  filed in any of the actions consolidated herein."  And

12  supersede is --

13      **THE COURT:**  But "herein" means cases already filed.

14      **MR. LAUGHLIN:**  Well, this Consolidation Order also

15  contemplates cases being remanded -- it references cases that

16  might be remanded herein and contemplates --

17      **THE COURT:**  Wait, wait, wait.  You're losing me.

18      It says, "It shall supersede all Complaints filed in any

19  of the actions consolidated herein."  Those are cases

20  already -- it doesn't, in my view, say anything about what

21  happens in future cases.

22      I sign consolidation orders all the time, and we always

23  include a reference to if any new cases are filed, then they

24  shall comply with this order.  Does it say that in this order

25  anywhere?

1       **MR. LAUGHLIN:**  I would point the Court to paragraph

2   14:  "This order shall apply to each case arising out of the

3   same or similar transactions and/or events as related actions

4   which is currently pending in, subsequently filed in, or

5   remanded to," thus us, "or transferred to this Court."

6       **THE COURT:**  Okay.

7       **MR. LAUGHLIN:**  So I view this first Consolidation

8   Order as what the Court is familiar with, a standard order that

9   creates a leadership structure over all types -- one type of

10  case --

11      **THE COURT:**  Right.

12      **MR. LAUGHLIN:**  -- and appointed my colleague or

13  counsel for the state law plaintiffs as lead there.

14      **THE COURT:**  What does that mean, though, as a

15  practical matter?  Your case was remanded because it had

16  federal claims.

17      **MR. LAUGHLIN:**  Uh-huh.

18      **THE COURT:**  If, indeed, it is consolidated into this

19  Consolidated Complaint, the Consolidated Complaint only asserts

20  state law claims.  So are you dismissing -- do you think by

21  operation of this order, the federal claims are automatically

22  dismissed, in which case your client doesn't have a case.

23      **MR. LAUGHLIN:**  So I believe that is the only way to

24  read this order, which is why I think that what happened --

25  our -- my overall -- our position is that the first

1    consolidation -- that the consolidation of Greenwald post

2    remand was likely in error or was not fully considered by the

3    court.  If I were to read this order literally on its face, I

4    don't see any other way to interpret it other than to --

5    **THE COURT:**  Was Greenwald filed in state court to

6    begin with?

7    **MR. LAUGHLIN:**  Yes.

8    **THE COURT:**  So why would you file a case in state

9    court that only pled federal Securities Act claims if you

10    didn't want to be -- well, *Luther* would apply then to your

11    case.

12    **MR. LAUGHLIN:**  Yes.

13    **THE COURT:**  Okay.  But if it's consolidated pursuant

14    to this Consolidation Order and you're taking the position that

15    this controls, there can be no federal claims.

16    **MR. LAUGHLIN:**  So our view is -- our plan is to move

17    to de-consolidate upon remand.  So this -- we had -- had we

18    stayed in front of Judge Dubois for a few days and been able to

19    contact him, we would have informed him of our view that his

20    order overlooked important distinctions between the two cases.

21    **THE COURT:**  But didn't you have an opportunity to

22    oppose the consolidation and you didn't do it?

23    **MR. LAUGHLIN:**  We did not, Your Honor, because there

24    was no motion to consolidate.  What happened -- and I think

25    some of this may stem from the inartful drafting of an order

1  that we were not a part of.

2         THE COURT:  But there was a Notice of Related Case.

3         MR. LAUGHLIN:  Yes.

4         THE COURT:  And there was five days, and you didn't

5  oppose the case being related.

6         MR. LAUGHLIN:  I don't think I -- yes, that's correct,

7  because it is related.  In a general sense, it is related.

8         THE COURT:  So you just didn't anticipate that he

9  would *sua sponte* --

10         MR. LAUGHLIN:  *Sua sponte*, because -- and I harken

11  back to in federal court "relation" is actually a liberal and

12  broad term that includes cases where there are similar or

13  overlapping facts, and I do not deny that there are overlapping

14  facts, but what I do think is I think undeniable at this point

15  would be that consolidation with the state law plaintiffs would

16  be prejudicial to my client for the reason the Court has just

17  identified, which is that they don't want to assert our claims.

18      So how can they be lead -- how could our cases proceed

19  together in the same Complaint when they have chosen -- and I

20  think it's their right to choose -- a strategy, a specific

21  strategy and a specific class.

