UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VLADI ZAKINOV, et al.,

    Plaintiffs,

v.

RIPPLE LABS, INC., et al.,

    Defendants.

Case No. 18-cv-06753-PJH

**ORDER DENYING MOTIONS TO REMAND**

Re: Dkt. No. 17, 18

On December 7, 2018, plaintiffs Vladi Zakinov and David Oconer moved to remand this action to the San Mateo County Superior Court. On the same day, in a separately filed motion, plaintiff Avner Greenwald also moved to remand this action to the San Mateo County Superior Court. Those motions came on for hearing before this court on February 13, 2019. Plaintiffs Zakinov and Oconer appeared through their counsel, Stephen Oddo and Brian O'Mara. Plaintiff Greenwald appeared through his counsel, Tom Laughlin. Defendants Ripple Labs, Inc. ("Ripple"), XRP II, LLC, a subsidiary of Ripple, and various individual defendants[1] appeared through their counsel, Peter Morrison. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES plaintiffs' motions, for the following reasons.

**BACKGROUND**

This is the third action premised on the same theory of liability that this court has

---

[1] The individual defendants are executives or directors of Ripple: Bradley Garlinghouse, Christian Larsen, Ron Will, Antoinette O'Gorman, Eric Van Miltenburg, Susan Athey, Zoe Cruz, Ken Kurson, Ben Lawsky, Anja Manuel, and Takashi Okita.

considered. On two prior occasions, this court has detailed plaintiffs' theory of liability at length. See Coffey v. Ripple Labs Inc., 333 F. Supp. 3d 952, 954 (N.D. Cal. 2018); Greenwald v. Ripple Labs, Inc., No. 18-CV-04790-PJH, 2018 WL 4961767, at *1 (N.D. Cal. Oct. 15, 2018). As was the case with those orders, which also addressed motions to remand, this order does not turn on the substance of plaintiffs' allegations. Accordingly, the court only briefly recites plaintiffs' theory of liability:

Plaintiffs allege that Ripple created a digital currency called XRP and that defendants and their affiliates have been engaged in an ongoing scheme to sell XRP to the general public. Plaintiffs further allege that because XRP qualifies as a "security" under either the California or federal securities laws, Ripple's past and ongoing sales of XRP constitute the selling of unregistered securities in violation of federal or state law.

Like Coffey and Greenwald, defendants removed the present action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453, and plaintiffs now move to remand.

**DISCUSSION**

**A.  Legal Standard**

This court has previously explained

> The right to remove a case to federal court is entirely a creature of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). In general, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (discussing 28 U.S.C. § 1441). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. If a defendant fails to meet this burden, the action must be remanded.
> 
> \* \* \*
> 
> CAFA "relaxed" the diversity requirements for putative class actions. See Dart Cherokee Basin Operating Co., LLC v. Owens, ––– U.S. ––––, 135 S.Ct. 547, 551, 190 L.Ed.2d 495 (2014). [And,] [c]ontrary to the Ninth Circuit's general rule for removal, "[n]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." Id. at 554. Pursuant to CAFA, a defendant may remove an action under § 1453 if the

2

> amount in controversy exceeds $5 million, the putative class has more than 100 members, and the parties are minimally diverse. Id. at 552; 28 U.S.C. §§ 1332(d), 1453.

Coffey, 333 F. Supp. 3d at 955-56; 28 U.S.C. § 1453.

Further,

> [t]he Supreme Court has explained that CAFA's " 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.' " Dart Cherokee, 135 S.Ct. at 554 (discussing legislative history and quoting S. Rep. No. 109–14 at 43 (2005) ); Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 595, 133 S.Ct. 1345, 185 L.Ed.2d 439 (2013) ("CAFA's primary objective" is to "ensur[e] Federal court consideration of interstate cases of national importance." (internal quotation marks omitted) ). "The Senate Report on CAFA explains that '[b]ecause interstate class actions typically involve more people, more money, and more interstate commerce ramifications than any other type of lawsuit, the Committee firmly believes that such cases properly belong in federal court.' " Jordan [v. Nationstar Mortg. LLC, 781 F.3d 1178, 1182 (9th Cir. 2015)] (quoting S. Rep. No. 109-14 at 5). There can be little doubt that the present action—involving a proposed international class and issues of first impression regarding the federal securities laws['] applicability to a nascent technology—falls into that category of class actions.

