ROBBINS GELLER RUDMAN
  & DOWD LLP
BRIAN O. O'MARA (229737)
LUCAS F. OLTS (234843)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
19/231-7423 (fax)
bomara@rgrdlaw.com
lolts@rgrdlaw.com

Local Counsel

ROBBINS ARROYO LLP
BRIAN J. ROBBINS (190264)
STEPHEN J. ODDO (174828)
ERIC M. CARRINO (310765)
5040 Shoreham Place
San Diego, CA  92122
Telephone:  619/525-3990
619/525-3991 (fax)
brobbins@robbinsarroyo.com
soddo@robbinsarroyo.com
ecarrino@robbinsarroyo.com

SCOTT+SCOTT ATTORNEYS
  AT LAW LLP
THOMAS L. LAUGHLIN, IV
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY  10169
Telephone:  212/233-6444
212/233-6334 (fax)
tlaughlin@scott-scott.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION<br><br>This Document Relates To:<br><br>    ALL ACTIONS. | Case No. 4:18-cv-06753-PJH<br><br>**CLASS ACTION**<br><br>VLADI ZAKINOV, DAVID OCONER, AND AVNER GREENWALD'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF<br><br>DATE:    June 26, 2019<br>TIME:    9:00 a.m.<br>CTRM:    3, 3rd Floor<br>JUDGE:    Hon. Phyllis J. Hamilton |

Cases\4816-7332-3927.v3-5/20/19

**NOTICE OF MOTION AND MOTION**

TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on June 26, 2019, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3 of the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, before the Honorable Phyllis J. Hamilton, plaintiffs Vladi Zakinov, David Oconer, and Avner Greenwald ("Movants") will and hereby do move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §77z-1, for an order: (1) appointing Movants as lead plaintiff; and (2) approving Movants' selection of Robbins Arroyo LLP ("Robbins Arroyo") and Scott+Scott, Attorneys at Law LLP, ("Scott+Scott") as lead counsel for the proposed class, and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as local counsel.

This Motion is made on the grounds that Movants timely filed this Motion, possess the largest financial interest in the relief sought by the class, and qualify as the "most adequate plaintiff" under 15 U.S.C. §77z-1(a)(3)(B). Movants meet the requirements of Rule 23 of the Federal Rules of Civil Procedure because their claims are typical of the claims of the class and they will fairly and adequately represent the interests of the class.  Further, Movants have selected and retained counsel with extensive experience in prosecuting securities fraud actions to serve as lead counsel.  Movants thus seek this Court's approval of their selection of counsel pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v).

This Motion is based upon the instant Motion, the Memorandum of Law in support thereof, the Declaration of Brian O. O'Mara ("O'Mara Decl."), the pleadings and other files herein, and such other written or oral arguments as may be permitted by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This securities class action lawsuit arises from three complaints, ultimately all consolidated by this Court on February 28, 2019, on behalf of purchasers of Ripple Labs Inc. ("Ripple") tokens ("XRP") between July 3, 2015 and the present, inclusive (the "Class Period").  The now-

consolidated action brings claims pursuant to: (1) §§5, 12(a)(1), and 15 of the Securities Act of 1933 (the "Securities Act"); and (2) §§25110, 25503, and 25504 of the California Corporations Code. Pursuant to the PSLRA, the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §77z-1(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §77z-1(a)(3)(B)(i). Here, Movants should be appointed lead plaintiff because they: (1) timely filed this Motion; (2) have a substantial financial interest in the outcome of this litigation; and (3) will adequately represent the interests of the class. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii). *See* O'Mara Decl., Ex. A. In addition, Movants' selection of Robbins Arroyo and Scott+Scott to serve as lead counsel, and Robbins Geller to serve as local counsel should be approved because these firms possess extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should appoint plaintiffs Zakinov, Oconer, and Greenwald as lead plaintiff pursuant to 15 U.S.C. §77z-1(a)(3)(B); and

2. Whether the Court should approve plaintiffs Zakinov, Oconer, and Greenwald's selection of counsel to serve as lead and local counsel for the class, pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v).

## III. BRIEF SUMMARY OF THE CONSOLIDATED ACTIONS

The U.S. Securities and Exchange Commission has made it clear that digital tokens, such as XRP, often constitute "securities and may not be lawfully sold without registration with the SEC or pursuant to an exemption from registration."[1]

The complaints allege that Ripple, its wholly owned subsidiary XRP II, LLC ("XRP II"), and certain executives and other insiders promoted, offered, and sold hundreds of millions of dollars' worth of XRP to the general public, yet neglected to register any XRP as securities in violation of

---

[1] *See Investor Bulletin: Initial Coin Offerings* (July 25, 2017), *available at* https://www.sec.gov/oiea/investor-alerts-and-bulletins/ib_coinofferings.

