TAYLOR-COPELAND LAW
James Q. Taylor-Copeland (SBN 284743)
501 W. Broadway, Suite 800
San Diego, CA 92101
Tel: 619-400-4944
james@taylorcopelandlaw.com

[Proposed] Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION, <br><br> This Document Relates To: <br><br> ALL ACTIONS | Case No. 4:18-cv-06753-PJH <br><br> <u>CLASS ACTION</u> <br><br> NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF <br><br> DATE:   June 26, 2019 <br> TIME:   9:00 a.m. <br> CTRM:   Courtroom 3 (3rd Floor) |

# NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on June 26, 2019, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3 on the 3rd Floor of the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, before the Honorable Phyllis J. Hamilton, Bradley Sostack will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §77z-1(a)(3)(B), for an order (1) appointing him as Lead Plaintiff and (2) approving his selection of Taylor-Copeland Law as Lead Counsel.  This Motion is made on the grounds that Mr. Sostack satisfies the PSLRA's requirements for appointment as lead plaintiff.

## MEMORANDUM OF LAW

I.   INTRODUCTION

This securities class action arises from three complaints, consolidated by this Court on February 28, 2019, brought on behalf of investors that purchased Ripple tokens ("XRP") issued and sold by Ripple Labs Inc. ("Ripple") and related entities and individuals.  The now consolidated actions allege causes of action for violations of various laws, including the Securities Act of 1933 (the "1933 Act").

In securities class actions, such as this, the PSLRA requires district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §77z-1(a)(3)(B)(i).  Mr. Sostack should be appointed as Lead Plaintiff because he has timely filed this Motion, has the largest financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §77z-1(a)(3)(B)(iii).  In addition, Mr. Sostack's selection of Taylor-Copeland Law to serve as Lead Counsel should be approved.  *See* §IV.C. *infra*.

II.   STATEMENT OF ISSUES TO BE DECIDED

1.   Whether the Court should appoint Mr. Sostack as Lead Plaintiff pursuant to 15 U.S.C. §77z-1(a)(3)(B); and

2.  Whether the Court should approve Mr. Sostack's selection of Taylor-Copeland Law as Lead Counsel pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v).

## III. STATEMENT OF FACTS

The complaints allege that Ripple Labs, Inc. ("Ripple Labs") as well as various related entities and individuals ("Defendants") violated the registration provisions of state and federal securities laws by selling XRP tokens to the general public during a never-ending initial coin offering ("ICO"). Like the better-known initial public offering ("IPO"), in an ICO, digital assets are sold to consumers in exchange for legal tender or cryptocurrencies (most often Bitcoin and Ethereum). These tokens generally give the purchaser various rights on the blockchain network and resemble the shares of a company sold to investors in an IPO.

Defendants raised hundreds of millions of dollars through the unregistered sale of XRP to retail investors in violation of the registration provisions of the Securities Act and the California Corporations Code. In order to increase demand for XRP, and thereby increase the profits they can derive by selling XRP, Defendants have consistently portrayed XRP as a good investment, relayed optimistic price predictions, and conflated Ripple Labs' enterprise customers with usage of XRP.

The XRP offered and sold by Defendants have all the traditional hallmarks of a security. XRP purchasers, including Mr. Sostack, provided consideration (in the form of fiat, including U.S. dollars, or other cryptocurrencies) in exchange for XRP. XRP purchasers reasonably expected to derive profits from their ownership of XRP, and Defendants themselves have frequently highlighted this profit motive. Finally, the development of the XRP Ledger, and the profits that investors expected to derive therefrom, were, and are, based entirely on the technical, managerial, and entrepreneurial efforts of Defendants and other third parties employed by Defendants.

## IV. ARGUMENT

### A. Mr. Sostack is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1933 Act] that is brought as a plaintiff class action pursuant to the

Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(1).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §77z-1(a)(3)(A)(i).  The statutory notice in this case was published on March 20, 2019, via *AP Business Wire*.

Next, the PSLRA requires the Court to adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).  Mr. Sostack meets each of these requirements and should be appointed as Lead Plaintiff.

### 1. Mr. Sostack Has Complied with the PSLRA's Procedural Requirements

The statutory notice published advised purported class members of the pendency of the action, the claims asserted, the proposed class definition, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by May 20, 2019.  Mr. Sostack is timely moving this Court to be appointed Lead Plaintiff by the statutory deadline.

Mr. Sostack has also executed a Certification evidencing his willingness to serve as Lead Plaintiff on behalf of the class. *See* Declaration of James Taylor-Copeland in Support of Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Taylor-Copeland Decl."), Ex. A.  Accordingly, Mr. Sostack is eligible to have his motion considered by the Court.

### 2. Mr. Sostack Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by his Certification, Mr. Sostack purchased over $250,000 worth of XRP in January 2018 and suffered approximately $100,000 in losses. *See* Taylor-Copeland Decl., Ex. A.

To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest. Accordingly, Mr. Sostack satisfies the PSLRA's prerequisite of having a significant financial interest.

### 3. Mr. Sostack Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

The test of typicality is "'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced, and able to vigorously prosecute the action on behalf of the class. *See* Fed. R. Civ. P. 23(a)(4).

Here, Mr. Sostack easily meets these requirements. He has executed a Certification evidencing his financial interest and confirming his willingness to serve as lead plaintiff. *See* Taylor-Copeland Decl., Ex. A; L.R. 3-7(b). Like all putative class members, Mr. Sostack purchased XRP and his financial interest indicates he has the requisite incentive to vigorously represent the putative class's claims. *See* Taylor-Copeland Decl., Ex. A. Finally, Mr. Sostack is not subject to unique defenses and is not aware of any conflicts between his claims and those asserted on behalf of the putative class. As such, the Court should find that Mr. Sostack has made a *prima facie* showing of typicality and adequacy.

In sum, Mr. Sostack has satisfied each of the PSLRA's requirements and should be appointed lead plaintiff.

**B.     The Court Should Approve Mr. Sostack's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  See 15 U.S.C. §77z-1(a)(3)(B)(v).  The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class.  See In re Cohen, 586 F.3d 703, 711-12 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice"); Cavanaugh, 306 F.3d at 732-35.  Mr. Sostack has selected Taylor-Copeland Law as Lead Counsel in this case.

Taylor-Copeland Law is a boutique litigation firm that regularly represents aggrieved clients in business disputes including investment fraud.  See Taylor-Copeland Decl., Ex. B. Taylor-Copeland has unique experience litigating cryptocurrency cases for victims of cryptocurrency fraud and has been involved in the instant case since its inception.  Id.  Mr. Sostack's counsel is competent, experienced, and qualified to represent the putative class. Accordingly, Taylor-Copeland Law should be appointed as Lead Counsel.

**V.     CONCLUSION**

Mr. Sostack has satisfied each of the PSLRA's requirements for appointment as Lead Plaintiff and is the most adequate Plaintiff.  As such, Mr. Sostack respectfully requests that the Court grant his motion.

DATED: May 20, 2019                                     Respectfully submitted,

                                                     s/James Taylor-Copeland
                                                     James Q. Taylor-Copeland (SBN 284743)
                                                     TAYLOR-COPELAND LAW
                                                     501 W. Broadway, Suite 800
                                                     San Diego, CA 92101

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 20, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury that the foregoing is true and correct.  Executed on May 20, 2019.

    s/James Taylor-Copeland
James Q. Taylor-Copeland (SBN 284743)
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
E-mail: james@taylorcopelandlaw.com