1

TAYLOR-COPELAND LAW
James Q. Taylor-Copeland (SBN 284743)

2

501 W. Broadway, Suite 800
San Diego, CA 92101

3

Tel: 619-400-4944
Fax: 619-566-4341

4

james@taylorcopelandlaw.com

5

[Proposed] Lead Counsel for Plaintiff

6

UNITED STATES DISTRICT COURT

7

NORTHERN DISTRICT OF CALIFORNIA OAKLAND DIVISION

8

9

In re RIPPLE LABS INC. LITIGATION,

10

_____

11

This Document Relates To:

12

ALL ACTIONS

13

_____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 4:18-cv-06753-PJH

<u>CLASS ACTION</u>

BRADLEY SOSTACK'S OPPOSITION TO
VLADI ZAKINOV, DAVID OCONER, AND
ANVER GREENWALD'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF COUNSEL

DATE:        June 26, 2019
TIME:        9:00 a.m.
JUDGE:       Hon. Phyllis J. Hamilton
CTRM:        Courtroom 3 (3rd Floor)

1    Before this Court are two competing motions for appointment as lead plaintiff filed
2    pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  *See* ECF Nos. 36,
3    45.  On May 20, 2019, Mr. Sostack filed a timely Motion seeking to be appointed lead plaintiff.
4    The only competing motion was filed by three individuals with a significantly smaller financial
5    interest than Mr. Sostack: Vladi Zakinov, David Oconner, and Anver Greenwald (the "Greenwald
6    Group").

7    The PSLRA governs the appointment of a lead plaintiff in securities class actions such as
8    this one, and directs the Court to "adopt a presumption that the most adequate plaintiff . . . is the
9    person" that "has the largest financial interest in the relief sought by the class" and "otherwise
10   satisfies the [adequacy and typicality] requirements of Rule 23."  15 U.S.C. § 77z-1(a)(3)(B)(iii).
11   The PSLRA "provides in categorical terms that the ***only basis*** on which a court may compare
12   plaintiffs competing to serve as lead is the size of their financial stake in the controversy. Once it
13   determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless
14   it finds that he does not satisfy the typicality or adequacy requirements."  *In re Cavanaugh*, 306
15   F.3d 726, 732 (9th Cir. 2002) (emphasis added).

16   Here, Mr. Sostack purchased over 128,000 XRP tokens in January 2018 for approximately
17   $300,000 worth of Bitcoin and USDT[1] and suffered over $100,000 in losses as a result of those
18   XRP transactions.  *See* ECF No. 45-1, Declaration of James Taylor-Copeland ("Taylor-Copeland
19   Decl."), Ex. A.  Mr. Sostack's XRP investment losses dwarf those of the Greenwald Group, who
20   between them invested less than $10,000 to acquire 9,788.365 XRP.  *See* ECF No. 37-2,
21   Declaration of Brian O. O'Mara ("O'Mara Decl."), Ex. B.  Mr. Sostack therefore "has the largest
22   financial interest in the relief sought by the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).

23   Mr. Sostack also satisfies the requirements of Rule 23 of the Federal Rules of Civil
24   Procedure as he is an adequate representative with claims typical of other Class Members.  The
25
26
27
28

---

[1] USDT, otherwise known as U.S. Dollar Tether, is a cryptocurrency that is purportedly backed by U.S. dollar ("USD") reserves held by its issuer.  Its value thus closely approximates that of USD.

OPPOSITION TO GREENWALD GROUP'S MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF                                                                                                  - 1 -

1  Court should thus grant Mr. Sostack's motion in its entirety, appoint Mr. Sostack as lead plaintiff,

2  and approve his selection of Lead Counsel.  *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

3  **I.    MR. SOSTACK IS THE MOST ADEQUATE PLAINTIFF**

4          The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate

5  plaintiff. . . is the person or group of persons that . . . has the largest financial interest in the relief

6  sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii).  Courts "typically equate 'largest financial

7  interest' with the losses suffered or amount of potential recovery." *Mohanty v. Bigband Networks,*

8  *Inc.*, No. C 07-5101, 2018 U.S. Dist. LEXIS 32764, at *12 (N.D. Cal. Feb.14, 2008); *see also*

9  *Zhamukhanov v. AcelRx Pharms., Inc.*, No. 14-cv-04416-LHK, 2015 U.S. Dist. LEXIS 22180, at

10  *9 (C.D. Cal. Feb. 24, 2015) ("District courts have equated financial interest with actual economic

11  losses suffered"); *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 U.S. Dist. LEXIS 28406,

12  at *13-14 (N.D. Cal. Apr. 16, 2015) ("the approximate losses suffered [is] most determinative in

13  identifying the plaintiff with the largest financial loss").

