Kathleen R. Hartnett (SBN 314267)
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone:   (415) 293-6800
Facsimile:   (415) 293-6899
Email:       khartnett@bsfllp.com

Damien J. Marshall (*pro hac vice admitted*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone:   (212) 446-2300
Facsimile:   (212) 446-2350
Email:       dmarshall@bsfllp.com

Andrew J. Ceresney (*pro hac vice pending*)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Telephone:   (212) 909-6000
Facsimile:   (212) 909-6836
Email:       aceresney@debevoise.com

*Attorneys for Defendants Ripple Labs Inc.,*
*XRP II, LLC, and Bradley Garlinghouse*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION,<br><br>This Document Relates To:<br>All Actions | Case No. 18-cv-06753-PJH<br><br>**REQUEST FOR JUDICIAL NOTICE OR INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date:  January 15, 2020<br>Time:  9:00 a.m.<br>Place: Courtroom 3<br>Judge: Hon. Phyllis J. Hamilton<br><br>Consolidated Complaint filed: August 5, 2019<br><br>[FILED CONCURRENTLY WITH NOTICE OF MOTION AND MOTION TO DISMISS, MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KATHLEEN HARTNETT] |

1    Defendants Ripple Labs Inc. ("Ripple"), XRP II, LLC ("XRP II"), and Bradley Garlinghouse (collectively, "Defendants") request that the Court take judicial notice or incorporate by reference four documents that are quoted and/or cited in Plaintiff's Consolidated Complaint for Violations Of Federal And California Law ("Complaint").[1]

The first document is the Statement of Facts from the federal government's May 2015 settlement with Ripple and XRP II.  Complaint ¶ 2 & n.2; *see also id.* ¶¶ 25, 112.  A true and correct copy of the Statement of Facts is attached as **Exhibit A** to the concurrently filed Declaration of Kathleen Hartnett ("Hartnett Declaration").

The second document is the "Ripple credits" page from Ripple's Wiki website.  Complaint ¶ 24 & n.7, ¶ 130 & n.91, ¶ 145 & n.99.  A true and correct copy of an archived version of that webpage is attached as **Exhibit B** to the Hartnett Declaration.[2]

The third document is the "Q1 2018 XRP Markets Report" page of Ripple's website.  Complaint ¶ 36 & n.16.  A true and correct copy of this webpage is attached as **Exhibit C** to the Hartnett Declaration.

The fourth document is a CNBC article titled "Ripple is sitting on close to $80 billion and could cash out hundreds of millions per month—but it isn't."  Complaint ¶ 52 & n.31.  A true and correct copy of this article is attached as **Exhibit D** to Hartnett Declaration.

Pursuant to Federal Rule of Evidence 201, a court may "take judicial notice of documents on which allegations in the complaint *necessarily* rely, even if not expressly referenced in the complaint, provided that the authenticity of those documents is not in dispute."  *Lalwani v. Burwell*, 2015 WL 6123087, at *4 (N.D. Cal. Oct. 19, 2015) (citation omitted).  All four documents are expressly referenced by Plaintiff in the Complaint at the paragraphs indicated above, through citation and/or quotation.  Defendants do not dispute the documents' authenticity, nor—after citing to them and quoting from them directly—can Plaintiff.  Further, courts may also take judicial notice of "records and reports

---

[1] All documents incorporated by reference in the Complaint are properly before the Court on a motion to dismiss, but this Request focuses on four documents that are particularly relevant to Defendants' dismissal arguments.

[2] This webpage does not exist at the link that Plaintiffs repeatedly cite in their complaint.  The copy attached as Exhibit B was located through archive.org and is displayed as it existed on September 28, 2017, which is the latest date available.  Hartnett Decl. ¶ 3.

1
REQUEST FOR JUDICIAL NOTICE
CASE NO. 18-cv-06753-PJH

of administrative bodies." *Id.* (quoting *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104 (1991)). This includes settlement agreements between parties and administrative agencies, such as Exhibit A. *Duncan v. San Dieguito Union High Sch. Dist.*, 2019 WL 4016450, at *2 (S.D. Cal. Aug. 26, 2019) ("Judicial notice is appropriate with respect to [the executed final settlement agreement] for the purpose of the motion to dismiss because [it is a] record[] of an administrative agency.").

Alternatively, Defendants request that the Court incorporate Exhibits A–D by reference. When a document's "contents are alleged in a complaint" or "the plaintiff's claim depends on [its] contents," and no party questions the document's authenticity, a court may consider the document on a motion to dismiss without converting the motion to one for summary judgment. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citations omitted); *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159–60 (9th Cir. 2012); *In re Pac. Gateway Exch., Inc. Sec. Litig.*, 169 F. Supp. 2d 1160, 1164 (N.D. Cal. 2001) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim"). In addition, where a claim is grounded in fraud, as are Plaintiff's claims under California Corporations Code Section 25401 and California's False Advertising and Unfair Competition Laws, it is appropriate to consider the entire alleged statement in context in order to determine what a reasonable investor would believe. *E.g.*, *Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1397–98 (E.D. Cal. 1994) (incorporating by reference exemplar mailings on which misrepresentation claim was based); *Patel v. Parnes*, 253 F.R.D. 531, 547 (C.D. Cal. 2008) (taking judicial notice of earnings call transcripts that provided "full context in which the information was disclosed to the market").

As explained above, the contents of all four documents are repeatedly alleged in the Complaint by Plaintiff and their authenticity has not been (and cannot be) disputed by Plaintiff. The Court "may treat such . . . document[s] as part of the complaint, and thus may assume that [their] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Davis*, 691 F.3d at 1160 (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)); s*ee also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 n.13 (2007) ("[T]he District Court was entitled to take notice of the full contents of the published articles referenced in the complaint, from which the truncated quotations were drawn").

## CONCLUSION

For the aforementioned reasons, Defendants respectfully request that the Court take judicial notice of Exhibits A–D or, in the alternative, incorporate Exhibits A–D by reference.

Dated: September 19, 2019

Respectfully Submitted,

By:   */s/ Kathleen R. Hartnett*
Kathleen R. Hartnett (SBN 314267)
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile:  (415) 293-6899
Email: khartnett@bsfllp.com

Damien J. Marshall (*pro hac vice admitted*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile:  (212) 446-2350
Email: dmarshall@bsfllp.com

Andrew J. Ceresney (*pro hac vice pending*)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Facsimile:  (212) 909-6836
Email: aceresney@debevoise.com

*Attorneys for Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse*