1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| In re RIPPLE LABS INC. LITIGATION, | Case No. 18-cv-06753-PJH |
|---|---|
| This Document Relates To:<br>All Actions | **[PROPOSED] ORDER GRANTING DEFENDANTS RIPPLE LABS INC., XRP II, LLC, AND BRADLEY GARLINGHOUSE'S MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE** |

1   On January 15, 2020, at 9:00 a.m., Defendants Ripple Labs Inc. ("Ripple"), XRP II, LLC ("XRP II"), and Bradley Garlinghouse's (collectively, "Defendants'") Motion to Dismiss the Consolidated Class Action Complaint of Plaintiff Bradley Sostack, individually and on behalf of all others similarly situated, pursuant to Federal Rule of Civil Procedure 12(b)(6), and Defendants' Request for Judicial Notice in Support of the Motion to Dismiss, pursuant to Federal Rule of Evidence 201, was heard in Courtroom 3 of the above-referenced Court. Appearances of counsel are as noted in the Court's record.

Upon consideration of all the papers filed in connection therewith and the oral argument of counsel, **IT IS HEREBY ORDERED** that:

1.   Defendants' Request for Judicial Notice is **GRANTED**. The Court takes judicial notice of Exhibits A through D attached to the Declaration of Kathleen Hartnett in Support of Defendants' Request for Judicial Notice, including because they are relied upon, cited to, and quoted from in Plaintiff's Complaint. *Lalwani v. Burwell*, 2015 WL 6123087, at *4 (N.D. Cal. Oct. 19, 2015).

2.   Defendants' Motion to Dismiss is **GRANTED WITH PREJUDICE**. *First*, Plaintiff's federal securities claims (Counts 1 and 2) are dismissed because they are barred by the three-year statute of repose in 15 U.S.C. § 77m. They are also dismissed because Plaintiff fails to plausibly allege that he purchased XRP as part of an "initial distribution," *Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 571–572 (1995), or that Defendants were the "sellers" of the XRP he purchased, *Pinter v. Dahl*, 486 U.S. 622, 647 (1988). *Second*, Plaintiff's California Corporations Code claims for unqualified securities (Counts 3 and 5) are dismissed because Plaintiff fails to plausibly allege (1) an "issuer transaction," *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1104 (1993); (2) privity with Defendants, *Bowden v. Robinson*, 67 Cal. App. 3d 705, 712 (Ct. App. 1977); or (3) that Defendants offered or sold XRP to Plaintiff in California, *Siegal v. Gamble*, 2016 WL 1085787, at *7 (N.D. Cal. Mar. 21, 2016). *Third*, Plaintiff's misrepresentation claim (Count 4) is dismissed because Plaintiff fails to plausibly allege (1) privity with Defendants, *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 252–54 (2007); (2) XRP purchases in California, *Diamond Multimedia Sys., Inc. v. Superior Court*, 19 Cal. 4th 1036, 1053 (1999); (3) a statement made in connection with his XRP purchases, *Apollo*, 158 Cal. App. 4th at 249; or (4) an actionable misstatement under Rule 9(b), *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). *Fourth*, Plaintiff's claims for liability under California's False Advertising

1  Law and Unfair Competition Law (Counts 6 and 7) are dismissed because they (1) as alleged, relate to
2  "securities transactions," *Bowen v. Ziasun Tech.*, 116 Cal. App. 4th 777, 788 (2004); (2) fall within
3  those statutes' safe harbor due to the federal Securities Act's three-year statute of repose, *Cel-Tech*
4  *Commc'ns, Inc. v. L.A. Cell. Tel. Co.*, 20 Cal. 4th 163, 182 (1999); *Pom Wonderful LLC v. Coca Cola*
5  *Co.*, 2013 WL 543361, at *5 (C.D. Cal. Feb. 13, 2013); and (3) are insufficiently pled under Rule 9(b),
6  *Wolph v. Acer Am. Corp.*, 2009 WL 2969467, at *5 (N.D. Cal. Sept. 14. 2009).  Amendment of
7  Plaintiff's complaint would be futile, including because (1) Plaintiff's federal securities claims are
8  barred by 15 U.S.C. § 77m's three-year statute of repose, (2) Plaintiff's state securities claims cannot lie
9  because Plaintiff purchased his XRP on virtual currency exchanges and lacks privity with Defendants,
10 and (3) Plaintiff's FAL and UCL claims are barred by those statutes' safe harbor, in light of 15 U.S.C. §
11 77m.  Given this futility, the above-captioned action is hereby dismissed in its entirety without leave to
12 amend.  *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

13         3.     The clerk is directed to close the file in this matter.

15 Dated: _____    _____
16                                          HON. PHYLLIS J. HAMILTON
                                            UNITED STATES CHIEF DISTRICT JUDGE