| | |
|---|---|
| James Q. Taylor-Copeland (284743) | Damien J. Marshall (Admitted *pro hac vice*) |
| james@taylorcopelandlaw.com | dmarshall@bsfllp.com |
| TAYLOR-COPELAND LAW | BOIES SCHILLER FLEXNER LLP |
| 501 W. Broadway, Suite 800 | 55 Hudson Yards, 20th Floor |
| San Diego, CA 92101 | New York, NY 10001 |
| Telephone: (619) 400-4944 | Telephone: (212) 446-2300 |
| Facsimile: (619) 566-4341 | Facsimile: (212) 446-2350 |
| | |
| Marc M. Seltzer (54534) | Maxwell V. Pritt (SBN 253155) |
| mseltzer@susmangodfrey.com | mpritt@bsfllp.com |
| Steven G. Sklaver (237612) | BOIES SCHILLER FLEXNER LLP |
| ssklaver@susmangodfrey.com | 44 Montgomery Street, 41st Floor |
| Oleg Elkhunovich (269238) | San Francisco, CA 94104 |
| oelkhunovich@susmangodfrey.com | Telephone: (415) 293-6800 |
| Meng Xi (280099) | Facsimile: (415) 293-6899 |
| mxi@susmangodfrey.com | |
| SUSMAN GODFREY L.L.P. | Menno Goedman (SBN 301271) |
| 1900 Avenue of the Stars, 14th Floor | mgoedman@bsfllp.com |
| Los Angeles, CA 90067 | BOIES SCHILLER FLEXNER LLP |
| Telephone: (310) 789-3100 | 1401 New York Avenue, N.W. |
| Facsimile: (310) 789-3150 | Washington, DC 20005 |
| | Telephone: (202) 237-2727 |
| P. Ryan Burningham (*pro hac vice*) | Facsimile: (202) 237-6131 |
| rburningham@susmangodfrey.com | |
| SUSMAN GODFREY L.L.P. | *Attorneys for Defendants Ripple Labs, Inc.,* |
| 1201 Third Avenue, Suite 3800 | *XRP II LLC, and Bradley Garlinghouse* |
| Seattle, WA 98101 | |
| Telephone: (206) 516-3880 | |
| Facsimile: 206) 516-3883 | |

*Counsel for Lead Plaintiff Bradley Sostack*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION, | Case No. 18-cv-06753-PJH |
| | **JOINT ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED AND CONSOLIDATED FOR PRETRIAL PURPOSES** |
| This Document Relates To: ALL ACTIONS | |
| | (Civil L.R. 3-12 and 7-11) |
| | Judge: Hon. Phyllis J. Hamilton |

Pursuant to this Court's Order, Dkt. 35 at ¶¶ 6-7, as well as Northern District of California Civil Local Rules 3-12(a) and 7-11(a), Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse (collectively "Ripple") and Lead Plaintiff Bradley Sostack, by and through their undersigned counsel, hereby move the Court to consider whether the recently-filed action, *Bitcoin Manipulation Abatement LLC v. Ripple Labs, Inc.* (hereinafter, "*BMA*"), is related to the putative class action, *In re Ripple Labs Inc. Litig.*, pending before this Court.[1]

In order of filing date, the matters submitted for determination under Civil Local Rule 3-12(b) are as follows:

| Case Name | Case Number | Filing Date |
|---|---|---|
| *In re Ripple Labs Inc. Litigation* | 4:18-cv-6753-PJH | August 5, 2019[2] |
| *Bitcoin Manipulation Abatement LLC v. Ripple Labs, Inc., et. al.* | 3:20-cv-3022-RS | May 1, 2020 |

Civil Local Rule 3-12(a) provides that an action is related to another "when (1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." These criteria are met here.

To begin, Plaintiff Bitcoin Manipulation Abatement LLC's Civil Cover Sheet concedes these two cases are related. *See* Civil Cover Sheet, *BMA*, No. 20-cv-3022 (N.D. Cal. May 1, 2020), ECF 1-1. Indeed, Defendants in both actions are identical. Likewise, plaintiff's allegations in *BMA* suggest that it may be a member of the putative class alleged in this action. *See* Complaint, *Bitcoin Manipulation Abatement LLC v. Ripple Labs, Inc.*, No. 20-cv-3022 (N.D. Cal. May 1, 2020), ECF 1 at ¶ 181 ("Plaintiff . . . purchased XRP securities from Defendants."). Moreover, the complaint in *BMA* is a near-verbatim copy of the operative First Amended Complaint in this action, and both actions assert the same seven causes of action. Finally, the cases share an identical theory of liability: Ripple allegedly offered, promoted, and sold XRP and were allegedly required to, but did not, register

---

[1] Per Civil Local Rule 7-11(a), a declaration in support of this Administrative Motion is being concurrently filed.

[2] Mr. Sostack filed a Consolidated Complaint in this Court on August 5, 2019, Dkt. 63, which superseded three earlier actions filed in 2018 in California Superior Court that had been removed to the Northern District of California, Dkt. 1-1, 2-1.

XRP with the SEC.

Because this action and *BMA* involve and concern nearly-identical parties, transactions, and events, it would be inefficient, unduly burdensome, and duplicative to have these cases proceed before two different judges. Relating these actions serves the interests of justice and furthers judicial economy.

On March 18, 2019, this Court issued an Order Regarding Publication of Notice Pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 77z-1, Briefing Schedule On Motion For Appointment As Lead Plaintiff, Filing of Lead Plaintiffs' Consolidated Complaint And Defendants' Response To The Consolidated Complaint ("Order"). Dkt. 35. The Order provides that, once filed, "[t]he consolidated complaint shall be the operative complaint and shall supersede all complaints filed in any action consolidated into this Action." *Id.* at ¶ 4. The Court held that "[a]ll related actions that are subsequently filed in . . . this District shall be consolidated into this action for pretrial purposes," and then instructed that "[t]he parties shall file an Administrative Motion to Consider Whether Cases Should be Related pursuant to Civil L.R. 3-12 whenever a case that should be consolidated into this action is filed in . . . this District." *Id.* at ¶¶ 6-7. Thus, should the Court determine that these actions are related, it should also order the cases consolidated for pretrial purposes. *Id.*

For the foregoing reasons, Ripple and Mr. Sostack respectfully request that this Court order that (1) *BMA* is related to this action, and (2) the cases are consolidated for pretrial purposes consistent with this Court's prior order.

Dated: May 11, 2020                                        Respectfully submitted,

By: */s/ Steven G. Sklaver*                                By: */s/ Damien J. Marshall*
    Steven G. Sklaver                                          Damien J. Marshall
    SUSMAN GODFREY L.L.P.                                  BOIES SCHILLER FLEXNER LLP
    1900 Avenue of the Stars, 14th Floor                  55 Hudson Yards, 20th Floor
    Los Angeles, CA 90067                                      New York, NY 10001
    SSklaver@susmangodfrey.com                         DMarshall@bsfllp.com
    *Counsel for Plaintiff*                                        *Counsel for Defendants*