Damien J. Marshall (Admitted *pro hac vice*)
dmarshall@bsfllp.com
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone:   (212) 446-2300
Facsimile:    (212) 446-2350

Maxwell V. Pritt (SBN 253155)
mpritt@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone:   (415) 293-6800
Facsimile:    (415) 293-6899

Menno Goedman (SBN 301271)
mgoedman@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Telephone:   (202) 237-2727
Facsimile:    (202) 237-6131

*Attorneys for Defendants Ripple Labs, Inc.,
XRP II LLC, and Bradley Garlinghouse*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION,<br><br>This Document Relates To:<br>ALL ACTIONS | Case No. 18-cv-06753-PJH<br><br>**DECLARATION OF MAXWELL V. PRITT IN SUPPORT OF JOINT ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED AND CONSOLIDATED FOR PRETRIAL PURPOSES** |

## DECLARATION OF MAXWELL V. PRITT

I, Maxwell V. Pritt, hereby declare as follows:

1. I am over the age of 18 and am competent to make this declaration. I am a partner at Boies Schiller Flexner LLP, counsel of record for Defendants Ripple Labs Inc., XRP II LLC, and Bradley Garlinghouse in the action entitled *In Re: Ripple Labs Inc. Litigation,* Case No. 4:18-cv-06753-PJH, and a member of the Bar of this Court in good standing. I have personal knowledge of or am informed and believe the facts in this declaration, and they are true and correct to the best of my knowledge and belief. If called on to testify, I could and would testify competently to the following facts.

2. I submit this declaration as required under Civil Local Rules 3-12(b) and 7-11 in support of the Joint Administrative Motion to Consider Whether Cases Should Be Related and Consolidated for Pretrial Purposes (the "Joint Motion").

3. Counsel for Lead Plaintiff in *In Re: Ripple Labs Inc. Litigation* stipulated to the Joint Motion.

4. Counsel for Plaintiff in *Bitcoin Manipulation Abatement LLC v. Ripple Labs, Inc., et. al.*, Case No. 3:20-cv-03022-RS (N.D. Cal.), did not stipulate to the Joint Motion, and thus Counsel for Defendants were unable to obtain a stipulation signed by all affected parties or their counsel under Civil Local Rules 7-11(a) and 7-12. Attached as **Exhibit A** is a true and corrected copy of correspondence between counsel for Defendants and counsel for Plaintiff in the related action, dated May 8, 2020.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 11, 2020, in San Francisco, California.

*/s/ Maxwell V. Pritt*
Maxwell V. Pritt

# EXHIBIT A
# [REDACTED]

| | |
|---|---|
| **From:** | Pavel Pogodin, Ph.D., Esq. |
| **To:** | Menno Goedman |
| **Cc:** | Maxwell Pritt; Damien Marshall |
| **Subject:** | Re: DRAFT Complaint Against Ripple Labs et al. for Unregistered Sale of Securities |
| **Date:** | Friday, May 8, 2020 10:50:32 AM |

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Menno,

I was hoping to see some cases where a class action was consolidated with a non-class action. You did not send me any. Without such authority, I'm hesitant to stipulate. Looks like you first need to file an Administrative Motion to Consider Whether Cases Should be Related under Civ.L.R. 3-12(b), see Paragraph 7 of Judge Hamilton's order. It will be judge's decision if the cases are related enough to warrant consolidation. Again, without seeing a single case where it was done, I'm unwilling to stipulate.

Best Regards,



**Pavel Pogodin, Ph.D., Esq.**
Attorney At Law*
CONSENSUS LAW
CryptoCurrency Attorneys

**t**: +1 (650) 469-3750 **f**: +1 (650) 472-8961
**e**: pp@consensuslaw.io
**i**: www.consensuslaw.io
**o**: 5245 Avenida Isla Verde, Suite 302, Carolina, PR 00979
* Admitted in California

