UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADI ZAKINOV, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RIPPLE LABS, INC., et al.,<br><br>    Defendants. | Case No. 18-cv-06753-PJH<br><br>**ORDER CONTINUING CMC AND DECIDING CERTAIN MATTERS RAISED IN THE JOINT CASE MANAGEMENT STATEMENT**<br><br>Re: Dkt. No. 99 |

The court has reviewed the parties' Joint Case Management Statement and Proposed Order. Dkt. 99. The court understands that defendants "intend" to file a motion to dismiss the consolidated first amended complaint ("CFAC"). Id. at 4. Accordingly, the court **CONTINUES** the May 28, 2020 case management conference until it has issued its decision on that motion. At that time, the court will notice the parties with the date and method for the rescheduled conference.

The court also understands that the parties dispute whether discovery is proper pending its determination of that anticipated motion. Id. at 5-9. Title 15 U.S.C. § 77z-1(b)(1) generally provides that "[i]n any private action arising under this [§§ 77a-77aa], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss . . ." 15 U.S.C. § 77z-1(b)(1). As previously decided by the court, plaintiff has adequately stated claims for the unregistered offer and sale of securities in violation of § 77l(a)(1). Dkt. 85 at 23. Accordingly, the court **ORDERS** that discovery in this action remains stayed until this court has issued its decision on defendants' anticipated motion to dismiss the CFAC.

The court further understands that the parties disagree about the proper time

range of the electronically stored information ("ESI") subject to the preservation obligations contained in the parties' proposed stipulated protective order regarding the discovery of ESI (Dkt. 99-1). Dkt. 99 at 14.  The court agrees with defendants that, under the alleged facts of this case, an approximate five-year period (beginning on January 1, 2015) provides an appropriate and proportional scope for the ESI subject to such obligations.  Accordingly, the court will adopt defendants' position at Section 4(a), and implement any other necessary modifications to the stipulated order, in a subsequent order.

Lastly, the court understands that the parties disagree about the propriety of bifurcated discovery. Id. at 9-13.  Given the court's decision to stay discovery pending its determination of defendants' anticipated motion to dismiss the CFAC, the court need not address that disagreement at this time.  However, the court notes that, based on the parties' arguments and its past practice, it is disinclined to bifurcate discovery once it has commenced.

**IT IS SO ORDERED.**

Dated: May 26, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

2