Damien J. Marshall (Admitted *pro hac vice*)
dmarshall@bsfllp.com
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone:    (212) 446-2300
Facsimile:    (212) 446-2350

Maxwell V. Pritt (SBN 253155)
mpritt@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone:    (415) 293-6800
Facsimile:    (415) 293-6899

Menno Goedman (SBN 301271)
mgoedman@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Telephone:    (202) 237-2727
Facsimile:    (202) 237-6131

*Attorneys for Defendants Ripple Labs Inc.,
XRP II, LLC, and Bradley Garlinghouse*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION, <br><br> This Document Relates To: <br> All Actions | Case No. 18-cv-06753-PJH <br><br> **REQUEST FOR JUDICIAL NOTICE OR INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** <br><br> Date:   August 26, 2020 <br> Time:  9:00 a.m. <br> Place:  Courtroom 3 <br> Judge: Hon. Phyllis J. Hamilton <br><br> Consolidated First Amended Complaint filed: March 25, 2020 <br><br> [FILED CONCURRENTLY WITH NOTICE OF MOTION AND MOTION TO DISMISS, MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MAXWELL V. PRITT] |

Defendants Ripple Labs Inc. ("Ripple"), XRP II LLC, and Bradley Garlinghouse (collectively, "Defendants") request that the Court take judicial notice or incorporate by reference three documents that are quoted and/or cited in Plaintiff's Consolidated First Amended Complaint for Violations Of Federal And California Law ("FAC").[1] Defendants further request the Court take judicial notice of a publicly available Notice of Final Rule issued by the Bureau of Consumer Financial Protection.

The first document is the Bureau of Consumer Financial Protection's Notice of Final Rule on Remittance Transfers under the Electronic Fund Transfer Act, 12 C.F.R. pt. 1005.  A true and correct copy of the Rule's publication in the Federal Register is attached as **Exhibit A** to the concurrently filed Declaration of Maxwell V. Pritt ("Pritt Declaration").  "Judicial notice of the Federal Register is required under 44 U.S.C. § 1507 ('The contents of the Federal Register shall be judicially noticed . . . .')." *Gasser v. Kiss My Face, LLC*, No. 17-cv-01675-JSC, 2017 WL 4773426, at *10 (N.D. Cal. Oct. 23, 2017). "Government agency websites, and the information contained therein, are matters of public record appropriate for judicial notice under Rule 201." *Id.* (citing *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 n.2 (9th Cir. 2009); *see CFPB v. D & D Marketing*, No. CV 15-9692 PSG (Ex), 2016 WL 8849698, at *2 (C.D. Cal. Nov. 17, 2016) (taking judicial notice of publicly available guidance issued by the CFPB).

The second document is Ripple's Submission to the Conference of State Bank Supervisors, dated February 14, 2015.  Plaintiff cites, quotes, and references the Submission in support of his claims against Defendants.  FAC ¶ 42 & n.23.  As a result, the Submission should be incorporated by reference into the FAC.  *See Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1043 (N.D. Cal. 2019) (incorporating by reference press releases where two sentences thereof were quoted in the complaint).  A true and correct copy of the Submission to the Conference of State Bank Supervisors is attached as **Exhibit B** to the Pritt Declaration.

The third document is a CNBC article titled "Ripple is sitting on close to $80 billion and could cash out hundreds of millions per month—but it isn't."  FAC ¶ 56 & n.37; *see also id.* ¶ 57.  A true and correct copy of this article is attached as **Exhibit C** to the Pritt Declaration.  Defendants previously

---

[1] All documents incorporated by reference in the Complaint are properly before the Court on a motion to dismiss, but this Request focuses on documents that are particularly relevant to Defendants' dismissal arguments.

requested the Court take judicial notice or incorporate by reference this article as part of its motion to dismiss Plaintiff's original Consolidated Complaint, Dkt. 70-1, 70-6, but the Court found it did not need to consider the request to resolve Defendants' motion, Dkt. 85 at 4. Defendants renew their request as it pertains to their new Motion to Dismiss.

The fourth document is a press release, which Ripple posted and linked to via a tweet relied on by Plaintiff. FAC ¶ 66 & n.45. A true and correct copy of the tweet and the press release it links to are attached as **Exhibit D** to the Pritt Declaration.

Pursuant to Federal Rule of Evidence 201, a court may "take judicial notice of documents on which allegations in the complaint *necessarily* rely, even if not expressly referenced in the complaint, provided that the authenticity of those documents is not in dispute." *Lalwani v. Burwell*, 2015 WL 6123087, at *4 (N.D. Cal. Oct. 19, 2015) (citation omitted). The documents in Exhibits B, C, and D are expressly referenced by Plaintiff in the Amended Complaint at the paragraphs indicated above, through citation and/or quotation. Defendants do not dispute the documents' authenticity, nor—after citing to them and quoting from them directly—can Plaintiff.

Alternatively, Defendants request that the Court incorporate Exhibits B–D by reference. When a document's "contents are alleged in a complaint" or "the plaintiff's claim depends on [its] contents," and no party questions the document's authenticity, a court may consider the document on a motion to dismiss without converting the motion to one for summary judgment. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citations omitted); *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159–60 (9th Cir. 2012); *In re Pac. Gateway Exch., Inc. Sec. Litig.*, 169 F. Supp. 2d 1160, 1164 (N.D. Cal. 2001) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim."). In addition, where a claim is grounded in fraud, as are Plaintiff's claims under California Corporations Code Section 25401 and California's False Advertising and Unfair Competition Laws, it is appropriate to consider the entire alleged statement in context in order to determine what a reasonable investor would believe. *E.g.*, *Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1397–98 (E.D. Cal. 1994) (incorporating by reference exemplar mailings on which misrepresentation claim was based); *Patel v. Parnes*, 253 F.R.D.

531, 547 (C.D. Cal. 2008) (taking judicial notice of earnings call transcripts that provided "full context in which the information was disclosed to the market").

As explained above, the contents of Exhibits B–D are alleged in the Amended Complaint by Plaintiff, and their authenticity has not been (and cannot be) disputed by Plaintiff. The Court "may treat such . . . document[s] as part of the complaint, and thus may assume that [their] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Davis*, 691 F.3d at 1160 (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)); s*ee also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 n.13 (2007) ("[T]he District Court was entitled to take notice of the full contents of the published articles referenced in the complaint, from which the truncated quotations were drawn"). As to Exhibit A, this official Notice of Final Rule from a government agency is just the type of "accurately and readily determined" information from a source "whose accuracy cannot reasonably be questioned," of which courts regularly take judicial notice. Fed. R. Evid. 201(b); *Gasser*, 2017 WL 4773426, at *10; *CFPB,* 2016 WL 8849698, at *2.

## **CONCLUSION**

For the aforementioned reasons, Defendants respectfully request that the Court take judicial notice of Exhibits A–D or, in the alternative, incorporate Exhibits B–D by reference and take judicial notice of Exhibit A.

Dated: June 8, 2020                                                                 Respectfully Submitted,

By:   */s/ Maxwell V. Pritt*
Maxwell V. Pritt (SBN 253155)
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile:  (415) 293-6899
Email: mpritt@bsfllp.com

Damien J. Marshall (Admitted *pro hac vice)*
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001

Telephone: (212) 446-2300
Facsimile:  (212) 446-2350
Email: dmarshall@bsfllp.com

Menno Goedman (SBN 301271)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC  20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: mgoedman@bsfllp.com

*Attorneys for Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse*