Marc M. Seltzer (54534)
Steven G. Sklaver (237612)
Oleg Elkhunovich (269238)
Meng Xi (280099)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
oelkhunovich@susmangodfrey.com
mxi@susmangodfrey.com

P. Ryan Burningham (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
rburningham@susmangodfrey.com

James Q. Taylor-Copeland (284743)
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
james@taylorcopelandlaw.com
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

*Counsel for Lead Plaintiff Bradley Sostack*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS, INC. LITIGATION | Case No. 4:18-cv-06753-PJH |
| | <u>CLASS ACTION</u> |
| This Document Relates to:<br><br>All Actions | **LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>DATE:      August 26, 2020<br>TIME:      9:00 a.m.<br>PLACE:    Courtroom 3<br><br>Consolidated FAC Filed:  March 25, 2020 |

**INTRODUCTION**

In conjunction with their motion to dismiss, Defendants ask the Court to take judicial notice of four documents: (1) a Notice of Final Rule from the Bureau of Consumer Financial Protection published in the Federal Register; (2) a submission by Ripple Labs Inc. to the Conference of State Bank Supervisors; (3) an article from CNBC.com; and (4) a tweet and linked article from Ripple. *See* ECF No. 103. Plaintiff does not oppose the Court taking judicial notice of the second, third, and fourth documents.[1] However, he opposes the Court taking notice of the Notice of Final Rule. Defendants fail to establish that any factual assertions contained in the document cannot reasonably be questioned. Indeed, Defendants do not even specify which factual assertions within the document they ask the Court to take judicial notice of. To the extent Defendants are attempting to use the document for the notion that the XRP tokens had utility during the relevant time period, this fact is hotly contested and is not subject to judicial notice. For these reasons, Defendants' request should be denied.

**LEGAL STANDARD**

The Ninth Circuit has recently noted a "concerning pattern in securities cases." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Defendants exploit judicial notice "improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id.* This "unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.* That risk is "especially significant . . . where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." *Id.* Because of this significant risk, it is critical to examine closely requests to take judicial notice in these circumstances.

A request for judicial notice must identify the facts to be noticed and explain how such facts are not subject to reasonable dispute. *See Advanced Risk Managers, LLC v. Equinox Mgmt. Grp., Inc.*, 2019 WL 6716292, at *3–4 (N.D. Cal. Dec. 10, 2019) (refusing to take notice of "any

---

[1] However, the Court should not take notice of these documents for the truth of the matters asserted therein. Plaintiff alleges that Ripple's statements in these documents are misleading or false. They are clearly disputed issues of fact.

assertions of fact" within documents because the moving party did "not identify the facts it ask[ed] the court to judicially notice from the filings and [did] not explain how such facts are not subject to reasonable dispute") (internal quotation marks omitted); *DalPoggetto v. Wirecard AG*, 2020 WL 2374948, at *2 (C.D. Cal. Apr. 15, 2020) ("Because defendants do not identify which facts within the exhibits they ask the court to judicially notice nor do they explain why the court can judicially notice those facts, the court declines to take judicial notice of the documents at issue."). This is because, prior to taking judicial notice, a court must "consider—and identify— which fact or facts it is noticing from [a document]." *Id.* at 999. And those facts must "not [be] subject to reasonable dispute." Fed. R. Evid. 201(b). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Khoja*, 988 F.3d at 999 (quoting Fed. R. Evid. 201(b)(1)–(2)).

Taking notice of a document's existence and contents is distinct from taking notice of the truth of factual assertions within that document. "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.* Thus, while courts may "take judicial notice of matters of public record and properly consider those matters when evaluating a motion to dismiss, a court may not take judicial notice of disputed facts contained in such public records." *Jones v. Micron Tech. Inc.*, 400 F.Supp. 3d 897, 905 (N.D. Cal. 2019); *see also Khoja*, 899 F.3d at 999 ("[A] court cannot take judicial notice of disputed facts contained in such public records."); *Cal. Sportfishing Protection Alliance v. Shiloh Grp., LLC*, 268 F. Supp. 3d 1029, 1038 (N.D. Cal. July 24, 2017) ("Courts cannot take judicial notice of the contents of documents for the truth of the matters asserted therein when the facts are disputed."); *Ctr. for Envtl. Health v. Vilsack*, 2015 WL 5698757, at *5 (N.D. Cal. Sept. 29, 2015) (taking judicial notice of the existence of USDA's Program Handbook in ruling on a motion to dismiss but declining to take "judicial notice of the substance of the Program Handbook for the truth of any matter asserted within the Program Handbook"); *Daghlain v. DeVry Univ., Inc.*, 461 F. Supp. 2d 1121, 1146–47 (C.D. Cal. 2006) (taking judicial notice of the existence of administrative reports, but not "for their truth" due to a

