1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

13
14
15
16
17
18

| In re RIPPLE LABS, INC. LITIGATION | Case No. 4:18-cv-06753-PJH |
|---|---|
| | <u>CLASS ACTION</u> |
| This Document Relates to:<br><br>All Actions | **[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |

19
20
21
22
23
24
25
26
27
28

In conjunction with their motion to dismiss, Defendants ask the Court to take judicial notice of four documents: (1) a Notice of Final Rule from the Bureau of Consumer Financial Protection published in the Federal Register; (2) a submission by Ripple Labs Inc. to the Conference of State Bank Supervisors; (3) an article from CNBC.com; and (4) a tweet and linked article from Ripple. *See* ECF No. 103. For the reasons below, that request is **GRANTED IN PART AND DENIED IN PART**. The Court takes notice of the second, third, and fourth documents (ECF Nos. 103-3, 103-4, and 103-5), but does not take notice of the truth of any factual assertions contained therein. The Court does not take notice of any factual assertions contained in the first document (ECF No. 103-2).

***

Plaintiff does not oppose the Court taking judicial notice of the second, third, and fourth documents, so the Court takes judicial notice of those documents' existence and contents. However, "[j]ust because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Defendants do not identify which factual assertions they seek to have noticed, nor do they show that any factual assertions in the documents are not subject to reasonable dispute. *Contra* Fed. R. Evid. 201. And the factual assertions on which Defendants rely in their motion to dismiss are clearly disputed. "Courts cannot take judicial notice of the contents of documents for the truth of the matters asserted therein when the facts are disputed." *Cal. Sportfishing Protection Alliance v. Shiloh Grp., LLC*, 268 F. Supp. 3d 1029, 1038 (N.D. Cal. July 24, 2017). Consequently, the Court does not take notice of the truth of any factual assertions in these documents.

Plaintiff does oppose the Court taking judicial notice of the first document. By statute, the Court may take notice of the Notice of Final Rule itself. *See* 44 U.S.C. § 1507. But "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 988 F.3d at 999. Defendants still must identify the facts they seek to be noticed and show that the facts are not subject to reasonable dispute. *See* Fed. R. Evid. 201. Here, however, Defendants fail to show

that *any* factual assertions contained within the Notice of Final Rule are not subject to reasonable dispute. Nor do Defendants even identify which factual assertions within the Notice of Final Rule they seek to have noticed.

Courts routinely reject similarly faulty requests. For example, in *Advanced Risk Managers, LLC v. Equinox Management Group, Inc.*, 2019 WL 6716292 (N.D. Cal. Dec. 10, 2019), the defendant requested judicial notice of publicly filed documents but failed to identify the facts it sought to be noticed and failed to explain how such facts were not subject to reasonable dispute. *Id.* at *3. The court took notice of the existence of the documents and of the existence of the underlying lawsuit, but it expressly refused to take notice of "any assertions of fact" within the document. *Id.* In *DalPoggetto v. Wirecard AG*, 2020 WL 2374948 (C.D. Cal. Apr. 15, 2020), the defendants "simply request[ed] that the court take judicial notice of the documents in their entirety." *Id.* at *2. Because they failed to "identify which facts" they sought to be noticed and did not "explain why the court can judicially notice those facts," the court declined to take judicial notice of the documents at all. *Id.*

From Defendants' motion to dismiss, it appears they want the Court to take notice of the truth of two statements within the Notice of Final Rule that Defendants claim show XRP's utility. *See* ECF No. 102 at 2, 5–6. To the extent Defendants ask the Court to take notice of those statements, that request is denied because Defendants' claim is factually disputed. Plaintiff alleges the opposite: that XRP has little or no utility. *See* ECF No. 87 at ¶ 43. And Defendants make no attempt to show there can be no reasonable dispute.

For the foregoing reasons, Defendants' request to take judicial notice of any factual assertion within the Notice of Final Rule (ECF No. 103–2) is denied.

Dated: _____     _____

                                         HON. PHYLLIS J. HAMILTON
                                         UNITED STATES CHIEF DISTRICT JUDGE