Marc M. Seltzer (54534)
Steven G. Sklaver (237612)
Oleg Elkhunovich (269238)
Meng Xi (280099)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
oelkhunovich@susmangodfrey.com
mxi@susmangodfrey.com

P.  Ryan Burningham (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
rburningham@susmangodfrey.com

James Q. Taylor-Copeland (284743)
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
james@taylorcopelandlaw.com
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

*Counsel for Lead Plaintiff Bradley Sostack*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS, INC. LITIGATION | Case No. 4:18-cv-06753-PJH |
| | CLASS ACTION |
| This Document Relates to:<br><br>All Actions | **LEAD PLAINTIFF'S OBJECTION TO REPLY EVIDENCE** |

On July 29, 2020, Defendants filed a reply brief (ECF No. 106) in support of their motion to dismiss part of Plaintiff's Consolidated First Amended Complaint (CFAC). With their brief, Defendants improperly raised new arguments and attached new evidence. Pursuant to Civil Local Rule 7-3(d)(1), Lead Plaintiff Bradley Sostack files this objection and respectfully requests that the Court disregard Defendants' new and improper arguments and evidence.

\*\*\*

The CFAC alleges that Ripple and its employees made over a dozen false or misleading statements—statements that form the basis of Plaintiff's state-law fraud claims. Two statements are relevant here.

*First*, in an interview with BNN, retweeted by Ripple on December 14, 2017, Ripple's CEO claimed that XRP is "required" to address "a multi-trillion-dollar problem in how cross-border payments flow." CFAC ¶ 41. In reply, Defendants attached the interview as an exhibit, invited the Court to watch it, and argued that, in context, no reasonable viewer would interpret the CEO's claim that XRP is "required" to actually mean XRP is required. *See* ECF No. 106 at 9; ECF No. 106-1. Defendants neither attached this interview nor made this argument in their motion. *See* ECF No. 102 at 19–21. Nor did Defendants identify any reason they could not have raised this argument or evidence in their opening brief, which would have permitted Plaintiff an opportunity to respond. *See generally* ECF No. 106.

*Second*, on May 3, 2017, Ripple tweeted: "#Ripple adoption is sparking interest in XRP 'which has had an impressive rally in the last two months' via @Nasdaq." CFAC ¶ 67. In reply, Defendants attached a Nasdaq article linked in Ripple's tweet, quoted from it, and argued that, considering the Nasdaq article, Plaintiff had not sufficiently alleged falsity. *See* ECF No. 106 at 15. As before, Defendants neither attached this article nor made this argument in their motion. *See* ECF No. 102 at 17–18. And again, Defendants offered no excuse for failing to raise this argument or evidence in their opening brief. *See generally* ECF No. 106.

Thus, Defendants raised in their reply two new arguments, based on two new pieces of evidence. However, "[i]t is well accepted that raising of new issues and submission of new facts

in a reply brief is improper." *Roe v. Doe*, 2009 WL 1883752, at *5 (N.D. Cal. June 30, 2009) (Hamilton) (quotation marks and alteration omitted).

Furthermore, neither piece of evidence is properly considered on Defendants' motion to dismiss. Indeed, Defendants offer no support whatsoever for the proposition that the Court may consider their newly raised evidence. *See* ECF No. 106 at 9, 15; ECF No. 106-1. This alone is sufficient grounds for the Court to refuse to take notice of the cited documents. *See DalPoggetto v. Wirecard AG*, 2020 WL 2374948, at *2 (C.D. Cal. Apr. 15, 2020) ("Because defendants do not identify which facts within the exhibits they ask the court to judicially notice *nor do they explain why the court can judicially notice those facts*, the court declines to take judicial notice of the documents at issue.") (emphasis added). But that is not all. With the BNN interview, Defendants ask the Court to take notice of the full interview in an attempt to factually rebut Plaintiff's allegations, which is impermissible. *See Baird v. BlackRock Inst. Trust Co.*, 403 F. Supp. 3d 765, 777 (N.D. Cal. 2019) (courts "may not take judicial notice of the truth of the information contained in [documents] if Defendants are attempting to factually rebut Plaintiffs' allegations"). As for the Nasdaq article, that document was never cited in the CFAC, and as before, Defendants cite it in an attempt at factual rebuttal. *Contra id.*

For these reasons, Plaintiff respectfully requests that the Court not consider Defendants' new arguments and evidence in ruling on Defendants' motion to dismiss. *See id.* ("Because the facts . . . constitute new evidence raised for the first time in reply, the court will not consider this evidence in ruling on defendants' special motion to strike."); *Abovegem, Inc. v. Organo Gold Mgmt., Ltd.*, 2020 WL 1531322, at *4 (N.D. Cal. Mar. 31, 2020) (Hamilton) (striking declaration as new evidence).

7499247v2/016433

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: August 4, 2020 | SUSMAN GODFREY L.L.P. |
| 3 | | |
| 4 | | By:   /s/ *P. Ryan Burningham* |
| | | Marc M. Seltzer (54534) |
| 5 | | Steven G. Sklaver (237612) |
| | | Oleg Elkhunovich (269238) |
| 6 | | Meng Xi (280099) |
| | | SUSMAN GODFREY L.L.P. |
| 7 | | 1900 Avenue of the Stars, Suite 1400 |
| | | Los Angeles, CA  90067-6029 |
| 8 | | Telephone: (310) 789-3100 |
| | | Facsimile: (310) 789-3150 |
| 9 | | mseltzer@susmangodfrey.com |
| | | ssklaver@susmangodfrey.com |
| 10 | | oelkhunovich@susmangodfrey.com |
| | | mxi@susmangodfrey.com |
| 11 | | |
| | | P.  Ryan Burningham (*pro hac vice*) |
| 12 | | SUSMAN GODFREY L.L.P. |
| | | 1201 Third Avenue, Suite 3800 |
| 13 | | Seattle, WA  98101 |
| | | Telephone: (206) 516-3880 |
| 14 | | Facsimile: (206) 516-3883 |
| | | rburningham@susmangodfrey.com |
| 15 | | |
| | | James Q. Taylor-Copeland (284743) |
| 16 | | TAYLOR-COPELAND LAW |
| | | 501 W. Broadway, Suite 800 |
| 17 | | San Diego, CA 92101 |
| | | james@taylorcopelandlaw.com |
| 18 | | Telephone: (619) 400-4944 |
| | | Facsimile: (619) 566-4341 |
| 19 | | |
| | | *Counsel for Lead Plaintiff Bradley Sostack* |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |