| | |
|---|---|
| James Q. Taylor-Copeland (SBN 284743)<br>james@taylorcopelandlaw.com<br>TAYLOR-COPELAND LAW<br>501 W. Broadway, Suite 800<br>San Diego, CA 92101<br>Telephone: (619) 400-4944<br>Facsimile: (619) 566-4341<br><br>Marc M. Seltzer (SBN 54534)<br>mseltzer@susmangodfrey.com<br>Steven G. Sklaver (SBN 237612)<br>ssklaver@susmangodfrey.com<br>Oleg Elkhunovich (SBN 269238)<br>oelkhunovich@susmangodfrey.com<br>Meng Xi (SBN 280099)<br>mxi@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, 14th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 789-3100<br>Facsimile: (310) 789-3150<br><br>P. Ryan Burningham (Admitted *pro hac vice*)<br>rburningham@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br>Telephone: (206) 516-3880<br>Facsimile: 206) 516-3883<br><br>*Counsel for Lead Plaintiff Bradley Sostack* | Damien J. Marshall (Admitted *pro hac vice*)<br>dmarshall@kslaw.com<br>KING & SPALDING LLP<br>1185 Avenue of the Americas, 34th Floor<br>New York, NY 10036<br>Telephone:     (212) 556-2100<br><br>Maxwell V. Pritt (SBN 253155)<br>mpritt@bsfllp.com<br>BOIES SCHILLER FLEXNER LLP<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Telephone:     (415) 293-6800<br>Facsimile:     (415) 293-6899<br><br>Menno Goedman (SBN 301271)<br>mgoedman@bsfllp.com<br>BOIES SCHILLER FLEXNER LLP<br>1401 New York Avenue, N.W.<br>Washington, DC 20005<br>Telephone:     (202) 237-2727<br>Facsimile:     (202) 237-6131<br><br>*Attorneys for Defendants Ripple Labs, Inc., XRP II LLC, and Bradley Garlinghouse* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION,<br><br>This Document Relates To:<br>ALL ACTIONS | Case No. 18-cv-06753-PJH<br><br>**JOINT ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED AND CONSOLIDATED FOR PRETRIAL PURPOSES**<br><br>(Civil L.R. 3-12 and 7-11)<br><br>Judge: Hon. Phyllis J. Hamilton |

ADMINISTRATIVE MOTION TO RELATE AND CONSOLIDATE CASES
CASE NO. 18-cv-06753-PJH

Pursuant to this Court's Order, Dkt. 35 at ¶¶ 6-7, as well as Northern District of California Civil Local Rules 3-12(b) and 7-11(a), Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse (collectively "Ripple") and Lead Plaintiff Bradley Sostack, by and through their undersigned counsel, hereby move the Court to consider whether *Daniel Simmons v. Ripple Labs, Inc.*, No. 20-cv-5127-KAW, a case recently transferred to this District from the Southern District of New York, is related to the putative class action, *In re Ripple Labs Inc. Litig.*, pending before this Court.

All parties affected by this Motion, including Plaintiff Daniel Simmons, have stipulated that these cases are related and should be consolidated.[1] The Court previously granted a similar Motion as to another duplicative action. Dkt. 101.

In order of filing date, the matters submitted for determination under Civil Local Rule 3-12(b) are as follows:

| **Case Name** | **Case Number** | **Filing Date** |
| --- | --- | --- |
| *In re Ripple Labs Inc. Litigation* | 4:18-cv-6753-PJH | August 5, 2019[2] |
| *Simmons v. Ripple Labs, Inc. et al.* | 4:20-cv-5127-KAW | March 12, 2020 (transferred to this District on July 27, 2020) |

Civil Local Rule 3-12(a) provides that an action is related to another "when (1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." These criteria are met here.

The *Simmons* action raises duplicative claims predicated on overlapping allegations that involve substantially similar parties. To begin, Defendants in both actions are the same. Likewise, the allegations in *Simmons*, if true, suggest that Plaintiff Simmons is a member of the putative class alleged in this action. *See* Complaint, *Simmons v. Ripple Labs, Inc.*, No. 20-cv-5127 (N.D. Cal. March 12, 2020), ECF 1 at ¶ 2 ("During the time period of November 2017 up and through February

---

[1] Per Civil Local Rule 7-11(a), a stipulation by and among all affected parties in support of this Administrative Motion is being concurrently filed.

[2] Mr. Sostack filed a Consolidated Complaint in this Court on August 5, 2019, Dkt. 63, which superseded three earlier actions filed in 2018 in California Superior Court that had been removed to the Northern District of California, Dkt. 2-1, 2-2.

of 2019, Mr. Simmons purchased significant amounts of XRP[.]"). Moreover, the complaint in *Simmons* asserts duplicative federal claims, *id.* at ¶¶ 68-80, and supports these claims with overlapping (and, at times, copy-and-pasted) allegations, *e.g., id.* at ¶¶ 41-46 (overlapping allegations about XRP's marketing), 47-57 (overlapping allegations about listing XRP on exchanges), 58-63 (relying on allegations identical to those pleaded in the putative class action), 64-67 (relying on same SEC guidance). Finally, the two cases share an identical theory of liability: Defendants allegedly offered, promoted, and sold XRP and were allegedly required to, but did not, register XRP with the SEC. *Id.* at ¶¶ 68-80.

Because this action and *Simmons* involve and concern nearly identical parties, transactions, and events, it would be inefficient, unduly burdensome, and duplicative to have these cases proceed before two different judges. Relating these actions serves the interests of justice and furthers judicial economy.

On March 18, 2019, this Court issued an Order Regarding Publication of Notice Pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 77z-1, Briefing Schedule On Motion For Appointment As Lead Plaintiff, Filing of Lead Plaintiffs' Consolidated Complaint And Defendants' Response To The Consolidated Complaint ("Order"). Dkt. 35. The Order provides that, once filed, "[t]he consolidated complaint shall be the operative complaint and shall supersede all complaints filed in any action consolidated into this Action." *Id.* at ¶ 4. The Court held that "[a]ll related actions that are subsequently filed in . . . this District shall be consolidated into this action for pretrial purposes," and then instructed that "[t]he parties shall file an Administrative Motion to Consider Whether Cases Should be Related pursuant to Civil L.R. 3-12 whenever a case that should be consolidated into this action is filed in . . . this District." *Id.* at ¶¶ 6-7. Thus, should the Court determine that these actions are related, it should also order the cases consolidated for pretrial purposes. *Id.*

For the foregoing reasons, Ripple and Mr. Sostack respectfully request that this Court order that (1) *Simmons* is related to this action, and (2) the cases are consolidated for pretrial purposes consistent with this Court's prior order.

| | |
|---|---|
| Dated: August 6, 2020 | Respectfully submitted, |
| By: */s/ P. Ryan Burningham* | By: */s/ Menno Goedman* |
| P. Ryan Burningham | Menno Goedman |
| SUSMAN GODFREY L.L.P. | BOIES SCHILLER FLEXNER LLP |
| 1201 Third Avenue, Suite 3800 | 1401 New York Ave., NW |
| Seattle, WA  98101 | Washington, DC 20005 |
| Telephone: (206) 516-3880 | Telephone: (202) 237-2727 |
| Facsimile:  (206) 516-3883 | Facsimile:  (202) 237-6131 |
| *Counsel for Lead Plaintiff* | *Counsel for Defendants* |

### SIGNATURE ATTESTATION

I, Menno Goedman, hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized its filing.

By: */s/ Menno Goedman*
Menno Goedman