Damien J. Marshall (Admitted *pro hac vice*)
dmarshall@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Telephone: (212) 556-2100

Maxwell V. Pritt (SBN 253155)
mpritt@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Menno Goedman (SBN 301271)
mgoedman@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

Andrew J. Ceresney (Admitted *pro hac vice*)
aceresney@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836

*Attorneys for Defendants Ripple Labs Inc.,
XRP II, LLC, and Bradley Garlinghouse*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION,<br><br>This Document Relates To:<br>All Actions | Case No. 18-cv-06753-PJH<br><br>**DECLARATION OF MAXWELL V. PRITT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE A RESPONSE TO LEAD PLAINTIFF'S OBJECTION TO REPLY EVIDENCE**<br><br>[Civil Local Rules 7-3(d) and 7-11] |

## DECLARATION OF MAXWELL V. PRITT

I, Maxwell V. Pritt, declare and state as follows:

1. I am a partner with the law firm Boies Schiller Flexner LLP, counsel of record for defendants Ripple Labs Inc., XRP II LLC, and Bradley Garlinghouse. I am a member in good standing of the Bar of the State of California, and I am admitted to practice before this Court. I have personal knowledge of the matters in this declaration, and if called on to do so, I would testify competently to them.

2. Attached as Exhibit A is a copy of Defendants' Response to Lead Plaintiff's Objection to Reply Evidence.

3. Pursuant to Local Civil Rule 7-11(a), Defendants and Plaintiff were not able to agree to stipulate to the filing of this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct. Executed on August 7, 2020, in Kentfield, California.

*/s/ Maxwell V. Pritt*
Maxwell V. Pritt

# EXHIBIT A

Damien J. Marshall (Admitted *pro hac vice*)
dmarshall@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Telephone:   (212) 556-2100

Maxwell V. Pritt (SBN 253155)
mpritt@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone:   (415) 293-6800
Facsimile:    (415) 293-6899

Menno Goedman (SBN 301271)
mgoedman@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Telephone:   (202) 237-2727
Facsimile:    (202) 237-6131

Andrew J. Ceresney (Admitted *pro hac vice*)
aceresney@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Telephone:   (212) 909-6000
Facsimile:    (212) 909-6836

*Attorneys for Defendants Ripple Labs Inc.,
XRP II, LLC, and Bradley Garlinghouse*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION, | Case No. 18-cv-06753-PJH |
| This Document Relates To:<br>All Actions | **DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S OBJECTION TO REPLY EVIDENCE**<br><br>Consolidated First Amended Complaint filed: March 25, 2020 |

On July 29, 2020, Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse (collectively, "Ripple") filed their reply brief in support of their motion to dismiss in part Plaintiff's First Amended Complaint ("FAC"). Dkt. 106. Attached to their reply were two exhibits—a short video of an interview with Mr. Garlinghouse, and a news article linked in a tweet by Ripple—each of which was cited and/or referenced by Plaintiff in the FAC. FAC ¶¶ 41, 67, 75 & nn. 21, 46. The video clip and the article (together with other similar articles and interview clips) provide the supposed foundation for Plaintiff's Fraud Claims (i.e., Counts 4, 6, and 7 of the FAC).

Somewhat inexplicably given his reliance on these materials, Plaintiff now argues Ripple improperly raised this evidence for the first time on reply. Dkt. 109 at 2. He is wrong.

To begin, the evidence is not "new." Both the video and article were (1) initially (and selectively) raised by Plaintiff in his FAC, (2) at issue in Ripple's motion to dismiss, and (3) a focus of Plaintiff's opposition. Thus, the evidence cannot be considered "new." *Terrell v. Contra Costa Cty.*, 232 Fed. App'x 626, 628-29 & n.2 (9th Cir. 2007) (holding that reply evidence was not "new" where "[t]he Reply Brief addressed the same set of facts supplied in [plaintiff's] opposition to the motion but provide[d] the full context to [plaintiff's] selected recitation of the facts."). While Ripple in reply provided the Court with complete and accurate copies of the interview and article (and Plaintiff does not suggest otherwise), the contents of these documents were raised by and at issue in the FAC as early as March 2020.

