1   DAMIEN J. MARSHALL (Admitted pro hac vice)
    dmarshall@kslaw.com
2   KING & SPALDING LLP
    1185 Avenue of the Americas, 34th Floor
3   New York, NY 10036
    Tel: (212) 556-2100; Fax: (212) 556-2222
4
    ANDREW J. CERESNEY (Admitted pro hac vice)
5   aceresney@debevoise.com
    DEBEVOISE & PLIMPTON LLP
6   919 Third Avenue
    New York, NY 10022
7   Tel: (212) 909-6000; Fax: (212) 909-6836
8   SUZANNE E. NERO (SBN 284894)
    snero@kslaw.com
9   KING & SPALDING LLP
    101 Second Street, Suite 1000
10  San Francisco, CA 94105
    Tel: (415) 318-1200; Fax: (415) 318-1300
11
12  *Attorneys for Defendants Ripple Labs Inc.,*
    *XRP II, LLC, and Bradley Garlinghouse*
13
14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16                    OAKLAND DIVISION

17

18  In re RIPPLE LABS INC. LITIGATION          Case No. 4:18-cv-06753-PJH

19  _____    **ANSWER TO CONSOLIDATED FIRST
                                                 AMENDED COMPLAINT**
20  This Document Relates to:

21  ALL ACTIONS

22

23

24

25

26

27

28

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse (collectively, "Defendants") file this answer to the *Consolidated First Amended Complaint* (ECF No. 87, the "Complaint" or "Compl.") filed by Plaintiff in the above-captioned action.  Unless otherwise admitted, all allegations requiring a response are denied.[1]

1.      The first sentence of paragraph 1 is a legal characterization of the Complaint and contains no factual allegations that Defendants are required to admit or deny.  To the extent sentence 1 contains factual allegations or otherwise requires a response, Defendants deny sentence 1.  Defendants otherwise deny the allegations in paragraph 1.

2.      Defendants deny the first and third sentences of paragraph 2.  Defendants admit that sentence 2 partially quotes a FinCEN Statement of Facts and Violations.  Defendants refer the Court to the full text of the quoted document for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 2.  Defendants admit that Ripple was previously known as NewCoin Inc. and OpenCoin Inc.  Defendants otherwise deny the allegations in paragraph 2.

3.      Defendants deny that XRP Ledger is not decentralized.  The XRP Ledger is a decentralized ledger that uses a consensus algorithm to close blocks on the ledger and maintain the ledger's transactional history.  Defendants deny that paragraph 3 accurately quotes the blog post cited in footnote 3 and refer the Court to the full text of that blog post for a complete and accurate depiction of its contents.  Defendants otherwise deny the allegations the paragraph 3.

4.      Defendants admit that sales of XRP have been made to the general public.  Defendants admit that Ripple holds XRP and that XRP has value.  Defendants further admit that, to date, revenue generated from its sales of XRP exceed revenue from other sources.  Defendants

---

[1] Defendants also deny all titles, headings, footnotes, subheadings, and any other material not contained in numbered paragraphs.  When a document (or statements, conclusions, or other material references therefrom) is referenced in this Answer or the Complaint, it speaks for itself.  That is, the document itself is the best evidence of its contents, and Defendants deny any allegations or characterizations based on the document.  Defendants reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of such documents.

otherwise deny the allegations in paragraph 4.

5. Defendants deny the first and second sentences. As to the third sentence, XRP is currently traded on more than 200 exchanges, the vast majority of which have no connection to Ripple; in the past, Ripple's website identified some third-party exchanges where XRP could be purchased. As to the fourth sentence, Ripple admits that in 2017, it placed 55 billion XRP in escrow pursuant to terms that Ripple publicly announced, and Ripple denies the remainder of the allegations including that Ripple pays substantial listing fees to exchanges as part of any promotional efforts. Defendants also admit that the price of XRP on the date this Answer was filed is lower than its price in early 2018. Defendants also admit that paragraph 5 partially quotes a prior version of Ripple's website. Defendants refer the Court to the full text of the archived webpage for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 5. Defendants otherwise deny the allegations in paragraph 5.

6. With regards to the first, second and third sentences in paragraph 6, Defendants admit that there was public reporting on this topic but do not admit the veracity of such reporting. Defendants otherwise deny the allegations in paragraph 6.

7. Paragraph 7 is a legal argument that requires no response. To the extent that paragraph 7 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

8. Paragraph 8 is a legal argument that requires no response. To the extent that paragraph 8 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

9. Defendants admit that paragraph 9 and footnote 4 partially quote SEC documents. Defendants refer the Court to the full text of these documents for a complete and accurate depiction of its contents and the context of the partial quotations found in paragraph 9 and footnote 4. Defendants admit that paragraph 9 also partially quotes a New York Times article. Defendants refer the Court to the full text of the article for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 9. Otherwise, paragraph 9

is a legal argument that requires no response.  To the extent that paragraph 9 contains additional factual allegations or otherwise requires a response, Defendants deny the allegations.

10.     Paragraph 10 is a legal argument that requires no response.  To the extent that paragraph 10 contains factual allegations or otherwise requires a response, Defendants state that the SEC Framework is "not a rule, regulation, or statement of the Commission" and "is not binding" on the Commission or otherwise.  The Framework is not the law and did not modify or replace any existing laws.

11.     Defendants lack sufficient information to admit or deny whether Lead Plaintiff and all other XRP purchasers provided money consideration in exchange for XRP.  Defendants admit that certain XRP purchasers provided fiat or other cryptocurrencies in exchange for XRP. Defendants otherwise deny the allegations in paragraph 11.

12.     Defendants admit that XRP is not registered with the SEC or the California Commissioner of Corporations.  The last sentence of paragraph 12 is a legal argument that requires no response.  To the extent that sentence contains factual allegations or otherwise requires a response, Defendants deny the allegations.  Defendants otherwise deny the allegations in paragraph 12.

13.     Defendants lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 13.

14.     Defendants admit the allegations in paragraph 14.

15.     Defendants admit the allegations in paragraph 15.

16.     Defendants admit the first sentence.  Garlinghouse was Chief Operating Officer of Ripple starting April 2015 and President of Ripple starting in December 2015.  Garlinghouse is a resident of San Mateo County, California.  The last sentence of paragraph 16 is a legal argument that requires no response.  Defendants otherwise deny the allegations in paragraph 16.

17.     Paragraph 17 is a legal characterization of the Complaint and contains no factual allegations that Defendants are required to admit or deny.   To the extent that paragraph 17 contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 17.

18.     Paragraph 18 is a legal argument that requires no response.  To the extent that paragraph 18 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

19.     Paragraph 19 is a legal argument that requires no response.  To the extent that paragraph 19 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

20.     Defendants admit they reside or have their principal place of business in California.  The remainder of Paragraph 20 is a legal argument that requires no response.

