1   James Q. Taylor-Copeland (284743)        Damien J. Marshall (*pro hac vice*)
    james@taylorcopelandlaw.com              dmarshall@bsfllp.com
2   TAYLOR-COPELAND LAW                      BOIES SCHILLER FLEXNER LLP
    501 W. Broadway, Suite 800               55 Hudson Yards, 20th Floor
3   San Diego, CA 92101                      New York, NY 10001
    Telephone: (619) 400-4944                Telephone:    (212) 446-2300
4   Facsimile: (619) 566-4341                Facsimile:    (212) 446-2350

5   Marc M. Seltzer (54534)                  Suzanne E. Nero (SBN 284894)
    mseltzer@susmangodfrey.com               snero@kslaw.com
6   Steven G. Sklaver (237612)               KING & SPALDING LLP
    ssklaver@susmangodfrey.com               101 Second Street, Suite 1000
7   Oleg Elkhunovich (269238)                San Francisco, CA 94105
    oelkhunovich@susmangodfrey.com           Tel: (415) 318-1200; Fax: (415) 318-1300
8   Meng Xi (280099)
    mxi@susmangodfrey.com                    Andrew J. Ceresney (Admitted pro hac vice)
9   SUSMAN GODFREY L.L.P.                    aceresney@debevoise.com
    1900 Avenue of the Stars, 14th Floor     DEBEVOISE & PLIMPTON LLP
10  Los Angeles, CA 90067                    919 Third Avenue
    Telephone: (310) 789-3100                New York, NY 10022
11  Facsimile: (310) 789-3150                Tel: (212) 909-6000; Fax: (212) 909-6836

12  P. Ryan Burningham (*pro hac vice*)          *Attorneys for Defendants Ripple Labs Inc.,*
    rburningham@susmangodfrey.com                *XRP II LLC, and Bradley Garlinghouse*
13  SUSMAN GODFREY L.L.P.
    1201 Third Avenue, Suite 3800
14  Seattle, WA  98101
    Telephone: (206) 516-3880
15  Facsimile:  206) 516-3883

16  *Counsel for Lead Plaintiff Bradley Sostack*

17                    UNITED STATES DISTRICT COURT

18                  NORTHERN DISTRICT OF CALIFORNIA

19                          OAKLAND DIVISION

20

21  | In re RIPPLE LABS INC. LITIGATION, | Case No.     18-cv-06753-PJH |
22  |                                    | **JOINT CASE MANAGEMENT** |
    |                                    | **STATEMENT & [PROPOSED]** |
23  |                                    | **ORDER** |
    | This Document Relates To:          |  |
24  |                                    |  |
    | ALL ACTIONS                        |  |
25

26

27

28

Lead Plaintiff Bradley Sostack and Defendants Ripple Labs, Inc., XRP II LLC, and Bradley Garlinghouse submit this Joint Case Management Statement.

1.      **JURISDICTION & SERVICE**

This Court has subject-matter jurisdiction over claims under the Securities Act pursuant to 15 U.S.C. § 78aa and 28 U.S.C. § 1331, and supplemental jurisdiction over the entire action under 28 U.S.C. § 1367.  The parties do not object to venue or dispute personal jurisdiction.

This action consolidates three separate complaints originally filed in the Superior Court of the State of California in the County of San Mateo.  It was removed to this Court on November 7, 2018. (ECF No. 2.)  All parties were served on November 8, 2018.  (ECF No. 8.)  No parties remain to be served.

2.      **FACTS**

A.  **Lead Plaintiff's Brief Statement of Facts**

In 2013, Ripple created 100 billion cryptocurrency units called XRP.  Of those, 20 billion were given to Ripple's founders, and Ripple retained the remainder.

