# EXHIBIT 1

James Q. Taylor-Copeland (284743)
james@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
Steven G. Sklaver (237612)
ssklaver@susmangodfrey.com
Oleg Elkhunovich (269238)
oelkhunovich@susmangodfrey.com
Meng Xi (280099)
mxi@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

P. Ryan Burningham (*pro hac vice*)
rburningham@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile:  206) 516-3883

*Counsel for Lead Plaintiff Bradley Sostack*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION, | Case No. 4:18-cv-06753-PJH |
| | **CLASS ACTION** |
| This Document Relates To: | LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS |
| ALL ACTIONS | |
| | **JURY TRIAL DEMANDED** |

LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

7634562v3/016433

**TO DEFENDANTS RIPPLE LABS, INC., XRP II, LLC, and BRADLEY GARLINGHOUSE:**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Lead Plaintiff requests that Defendants Ripple Labs, Inc. ("Ripple"); XRP II, LLC ("XRP II"); and Bradley Garlinghouse ("Garlinghouse," and collectively "You(r)") produce and make available for inspection and copying all documents and communications requested below in accordance with the definitions and instructions set forth below, at the office of  Susman Godfrey L.L.P., 1900 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067 within thirty days.

LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
7634562v3/016433

**DEFINITIONS**

The definitions and rules of construction set forth in the Federal Rules of Civil Procedure are incorporated herein by reference.  The following definitions shall also apply to these requests.

1.     "All" shall include the term "each," and vice versa, as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

2.     "Board" refers to current and former members of Ripple's Board of Directors.

3.     "Bitstamp Litigation" refers to the United States District Court for the Northern District of California case captioned *Bitstamp Ltd. v. Ripple Labs, Inc. et. al.*, Case No. 15-cv-01503-MEF.

4.     "Britto Litigation" refers to the San Francisco Superior Court case captioned *Arthur Britto v. Jed Mccaleb et. al.*, Case No. CGC 15 544133.

5.     "Communication" means the transmission of information (in the form of facts, ideas, inquiries or otherwise), or attempted transmission of information, whether written, oral, electronic or by any other means.

6.     "Complaint" means Lead Plaintiff's First Amended Complaint, filed March 25, 2020, Dkt. No. 87.

7.     "Concerning" means relating to, referring to, describing, evidencing, or constituting.

8.     "Cryptocurrency Exchange" means any website or service that allows users to buy or trade digital assets, such as XRP.  For the avoidance of doubt, Cryptocurrency Exchanges include Coinbase, Inc. ("Coinbase"), which operates coinbase.com and pro.coinbase.com, Payward, Inc., dba Kraken ("Kraken"), which operates kraken.com,  Bittrex, Inc. ("Bittrex") which operates bittrex.com, Polo Digital Assets, Ltd. and its predecessors ("Poloniex"), which operate poloniex.com, Bitstamp Limited ("Bitstamp), which operates bitstamp.net, and Binance, which operates binance.com.

9.     "Ripple" includes Defendant Ripple Labs, Inc. and its predecessors, successors, subsidiaries, divisions, subdivision, affiliates, present and former officers, directors, partners,

3

LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

7634562v3/016433

principals, employees, representatives, trustees, agents, attorneys, accountants, advisors, consultants, vendors, and all other persons acting or purporting to act on its behalf.

10.    "Documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). For clarity, "documents" includes Slack and other instant messages.

11.    "DOJ" refers to the United States Department of Justice.

12.    "Enterprise Solutions" refers to Your xCurrent and xVia products.

13.    "XRP Proceeds" refers to all funds raised directly and indirectly through the sale of XRP.

14.    "Including" means including without limitation.

15.    "Kefi Litigation" refers to the United States District Court for the Northern District of California case captioned *Ripple Labs, Inc. v. Kefi Labs, LLC et. al.*, Case No. 15-cv-04565.

16.    "LaCore Litigation" refers to the United States District Court for the Northern District of California case captioned *Ripple Labs, Inc. v. LaCore Enterprises, LLC et. al.*, Case No. 13-cv-5974.

17.    "Meeting" means the contemporaneous presence, whether in person or through any means of communication, of any natural persons, whether or not such presence was by chance or prearranged and whether or not the meeting was formal, informal or occurred in connection with some other activity.

