# EXHIBIT 2

DAMIEN J. MARSHALL (Admitted pro hac vice)
dmarshall@kslaw.com
ANDREW MICHAELSON (Admitted pro hac vice)
amichaelson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100; Fax: (212) 556-2222

SUZANNE E. NERO (SBN 284894)
snero@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300

ANDREW J. CERESNEY (Admitted pro hac vice)
aceresney@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

*Attorneys for Defendants Ripple Labs Inc.,
XRP II, LLC, and Bradley Garlinghouse*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION | Case No. 4:18-cv-06753-PJH |
| _____ | **DEFENDANTS' RESPONSES TO LEAD PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |
| This Document Relates to: | |
| ALL ACTIONS | |

PROPOUNDING PARTY:     Lead Plaintiff

RESPONDING PARTY:      Defendants Ripple Labs Inc. ("Ripple"); XRP II, LLC ("XRP II");

                       and Bradley Garlinghouse ("Garlinghouse")

SET NUMBER:            One

　　　　Pursuant to Federal Rule of Civil Procedure 34, Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse (together, "Defendants") hereby respond and object to Lead Plaintiff's Request for the Production of Documents, Set One (the "Requests").

## **GENERAL OBJECTIONS**

1.　　　　Defendants object to the Requests to the extent they seek to impose obligations inconsistent with, beyond, or in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, the Stipulated Protective Order as Modified by the Court (ECF No. 120) (the "Protective Order"), the Stipulated Order Regarding Discovery of Electronically Stored Information for Standard Litigation as Modified by the Court (ECF No. 121) (the "ESI Stipulation"), and any other court order or stipulation governing discovery in this case.

2.　　　　Defendants object to the Requests to the extent they seek information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privileges.  Defendants will not provide any privileged and/or protected information.  Any disclosure of privileged information would be inadvertent and should not be deemed a waiver of privilege.

3.　　　　Defendants object to the Requests to the extent they seek information that is not relevant to any claim or defense in this action and is not reasonably likely to lead to the discovery of relevant information, including but not limited to information that is inadmissible under Federal Rule of Civil Procedure 408.

4.　　　　Any responses to these Requests provided by Defendants are solely for the purpose of this litigation.  Any attempt by Plaintiff or any other person or entity to use or disseminate the Responses, the information contained in the Responses, or the documents produced by Defendants in this litigation beyond this litigation is objected to as improper and

1   will be subject to appropriate action.

2        5.      By these Responses, Defendants do not, and do not intend to: (1) waive any

3   objections as to the admissibility of evidence or the competency of, relevancy of, materiality of,

4   or privilege attaching to any information disclosed in these Responses; or (2) waive the right to

5   object to other discovery requests or undertakings involving or reflecting the subject matter

6   requested herein.  These Responses do not constitute, nor should they be construed as,

7   admissions with respect to the relevancy or admissibility of any evidence or document, or the

8   truth or accuracy of any statement, characterization, or other information contained in Plaintiff's

9   Requests or in any document.  Defendants expressly do not concede the relevancy or materiality

10  of any documents or information produced based on these Responses or any subject matter to

11  which they refer.

12       6.      These Responses are based upon information currently known or believed to be

13  true by Defendants.  Defendants reserve the right to modify or supplement these Responses.

14                              **OBJECTIONS TO DEFINITIONS**

15       1.      Defendants object to the definition of "Ripple" to the extent the definition applies

16  to anyone other than Ripple or seeks to impose an obligation on any person other than Ripple to

17  respond to the request, and to the extent it renders any request overly broad, unduly burdensome,

18  irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

19  Defendants further object to the use of this term which includes "attorneys" to the extent that it

20  seeks information protected from discovery on grounds of privilege, work product protection,

21  right of privacy and/or any other such privilege or immunity.

22       2.      Defendants object to the definition of "Meeting" on the grounds that it is

23  overbroad to the extent it means "the contemporaneous presence . . . of any naturals persons" for

24  any purpose, even where such contemporaneous presence was *by chance*.

25       3.      Defendants object to the definition of "Person" on the grounds that it is overbroad

26  to the extent it includes any "governmental entity, partnership, association, cooperative, joint

27  venture, sole proprietorship or other legal entity" and any such entity's "director, trustee, officer,

28  agent, attorney or other representative."

4.      Defendants object to the definition of "Referring" or "relating to" or "concerning" on the grounds that it is overbroad to the extent it includes all documents "reviewed in conjunction with" or "created, generated, or maintained as a result of the subject matter of the request."

5.      Defendants object to the definition of "XRP Ledger" on the grounds that it is ambiguous and vague as to the undefined terms "alpha and beta nets" and "XRP main net."

6.      Defendants object to the definition of "XRP" to the extent it infers that XRP is a "token" rather than a virtual currency and a native digital asset on the XRP Ledger

7.      Defendants object to the definition of "XRP Investors" to the extent it infers that purchasers of XRP are investors.  Defendants further object on the grounds that it is overbroad to the extent it incorporates the overbroad definition of "Person" and to the extent it includes "*any* Persons that purchased XRP during the Relevant Period."

8.      Defendants object to the definition of "You" and "Your" on the grounds that it is ambiguous and vague as it includes "Your" in the definition of "Your" without clarifying to which Defendant "Your" refers to.  Defendants further object to the extent the definition applies to anyone other than the named Defendants or seeks to impose an obligation on any person other than the named Defendants to respond to the request, and to the extent it renders any request overly broad, unduly burdensome, irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to the use of this term which includes "attorneys" to the extent that it seeks information protected from discovery on grounds of privilege, work product protection, right of privacy and/or any other such privilege or immunity.

## OBJECTIONS TO INSTRUCTIONS

1.      Defendants object to Instruction No. 3 to the extent that it imposes obligations beyond that required by the Federal Rule of Civil Procedure and the ESI Stipulation in this case.

2.      Defendants object to Instruction Nos. 5 and 6 to the extent they seek to impose an obligation to collect documents that are not in the Defendants' possession, custody or control. Defendants further object to the use of these instructions which includes documents in the

possession, custody or control of "attorneys" to the extent that it seeks information protected from discovery on grounds of privilege, work product protection, right of privacy and/or any other such privilege or immunity.

3.      Defendants object to Instruction No. 6 on the grounds that it contradicts Instruction Nos. 2 and 8 (as to the production of identical copies) and the ESI Stipulation. Defendants further object to this Instruction on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case to the extent that it requires Defendants to produce both originals and identical copies of all responsive documents.

4.      Defendants object to Instruction No. 9 on the grounds that it imposes obligations beyond those required under Federal Rules of Civil Procedure and the ESI Stipulation in this case.

5.      Defendants object to Instruction No. 10 on the grounds that it is unduly burdensome and not proportional to the needs of the case and to the extent it imposes an obligation greater than required under the Federal Rules of Civil Procedure or the ESI Stipulation in this case.

**OBJECTION TO RELEVANT PERIOD**

Defendants object to the Relevant Period as defined by Lead Plaintiff on the grounds that it seeks to expand the relevant time period for discovery beyond the Court-ordered time frame for discovery, ECF No. 100, including to the extent the Relevant Period is defined to include any documents before January 1, 2015 (whether necessary for a correct or complete understanding of another document or otherwise) and any document that is undated.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:**

All documents identified or referred to in Your answers to any interrogatories in this action.

**RESPONSE TO REQUEST NO. 1:**

In addition to the General Objections set forth above, Defendants state that no interrogatories have been served yet in this case and therefore there are no documents to produce

1   in response to this Request.

2   **REQUEST NO. 2:**

3           Documents (e.g., org charts or working group lists) sufficient to identify all current and

4   former employees of Ripple and XRP II and their job titles, including members of the

5   "development team" and contract employees.

6   **RESPONSE TO REQUEST NO. 2:**

7           In addition to the General Objections set forth above, Defendants object that this Request

8   seeks information that is not relevant to any claim or defense in this action and is not reasonably

9   likely to lead to discovery of relevant information.  Defendants object to this Request on the

10  grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case

11  because it seeks information on every current and former employee of Ripple and XRP II for a

12  period of nearly six years regardless of their job position or relevance to Plaintiff's claims.

13  Defendants further object to this Request to the extent that it seeks the private, confidential,

14  proprietary, or otherwise privileged or legally protected information of Defendants and/or third

15  parties.  Defendants further object that the undefined term "development team" is vague and

16  ambiguous.

17          Subject to and without waiving the foregoing objections, Defendants agree to produce

18  non-privileged documents sufficient to show Ripple's current company organization chart.

19  **REQUEST NO. 3:**

20          All communications with the SEC concerning XRP and all documents concerning such

21  communications. For clarity, this includes all correspondence to the SEC and all correspondence

22  received from the SEC.

23  **RESPONSE TO REQUEST NO. 3:**

24          In addition to the General Objections set forth above, Defendants object to this Request

25  on the grounds that it is vague and ambiguous as to whose communications are requested.  To

26  the extent this Request seeks Defendants' communications with the SEC, Defendants further

27  object to this Request on the grounds that it is overbroad, unduly burdensome and not

28  proportional to the needs of the case because it seeks every communication with the SEC even

1  non-substantive communications that have no relevance to Plaintiff's claims, and every

2  document about such communications.  Defendants further object to this Request to the extent

3  that it seeks the private, confidential, proprietary, or otherwise privileged or legally protected

4  information of Defendants and/or third parties.  Defendants further object that the phrase "all

5  documents concerning such communications" is vague and ambiguous.

6         Subject to and without waiving the foregoing objections, Defendants will produce all

7  documents Defendants previously produced to the SEC, and non-privileged formal

8  correspondence between the SEC and Defendants, that are relevant to Plaintiff's claims.

9  **REQUEST NO. 4:**

10        In addition to the communications requested in RFP No. 3, all other communications

11  with law enforcement or regulatory agencies (e.g., the DOJ, Finra, FinCEN, the New York

12  Department of Financial Services, and the California Division of Corporations) concerning XRP

13  and all documents concerning such communications. This includes all correspondence to and

14  from such agencies. For the avoidance of doubt, this request includes all subpoenas received

15  from law enforcement or regulatory agencies, as well as all documents produced in response to

16  those subpoenas, all transcripts of any interviews given, and all notes memorializing any such

17  interviews.

18  **RESPONSE TO REQUEST NO. 4:**

19        In addition to the General Objections set forth above, Defendants object that this Request

20  seeks information that is not relevant to any claim or defense in this action and is not reasonably

21  likely to lead to discovery of relevant information.  Defendants object to this Request on the

22  grounds that it is vague and ambiguous as to whose communications are requested.  To the

23  extent this Request seeks Defendants' communications, Defendants further object to this Request

24  on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the

25  case because it seeks every communication from any of Defendants' present or former

26  employees, representatives, consultants, vendors and all persons acting or purporting to act on

27  their behalf with any law enforcement or regulatory agency for a period of over five years

28  regardless of whether that information is relevant to Plaintiff's claims, and every document about

such communications.  Defendants communicate with regulatory agencies frequently on matters having nothing to do with Plaintiff's claims.  Defendants further object to this Request to the extent that it seeks the private, confidential, proprietary, or otherwise privileged or legally protected information of Defendants and/or third parties.  Defendants further object to this Request to the extent it seeks confidential government and/or law enforcement investigatory matter that Defendants are not authorized to disclose to third parties.

