# EXHIBIT 6

# King & Spalding

King & Spalding LLP
50 California Street
Suite 3300
San Francisco, CA  94111
Tel: +1 415 318 1200
Fax: +1 415 318 1300
www.kslaw.com

Suzanne E. Nero
Counsel
snero@kslaw.com

February 2, 2021

Ryan Burningham
Susman Godfrey LLP
1201 Third Ave
Suite 3800
Seattle, WA 98101
rburningham@susmangodfrey.com

Re:    *In re Ripple Labs Inc. Litigation*, Case No. 4:18-cv-06753-PJH (N.D. Cal.); Plaintiff's First Set of Requests for Production of Documents

Dear Ryan:

I write to memorialize our recent meet and confer discussions regarding Plaintiff's First Set of Requests for Production of Documents (the "Requests") and to confirm Defendants' positions on certain of the discussed requests.

The Parties have met and conferred about certain of Plaintiffs' Requests twice via videoconference: first on December 18, 2020 and then again on January 15, 2021.  During the first meet and confer on December 18, 2020, you raised questions regarding Defendants' responses and articulated, at our request, the asserted relevance of certain of Plaintiff's requests.  On January 15, 2021, I responded to certain of your questions, and further discussed our continuing objections to certain Requests on the grounds of relevance, overbreadth and/or burden.  In response to Defendants' objections, you have thus far not agreed to narrow any of your Requests in any way.

To date, in response to Plaintiff's 97 Requests, Defendants have produced 50,132 documents comprising over 300,000 pages.  Defendants' production includes all documents that Defendants produced to the SEC's Division of Enforcement, in response to multiple requests

Ryan Burningham
Susman Godfrey LLP
February 2, 2021
Page 2

from the SEC made over the course of a multi-year investigation, concerning the very same issue that is central to this litigation, namely, whether XRP is a security under federal securities laws and related substantive formal correspondence between Defendants' counsel and SEC Enforcement staff. Our recent meet and confer discussions centered around 17 of Plaintiff's 97 requests from Plaintiff's First Set of Requests for Production. Our understanding of those discussions and Defendants' current position on each of the discussed requests is stated below.

**RFP 3 – SEC documents**

This Request seeks "All communications with the SEC concerning XRP and all documents concerning such communications. For clarity, this includes all correspondence to the SEC and all correspondence received from the SEC."

Defendants have already produced to Plaintiff all documents they produced to the SEC, as well as all formal correspondence with the SEC, with the exception of Rule 408 materials. In response to your question about Rule 408 materials, we informed you that Defendants are currently withholding 408 materials on relevance grounds (not privilege grounds) and it was not immediately apparent to us why any discussions of an offer of settlement are relevant to Plaintiff's claims. That being said, we told you we are reviewing the 408 materials with an eye towards Rule 26's standard to determine if there is anything relevant in these materials that could be produced.

We also discussed that Defendants are withholding informal email communications between Ripple's outside counsel and the SEC Enforcement staff on the basis of relevance, overbreadth, and burden. We confirmed that no responsive documents were provided to the SEC via email that were not also formally produced to the SEC.

On January 19, 2021, you advised us via email that you intended to move to compel production of informal correspondence. I responded with the position and representations indicated above, but further informed you that following our January 15 call, I confirmed that all relevant substantive communication between Ripple's outside counsel and the SEC Enforcement staff occurred by formal correspondence, not by email. Defendants continue to stand on their objections as to non-substantive informal email communications. I also note that at no point during our meet and confer meetings did you provide any explanation as to why such informal correspondence (i.e., related to the scheduling of calls) is relevant or why the burden of collecting more than two and a half years' worth of informal correspondence from Ripple's outside counsel is warranted here in light of the representations we have made about that correspondence.

Ryan Burningham
Susman Godfrey LLP
February 2, 2021
Page 4

**RFP 24 – Document retention policy**

This Request seeks "Documents sufficient to show Your document destruction or retention policy during the Relevant Period, including with respect to e-mail, text messages, Slack and other instant messages, and other electronic media storage or devices."

Ryan Burningham
Susman Godfrey LLP
February 2, 2021
Page 5

      During our meet and confer discussions, I explained that Ripple's document retention policy was not relevant to any of Plaintiff's claims or defenses and that absent evidence of spoliation, of which there is no evidence, any such document is irrelevant. You asserted that Ripple's document retention policy is relevant to help Plaintiff determine if employees are complying with any retention policy and/or whether documents have been deleted. I offered to postpone discussion of production of documents in response to this Request until after Defendants have produced more documents. I stated that following that production, if Plaintiff identifies any gaps in the production for certain date periods or productions, we would be willing to discuss production of the retention policy. You rejected that suggestion.

      Later, in an email on January 19, 2021, you stated that "Defendants' document retention policies would help 'determine the universe of responsive documents and evaluate any gaps in document production.'" (quoting *Sharma v. BMW of N. Am.*, 2016 WL 1019668, at *4 (N.D. Cal. Mar. 15, 2016). Following this new position as to the stated relevance of this document, I confirmed for you via email on January 22, 2021 that Ripple maintains corporate data for at least 7 years and has emails from current and former employees for the Relevant Period.

Ryan Burningham
Susman Godfrey LLP
February 2, 2021
Page 10

\*\*\*

      To the extent you believe further discussions on any of these Requests would be useful, we remain willing and committed to continuing those discussions in good faith.  Defendants are interested in resolving any disputes regarding these Requests in an efficient manner and wish to avoid involving the Court where possible.

      Sincerely,

      Suzanne E. Nero

      Counsel

      *Attorney for Defendants*