DAMIEN J. MARSHALL (admitted *pro hac vice*)
dmarshall@kslaw.com
ANDREW MICHAELSON (admitted *pro hac vice*)
amichaelson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100; Fax: (212) 556-2222

SUZANNE E. NERO (SBN 284894)
snero@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300

ANDREW J. CERESNEY (admitted *pro hac vice*)
aceresney@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

*Attorneys for Defendants Ripple Labs Inc.,
XRP II, LLC, and Bradley Garlinghouse*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:18-cv-06753-PJH<br><br>**DECLARATION OF ANA GUARDADO IN SUPPORT OF LEAD PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL MATERIALS RELATING TO LEAD PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND PRIVILEGE LOG** |

1       I, Ana Guardado, declare as follows:

2       1.      I am Litigation Counsel at Ripple Labs Inc.  I make this declaration in support of Lead Plaintiff's Administrative Motion to File Under Seal Materials Relating to Lead Plaintiff's Motion to Compel Production of Documents and Privilege Log ("Motion to Seal"), Dkt. 128. Based on my personal experience, knowledge, and review of the files, records, and communications in this case, I have personal knowledge of the facts set forth in this Declaration and, if called to testify, could and would testify competently to those facts under oath.

2.      Plaintiff's Motion to Seal seeks to redact portions of Plaintiff's Motion to Compel, supporting declaration, and five exhibits (the "Protected Materials"), described in greater detail below.  Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse (collectively, "Ripple") designated these documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the Stipulated Protective Order as Modified by the Court ("Protective Order"), Dkt. 120, and Plaintiff was thus compelled to file these documents under seal.  Ripple now submits this declaration, pursuant to the Protective Order and Civil Local Rule 79-5(d)-(e), in support of the Motion to Seal.

3.      For "sealed materials attached to a discovery motion unrelated to the merits of a case . . . a party need only satisfy the less exacting 'good cause' standard." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)); *see also In re NCAA Student-Athlete Name and Likeness Licensing Litig.*, No. 09-cv-01967 CW (NC), 2013 WL 1997252 (N.D. Cal. May 13, 2013) (finding that "[s]ources of business information that might harm a litigant's competitive standing often warrant protection under seal" and sealing various documents containing confidential and commercially sensitive information) (internal quotation marks and citation omitted).  Except as otherwise stated below, good cause exists to seal the Protected Materials, which Ripple views as confidential and commercially sensitive business information.

4.      I have reviewed each portion of the Protected Materials and submit that good cause exists for sealing them for the reasons set forth in the below chart:

| Documents to be Filed Under Seal | Line Nos. to be Redacted / Sealed in Full | Basis for Sealing |
|---|---|---|
| Portions of Lead Plaintiff's Motion to Compel | 9:12-13 (Ripple does not object to this excerpt being unsealed)<br>9:15-16<br>16:4-9<br>16:12-13<br>16:17<br>17:14-15<br>17:17-18<br>17:24 | The redacted portions of Plaintiff's Motion to Compel describe underlying exhibits which are themselves sealed. Because good cause exists to seal the underlying exhibits, as described below, these descriptions of the exhibits should also be redacted, with the exception of page 9, lines 12-13.<br><br>Ripple does not object to the unsealing of the redaction at page 9, lines 12-13 as that description does not reveal any sensitive information about the underlying document. |
| Portions of the Decl. of P. Ryan Burningham in Support of Lead Plaintiff's Motion to Compel | 3:9-12<br>4:3-4<br>4:7-10 | The redacted portions of Mr. Burningham's declaration describe underlying exhibits which are themselves sealed. Because good cause exists to seal the underlying exhibits, as described below, these descriptions of the exhibits should also be redacted. |
| Exhibit 3 (RPLI_0004564) | Sealed in Full by Plaintiff; Ripple does not object to this document being unsealed. | This document was marked CONFIDENTIAL because a family member document is CONFIDENTIAL. However, this document is a slip-sheet that contains no substantive content. As such, Ripple does not object to the unsealing of this document. |
| Exhibit 4 (RPLI_00041073) | Sealed in Full | Exhibit 4 contains confidential, internal emails between Ripple employees, including redacted conversations between Ripple's in-house lawyers, as well discussion of a third-party's personal information and holdings. Ripple considers this information to be confidential and commercially sensitive. |
| Exhibit 5 (RPLI_00301745) | Sealed in Full | Exhibit 5 contains highly confidential information about a Ripple employee's compensation. Ripple protects this type of information as confidential, sensitive business information. Ripple also protects this |

| | | | |
|---|---|---|---|
| | | | type of information in order to protect the privacy of its employees. |
| | Exhibit 7 (RPLI_00137882) | Sealed in Full | Exhibit 7 is a slide deck from a Ripple board meeting, which is not open to the public, discussing Ripple's business strategies and goals, which it guards as confidential and commercially sensitive information. This document also contains Ripple's confidential, sensitive financial information. |
| | Exhibit 8 (RPLI_00296003) | Sealed in Full | Exhibit 8 is a letter from Ripple's counsel to the SEC related to the SEC's investigation of Ripple. Ripple is now actively litigating a suit that resulted from the SEC's investigation and considers all nonpublic information related to that investigation to be highly confidential on the grounds that disclosure could harm its standing in that action and other pending actions. |

5. For the reasons stated above, Ripple respectfully requests that the Court grant the Motion to Seal and allow the Protected Materials to remain under seal.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of February, 2021, in San Francisco, California.

_____
Ana Guardado

|  |  |  |
|---|---|---|
| 1 | ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)(3) | |
| 2 | I, Suzanne E. Nero, am the ECF user whose login is being used to file the foregoing | |
| 3 | document.  I attest pursuant to Civil L.R. 5-1(i)(3) that Ana Guardado has concurred in this | |
| 4 | filing. | |

Dated:  February 12, 2021               By:     */s/ Suzanne E. Nero*

                                                              Suzanne E. Nero