DAMIEN J. MARSHALL (admitted *pro hac vice*)
dmarshall@kslaw.com
ANDREW MICHAELSON (admitted *pro hac vice*)
amichaelson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100; Fax: (212) 556-2222

SUZANNE E. NERO (SBN 284894)
snero@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300

ANDREW J. CERESNEY (admitted *pro hac vice*)
aceresney@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

*Attorneys for Defendants Ripple Labs Inc.,
XRP II, LLC, and Bradley Garlinghouse*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| In re RIPPLE LABS INC. LITIGATION | Case No. 4:18-cv-06753-PJH |
|---|---|
| This Document Relates to: ALL ACTIONS | **DECLARATION OF SUZANNE E. NERO IN SUPPORT OF DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND PRIVILEGE LOG**<br><br>Date: March 25, 2021<br>Time: 1:30 p.m.<br>Ctrm: 3<br><br>Consolidated FAC Filed: March 25, 2020<br>Trial Date: July 17, 2023 |

I, Suzanne E. Nero, hereby declare as follows:

1. I am a Counsel in the San Francisco office of King & Spalding LLP and counsel of record for Defendants Ripple Labs Inc., XRP II, LLC and Bradley Garlinghouse (collectively "Defendants") in this matter. I make this declaration in support of Defendants' Opposition to Plaintiff's Motion to Compel. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2. On October 8, 2020, Plaintiff served Defendants with 97 Requests for Production. Request No. 3 requested: "All communications with the SEC concerning XRP and all documents concerning such communications. For clarity, this includes all correspondence to the SEC and all correspondence received from the SEC." Request No. 24 requested: "Documents sufficient to show Your document destruction or retention policy during the Relevant Period, including with respect to e-mail, text messages, Slack and other instant messages, and other electronic media storage or devices."

3. Pursuant to agreement of the Parties, Defendants submitted their objections and responses on December 9, 2020. With regards to Request No. 3, Defendants responded as follows:

> "In addition to the General Objections set forth above, Defendants object to this Request on the grounds that it is vague and ambiguous as to whose communications are requested. To the extent this Request seeks Defendants' communications with the SEC, Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks every communication with the SEC even non-substantive communications that have no relevance to Plaintiff's claims, and every document about such communications. Defendants further object to this Request to the extent that it seeks the private, confidential, proprietary, or otherwise privileged or legally protected information of Defendants and/or third parties. Defendants further object that the phrase 'all documents concerning such communications' is vague and ambiguous.

    Subject to and without waiving the foregoing objections, Defendants will produce all documents Defendants previously produced to the SEC, and non-privileged formal correspondence between the SEC and Defendants, that are relevant to Plaintiff's claims."

4. With regards to Request No. 24, Defendants responded as follows:

    "In addition to the General Objections set forth above, Defendants object that this Request seeks information that is not relevant to any claim or defense in this action and not reasonably likely to lead to discovery of relevant information. Defendants further object that this Request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine. Defendants further object to the extent this Request attempts to impose different or additional obligations on Defendants beyond those in the parties' ESI Stipulation, ECF No. 121."

5. Plaintiff submitted two additional sets of document requests in January. In total, Plaintiff has served 102 requests for production of documents.

6. Plaintiff requested that Defendants prioritize production of documents and communications previously produced or provided to the SEC. Subject to its objections, Defendants agreed and substantially completed their production of documents in response to Request No. 3 on December 16, 2020. Some small supplemental productions followed.

7. With one exception, the documents previously produced to the SEC were produced to the Plaintiff in the same form that the SEC received them. Thus, if a document was produced to the SEC in redacted form, it was similarly produced to Plaintiff in redacted form. And if a document was withheld in its entirety from the SEC and produced with a "withheld for privilege" slip sheet, it was similarly produced with that same slip sheet to Plaintiff. Defendants have thus far not withheld any documents responsive to Plaintiff's requests for production on the grounds of privilege.

