# EXHIBIT A

# Suzanne Nero

| | |
|---|---|
| **From:** | Nero, Suzanne |
| **Sent:** | Friday, January 22, 2021 2:49 PM |
| **To:** | Ryan Burningham; Andrew J. Ceresney; Michaelson, Andrew; Marshall, Damien |
| **Cc:** | Christopher Maldonado; James Quinn Taylor-Copeland; Marc Seltzer; 'Max Ambrose'; Meng Xi; Oleg Elkhunovich; Simon DeGeorges; Steven Sklaver; Tania-Lee Bayliss; Strong, Meghan |
| **Subject:** | RE: Ripple: SEC Communications and Document Retention Policies |

Ryan,

As I explained on the call, we have not produced informal email communications between Ripple's outside counsel and the SEC Enforcement staff on the basis of relevance, overbreadth and burden. Following our call, we have confirmed that relevant substantive communication between Ripple's outside counsel and the SEC Enforcement staff occurred by formal correspondence, not by email. For any non-substantive informal email communications, we will stand on our objections. Despite meeting and conferring on these documents at length, not once have you provided any explanation as to why such informal correspondence (i.e., related to the scheduling of calls) is relevant or why the burden of collecting more than two and a half year's worth of informal correspondence is warranted here in light of the representations we have made about that correspondence.

With regards to the document retention policies, your statement below doesn't quite align with our prior discussion on the meet and confer as to the relevance of these documents. Following your email below, I looked into the "universe of responsive documents" available and can confirm that Ripple maintains corporate data for at least 7 years, and has emails from current and former employees for the Relevant Period.

Best regards,
Suzanne

---

**Suzanne E Nero**
*Counsel*

T: 415-318-1254  |  M: 805-320-7438
E: snero@kslaw.com  |  www.kslaw.com
**BIO**  |  **vCARD**

King & Spalding LLP
50 California Street
Suite 3300
San Francisco, CA 94111

**KING & SPALDING**

---

**From:** Ryan Burningham <RBurningham@susmangodfrey.com>
**Sent:** Tuesday, January 19, 2021 3:27 PM
**To:** Andrew J. Ceresney <aceresney@debevoise.com>; Michaelson, Andrew <amichaelson@kslaw.com>; Marshall, Damien <dmarshall@kslaw.com>; Nero, Suzanne <snero@kslaw.com>
**Cc:** Christopher Maldonado <CMaldonado@susmangodfrey.com>; James Quinn Taylor-Copeland <james@taylorcopelandlaw.com>; Marc Seltzer <MSeltzer@SusmanGodfrey.com>; 'Max Ambrose' <maxambrose@taylorcopelandlaw.com>; Meng Xi <MXi@susmangodfrey.com>; Oleg Elkhunovich <oelkhunovich@SusmanGodfrey.com>; Ryan Burningham <RBurningham@susmangodfrey.com>; Simon DeGeorges <SDeGeorges@susmangodfrey.com>; Steven Sklaver <ssklaver@SusmanGodfrey.com>; Tania-Lee Bayliss

<TBayliss@susmangodfrey.com>
**Subject:** Ripple: SEC Communications and Document Retention Policies

**External Sender**
Suzanne & Meghan,

Thanks for speaking with me on Friday. As I understand it, Defendants have produced "formal" communications with the SEC, but Defendants are withholding "informal" communications, including email, on the basis of relevancy. We've looked but found no basis in the law for this position.

Defendants are also withholding their document retention policies. But, as I've explained, Defendants' document retention policies would help "determine the universe of responsive documents and evaluate any gaps in document production," *Sharma v. BMW of N. Am.*, 2016 WL 1019668, at *4 (N.D. Cal. Mar. 15, 2016) (granting motion to compel), so they should be produced.

Please let us know by this Friday whether Defendants will reconsider their position and produce these documents. Otherwise, we intend to move to compel production.

Thanks again,
Ryan

_____
**P. Ryan Burningham | Susman Godfrey LLP**
206.505.3823 | rburningham@susmangodfrey.com
1201 Third Ave | Suite 3800 | Seattle, WA 98101
**HOUSTON • LOS ANGELES • SEATTLE • NEW YORK**