DAMIEN J. MARSHALL (admitted *pro hac vice*)
dmarshall@kslaw.com
ANDREW MICHAELSON (admitted *pro hac vice*)
amichaelson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100; Fax: (212) 556-2222

SUZANNE E. NERO (SBN 284894)
snero@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300

ANDREW J. CERESNEY (admitted *pro hac vice*)
aceresney@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

*Attorneys for Defendants Ripple Labs Inc.,
XRP II, LLC, and Bradley Garlinghouse*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:18-cv-06753-PJH<br><br>**[PROPOSED] ORDER DENYING LEAD PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND PRIVILEGE LOG**<br><br>Date:    March 25, 2021<br>Time:    1:30 p.m.<br>Ctrm:   3<br><br>Consolidated FAC Filed: March 25, 2020<br>Trial Date: July 17, 2023 |

1    On February 8, 2021, Lead Plaintiffs filed a Motion to Compel Documents and Privilege
2    Log.  On February 22, 2021, Defendants filed an opposition to the Motion.  Having considered
3    the Parties' submissions and evidence and argument contained therein, the Court holds as
4    follows:
5    1.    Plaintiff's request that Defendants produce all emails and any other "informal"
6    correspondence with the SEC is **DENIED**.  Plaintiff's request is overbroad and not proportional
7    to the needs of the case, Fed. R. Civ. Proc. 26(b)(1), particularly given the extensive production
8    of documents Defendants have already made in this case, including all documents previously
9    provided to the SEC in response to the SEC's document requests, white papers, PowerPoint
10   presentations and Wells responses presenting Defendants' legal and factual defenses to liability
11   under the federal securities laws.
12   2.    Plaintiff's request that Defendants produce documents reflecting settlement
13   discussions with the SEC is **DENIED**.  Plaintiff has not made a "particularized showing" of
14   relevance of preliminary and thus far unsuccessful settlement discussions with the SEC.  *See*
15   *BladeRoom Grp. Ltd. v. Emerson Elec. Co.*, 2018 WL 6169347, at *3-4 (N.D. Cal. Nov. 26,
16   2018).  There are significant public policy interests at stake in requiring disclosure of preliminary
17   settlement negotiations with a government entity in a case that is currently being litigated.  *Hem*
18   *& Thread, Inc. v. Wholesalefashionsquare.com Inc.*, 2020 WL 5044610, at *2-3 (C.D. Cal. June
19   16, 2020) ("compelling the discovery of settlement negotiations can have a 'chilling effect' on
20   negotiations and may intrude into the settlement process.")  Plaintiff has not made the requisite
21   showing to require production of these documents.
22   3.    Plaintiff's request that Defendants produce documents sufficient to show
23   Defendants' document-retention policies from January 1, 2015 to the present is **DENIED**.
24   Consistent with the Northern District of California's Guidelines for Electronic Discovery,
25   Guideline 2.03, Ripple has already informally provided Plaintiff with information on the
26   universe of documents available for discovery.  While document retention policies may be
27   discoverable "where the non-moving party has claimed that the requested discovery documents
28   are 'unavailable' or when there are indicia that the discovery process was not thorough, reliable,

1  or transparent," *see McMorrow v. Mondelez Int'l, Inc.*, 2019 WL 3852498, at *3 (S. D. Cal. Apr.
2  19, 2019), neither situation exists here.

3      4.    Plaintiff's request that Defendants remove redactions from the documents they
4  produced and/or produce a privilege log of documents that have been redacted or withheld for
5  privilege is **DENIED** as premature. A party is required to produce a privilege log "when a party
6  withholds information" on the basis of privilege. *See* Fed. R. Civ. Proc. 26(b)(5)(A).
7  Defendants have not yet withheld any documents responsive to Plaintiff's Requests for
8  Production in this case. Plaintiff's request for a privilege log at this time is thus premature.
9  Plaintiff's request that Defendants remove certain non-privilege redactions from documents is
10 similarly denied as premature. Defendants' productions complied with Plaintiff's request to
11 prioritize the documents previously provided to the SEC by producing them in the same form
12 and manner as they had previously been produced. Defendants have already agreed to review
13 the redacted information in response to Plaintiff's other requests for production. Therefore, there
14 is no issue ripe before this Court to rule on at this time.

16     **IT IS SO ORDERED.**

18 Date: _____  By: _____
    PHYLLIS J. HAMILTON
19     United States District Judge