22         THE COURT:  Okay.  So you're talking about, though,

23  something that would happen in the future.  You would ask the

24  judge to de-consolidate.  But the cases are now consolidated

25  and they are here in this court.  So what is it that you think

1    that I should do and what's the authority for doing so?

2          **MR. LAUGHLIN:**  So the -- I think the cleanest, easiest

3    way in which -- is, one, CAFA jurisdiction is based on the four

4    corners of the Complaint.  In terms of -- what Ripple has

5    pointed to is certain case law that says, *Well, if we're*

6    *constructing this de novo and we don't know what effect*

7    *consolidation has, we might look to the common law of the state*

8    *from which the case was removed.*  They have cited to a few

9    district court opinions on that.

10         But in our -- but following that logic, what the Court

11   should do is look to what Judge Dubois actually said the effect

12   of consolidation would be other in his case, which is clear,

13   and it's set forth in paragraph 8.  So if the Court were just

14   simply to apply California state law regarding the intent and

15   the effect of consolidation, then the Court should rule that

16   the consolidation had the effect of superseding Greenwald's

17   Complaint and leaving just the state law Complaint, and

18   therefore that Complaint, since it clearly, by all accounts, is

19   not removable, remand is therefore proper.

20         That's, I think, the first, sort of, straightforward --

21   and to avoid that outcome, I think you would have to say, *Well,*

22   *when Judge Dubois said "supersede," he didn't really mean*

23   *supersede.*  But I don't really see any basis to impose that

24   view on this order here.  One, because the plain language says

25   it; and, two, because that's generally the way these

1    consolidation orders work, in my experience, which is that the

2    point of this would not be to allow subsequent filers to come

3    in and dislodge the operative Complaint that the state law

4    plaintiffs have had -- had filed, but simply to allow the state

5    law plaintiffs to proceed on their operative Complaint and

6    allow defendants to move to dismiss it.

7       And my interpretation of that is not only supported by

8    paragraphs 8 and 14, but if you read the overall paragraphs 9,

9    10, 11, 12, 13, this order vests the state law plaintiffs with

10    control over what's going to be alleged, the strategy, what --

11    how to speak on behalf of plaintiffs.

12         THE COURT:  Now, if you are correct that the operative

13    Complaint, the Consolidated Complaint, controls even the

14    subsequently-filed actions, and the subsequently-consolidated

15    actions includes your clients case -- right?

16         MR. LAUGHLIN:  Uh-huh.

17         THE COURT:  What does that mean, though, in terms of

18    what was removed?  Your clients case -- didn't it disappear

19    upon being consolidated?

20         MR. LAUGHLIN:  Yes.

21         THE COURT:  So how do I -- I mean, if your argument is

22    correct and I'm not to look at the two Complaints in

23    conjunction, but I'm supposed to only look at the Consolidated

24    Complaint, what was removed was only the state law claims.  Are

25    you saying that the federal claims extinguished upon the

1   consolidation of your case with the prior two cases?

2           MR. LAUGHLIN:  Yes.  I think there is no other way to

3   interpret the effect of Judge Dubois' order.

4           THE COURT:  If that's true, then what was removed was

5   purely state law claims for which CAFA jurisdiction would not

6   lie.

7           MR. ODDO:  That's correct, Your Honor.

8           THE COURT:  Because it's a California class; right?

9           MR. ODDO:  That is correct, Your Honor.  If I could

10  make one point.  And this is why I believe the

11  voluntarily/involuntary aspect of it is important is because we

12  had this conversation -- we had a conversation with

13  Mr. Morrison right before he went forward and filed this Notice

14  of Removal and we were trying to get him to -- *hey, let's go*

15  *see the judge*.  We had a Case Management Conference a little

16  over a week later.  We wanted to go see the judge, find out

17  what he wanted to do, and then we could take the next steps to

18  figure out how we wanted to proceed, and that would have been

19  the voluntarily step, was when we went in front of Judge Dubois

20  and we said *Okay, this is how we want to proceed.*

21      If we would have taken the voluntarily step of combining

22  those claims into one Complaint, as contemplated by the

23  Consolidation Order, then that would have provided some removal

24  jurisdiction, but that didn't happen.

25          THE COURT:  I'm not persuaded this whole voluntarily

1    step issue is necessarily warranted.  I am not sure I have to

2    make that finding in this case.