Coffey, 333 F. Supp. 3d at 962 (discussing similar XRP-related allegations).

**B. Analysis**

**1. Coffey, Greenwald, and In re Ripple**

As noted, the above-captioned action is the third Ripple-related action assigned to this court. Along with Coffey and Greenwald, both of which this court previously addressed on motions to remand, plaintiffs Zakinov and Oconer filed separate state court actions on June 5, 2018, and June 27, 2018, respectively. The Zakinov and Oconer actions were subsequently consolidated, pursuant to stipulation, into "In re Ripple" by Judge Richard DuBois of the San Mateo County Superior Court. While all three actions share the same legal theory of liability, they are dissimilar in ways that affect the propriety of removal under CAFA—defendants' sole basis for removal in each of the three actions.

**a. Coffey**

In Coffey, plaintiff was a California resident who asserted four causes of action for violations of §§ 5 & 12(a)(1) of the federal Securities Act and §§ 25110 & 25503 of the

3

California Corporation Code for the unregistered offer and sale of securities, and for control person liability under the Securities Act and the California Corporation Code. Coffey, 333 F. Supp. 3d at 955. The Coffey plaintiff brought the action on behalf of all persons or entities that purchased XRP. Id. The Coffey defendants removed the action on June 1, 2018, contending that plaintiff's state law claims independently satisfied CAFA's jurisdictional requirements. This court agreed and denied the Coffey plaintiff's motion to remand. Id. at 965-966. In doing so, the court found the Ninth Circuit's decision in Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031 (9th Cir. 2008), inapplicable because Luther only "considered whether an action that solely alleged Securities Act claims could be removed under CAFA[,]" whereas the Coffey defendants "removed th[e] action based on plaintiff's California claims." Id. at 957-58.[2] The Coffey plaintiff voluntarily dismissed the action on August 22, 2018.

### b. **Greenwald**

Greenwald was initially removed on August 8, 2018, from the San Mateo County Superior Court. Greenwald, a resident of Israel, asserts only Securities Act claims for the unregistered offer and sale of securities and for control person liability. Greenwald, 2018 WL 4961767, at *1. As was the case in Coffey, Greenwald brings his action on behalf of all persons or entities who purchased XRP. Id. On October 15, 2018, the court remanded the action to the San Mateo County Superior Court because Luther directly applied to Greenwald's complaint alleging only Securities Act claims. Id. at *3.

### c. **In re Ripple**

As noted, the In re Ripple action is the result of Judge DuBois consolidating two actions: Oconer v. Ripple Labs Inc. et al.,18-CIV-3332 (Cal. Super. Ct. San Mateo Cty.), and Zakinov v. Ripple, 18-CIV-2845 (Cal. Super. Ct. San Mateo Cty.). In those actions, Oconer and Zakinov, both California residents, sought to represent all citizens of

---

[2] The court also held that § 22(a) of the Securities Act did not bar removal despite the presence of Coffey's Securities Act claims. Coffey, 333 F. Supp. 3d at 958-966.

4

California who purchased XRP, and asserted claims under only the California Corporation Code. In addition, those actions named as defendants only Garlinghouse (Ripple's CEO), Ripple, and XRP II; all of whom are also citizens of California. The Oconer and Zakinov defendants did not remove either Zakinov or Oconer because (presumably) those actions did not satisfy CAFA's minimal diversity requirement and/or were exempt under CAFA's local controversy exception.[3]

On August 30, 2018, pursuant to stipulation, Judge DuBois consolidated Zakinov and Oconer for all purposes as In re Ripple Labs Inc. Litig, 18-CIV-2845 ("In re Ripple". Dkt. 2-1, Ex. E (the "First Consolidation Order" or "First Consol. Order"). As relevant here, that order, entitled "Stipulation and [ ] Order Consolidating Related Actions and Related Matters," states:

> 6. The following Related Actions are hereby consolidated for all purposes, including pre-trial proceedings and trial (the "Consolidated Action"):
>
> | Abbreviated Case Name | Case Number | Date Filed |
> |---|---|---|
> | Zakinov v. Ripple Labs Inc. | 18-CIV-02845 | 6/5/2018 |
> | Oconer v. Ripple Labs Inc. | 18-CIV-03332 | 6/27/2018 |
>
> Every pleading filed in the Consolidated Action, or in any separate action included herein, shall bear the following caption:
>
> SUPERIOR COURT OF THE STATE OF CALIFORNIA
> COUNTY OF SAN MATEO
>
> IN RE RIPPLE LABS INC. LITIGATION ) Lead Case No. 18-CIV-02845
> ) (Consolidated with Case No. 18-CIV-03332)
> This Document Relates To: ) CLASS ACTION
> ALL ACTIONS. )

---

[3] CAFA's local controversy exception requires district courts to remand cases that satisfy certain conditions that tie the action to a particular state. See 28 U.S.C. § 1332(d)(4)(A)(i)-(ii)

5

> 8. Plaintiffs shall either designate a complaint as operative or file a Consolidated Complaint ("Consolidated Complaint") within 45 days after entry of this order, unless otherwise agreed upon by the parties. If filed, the Consolidated Complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein. Defendants shall respond to the operative complaint or Consolidated Complaint within 45 days after service, unless otherwise agreed by the parties. In the event that Defendants file any motions directed at the operative complaint or Consolidated Complaint, the opposition and reply briefs shall be filed within 45 and 20 days, respectively, of the motions, unless otherwise agreed upon by the parties. Counsel agrees to confer to select a hearing date.
>
> **RELATED MATTERS**
>
> 14. This Order shall apply to each case, arising out of the same or similar transactions and/or events as the Related Actions which is currently pending in, subsequently filed in, remanded to, or transferred to this Court.
>
> 15. When a case which properly belongs as part of the *In re Ripple Labs Inc. Litigation*, Lead Case No. 18-CIV-02845, is hereafter or has been filed in, remanded to, or transferred to this Court, counsel for the parties shall call such filing, remand, or transfer to the attention of the clerk of this Court for purposes of moving the Court for an order consolidating such case(s) with *In re Ripple Labs Inc. Litigation*, Lead Case No. 18-CIV-02845. Counsel for the parties will further assist in assuring that counsel for the parties in such subsequent action(s) receive notice of this Order.

First Consol. Order ¶¶ 6, 8, 14-15.

On October 15, 2018, pursuant to paragraph eight of that order, the Zakinov and Oconer plaintiffs (henceforth, the "In re Ripple plaintiffs") filed a consolidated complaint. Dkt. 2-1, Ex. A (the "Consolidated Complaint" or "Consol. Compl."). The Consolidated Complaint alleged the same causes of action, against the same defendants, on behalf of the same class as alleged in the Zakinov and Oconer complaints. Consol. Compl. ¶¶ 10-14, 80, 86-98. Thus, like Zakinov and Oconer, In re Ripple was not eligible for removal pursuant to CAFA.

**2. The Present Action**

On October 25, 2018, ten days after this court remanded Greenwald, defendants filed a Notice of Related Case (the "Notice") in San Mateo County Superior Court,

6

indicating that, at least in defendants' view, Greenwald was related to In re Ripple because the actions involved the same parties, the same or similar claims, and arose from the same or substantially identical events. Dkts. 21-1, Exs. 2-3. Defendants filed the Notice in both Greenwald and In re Ripple. Id. Under Cal. R. Ct. 3.3000(g), the parties had five days to file a "response supporting or opposing the notice." Neither Greenwald nor the In re Ripple plaintiffs filed a response.

Six days after defendants filed the Notice, on October 31, 2018, Judge DuBois ordered Greenwald related to and consolidated with In re Ripple. Dkt. 2-1, Ex. F (titled "Order Deeming Case Related and Consolidating Action Into Master File No. 18CIV02845") (henceforth, the "Second Consolidation Order" or "Second Consol. Order"). As relevant here, the Second Consolidation Order stated:

> 1. Notice of Related Case having been filed and served, and no opposition or objection filed and served, the case of Greenwald vs. Ripple Labs Inc[,] 18CIV03461 is deemed "related" to the pending consolidated class actions entitled In re Ripple Labs Inc Litigation, Master File No. 18CIV02845.
>
> 2. Pursuant to the order in Master File No. 18CIV02845 consolidating related class actions[—i.e., the First Consolidation Order—], and having been previously assigned for all purposes to Department 16, the case of Greenwald vs. Ripple Labs Inc[,] 18CIV03461 is ordered CONSOLIDATED as part of Master File No. 18CIV02845.