VLADI ZAKINOV, DAVID OCONER AND AVNER GREENWALD'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 4:18-cv-06753-PJH  - 2 -
Cases\4816-7332-3927.v3-5/20/19

federal and California law. The complaints allege that defendants are therefore liable in their capacity as issuers, statutory sellers, and/or direct or indirect offerors of XRP.

## IV.     ARGUMENT

### A.     Movants are the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedures for the appointment of a lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(1); *see also* 15 U.S.C. §77z-1(a)(3)(B)(i). First, pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §77z-1(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or the group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (discussing application of identical standard under 15 U.S.C. §78u-4(a)(3)(B)). Movants meet each of these requirements and should be appointed Lead Plaintiff.

#### 1.     This Motion Is Timely

The statutory notice of this action was published on March 20, 2019, advising class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed within 60 days. *See* O'Mara Decl., Ex. A. Because this Motion is timely filed, Movants are entitled to be considered for appointment as lead plaintiff.[2]

---

[2]    May 19th was a Sunday, thus, pursuant to Fed. R. Civ. P 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday," is May 20, 2019 and Movants' motion is timely filed and they are eligible to be considered for appointment as lead plaintiff.

15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(aa).  Notably, Movants also filed the now-consolidated complaints.  *Id.*

### 2.    Movants Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their PSLRA Certifications, Movants purchased 9,789.698 unregistered XRP tokens.  *See* O'Mara Decl., Ex. B.  Therefore, they have a substantial financial interest in the relief sought by the class.

### 3.    Movants Satisfy Rule 23's Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

"Typicality asks whether 'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'"  *Bodri v. GoPro, Inc.*, No. 16-cv-00232-JST, 2016 WL 1718217, at *5 (N.D. Cal. Apr. 28, 2006) (quoting Fed. R. Civ. P. 23(a)(3)).  The adequacy requirement "inquires whether 'the representative parties will fairly and adequately protect the interests of the class.'"  *Id.* (quoting Fed. R. Civ. P. 23(a)(4)).

Here, like all other members of the class, Movants purchased unregistered XRP and suffered harm.  *See* O'Mara Decl., Ex. B.  In addition, Movants' substantial stake in the outcome of the case indicates they have the requisite incentive to vigorously represent the class's claims.  Moreover, Movants are unaware of any conflicts between their claims and those asserted on behalf of the putative class.  Nor are Movants subject to any unique defenses.  Finally, as discussed below, Movants have also selected qualified counsel experienced in securities litigation.

Movant's common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel demonstrate that he satisfies the Rule 23 inquiry.

### B. The Court Should Approve Movants' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §77z-1(a)(3)(B)(v). The Court should not disturb Movants' choice of counsel unless it is necessary to protect the interests of the class. *In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. Movants have selected Robbins Arroyo and Scott+Scott to serve as lead counsel, and Robbins Geller to serve as local counsel in this case.

Robbins Arroyo has nearly 20 years of experience litigating successful conclusions to all types of securities class actions. *See* O'Mara Decl., Ex. C. Indeed, Robbins Arroyo is well-known for its extensive experience in prosecuting securities class actions and has demonstrated its ability to efficiently, aggressively, and effectively litigate these types of actions and protect the interests of stockholders. In fact, Robbins Arroyo partner Stephen J. Oddo, who is named counsel in this action, has devoted nearly 20 years himself to the practice of representing individual and institutional shareholders against corporations and their boards of directors and officers and securing meaningful recoveries on their behalf.

Within the last few years alone, Robbins Arroyo's attorneys have represented classes of public stockholders as lead or co-lead counsel in several class actions, including: (i) securing a $19.5 million settlement on behalf of former Saba Software, Inc. shareholders in a class action challenging the acquisition of Saba Software, Inc. by Vector Capital Management, LP in *In re Saba Software, Inc. Stockholder Litig*. C.A. No. 10698-VCN; (ii) the settlement fund of $19 million for shareholders in *In re Venoco, Inc. S'holder Litig.*, C.A. No. 6825-VCG (Del. Ch. Oct. 5, 2016), which the court noted that represented a 5.2% increase in the consideration received by the shareholders over the $12.50 share price in the merger consideration, an increase greater than recent settlements of this type; (iii) the $8 million recovery for the former unitholders of LRR Energy, L.P. ("LRR") in an action that alleged Securities Act violations (among others) in connection with the acquisition of LRR by Vanguard Natural Resources, LLC in *Hurwitz v. Mullins, et al.*, No. 1:15-cv-00711-MAK (D. Del.); and (iv) the $5.9 million settlement fund secured by Robbins Arroyo alleging that

defendants made materially false and misleading statements regarding one of the company's clinical trials in *In re Star Scientific, Inc. Sec. Litig.*, No. 3:13-CV-00183-JAG (E.D. VA July 6, 2015). Courts have specifically praised Robbins Arroyo's work in these types of cases. For example, in the *Venoco* matter, the firm earned praise from the judge for securing a "good result for all" and noted Robbins Arroyo as "excellent counsel."