14          The chart below demonstrates that Mr. Sostack has by far the largest financial interest in

15  this litigation.  Mr. Sostack invested over thirty times the amount invested by the entire Greenwald

16  Group and sustained over fifty times the losses sustained by that group.

| Movant | XRP Tokens Acquired | Approximate Investment[2] | Approximate Losses |
|---|---|---|---|
| **Bradley Sostack** | 128,978.88 | $307,705.00 | $118,104.00 |
| **Greenwald Group** | 9,788.365 | $9810.5 | $2,303.25 |
| Vladi Zakinov | 518 | $635.00 | $401.00[3] |
| David Oconer | 115 | $147.50 | $95.75 |
| Anver Greenwald | 9155.365 | $9028.00 | $2,207.50 |

[2] Where an investor bought or sold XRP with Bitcoin, the approximate USD value of those trades was calculated by using the historical price of Bitcoin in USD on the date of that transaction.  *See* https://coinmarketcap.com/currencies/bitcoin/.

[3] Where an investor continues to hold XRP, their losses are approximated by deducting the approximate market value of their XRP from the consideration paid for that XRP.

## II.   MR. SOSTACK SATISFIES THE REQUIREMENTS OF RULE 23

As demonstrated in his opening brief, Mr. Sostack meets the typicality and adequacy requirement of Rule 23. See Dkt. No. 45 at 4. Mr. Sostack satisfies the typicality requirement because he seeks the same relief and advances the same legal theories as other Class members. *See Cavanaugh*, 306 F.3d at 730; *McCracken v. Edwards Lifesciences Corp*., No. 8:13-CV-1463-JLS (RBNx), 2014 U.S. Dist. LEXIS 2147, at *10 (C.D. Cal. Jan. 8, 2014) (finding typicality requirement met when the proposed lead plaintiff's "claims are based on the same legal theory and arise from the same events and course of conduct as the proposed class's claims").  Like all other Class members, Mr. Sostack sustained losses as a result of his investment in the unregistered XRP security.  *Wong v. Arlo Technologies, Inc.*, No. 19-cv-00372-BLF, 2019 WL 2010706 (N.D. Cal. May 6, 2019) ("like all other members of the purported class, [movant] purchased or acquired Arlo stocks . . . during the relevant time period and suffered accompanying losses.").

Mr. Sostack similarly satisfies the adequacy requirement because his claims and interests are perfectly aligned with those of the Class. No antagonism exists between his interests and those of the absent Class members. *See Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 U.S. Dist. LEXIS 28040, at *8 (C.D. Cal. Mar. 2, 2012) (finding adequacy element "satisfied where the lead plaintiff's . . . interests are not antagonistic to those of the class").  Mr. Sostack is not subject to unique defenses and is not aware of any conflicts between his claims and those asserted on behalf of the putative class.

As the movant with the largest financial losses, Mr. Sostack is the presumptive lead plaintiff. Having also satisfied the requirements of Rule 23, Mr. Sostack's motion should be granted and the Greenwald Group's competing motion for lead plaintiff should be denied.

## III.   SOSTACK'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §77z-1(a)(3)(B)(v).  The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class.  *See In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice

1   of counsel, the district court should generally defer to that choice"); *Cavanaugh*, 306 F.3d at 732-
2   35.

3       Here, Mr. Sostack has selected Taylor-Copeland Law as Lead Counsel in this case. Taylor-
4   Copeland Law is a boutique litigation firm that has unique experience litigating cryptocurrency
5   cases arising under the securities laws and has been involved in the instant case since its inception.
6   *Id.* Taylor-Copeland Law was one of the first firms in the country to focus on blockchain and
7   cryptocurrency litigation and is at the forefront of this rapidly developing area of law. It is focused
8   on representing aggrieved investors and cryptocurrency users, is currently prosecuting three
9   additional securities class actions on behalf of aggrieved initial coin offering investors and is Co-
10   Lead Counsel in the Centra Tech securities litigation pending in the Southern District of Florida.
11   *Id.* Mr. Sostack's counsel is competent, experienced, and qualified to represent the putative class.
12   Accordingly, Taylor-Copeland Law should be appointed as Lead Counsel.

13   **IV.    CONCLUSION**

14       Mr. Sostack has satisfied each of the PSLRA's requirements for appointment as lead
15   plaintiff and is the most adequate Plaintiff. As such, Mr. Sostack respectfully requests that the
16   Court grant his motion for appointment as lead plaintiff and deny the Greenwald Group's
17   competing motion.

18   DATED: June 3, 2019            Respectfully submitted,

21                        s/James Taylor-Copeland
22                        James Q. Taylor-Copeland (SBN 284743)
                         TAYLOR-COPELAND LAW
23                        501 W. Broadway, Suite 800
                         San Diego, CA 92101
24                        Tel: 619-400-4944
                         Fax: 619-566-4341

1

<u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on June 3, 2019, I authorized the electronic filing of the foregoing with

3

the Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4

e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5

caused to be mailed the foregoing document or paper via the United States Postal Service to the

6

non-CM/ECF participants indicated on the attached Manual Notice List.

7

I certify under penalty of perjury that the foregoing is true and correct.  Executed on June

8

3, 2019.

9

10

11
    s/James Taylor-Copeland

James Q. Taylor-Copeland (SBN 284743)

12
TAYLOR-COPELAND LAW

501 W. Broadway, Suite 800

13
San Diego, CA 92101

E-mail: james@taylorcopelandlaw.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO GREENWALD GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

- 5