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

On Thu, May 7, 2020 at 11:05 AM Menno Goedman <mgoedman@bsfllp.com> wrote:
> Pavel,
>
> We appreciate your prompt response.
>
> Our authority for the motion is Judge Hamilton's PSLRA order in *In re Ripple Labs*, which states that "all related actions that are subsequently filed in . . . this District shall be consolidated into this action for pretrial purposes." Her order then requires the parties to file an administrative motion to effectuate the same. I am attaching the order for your reference.
>
> The Civil Cover Sheet in *BMA v. Ripple* states that this case is related to *In re Ripple Labs*.
>
> Please let us know if you stipulate. Otherwise we will support the motion by declaration, as permitted under Local Rule 7-11(a). Thanks very much.
>
> Best,

Menno

**Menno Goedman**

# BOIES SCHILLER FLEXNER LLP

1401 New York Avenue, N.W.

Washington, DC 20005

(t) +1 202 274 1174

(m) +1 858 220 4794

mgoedman@bsfllp.com

www.bsfllp.com

**From:** Pavel Pogodin, Ph.D., Esq. [mailto:pp@consensuslaw.io]
**Sent:** Thursday, May 7, 2020 4:08 AM
**To:** Menno Goedman <mgoedman@bsfllp.com>
**Cc:** Maxwell Pritt <mpritt@bsfllp.com>; Damien Marshall <dmarshall@bsfllp.com>
**Subject:** Re: DRAFT Complaint Against Ripple Labs et al. for Unregistered Sale of Securities

**CAUTION:** External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Menno,

In view of the fact that your other case is a class action and this case is not, and further in view of the fact that my client intends to opt out of any class action settlement, I see limited procedural advantages in consolidating the two cases for pre-trial proceedings. On the other hand, I'm trying to approach your proposal with an open mind. Can you cite a few cases wherein a class action was consolidated with a non-class action? I want to see what the judges said in ordering consolidation. If it sounds convincing, I may stipulate to consolidation after review of the case law that you will provide. Thus, please send me a few (at least 2-3) convincing precedents wherein a judge ordered a consolidation of a class action with a non-class action ASAP and I'll try to respond to you by the end of the day (Thursday).

Best Regards,



**Pavel Pogodin, Ph.D., Esq.**
Attorney at Law*
CONSENSUS LAW
CryptoCurrency Attorneys

t: +1 (650) 469-3750 f: +1 (650) 472-8961
e: pp@consensuslaw.io
i: www.consensuslaw.io
o: 5245 Avenida Isla Verde, Suite 302, Carolina, PR 00979
* Admitted in California

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

On Wed, May 6, 2020 at 4:26 PM Menno Goedman <mgoedman@bsfllp.com> wrote:

> Pavel,
>
> As noted, we intend to file an administrative motion to relate and consolidate for pretrial purposes BMA's action with the ongoing putative class action pending before Judge Hamilton (18-cv-6753). As required by Local Rule 7-11, I write to see if BMA will stipulate to relation and consolidation. If so, we will prepare for your review and e-signature a draft stipulation.
>
> We will file on Friday. Thanks very much.
>
> Best,
> Menno
>
> **Menno Goedman**
>
> **BOIES SCHILLER FLEXNER LLP**
>
> 1401 New York Avenue, N.W.
>
> Washington, DC 20005
>
> (t) +1 202 274 1174

(m) +1 858 220 4794

mgoedman@bsfllp.com

www.bsfllp.com



**Menno Goedman**

**BOIES SCHILLER FLEXNER LLP**

1401 New York Avenue, N.W.

Washington, DC 20005

(t) +1 202 274 1174

(m) +1 858 220 4794

mgoedman@bsfllp.com

www.bsfllp.com

**From:** Pavel Pogodin, Ph.D., Esq. [mailto:pp@consensuslaw.io]
**Sent:** Monday, May 4, 2020 3:57 PM
**To:** Menno Goedman <mgoedman@bsfllp.com>
**Cc:** Maxwell Pritt <mpritt@bsfllp.com>; Damien Marshall <dmarshall@bsfllp.com>
**Subject:** Re: DRAFT Complaint Against Ripple Labs et al. for Unregistered Sale of Securities



















<a>
<b>

</b>
</a>