disputed issue of fact). Particularly relevant here, courts also "may not take judicial notice of the truth of information contained in [documents] if Defendants are attempting to factually rebut Plaintiffs' allegations." *Baird v. BlackRock Institutional Trust Co.*, 403 F. Supp. 3d 765, 777 (N.D. Cal. 2019).

**ARGUMENT**

Defendants' request for judicial notice fails to explain how any factual assertions in the Notice of Final Rule are not subject to reasonable dispute. Instead, Defendants attempt to circumvent this requirement by vaguely asking the Court to take notice of the whole document. Defendants' failure to identify what facts they seek to be noticed and establish that those facts are not reasonably disputable is fatal to Defendants' request.

By statute, the Court may take notice of the Notice of Final Rule itself. *See* 44 U.S.C. § 1507. But "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 988 F.3d at 999. Defendants still must identify the facts they seek to be noticed and show that the facts are not subject to reasonable dispute. *See* Fed. R. Evid. 201. Here, however, Defendants fail to show that ***any*** factual assertions contained within the Notice of Final Rule are not subject to reasonable dispute. Nor do Defendants even identify which factual assertions within the Notice of Final Rule they seek to have noticed.

Courts routinely reject similarly faulty requests. For example, in *Advanced Risk Managers*, the defendant requested judicial notice of publicly filed documents but failed to identify the facts it sought to be noticed and failed to explain how such facts were not subject to reasonable dispute. 2019 WL 6716292, at *3. The court took notice of the existence of the documents and of the existence of the underlying lawsuit, but it expressly refused to take notice of "any assertions of fact" within the document. *Id.* In *DalPoggetto*, the defendants "simply request[ed] that the court take judicial notice of the documents in their entirety." 2020 WL 2374948, at *2. Because they failed to "identify which facts" they sought to be noticed and did not "explain why the court can judicially notice those facts," the court declined to take judicial notice of the documents at all. *Id.*

From Defendants' motion to dismiss, it appears they want the Court to take notice of the truth of two statements within the Notice of Final Rule that Defendants claim show XRP's utility. *See* ECF No. 102 at 2, 5–6. To the extent Defendants ask the Court to take notice of those statements, the request should be denied because Defendants' claim is factually disputed. Plaintiff alleges the opposite: that XRP has little or no utility. *See* ECF No. 87 at ¶ 43. And Defendants make no attempt to show there can be no reasonable dispute.

Defendants are attempting to factually rebut Plaintiff's allegation concerning XRP's lack of utility using information contained in the Notice of Final Rule. That attempt flies in the face of recent case law from this district explaining that courts "may not take judicial notice of the truth of information contained in [documents] if Defendants are attempting to factually rebut Plaintiffs' allegations." *Baird*, 403 F. Supp. 3d at 777. And it illustrates the Ninth Circuit's concern that, "[i]f defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently plausible claim for relief." *Khoja*, 899 F.3d at 999.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' request to take judicial notice of any factual assertion within the Notice of Final Rule (ECF No. 103–2).

| | | |
|---|---|---|
| 1 | Dated: July 8, 2020 | SUSMAN GODFREY L.L.P. |
| 2 | | |
| 3 | | By:     /s/ *P. Ryan Burningham* |

Marc M. Seltzer (54534)
Steven G. Sklaver (237612)
Oleg Elkhunovich (269238)
Meng Xi (280099)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
oelkhunovich@susmangodfrey.com
mxi@susmangodfrey.com

P. Ryan Burningham (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
rburningham@susmangodfrey.com

James Q. Taylor-Copeland (284743)
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
james@taylorcopelandlaw.com
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

*Counsel for Lead Plaintiff Bradley Sostack*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2020, I electronically filed the foregoing document with the clerk of the Court and served counsel of record via the CM/ECF system.

/s/ *P. Ryan Burningham*
P. Ryan Burningham