But even if the evidence could be considered "new," it is still properly before the Court because it relates and responds to arguments that Plaintiff made in his opposition. Courts frequently overrule evidentiary objections on this basis. *E.g.*, *Hodges v. Hertz Corp.*, 351 F. Supp. 3d 1227, 1249 (N.D. Cal. 2018) (permitting reply evidence where it is "a reasonable response" to an opposition); *Edgen Murray Corp. v. Vortex Marine Construction, Inc.*, 2018 WL 4203801, at *3 n.1 (N.D. Cal. June 27, 2018) (same); *Rodgers v. Fitzgerald*, 2016 WL 4658974, at *8 (N.D. Cal. Sept. 7, 2016) (rejecting evidentiary objections where evidence submitted on reply "simply respond[s] to the assertions raised" on opposition); *FastCap, LLC v. Snake River Tool Co., LLC*, 2015 WL 6828196, at *3 (N.D. Cal. Nov. 6, 2015) (overruling objections where reply evidence "merely responds to arguments [Plaintiff] raised in its Opposition, . . . or elaborates on points made in Defendants' motion."). The Court should similarly overrule Plaintiff's objections.

**Mr. Garlinghouse's BNN Interview**.  Plaintiff argues that video of the BNN interview is "new" because it was not attached to Ripple's opening motion.  Dkt. 109 at 2.  But Plaintiff fails to mention key facts: he quotes the video in his complaint, FAC ¶ 41, and supports that allegation by citing a tweet, *id.* ¶ 41 n.21.  The cited tweet, however, appears to be in error: while the tweet contains a two-minute clip from the BNN interview, it omits the statement that is actually quoted in the FAC.  In short, Plaintiff quoted from an alleged interview with BNN, but then directed the Court to an irrelevant portion of video.  *Id.* Whether this omission was strategic or just inadvertently misleading, it is confusing.  Ripple's attempt to clarify this point for the Court does not render the evidence "new" for purposes of Civ. L. R. 7-3(d)(1).

Nor can Plaintiff feign surprise or claim that he lacked an opportunity to respond to the BNN interview.  Plaintiff cites to it no less than five times in his opposition.  Dkt. 105 at 4-7, 15.  And it is uncontroversial that a party may submit evidence as part of its reply where, as here, it is "a reasonable response" to arguments and issues raised in opposition.  *E.g.*, *Hodges*, 351 F. Supp. 3d at 1249; *Edgen Murray*, 2018 WL 4203801, at *3; *Rodgers*, 2016 WL 4658974, at *8; *FastCap*, 2015 WL 6828196, at *3.

Because Plaintiff quotes from the video in his FAC and discusses it repeatedly in his opposition, it cannot reasonably be considered "new," and the Court may properly rely on it in deciding the motion to dismiss.  *See, e.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (when a document's "contents are alleged in a complaint" or "the plaintiff's claim depends on [its] contents," a court may consider the document on a motion to dismiss.); *In re Pac. Gateway Exch., Inc. Sec. Litig.*, 169 F. Supp. 2d 1160, 1164 (N.D. Cal. 2001); *see also Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1397-98 (E.D. Cal. 1994) (incorporating by reference exemplar mailings on which misrepresentation claim was based).

In contrast, Plaintiff's position appears to be that he can rest his Fraud Claims on alleged misrepresentations, give the Court an incomplete video thereof, and then object when Ripple acts to avoid confusion and a misleading impression.  That is not the law and the Court is not stuck with Plaintiff's errant citations.

**Nasdaq Article**.  Plaintiff also asks the Court to disregard a Nasdaq article, Dkt. 109 at 2, but again ignores a key fact: he relies on the article in his complaint, FAC ¶ 67 & n.46, and the article is essential to one of the alleged misrepresentations on which his Fraud Claims depend, FAC ¶¶ 202, 218,

1   225.