21.     Paragraph 21 is a legal argument that requires no response.  To the extent that paragraph 21 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

22.     Defendants deny the allegations in paragraph 22.

23.     Defendants deny the allegations in paragraph 23.

24.     Defendants admit that paragraph 24 partially quotes Ripple's wiki.  Defendants refer the Court to the full text of the wiki for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 24.  Defendants otherwise deny the allegations in paragraph 24.

25.     Defendants admit that in May 2015, Ripple and XRP II entered into a settlement with the DOJ and FinCEN which states that XRP is a "convertible virtual currency."  As a result of the settlement, Ripple and XRP II stipulated to pay $700,000 for certain alleged violations of the Bank Secrecy Act.  Defendants admit that, pursuant to the settlement, Ripple and XRP II agreed to undertake certain remedial measures.  Defendants otherwise deny the allegations in paragraph 25.

26.     Defendants admit that paragraph 26 purports to represent information found in a prior version of its website.  Defendants refer the Court to the full text of the archived webpage for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 26.  Defendants otherwise deny the allegations in paragraph 26.

27.     Defendants admit that paragraph 27 partially quotes from a document publicly

available from PACER.  Defendants refer the Court to the full text of the document for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 27.  Defendants otherwise deny the allegations in paragraph 27.

28.     Ripple admits that it sells enterprise software products and solutions, and that sales of XRP have, to date, been its primary source of revenue.  Defendants otherwise deny the allegations in paragraph 28.

29.     Defendants admit that paragraph 29 partially quotes from a webpage.  Defendants refer the Court to the full text of the webpage for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 29.  Defendants otherwise deny the allegations in paragraph 29.

30.     Defendants deny that its sales of XRP to the public accelerated rapidly in 2017 and early 2018.  Defendants admit that revenue from their sales of XRP since the beginning of 2017 exceed $1 billion.  Defendants otherwise deny the allegations in paragraph 30.

31.     Defendants admit that paragraph 31 partially quotes from a webpage, but deny that paragraph 31 accurately quotes from that webpage.  Defendants refer the Court to the full text of the webpage for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 31.

32.     Defendants admit that paragraph 32 partially quotes from a webpage, but deny that paragraph 32 accurately quotes from that webpage.  Defendants refer the Court to the full text of the webpage for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 32.  Defendants otherwise deny the allegations in paragraph 32.

33.     Defendants admit that paragraph 33 partially quotes from a webpage.  Defendants refer the Court to the full text of the webpage for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 33.

34.     Defendants admit that the first quotation in paragraph 34 partially quotes from a webpage but deny that paragraph 34 accurately quotes from that webpage.  Defendants refer the Court to the full text of the webpage for a complete and accurate depiction of its contents and the

1    context of the partial quotation found in paragraph 34.

2           35.     Defendants deny the allegations relating to the amount of XRP II sales.

3    Defendants admit that the first quotation in paragraph 35 partially quotes from a webpage, but

4    deny that paragraph 35 accurately quotes from that webpage.  Defendants refer the Court to the

5    full text of the webpage for a complete and accurate depiction of its contents and the context of

6    the partial quotation found in paragraph 35.

7           36.     Defendants admit that paragraph 36 partially quotes from a webpage, but deny

8    that paragraph 36 accurately characterizes the quotes from that webpage.  Defendants refer the

9    Court to the full text of the webpage for a complete and accurate depiction of its contents and the

10   context of the partial quotation found in paragraph 36.

11          37.     Defendants admit that paragraph 37 partially quotes from a webpage but deny that

12   paragraph 37 accurately characterizes the quotes from that webpage.  Defendants refer the Court

13   to the full text of the webpage for a complete and accurate depiction of its contents and the

14   context of the partial quotation found in paragraph 37.

15          38.     Defendants admit that paragraph 38 partially quotes from a webpage.  Defendants

16   refer the Court to the full text of the webpage for a complete and accurate depiction of its

17   contents and the context of the partial quotation found in paragraph 38.

18          39.     Defendants admit that paragraph 39 partially quotes from a webpage.  Defendants

19   refer the Court to the full text of the webpage for a complete and accurate depiction of its

20   contents and the context of the partial quotation found in paragraph 39.

21          40.     Defendants deny the allegations in paragraph 40.

22          41.     Defendants admit that its CEO Brad Garlinghouse has made statements about

23   XRP's utility, including its use as a bridge currency for international payments.  Defendants

24   admit that the remainder of paragraph 41 partially quotes from various articles and interviews.

25   Defendants refer the Court to the full text of these articles and interviews for a complete and

26   accurate depiction of their contents and the context for the partial quotations found in paragraph

27   41.  Defendants otherwise deny the allegations in paragraph 41.

28          42.     Defendants admit that paragraph 42 partially quotes from a Submission to the

Conference of State Bank Supervisors and that Ripple posted this submission on its website and on its Ripple Insights blog.  Defendants refer the Court to the full text of the webpage for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 42.  Defendants otherwise deny the allegations in paragraph 42.

43.     Defendants admit that Ripple holds a certain amount of XRP, that the vast majority of which is in escrow.  Defendants otherwise deny the allegations in paragraph 43.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants admit that the first sentence of paragraph 45 contains a partial quotation from a prior version of a webpage.  Defendants refer the Court to the full text of the archived webpage for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 45.  Defendants admit that the second sentence of paragraph 45 contain a partial quotation from the webpage.  Defendants refer the Court to the full text of the webpage for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 45.  Defendants otherwise deny the allegations in paragraph 45.

46.     Defendants admit that paragraph 46 partially quotes from a tweet.  Defendants refer the Court to the full text of the tweet for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 46.  Defendants otherwise deny the allegations in paragraph 46.

47.     Defendants admit that the first sentence of paragraph 47 partially quotes from a tweet.  Defendants refer the Court to the full text of the tweet for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 47.  Defendants admit that the remaining sentences in paragraph 47 partially quote from an article.  Defendants refer the Court to the full text of the article for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 47.  Defendants otherwise deny the allegations in paragraph 47.

48.     Defendants deny the allegations in paragraph 48.

49.     Defendants admit that Ripple hosted a conference named "Swell" from October 16–18, 2017, in Toronto, Canada.  Defendants admit that the third sentence in paragraph 49

partially quotes from a webpage.  Defendants refer the Court to the full text of the webpage for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 49.  Defendants otherwise deny the allegations in paragraph 49.

50.     Defendants lack information sufficient to admit or deny allegations regarding CoinDesk's corporate relationship to Digital Currency Group and therefore denies it. Defendants admit that paragraph 50 partially quotes from an article.  Defendants refer the Court to the full text of the article for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 50.  Defendants otherwise deny the allegations in paragraph 50.

51.     Defendants admit that paragraph 51 partially quotes from a tweet.  Defendants refer the Court to the full text of the tweet for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 51.  Defendants otherwise deny the allegations in paragraph 51.