Defendants have profited by selling XRP.   In 2017 and 2018, Ripple greatly increased its efforts to push XRP on the general public.  For example, in 2017, Ripple placed 55 billion XRP in a cryptographically secured escrow account and established 55 contracts of 1 billion XRP each that allow Ripple to sell up to 1 billion XRP per month, with any unsold XRP returned to escrow for use in subsequent offerings.  This limited the supply of XRP, increased the demand for XRP, and in turn propped up the value of XRP.  Ripple also offered cryptocurrency exchanges significant sums of money and large quantities of XRP in exchange for listing XRP on those exchanges.

Expecting to derive profits from owning XRP, Mr. Sostack and others provided money consideration (in the form of USD or other cryptocurrencies) in exchange for XRP.  However, Defendants did not register XRP with the SEC or qualify XRP with the California Commissioner of Corporations.

Mr. Sostack seeks to represent a class of all investors who purchased Ripple XRP tokens issued and sold by Defendants.  Mr. Sostack alleges that XRP is an unregistered security, which

1

1    Defendants sold in violation of federal and state securities laws.  Mr. Sostack also alleges that

2    Defendants have made false and misleading statements regarding XRP, thereby violating

3    California's securities laws.

4              **B.  Defendants' Response**

5              Defendants categorically deny Plaintiff's claims and dispute the accuracy of his factual

6    allegations.  Defendants deny XRP was or is an unregistered security—XRP is not an "investment

7    contract" under Section 2(a)(1) of the Securities Act, 15 U.S.C. § 77b(a)(1)—and Defendants

8    further deny that XRP was required to be registered with the SEC and/or the California

9    Commissioner of Corporations.  Defendants deny that Plaintiff's federal claims are timely and

10   submit they are barred by the three-year statute of repose set forth in Section 13 of the Securities

11   Act.  Defendants further deny that they are "statutory sellers" under Section 12 of the Securities

12   Act.  Defendants deny that Plaintiff's California securities claims are viable because Plaintiff has

13   not alleged and cannot show that he was in privity with Defendants when he purchased XRP, as

14   required by Cal. Corp. Code §§ 25110 and 25503.  Defendant Garlinghouse denies that he made

15   any alleged misrepresentations or omissions of fact concerning the scope and character of his

16   XRP holdings, that such alleged statements were material, were made with scienter, or that

17   Plaintiff suffered damages as a result of the same.[1] Defendants will argue that Plaintiff's claim

18   based on Defendant Garlinghouse's alleged misrepresentation at paragraph 52 of the

19   Consolidated First Amended Complaint fails as a matter of law.  Defendants further deny that this

20   putative class action should be certified, as the requirements set forth in Rules 23(a) and 23(b)(3)

21   are not satisfied.

22            **3.     LEGAL ISSUES**

23            The primary legal issues in dispute are as follows:

24            •   Whether XRP are securities within the meaning of Section 2(a)(1) of the
                   Securities Act, 15 U.S.C. § 77b(a)(1).  *See S.E.C. v. W.J. Howey Co.*, 328 U.S.
25                 293, 301 (1946).

26

27   _____
     [1] This Court dismissed Plaintiff's fraud claims arising out of all other alleged misrepresentations
28   by Defendants.  (ECF No. 115.)

- Whether Plaintiff's Securities Act claims are barred by the three-year statute of repose set forth in Section 13 of the Securities Act's, 15 U.S.C. § 77m.

- Whether Defendants are "statutory sellers" of XRP pursuant to Section 12 of the Securities Act, 15 U.S.C. § 77l, and, if so, whether they are liable only to those who purchased XRP directly from Defendants.

- Whether Plaintiff was in privity with Defendants when he allegedly purchased XRP as required by Cal. Corp. Code §§ 25110 and 25503.

- Whether XRP are securities within the meaning of the California Corporations Code. *See id.*; *Silver Hills Country Club v. Sobieski*, 361 P.2d 906 (Cal. 1961).

- Whether Mr. Garlinghouse's alleged misrepresentation concerning the scope and character of his XRP holdings was false and misleading, and whether it is otherwise actionable. *See* Cal. Corp. Code § 25401.

- Whether Plaintiff's alleged putative class can be certified under Fed. R. Civ. P. 23(a) and 23(b)(3).