18.    "Person" means any natural person, public or private corporation, whether or not organized for profit, governmental entity, partnership, association, cooperative, joint venture, sole proprietorship or other legal entity.  With respect to a business entity, the term "person" includes any natural person acting formally or informally as a director, trustee, officer, agent, attorney or other representative.

19. "Pixel Labs Litigation" refers to the United States District Court for the Northern District of California case captioned *Ripple Labs, Inc. v. Pixel Labs, Inc. et al.*, Case No. 2016-cv-04788.

20. "Referring" or "relating to" or "concerning" mean all documents that comprise, explicitly or implicitly refer to, were reviewed in conjunction with or were created, generated or maintained as a result of the subject matter of the request, including, without limitation, all documents that reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the request.

21. "R3 Litigation" refers to litigation between Ripple Labs, XRP II, R3 Holdco, LLC, and R3 LLC including the Supreme Court of the State of New York, County of New York, case captioned *R3 Holdco LLC v. Ripple Labs Inc. et. al.*, Case No. 655781/2017.

22. "SEC" means the Unites States Securities and Exchange Commission.

23. "XRP Ledger" refers to the XRP network and includes the alpha and beta nets, as well as the XRP main net.

24. "XRP" refers to the blockchain tokens sold by Defendants.

25. "XRP Investors" means any Persons that purchased XRP during the Relevant Period.

26. "You" and "Your" include Your agents, representatives, officers, directors, accountants, insurance companies, attorneys, investigators, affiliates, predecessors and successors in interest, parents, divisions, subsidiaries, area and regional offices and employees, including persons or entities outside the United States or anyone acting on Your behalf.

27. The conjunctions "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

28. The use of the singular form of any word includes the plural and vice versa, and the masculine, feminine or neuter form of any words includes each of the other genders.

LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
7634562v3/016433

29.     The use of any tense of any verb shall also include within its meaning all other tenses of that verb.

LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

7634562v3/016433

**INSTRUCTIONS**

1.     All documents shall be produced in the order they are kept in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile thereof.

2.     If a document was prepared in several copies, or if additional copies were subsequently made, and any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, handwritten notations on the front or back of the document, all such non-identical copies shall be produced.

3.     Documents shall be produced in such fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural person in whose possession they were found, and the business address of each document's custodian(s).

4.     Documents attached to each other should not be separated.

5.     These requests relate to all documents which are in your possession, custody or control, or in the possession, custody or control of your predecessors, successors, parents, subsidiaries, divisions or affiliates, or their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

6.     The documents to be produced pursuant to these requests specifically embrace, in addition to documents within your possession, custody or control, all documents within the possession, custody or control of any of your agents, accountants, representatives or attorneys.  Such documents also embrace originals and identical copies (whether different from the original because of notes made thereon or otherwise) of the documents described in these requests.

7.     The fact that a document has been or will be produced by another party does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical in all respects.

8.     You shall produce the original of each document described below or, if the original is not in your custody, then a copy thereof, and in any event, all non-identical copies which differ from

the original or from the other copies produced for any reason, including, but not limited to, the making of notes thereon.

9.     If any documents fall within the scope of any request but are not being produced, or are being produced with portions redacted, pursuant to any claim of privilege or confidentiality, please provide a log containing the following information:

    a.  the nature of the privilege claimed (*i.e.*, attorney-client, work-product, etc.);

    b.  the name of the person or entity claiming privilege and the name of the attorney, if any, with respect to whom the privilege is claimed;

    c.  the facts upon which you rely as the basis for claiming any privilege as to the specific information or document;

    d.  identify the type of document (*i.e.*, letter, memo, etc.); set forth the subject matter thereof; identify the person who prepared it and each person (if any) who signed it; identify each person to whom it was directed, circulated or shown; and identify each person now in possession of the document.  If any document is produced in redacted form, the word "REDACTED" is to be placed in the redacted section of the document; and

    e.  whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not being produced.

10.    In the event that any document called for by these requests has been destroyed or discarded, that document is to be identified by stating:

    a.  the nature of the document;

    b.  the names of any addressor or addressee;

    c.  if there are any indicated or blind copies;

8

LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

7634562v3/016433

d.  the document's date, subject matter, number of pages, and attachments or appendices;

e.  all persons to whom the document was distributed, shown or explained;

f.  its date of destruction or discard, manner of destruction or discard; and

g.  the persons authorizing or carrying out such destruction or discard.