Subject to and without waiving the foregoing objections, Defendants will meet and confer with Plaintiff to discuss a reasonable scope of responsive documents, if any, to be produced in response to this Request.

**REQUEST NO. 5:**

Documents sufficient to identify each XRP transaction You entered into during the Relevant Period, including the date and time of each transaction, the quantity, consideration received, counterparty, and place where the transaction was authorized.

**RESPONSE TO REQUEST NO. 5:**

In addition to the General Objections set forth above, Defendants object on the grounds that it is vague and ambiguous as to the undefined term "transaction."  Defendants also object to this Request on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks information on every XRP transaction entered into by Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf even in their personal capacities. Defendants further object that information called for by this Request is not in Defendants' possession, custody, or control and/or is not maintained by Defendants.

Subject to and without waiving the foregoing objections, Defendants respond that certain documents responsive to this request will be included in the forthcoming production of documents responsive to Request No. 3.

**REQUEST NO. 6:**

All documents (e.g., invoices, transaction histories) concerning proof of payment, order, and receipt, as well as the date of payment, order, and receipt, concerning any XRP sales or

1  loans.

2  **RESPONSE TO REQUEST NO. 6:**

3      In addition to the General Objections set forth above, Defendants object on the grounds

4  that it is vague and ambiguous as to the undefined terms "proof of payment" and "order."

5  Defendants also object to this Request on the grounds that it is overbroad, unduly burdensome

6  and not proportional to the needs of the case because it seeks "all documents" from Defendants

7  or any of their present or former employees, representatives, consultants, vendors and all persons

8  acting or purporting to act on their behalf even in their personal capacities concerning *any* XRP

9  sales or loans, regardless of whether the XRP was sold or loaned by Defendants.  Defendants

10 further object that this Request seeks information that is not in their possession, custody, or

11 control.

12     Subject to and without waiving the foregoing objections, Defendants respond that certain

13 documents responsive to this Request will be included in the forthcoming production of

14 documents responsive to Request No. 3.

15 **REQUEST NO. 7:**

16     All documents concerning the listing of XRP on any Cryptocurrency Exchange.

17 **RESPONSE TO REQUEST NO. 7:**

18     In addition to the General Objections set forth above, Defendants object that this Request

19 is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

20 "all documents" from Defendants or any of their present or former employees, representatives,

21 consultants, vendors and all persons acting or purporting to act on their behalf relating to the

22 broad topic of XRP's listing on any Cryptocurrency Exchange regardless of these documents

23 relevance to Plaintiff's claims.  Defendants further object that this Request seeks information that

24 is not in their possession, custody, or control.

25     Subject to and without waiving the foregoing objections, Defendants respond that

26 documents responsive to this Request will be included in the forthcoming production of

27 documents responsive to Request No. 3.

28

**REQUEST NO. 8:**

All documents concerning any consideration You offered or provided to any Cryptocurrency Exchange.

**RESPONSE TO REQUEST NO. 8:**

In addition to the General Objections set forth above, Defendants object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on its behalf regardless of the relevance of these documents to Plaintiff's claims.  Defendants further object that the term "consideration" is undefined and vague and ambiguous.  Defendants further object that this Request is duplicative of Requests No. 7 & No. 9.

Subject to and without waiving the foregoing objections, Defendants respond that documents responsive to this Request will be included in the forthcoming production of documents responsive to Request No. 3.

**REQUEST NO. 9:**

All communications between you and Cryptocurrency Exchanges concerning XRP.

**RESPONSE TO REQUEST NO. 9:**

In addition to the General Objections set forth above, Defendants object that this Request seeks information that is not relevant to any claim or defense in this action and is not reasonably likely to lead to discovery of relevant information.  Defendants object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all communications" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf regardless of the relevance of these documents to Plaintiff's claims, with the more than 200 global exchanges currently listing XRP.  Defendants further object that this Request is duplicative of Requests Nos. 7 and 8.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to their responses to Requests Nos. 7 and 8.

10

**REQUEST NO. 10:**

All documents concerning whether XRP is or was a security, commodity, or currency under state or federal law.

**RESPONSE TO REQUEST NO. 10:**

In addition to the General Objections set forth above, Defendants object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf relating to the broad topic of whether XRP is or was a security, commodity, or currency under state of federal law.  Defendants further object that this Request calls for a legal conclusion and seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving the foregoing objections, Defendants respond that certain documents responsive to this Request will be included in the forthcoming production of documents responsive to Request No. 3.

**REQUEST NO. 11:**

All documents concerning Your business plans, development costs, financial projections, budgets, balance sheets, audits, inventories, internal investigations or complaints, and due diligence or pricing of XRP, including presentations, whitepapers, memos, reports, notes, and analyses.

**RESPONSE TO REQUEST NO. 11:**

In addition to the General Objections set forth above, Defendants object that this Request seeks information that is not relevant to any claim or defense in this action and is not reasonably likely to lead to discovery of relevant information.  Defendants object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf relating to the broad topics of business plans, development costs, financial projections, budgets, balance sheets, audits, inventories, internal investigations or complaints, and due diligence or pricing of XRP

regardless of these documents' relevance to Plaintiff's claims.  Defendants further object that the undefined terms "audits," "inventories," "internal investigations," "complaints" "presentations," "whitepapers," "memos," "reports," "notes," and "analyses" are vague, ambiguous, and unintelligible as stated in this Request.

Subject to and without waiving the foregoing objections, Defendants respond that certain documents responsive to this Request will be included in the forthcoming production of documents responsive to Request No. 3.

**REQUEST NO. 12:**

All Your marketing or investor communications, presentations, videos (including videos posted to youtube.com or other websites), scripts, talking points, blog posts and itineraries concerning XRP or equity in Ripple. This includes documents that were initially used for some other purpose but later were used or edited for purposes of marketing XRP or equity in Ripple to potential investors or on the ripple.com website.

**RESPONSE TO REQUEST NO. 12:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent it implies Defendants "market" XRP.  Defendants object that this Request seeks information with respect to equity in Ripple that is not relevant to any claim or defense in this action and is not reasonably likely to lead to discovery of relevant information.  Defendants also object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks all communications from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf regardless of the relevance of the documents to Plaintiff's claims.  Defendants further object that this Request seeks public information equally available to Plaintiff to the extent it seeks blog posts, videos posted to youtube.com, content posted on ripple.com or XRPL.org, and other publicly available information.  Defendants further object that the undefined term "itineraries" is vague, ambiguous, and unintelligible as stated in this Request.

Subject to and without waiving the foregoing objections, Defendants respond that certain documents responsive to this Request will be included in the forthcoming production of

1  documents responsive to Request No. 3.

2  **REQUEST NO. 13:**

3     All Board and committee minutes, handouts, agendas, presentations, and other documents

4  provided to Ripple directors in connection with Board or committee meetings, from the date the

5  Board first considered selling XRP through the present.

6  **RESPONSE TO REQUEST NO. 13:**

7     In addition to the General Objections set forth above, Defendants object that this Request

8  seeks information that is not relevant to any claim or defense in this action and is not reasonably

9  likely to lead to discovery of relevant information.  Defendants object that this Request is

10 overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all

11 documents" provided to Ripple directors regardless of the relevance of these documents to

12 Plaintiff's claims.  Defendants object that this Request seeks documents from outside the Court-

13 ordered time frame for discovery, ECF No. 100, to the extent it seeks documents "from the date

14 the Board first considered selling XRP."  Defendants further object that this Request seeks

15 information protected by the attorney-client privilege and/or attorney work-product doctrine.

16    Subject to and without waiving the foregoing objections, Defendants respond that certain

17 documents responsive to this Request will be included in the forthcoming production of

18 documents responsive to Request No. 3.

19 **REQUEST NO. 14:**

20    All archived, saved, or printed webpages from the ripple.com website and any other

21 websites You own, control, or operate.

22 **RESPONSE TO REQUEST NO. 14:**

23    In addition to the General Objections set forth above, Defendants object that this Request

24 seeks information that is not relevant to any claim or defense in this action and is not reasonably

25 likely to lead to discovery of relevant information.  Defendants object that this Request is

26 overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

27 "all" current or former copies of any webpage that Defendants own, control or operate,

28 regardless of the relevance of the webpage or content to Plaintiff's claims.  Defendants further

1  object that materials from websites are publicly available and archived versions of ripple.com

2  and other websites are also equally available to Plaintiff via online internet archives such as

3  https://archive.org/web/.

4  Based on the foregoing objections, Defendants respond that they will not search for and

5  produce documents responsive to this Request.

6  **REQUEST NO. 15:**

7  All analytics and statistics for the ripple.com website and any other websites you own,

8  control, or operate, including all information collected regarding visitors and clicks.

9  **RESPONSE TO REQUEST NO. 15:**

10  In addition to the General Objections set forth above, Defendants object that this Request

11  seeks information that is not relevant to any claim or defense in this action and is not reasonably

12  likely to lead to discovery of relevant information.  Defendants object that this Request is

13  overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

14  "all" analytics and statistics from "any" website that Defendants own, control or operate,

15  regardless of the relevance of the website or content to Plaintiff's claims.  Defendants further

16  object that the terms "analytics" and "statistics" are undefined, vague, and ambiguous.

17  Defendants also object to this Request to the extent that it seeks the private, confidential,

18  proprietary, or otherwise privileged or legally protected information of Defendants and/or third

19  parties.

20  Subject to and without waiving the foregoing objections, Defendants respond that they

21  will meet and confer with Plaintiff regarding the relevance, meaning and scope of this Request.

22  **REQUEST NO. 16:**

23  Documents sufficient to identify all Persons holding any equity interest in Ripple from its

24  incorporation through the present. To the extent such documents pre-date the Relevant Period,

25  this request seeks those documents as well.

26  **RESPONSE TO REQUEST NO. 16:**

27  In addition to the General Objections set forth above, Defendants object that this Request

28  seeks information that is not relevant to any claim or defense in this action and is not reasonably

1  likely to lead to discovery of relevant information.  Defendants further object that this Request is

2  overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

3  identification of all Persons holding any equity in Ripple for a period over eight years, regardless

4  of the relevance of such information to Plaintiff's claims.  Defendants further object to the extent

5  this Request seeks information and documents from outside of the Court-ordered time frame for

6  discovery.  ECF No. 100.

7        Subject to and without waiving the foregoing objections, Defendants respond that certain

8  documents responsive to this Request will be included in the forthcoming production of

9  documents responsive to Request No. 3.

10  **REQUEST NO. 17:**

11        All documents concerning the creation of XRP, the development of the XRP Ledger, and

12  any changes to the XRP Ledger or to the XRP Ledger source code. To the extent such documents

13  pre-date the Relevant Period, this request seeks those documents as well.

14  **RESPONSE TO REQUEST NO. 17:**

15        In addition to the General Objections set forth above, Defendants object that this Request

16  is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

17  "all documents" relating to the creation, development, or any change ever made to the XRP

18  Ledger from a period over nine years regardless of the relevance of those documents to

19  Plaintiff's claims.  Defendants further object to this Request on the grounds that documents

20  related to the creation of the XRP Ledger predate the formation of the corporate Defendants.