8. The only difference in the form of the documents previously produced to the SEC and those produced to Plaintiff is that Defendants added redactions to 37 documents reflecting highly personal bank account or wallet address information for Mr. Garlinghouse. Defendants

explained its addition of these redactions to these documents to Plaintiff in an email on January 26, 2021 as discussed further below.

9. In addition to the documents produced in response to RFP No. 3, Defendants have also begun producing documents in response to Plaintiff's other requests and have informed Plaintiff that documents will come on a rolling basis. To date, Defendants have produced 50,205 documents consisting of over 303,000 pages.

10. I am familiar with the documents Defendants have produced in response to RFP No. 3. Along with documents previously produced to the SEC during its enforcement investigation (which included strategy documents, meeting minutes, financial information, e-mails, contracts, marketing materials and other business documents), Defendants have produced to Plaintiff numerous other categories of substantive documents provided to the SEC. For example, Defendants have submitted Ripple's Wells response demonstrating why an SEC enforcement action "is wrong on the facts, the law, and the equities;" as well as Mr. Garlinghouse's Wells response, a white paper on why distributions of XRP do not constitute an "investment contract" and therefore are not securities under the securities laws, multiple PowerPoint presentations from meetings with the SEC, and numerous other detailed correspondence setting forth many of Ripple's legal defenses.

11. In addition, Defendants have produced documents relating to the SEC's investigation itself, such as the SEC's document requests, production letters in response, compliance letters detailing Ripple's discovery efforts, and metadata information such as the custodians used to collect documents that were provided to the SEC, and factual responses to SEC questions. Plaintiff also had access to the custodians used for the documents produced to the SEC from the metadata provided along with Defendants' productions in accordance with the parties' ESI Stipulation.

12. I, along with my colleague Meghan Strong, have attended two meet and confer discussions with Plaintiff's counsel Ryan Burningham regarding Defendants' responses to Plaintiff's First Set of Requests for Production. Defendants also sent a meet and confer letter on

February 2, 2021 detailing the parties' discussions on certain document requests. The parties have also exchanged email correspondence on certain requests.

13. On February 2, 2021, I sent a letter to Plaintiff's counsel Ryan Burningham detailing the parties' discussion to date on certain of Plaintiff's discovery requests. An excerpted version of that letter is included as Exhibit 6 to the Burningham Declaration (ECF No. 129-8).

14. Attached hereto as Exhibit A is a true and correct copy of an email exchange between myself and Plaintiff's counsel Ryan Burningham regarding RFP No. 24 with the last-in-time email on the chain dated of January 22, 2021.

15. On January 22, 2021, Plaintiff's counsel Ryan Burningham sent me an email inquiring about documents in Defendants' production marked "withheld for privilege" and other documents that contained redactions.

16. I sent a response to Plaintiff's January 22 email on January 26, 2021. In that email I stated: "Your Request #3 asked for 'all communications with the SEC concerning XRP and all documents concerning such communications.' We have not withheld any documents responsive to this request on the grounds of privilege. In other words, there is no document responsive to Request #3 that we provided to the SEC that we are now withholding from you on the grounds of privilege." I further explained that "The documents that you see in the production that are marked 'withheld for privilege' were produced to the SEC in precisely that form."

17. With regards to the documents with redactions, my January 26 email explained that "the redactions you see – with one exception – are the same redactions that were made in our productions to the SEC. The sole exception is that, in our second production of documents to you, we redacted Mr. Garlinghouse's personal wallet addresses and/or bank account information." I confirmed that all other redactions are ones that were included on documents that were produced to the SEC. I further stated to Plaintiff that "Our production thus complies with your request that we expedite production of documents responsive to Request No. 3 that were produced to the SEC. If the documents that were produced in redacted form to the SEC are responsive to other of Plaintiff's discovery requests in unredacted form, we will respond as we

move through your other requests." After that email, I had no further discussions with Plaintiff's counsel regarding the redactions Defendants added to the 37 documents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed February 22, 2021, at Oakland, California.

/s/ Suzanne E. Nero
Suzanne E. Nero