3         But I am concerned about what the intent of all the

4    parties are.  I've got these three parties and a judge who has

5    issued several orders and it all seems to be sort of a mess, to

6    me.

7         **MR. LAUGHLIN:**  Well, on the day that Ripple removed

8    us, I had -- I had informed Ripple that we had planned to move

9    to de-consolidate.

10        Our intention, if the Court grants the motion to remand,

11   is to go back to Judge Dubois, move to de-consolidate on

12   grounds I'm quite confident he would grant.  But if for some

13   reason if he denies our motion and he makes clear what his

14   reasoning is, we could decide that then.

15        But what's happened, and I think it's unfortunate, is

16   Ripple is short-circuiting that process in front of state court

17   and preventing state court from making these type of

18   determinations that would allow for the efficient process of

19   this case.

20        So that -- so, you know, really I see the root of the

21   problem being the premature removal of the action and that --

22   hope that this Court would somehow see chaos, I suppose, which

23   is my initial reaction to being removed a second time within

24   three weeks, and try to -- or potentially be persuaded the case

25   should be seen together when, in fact, that's not -- I don't

1   see a basis in the state court's own rulings on that and I

2   also -- you know, the Court has said it is not persuaded by the

3   voluntarily/involuntary, but the general underlying principle

4   behind CAFA is that it's a jurisdiction that plaintiffs choose,

5   not something that is foisted on us.

6       And I think it's really clear in this case that we have

7   chosen -- Greenwald has chosen state court, and so the state

8   law plaintiffs have also chosen state court independently, and

9   we have on our side Ninth Circuit law and on their side it's

10  not even contested that they should be in state court, and

11  defendants are just, in our view -- my view, taking an

12  opportunistic shot at trying to smash us together for their own

13  purpose, and that's really not the point of CAFA, which is --

14  the point of CAFA is not to allow the defendants to make hay

15  out of a momentary administrative issue in the state court and

16  try to pull us all into federal court a second time.

17      So if the Court were to deny remand, my intention would be

18  to refile in state court.  I think --

19          **THE COURT:**  To dismiss --

20      **MR. LAUGHLIN:**  Yes.  To dismiss my case here.  I mean,

21  my view is they are the lead plaintiff, lead counsel here.

22  This is their case, and I don't want to be a part of it.  They

23  don't want me to be a part of it.  I want to pursue my separate

24  strategy.

25      And so if the Court were to deny remand, that would

1   actually be denying me my chance to do what I think is right

2   for the case and also would be denying me the opportunity to

3   represent the claims of all these people who are not in their

4   case.  So we would be forced to go back -- to leave this case

5   and go back down to state court.

6       I haven't thought through every last contingency there,

7   but, I mean, that seems inefficient and wasteful and also might

8   raise some statute of limitations issues since the Securities

9   Act goes back three years on the reposed side.  I would want to

10  keep my original Complaint as the start of my case.

11      So that's why we're pursuing the remand here.  And if the

12  Court has any other questions on that point --

13              **THE COURT:**  Okay.

14      I interrupted you while you were making your argument by

15  asking these questions.  Anything else?

16              **MR. O'MARA:**  No.  That's okay, Your Honor.  I'm happy

17  to respond to any points that Mr. Morrison brings up, but I

18  think we've been clear.  Thank you.

19              **THE COURT:**  Mr. Morrison?

20              **MR. MORRISON:**  How are you, Your Honor?

21              **THE COURT:**  I'm fine.  Thank you.

22              **MR. MORRISON:**  Let me start here.  Plaintiff --

23  neither of them dispute that if the actions were validly

24  consolidated and they're viewed as merged into one pleading,

25  that there's CAFA jurisdiction.  So what they do is they attack

1    the consolidation itself.  They attack the effect of the

2    consolidation.

3         **THE COURT:**  That would mean, though, that there were

4    both federal and state claims.

5         **MR. MORRISON:**  Yes.  So it is correct that the basis

6    of the removal is because now there both federal and state

7    claims together.  California law is that when cases are

8    consolidated, you take both cases and merge them together.

9    That's California state law, and the court looks to California

10   state law with respect to consolidation.

11        Their entire position is built on this premise that

12   Judge Dubois didn't know what he was saying when he issued an

13   order.  There is just no basis for that.  There is the original

14   Consolidation Order that says what happens and then that --

15        **THE COURT:**  But the original Consolidation Order also

16   says that the Consolidated Complaint applies to any further

17   actions filed.