Second Consol. Order ¶¶ 1-2. Thus, creating the present action (henceforth, Ripple III).

On November 7, 2018, defendants removed Ripple III, on the theory that the Second Consolidation Order rendered both the Greenwald complaint and the Consolidated Complaint operative in Ripple III. According to defendants, Ripple III was thus removable because the Greenwald complaint, brought on behalf of worldwide XRP purchasers and against non-California defendants, created the minimal diversity In re Ripple alone was lacking.[4]

---

[4] Alternatively, In re Ripple's state law causes of action plus Greenwald's minimal diversity independently satisfy CAFA's jurisdictional requirements. Thus, Luther no longer bars removal of Ripple III.

7

On December 7, 2018, Greenwald and the In re Ripple plaintiffs separately moved to remand the action (or actions, according to plaintiffs) to state court. According to plaintiffs, defendants should not have removed Ripple III because the parties had a CMC with Judge DuBois scheduled for November 16, 2018, at which time plaintiffs intended on challenging or clarifying Judge DuBois' Second Consolidation Order.[5] More substantively, plaintiffs argue that the Second Consolidation Order was improper and, even if it was proper, did not create a single action with two operative complaints.

Thus, the thrust of the parties' remand dispute is the effect of Judge DuBois' two consolidation orders.

### 3. Judge DuBois Had the Authority to and Did Consolidate In Re Ripple and Greenwald For All Purposes

#### a. Judge DuBois' Authority to Consolidate the Actions

Plaintiffs first contend that consolidation may only occur through a noticed motion or stipulation and thus a judge may not sua sponte consolidate two actions. The court disagrees.

California Civil Procedure Code § 1048(a), entitled "Consolidation of actions; separate trial of any cause of action, or of any separate issues, or causes of action or issues," states:

> (a) When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

See also Cal. R. Ct. 3.767(a)(4), "Orders in the conduct of class actions," ("the court may

---

[5] Plaintiffs also argue that Judge DuBois inadvertently or erroneously issued the Second Consolidation Order. The court has little doubt that defendants' hasty removal—which federal law no doubt allows and, indeed, encourages—was a strategic decision that precipitated the present issues. That said, the court is not in the habit of declining subject-matter jurisdiction based on a party's speculation that another judge did not understand what he or she was doing. Nor have plaintiffs pointed to any authority allowing the court to do so.

8

make orders that . . . [f]acilitate the management of class actions through consolidation").

A leading treatise on the matter has observed, that "In General. No procedure to obtain an order of consolidation is indicated by C.C.P. 1048, and <u>it may be made on the court's own motion</u>, [but] preferably on stipulation or at least acquiescence of the parties." 4 Witkin, Cal. Proc. 5th Plead § 344 (2008) (emphasis added); <u>see also</u> Dkts. 26-2 through 26-5, Exs. A-C (state court orders consolidating actions "on the court's own motion").[6]

In the face of that authority, plaintiffs' citation to <u>Sutter Health Uninsured Pricing Cases</u>, 171 Cal. App. 4th 495, 514 (2009), is unpersuasive. While <u>Sutter</u> does advise that "[a]bsent a stipulation to consolidate, consolidation requires a noticed and written motion to consolidate," <u>id.</u> (emphasis omitted), <u>Sutter</u> neither addressed sua sponte consolidation nor analogous facts. On appeal, the <u>Sutter</u> plaintiff complained that the trial court judge failed to exercise appropriate discretion because the judge failed to treat his motion to intervene as a motion to consolidate. <u>Id.</u> With the above-quoted statement, the appellate court rejected that argument and held that the "trial court properly treated the Motion to Intervene as a motion to intervene." <u>Id.</u> Effectively, <u>Sutter</u> stands for the uncontroversial proposition that a motion to intervene is not a substitute for a stipulation or motion to consolidate. That says nothing about whether a court has the power to sua sponte consolidate actions.[7]

Plaintiffs next argue that removal jurisdiction can only be created by a plaintiff's voluntary act. That argument, conflating several disparate rules, fails.