Scott+Scott is a national law firm that specializes in securities class action litigation and has significant resources to litigate this complex securities class action. *See* O'Mara Decl., Ex. D. Scott+Scott consists of over 125 team members, including 100 highly experienced attorneys. Scott+Scott also includes a team of paralegals, legal assistants, and other office support staff, including in-house investigators and an e-discovery litigation support group. Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud, including: *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); and *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million). Scott+Scott currently serves as court-appointed lead or co-lead counsel in various federal securities class actions, including in this District: *In re GreenSky Sec. Litig.*, No. 1:18-cv-11071 (S.D.N.Y.); *In re Evoqua Water Techs. Corp. Sec. Litig.*, No. 1:18-cv-10320 (S.D.N.Y); *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.); and *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) (settlement pending).

Robbins Geller, a 200-attorney firm with offices nationwide and in this District, regularly practices complex securities litigation. *See* O'Mara Decl., Ex. D. Courts throughout the country, including this Court, have recognized Robbins Geller's significant experience in successfully litigating complex securities class actions, which has resulted in the appointment of Robbins Geller

attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) ("The Retirement System has chosen the law firm of Robbins Geller. The Court has reviewed the firm's resume . . . and is satisfied that the lead plaintiff has made a reasonable choice of counsel.").

Accordingly, the Court can be assured that the class will receive the highest caliber of legal representation should it approve Movants' selection of Robbins Arroyo and Scott+Scott as lead counsel and Robbins Geller as local counsel for the putative class.

## V.   CONCLUSION

Movants Zakinov, Oconer, and Greenwald have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, they respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of counsel.

DATED: May 20, 2019

Respectfully submitted,

ROBBINS GELLER RUDMAN
   & DOWD LLP
BRIAN O. O'MARA
LUCAS F. OLTS

          s/ BRIAN O. O'MARA
            BRIAN O. O'MARA

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS
PATTON L. JOHNSON
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

Local Counsel

VLADI ZAKINOV, DAVID OCONER AND AVNER GREENWALD'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 4:18-cv-06753-PJH - 7 -
Cases\4816-7332-3927.v3-5/20/19

| | |
|---|---|
| 1 | |
| 2 | ROBBINS ARROYO LLP<br>BRIAN J. ROBBINS |
| 3 | STEPHEN J. ODDO<br>ERIC M. CARRINO |
| 4 | 5040 Shoreham Place<br>San Diego, CA  92122 |
| 5 | Telephone:  619/525-3990<br>619/525-3991 (fax) |
| 6 | SCOTT+SCOTT ATTORNEYS |
| 7 |   AT LAW LLP<br>THOMAS L. LAUGHLIN, IV |
| 8 | The Helmsley Building<br>230 Park Avenue, 17th Floor |
| 9 | New York, NY  10169<br>Telephone:  212/233-6444 |
| 10 | 212/233-6334 (fax) |
| 11 | [Proposed] Lead Counsel for Plaintiff |

VLADI ZAKINOV, DAVID OCONER AND AVNER GREENWALD'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 4:18-cv-06753-PJH - 8 -
Cases\4816-7332-3927.v3-5/20/19

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 20, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/ BRIAN O. O'MARA
BRIAN O. O'MARA

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  bomara@rgrdlaw.com

Cases\4816-7332-3927.v3-5/20/19

# Mailing Information for a Case 4:18-cv-06753-PJH Zakinov et al v. Ripple Labs, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Eric M. Carrino**
  ecarrino@robbinsarroyo.com

- **Brian Edward Cochran**
  bcochran@rgrdlaw.com

- **John T. Jasnoch**
  jjasnoch@scott-scott.com,efile@scott-scott.com

- **Thomas L Laughlin , IV**
  tlaughlin@scott-scott.com,aweas@scott-scott.com,efile@scott-scott.com

- **Lauren Sager McCabe**
  lmccabe@scott-scott.com

- **Virginia Faye Milstead**
  virginia.milstead@skadden.com,dlmlclac@skadden.com,mayra.aguilera@skadden.com

- **Peter Bradley Morrison**
  peter.morrison@skadden.com,alissa.turnipseed@skadden.com,nandi.berglund@skadden.com,dlmlclac@skadden.com

- **John M. Neukom**
  John.Neukom@skadden.com,alissa.turnipseed@skadden.com,ecf-ffe64b85f282@ecf.pacerpro.com

- **Brian O. O'Mara**
  bo'mara@rgrdlaw.com,kmccarty@rgrdlaw.com,mburch@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Stephen J. Oddo**
  soddo@robbinsarroyo.com,notice@robbinsarroyo.com

- **Brian J. Robbins**
  notice@robbinsarroyo.com

- **Rhiana Swartz**
  rswartz@scott-scott.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,e_file_sd@rgrdlaw.com,1101510420@filings.docketbird.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`