2   In his FAC, Plaintiff cites a tweet by Ripple that stated "#Ripple adoption is sparking interest in
3   XRP 'which has had an impressive rally in the last two months' via @Nasdaq." FAC ¶ 67 & n.46.  This
4   tweet links to a Nasdaq article.  Plaintiff's Fraud Claims are predicated, in part, on this alleged
5   misrepresentation.  FAC ¶¶ 202, 218, 225 (identifying alleged misrepresentations); Opp. at 12 (arguing
6   why this tweet was false).  In his opposition brief, Plaintiff argues that the tweet "perpetuated" a "false
7   association" between Ripple's enterprise products and XRP. Opp. at 12.  But to assess that claim requires
8   consideration of the *entire* tweet, including the article to which it links and from which it quotes.  Given
9   Plaintiff's reliance on this tweet in his FAC and arguments as to its falsity, Ripple's submission of the
10  article in reply was proper.  *See, e.g.*, *Hodges*, 351 F. Supp. 3d at 1249; *Edgen Murray*, 2018 WL 4203801,
11  at *3; *Rodgers*, 2016 WL 4658974, at *8; *FastCap*, 2015 WL 6828196, at *3.

12  Although Plaintiff failed to provide the Nasdaq article to the Court, he nevertheless relies on it
13  because the article goes to the truth or falsity of the tweet, which, in turn, supports his Fraud Claims.  Thus,
14  the article is properly incorporated by reference into the FAC.  *Khoja v. Orexigen Therapeutics, Inc.*, 899
15  F.3d 988, 1002 (9th Cir. 2018) (explaining incorporation is warranted where "the document forms the
16  basis of the plaintiff's claim").  The doctrine applies even where "the complaint does not mention the
17  document at all." *Id.* (incorporation is permitted in such "rare instances" to assess the sufficiency of the
18  claim).  Here, of course, the FAC *does* mention the tweet and the article, so there can be no dispute the
19  doctrine applies.  The purpose of the underlying the doctrine confirms that its application to the instant
20  case is appropriate: it is designed to "prevent[] plaintiffs from selecting only portions of documents that
21  support their claims, while omitting potions of those very documents that weaken—or doom—their
22  claims." *Id.*

23  Moreover, Plaintiff's Fraud Claims "necessarily depend[]" on the tweet cited in the FAC and the
24  Nasdaq article to which it links. *Id.*  This is so because determining whether Plaintiff satisfied Rule 9(b)'s
25  pleading requirements, including, specifically, whether Plaintiff has pleaded falsity, requires the Court to
26  consider the context surrounding the statements that underlie the Fraud Claims.  *See, e.g.*, *In re Eventbrite,*
27  *Inc.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (finding it appropriate to incorporate by reference
28  in order to analyze allegedly false statements in context).  Furthermore, Plaintiff does not dispute the

3

RESPONSE TO OBJECTION TO REPLY EVIDENCE
CASE NO. 18-cv-06753-PJH

1 authenticity of the article—nor can he, given that it forms the basis of his claims.  *See Ko v. Brennan*,
2 2018 WL 1400467, at *1 (N.D. Cal. Mar. 20, 2018).

3 \* \* \*

4 In sum, neither the video of Mr. Garlinghouse's interview with BNN, nor the Nasdaq article are
5 "new" for purposes of Civ. L.R. 7-3(d).  Plaintiff relies on this evidence in his FAC.  His Fraud Claims
6 depend on it.  And he argues related issues in his opposition brief.  Because Plaintiff's opposition brief
7 likewise discusses and implicates this evidence, Ripple properly submitted the evidence concurrently with
8 its reply brief.  The Court should overrule Plaintiff's misguided objections and consider the evidence in
9 resolving Ripple's motion to dismiss.

Dated:  August 7, 2020                              Respectfully submitted,

By:   */s/ Maxwell V. Pritt*
Maxwell V. Pritt (SBN 253155)
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile:  (415) 293-6899
Email: mpritt@bsfllp.com

Damien J. Marshall (Admitted *pro hac vice*)
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Telephone: (212) 556-2100
Email: dmarshall@kslaw.com

Menno Goedman (SBN 301271)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC  20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: mgoedman@bsfllp.com

*Attorneys for Defendants*