52.     Defendants admit that paragraph 52 partially quotes from a tweet.  Defendants refer the Court to the full text of the tweet for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 52.  Defendants admit that "HODL" means "hold."  Defendants otherwise deny the allegations in paragraph 52.

53.     Defendants deny the allegations in paragraph 53.

54.     Defendants admit that paragraph 54 partially quotes from a tweet.  Defendants refer the Court to the full text of the tweet for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 54.

55.     Defendants admit that paragraph 55 partially quotes from a tweet.  Defendants refer the Court to the full text of the tweet for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 55.

56.     Defendants admit that paragraph 56 partially quotes from a tweet.  Defendants refer the Court to the full text of the tweet for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 56.  Defendants admit that paragraph 56 quotes from an article.  Defendants refer the Court to the full text of the article for a complete

and accurate depiction of its contents and the context of the partial quotation found in paragraph 56.

57.     Defendants refer to their answers reflected above in paragraphs 31–37 regarding Defendants' sales of XRP and refer the Court to the documents referenced therein for the information regarding Defendants' sales.  Defendants deny that any of its statements regarding its holding of XRP were misleading.  The sixth, seventh and eight sentences are legal arguments that require no response.  To the extent that these sentences contains factual allegations or otherwise require a response, Defendants deny the allegations.  Defendants otherwise deny the allegations in paragraph 57.

58.     Defendants admit that in September 2018 Ripple was among several companies that announced the founding of the Securing America's Internet of Value Coalition and that the coalition had retained the Klein/Johnson Group.  Defendants also admit that paragraph 58 partially quotes an article.  Defendants refer the Court to the full text of the article for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 58.  Defendants otherwise deny the allegations in paragraph 58.

59.     Defendants admit that paragraph 59 partially quotes an article.  Defendants refer the Court to the full text of the article for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 59.  Defendants otherwise deny the allegations in paragraph 59.

60.     Defendants admit that paragraph 60 partially quotes a prior version of Ripple's website.  Defendants refer the Court to the full text of the archived webpage for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 60.

61.     xCurrent no longer operates as a separate product or name.  Defendants admit that when xCurrent did operate as a separate product, it did not use XRP.  Defendants otherwise deny the allegations in paragraph 61.

62.     xVia no longer operates as a separate product or name.  Defendants admit that when xVia operated as a separate product, it did not use XRP.  Defendants admit that paragraph 62 partially quotes a prior version of Ripple's website.  Defendants refer the Court to the full text

of the archived webpage for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 62.  Defendants otherwise deny the allegations in paragraph 62.

63.    Defendants deny the allegations in paragraph 63.

64.    Defendants admit that paragraph 64 partially quotes from a tweet.  Defendants refer the Court to the full text of the tweet for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 64.  Defendants otherwise deny the allegations in paragraph 64.

65.    Defendants admit that paragraph 65 partially quotes from a tweet.  Defendants refer the Court to the full text of the tweet for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 65.  Defendants otherwise deny the allegations in paragraph 65.

66.    Defendants admit that paragraph 66 partially quotes from a tweet.  Defendants refer the Court to the full text of the tweet for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 66.  Defendants otherwise deny the allegations in paragraph 66.

67.    Defendants admit that paragraph 67 partially quotes from a tweet.  Defendants refer the Court to the full text of the tweet for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 67.  Defendants otherwise deny the allegations in paragraph 67.

68.    Defendants admit that paragraph 68 partially quotes from a tweet.  Defendants refer the Court to the full text of the tweet for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 68.  Defendants otherwise deny the allegations in paragraph 68.

69.    Defendants admit that paragraph 69 partially quotes from a tweet.  Defendants refer the Court to the full text of the tweet for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 69.  Defendants admit that paragraph 69 quotes from an interview of Mr. Garlinghouse.  Defendants refer the Court to the full

interview for a complete and accurate depiction of its contents and the context of the partial

quotation found in paragraph 69.  Defendants otherwise deny the allegations in paragraph 69.

70.     Defendants admit that paragraph 70 quotes from an interview of Mr.

Garlinghouse.  Defendants refer the Court to the full interview for a complete and accurate

depiction of its contents and the context of the partial quotation found in paragraph 70.

71.     Defendants admit that paragraph 71 partially quotes from tweets.  Defendants

refer the Court to the full text of those tweets for a complete and accurate depiction of their

content and the context of the partial quotations found in paragraph 71.

72.     Defendants admit that paragraph 72 partially quotes from tweets.  Defendants

refer the Court to the full text of the tweets for a complete and accurate depiction of their content

and the context of the partial quotations found in paragraph 72.  Defendants admit that paragraph

72 partially quotes from an archived version of Ripple's website.  Defendants refer the Court to

the full text of the archived website for a complete and accurate depiction of its contents and the

context of the partial quotation found in paragraph 72.  Defendants otherwise deny the

allegations in paragraph 72.

73.     Defendants admit that paragraph 73 partially quotes from a tweet.  Defendants

refer the Court to the full text of the tweet for a complete and accurate depiction of its contents

and the context of the partial quotation found in paragraph 73.  Defendants otherwise deny the

allegations in paragraph 73.

74.     Defendants admit that paragraph 74 partially quotes from an interview with Mr.

Garlinghouse.  Defendants refer the Court to the full interview for a complete and accurate

depiction of its contents and the context of the partial quotation found in paragraph 74.

Defendants otherwise deny the allegations in paragraph 74.

75.     Defendants admit that paragraph 75 partially quotes from an interview with Mr.

Garlinghouse.  Defendants refer the Court to the full interview for a complete and accurate

depiction of its contents and the context of the partial quotation found in paragraph 75.

Defendants otherwise deny the allegations in paragraph 75.

76.     Defendants deny the allegations in paragraph 76.

77.     Defendants admit that paragraph 77 partially quotes from an article.  Defendants refer the Court to the full text of the article for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 77.  Defendants admit that paragraph 77 partially quotes from a tweet.  Defendants refer the Court to the full text of the tweet for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 77.  Defendants otherwise deny the allegations in paragraph 77.

78.     The Complaint does not allege the source of the alleged quotations found in paragraph 78.  For this reason, Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 78, and therefore deny them.

79.     Defendants admit that paragraph 79 partially quotes from tweets.  Defendants refer the Court to the full text of those tweets for a complete and accurate depiction of their content and the context of the partial quotations found in paragraph 79.  Defendants also admit that the term FUD stands for "fear, uncertainty and doubt."  Defendants otherwise deny the allegations in paragraph 79.

80.     Defendants admit that paragraph 80 partially quotes from tweets.  Defendants refer the Court to the full text of those tweets for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 80.  Defendants otherwise deny the allegations in paragraph 80.

81.     Defendants deny the allegations in paragraph 81.

82.     Defendants lack information sufficient to admit or deny the allegations related to which exchanges are the easiest ways for U.S. customers to buy crypto-assets with U.S. dollars and therefore deny them.  Defendants otherwise deny the allegations in paragraph 82.