- Whether *Morrison* and its progeny limit Plaintiff's class to purchases on domestic exchanges that qualify as "domestic transactions." *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 268 (2010).

- Whether individualized *Morrison* inquiries defeat the predominance of common questions required to certify a class under Fed. R. Civ. P. 23(b)(3). *See Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 268 (2010).

- Whether Plaintiff can pursue a nationwide class on behalf of their California Securities Law Claims, Cal. Corp. Code §§ 25110 and 25503.

### 4.    MOTIONS

On February 26, 2020, this Court granted in part and denied in part Defendants' motion to dismiss.  (ECF No. 85.)  That order granted Lead Plaintiff leave to amend, and he filed a Consolidated First Amended Complaint on March 25, 2020.  (ECF No. 87.)  Defendants filed a motion to dismiss the Consolidated First Amended Complaint (ECF No. 102), which the Court granted in part and denied in part (ECF No. 115).  Defendants answered the Consolidated First Amended Complaint on October 16, 2020.  (ECF No. 117.)  Defendants anticipate moving for summary judgment.  There are no motions pending now.

### 5.    AMENDMENT OF PLEADINGS

Lead Plaintiff filed a Consolidated First Amended Complaint on March 25, 2020. Presently, he does not expect to add or dismiss parties or claims.

6.      **EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred during the parties' Rule 26(f) conference regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

7.      **DISCLOSURES**

The parties served their respective initial disclosures on November 3, 2020.

The parties have agreed that Fed. R. Civ. P. 37(c)(1) sanctions will not be sought and should not be imposed if initial disclosures are supplemented in a timely fashion under Fed. R. Civ. P. 26(e).

8.      **DISCOVERY**

**A.  Discovery Taken to Date**

On October 8, 2020, Lead Plaintiff served his first set of requests for production.

**B.  Scope and Phasing of Anticipated Discovery**

**1.  Plaintiff's Position**

Lead Plaintiff intends to conduct discovery concerning Defendants' creation, promotion, and sales of XRP, and Defendants' communications concerning the same.  Lead Plaintiff also intends to conduct discovery concerning damages.

Lead Plaintiff served his first requests for production of documents on October 8, 2020, and granted Defendants' request for an extension to respond to those requests by December 9, 2020.  The Parties have agreed that relevant, non-privileged documents and communications that Defendants previously provided to or received from the SEC will be produced by December 16, 2020 and a privilege log of any withheld documents will be provided by December 23, 2020. Producing these documents promptly will avoid unnecessary delay in this action and will very likely assist the parties in tailoring future discovery efforts and resolving any disputes concerning the scope of Lead Plaintiff's first requests for production.

**2. Defendants' Position**

Defendants are in the process of preparing objections and responses to the 97 separate

1    Requests for Production Plaintiff served on October 8.  Defendants are in the process of

2    reviewing documents for production and will begin a rolling production of documents by

3    December 16, 2020.  Defendants anticipate discovery disputes might arise over the overbreadth

4    and disproportionality of many of Plaintiff's discovery requests but will meet and confer with

5    Plaintiff's counsel to attempt to resolve these disputes.

6         Defendants intend to conduct discovery concerning Plaintiff's alleged purchases of XRP

7    and other cryptocurrencies, including the information he relied on, if any, in making those alleged

8    purchases, and whether he was damaged as a result of the alleged purchases.  Defendants will

9    seek discovery regarding whether XRP is an investment contract.  Defendants may also seek

10   discovery on the issue of when XRP was bona fide offered to the public and Ripple's sales of

11   XRP.  In addition, Defendants will seek discovery into whether Plaintiff can satisfy the

12   requirements of Rule 23.

13                              **C.  Protective Order**

14        The parties have filed a stipulated Protective Order.  (ECF No. 98.)

15             **D.  Proposed Limitations or Modifications to Discovery Rules**

16        *Depositions.*  Plaintiff's position is that relief is needed from the limitation on the number

17   of depositions set forth in Rule 30(a)(2).  Defendants' position is that Rule 30(a)(2) should

18   control.