11.  With respect to any documents which you contend would be in some way "burdensome" or "oppressive" to produce, please state the specific reasons for that objection.

12.  If you object to part of any request, please furnish documents responsive to the remainder of the request.

13.  Each request refers to all documents You know exist or that You can locate or discover by reasonably diligent efforts.

**PRODUCTION FORMAT**

Documents should be produced in accordance with Appendix 1 of the parties' Stipulated Order Re: Discovery of Electronically Stored Information for Standard Litigation.

**RELEVANT PERIOD**

All requests herein refer to the period of January 1, 2015, through the date of document production (the "Relevant Period"), unless otherwise specifically indicated. If a document from before or after this period is necessary for a correct or complete understanding of any document covered by a request, you must produce the earlier or subsequent document as well.  If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to the production request.

LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

7634562v3/016433

**DOCUMENTS REQUESTED FOR PRODUCTION**

REQUEST NO. 1:

All documents identified or referred to in Your answers to any interrogatories in this action.

REQUEST NO. 2:

Documents (*e.g.*, org charts or working group lists) sufficient to identify all current and former employees of Ripple and XRP II and their job titles, including members of the "development team" and contract employees.

REQUEST NO. 3:

All communications with the SEC concerning XRP and all documents concerning such communications. For clarity, this includes all correspondence *to* the SEC and all correspondence received *from* the SEC.

REQUEST NO. 4:

In addition to the communications requested in RFP No. 3, all other communications with law enforcement or regulatory agencies (*e.g.*, the DOJ, Finra, FinCEN, the New York Department of Financial Services, and the California Division of Corporations) concerning XRP and all documents concerning such communications. This includes all correspondence *to* and *from* such agencies. For the avoidance of doubt, this request includes all subpoenas received from law enforcement or regulatory agencies, as well as all documents produced in response to those subpoenas, all transcripts of any interviews given, and all notes memorializing any such interviews.

REQUEST NO. 5:

Documents sufficient to identify each XRP transaction You entered into during the Relevant Period, including the date and time of each transaction, the quantity, consideration received, counterparty, and place where the transaction was authorized.

REQUEST NO. 6:

All documents (*e.g.*, invoices, transaction histories) concerning proof of payment, order, and receipt, as well as the date of payment, order, and receipt, concerning any XRP sales or loans.

LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
7634562v3/016433

REQUEST NO. 7:

All documents concerning the listing of XRP on any Cryptocurrency Exchange.

REQUEST NO. 8:

All documents concerning any consideration You offered or provided to any Cryptocurrency Exchange.

REQUEST NO. 9:

All communications between you and Cryptocurrency Exchanges concerning XRP.

REQUEST NO. 10:

All documents concerning whether XRP is or was a security, commodity, or currency under state or federal law.

REQUEST NO. 11:

All documents concerning Your business plans, development costs, financial projections, budgets, balance sheets, audits, inventories, internal investigations or complaints, and due diligence or pricing of XRP, including presentations, whitepapers, memos, reports, notes, and analyses.

REQUEST NO. 12:

All Your marketing or investor communications, presentations, videos (including videos posted to youtube.com or other websites), scripts, talking points, blog posts and itineraries concerning XRP or equity in Ripple.  This includes documents that were initially used for some other purpose but later were used or edited for purposes of marketing XRP or equity in Ripple to potential investors or on the ripple.com website.

REQUEST NO. 13:

All Board and committee minutes, handouts, agendas, presentations, and other documents provided to Ripple directors in connection with Board or committee meetings, from the date the Board first considered selling XRP through the present.

LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
7634562v3/016433

1   <u>REQUEST NO. 14</u>:

2        All archived, saved, or printed webpages from the ripple.com website and any other websites

3   You own, control, or operate.

4   <u>REQUEST NO. 15</u>:

5        All analytics and statistics for the ripple.com website and any other websites you own, control,

6   or operate, including all information collected regarding visitors and clicks.