21  Defendants further object that information sought by this Request is publicly available and thus

22  equally available to Plaintiff.  Defendants also object to the extent this Request seeks information

23  and documents from outside of the Court-ordered time frame for discovery.  ECF No. 100.

24        Subject to and without waiving the foregoing objections, Defendants respond that certain

25  documents responsive to this Request will be included in the forthcoming production of

26  documents responsive to Request No. 3.  Defendants also respond that the XRP Ledger is open

27  source and many public sources of information are available regarding the XRP Ledger, the

28  process for making changes to the XRP Ledger, and the various changes that have occurred.

*See, e.g.,* https://xrpl.org/known-amendments.html, https://xrpl.org/modifying-the-ledger.html,

https://xrpl.org/modifying-the-ledger.html, https://ripple.com/insights/amendments-ensuring-

sensible-evolution-of-the-xrp-ledger/, https://www.xrpchat.com/topic/33070-suggestions-for-

xrp-ledger-enhancements/.

**REQUEST NO. 18:**

The XRP Ledger source code.

**RESPONSE TO REQUEST NO. 18:**

In addition to the General Objections set forth above, Defendants object that this Request seeks information that is not relevant to any claim or defense in this action and is not reasonably likely to lead to discovery of relevant information.  Defendants further object that information sought by this Request is publicly available thus and equally available to Plaintiff.

Subject to and without waiving the foregoing objections, Defendants respond that the XRP Ledger source code is open source and available at https://github.com/ripple/rippled.

**REQUEST NO. 19:**

All documents You produced in the Bitstamp Litigation, the R3 Litigation, the LaCore Litigation, the Kefi Litigation, and the Britto Litigation.

**RESPONSE TO REQUEST NO. 19:**

In addition to the General Objections set forth above, Defendants object that this Request seeks information that is not relevant to any claim or defense in this action and is not reasonably likely to lead to discovery of relevant information.  Defendants further object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks documents produced in separate unrelated litigation, including litigation in which Defendants were not parties, regardless of the relevance of such information to Plaintiff's claims. Defendants further object to this Request to the extent that it seeks the private, confidential, proprietary, or otherwise privileged or legally protected information of Defendants and/or third parties.  Defendants further object to the extent this Request seeks information and documents from outside of the Court-ordered time frame for discovery.  ECF No. 100.

Based on the foregoing objections, Defendants respond that they will not search for and

1  produce documents responsive to this Request unless Plaintiff is able to articulate a basis for the

2  relevance of the documents sought by this Request.

3  **REQUEST NO. 20:**

4       All documents concerning contracts or agreements You entered into concerning XRP.

5  **RESPONSE TO REQUEST NO. 20:**

6       In addition to the General Objections set forth above, Defendants object that this Request

7  seeks information that is not relevant to any claim or defense in this action and is not reasonably

8  likely to lead to discovery of relevant information.  Defendants object that this Request is

9  overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all

10 documents" from Defendants or any of their present or former employees, representatives,

11 consultants, vendors and all persons acting or purporting to act on their behalf relating to the

12 broad topic of documents that "concern" contracts or agreements concerning XRP.  Defendants

13 further object that the term "concerning XRP" is vague and ambiguous.

14      Subject to and without waiving the foregoing objections, Defendants respond that certain

15 documents responsive to this Request will be included in the forthcoming production of

16 documents responsive to Request No. 3.

17 **REQUEST NO. 21:**

18      Documents sufficient to identify all XRP addresses that Ripple has owned, controlled, or

19 controlled the private key to. To the extent such documents pre-date the Relevant Period, this

20 request seeks those documents as well.

21 **RESPONSE TO REQUEST NO. 21:**

22      In addition to the General Objections set forth above, Defendants object that this Request

23 is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

24 "all XRP addresses" Ripple has owned or controlled, without regard for what purposes the

25 address is owned or controlled.  Defendants object on the grounds that it is vague and ambiguous

26 as to the undefined term "XRP addresses."  Defendants further object that this Request seeks

27 documents from outside the Court-ordered time frame for discovery.  ECF No. 100.

28      Subject to and without waiving the foregoing objections, Defendants respond that they

1   will meet and confer with Plaintiff regarding this Request.

2   **REQUEST NO. 22:**

3        Documents sufficient to identify all XRP addresses that XRP II has owned, controlled, or

4   controlled the private key to. To the extent such documents pre-date the Relevant Period, this

5   request seeks those documents as well.

6   **RESPONSE TO REQUEST NO. 22:**

7        In addition to the General Objections set forth above, Defendants object that this Request

8   is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

9   "all XRP addresses" XRP II has owned or controlled, without regard for what purposes the

10   address is owned or controlled.  Defendants object on the grounds that it is vague and ambiguous

11   as to the undefined term "XRP addresses."  Defendants further object that this Request seeks

12   documents from outside the Court-ordered time frame for discovery.  ECF No. 100.

13        Subject to and without waiving the foregoing objections, Defendants respond that they

14   will meet and confer with Plaintiff regarding this Request.

15   **REQUEST NO. 23:**

16        Documents sufficient to identify all XRP addresses that Garlinghouse has owned,

17   controlled, or controlled the private key to. To the extent such documents pre-date the Relevant

18   Period, this request seeks those documents as well.

19   **RESPONSE TO REQUEST NO. 23:**

20        In addition to the General Objections set forth above, Defendants object that this Request

21   is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

22   "all XRP addresses" Mr. Garlinghouse has owned or controlled, without regard for what

23   purposes the address is owned or controlled.  Defendants object on the grounds that it is vague

24   and ambiguous as to the undefined term "XRP addresses."  Defendants further object that this

25   Request seeks documents from outside the Court-ordered time frame for discovery.  ECF No.

26   100.

27        Subject to and without waiving the foregoing objections, Defendants respond that they

28   will meet and confer with Plaintiff regarding this Request.

---

DEFENDANTS' RESP. TO FIRST SET       18       Case No. 4:18-cv-06753-PJH
OF REQUESTS FOR PRODUCTION

**REQUEST NO. 24:**

Documents sufficient to show Your document destruction or retention policy during the Relevant Period, including with respect to e-mail, text messages, Slack and other instant messages, and other electronic media storage or devices.

**RESPONSE TO REQUEST NO. 24:**

In addition to the General Objections set forth above, Defendants object that this Request seeks information that is not relevant to any claim or defense in this action and not reasonably likely to lead to discovery of relevant information.  Defendants further object that this Request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.  Defendants further object to the extent this Request attempts to impose different or additional obligations on Defendants beyond those in the parties' ESI Stipulation, ECF No. 121.

**REQUEST NO. 25:**

All documents concerning the allocation and ownership of XRP upon the launch of the XRP Ledger. To the extent such documents pre-date the Relevant Period, this request seeks those documents as well.

**RESPONSE TO REQUEST NO. 25:**

In addition to the General Objections set forth above, Defendants object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf relating to the allocation and ownership of XRP regardless of the relevance of those documents to Plaintiff's claims.  Defendants further object that this Request seeks information that is not in their possession, custody, or control.  Defendants further object that this Request seeks documents from outside the Court-ordered time frame for discovery.  ECF No. 100.

Subject to and without waiving the foregoing objections, Defendants respond that certain documents responsive to this Request will be included in the forthcoming production of documents responsive to Request No. 3.

**REQUEST NO. 26:**

All documents concerning Your acquisition of 80 billion XRP. To the extent such documents pre-date the Relevant Period, this request seeks those documents as well.

**RESPONSE TO REQUEST NO. 26:**

In addition to the General Objections set forth above, Defendants object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf relating to Ripple's acquisition of XRP regardless of the relevance of those documents to Plaintiff's claims. Defendants further object that this Request seeks information that is not in their possession, custody, or control. Defendants further object that this Request seeks documents from outside the Court-ordered time frame for discovery. ECF No. 100.

Subject to and without waiving the foregoing objections, Defendants respond that certain documents responsive to this Request will be included in the forthcoming production of documents responsive to Request No. 3.

**REQUEST NO. 27:**

All documents concerning how Ripple and XRP II fund their operations.

**RESPONSE TO REQUEST NO. 27:**

In addition to the General Objections set forth above, Defendants object that this Request seeks information that is not relevant to any claim or defense in this action and is not reasonably likely to lead to discovery of relevant information. Defendants object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf relating to the broad topic of how Ripple and XRP II fund their operations. Defendants also object that this Request is partially duplicative of Request No. 32, and to the extent this Request seeks information or documents beyond those responsive to Request No. 32, the Request seeks information that is not relevant to any claim or defense in this action and not reasonably likely to

1  lead to the discovery of relevant information.

2        Subject to and without waiving the foregoing objections, Defendants respond that certain

3  documents responsive to this Request will be included in the forthcoming production of

4  documents responsive to Request No. 3.

5  **REQUEST NO. 28:**

6        All documents concerning the ownership structure of Ripple and XRP II, including any

7  capitalization tables.

8  **RESPONSE TO REQUEST NO. 28:**

9        In addition to the General Objections set forth above, Defendants object that this Request

10  seeks information that is not relevant to any claim or defense in this action and is not reasonably

11  likely to lead to discovery of relevant information.  Defendants object that this Request is

12  overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all

13  documents" from Defendants or any of their present or former employees, representatives,

14  consultants, vendors and all persons acting or purporting to act on their behalf relating to the

15  broad topic of Ripple and XRP II's ownership structure.

16        Subject to and without waiving the foregoing objections, Defendants respond that certain

17  documents responsive to this Request will be included in the forthcoming production of

18  documents responsive to Request No. 3.

19  **REQUEST NO. 29:**

20        All documents concerning the purchase or sale of any ownership interest in Ripple and

21  XRP II.

22  **RESPONSE TO REQUEST NO. 29:**

23        In addition to the General Objections set forth above, Defendants object that this Request

24  seeks information that is not relevant to any claim or defense in this action and is not reasonably

25  likely to lead to discovery of relevant information.  Defendants object that this Request is

26  overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all

27  documents" from Defendants or any of their present or former employees, representatives,

28  consultants, vendors and all persons acting or purporting to act on their behalf relating to Ripple

and XRP II's ownership structure regardless of the relevance of those documents to Plaintiff's claims.

Subject to and without waiving the foregoing objections, Defendants respond that certain documents responsive to this Request will be included in the forthcoming production of documents responsive to Request No. 3.

**REQUEST NO. 30:**

All documents concerning the technical progress of the XRP Ledger on or before January 2018.  To the extent such documents pre-date the Relevant Period, this request seeks those documents as well.

**RESPONSE TO REQUEST NO. 30:**

In addition to the General Objections set forth above, Defendants object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf relating to the "technical progress" of the XRP Ledger regardless of the relevance of those documents to Plaintiff's claims.  Defendants also object to this Request on the grounds that it is vague and ambiguous as to the undefined term "technical progress."  Defendants further object that this Request seeks information that is not in their possession, custody, or control.  Defendants further object that this Request seeks documents from outside the Court-ordered time frame for discovery.  ECF No. 100.

Subject to and without waiving the foregoing objections, Defendants respond that they will meet and confer with Plaintiff regarding the meaning and scope of this Request.

**REQUEST NO. 31:**

All documents dated before the time of the first sale of XRP concerning planned uses for the XRP Proceeds. To the extent such documents pre-date the Relevant Period, this request seeks those documents as well.