18        **MR. MORRISON:**  No.  That's a -- it says that, but

19   it's -- let me explain.  I'm going to address that, Your Honor.

20   I'm going to explain to you exactly what that means.

21        **THE COURT:**  Okay.

22        **MR. MORRISON:**  Okay.  So the first order dealt with

23   consolidation of the Zakinov and Oconer cases.

24        **THE COURT:**  Right.

25        **MR. MORRISON:**  In there, what it said was, "When an

1    action is remanded back to this court, the parties shall bring

2    that remanded action to my attention for the purposes of moving

3    to consolidate the cases."  Okay?

4        So the original order says the parties' obligation was to

5    bring it to his attention, which we did by a Notice of Related

6    Case.  In a Notice of Related Case, we said there are

7    overlapping facts on law, there are similar claims, and it

8    serves judicial economy.

9        Nobody said a word.  And by the functioning of the

10   original Consolidation Order, it was for the purpose of moving

11   to consolidate.  And Judge Dubois got our Notice of Related

12   Case, found the case related, noted in his order -- this is the

13   second Consolidation Order -- that nobody objected and then

14   consolidated the cases together.  Okay?  That's exactly how the

15   order was designed to function.  Okay?

16       Their position is he didn't mean what he said.  What's the

17   basis of that?  Other than their speculation, because they want

18   to forum shop.  There is no basis --

19       **THE COURT:**  Well, I'm not so sure that it's forum

20   shopping when they start off in state court, get removed

21   involuntarily to federal court, and then they try their best to

22   get back to state court.

23       **MR. MORRISON:**  I'm going to address that, too, the

24   forum-shopping point because it's important, but let me finish

25   with the judge's orders.

1    So Judge Dubois knew exactly what he was doing.  And so

2    now, having consolidated both cases, they now take the position

3    that by virtue of the original Consolidation Order, the

4    Greenwald action ceases to exist.  It has been superseded by

5    the language of the order.  Let -- and I would like to address

6    that.

7    What the order says -- and Your Honor is exactly right.

8    It says, "Plaintiffs are to either designate a Complaint as

9    operative or file a Consolidated Complaint within 45 days after

10   this order unless otherwise agreed upon by the parties.  If

11   filed, the Consolidated Complaint shall be the operative

12   Complaint and shall supersede all Complaints filed in any of

13   the actions consolidated herein."

14   You're exactly right, the word "herein" -- there were only

15   two cases in front of him at the time, so what's being

16   superseded are the original Complaints in Zakinov and Oconer

17   that we no longer have to respond to because they filed a

18   Consolidated Complaint.

19   This doesn't say that it supersedes any case in the future

20   in perpetuity nor could it because if that was the intent, the

21   original Consolidation Order would essentially serve as a

22   perpetual motion to submit.  Any time a related case is filed,

23   we move it over in front of Judge Dubois, and it automatically

24   becomes a dismissal.  That's not what the order says.

25   The order talks about consolidation.  It doesn't talk

1  about nullifying actions.  And the language that plaintiffs

2  point to about the order applying to future cases being

3  remanded, of course it does because the idea of the entire

4  order was to get remanded cases or other cases in front of the

5  same judge to deal with them together.  It nowhere says it's a

6  perpetual motion to dismiss.  That wouldn't make any sense.

7      So their view of the order and this idea that it's a

8  nullity isn't borne out by the language of the state court

9  judge's order.  And it's also based on the premise that he

10  didn't know what he was doing when he consolidated the cases.

11  There is just no evidence of that.

12      In fact -- and, you know -- and to prove the point, what

13  the Greenwald plaintiff just said is remarkable.  First, the

14  Greenwald plaintiff takes the position that his entire case is

15  extinguished and doesn't exist and says on that basis, you have

16  to remand because there is only state law claims.

17      But then in the same exact breath says, *When I get back

18  down to state court, I'm going to seek to de-consolidate*.

19  De-consolidate what?  He has just conceded his claims are

20  extinguished.  He can't have it both ways.

21      Then the third thing that he says, Your Honor, is that, *If

22  it stays in federal court, I'm going to dismiss anyway and

23  refile*.