First, plaintiffs cite a series of cases that stand for the proposition that in CAFA

---

[6] Plaintiffs argue that these orders are distinguishable because they are case management orders and present non-analogous facts. As to the former, plaintiffs provide no reason to conclude that a California judge's authority to sua sponte consolidate actions depends on the form (or title) of the order. As to the latter, plaintiffs do not show why the purported factual differences render the sua sponte consolidation orders invalid.

[7] Plaintiffs citation to Cal. R. Ct. 3.350 fails for a similar reason. While that rule addresses the form and effect of a motion to consolidate, it does not address whether a motion is the exclusive method of consolidation.

9

"mass actions," the proposal to try claims jointly must come from the plaintiffs, not from the defendants. "In addition to requiring that a 'mass action' include the claims of at least one hundred plaintiffs 'proposed to be tried jointly,' § 1332(d)(11) specifically provides that 'the term 'mass action' shall not include any civil action in which ... the claims are joined upon motion of a defendant.'" Tanoh v. Dow Chem. Co., 561 F.3d 945, 953 (9th Cir. 2009) (emphasis in original) (quoting 28 U.S.C. § 1332(d)(11)(B)(ii)(II)). That rule stemmed from a concern that defendants might try to consolidate several smaller actions consisting of less than 100 plaintiffs, into a removable "mass action." Id. That is not a concern here because both the Greenwald putative class and the In re Ripple putative class easily exceed CAFA's one hundred plaintiff threshold.

More fundamentally, the "mass action" removal limitations, see 28 U.S.C. § 1332(d)(11), do not apply here because plaintiffs "seek to represent interests of parties not before the court." See Tanoh, 561 F.3d at 952-53. That is, plaintiffs bring a class action, which the relevant "mass action" statute expressly excludes from its purview. See id. at 952; 28 U.S.C. § 1332(d)(11)(B)(i); 28 U.S.C. § 1711(2) (defining class action). Thus, the "mass action" removal limitations that plaintiffs rely on—including the limitation that an action will not be removable if "the claims are joined upon motion of a defendant," see 28 U.S.C. § 1332(d)(11)(B)(i)(II)—are not applicable here.

Second, plaintiffs cite the so-called "voluntary-involuntary" rule. The Ninth Circuit has explained that that rule, however, "applies to the diversity requirement under 28 U.S.C. § 1332" and finds its origin in a line of Supreme Court cases holding that an originally nonremovable complaint "cannot be converted into a removable one by evidence of the defendant or by an order of the court upon any issued tried upon the merits[.]" Self v. Gen. Motors Corp., 588 F.2d 655, 658-60 (9th Cir. 1978) (emphasis added) (instructing district court to remand where state court had rendered judgment against a non-diverse defendant and remaining diverse defendant removed the action based on diversity); Thompson v. Target Corp., No. EDCV1600839JGBMRWX, 2016 WL 4119937, at *8 (C.D. Cal. Aug. 2, 2016) ("The rule is typically applied in a situation where

a properly joined non-diverse defendant is dismissed for reasons beyond the control of the plaintiff."). Thus, on its face that rule does not apply here because removal-jurisdiction in this case was not the product of a decision on the merits or evidence presented by defendants. Nor does that rule clearly apply to CAFA-based removal which, as this court has discussed at length, is distinct from removal based on § 1332. See generally Coffey, 333 F. Supp. 3d at 958-965.[8]

Accordingly, the court finds that Judge DuBois had the authority to and in fact did consolidate Greenwald and In re Ripple.

### b. Judge DuBois Consolidated the Actions "For All Purposes"

Plaintiff next argues that even if Judge DuBois did consolidate the actions, they were only consolidated for purposes of trial and, according to plaintiffs, the pleadings therefore remained separate.

The California Supreme Court has explained:

> Under the statute and the case law, there are [ ] two types of consolidation: a consolidation for purposes of trial only, where the two actions remain otherwise separate; and a complete consolidation or consolidation for all purposes, where the two actions are merged into a single proceeding under one case number and result in only one verdict or set of findings and one judgment.