83.     Defendants lack information sufficient to admit or deny the allegations related to Litecoin and Bitcoin Cash and therefore deny them.  Defendants otherwise deny the allegations in paragraph 83.

84.     Defendants deny the allegations in paragraph 84.

85.     Defendants admit that paragraph 85 partially quotes from an article.  Defendants refer the Court to the full text of that article for a complete and accurate depiction of its contents

1    and the context of the partial quotation found in paragraph 85.

2         86.    Defendants admit that paragraph 86 partially quotes from an article.  Defendants

3    refer the Court to the full text of that article for a complete and accurate depiction of its contents

4    and the context of the partial quotation found in paragraph 86.  Defendants admit that Coinbase

5    and Gemini did not list XRP in 2017.

6         87.    Defendants admit that paragraph 87 partially quotes from a tweet.  Defendants

7    refer the Court to the full text of the tweet for a complete and accurate depiction of its contents

8    and the context of the partial quotation found in paragraph 87.

9         88.    Defendants admit that paragraph 88 partially quotes from a tweet.  Defendants

10   refer the Court to the full text of the tweet for a complete and accurate depiction of its contents

11   and the context of the partial quotation found in paragraph 88.  Defendants otherwise deny the

12   allegations in paragraph 88.

13        89.    Defendants lack information sufficient to admit or deny allegations regarding

14   unspecified "rumors" and therefore deny these allegations.

15        90.    Defendants admit that in May 2017, Ripple announced that it would place 55

16   billion XRP into a series of escrows on the XRP Ledger.  After implementation, each month, the

17   XRP Ledger releases a total of one billion XRP to Ripple to use – or not use – as it chooses, with

18   any unused XRP being returned to escrow.  Defendants otherwise deny the allegations in

19   paragraph 90.

20        91.    Defendants admit that paragraph 91 partially quotes from an article.  Defendants

21   refer the Court to the full text of the article for a complete and accurate depiction of its contents

22   and the context of the partial quotation found in paragraph 91.  Defendants admit that paragraph

23   91 partially quotes from a tweet.  Defendants refer the Court to the full text of the tweet for a

24   complete and accurate depiction of its contents and the context of the partial quotation found in

25   paragraph 91.  Defendants otherwise deny the allegations in paragraph 91.

26        92.    Defendants admit that paragraph 92 partially quotes from an article.  Defendants

27   refer the Court to the full text of that article for a complete and accurate depiction of its contents

28   and the context of the partial quotation found in paragraph 92.

93.     Defendants admit that paragraph 93 partially quotes from an article.  Defendants refer the Court to the full text of that article for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 93.  Defendants otherwise deny the allegations in paragraph 93.

94.     Defendants refer the Court to XRP's historical pricing information, which is publicly available on numerous websites, for a complete and accurate price history of XRP.  Defendants admit that paragraph 94 partially quotes from a website.  Defendants refer the Court to the full text of that website for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 94.  Defendants otherwise deny the allegations in paragraph 94.

95.     Defendants admit that paragraph 95 partially quotes from Ripple's website.  Defendants refer the Court to the full text of that website for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 95.  Defendants otherwise deny the allegations in paragraph 95.

96.     Defendants admit that paragraph 96 partially quotes from Ripple's website.  Defendants refer the Court to the full text of that website for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 96.  Defendants otherwise deny the allegations in paragraph 96.

97.     Defendants admit that paragraph 97 partially quotes from Ripple's website.  Defendants refer the Court to the full text of that website for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 97.  Defendants admit that paragraph 97 partially quotes from tweets.  Defendants refer the Court to the full text of those tweets for a complete and accurate depiction of their content and the context of the partial quotations found in paragraph 97.  Defendants otherwise deny the allegations in paragraph 97.

98.     Defendants deny the first sentence.  Defendants refer the Court to XRP's historical pricing information, which is publicly available on numerous websites, for a complete and accurate price history of XRP.  Defendants otherwise deny the allegations in paragraph 98.

99.     Defendants admit that paragraph 99 partially quotes from Ripple's website.

Defendants refer the Court to the full text of that website for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 99.  Defendants otherwise deny the allegations in paragraph 99.

100.    Defendants admit that, after implementation of the escrow, 1 billion XRP became and will become available to Ripple for 55 months and that any of the 1 billion XRP that remains unused at the end of the month is returned to escrow.  Defendants otherwise deny the allegations in paragraph 100.

101.    Defendants deny the allegations in paragraph 101.

102.    Defendants admit that paragraph 102 partially quotes from an article.  Defendants refer the Court to the full text of that article for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 102.  Defendants otherwise deny the allegations in paragraph 102.

103.    Defendants admit that paragraph 103 partially refers to various articles and media channels.  Defendants refer the Court to the full text of those articles and media channels for a complete and accurate depiction of their contents and the context of the references found in paragraph 103.  Defendants otherwise deny the allegations in paragraph 103.

104.    Defendants deny the allegations in paragraph 104.

105.    Defendants admit that in February 2017, a Ripple executive tweeted a link to an article announcing a deal with BitGo.  Defendants otherwise deny the allegations in paragraph 105.

106.    Defendants admit that paragraph 106 partially quotes from Ripple's website. Defendants refer the Court to the full text of that website for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 106.  Defendants otherwise deny the allegations in paragraph 106.

107.    Defendants admit that paragraph 107 partially quotes from Ripple's website. Defendants refer the Court to the full text of that website for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 107.  Defendants otherwise deny the allegations in paragraph 107.

108.    Defendants admit that paragraph 108 partially quotes from Ripple's website. Defendants refer the Court to the full text of that website for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 108.  Defendants otherwise deny the allegations in paragraph 108.

109.    Defendants admit that paragraph 109 partially quotes from a tweet.  Defendants refer the Court to the full text of the tweet for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 109.  Defendants otherwise deny the allegations in paragraph 109.

110.    Defendants admit that in 2016, Ripple and XRP II entered into various agreements with certain R3 entities, including an option to purchase 5 billion XRP.  Defendants otherwise deny the allegations in paragraph 110.

111.    Defendants admit that the agreements with certain R3 entities were terminated in June 2017.  Defendants admit that Ripple and XRP II later sued certain R3 entities based on certain R3 entities' alleged breaches of those underlying agreements.  Defendants otherwise deny the allegations in paragraph 111.

112.    Defendants deny the allegations in paragraph 112.

113.    Defendants admit that the XRP Ledger uses a consensus protocol.  Defendants otherwise deny the allegations in paragraph 113.

114.    Defendants admit that during consensus, each server evaluates proposals from a specific set of trusted validators, or Unique Node List ("UNL").  Users are free to use any UNL they prefer, and anyone can run a node or validator.  Ripple admits that it publishes a UNL that validators may choose to adopt if they so choose, but they are not required to do so.  Defendants otherwise deny the allegations in paragraph 114.