19        *Document Subpoenas to Non-Parties.*  The parties agree as follows with respect to

20   nonparties producing materials in response to Fed. R. Civ. P. 45 document subpoenas in this

21   action.  The issuing party shall request that non-parties simultaneously produce materials to both

22   Lead Plaintiff and Defendants.  If, notwithstanding such request, the non-party does not produce

23   the materials to both sides, the issuing party shall provide a copy of all materials to the other side

24   within three business days after receipt of the materials from the non-party, subject to any

25   limitations in the Protective Order.  If a party modifies or extends the time to respond to a Fed. R.

26   Civ. P. 45 document subpoena (whether orally or in writing), it shall simultaneously notify the

27   other party of that extension, modification, or explanation, including providing copies of any

28   written agreements regarding modification or extension.

*Authenticity Presumptions*.  Documents produced by Plaintiff and Defendants in this action shall be presumed to be authentic within the meaning of Fed. R. Evid. 901.  If a party serves a specific good-faith written objection to the authenticity of a document that it did not produce from its files, the presumption of authenticity will no longer apply to that document.  Any objection to a document's authenticity must be provided with (or prior to) the exchange of objections to trial exhibits.  The parties will promptly meet and confer to attempt to resolve any objections.  The Court will resolve any objections that are not resolved through this means or through the discovery process.

*Service*.  Service of any documents not filed via ECF, including pleadings, discovery requests, subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be by email to all attorneys of record for the receiving party; the parties will provide each with "service lists" that can be used to serve documents.  In the event the volume of served materials is too large for email and requires electronic data transfer by file transfer protocol or a similar technology, or overnight delivery, the serving party will telephone or email the other side's principal designee when the materials are sent to provide notice that the materials are being served.  For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery.

### E.  Stipulated E-Discovery Order

On file at ECF No. 99-1 is the parties' stipulated order governing ESI discovery.  On November 4, 2020, the Court entered that stipulated order as modified by the Court.  ECF No. 121.

### F.  Proposed Discovery Plan

The parties' proposals concerning discovery timing are set forth in Section 17 (Proposed Case Schedule) below.

### G.  Current Discovery Disputes

There are no discovery disputes at this time.

1

### 9.    CLASS ACTIONS

2      Lead Plaintiff proposes that a class be certified pursuant to Fed. R. Civ. P. 23(a) and

3   23(b)(3).  Lead Plaintiff proposes to file a motion for class certification as set forth in his

4   proposed schedule below.  Defendants deny that this lawsuit should proceed as a class action and

5   will oppose any motion for class certification.

6

### 10.    RELATED CASES

7      This consolidated action includes *Greenwald v. Ripple et al.*, 18-490; *Zakinov v. Ripple et*

8   *al.*, 18-CIV-2845 (Cal. Super. Ct. San Mateo Cty.); and *Oconer v. Ripple Labs, Inc.*, 18-CIV-

9   3332 (Cal. Super. Ct. San Mateo Cty.).  Additionally, *Bitcoin Manipulation Abatement LLC v.*

10  *Ripple Labs, Inc., et al.*, 20-cv-3022, was filed in this District on May 1, 2020 (the "*BMA*

11  Lawsuit").  On May 28, 2020, this Court granted the parties' joint motion (ECF No. 96) and

12  ordered the *BMA* Lawsuit related and consolidated to this action (ECF No. 101).  Finally,

13  *Simmons v. Ripple Labs, Inc.*, No. 20-cv-5127-KAW (the "*Simmons*" Lawsuit), was transferred to

14  this District on July 27, 2020, and on August 21, 2020, this Court entered a stipulated order

15  consolidating the *Simmons* Lawsuit to this action.  (ECF No. 113.)

16

### 11.    RELIEF

17     Lead Plaintiff, on behalf of himself and all others similarly situated, seeks damages to the

18  maximum extent authorized by applicable federal and state law.  He also seeks injunctive, other

19  equitable relief as the Court may deem just and proper, and costs and fees.