7   <u>REQUEST NO. 16</u>:

8        Documents sufficient to identify all Persons holding any equity interest in Ripple from its

9   incorporation through the present. To the extent such documents pre-date the Relevant Period, this

10  request seeks those documents as well.

11  <u>REQUEST NO. 17</u>:

12       All documents concerning the creation of XRP, the development of the XRP Ledger, and any

13  changes to the XRP Ledger or to the XRP Ledger source code. To the extent such documents pre-date

14  the Relevant Period, this request seeks those documents as well.

15  <u>REQUEST NO. 18</u>:

16       The XRP Ledger source code.

17  <u>REQUEST NO. 19</u>:

18       All documents You produced in the Bitstamp Litigation, the R3 Litigation, the LaCore

19  Litigation, the Kefi Litigation, and the Britto Litigation.

20  <u>REQUEST NO. 20</u>:

21       All documents concerning contracts or agreements You entered into concerning XRP.

22  <u>REQUEST NO. 21</u>:

23       Documents sufficient to identify all XRP addresses that Ripple has owned, controlled, or

24  controlled the private key to.  To the extent such documents pre-date the Relevant Period, this request

25  seeks those documents as well.

26

27

28

LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
7634562v3/016433

REQUEST NO. 22:

Documents sufficient to identify all XRP addresses that XRP II has owned, controlled, or controlled the private key to. To the extent such documents pre-date the Relevant Period, this request seeks those documents as well.

REQUEST NO. 23:

Documents sufficient to identify all XRP addresses that Garlinghouse has owned, controlled, or controlled the private key to. To the extent such documents pre-date the Relevant Period, this request seeks those documents as well.

REQUEST NO. 24:

Documents sufficient to show Your document destruction or retention policy during the Relevant Period, including with respect to e-mail, text messages, Slack and other instant messages, and other electronic media storage or devices.

REQUEST NO. 25:

All documents concerning the allocation and ownership of XRP upon the launch of the XRP Ledger. To the extent such documents pre-date the Relevant Period, this request seeks those documents as well.

REQUEST NO. 26:

All documents concerning Your acquisition of 80 billion XRP. To the extent such documents pre-date the Relevant Period, this request seeks those documents as well.

REQUEST NO. 27:

All documents concerning how Ripple and XRP II fund their operations.

REQUEST NO. 28:

All documents concerning the ownership structure of Ripple and XRP II, including any capitalization tables.

LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
7634562v3/016433

REQUEST NO. 29:

All documents concerning the purchase or sale of any ownership interest in Ripple and XRP II.

REQUEST NO. 30:

All documents concerning the technical progress of the XRP Ledger on or before January 2018. To the extent such documents pre-date the Relevant Period, this request seeks those documents as well.

REQUEST NO. 31:

All documents dated before the time of the first sale of XRP concerning planned uses for the XRP Proceeds. To the extent such documents pre-date the Relevant Period, this request seeks those documents as well.

REQUEST NO. 32:

All documents concerning the actual use of the XRP Proceeds, including all documents concerning any payments made with the XRP Proceeds.

REQUEST NO. 33:

All documents concerning the sale, exchange, or conversion of the XRP Proceeds into other digital currency, fiat currency, stocks, bonds, precious metals, venture capital, commodities, or other investments.

REQUEST NO. 34:

All documents concerning XRP that You shared with journalists or disseminated to other third parties.

REQUEST NO. 35:

All Your advertisements regarding XRP.

LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
7634562v3/016433

REQUEST NO. 36:

All Your social media and chat room posts and communications regarding XRP, including posts and communications on Twitter (twitter.com), Reddit (reddit.com), Riot (riot.im), Slack (slack.com), Telegram (telegram.org), LinkedIn (linkedin.com) and Discord (discord.com).

REQUEST NO. 37:

All documents concerning any payment You made to the Persons operating the following Twitter Accounts: Tiffany Hayden (@haydentiff), Garlinghouse's Neighbor XRP (@garlinghousesn1), Patty B. (@PattyB09952203), DarrenXRP (@wallz78), XRPTwin (@xrptwin), Dr. T (@XRPTrump), Hodor (@Hodor), Bank XRP (@BankXRP), xrp_news (@xrp_news), and Wandering Ware (@WanderingWare).