**RESPONSE TO REQUEST NO. 31:**

In addition to the General Objections set forth above, Defendants object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf regardless of the relevance of those documents to Plaintiff's claims. Defendants object to this Request as vague and ambiguous as to whose "planned uses of XRP" are sought by the Request. Defendants also object that the undefined term "XRP Proceeds" is vague and ambiguous. Defendants further object that this Request seeks documents from outside the Court-ordered time frame for discovery. ECF No. 100.

Subject to and without waiving the foregoing objections, Defendants respond that certain documents responsive to this Request will be included in the forthcoming production of documents responsive to Request No. 3.

**REQUEST NO. 32:**

All documents concerning the actual use of the XRP Proceeds, including all documents concerning any payments made with the XRP Proceeds.

**RESPONSE TO REQUEST NO. 32:**

In addition to the General Objections set forth above, Defendants object that this Request seeks information that is not relevant to any claim or defense in this action and is not reasonably likely to lead to discovery of relevant information. Defendants object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf relating to the broad topic of "the actual use of the XRP Proceeds" regardless of the relevance of those documents to Plaintiff's claims. Defendants also object that the undefined term "XRP Proceeds" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants respond that certain documents responsive to this Request will be included in the forthcoming production of

1  documents responsive to Request No. 3.

2  **REQUEST NO. 33:**

3        All documents concerning the sale, exchange, or conversion of the XRP Proceeds into

4  other digital currency, fiat currency, stocks, bonds, precious metals, venture capital,

5  commodities, or other investments.

6  **RESPONSE TO REQUEST NO. 33:**

7        In addition to the General Objections set forth above, Defendants object that this Request

8  seeks information that is not relevant to any claim or defense in this action and is not reasonably

9  likely to lead to discovery of relevant information.  Defendants object that this Request is

10  overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all

11  documents" from Defendants or any of their present or former employees, representatives,

12  consultants, vendors and all persons acting or purporting to act on their behalf regardless of the

13  relevance of those documents to Plaintiff's claims.  Defendants also object that the undefined

14  term "XRP Proceeds" is vague and ambiguous.  Defendants further object that this Request is

15  duplicative of Request No. 32.  Defendants further object that this Request seeks information that

16  is not in their possession, custody, or control.

17        Subject to and without waiving the foregoing objections, Defendants respond that they

18  will meet and confer with Plaintiff regarding the relevance, meaning and scope of this Request.

19  **REQUEST NO. 34:**

20        All documents concerning XRP that You shared with journalists or disseminated to other

21  third parties.

22  **RESPONSE TO REQUEST NO. 34:**

23        In addition to the General Objections set forth above, Defendants object that this Request

24  is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

25  "all documents" from Defendants or any of their present or former employees, representatives,

26  consultants, vendors and all persons acting or purporting to act on their behalf relating to the

27  broad topic of documents shared with XRP that were shared with *any* third party.  Defendants

28  also object that the undefined term "shared with" is vague and ambiguous.  Defendants further

1 object that this Request seeks information that is not relevant to any claim or defense in this

2 action and not reasonably likely to lead to the discovery of relevant information.  Defendants

3 also object that this Request seeks information that is publicly available and thus equally

4 available to Plaintiff.

5      Subject to and without waiving the foregoing objections, Defendants respond that certain

6 documents responsive to this Request will be included in the forthcoming production of

7 documents responsive to Request No. 3.

8 **REQUEST NO. 35:**

9      All Your advertisements regarding XRP.

10 **RESPONSE TO REQUEST NO. 35:**

11      In addition to the General Objections set forth above, Defendants object to this Request

12 on the grounds that it is vague and ambiguous as to the undefined term "advertisements

13 regarding XRP."  Defendants also object to this Request to the extent it implies that Defendants

14 advertise XRP.  Defendants also object to this Request on the grounds that this Request is

15 overbroad, unduly burdensome and not proportional to the needs of the case because it seeks all

16 advertisements regarding XRP regardless of the relevance of those documents to Plaintiff's

17 claims.  Defendants further object that this Request seeks information that is publicly available

18 and thus equally available to Plaintiff.  Defendants further object that this Request is duplicative

19 of Request No. 34.

20      Subject to and without waiving the foregoing objections, Defendants respond that they

21 will meet and confer with Plaintiff regarding the meaning and scope of this Request.

22 **REQUEST NO. 36:**

23      All Your social media and chat room posts and communications regarding XRP,

24 including posts and communications on Twitter (twitter.com), Reddit (reddit.com), Riot

25 (riot.im), Slack (slack.com), Telegram (telegram.org), LinkedIn (linkedin.com) and Discord

26 (discord.com).

27 **RESPONSE TO REQUEST NO. 36:**

28      In addition to the General Objections set forth above, Defendants object that this Request

1  seeks information that is not relevant to any claim or defense in this action and is not reasonably

2  likely to lead to discovery of relevant information.  Defendants object that this Request is

3  overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all

4  . . . posts and communications" from Defendants or any of their present or former employees,

5  representatives, consultants, vendors and all persons acting or purporting to act on their behalf

6  for any social media post and internal messaging tools.  Defendants also object that this Request

7  seeks information that is publicly available on the respective social media platforms and thus

8  equally available to Plaintiff.

9  **REQUEST NO. 37:**

10       All documents concerning any payment You made to the Persons operating the following

11  Twitter Accounts: Tiffany Hayden (@haydentiff), Garlinghouse's Neighbor XRP

12  (@garlinghousesn1), Patty B. (@PattyB09952203), DarrenXRP (@wallz78), XRPTwin

13  (@xrptwin), Dr. T (@XRPTrump), Hodor (@Hodor), Bank XRP (@BankXRP), xrp_news

14  (@xrp_news), and Wandering Ware (@WanderingWare).

15  **RESPONSE TO REQUEST NO. 37:**

16       In addition to the General Objections set forth above, Defendants object that this Request

17  seeks information that is not relevant to any claim or defense in this action and is not reasonably

18  likely to lead to discovery of relevant information.  Defendants object to this Request on the

19  grounds that it is vague and ambiguous as Defendants are unable to identify the Persons who

20  operate the specified Twitter accounts.  Defendants further object that this Request seeks

21  information that is overbroad and unduly burdensome regarding unidentified individuals who are

22  unrelated this litigation.

23       Subject to and without waiving the foregoing objections, Defendants respond that to the

24  extent that Plaintiff provides the identities of the Persons who operate the specified Twitter

25  accounts, Defendants will meet and confer with Plaintiff regarding the relevance and scope of

26  this Request.

27  **REQUEST NO. 38:**

28       All documents concerning any payments You made to social media influencers or other

third parties in exchange for, or associated with, statements made by that third party on social media, in chat rooms, elsewhere on the internet, or through traditional media concerning You or XRP.

**RESPONSE TO REQUEST NO. 38:**

In addition to the General Objections set forth above, Defendants object that this Request seeks information that is overbroad, unduly burdensome and not relevant to any claim or defense in this action and not reasonably likely to lead to discovery of relevant information.  Defendants further object to this Request on the grounds that it is vague and ambiguous as to the undefined term "social media influencers."

Subject to and without waiving the foregoing objections, Defendants respond that they do not and have not paid any third party social media personality in exchange for statements made by that third party on social media, in chat rooms, elsewhere on the internet, or through traditional media concerning Defendants or XRP and therefore do not have documents responsive to this Request.

**REQUEST NO. 39:**

All documents concerning Your use of click farms, bots, or any other means of artificially increasing exposure of online or social media messaging or posting.

**RESPONSE TO REQUEST NO. 39:**

In addition to the General Objections set forth above, Defendants object that this Request seeks information that is overbroad, unduly burdensome and not relevant to any claim or defense in this action and not reasonably likely to lead to discovery of relevant information.  Defendants further object that the terms "click farms," "bots," and "artificially increasing exposure" are undefined and ambiguous.

Subject to and without waiving the foregoing objections, Defendants respond that they do not use click farms, bots, or any other means to artificially increase exposure of online or social media messaging or posting and therefore do not have documents responsive to this Request.

1    **REQUEST NO. 40:**

2         All agreements between You and any Person which impose or purport to impose

3    restrictions upon the sale or resale of XRP.

4    **RESPONSE TO REQUEST NO. 40:**

5         In addition to the General Objections set forth above, Defendants object that this Request

6    is duplicative of Request No. 20.  Defendants object that this Request seeks information that is

7    not relevant to any claim or defense in this action and is not reasonably likely to lead to

8    discovery of relevant information.  Defendants further object that this Request is overbroad,

9    unduly burdensome and not proportional to the needs of the case because it seeks "all

10   agreements" from Defendants or any of their present or former employees, representatives,

11   consultants, vendors and all persons acting or purporting to act on their behalf that impose

12   restrictions upon the sale of XRP regardless of the relevance of those documents to Plaintiff's

13   claims.

14        Subject to and without waiving the foregoing objections, Defendants respond that certain

15   documents responsive to this Request will be included in the forthcoming production of

16   documents responsive to Request No. 3.

17   **REQUEST NO. 41:**

18        All documents concerning Your "programmatic" sales of XRP on Cryptocurrency

19   Exchanges.

20   **RESPONSE TO REQUEST NO. 41:**

21        In addition to the General Objections set forth above, Defendants object that this Request

22   is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

23   "all documents" from Defendants or any of their present or former employees, representatives,

24   consultants, vendors and all persons acting or purporting to act on their behalf relating to

25   Ripple's "programmatic" sales.

26        Subject to and without waiving the foregoing objections, Defendants respond that

27   documents sufficient to show Ripple's programmatic sales will be included in the forthcoming

28   production of documents responsive to Request No. 3.

1  **REQUEST NO. 42:**

2      All documents concerning Your institutional direct sales of XRP.

3  **RESPONSE TO REQUEST NO. 42:**

4      In addition to the General Objections set forth above, Defendants object that this Request

5  is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

6  "all documents" from Defendants or any of their present or former employees, representatives,

7  consultants, vendors and all persons acting or purporting to act on their behalf.  Defendants

8  further object to this Request on the grounds that it is vague and ambiguous as to the undefined

9  term "institutional direct sales."

10      Subject to and without waiving the foregoing objections, Defendants respond that

11  documents sufficient to show Ripple's over-the-counter sales will be included in the forthcoming

12  production of documents responsive to Request No. 3.

13  **REQUEST NO. 43:**

14      All documents concerning XRP's utility as a "bridge currency" for international

15  payments.

16  **RESPONSE TO REQUEST NO. 43:**

17      In addition to the General Objections set forth above, Defendants object that this Request

18  is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

19  "all documents" from Defendants or any of their present or former employees, representatives,

20  consultants, vendors and all persons acting or purporting to act on their behalf.  Defendants

21  further object that this Request seeks information that is not relevant to any claim or defense in

22  this action and not reasonably likely to lead to discovery of relevant information to the extent it

23  seeks information to support Plaintiff's fourth, sixth, and seventh causes of action, which were

24  dismissed with prejudice by the Court in all respects except for a single statement made by Mr.

25  Garlinghouse.  ECF No. 115.

26      Subject to and without waiving the foregoing objections, Defendants respond that certain

27  documents responsive to this Request will be included in the forthcoming production of

28  documents responsive to Request No. 3.