24      Does his case exist or not?  If it doesn't exist, then

25  it's gone forever, and the only way to read Judge Dubois' order

1   is that it's a perpetual motion to dismiss order.  Any related

2   case set in front of that judge is automatically superseded by

3   the language.  There is no possible way that that's what the

4   judge meant in terms of his order, Your Honor, so that argument

5   doesn't work.

6       Now, with respect to the forum shopping point, plaintiffs

7   take the position that the policy of CAFA is to let them

8   control their own Complaint.  That's 180-degrees backwards.

9   And we cite the cases in our papers, Your Honor.  It's the

10  *Harbor View* case, and I'm quoting:  "CAFA was created to expand

11  federal jurisdiction in class actions to address the gaming of

12  the system to avoid litigating in the federal courts."  And

13  that, quote, "The fact that securities plaintiffs and their

14  counsel file successive actions addressing the same issues,"

15  which is exactly our case, "echo the repeated congressional

16  concerns about nationwide impact and abusive filings."

17      The entire purpose of CAFA is to get all of these related

18  cases into federal court in front of one judge.  That's all we

19  want.  We have never hidden that fact.

20      And the reason why I make the forum shopping point is,

21  remember, when I first appeared in front of Your Honor, it was

22  on the *Coffey* case.  The *Coffey* case where you denied remand,

23  that involved 33 act claims and state law blue sky claims

24  altogether.

25      It was only after we removed that action that the

1    plaintiffs that are currently in front of the court suddenly

2    file separate piecemeal actions in state court, even though

3    every claim that they brought separately in state court was

4    already covered in *Coffey*.

5        CAFA was designed to prevent that very situation where

6    Ripple and the defendants are forced to litigate an action in

7    federal court and litigate duplicative actions in state court

8    because they filed them separately as opposed to together.

9    That's exactly what it's designed to prevent.

10       And so when the case gets consolidated and California law

11   treats those claims as married, you now have the *Coffey*

12   situation, federal claims and state claims, which makes the

13   case removable.

14       So the case currently in front of the Court is a marriage

15   of both of the actions.  It satisfies all the requirements of

16   CAFA, and it is consist with the orders of Judge Dubois taken

17   at face value, which they must be.  So there is no reason,

18   Your Honor, in those circumstances to remand the case.

19       Any questions so far, Your Honor?

20           **THE COURT:**  No.

21           **MR. MORRISON:**  Okay.

22       Would you like me to address the voluntarily/involuntary

23   piece?

24           **THE COURT:**  No.

25           **MR. MORRISON:**  Okay.

1          **THE COURT:**  Is that it?

2          **MR. MORRISON:**  That's it for right now, Your Honor.

3          **THE COURT:**  Okay.

4          **MR. O'MARA:**  I don't really have all that much to

5    follow up with, except that Mr. Morrison wants you to read

6    Judge Dubois' Consolidation Orders literally except when it

7    comes to the part about the operative Complaints superseding

8    all of the other Complaints that are consolidated.

9          I don't think there has been any forum shopping.  We have

10   brought a limited California only class -- California state law

11   claims on behalf of a California class.  Those should stay in

12   California state court.

13         Did you have anything?

14         **MR. LAUGHLIN:**  Just very briefly, just a few couple

15   points.

16         One, I think it's very interesting that the Ripple --

17   counsel for Ripple cited this Court to the *Harbor View* case

18   because that is a case that is not the law of this circuit.

19   It's contrary to *Luther*.  And it just goes to the same point

20   that what they are espousing is they're trying to re-litigate

21   the same issue, which they lost in front of this Court, which

22   is whether Greenwald was properly brought in state court.

23   That's point one.

24         And on the forum shopping point, I'll note that in the

25   *Coffey* transcript in oral argument, you addressed counsel for

1  *Coffey*, who is not affiliated with any of us, but you said, *Why*
2  *didn't you just bring Section 11 claims if you wanted to stay*
3  *in state court.*  That's what you said.  Because of course the
4  Court is familiar with the principle that CAFA does allow
5  plaintiffs to plead a claim and be the master of their own
6  Complaint, and in that way, affect CAFA jurisdiction.

7  Just on the point about how we interpret Judge Dubois, you
8  know, our point there -- there is two things that are
9  significant.