Hamilton v. Asbestos Corp., 22 Cal. 4th 1127, 1147, 998 P.2d 403 (2000).

The court finds that the Second Consolidation Order consolidated Greenwald and In re Ripple for all purposes. In Hamilton, the California Supreme Court considered whether an ambiguous order consolidated actions for trial or for all purposes. The California Supreme Court held that "The court's order granting the motion was not limited to a consolidation for trial: rather the court declared that 'It Is Ordered that Action[s] Nos.

---

[8] The only decision plaintiffs cite applying the voluntary-involuntary rule to CAFA removal was vacated and remanded by the Ninth Circuit. Goodman v. Wells Fargo Bank, N.A., No. CV 14-3171-JFW (RZX), 2014 WL 12626334, at *2 (C.D. Cal. July 1, 2014) vacated and remanded 602 F. App'x 681 (9th Cir. 2015). Nor did the district court's decision apply the voluntary-involuntary rule to a situation like the one here. See Goodman, 2014 WL 12626334 (holding change of law did not satisfy voluntary requirement).

11

1   955576 and 975884 <u>are consolidated as Action No. 955576.</u>' . . . This is the language of
2   complete consolidation." <u>Hamilton</u>, 22 Cal. 4th at 1148 (emphasis in original); <u>see also</u>
3   <u>Sanchez v. Superior Court,</u> 203 Cal. App. 3d 1391, 1396 (1988) (pointing to two actions
4   "retain[ing] [ ] separate numbers" as evidence that consolidation was not complete.); <u>City</u>
5   <u>of Oakland v. Abend</u>, No. C 07 2142 EMC, 2007 WL 2023506, at *4 (N.D. Cal. July 12,
6   2007) ("proceed[ing] under only one case number" evidenced complete consolidation).
7   The same is true here. The Second Consolidation order "was not limited to a
8   consolidation for trial" and consolidated <u>Greenwald</u> under the same case number as <u>In re</u>
9   <u>Ripple.</u> See Second Consol. Order ¶ 2 ("18CIV03461 is ordered CONSOLIDATED as
10  part of Master File No. 18CIV02845.").

11  In addition, the Second Consolidation order consolidates <u>Greenwald</u> "pursuant to"
12  the First Consolidation Order. <u>Id.</u> ¶ 2. It is undisputed that the latter order consolidated
13  <u>Zakinov</u> and <u>Oconer</u> "for all purposes." First Consol. Order ¶ 6. That at least suggests
14  that the consolidation of <u>Greenwald</u> was also for all purposes.

### 4. The Second Consolidation Order Rendered the Action Removable

#### a. The Effect of Judge DuBois Consolidating <u>Greenwald</u> and <u>In re Ripple</u> for All Purposes

18  The parties next dispute the effect of the Second Consolidation Order. Plaintiffs
19  argue that, the First and Second Consolidation Orders, read together, extinguish the
20  <u>Greenwald</u> complaint because Judge DuBois' "inadvertent" consolidation renders the
21  <u>Greenwald</u> complaint "supersed[ed]" by the Consolidated Complaint.

22  As relevant here, the First Consolidated Order states: The <u>Oconer</u> and <u>Zakinov</u>
23  "[p]laintiffs shall either designate a complaint as operative or file a Consolidated
24  Complaint . . . If filed, the Consolidated Complaint shall be the operative complaint and
25  <u>shall supersede all complaints filed in any of the actions consolidated herein</u>." First
26  Consol. Order ¶ 8. Plaintiffs' argument ignores the "herein," which modifies the
27  underlined clause. "Herein" means "here within, in here; in this place; in this passage,
28  book, etc." The Oxford English Dictionary, http://www.oed.com/view/Entry/86180 (last

1  visited February 25, 2019); Mirriam-Webster, https://www.merriam-webster.com/
2  dictionary/herein (last visited February 25, 2019) ("herein" defined as "in this"). Thus,
3  "herein" refers to the actions listed in and consolidated by the First Consolidated Order—
4  i.e., the Oconer and Zakinov actions. That makes sense, as the order exclusively
5  discusses those two actions in the paragraphs directly preceding (and in the same
6  section as) paragraph eight of the First Consolidation Order. First Consol. Order ¶¶ 6-7
7  (listing Zakinov and Oconer for consolidation). It does not apply, as plaintiffs argue, to all
8  actions consolidated in the future. Cf. Mirriam-Webster, https://www.merriam-
9  webster.com/dictionary/henceforth (last visited February 25, 2019) ("henceforth" means
10 "from this point on").