115.    Defendants lack information sufficient to admit or deny actions taken by BitMex Research, and therefore deny these allegations.  Defendants admit that paragraph 115 partially quotes from a blog post.  Defendants refer the Court to the full text of that blog for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 115.  Defendants otherwise deny the allegations in paragraph 115.

116.     Defendants admit that paragraph 116 partially quotes from a blog post. Defendants refer the Court to the full text of that blog for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 116.  Defendants otherwise deny the allegations in paragraph 116.

117.     Defendants admit that paragraph 117 partially quotes a document.  Defendants refer the Court to the full text of the document for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 117.  Defendants otherwise deny the allegations in paragraph 117.

118.     Defendants admit that in May 2015, Ripple and XRP II entered into a settlement with the DOJ and FinCEN which states that XRP is a "convertible virtual currency."  As a result of the settlement, Ripple and XRP II stipulated to pay $700,000 for certain alleged violations of the Bank Secrecy Act.  Defendants admit that, pursuant to the settlement, Ripple and XRP II agreed to undertake certain remedial measures.  Defendants otherwise deny the allegations in paragraph 118.

119.     Defendants admit that paragraph 119 partially quotes from tweets.  Defendants refer the Court to the full text of those tweets for a complete and accurate depiction of their contents and the context of the partial quotations found in paragraph 119.  Defendants otherwise deny the allegations in paragraph 119.

120.     Defendants admit that paragraph 120 partially quotes from a tweet.  Defendants refer the Court to the full text of the tweet for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 120.  Defendants otherwise deny the allegations in paragraph 120.

121.     Defendants admit that paragraph 121 partially quotes from a tweet.  Defendants refer the Court to the full text of the tweet for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 121.  Defendants otherwise deny the allegations in paragraph 121.

122.     Defendants admit that paragraph 122 partially quotes from a tweet.  Defendants refer the Court to the full text of the tweet for a complete and accurate depiction of its contents

and the context of the partial quotation found in paragraph 122.  Defendants otherwise deny the allegations in paragraph 122.

123.    Defendants admit that paragraph 123 partially quotes from tweets.  Defendants refer the Court to the full text of those tweets for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 123.  Defendants otherwise deny the allegations in paragraph 123.

124.    Defendants admit that paragraph 124 partially quotes from a tweet.  Defendants refer the Court to the full text of the tweet for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 124.  Defendants otherwise deny the allegations in paragraph 124.

125.    Defendants admit that Ripple makes the open-sourced Rippled software available for download at github.com/ripple/rippled.  Defendants otherwise deny the allegations in paragraph 125.

126.    Defendants admit that paragraph 126 partially quotes from a tweet.  Defendants refer the Court to the full text of the tweet for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 126.  Defendants otherwise deny the allegations in paragraph 126.

127.    Paragraph 127 is a legal argument that requires no response.  To the extent that paragraph 127 contains factual allegations or otherwise requires a response, Defendants state that the SEC Framework is "not a rule, regulation, or statement of the Commission" and "is not binding" on the Commission or otherwise.  The Framework is not the law and did not modify or replace any existing laws.  Defendants otherwise deny the allegations.

128.    Paragraph 128 is a legal argument that requires no response.  To the extent that paragraph 128 contains factual allegations or otherwise requires a response, Defendants state that the SEC Framework is "not a rule, regulation, or statement of the Commission" and "is not binding" on the Commission or otherwise.  The Framework is not the law and did not modify or replace any existing laws.  Defendants otherwise deny the allegations.

129.    Paragraph 129 is a legal argument that requires no response.  To the extent that

paragraph 129 contains factual allegations or otherwise requires a response, Defendants state that the SEC Framework is "not a rule, regulation, or statement of the Commission" and "is not binding" on the Commission or otherwise.  The Framework is not the law and did not modify or replace any existing laws.  Defendants otherwise deny the allegations.

130.     Defendants deny the allegations in paragraph 130.

131.     Paragraph 131 is a legal argument that requires no response.  To the extent that paragraph 131 contains factual allegations or otherwise requires a response, Defendants state that the SEC Framework is "not a rule, regulation, or statement of the Commission" and "is not binding" on the Commission or otherwise.  The Framework is not the law and did not modify or replace any existing laws.  Defendants otherwise deny the allegations.

132.     Defendants lack information sufficient to admit or deny, and therefore deny, the allegations regarding the actions of "Lead Plaintiff and the Class."  Paragraph 132 is otherwise a legal argument that requires no response.  To the extent that paragraph 132 contains factual allegations or otherwise requires a response, Defendants state that the SEC Framework is "not a rule, regulation, or statement of the Commission" and "is not binding" on the Commission or otherwise.  The Framework is not the law and did not modify or replace any existing laws. Defendants otherwise deny the allegations.

133.     Defendants deny the allegations in paragraph 133.

134.     Defendants admit that XRP is fungible.  Defendants admit that XRP can be purchased or sold on over 200 exchanges.  Defendants otherwise deny the allegations of paragraph 134.

135.     Paragraph 135 is a legal argument that requires no response.  To the extent that paragraph 135 contains factual allegations or otherwise requires a response, Defendants state that the SEC Framework is "not a rule, regulation, or statement of the Commission" and "is not binding" on the Commission or otherwise.  The Framework is not the law and did not modify or replace any existing laws.  Defendants otherwise deny the allegations.

136.     Defendants admit that paragraph 136 partially quotes Ripple's wiki.  Defendants refer the Court to the full text of the wiki for a complete and accurate depiction of its contents

and the context of the partial quotation found in paragraph 136.  Paragraph 136 is otherwise a legal argument that requires no response.  To the extent that paragraph 136 contains additional factual allegations or otherwise requires a response, Defendants state that the SEC Framework is "not a rule, regulation, or statement of the Commission" and "is not binding" on the Commission or otherwise.  The Framework is not the law and did not modify or replace any existing laws.  Defendants otherwise deny the allegations.

137.    The Complaint does not identify the source of the alleged quotation found in paragraph 137.  For this reason, Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 137, and therefore deny them.

138.    Defendants deny the allegations in paragraph 138.

139.    Paragraph 139 is a legal argument that requires no response.  To the extent that paragraph 139 contains factual allegations or otherwise requires a response, Defendants state that the SEC Framework is "not a rule, regulation, or statement of the Commission" and "is not binding" on the Commission or otherwise.  The Framework is not the law and did not modify or replace any existing laws.  Defendants otherwise deny the allegations.

140.    Defendants lack information sufficient to admit or deny, and therefore deny, the allegations regarding the actions and expectations of "investors in XRP, including Lead Plaintiff and the Class."  Defendants otherwise deny the allegations in paragraph 140.

141.    Defendants admit that paragraph 141 partially quotes a prior version of Ripple's website.  Defendants refer the Court to the full text of the archived webpage for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 141.  Defendants otherwise deny the allegations in paragraph 141.