20     Defendants deny that Plaintiff is entitled to any of the relief sought and reserve the right to

21  seek attorney's fees and costs if and where allowed.  Based on presently known information,

22  Defendants do not anticipate filing a counterclaim in this action.

23

### 12.    SETTLEMENT AND ADR

24     The parties had previously scheduled mediation for October 6, 2020. However, mediation

25  was subsequently cancelled.

26

### 13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

27     The parties do not consent to a magistrate judge conducting all further proceedings in this

28  case.

**14.     OTHER REFERENCES**

The parties do not believe this case is suitable for reference to binding arbitration or a special master.

**15.     NARROWING OF ISSUES**

The parties will consider issues that can be narrowed by agreement or by motion, as well as potential means to expedite the presentation of evidence at trial.

**16.     EXPEDITED TRIAL PROCEDURE**

The parties agree that this case is not suitable for handling under the Expedited Trial Procedure of General Order No. 64.

**17.     PROPOSED CASE SCHEDULE**

The parties have agreed upon the following proposed case schedule:

| Event | Proposal Deadline |
|---|---|
| Initial Disclosures | Tuesday, November 3, 2020 |
| Initial Case Management Conference | Thursday, November 12, 2020 |
| Close of Fact Discovery | Friday, April 15, 2022 |
| Plaintiffs' Opening Expert Reports | Friday, May 13, 2022 |
| Defendants' Expert Reports | Friday, June 10, 2022 |
| Plaintiffs' Rebuttal Expert Reports | Friday, July 8, 2022 |
| Close of Expert Discovery | Friday, July 29, 2022 |
| Plaintiffs' Motion for Class Certification | Friday, August 26, 2022 |
| Defendants' Opposition to Motion for Class Certification | Friday, September 23, 2022 |
| Plaintiffs' Reply in Support of Motion for Class Certification | Friday, October 21, 2022 |
| Hearing on Motion for Class Certification | TBD (the Court's schedule indicates all motions will |

| | be decided on the papers until further notice) |
|---|---|
| Last Day to File Dispositive Motions and *Daubert* Motions | Friday, December 16, 2022 |
| Summary Judgment and *Daubert* Oppositions | Friday, January 27, 2023 |
| Summary Judgment and *Daubert* Replies | Friday, February 17, 2023 |
| Hearing on Dispositive Motions | TBD (the Court's schedule indicates all motions will be decided on the papers until further notice) |
| Final Pretrial Conference | Friday, March 17, 2023 |
| Trial | Monday, April 10, 2023 |

## 18.    TRIAL

This case will be decided by a jury trial.  Lead Plaintiff currently estimates the trial in this case to last 10-14 days.  Defendants believe it is premature to discuss the expected length of a trial at this early stage in the proceedings, but based on currently available information, agree with Lead Plaintiff's estimate.

## 19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-15, Lead Plaintiff and Defendants filed Certifications of Interested Entities or Persons.  (ECF Nos. 1, 48).

## 20.    PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: November 5, 2020

By: */s/ Oleg Elkhunovich*
    Oleg Elkhunovich
    SUSMAN GODFREY L.L.P.
    1900 Avenue of the Stars, 14th Floor
    Los Angeles, CA 90067

By: */s/ Damien J. Marshall*
    Damien J. Marshall
    BOIES SCHILLER FLEXNER L.L.P.
    55 Hudson Yards, 20th Floor
    New York, NY 10001

OElkhunovich@susmangodfrey.com               DMarshall@bsfllp.com
*Counsel for Plaintiff*                                    *Counsel for Defendants*

## <u>ATTESTATION</u>

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

DATED: November 5, 2020                              */s/Oleg Elkhunovich*
                                                                          Oleg Elkhunovich


Pursuant to the foregoing stipulation, **IT IS SO ORDERED**.


Dated:                           _____
                                       The Honorable Phyllis J. Hamilton
                                       UNITED STATES DISTRICT JUDGE

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
Case No. 18-cv-06753-PJH