REQUEST NO. 38:

All documents concerning any payments You made to social media influencers or other third parties in exchange for, or associated with, statements made by that third party on social media, in chat rooms, elsewhere on the internet, or through traditional media concerning You or XRP.

REQUEST NO. 39:

All documents concerning Your use of click farms, bots, or any other means of artificially increasing exposure of online or social media messaging or posting.

REQUEST NO. 40:

All agreements between You and any Person which impose or purport to impose restrictions upon the sale or resale of XRP.

REQUEST NO. 41:

All documents concerning Your "programmatic" sales of XRP on Cryptocurrency Exchanges.

REQUEST NO. 42:

All documents concerning Your institutional direct sales of XRP.

REQUEST NO. 43:

All documents concerning XRP's utility as a "bridge currency" for international payments.

LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

REQUEST NO. 44:

All documents concerning demand or anticipated demand for XRP from financial institutions, including all analyses of what portion of XRP is used or expected to be used by financial institutions.

REQUEST NO. 45:

All documents concerning Your February 2015 Submission to the Conference of Bank Supervisors.

REQUEST NO. 46:

All documents concerning Your statement that "XRP's long-term value is determined by its utility—including its ability to help financial institutions source liquidity for payments into and out of emerging markets."

REQUEST NO. 47:

All documents and communications regarding conferences concerning XRP hosted by You, including the annual "Swell" conference.

REQUEST NO. 48:

All documents concerning any XRP provided to Garlinghouse. To the extent such documents pre-date the Relevant Period, this request seeks those documents as well.

REQUEST NO. 49:

All documents (*e.g.*, tax returns, XRP sales receipts, and digital asset wallet withdrawals or deposits) concerning Garlinghouse's sale or trading of XRP.

REQUEST NO. 50:

Documents sufficient to show Garlinghouse's XRP holdings during the Relevant Period.

REQUEST NO. 51:

All documents that You contend show that Garlinghouse was "very, very long XRP as a percentage of [his] personal balance sheet."

REQUEST NO. 52:

All documents concerning Chris Larsen's sale of XRP.

LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

REQUEST NO. 53:

All documents concerning Jed McCaleb's sale of XRP.

REQUEST NO. 54:

All documents concerning bonus compensation provided to any of Your employees or executives, including compensation provided in XRP.

REQUEST NO. 55:

All documents concerning XRP sales or purchases by any of Your employees, executives, or directors.

REQUEST NO. 56:

All documents concerning how You determine what quantity of XRP to sell during any given period.

REQUEST NO. 57:

All documents concerning Your lobbying related to XRP, including the formation of the Securing America's Internet of Value Coalition.

REQUEST NO. 58:

All documents concerning use of XRP by Your Enterprise Solutions customers.

REQUEST NO. 59:

All documents concerning Garlinghouse's representation the he had "spoken with ACTUAL banks and payment providers. They are indeed planning to use xRapid (our XRP liquidity product in a serious way," including all documents and communications that you contend evidence the veracity of this statement.

REQUEST NO. 60:

All documents concerning Your commitment to place 55 billion XRP in a cryptographically secured escrow account.

LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
7634562v3/016433

REQUEST NO. 61:

All documents and communications regarding Your partnership with MoneyGram, including MoneyGram's use of Your Enterprise Solutions, any XRP provided to MoneyGram, and MoneyGram's use or sale of XRP.

REQUEST NO. 62:

All documents concerning Your investment in Blockchain Capital Parallel IV, L.P.

REQUEST NO. 63:

All calendars, journals, notes and other documents concerning the performance of official duties concerning any allegations in the Complaint or any defense or response thereto by any of Your employees, officers, directors, or agents.

REQUEST NO. 64:

All joint-defense or common-interest agreements concerning this action.

REQUEST NO. 65:

All recordings or transcripts of public statements made by You or on Your behalf concerning the offer or sale of XRP.

REQUEST NO. 66:

All documents concerning any non-public statements You made to any purchaser or potential purchaser of XRP regarding the offer or sale of XRP.

REQUEST NO. 67:

All documents concerning Your Ripple Trade or Ripple Wallet platform.

REQUEST NO. 68:

All documents concerning Your use of trading bots in trading XRP or other digital assets.