1   **REQUEST NO. 44:**

2         All documents concerning demand or anticipated demand for XRP from financial

3   institutions, including all analyses of what portion of XRP is used or expected to be used by

4   financial institutions.

5   **RESPONSE TO REQUEST NO. 44:**

6         In addition to the General Objections set forth above, Defendants object that the vague

7   and ambiguous term "portion of XRP" is unintelligible as stated in this Request.  Defendants

8   further object as this Request is vague as to time.  Defendants further object that this Request

9   may seek information that is overbroad, unduly burdensome and not relevant to any claim or

10  defense in this action and not reasonably likely to lead to discovery of relevant information to the

11  extent it seeks information to support Plaintiff's fourth, sixth, and seventh causes of action,

12  which were dismissed with prejudice by the Court in all respects except for a single statement

13  made by Mr. Garlinghouse.  ECF No. 115.

14        Subject to and without waiving the foregoing objections, Defendants respond that they

15  will meet and confer with Plaintiff regarding the meaning  and scope of this Request.

16  **REQUEST NO. 45:**

17        All documents concerning Your February 2015 Submission to the Conference of Bank

18  Supervisors.

19  **RESPONSE TO REQUEST NO. 45:**

20        In addition to the General Objections set forth above, Defendants object that this Request

21  seeks information that is overbroad, unduly burdensome and not relevant to any claim or defense

22  in this action and not reasonably likely to lead to discovery of relevant information to the extent

23  it seeks information to support Plaintiff's fourth, sixth, and seventh causes of action, which were

24  dismissed with prejudice by the Court in all respects except for a single statement made by Mr.

25  Garlinghouse.  ECF No. 115.  Specifically, Plaintiff relied on the February 2015 Submission to

26  the Conference of Bank Supervisors in support of his now-dismissed claims, FAC ¶ 42, and it

27  has no remaining relevance now that those claims are dismissed.  Defendants further object on

28  the grounds that  Ripple's February 2015 Submission to the Conference of Bank Supervisors is

publicly available at https://ripple.com/files/rl_csbs_letter.pdf.

**REQUEST NO. 46:**

All documents concerning Your statement that "XRP's long-term value is determined by its utility—including its ability to help financial institutions source liquidity for payments into and out of emerging markets."

**RESPONSE TO REQUEST NO. 46:**

In addition to the General Objections set forth above, Defendants object that this Request seeks information that is overbroad, unduly burdensome and not relevant to any claim or defense in this action and not reasonably likely to lead to discovery of relevant information to the extent it seeks information to support Plaintiff's fourth, sixth, and seventh causes of action, which were dismissed with prejudice by the Court in all respects except for a single statement made by Mr. Garlinghouse. ECF No. 115. Specifically, Plaintiff relied on the quoted statement in support of his now-dismissed claims, FAC ¶ 48, and it has no remaining relevance now that those claims are dismissed.

**REQUEST NO. 47:**

All documents and communications regarding conferences concerning XRP hosted by You, including the annual "Swell" conference.

**RESPONSE TO REQUEST NO. 47:**

In addition to the General Objections set forth above, Defendants object that this Request seeks information that is not relevant to any claim or defense in this action and is not reasonably likely to lead to discovery of relevant information. Defendants object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents and communications" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf regardless of the relevance of these documents to Plaintiff's claims. Defendants further object to this Request on the grounds that it is vague and ambiguous as to the undefined term "conference concerning XRP."

Subject to and without waiving the foregoing objections, Defendants respond that certain

1   documents responsive to this Request will be included in the forthcoming production of

2   documents responsive to Request No. 3.

3   **REQUEST NO. 48:**

4       All documents concerning any XRP provided to Garlinghouse. To the extent such

5   documents pre-date the Relevant Period, this request seeks those documents as well.

6   **RESPONSE TO REQUEST NO. 48:**

7       In addition to the General Objections set forth above, Defendants object that this Request

8   is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

9   "all documents" concerning XRP provided to Garlinghouse regardless of the relevance of those

10   documents to Plaintiff's claims.  Defendants further object that this Request is vague and

11   ambiguous to the extent it does not define whether it seeks documents regarding XRP that Mr.

12   Garlinghouse received from other Defendants or from third parties, which are not relevant to

13   Plaintiff's claims.  Defendants further object to the extent this Request seeks information and

14   documents from outside of the Court-ordered time frame for discovery.  ECF No. 100.

15       Subject to and without waiving the foregoing objections, Defendants respond that certain

16   documents responsive to this Request will be included in the forthcoming production of

17   documents responsive to Request No. 3.

18   **REQUEST NO. 49:**

19       All documents (e.g., tax returns, XRP sales receipts, and digital asset wallet withdrawals

20   or deposits) concerning Garlinghouse's sale or trading of XRP.

21   **RESPONSE TO REQUEST NO. 49:**

22       In addition to the General Objections set forth above, Defendants object that this Request

23   seeks information that is not relevant to any claim or defense in this action and is not reasonably

24   likely to lead to discovery of relevant information.  Defendants object that this Request is

25   overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all

26   documents" concerning Garlinghouse's sale or trading of XRP regardless of the relevance of

27   those documents to Plaintiff's claims.  Defendants further object to this Request to the extent that

28   it seeks the private, confidential, proprietary, or otherwise privileged or legally protected

1   information of Defendants and/or third parties.

2        Subject to and without waiving the foregoing objections, Defendants respond that they

3   are continuing to investigate what documents are responsive to this Request and will meet and

4   confer with Plaintiff about the relevance and scope of this Request.

5   **REQUEST NO. 50:**

6        Documents sufficient to show Garlinghouse's XRP holdings during the Relevant Period.

7   **RESPONSE TO REQUEST NO. 50:**

8        Subject to and without waiving the General Objections, Defendants respond that they will

9   produce documents responsive to this Request.

10  **REQUEST NO. 51:**

11       All documents that You contend show that Garlinghouse was "very, very long XRP as a

12  percentage of [his] personal balance sheet."

13  **RESPONSE TO REQUEST NO. 51:**

14       In addition to the General Objections set forth above, Defendants object that this Request

15  is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

16  "all documents" relating to Garlinghouse's statement he was "long XRP" regardless of the

17  proportionality burden or relevance of all those documents to Plaintiff's claims.

18       Subject to and without waiving the foregoing objections, Defendants respond that they

19  will produce all documents they intend to rely on for their defense to Plaintiff's fraud claim

20  regarding this statement.

21  **REQUEST NO. 52:**

22       All documents concerning Chris Larsen's sale of XRP.

23  **RESPONSE TO REQUEST NO. 52:**

24       In addition to the General Objections set forth above, Defendants object that this Request

25  seeks information that is overbroad, unduly burdensome and not relevant to any claim or defense

26  in this action and not reasonably likely to lead to discovery of relevant information as Mr. Larsen

27  is not a party to this action.  Defendants further object that this Request seeks information that is

28  not in their possession, custody, or control.  Defendants also object to this Request to the extent

that it seeks the private, confidential, proprietary, or otherwise privileged or legally protected information of Defendants and/or third parties.

Based on the foregoing objections, Defendants respond that they will not search for and produce documents responsive to this Request.

**REQUEST NO. 53:**

All documents concerning Jed McCaleb's sale of XRP.

**RESPONSE TO REQUEST NO. 53:**

In addition to the General Objections set forth above, Defendants object that this Request seeks information that is overbroad, unduly burdensome and not relevant to any claim or defense in this action and not reasonably likely to lead to discovery of relevant information as Mr. McCaleb is not a party to this action. Defendants further object that this Request seeks information that is not in their possession, custody, or control. Defendants also object to this Request to the extent that it seeks the private, confidential, proprietary, or otherwise privileged or legally protected information of Defendants and/or third parties.

Based on the foregoing objections, Defendants respond that they will not search for and produce documents responsive to this Request.

**REQUEST NO. 54:**

All documents concerning bonus compensation provided to any of Your employees or executives, including compensation provided in XRP.

**RESPONSE TO REQUEST NO. 54:**

In addition to the General Objections set forth above, Defendants object that this Request seeks information that is not relevant to any claim or defense in this action and is not reasonably likely to lead to discovery of relevant information. Defendants object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf regardless of the relevance of those documents to Plaintiff's claims. Defendants also object to this Request to the extent that it seeks the private, confidential, proprietary, or otherwise

1  privileged or legally protected information of Defendants and/or third parties.

2      Subject to and without waiving the foregoing objections, Defendants respond that certain

3  documents responsive to this Request will be included in the forthcoming production of

4  documents responsive to Request No. 3.

5  **REQUEST NO. 55:**

6      All documents concerning XRP sales or purchases by any of Your employees,

7  executives, or directors.

8  **RESPONSE TO REQUEST NO. 55:**

9      In addition to the General Objections set forth above, Defendants object that this Request

10  seeks information that is not relevant to any claim or defense in this action and not reasonably

11  likely to lead to discovery of relevant information.  Defendants further object that this Request is

12  overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all

13  documents" relating to such sales regardless of the relevance of these documents to Plaintiff's

14  claims.  Defendants also object to this Request to the extent that it seeks the private, confidential,

15  proprietary, or otherwise privileged or legally protected information of Defendants and/or third

16  parties.  Defendants further object that this Request seeks information that is not in their

17  possession, custody, or control.

18  **REQUEST NO. 56:**

19      All documents concerning how You determine what quantity of XRP to sell during any

20  given period.

21  **RESPONSE TO REQUEST NO. 56:**

22      In addition to the General Objections set forth above, Defendants object that this Request

23  is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

24  "all documents" from Defendants or any of their present or former employees, representatives,

25  consultants, vendors and all persons acting or purporting to act on their behalf regarding the

26  quantity of XRP regardless of the relevance of these documents to Plaintiff's claims.  Defendants

27  further object to this Request to the extent that it seeks the private, confidential, proprietary, or

28  otherwise privileged or legally protected information of Defendants and/or third parties.

Subject to and without waiving the foregoing objections, Defendants respond that certain documents responsive to this Request related to Ripple's XRP sales will be included in the forthcoming production of documents responsive to Request No. 3.

**REQUEST NO. 57:**

All documents concerning Your lobbying related to XRP, including the formation of the Securing America's Internet of Value Coalition.

**RESPONSE TO REQUEST NO. 57:**

In addition to the General Objections set forth above, Defendants object that this Request seeks information that is not relevant to any claim or defense in this action and is not reasonably likely to lead to discovery of relevant information. Defendants object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf regarding lobbying related to XRP regardless of the relevance of these documents to Plaintiff's claims. Defendants further object that this Request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving the foregoing objections, Defendants respond that certain documents responsive to this Request will be included in the forthcoming production of documents responsive to Request No. 3.

**REQUEST NO. 58:**

All documents concerning use of XRP by Your Enterprise Solutions customers.

**RESPONSE TO REQUEST NO. 58:**

In addition to the General Objections set forth above, Defendants object that this Request seeks information that is not relevant to any claim or defense in this action and is not reasonably likely to lead to discovery of relevant information. Defendants object that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all documents" regarding XRP use by Enterprise Solutions customers regardless of the relevance of these documents to Plaintiff's claims. Defendants further object that this Request

1   seeks information that is not in their possession, custody, or control.