10  One, in paragraph 15 of the first Consolidation Order, it
11  references that a party who wants to consolidate should move
12  the court for an order consolidating such a case, make a
13  motion.  A filing of a Notice of Related Action is not a
14  motion.  California law requires a motion --

15  **THE COURT:**  What are you referring to?

16  **MR. LAUGHLIN:**  Paragraph 15.

17  **THE COURT:**  Right.

18  **MR. LAUGHLIN:**  It says, you know, in the middle of it,
19  the point of bringing the case -- the purpose -- I'm sorry.
20  I'm just going to read the whole thing.

21  "When a case which properly belongs as part of *In Re*
22  *Ripple Labs* lead case, 18 CIV 2845, is hereafter or has been
23  filed in" --

24  **THE COURT:**  Slow, slow.  Slow down.

25  **MR. LAUGHLIN:**  Sorry.

1     "-- filed in, remanded to, or transferred to this Court,

2     counsel for the parties shall file -- shall call such filing,

3     remand, or transfer to the attention of the clerk of this --

4     the clerk of this court for purposes of moving the court for an

5     order consolidating such cases with *In Re Ripple Labs*."

6         So a motion -- and that -- a motion was not made here.

7     California law generally requires a motion to consolidate.  A

8     notice -- what was filed was simply one of these forms where

9     you check off a box that says "related."  I did not interpret

10    that as a motion.  I don't think it qualifies as a motion, and

11    there was no argument made.  None of the facts were provided to

12    the court below or the state court.  So I don't think it's

13    unreasonable to say that the court was not informed of the

14    significant disagreement --

15        **THE COURT:**  Sure.  But it says that "the parties shall

16    call the attention of the court," which they did by filing a

17    Notice of Related Case.  And it -- the second clause, "for the

18    purpose of moving the court for an order consolidating the

19    case," well, they didn't have to do it because the court

20    consolidated it on his own motion.

21        **MR. LAUGHLIN:**  Fair enough.  But without -- that issue

22    was not addressed.  The court was not provided with any facts,

23    and we did anticipate a motion, and I think this issue is even

24    particularly salient for us because we were not a party to this

25    stipulation, not apprised of its terms, and we did not agree to

1   any of these terms.

2   And, again, I just want to end by making the point that

3   Ripple's position is inherently contradictory in that they are

4   both seeking to avail themselves of background principles of

5   California law and then asking the Court to bend over backwards

6   and ignore other provisions, which doesn't really make sense to

7   me.

8   **THE COURT:**  All right.  Thank you.

9   All right.  This is their motion.  They get of the last

10  word.  I don't have any additional questions.

11  I do find this a troublesome issue, for a number of

12  reasons.  I have no idea how I'm going to come out of this.

13  I'll think about it.  Your arguments have been somewhat

14  helpful.

15  But we have a situation where a state court judge has

16  entered an order.  I'm not in the habit of reviewing the work

17  of state court judges and determining whether or not they were

18  right or they weren't or what they intended or what they

19  didn't, other than construing the written language of their

20  opinions and orders, which I will do and I will construe it to

21  the best of my ability, both of the provisions that we've

22  talked about -- all three of the provisions we've talked about

23  today.

24  But I also know that once I get a case, whether or not

25  it's from some other judge on my court, some judge on a state

1    court or back from the Ninth Circuit, it's my responsibility to

2    litigate the case going forward in the way that I think is

3    best.  So I just tell you that in advance because you might be

4    surprised at what I ultimately decide to do in the case.

5        I do think that plaintiffs are masters of their own

6    Complaint.  They can decide which forum they wish to be in.

7    And I do think that your removal was -- I won't use the word

8    "premature," but it was certainly precipitous in my view, given

9    that there really wasn't an opportunity for all the parties,

10   aside from that five-day period from the time that a motion --

11   I don't understand what happened in the state court.  There is

12   the motion -- or a Notice of Related Case.  I don't know during

13   that period of time whether or not the -- whether or not you

14   received notice of that so that you have an opportunity to

15   object to it.

16       I mean, the five days was pretty quick.  I don't know how

17   you get this before the judge, but I would certainly feel more

18   comfortable about this had there been some sort of noticed

19   procedure and I knew that Judge Dubois' decision was purposeful

20   and intentional.  I have no basis to believe that it was

21   oversight or that he didn't know what he was doing, but I don't

22   have a record.  I don't have a record of exactly what the

23   reasoning was.  And his short second order doesn't really

24   provide me much.  So I find it troublesome.