Plaintiffs also point to paragraphs 14 and 15 of the First Consolidation Order, which, according to plaintiffs, evidence that the order applies to all future related and consolidated cases. While those two paragraphs set out procedures for bringing related cases to the San Mateo County Superior Court's attention, they do not suggest that future complaints consolidated with In re Ripple would be extinguished. See Second Consol. Order ¶¶ 15.

More practically, plaintiffs fail to offer a coherent explanation regarding the effect of, as plaintiffs argue, Judge DuBois disappearing the Greenwald complaint. Did the order dismiss Greenwald's federal causes of action with or without prejudice? Is Greenwald still a plaintiff? If not, on what basis did he file a separate motion to remand?[9]

The more sensible result accords with the plain language of the order, as discussed above, and Ninth Circuit and California law. "Under California law, when two actions are consolidated 'for all purposes,' 'the two actions are merged into a single proceeding under one case number and result in only one verdict or set of findings and

---

[9] Indeed, the court finds it ironic that in the same breath that plaintiffs argue Judge DuBois committed a grave error by sua sponte consolidating the two actions, plaintiffs also contend that Judge DuBois must have sua sponte dismissed a plaintiff and multiple claims from the action entirely.

13

one judgment.'" Bridewell-Sledge v. Blue Cross of California, 798 F.3d 923, 930 (9th Cir. 2015) (quoting Hamilton). That rule applies regardless of whether a consolidated complaint has been filed. Id. at 929-31; see also People ex rel. Camil v. Buena Vista Cinema, 57 Cal. App. 3d 497, 500 (Ct. App. 1976) ("Where actions are consolidated [ ] the allegations of the complaints can be treated as one pleading.").

The Ninth Circuit has held that that rule continues to apply after removal pursuant to CAFA. See Bridewell, 798 F.3d at 926-930. In Bridewell, the state court consolidated two actions, the Crowder and Bridewell-Sledge actions, "for all purposes." Bridewell, 798 F.3d at 924-25. After plaintiffs in both actions filed amended complaints that named a non-California citizen, "[d]efendants filed two separate notices of removal—one for the Bridewell–Sledge complaint and one for the Crowder complaint." See id. at 926. After consolidating the actions in federal court, the district court issued an order to show cause as to why the Bridewell-Sledge action should not be remanded under CAFA's local controversy exception. Id. For that exception to apply, "[p]laintiffs were required to show that during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." Id. at 927 (internal quotation marks omitted). Plaintiffs provided evidence "that the Bridewell–Sledge complaint had been filed a few minutes prior to the Crowder complaint." Id. Thus, "treating the two actions separately," the district court remanded the Bridewell-Sledge action—as the first-filed action, it satisfied CAFA's local controversy exception—and refused to remand Crowder—as the second-filed action, the exception did not apply. Id.

The Ninth Circuit reversed, holding that the consolidated action was not removable because "when examining whether [a court] ha[s] federal jurisdiction over [two consolidated actions] . . . under CAFA, it is necessary to view [the actions] . . . as a single consolidated class action that was united originally, rather than as two separate class actions filed at different times." Id. at 930. In Bridewell, that resulted in remand because the consolidated action, made up of two complaints but viewed as "united

14

originally," met all of CAFA's local controversy requirements because no other similar class action had been filed in state court. Id.

The Bridewell-rule mandates that this court view the Greenwald complaint and the Consolidated Complaint as merged for the purposes of determining jurisdiction under CAFA. See also City of Oakland, 2007 WL 2023506, at *3–4 (finding that the state court consolidated the actions for all purposes and that though one of the operative complaints did not "on [its] face" qualify for removal, the other operative complaint provided subject-matter jurisdiction for the consolidated action) cited with approval by Bridewell, 798 F.3d at 929; Complete Consolidation Resulting in Single Action., 4 Witkin, Cal. Proc. 5th Plead § 346 (2008) ("the actions are viewed as if the . . . plaintiffs had filed a single complaint).