142.    Defendants admit that paragraph 142 partially quotes an interview with Mr. Garlinghouse.  Defendants refer the Court to the full interview for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 142.  Defendants otherwise deny the allegations in paragraph 142.

143.    Defendants admit that Ripple placed 55 billion XRP into escrow.  Defendants otherwise deny the allegations in paragraph 143, including the alleged quotation in paragraph

1  143, of which the complaint does not allege the source and which Defendants therefore lack

2  sufficient knowledge to admit or deny.

3      144.    Defendants deny the allegations in paragraph 144.

4      145.    Defendants admit that paragraph 145 partially quotes from Ripple's website.

5  Defendants refer the Court to the full text of that website for a complete and accurate depiction

6  of its contents and the context of the partial quotation found in paragraph 145.  Defendants admit

7  that paragraph 145 partially quotes from a tweet.  Defendants refer the Court to the full text of

8  that tweet for a complete and accurate depiction of its contents and the context of the partial

9  quotation found in paragraph 145.  Defendants otherwise deny the allegations in paragraph 145.

10      146.    Paragraph 146 is a legal argument that requires no response.  To the extent that

11  paragraph 146 contains additional factual allegations or otherwise requires a response,

12  Defendants state that the SEC Framework is "not a rule, regulation, or statement of the

13  Commission" and "is not binding" on the Commission or otherwise.  The Framework is not the

14  law and did not modify or replace any existing laws.  Defendants otherwise deny the allegations.

15      147.    Paragraph 147 is a legal argument that requires no response.  To the extent that

16  paragraph 147 contains factual allegations or otherwise requires a response, Defendants state that

17  the SEC Framework is "not a rule, regulation, or statement of the Commission" and "is not

18  binding" on the Commission or otherwise.  The Framework is not the law and did not modify or

19  replace any existing laws.  Defendants otherwise deny the allegations.

20      148.    Paragraph 148 is a legal argument that requires no response.  To the extent that

21  paragraph 148 contains factual allegations or otherwise requires a response, Defendants state that

22  the SEC Framework is "not a rule, regulation, or statement of the Commission" and "is not

23  binding" on the Commission or otherwise.  The Framework is not the law and did not modify or

24  replace any existing laws.  Defendants otherwise deny the allegations.

25      149.    Defendants lack information sufficient to admit or deny, and therefore deny, the

26  allegations regarding "Lead Plaintiff and the Class."  Defendants otherwise deny the allegations

27  in paragraph 149.

28      150.    Defendants deny the allegations in paragraph 150.

151.    Defendants admit that paragraph 151 partially quotes Ripple's website. Defendants refer the Court to the full text of the webpage for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 151.  Defendants admit that paragraph 151 partially quotes Ripple's wiki.  Defendants refer the Court to the full text of the wiki for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 151.  Defendants otherwise deny the allegations in paragraph 151.

152.    Defendants admit that paragraph 152 partially quotes a website.  Defendants refer the Court to the webpage for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 152.  Defendants otherwise deny the allegations in paragraph 152.

153.    Defendants admit that paragraph 153 partially quotes Ripple's website. Defendants refer the Court to the webpage for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 153.  Defendants otherwise deny the allegations in paragraph 153.

154.    Defendants admit that paragraph 154 partially quotes a website.  Defendants refer the Court to the webpage for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 154.  Defendants otherwise deny the allegations in paragraph 154.

155.    Defendants lack information sufficient to admit or deny allegations regarding Ripple or its executives uncited acknowledgements and therefore deny these allegations. Defendants otherwise deny the allegations in paragraph 155.

156.    Defendants admit that paragraph 156 partially quotes a website.  Defendants refer the Court to the webpage for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 156.  Defendants otherwise deny the allegations in paragraph 156.

157.    Defendants deny the allegations in paragraph 157.

158.    Defendants admit that paragraph 158 partially quotes an SEC document. Defendants refer the Court to the full text of the document for a complete and accurate depiction

of its contents and the context of the partial quotation found in paragraph 158.  Paragraph 158 is otherwise a legal argument that requires no response.  To the extent that paragraph 158 contains additional factual allegations or otherwise requires a response, Defendants state that the SEC Framework is "not a rule, regulation, or statement of the Commission" and "is not binding" on the Commission or otherwise.  The Framework is not the law and did not modify or replace any existing laws.  Defendants otherwise deny the allegations.

159.     Paragraph 159 is a legal argument that requires no response.  To the extent that paragraph 159 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

160.     Paragraph 160 is a legal argument that requires no response.  To the extent that paragraph 160 contains factual allegations or otherwise requires a response, Defendants state that the SEC Framework is "not a rule, regulation, or statement of the Commission" and "is not binding" on the Commission or otherwise.  The Framework is not the law and did not modify or replace any existing laws.  Defendants otherwise deny the allegations.

161.     Paragraph 161 is a legal argument that requires no response.  To the extent that paragraph 161 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

162.     Paragraph 162 is a legal argument that requires no response.  To the extent that paragraph 162 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

163.     Paragraph 163 is a legal argument that requires no response.  To the extent that paragraph 163 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

164.     Defendants lack information sufficient to admit or deny, and therefore deny, allegations regarding "Lead Plaintiff and the Class."  Paragraph 164 is otherwise a legal argument that requires no response.  To the extent that paragraph 164 contains additional factual allegations or otherwise requires a response, Defendants deny the allegations.

165.     Paragraph 165 is a legal argument that requires no response.  To the extent that

1   paragraph 165 contains factual allegations or otherwise requires a response, Defendants deny the

2   allegations.

3        166.   Paragraph 166 is a legal characterization of the Complaint and contains no factual

4   allegations that Defendants are required to admit or deny.  To the extent that paragraph 166

5   contains factual allegations or otherwise requires a response, Defendants deny the allegations in

6   paragraph 166.

7        167.   Paragraph 167 is a legal argument that requires no response.  To the extent that

8   paragraph 167 contains factual allegations or otherwise requires a response, Defendants deny the

9   allegations.

10        168.   Paragraph 168 is a legal argument that requires no response.  To the extent that

11   paragraph 168 contains factual allegations or otherwise requires a response, Defendants deny the

12   allegations.

13        169.   Defendants lack information sufficient to admit or deny, and therefore deny,

14   allegations regarding Lead Plaintiff.  Paragraph 169 is otherwise a legal argument that requires

15   no response.  To the extent that paragraph 169 contains factual allegations or otherwise requires

16   a response, Defendants deny the allegations.

17        170.   Defendants lack information sufficient to admit or deny, and therefore deny,

18   allegations regarding Lead Plaintiff.  Paragraph 170 is otherwise a legal argument that requires

19   no response.  To the extent that paragraph 170 contains factual allegations or otherwise requires

20   a response, Defendants deny the allegations.

21        171.   Defendants lack information sufficient to admit or deny, and therefore deny,

22   allegations regarding Lead Plaintiff.  Paragraph 171 is otherwise a legal argument that requires

23   no response.  To the extent that paragraph 171 contains factual allegations or otherwise requires

24   a response, Defendants deny the allegations.

25        172.   Defendants lack information sufficient to admit or deny, and therefore deny, the

26   allegations in paragraph 172.

27        173.   Paragraph 173 is a legal argument that requires no response.  To the extent that

28   paragraph 173 contains factual allegations or otherwise requires a response, Defendants deny the

allegations.

174.    Paragraph 174 is a legal argument that requires no response.  To the extent that paragraph 174 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

175.    Paragraph 175 incorporates by reference Paragraphs 1 through 175 of the Complaint.  Defendants likewise incorporate by reference their responses to Paragraphs 1 through 175.

176.    Paragraph 176 is a legal argument that requires no response.  To the extent that paragraph 176 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

177.    Paragraph 177 is a legal argument that requires no response.  To the extent that paragraph 177 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

178.    Defendants lack information sufficient to admit or deny, and therefore deny, allegations regarding "Lead Plaintiff and members of the Class."  Paragraph 178 is otherwise a legal argument that requires no response.  To the extent that paragraph 178 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

179.    Defendants admit that XRP is not registered with the SEC.

180.    Paragraph 180 is a legal argument that requires no response.  To the extent that paragraph 180 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

181.    Defendants lack information sufficient to admit or deny, and therefore deny, allegations regarding "Lead Plaintiff and members of the Class."  Paragraph 181 is otherwise a legal argument that requires no response.  To the extent that paragraph 181 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

182.    Paragraph 182 incorporates by reference Paragraphs 1 through 182 of the Complaint.  Defendants likewise incorporate by reference their responses to Paragraphs 1 through 182.

183.    Paragraph 183 is a legal characterization of the Complaint and contains no factual allegations that Defendants are required to admit or deny.  To the extent that paragraph 183 contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 183.

184.    Paragraph 184 is a legal argument that requires no response.  To the extent that paragraph 184 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

185.    Paragraph 185 is a legal argument that requires no response.  To the extent that paragraph 185 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

186.    Paragraph 186 is a legal argument that requires no response.  To the extent that paragraph 186 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

187.    Paragraph 187 is a legal argument that requires no response.  To the extent that paragraph 187 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

188.    Paragraph 188 is a legal argument that requires no response.  To the extent that paragraph 188 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

189.    Paragraph 189 is a legal argument that requires no response.  To the extent that paragraph 189 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

190.    Paragraph 190 incorporates by reference Paragraphs 1 through 190 of the Complaint.  Defendants likewise incorporate by reference their responses to Paragraphs 1 through 190.

191.    Paragraph 191 is a legal argument that requires no response.  To the extent that paragraph 191 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

192.    Paragraph 192 is a legal argument that requires no response.  To the extent that paragraph 192 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

193.    Defendants lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 193.

194.    Defendants admit that XRP is not registered with the SEC or the California Commissioner of Corporations.  Defendants otherwise deny the allegations in paragraph 194.

195.    Paragraph 195 is a legal argument that requires no response.  To the extent that paragraph 195 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

196.    Defendants lack information sufficient to admit or deny, and therefore deny, allegations regarding "Lead Plaintiff and members of the Class."  Paragraph 196 is otherwise a legal argument that requires no response.  To the extent that paragraph 196 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

197.    Paragraph 197 incorporates by reference Paragraphs 1 through 197 of the Complaint.  Defendants likewise incorporate by reference their responses to Paragraphs 1 through 197.

198.    Paragraph 198 is a legal characterization of the Complaint and contains no factual allegations that Defendants are required to admit or deny.  To the extent that paragraph 198 contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 198.

199.    Paragraph 199 is a legal argument that requires no response.  To the extent that paragraph 199 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

200.    Defendants admit that paragraph 200 partially quotes the California Corporations Code.  Defendants refer the Court to the full text of the quoted statute for a complete and accurate depiction of its contents and the context of the partial quotation found in paragraph 200.

201.    Paragraph 201 is a legal argument that requires no response.  To the extent that

paragraph 201 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

202.    This claim, arising out of the allegations set out in paragraphs 41-42, 47-48, 51, 53, 56-57, 64-75 of the Complaint, was dismissed from the Complaint by the Court's order dated October 2, 2020, and therefore no response is required.  Paragraph 202 is otherwise a legal argument that requires no response.  To the extent that paragraph 202 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

203.    Paragraph 203 is a legal argument that requires no response.  To the extent that paragraph 203 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

204.    Paragraph 204 is a legal argument that requires no response.  To the extent that paragraph 204 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

205.    Paragraph 205 is a legal argument that requires no response.  To the extent that paragraph 205 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

206.    Paragraph 206 is a legal argument that requires no response.  To the extent that paragraph 206 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

207.    Paragraph 207 incorporates by reference Paragraphs 1 through 207 of the Complaint.  Defendants likewise incorporate by reference their responses to Paragraphs 1 through 207.

208.    Paragraph 208 is a legal characterization of the Complaint and contains no factual allegations that Defendants are required to admit or deny.  To the extent that paragraph 208 contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 208.

209.    Paragraph 209 is a legal argument that requires no response.  To the extent that paragraph 209 contains factual allegations or otherwise requires a response, Defendants deny the

allegations.

210.    Paragraph 210 is a legal argument that requires no response.  To the extent that paragraph 210 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

211.    Paragraph 211 is a legal argument that requires no response.  To the extent that paragraph 211 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

212.    Paragraph 212 is a legal argument that requires no response.  To the extent that paragraph 212 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

213.    Paragraph 213 is a legal argument that requires no response.  To the extent that paragraph 213 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

214 – 230.    Paragraphs 214–30 were dismissed from the complaint by the Court's order dated October 2, 2020, and therefore no response is required to these paragraphs.

231 – 235.    Plaintiff's prayer for relief and judgment (including paragraphs 231–35) does not require a response, but insofar as an answer is deemed necessary, Defendants deny that Plaintiff is entitled to the requested relief and judgment or to any relief whatsoever.

## Affirmative Defenses

As separate and distinct defenses to the Complaint, and to each purported cause of action therein, without assuming any burden of proof that they would otherwise not bear, Defendants raise the following defenses, including affirmative defenses.  Defendants reserve the right to assert any additional and further defenses, including affirmative defenses, as may be revealed by discovery or otherwise.

## First Affirmative Defense: Failure To State A Claim

The Complaint, and each purported cause of action alleged therein against Defendants, fails to state a claim upon which relief may be granted.

1

### Second Affirmative Defense: Failure To Plead With Particularity

2

Plaintiff's and members of the putative class' claims are barred, in whole or in part, because

3

the Complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure

4

9(b).

5

### Third Affirmative Defense: XRP Is Not A Security

6

The transactions alleged in the Complaint did not involve the sale of an investment contract

7

and therefore were not securities transactions.  Defendants were not issuers, brokers, or sellers of

8

any security allegedly purchased by Plaintiff or members of the putative class.  Plaintiff, who

9

repeatedly traded in and out of cryptocurrencies in a short period of time, and members of the

10

putative class, did not make an investment of money in a common enterprise with a reasonable

11

expectation of profits based on the efforts of Defendants.

12

### Fourth Affirmative Defense: Exemption to Registration

13

If Plaintiff establishes that XRP is a security, Plaintiff's claims and the claims of the

14

putative class, will be barred, in whole or in part, because the alleged transactions are exempt from

15

the registration requirements of the Securities Act and/or the regulations promulgated thereunder.

16

### Fifth Affirmative Defense: Statute of Limitations

17

Plaintiff's and members of the putative class' claims are barred in whole or in part by an

18

applicable statute of limitations.

19

### Sixth Affirmative Defense: Statute of Repose

20

Plaintiff's and members of the putative class' claims are barred in whole or in part by an

21

applicable statute of repose.

22

### Seventh Affirmative Defense: No Primary Liability

23

Plaintiff's and members of the putative class' claims are barred in whole or in part because

24

Plaintiff cannot establish the primary liability necessary to assert control person liability.

25

### Eighth Affirmative Defense: Inadequate Class Allegations

26

Plaintiff's and members of the putative class' claims are not properly maintainable as a

27

class action.

28

1

### Ninth Affirmative Defense: No Standing (Indirect Purchasers)

2      Defendants are not liable to Plaintiff and members of the putative class to the extent

3   Plaintiff and members of the putative class did not purchase XRP directly from Defendants.

4

### Tenth Affirmative Defense: No Standing (No Case or Controversy)

5      Plaintiff and members of the putative class lack standing to bring a claim against

6   Defendants to the extent they sold their XRP for gain or equal value and therefore suffered no

7   injury.

8

### Eleventh Affirmative Defense: No Falsity

9      The alleged misrepresentations and omissions were not false, misleading, or material

10  when taken together with, and in context of, the total mix of information available to the market.

11

### Twelfth Affirmative Defense: International Purchases Excluded

12     Defendants are not liable to Plaintiff and members of the putative class who were located

13  overseas when they purchased XRP and/or purchased XRP on foreign exchanges.

14

### Thirteenth Affirmative Defense: Nonresidents of California Excluded

15     Defendants are not liable for violations of California law to purchasers outside of

16  California.

17

### Fourteenth Affirmative Defense: No Damages

18     The claims asserted in the Complaint are barred because Plaintiff and the putative class

19  have sustained no legally cognizable damage by virtue of any action or omission alleged in the

20  Complaint.

21

### Fifteenth Affirmative Defense: Limited Damages

22     Some or all of Plaintiff and members of the purported class cannot claim damages because

23  they sold their XRP at prices higher than or equal to the prices at which they purchased or acquired

24  that XRP.  In the event Plaintiff recovers damages, such damages shall be limited only to those

25  losses caused by the alleged wrongdoing as opposed to other factors and/or market conditions.

26

### Sixteenth Affirmative Defense: Lack of Control

27     Plaintiff's claims, and the claims of the putative class, are barred, in whole or in part,

28  because Defendants did not directly or indirectly induce any act or acts alleged in the Complaint

1   to constitute a violation of any federal securities law or regulation.

2   <u>**Seventeenth Affirmative Defense: No Duty To Disclose**</u>

3   Plaintiff's claims are barred, in whole or in part, on the grounds that Defendants had no

4   duty to disclose information allegedly omitted in their public statements, that Defendants had no

5   duty to update information that was truthful and accurate when made, and that Defendants had no

6   duty to correct information that they reasonably believed was truthful and accurate when made.

7   <u>**Eighteenth Affirmative Defense: Bespeaks Caution**</u>

8   The alleged false or misleading statements were forward-looking statements accompanied

9   by appropriate risk disclosures protected by the bespeaks caution doctrine.

10   <u>**Nineteenth Affirmative Defense: Disclosed Risk**</u>

11   Defendants are not liable to Plaintiff because any alleged misstatements contained

12   sufficient cautionary language and risk disclosure.

13   <u>**Twentieth Affirmative Defense: Janus**</u>

14   Each Defendant cannot be held liable for statements he did not make.

15   <u>**Twenty-First Affirmative Defense: No Loss Causation**</u>

16   The alleged misrepresentations and/or omissions at issue were not a producing cause of the

17   alleged harm, if any, to Plaintiff.

18   <u>**Twenty-Second Affirmative Defense: No Transaction Causation**</u>

19   The alleged actions or inactions of Defendants were not the sole or partial cause of any

20   decision by any Plaintiff to purchase XRP, nor were any of Plaintiff's purchases made or induced

21   by means of any misrepresentation or omission made by Defendants.

22   <u>**Twenty-Third Affirmative Defense: Public Information**</u>

23   Plaintiff's claims are barred on the grounds that matters alleged to be the subject of

24   misrepresentations and/or omissions were publicly disclosed and/or were in the public domain,

25   and as such, were available to Plaintiff and the putative class.

26   <u>**Twenty-Fourth Affirmative Defense: Equitable Doctrines**</u>

27   Plaintiff's and members of the putative class' claims against Defendants are barred in

28   whole or in part by laches, equitable estoppel, acquiescence, waiver, unclean hands, *in pari delicto*,

1   or other related equitable doctrines.

2                              **Reservation Of Defenses**

3          Additional facts may be revealed by future discovery that support additional affirmative

4   defenses presently available to, but unknown to, Defendants.  Therefore, Defendants reserve the

5   right to assert additional defenses in the event that discovery and investigation indicate that

6   additional defenses would be appropriate.

7

8   DATED:  October 16, 2020                 KING & SPALDING LLP

9

10

11                                    By:      */s/ Damien J. Marshall*_____
                                             Damien J. Marshall

12
                                             DAMIEN J. MARSHALL (admitted pro hac vice)
13                                           dmarshall@kslaw.com
                                             **KING & SPALDING LLP**
14                                           1185 Avenue of the Americas, 34th Floor
                                             New York, NY 10036
15                                           Tel: (212) 556-2100; Fax: (212) 556-2222

16
                                             ANDREW J. CERESNEY (admitted pro hac vice)
17                                           aceresney@debevoise.com
                                             **DEBEVOISE & PLIMPTON LLP**
18                                           919 Third Avenue
                                             New York, NY 10022
19                                           Tel: (212) 909-6000; Fax: (212) 909-6836

20
                                             SUZANNE E. NERO (SBN 284894)
21                                           snero@kslaw.com
                                             **KING & SPALDING LLP**
22                                           101 Second Street, Suite 1000
                                             San Francisco, CA 94105
23                                           TEL: (415) 318-1200; Fax: (415) 318-1300

24
                                             *Attorneys for Defendants Ripple Labs Inc.,*
25                                           *XRP II, LLC, and Bradley Garlinghouse*

26

27

28

---