REQUEST NO. 69:

All documents concerning the valuation of Ripple or shares of Ripple, including documents and communications concerning any relationship between XRP's price and that valuation.

LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
7634562v3/016433

REQUEST NO. 70:

All documents concerning any known hacks or thefts of XRP.

REQUEST NO. 71:

All documents concerning Ripple gateways, including documents and communications with Ripple gateways, and Ripple's use of gateways.

REQUEST NO. 72:

All documents concerning the nature and purpose of Ripple's investments in third-party entities, including investments made into Bitstamp and GateHub.

REQUEST NO. 73:

All communications with Chinese, Russian, or Iranian individuals or entities regarding distributions, sales, or purchases of XRP.

REQUEST NO. 74:

All documents concerning XRP as an investment.

REQUEST NO. 75:

All documents describing XRP purchases or investments as speculative.

REQUEST NO. 76:

All documents distinguishing on-ledger XRP transfers from those made off-ledger.

REQUEST NO. 77:

All communications with XRP customers, investors, purchasers, or prospective purchasers.

REQUEST NO. 78:

All documents concerning giveaways or free distributions of XRP. To the extent such documents pre-date the Relevant Period, this request seeks those documents as well.

REQUEST NO. 79:

All documents concerning Ripple's plan or plans to conduct an Initial Public Offering.

REQUEST NO. 80:

All documents concerning the correlation of XRP's price to that of other digital assets.

LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

7634562v3/016433

REQUEST NO. 81:

All documents concerning the impact of Your public announcements on the price of XRP.

REQUEST NO. 82:

All documents concerning the liquidity of XRP markets.

REQUEST NO. 83:

All documents concerning XRP "HODLers" or "whales."

REQUEST NO. 84:

All documents concerning the disappearance or destruction of the XRP Ledger.

REQUEST NO. 85:

All documents concerning Ripple's promotion of Cryptocurrency Exchanges.

REQUEST NO. 86:

All documents concerning the similarities or differences between XRP and any other digital asset, including BTC, ETH, or XLM.

REQUEST NO. 87:

All documents concerning developments or updates to XRP Ledger tools, including XRP wallets, APIs, explorers, debuggers, faucets, verifiers, checkers, and senders.

REQUEST NO. 88:

All documents concerning Your public acknowledgement of Your XRP sales. To the extent such documents pre-date the Relevant Period, this request seeks those documents as well.

REQUEST NO. 89:

All documents that You contend support Your contention that You bona fide public offered XRP before August 2016. To the extent such documents pre-date the Relevant Period, this request seeks those documents as well.

REQUEST NO. 90:

All communications with GSR Holdings Limited concerning the sale of XRP.

LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
7634562v3/016433

REQUEST NO. 91:

All communications with Global Software Research 2015 concerning the sale of XRP.

REQUEST NO. 92:

All communications with Two Rivers Trading Group, LLC concerning the sale of XRP.

REQUEST NO. 93:

All communications with WorldWideMarkets Online Trading LTD concerning the sale of XRP.

REQUEST NO. 94:

All documents concerning Plaintiff.

REQUEST NO. 95:

All documents You intend to rely on at class certification, summary judgment, or trial.

REQUEST NO. 96:

All documents concerning employee or executive policies regarding XRP, including policies relating to sales or purchases of XRP.

REQUEST NO. 97:

All documents concerning the price of XRP.


DATED:  October 8, 2020                    Respectfully submitted,

                                           */s/James Taylor-Copeland*
                                           James Q. Taylor-Copeland
                                           TAYLOR-COPELAND LAW
                                           501 W. Broadway, Suite 800
                                           San Diego, CA 92101
                                           Telephone: (619) 400-4944
                                           Facsimile: (619) 566-4341

                                           */s/ Steven G. Sklaver*
                                           Marc M. Seltzer
                                           Steven G. Sklaver
                                           Oleg Elkhunovich
                                           Meng Xi
                                           SUSMAN GODFREY L.L.P.
                                           1900 Avenue of the Stars, 14th Floor

21
LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
7634562v3/016433

Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

P. Ryan Burningham (*pro hac vice*)
rburningham@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101
Telephone: (206) 516-3880
Facsimile:  206) 516-3883

Counsel for Lead Plaintiff Bradley Sostack

LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
7634562v3/016433