2          Subject to and without waiving the foregoing objections, Defendants will meet and

3   confer with Plaintiff regarding the relevance and scope of this Request.

4   **REQUEST NO. 59:**

5          All documents concerning Garlinghouse's representation the [sic] he had "spoken with

6   ACTUAL banks and payment providers. They are indeed planning to use xRapid (our XRP

7   liquidity product in a serious way," including all documents and communications that you

8   contend evidence the veracity of this statement.

9   **RESPONSE TO REQUEST NO. 59:**

10          In addition to the General Objections set forth above, Defendants object that this Request

11   seeks information that is overbroad, unduly burdensome and not relevant to any claim or defense

12   in this action and not reasonably likely to lead to discovery of relevant information to the extent

13   it seeks information to support Plaintiff's fourth, sixth, and seventh causes of action, which were

14   dismissed with prejudice by the Court in all respects except for a single statement made by Mr.

15   Garlinghouse.  ECF No. 115.  The content or veracity of this statement is not at issue in this

16   action.

17          Based on the foregoing objections, Defendants respond that they will not search for and

18   produce documents responsive to this Request.

19   **REQUEST NO. 60:**

20          All documents concerning Your commitment to place 55 billion XRP in a

21   cryptographically secured escrow account.

22   **RESPONSE TO REQUEST NO. 60:**

23          In addition to the General Objections set forth above, Defendants object that this Request

24   is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

25   "all documents" regarding the placement of XRP into escrow from Defendants or any of their

26   present or former employees, representatives, consultants, vendors and all persons acting or

27   purporting to act on its behalf regardless of the relevance of these documents to Plaintiff's

28   claims.  Defendants further object that this Request seeks information protected by the attorney-

1   client privilege and/or attorney work-product doctrine.  Defendants further object to this Request

2   to the extent that it seeks privileged or legally protected information of Defendants and/or third

3   parties.

4          Subject to and without waiving the foregoing objections, Defendants respond that certain

5   documents responsive to this Request will be included in the forthcoming production of

6   documents responsive to Request No. 3.

7   **REQUEST NO. 61:**

8          All documents and communications regarding Your partnership with MoneyGram,

9   including MoneyGram's use of Your Enterprise Solutions, any XRP provided to MoneyGram,

10  and MoneyGram's use or sale of XRP.

11  **RESPONSE TO REQUEST NO. 61:**

12         In addition to the General Objections set forth above, Defendants object that this Request

13  seeks information that is not relevant to any claim or defense in this action and is not reasonably

14  likely to lead to discovery of relevant information.  Defendants object that this Request is

15  overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all

16  documents and communications" regarding Ripple's relationship with MoneyGram from

17  Defendants or any of their present or former employees, representatives, consultants, vendors

18  and all persons acting or purporting to act on its behalf regardless of the relevance of these

19  documents to Plaintiff's claims.  Defendants further object to this Request to the extent that it

20  seeks the private, confidential, proprietary, or otherwise privileged or legally protected

21  information of Defendants and/or third parties.  Defendants further object that certain

22  information sought by this Request is publicly available and thus equally available to Plaintiff

23         Subject to and without waiving the foregoing objections, Defendants respond that certain

24  documents responsive to this Request will be included in the forthcoming production of

25  documents responsive to Request No. 3.

26  **REQUEST NO. 62:**

27         All documents concerning Your investment in Blockchain Capital Parallel IV, L.P.

28

**RESPONSE TO REQUEST NO. 62:**

In addition to the General Objections set forth above, Defendants object that this Request seeks information that is not relevant to any claim or defense in this action and is not reasonably likely to lead to discovery of relevant information.  Defendants object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents" regarding Ripple's investment in Blockchain Capital Parallel IV, L.P., from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on its behalf regardless of the relevance of these documents to Plaintiff's claims.  Defendants further object to this Request to the extent that it seeks privileged or legally protected information of Defendants and/or third parties.

Subject to and without waiving the foregoing objections, Defendants respond that certain documents responsive to this Request will be included in the forthcoming production of documents responsive to Request No. 3.

**REQUEST NO. 63:**

All calendars, journals, notes and other documents concerning the performance of official duties concerning any allegations in the Complaint or any defense or response thereto by any of Your employees, officers, directors, or agents.

**RESPONSE TO REQUEST NO. 63:**

In addition to the General Objections set forth above, Defendants object that this Request seeks information that is not relevant to any claim or defense in this action and is not reasonably likely to lead to discovery of relevant information.  Defendants object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks the very broad category of "all calendars, journals, notes and other documents concerning the performance of official duties" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf. Defendants further object that the phrase "performance of official duties concerning any allegations in the Complaint or any defense or response thereto" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants respond that they

1    will meet and confer with Plaintiff regarding the meaning and scope of this Request.

2    **REQUEST NO. 64:**

3        All joint-defense or common-interest agreements concerning this action.

4    **RESPONSE TO REQUEST NO. 64:**

5        Subject to and without waiving the General Objections set forth above, Defendants are

6    investigating what, if any, documents are responsive to this Request.

7    **REQUEST NO. 65:**

8        All recordings or transcripts of public statements made by You or on Your behalf

9    concerning the offer or sale of XRP.

10    **RESPONSE TO REQUEST NO. 65:**

11        In addition to the General Objections set forth above, Defendants object that this Request

12    seeks information that is not relevant to any claim or defense in this action and is not reasonably

13    likely to lead to discovery of relevant information.  Defendants object that this Request is

14    overbroad, unduly burdensome and not proportional to the needs of the case because it seeks all

15    public statements made by Defendants or any of their present or former employees,

16    representatives, consultants, vendors and all persons acting or purporting to act on their behalf

17    regarding the offer or sale of XRP regardless of the relevance of these documents to Plaintiff's

18    claims.  Defendants further object that the phrase "offer or sale of XRP" is vague and ambiguous

19    as stated in this Request.  Defendants further object that information called for by this Request is

20    not in Defendants' possession, custody, or control.  Defendants also object to this Request to the

21    extent that it seeks the private, confidential, proprietary, or otherwise privileged or legally

22    protected information of Defendants and/or third parties.  Defendants further object that this

23    Request seeks information that is publicly available.

24    **REQUEST NO. 66:**

25        All documents concerning any non-public statements You made to any purchaser or

26    potential purchaser of XRP regarding the offer or sale of XRP.

27

28

1  **RESPONSE TO REQUEST NO. 66:**

2  In addition to the General Objections set forth above, Defendants object that this Request

3  is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

4  "all documents" regarding statements made by Defendants or any of their present or former

5  employees, representatives, consultants, vendors and all persons acting or purporting to act on

6  their behalf about the offer or sale of XRP regardless of the relevance of these documents to

7  Plaintiff's claims.  Defendants further object that the terms "non-public statements," "potential

8  purchaser," and "offer or sale of XRP" are undefined and vague and ambiguous.  Defendants

9  further object that information called for by this Request is not in Defendants' possession,

10  custody, or control.  Defendants also object to this Request to the extent that it seeks the private,

11  confidential, proprietary, or otherwise privileged or legally protected information of third parties.

12  Defendants further object that this Request seeks information that is publicly available.

13  Subject to and without waiving the foregoing objections, Defendants respond that they

14  will meet and confer with Plaintiff regarding the meaning and scope of this Request.

15  **REQUEST NO. 67:**

16  All documents concerning Your Ripple Trade or Ripple Wallet platform.

17  **RESPONSE TO REQUEST NO. 67:**

18  In addition to the General Objections set forth above, Defendants object that this Request

19  is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

20  "all documents" from Defendants or any of their present or former employees, representatives,

21  consultants, vendors and all persons acting or purporting to act on their behalf regarding the

22  Ripple Trade or Ripple Wallet platform regardless of the relevance of these documents to

23  Plaintiff's claims.  Defendants object to the extent this Request seeks information and documents

24  from outside of the Court-ordered time frame for discovery.  ECF No. 100.

25  Subject to and without waiving the foregoing objections, Defendants respond that certain

26  documents responsive to this Request will be included in the forthcoming production of

27  documents responsive to Request No. 3.

28

1    **REQUEST NO. 68:**

2        All documents concerning Your use of trading bots in trading XRP or other digital assets.

3    **RESPONSE TO REQUEST NO. 68:**

4        In addition to the General Objections set forth above, Defendants object that this Request

5    is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

6    "all documents" from Defendants or any of their present or former employees, representatives,

7    consultants, vendors and all persons acting or purporting to act on their behalf regarding

8    Defendants' use of trading bots in trading.  Defendants also object that this Request seeks

9    information that is not relevant to any claim or defense in this action and not reasonably likely

10   to discovery of relevant information.  Defendants further object that information called for

11   by this Request is not in Defendants' possession, custody, or control.  Defendants further object

12   that the undefined term "trading bot" is vague and ambiguous.

13       Subject to and without waiving the foregoing objections, Defendants respond that they

14   will meet and confer with Plaintiff regarding the relevance and scope of this Request.

15   **REQUEST NO. 69:**

16       All documents concerning the valuation of Ripple or shares of Ripple, including

17   documents and communications concerning any relationship between XRP's price and that

18   valuation.

19   **RESPONSE TO REQUEST NO. 69:**

20       In addition to the General Objections set forth above, Defendants object that this Request

21   seeks information that is not relevant to any claim or defense in this action and is not reasonably

22   likely to lead to discovery of relevant information.  Defendants object that this Request is

23   overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all

24   documents" from Defendants or any of their present or former employees, representatives,

25   consultants, vendors and all persons acting or purporting to act on their behalf regarding the

26   valuation of Ripple or shares of Ripple regardless of the relevance of these documents to

27   Plaintiff's claims.  Defendants further object that information called for by this Request is not in

28   Defendants' possession, custody, or control.  Defendants further object that this Request seeks

1   information protected by the attorney-client privilege and/or attorney work-product doctrine.

2           Subject to and without waiving the foregoing objections, Defendants respond that certain

3   documents responsive to this Request will be included in the forthcoming production of

4   documents responsive to Request No. 3.

5   **REQUEST NO. 70:**

6           All documents concerning any known hacks or thefts of XRP.

7   **RESPONSE TO REQUEST NO. 70:**

8           In addition to the General Objections set forth above, Defendants object that this Request

9   seeks information that is overbroad, unduly burdensome and not relevant to any claim or defense

10  in this action and is not reasonably likely to lead to discovery of relevant information.

11  Defendants object that the undefined terms "hacks or thefts of XRP" are vague and ambiguous as

12  stated in this Request.  Defendants further object to this Request to the extent that it seeks the

13  private, confidential, proprietary, or otherwise privileged or legally protected information of

14  Defendants and/or third parties.  Defendants further object that information called for by this

15  Request is not in Defendants' possession, custody, or control.

16          Subject to and without waiving the foregoing objections, Defendants respond that they

17  will meet and confer with Plaintiff regarding the relevance and scope of this Request.

18  **REQUEST NO. 71:**

19          All documents concerning Ripple gateways, including documents and communications

20  with Ripple gateways, and Ripple's use of gateways.

21  **RESPONSE TO REQUEST NO. 71:**

22          In addition to the General Objections set forth above, Defendants object that this Request

23  seeks information that is not relevant to any claim or defense in this action and is not reasonably

24  likely to lead to discovery of relevant information.  Defendants object that this Request is

25  overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all

26  documents" from Defendants or any of their present or former employees, representatives,

27  consultants, vendors and all persons acting or purporting to act on their behalf regarding

28  gateways regardless of the relevance of these documents to Plaintiff's claims.  Defendants also

1  object to this Request on the grounds that it is vague and ambiguous as to the undefined term

2  "Ripple gateways," which is unintelligible as stated in this Request.

3         Subject to and without waiving the foregoing objections, Defendants respond that certain

4  documents responsive to this Request will be included in the forthcoming production of

5  documents responsive to Request No. 3.

6  **REQUEST NO. 72:**

7         All documents concerning the nature and purpose of Ripple's investments in third-party

8  entities, including investments made into Bitstamp and GateHub.

9  **RESPONSE TO REQUEST NO. 72:**

10        In addition to the General Objections set forth above, Defendants object that this Request

11 seeks information that is not relevant to any claim or defense in this action and is not reasonably

12 likely to lead to discovery of relevant information.  Defendants object that this Request is

13 overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all

14 documents" from Defendants or any of their present or former employees, representatives,

15 consultants, vendors and all persons acting or purporting to act on their behalf regardless of the

16 relevance of these documents to Plaintiff's claims, with respect to every investment that Ripple

17 has made in a nearly six-year period.

18        Subject to and without waiving the foregoing objections, Defendants respond that certain

19 documents responsive to this Request will be included in the forthcoming production of

20 documents responsive to Request No. 3.

21 **REQUEST NO. 73:**

22        All communications with Chinese, Russian, or Iranian individuals or entities regarding

23 distributions, sales, or purchases of XRP.

24 **RESPONSE TO REQUEST NO. 73:**

25        In addition to the General Objections set forth above, Defendants object that this Request

26 seeks information that is overbroad, unduly burdensome and not relevant to any claim or defense

27 in this action and not reasonably likely to lead to discovery of relevant information.  Defendants

28 also object to this Request on the grounds that it is vague and ambiguous as to the undefined

term "distributions."  Defendants further object to this Request as duplicative of Request Nos. 5, 6, and 41.

**REQUEST NO. 74:**

All documents concerning XRP as an investment.

**RESPONSE TO REQUEST NO. 74:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent it characterizes or implies that Defendants characterize XRP as an "investment." Defendants further object on the grounds that the Request is vague and ambiguous as to the undefined term "investment."  Defendants further object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf regardless of the relevance of those documents to Plaintiff's claims.  Defendants further object to this Request as duplicative of Request Nos. 10 and 35.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to their responses to Requests Nos. 10 and 35.

**REQUEST NO. 75:**

All documents describing XRP purchases or investments as speculative.

**RESPONSE TO REQUEST NO. 75:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent it characterizes or implies that Defendants characterize XRP as an "investment" or as "speculative."  Defendants further object on the grounds that the Request is vague and ambiguous as to the undefined terms "investment" and "speculative."  Defendants further object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf regardless of the relevance of those documents to Plaintiff's claims.  Defendants further object that this Request is duplicative of other Requests, including Request Nos. 10, 35, and 74.

1    Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to

2    their responses to Requests Nos. 10, and 35.

3    **REQUEST NO. 76:**

4    All documents distinguishing on-ledger XRP transfers from those made off-ledger.

5    **RESPONSE TO REQUEST NO. 76:**

6    In addition to the General Objections set forth above, Defendants object that this Request

7    seeks information that is not relevant to any claim or defense in this action and is not reasonably

8    likely to lead to discovery of relevant information.  Defendants object that this Request is

9    overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all

10   documents" from Defendants or any of their present or former employees, representatives,

11   consultants, vendors and all persons acting or purporting to act on their behalf regardless of the

12   relevance of these documents to Plaintiff's claims.  Defendants further object on the grounds that

13   the Request is vague and ambiguous as to the undefined terms "on-ledger XRP transfers" and

14   "off-ledger."

15   Subject to and without waiving the foregoing objections, Defendants respond that they

16   will meet and confer with Plaintiff regarding the relevance, meaning and scope of this Request.

17   **REQUEST NO. 77:**

18   All communications with XRP customers, investors, purchasers, or prospective

19   purchasers.

20   **RESPONSE TO REQUEST NO. 77:**

21   In addition to the General Objections set forth above, Defendants object that this Request

22   seeks information that is not relevant to any claim or defense in this action and is not reasonably

23   likely to lead to discovery of relevant information.  Defendants object to this Request to the

24   extent that it implies that Ripple's investors are XRP investors.  Defendants further object that

25   this Request is overbroad, unduly burdensome and not proportional to the needs of the case

26   because it seeks "all communications" from Defendants or any of their present or former

27   employees, representatives, consultants, vendors and all persons acting or purporting to act on

28   their behalf with all "XRP customers, investors, purchasers, or prospective purchasers" without

1   regard for the content or topic of such communications or the relevance of such communications

2   to Plaintiff's claims.  Defendants further object on the grounds that the Request is vague and

3   ambiguous as to the undefined terms "XRP customers," "investors," "purchasers" and

4   "prospective purchasers."

5          Subject to and without waiving the foregoing objections, Defendants respond that certain

6   documents responsive to this Request will be included in the forthcoming production of

7   documents responsive to Request No. 3.

8   **REQUEST NO. 78:**

9          All documents concerning giveaways or free distributions of XRP. To the extent such

10  documents pre-date the Relevant Period, this request seeks those documents as well.

11  **RESPONSE TO REQUEST NO. 78:**

12         In addition to the General Objections set forth above, Defendants object that this Request

13  is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

14  "all documents" from Defendants or any of their present or former employees, representatives,

15  consultants, vendors and all persons acting or purporting to act on their behalf relating to

16  giveaways regardless of the relevance of these documents to Plaintiff's claims.  Defendants

17  object to the extent this Request seeks information and documents from outside of the Court-

18  ordered time frame for discovery.  ECF No. 100.

19         Subject to and without waiving the foregoing objections, Defendants respond that certain

20  documents responsive to this Request will be included in the forthcoming production of

21  documents responsive to Request No. 3.

22  **REQUEST NO. 79:**

23         All documents concerning Ripple's plan or plans to conduct an Initial Public Offering.

24  **RESPONSE TO REQUEST NO. 79:**

25         In addition to the General Objections set forth above, Defendants object that this Request

26  is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

27  "all documents" from Defendants or any of their present or former employees, representatives,

28  consultants, vendors and all persons acting or purporting to act on their behalf regardless of the

DEFENDANTS' RESP. TO FIRST SET          47          Case No. 4:18-cv-06753-PJH
OF REQUESTS FOR PRODUCTION

1   relevance of these documents to Plaintiff's claims.  Defendants object that this Request seeks

2   information that is not relevant to any claim or defense in this action and is not reasonably likely

3   to lead to discovery of relevant information.  Defendants further object to this Request to the

4   extent that it seeks the private, confidential, proprietary, or otherwise privileged or legally

5   protected information.

6          Based on the foregoing objections, Defendants respond that they will not search for and

7   produce documents responsive to this Request.

8   **REQUEST NO. 80:**

9          All documents concerning the correlation of XRP's price to that of other digital assets.

10  **RESPONSE TO REQUEST NO. 80:**

11         In addition to the General Objections set forth above, Defendants object that this Request

12  is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

13  "all documents" from Defendants or any of their present or former employees, representatives,

14  consultants, vendors and all persons acting or purporting to act on their behalf relating to the "the

15  correlation of XRP's price to that of other digital assets" regardless of the relevance of these

16  documents to Plaintiff's claims.  Defendants further object that many documents responsive to

17  this request are publicly available and thus equally available to Plaintiff such that it would be

18  unduly burdensome to require Defendants to collect and produce such publicly available

19  documents.  Defendants further object that this Request seeks information protected by the

20  attorney-client privilege and/or attorney work-product doctrine.  Defendants further object to the

21  extent this Request seeks the premature disclosure of expert material, and Defendants expressly

22  reserve the right to supplement their responses to the Request, and to assert additional objections

23  or privileges, in accordance with the time period for exchanging expert reports set by the Court.

24         Subject to and without waiving the foregoing objections, Defendants respond that certain

25  documents responsive to this Request will be included in the forthcoming production of

26  documents responsive to Request No. 3.

27

28

**REQUEST NO. 81:**

All documents concerning the impact of Your public announcements on the price of XRP.

**RESPONSE TO REQUEST NO. 81:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent it assumes or implies that all announcements made by Defendants have an impact on the price of XRP.  Defendants further object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf  regardless of the relevance of these documents to Plaintiff's claims.  Defendants further object that the term "public announcements" is undefined and vague and ambiguous.  Defendants further object that this Request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine. Defendants further object to the extent this Request seeks the premature disclosure of expert material, and Defendants expressly reserve the right to supplement their responses to the Request, and to assert additional objections or privileges, in accordance with the time period for exchanging expert reports set by the Court.

Subject to and without waiving the foregoing objections, Defendants respond that certain documents responsive to this Request will be included in the forthcoming production of documents responsive to Request No. 3.

**REQUEST NO. 82:**

All documents concerning the liquidity of XRP markets.

**RESPONSE TO REQUEST NO. 82:**

In addition to the General Objections set forth above, Defendants object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf regardless of the relevance of those documents to Plaintiff's claims over a multi-year period on a topic that is

1   subject to market volatility.  Defendants further object that information called for by this Request

2   is not in Defendants' possession, custody, or control and/or is not maintained by Defendants.

3       Subject to and without waiving the foregoing objections, Defendants respond that certain

4   documents responsive to this Request will be included in the forthcoming production of

5   documents responsive to Request No. 3.

6   **REQUEST NO. 83:**

7       All documents concerning XRP "HODLers" or "whales."

8   **RESPONSE TO REQUEST NO. 83:**

9       In addition to the General Objections set forth above, Defendants object that this Request

10  is vague and ambiguous as to the undefined terms "HODLers" and "whales."  Defendants object

11  that this Request is overbroad, unduly burdensome and not proportional to the needs of the case

12  because it seeks "all documents" from Defendants or any of their present or former employees,

13  representatives, consultants, vendors and all persons acting or purporting to act on their behalf

14  regardless of the relevance of those documents to Plaintiff's claims.  Defendants also object that

15  this Request seeks information that is not relevant to any claim or defense in this action and not

16  reasonably likely to lead to discovery of relevant information.

17      Subject to and without waiving the foregoing objections, Defendants respond that they

18  will meet and confer with Plaintiff regarding the relevance and meaning of this Request.

19  **REQUEST NO. 84:**

20      All documents concerning the disappearance or destruction of the XRP Ledger.

21  **RESPONSE TO REQUEST NO. 84:**

22      In addition to the General Objections set forth above, Defendants object that this Request

23  is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

24  "all documents" from Defendants or any of their present or former employees, representatives,

25  consultants, vendors and all persons acting or purporting to act on their behalf regardless of the

26  relevance of those documents to Plaintiff's claims.  Defendants also object that this Request

27  seeks information that is not relevant to any claim or defense in this action and not reasonably

28  likely to lead to discovery of relevant information.  Defendants further object that this Request is

vague and ambiguous as to the terms "disappearance" and "destruction," which are undefined. Defendants further object that information called for by this Request is not in Defendants' possession, custody, or control.  Defendants further object to the extent this Request seeks information and documents from outside of the Court-ordered time frame for discovery.  ECF No. 100.

Based on the foregoing objections, Defendants respond that they will meet and confer with Plaintiff regarding the relevance, meaning, and scope of this Request.

**REQUEST NO. 85:**

All documents concerning Ripple's promotion of Cryptocurrency Exchanges.

**RESPONSE TO REQUEST NO. 85:**

In addition to the General Objections set forth above, Defendants object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf regardless of the relevance of those documents to Plaintiff's claims.  Defendants further object that this Request is vague and ambiguous as to the term "promotion," which is undefined.

Subject to and without waiving the foregoing objections, Defendants respond that they will meet and confer with Plaintiff regarding the meaning of and scope of this Request.

**REQUEST NO. 86:**

All documents concerning the similarities or differences between XRP and any other digital asset, including BTC, ETH, or XLM.

**RESPONSE TO REQUEST NO. 86:**

In addition to the General Objections set forth above, Defendants object that this Request is vague and ambiguous as to the terms "similarities" and "differences," which are undefined and unintelligible as stated.  Defendants object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf relating to the broad topic of the similarities and

differences between XRP and other digital assets regardless of the relevance of these documents to Plaintiff's claims.  Defendants further object that many documents responsive to this request are publicly available and thus equally available to Plaintiff such that it would be unduly burdensome to require Defendants to collect and produce such publicly available documents. Defendants further object that this Request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.  Defendants further object to the extent this Request seeks the premature disclosure of expert material and Defendants expressly reserve the right to supplement their responses to the Request, and to assert additional objections or privileges, in accordance with the time period for exchanging expert reports set by the Court.

Subject to and without waiving the foregoing objections, Defendants respond that certain documents responsive to this Request will be included in the forthcoming production of documents responsive to Request No. 3.

**REQUEST NO. 87:**

All documents concerning developments or updates to XRP Ledger tools, including XRP wallets, APIs, explorers, debuggers, faucets, verifiers, checkers, and senders.

**RESPONSE TO REQUEST NO. 87:**

In addition to the General Objections set forth above, Defendants object that this Request seeks information that is not relevant to any claim or defense in this action and is not reasonably likely to lead to discovery of relevant information.  Defendants object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf regardless of the relevance of these documents to Plaintiff's claims.  Defendants further object that information responsive to this Request is publicly available.

Subject to and without waiving the foregoing objections, Defendants respond that certain documents responsive to this Request will be included in the forthcoming production of documents responsive to Request No. 3.

**REQUEST NO. 88:**

All documents concerning Your public acknowledgement of Your XRP sales. To the extent such documents pre-date the Relevant Period, this request seeks those documents as well.

**RESPONSE TO REQUEST NO. 88:**

In addition to the General Objections set forth above, Defendants object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf regardless of the relevance of these documents to Plaintiff's claims. Defendants further object that the information responsive to this Request is expressly publicly available. Defendants object to this Request on the grounds that it is vague and ambiguous as to the undefined term "public acknowledgement." Defendants further object that this Request is cumulative of Requests No. 65 and 66. Defendants also object to the extent this Request seeks information and documents from outside of the Court-ordered time frame for discovery. ECF No. 100.

Subject to and without waiving the foregoing objections, Defendants respond that certain documents responsive to this Request will be included in the forthcoming production of documents responsive to Request No. 3.

**REQUEST NO. 89:**

All documents that You contend support Your contention that You bona fide public offered XRP before August 2016. To the extent such documents pre-date the Relevant Period, this request seeks those documents as well.

**RESPONSE TO REQUEST NO. 89:**

In addition to the General Objections set forth above, Defendants object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf regardless of the relevance of these documents to Plaintiff's claims.

Subject to and without waiving the foregoing objections, Defendants respond that

1  documents sufficient to show that XRP sales commenced via over-the-counter transactions

2  beginning in 2013 and via programmatic sales in November 2014 will be included in the

3  forthcoming production of documents responsive to Request No. 3.  Defendants are continuing

4  to investigate what, if any, other documents are responsive to this Request.

5  **REQUEST NO. 90:**

6        All communications with GSR Holdings Limited concerning the sale of XRP.

7  **RESPONSE TO REQUEST NO. 90:**

8        In addition to the General Objections set forth above, Defendants object that this Request

9  seeks information that is not relevant to any claim or defense in this action and is not reasonably

10  likely to lead to discovery of relevant information.  Defendants object that this Request is

11  overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all

12  documents" from Defendants or any of their present or former employees, representatives,

13  consultants, vendors and all persons acting or purporting to act on their behalf regardless of the

14  relevance of these documents to Plaintiff's claims.

15        Subject to and without waiving the foregoing objections, Defendants respond that certain

16  documents responsive to this Request will be included in the forthcoming production of

17  documents responsive to Request No. 3.

18  **REQUEST NO. 91:**

19        All communications with Global Software Research 2015 concerning the sale of XRP.

20  **RESPONSE TO REQUEST NO. 91:**

21        In addition to the General Objections set forth above, Defendants object that this Request

22  is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

23  "all communications" from Defendants or any of their present or former employees,

24  representatives, consultants, vendors and all persons acting or purporting to act on their behalf

25  regardless of the relevance of these documents to Plaintiff's claims.

26        Subject to and without waiving the foregoing objections, Defendants are continuing to

27  investigate what, if any, other documents are responsive to this Request.

28

1  **REQUEST NO. 92:**

2      All communications with Two Rivers Trading Group, LLC concerning the sale of XRP.

3  **RESPONSE TO REQUEST NO. 92:**

4      In addition to the General Objections set forth above, Defendants object that this Request

5  is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

6  "all communications" from Defendants or any of their present or former employees,

7  representatives, consultants, vendors and all persons acting or purporting to act on their behalf

8  regardless of the relevance of these documents to Plaintiff's claims.

9      Subject to and without waiving the foregoing objections, Defendants respond that certain

10  documents responsive to this Request will be included in the forthcoming production of

11  documents responsive to Request No. 3.

12  **REQUEST NO. 93:**

13      All communications with WorldWideMarkets Online Trading LTD concerning the sale

14  of XRP.

15  **RESPONSE TO REQUEST NO. 93:**

16      In addition to the General Objections set forth above, Defendants object that this Request

17  is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks

18  "all communications" from Defendants or any of their present or former employees,

19  representatives, consultants, vendors and all persons acting or purporting to act on their behalf

20  regardless of the relevance of these documents to Plaintiff's claims.

21      Subject to and without waiving the foregoing objections, Defendants respond that certain

22  documents responsive to this Request will be included in the forthcoming production of

23  documents responsive to Request No. 3.

24  **REQUEST NO. 94:**

25      All documents concerning Plaintiff.

26  **RESPONSE TO REQUEST NO. 94:**

27      Subject to and without waiving the General Objections set forth above, Defendants will

28  conduct a reasonable and diligent search for responsive documents.

**REQUEST NO. 95:**

All documents You intend to rely on at class certification, summary judgment, or trial.

**RESPONSE TO REQUEST NO. 95:**

Subject to and without waiving the General Objections set forth above, Defendants respond that they are continuing to investigate what documents they will rely upon.  Defendants will produce all documents they intend to rely on at class certification, summary judgment, or trial and will supplement such productions in due course.

**REQUEST NO. 96:**

All documents concerning employee or executive policies regarding XRP, including policies relating to sales or purchases of XRP.

**RESPONSE TO REQUEST NO. 96:**

In addition to the General Objections set forth above, Defendants object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf regardless of the relevance of these documents to Plaintiff's claims.  Defendants further object that this Request seeks information that is not relevant to any claim or defense in this action and not reasonably likely to lead to discovery of relevant information.

Subject to and without waiving the foregoing objections, Defendants will meet and confer with Plaintiff regarding the relevance and scope of this Request.

**REQUEST NO. 97:**

All documents concerning the price of XRP.

**RESPONSE TO REQUEST NO. 97:**

In addition to the General Objections set forth above, Defendants object that this Request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "all documents" from Defendants or any of their present or former employees, representatives, consultants, vendors and all persons acting or purporting to act on their behalf relating to the broad topic of "the price of XRP" over a nearly six year period.  Defendants further object to this

1  Request on the grounds that the price of XRP is publicly available to Plaintiff.

2        Subject to and without waiving the foregoing objections, Defendants respond that

3  documents responsive to this Request will be included in the forthcoming production of

4  documents responsive to Request No. 3.

5  DATED:  December 9, 2020         KING & SPALDING LLP

6

7

8                   By:  /s/ Andrew Michaelson
                       Andrew Michaelson

9
                       DAMIEN J. MARSHALL (admitted pro hac vice)
10                     dmarshall@kslaw.com
                       ANDREW MICHAELSON (admitted pro hac vice)
11                     amichaelson@kslaw.com
                       **KING & SPALDING LLP**
12                     1185 Avenue of the Americas, 34th Floor
                       New York, NY 10036
13                     Tel: (212) 556-2100; Fax: (212) 556-2222

14
                       SUZANNE E. NERO (SBN 284894)
15                     snero@kslaw.com
                       **KING & SPALDING LLP**
16                     50 California St., Suite 3300
                       San Francisco, CA 94111
17                     Tel: (415) 318-1200; Fax: (415) 318-1300

18
                       ANDREW J. CERESNEY (admitted pro hac vice)
19                     aceresney@debevoise.com
                       **DEBEVOISE & PLIMPTON LLP**
20                     919 Third Avenue
                       New York, NY 10022
21                     Tel: (212) 909-6000; Fax: (212) 909-6836

22
                       *Attorneys for Defendants Ripple Labs Inc.,*
23                     *XRP II, LLC, and Bradley Garlinghouse*

24

25

26

27

28

## CERTIFICATE OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in the county of San Francisco, State of California, in the office of a member of the bar of this Court, at whose direction this service was made. I am over the age of eighteen years and not a party to the within action.

On December 9, 2020, I served the following documents in the manner described below:

- **DEFENDANTS' RESPONSES TO LEAD PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

☑ BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy through King & Spalding LLP's electronic mail system to the email addresses set forth below.

On the following part(ies) in this action:

James Q. Taylor-Copeland            *Counsel for Lead Plaintiff Bradley*
james@taylorcopelandlaw.com         *Sostack*
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Tel.: 619-400-4944; Fax: 619-566-4341

Marc M. Seltzer                     *Counsel for Lead Plaintiff Bradley*
mseltzer@susmangodfrey.com          *Sostack*
Steven G. Sklaver
ssklaver@susmangodfrey.com
Oleg Elkhunovich
oelkhunovich@susmangodfrey.com
Meng Xi
mxi@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Tel.: 310-789-3100; Fax: 310-789-3150

P. Ryan Burningham                          *Counsel for Lead Plaintiff Bradley*
rburningham@susmangodfrey.com               *Sostack*
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel.: 206-516-3880; Fax: 206-516-3883


    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 9, 2020, at Oakland, California.


                        */s/ Suzanne E. Nero*
                        Suzanne E. Nero

CERTIFICATE OF SERVICE