25       Moreover, I know that I remanded this case over your

1    objections, and here you are back again.  So on some level,

2    there is some strategic maneuvering that I think you're

3    attempting to do, and I think my chore now is to determine

4    whether or not I can let you get away with it, whether or not

5    it's an appropriate maneuver on your part.  And I don't mean to

6    be pejorative.  I mean, if you can do it, you can do it.

7         But this is not going to be an easy question for me.

8    Thank you for the arguments you've made today.  And we'll let

9    you know in writing.

10        **MR. O'MARA:**  Your Honor, two things.

11        One is I just want to respond to something you said about

12   the five-day period, and it's the *Abeyta* case that just deals

13   with stipulations, and then also there is a reference to the

14   *Schempp* case out of the District of Nevada that deals with,

15   like, failures to oppose motions.  I won't make any argument on

16   that.  I just wanted to point that out, that it addresses that.

17        And then also your comment about we should be prepared to

18   move forward and we might be surprised at how you work with

19   this case.  There is a Case Management Conference Statement

20   that is due tomorrow in this case.

21        **THE COURT:**  Okay.

22        **MR. O'MARA:**  We've exchanged drafts.  We have had one

23   phone call.  I would ask --

24        **THE COURT:**  You have a CMC next week?

25        **MR. O'MARA:**  I don't know when the CMC is.

1          **MR. MORRISON:**  I would have to look at the date.  The

2   report is due tomorrow.

3          **MR. O'MARA:**  So maybe 10 days from tomorrow.

4          **THE COURT:**  The conference is usually the following

5   week.

6          **THE CLERK:**  It's the 21st.

7          **THE COURT:**  It's the 21st okay?

8      I'm going to vacate that so I can give myself a little

9   room to work through this.

10         **MR. O'MARA:**  Thank you, Your Honor.

11         **THE COURT:**  So the CMC is vacated.  We will give you a

12  new date if the case is not remanded, and the deadline for

13  filing your Case Management Statement is seven days before the

14  conference.

15         **MR. O'MARA:**  Thank you, Your Honor.

16         **MR. MORRISON:**  Can I just address something really

17  quickly about your comment about us moving precipitously,

18  because I do understand, Your Honor, and I appreciate -- and I

19  don't take it in a pejorative manner, your view.  I just want

20  to remind the Court that my clients also did not ask to be sued

21  in duplicative cases in state court when they were pending in

22  federal court.

23      And just to remind the Court, they didn't ask our

24  permission to be sued for the exact same issues in a different

25  venue because they preferred state court.  And so to the extent

that you're looking at this as we want to be in federal court

in front of a single judge, yes, that's right.  We think that's

the purpose of CAFA, but the idea that we are acting

precipitously when the whole reason we are here was their

decision to originally file duplicative matters in a different

jurisdiction, I'm troubled by -- I'm a little troubled that --

I want to make sure that there is an understanding that there

is two sides to a coin, I guess.

**THE COURT:**  Well, there are certainly equities on both

sides --

**MR. MORRISON:**  Okay.  That's all.

**THE COURT:**  -- and I believe that we have, in one of

our prior orders, talked about the intent behind CAFA and the

fact that this is an issue that is percolating all over the

country.  There needs to be uniformity.  It's the kind of case

that, in my view, should be in federal court in order to ensure

consistency.

But both of you are using what tools are available to you

to get to the forum that you wish.  Plaintiffs like to be in

state court; defendants like to be in federal court.  I mean,

you know, that's a given.

**MR. MORRISON:**  That was my only point, Your Honor.

**THE COURT:**  Yeah.  That's a given.  I understand that.

And I understand there are good reasons on -- good arguments to

be made by both sides.  And I appreciate that there are

1    equities on both sides.   Okay?

2            **MR. MORRISON:**  Okay.  Thank you very much.

3        **MR. O'MARA:**  Thank you, Your Honor.

4                (Proceedings adjourned at 1:20 p.m.)

1

2

3                    <u>CERTIFICATE OF REPORTER</u>

4           I certify that the foregoing is a correct transcript

5    from the record of proceedings in the above-entitled matter.

6

7    DATE:   Tuesday, February 19, 2019

8

9    *Pamela Batalo Hebel*

10   _____
     Pamela Batalo Hebel, CSR No. 3593, RMR, FCRR
11   U.S. Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25