### b. Ripple III Was Removable Under CAFA and Coffey.

The parties do not dispute that if this court follows its ruling in Coffey, Ripple III satisfies CAFA's three jurisdictional requirements. The court agrees and sees no reason to depart from its prior decision in Coffey. Coffey, 333 F. Supp. 3d at 966. In addition, the court finds that Ripple III satisfies CAFA's jurisdictional requirements. Greenwald Compl. ¶¶ 14-17, 87 (alleging minimal diversity); Consol. Compl. ¶ 28 & ¶ E (alleging amount in controversy over $5 million for Cal. Corp. Code claims); Consol. Compl. ¶¶ 80-81 (alleging over 100 class members); Greenwald Compl. ¶¶ 87, 89 (same).

Though plaintiffs do not dispute that Ripple III is removable under the Coffey analysis, plaintiffs argue that the actions should nevertheless be remanded based on two CAFA exceptions: (1) the local controversy exception and (2) the securities-related exception. Those arguments fail.

To satisfy the local controversy exception, plaintiffs must show, inter alia, that greater than two-thirds of the proposed class members are citizens of California. 28 U.S.C. § 1332(d)(4)(A)(i)-(ii). Ripple III does not satisfy that requirement because Greenwald's putative class does not include any geographic limitation and plaintiffs have provided no basis to conclude that two-thirds of all XRP purchasers are California citizens.

15

Plaintiffs latter argument also fails.  CAFA's removal provision, § 1453, provides three exceptions to removal.  See 28 U.S.C. § 1453(d).  Plaintiffs invoke subsection (d)(3), which excepts from removal class actions that solely involve a claim that "relates to the rights, duties, . . . and obligations relating to or created by or pursuant to any security[.]"  That exception, however, applies to suits asserting that the promises made in securities have not been honored but does not apply to suits asserting fraud or other misconduct in the sale of securities.  Estate of Pew v. Cardarelli, 527 F.3d 25, 31–33 (2d Cir. 2008) (discussing the exception at length); Eminence Inv'rs, L.L.L.P. v. Bank of New York Mellon, 782 F.3d 504, 508 (9th Cir. 2015) (discussing Cardaelli with approval; explaining Cardarelli's "key distinction was whether the plaintiffs were seeking to enforce their rights as holders of the certificates or purchasers of the certificates . . .").

Here, Ripple III alleges misconduct regarding defendants' "unregistered sale of XRP."  Consol. Compl. ¶ 1 (emphasis added); see also, e.g., id. ¶ 2 ("Under California law, offers and sales of securities must be qualified with the Commissioner of Corporations"); Greenwald Compl. ¶¶ 1, 94-102 (defendants violated the federal Securities Act by selling unregistered securities).  Indeed, the Ripple III complaints seek to represent a class of all purchasers of XRP, not all holders of XRP.  Consol. Compl. ¶ 80; Greenwald Compl. ¶ 87.  Thus, the § 1453(d)(3) exception does not apply.

**CONCLUSION**

In short, the state court consolidated Greenwald and In re Ripple for all purposes.  In doing so it rendered both complaints operative and, viewing those complaints together, the consolidated action satisfies CAFA's removal requirements.  Accordingly, plaintiffs' motions to remand are DENIED.[10]

In addition, the court ORDERS as follows:

    (1) Within 14 days of this order, the parties SHALL conduct a meet and

---

[10] Because the court denies plaintiffs' motions to remand, the court also denies the In re Ripple plaintiffs' request for attorneys' fees.

confer regarding how this litigation should proceed;

(2) Within 30 days of this order, plaintiffs SHALL file an amended consolidated complaint; and

(3) If defendants intend to move to dismiss that amended consolidated complaint, the parties SHALL file a stipulated briefing schedule for that motion within 30 days of this order. Alternatively, if defendants do not intend to file a motion to dismiss, defendants shall file a statement to that effect by the same deadline.

**IT IS SO ORDERED.**

Dated: February 28, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge