REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

Marc M. Seltzer (54534)
Steven G. Sklaver (237612)
Oleg Elkhunovich (269238)
Meng Xi (280099)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
oelkhunovich@susmangodfrey.com
mxi@susmangodfrey.com

P. Ryan Burningham (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
rburningham@susmangodfrey.com

James Q. Taylor-Copeland (284743)
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
james@taylorcopelandlaw.com
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

*Counsel for Lead Plaintiff Bradley Sostack*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS, INC. LITIGATION<br><br>This Document Relates to:<br><br>All Actions | Case No. 4:18-cv-06753-PJH<br><br>**DISCOVERY MATTER**<br><br>**LEAD PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND PRIVILEGE LOG**<br><br>DATE:     March 25, 2021<br>TIME:     1:30 p.m.<br>PLACE:   Courtroom 3, Oakland<br><br>Consolidated FAC Filed:  March 25, 2020<br>Trial Date:  July 17, 2023 |

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 4

ARGUMENT ...................................................................................................................... 4

    I.    Email Communications with the SEC Should Be Produced ................................. 4

    II.    Settlement Communications with the SEC Should Be Produced ......................... 6

    III.    Document-Retention Policies Should Be Produced ............................................. 7

    IV.    Defendants Must Either Justify or Reverse Privilege Withholdings and Redactions .............................................................................................................. 9

    V.    Defendants' Non-Privilege Redactions Are Improper ........................................ 11

CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alaska Electrical Pension Fund v. Bank of America Corp.*,
   2016 WL 6779901 (S.D.N.Y. Nov. 16, 2016) ........................................................................... 5

*BladeRoom Grp. Ltd v. Emerson Elec. Co.*,
   2018 WL 6169347 (N.D. Cal. Nov. 26, 2018) .......................................................................... 7

*Contra Lofton v. Verizon Wireless (VAW) LLC*,
   308 F.R.D. 276 (N.D. Cal. 2015) ...................................................................................... 5, 10

*Fed. Trade Comm'n v. Student Advocates Team, LLC*,
   2020 WL 7094082 (C.D. Cal. Oct. 28, 2020) .......................................................................... 5

*Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.*,
   297 F.R.D. 99 (S.D.N.Y. 2013) ........................................................................................... 5, 6

*Heilman v. Cook*,
   2017 WL 491737 (S.D. Cal. Feb. 6, 2017) .............................................................................. 5

*McMorow v. Mondolez Int'l, Inc.*,
   2019 WL 3852498 (S.D. Cal. Apr. 19, 2019) ...................................................................... 8, 9

*Sharma v. BMW of N. Am. LLC*,
   2016 WL 1019668 (N.D. Cal. Mar. 15, 2016) ......................................................................... 9

**Rules**

Fed. R. Civ. P. 34(b)(2)(B) ............................................................................................................ 10

PL.'S REPLY ISO MOT. TO COMPEL PRODUCTION OF DOCUMENTS

7947538v1/016433

## INTRODUCTION

Defendants offer only halfhearted opposition to Plaintiff's motion to compel. They concede that they had substantive communications with the SEC by email. They produced settlement communications with the SEC that are highly relevant to this case. They misstate the law of this circuit concerning discovery of document-retention policies. They unilaterally limit the scope of Plaintiff's requests for production. And they do not even dispute that their redactions for relevance, confidentiality, and privacy are improper. Defendants have had Plaintiff's document requests for nearly five months, but so far they have done little more than copy-paste document productions previously provided to the SEC. That many relevant documents have been previously produced to the SEC and now reproduced to Plaintiff does not excuse Defendants from meeting their discovery obligations in this case, including providing additional relevant documents responsive to Plaintiff's requests. Nor does it excuse them from justifying their withholding of information in their productions with a rules-compliant privilege log. Plaintiff's motion should be granted in full.

## ARGUMENT

### I. Email Communications with the SEC Should Be Produced.

Defendants do not seriously contest that their email communications with the SEC contain relevant information. Defendants do not even dispute that at least some of those communications may include "substantive" discussions concerning the SEC's investigation. Opp. at 6 ("Defendants have not produced these emails because substantive discussions with the SEC were ***generally*** not conducted via email.") (emphasis added).[1] And Defendants do not deny that email communications with the SEC will help Plaintiff identify key witnesses, document custodians, meetings, communications, and statements, whether or not they are "substantive." Instead, Defendants deflect, arguing that Plaintiff should find that information elsewhere. *See* Opp. at 12.

Rather than contest relevance, Defendants argue the burden of production is too great. *Id.* at 7–8. But Defendants offer zero evidence in support. The law is clear that, once relevance is

---

[1] Notably, Defendants' position that substantive discussion "generally" were not conducted by email is a significant departure from Defendants' prior representation that "***all*** relevant substantive communication between Ripple's outside counsel and the SEC Enforcement staff occurred by formal correspondence, not by email." Mot. Ex. 6 at 3.

established, "the party opposing discovery bears the burden of showing that discovery should not be allowed, and of clarifying, explaining, and supporting its objections with competent evidence." *Contra Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015). Defendants do not even attempt to satisfy their burden. Defendants do not describe the volume of email being withheld. They do not identify the number of individuals who emailed with the SEC. They do not say how much time it would take to collect and produce the emails. All Defendants reveal is that the emails span more than two years. Standing alone, that cannot justify Defendants' objection because Defendants already produced self-selected "formal" communications with the SEC spanning the same two years. There simply is no evidentiary support for this Court to conclude that Defendants' burden objection is warranted. Thus, Defendants' objection should be overruled, and Defendants should be ordered to produce all of their communications with the SEC, including email. *See Fed. Trade Comm'n v. Student Advocates Team, LLC*, 2020 WL 7094082, at *2–3 (C.D. Cal. Oct. 28, 2020) (granting motion to compel and holding: "Having filed nothing to support their objections to the RFPs, Defendants have not met their burden to justify their objections asserted in response to the RFPs at issue, nor have they explained or justified any refusal to produce records in a timely fashion."); *Heilman v. Cook*, 2017 WL 491737, at *2 (S.D. Cal. Feb. 6, 2017) (granting motion to compel production of documents where defendant failed to support objections with competent evidence).

Defendants' out-of-circuit authority does not alter this conclusion. In *Alaska Electrical Pension Fund v. Bank of America Corp.*, 2016 WL 6779901 (S.D.N.Y. Nov. 16, 2016), which involved alleged illegal manipulation of benchmark index rates, the court emphasized that there were "notable distinctions" between the CFTC's investigation and the plaintiffs' action. *Id.* at *2. "Most significantly," the CFTC's underlying investigation was for violations of the Commodities Exchange Act—not the Sherman Act, which gave rise to the plaintiffs' suit. *Id.* Also, the CFTC's theory of liability (that the bank had submitted *different* rates) contradicted the plaintiffs' theory of liability (that the bank had rubber-stamped the *same* rates). *Id.* Here, however, the SEC's investigation and Plaintiff's action concern violations of the same act, under the same theory of liability. In *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99,

1  (S.D.N.Y. 2013), the court did not address J.P. Morgan's burden argument at all. Instead, it
2  concluded that the plaintiffs had not shown that the communications sought were relevant. *Id* at
3  111. Here, by contrast, Defendants conceded that withheld communications with the SEC may
4  have substantive discussions and, even if they did not, they are still relevant for identification of
5  key witnesses, document custodians, meetings, communications, and statements. All of
6  Defendants' communications with the SEC are indisputably relevant to this case and should be
7  produced.

## II. Settlement Communications with the SEC Should Be Produced.

In their opposition brief, Defendants made the sweeping, absolute pronouncement that their settlement communications with the SEC "do not identify 'witnesses,' or 'facts,' or models of 'damages.'" Opp. at 10. Defendants' opposition also claimed that Plaintiff's request for settlement communications could "not survive the 'heightened scrutiny' that is required" because of the "marginal (if any) possibility that the materials sought will lead to the discovery of admissible material." *Id.* at 11. However, mere hours before Defendants filed their opposition, they produced in discovery five documents, four of which are settlement communications ▮▮▮▮▮▮▮▮▮▮▮▮ and one of which is a letter from the SEC. *See* Burningham Decl. Ex. 1 (RPLI_00302981); Ex. 2 (RPLI_00302989); Ex. 3 (RPLI_00303004); Ex. 4 (RPLI_00303011); Ex. 5 (RPLI_00303032). Defendants' last-minute production of these settlement communications refutes the arguments in their opposition.

*First*, these documents flatly disprove Defendants' argument that their settlement communications are irrelevant. These documents are replete with the facts and arguments that Defendants used to argue to the SEC that XRP is not a security—the same facts and arguments Defendants can be expected to rely on here. For example, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Burningham Decl. Ex. 4 at 1 (emphasis

1    added).  Defendants described ████████████████████████████████████
2    ███████████████████████████████████████████████████████ *Id.* at 2
3    (emphasis added).  Similarly, ████████████████████████████████████
4    █████████████████████████████████████████████████████████████████
5    █████████████████████████████████████████████████████████████████

There can be no question that these communications—including Ripple's arguments and positions on the issues that are at the heart of both the SEC investigation and this case—contain highly relevant information, and Defendants' belated production confirms they recognize as much.

*Second*, because these documents are brimming with relevant, discoverable information, they satisfy Defendants' own demand for "a particularized showing of a likelihood that admissible evidence will be generated by the dissemination of the settlement materials." Opp. at 8 (quoting *BladeRoom Grp. Ltd v. Emerson Elec. Co.*, 2018 WL 6169347, at *3–4 (N.D. Cal. Nov. 26, 2018)). What could be more particularized a showing than looking at the documents themselves and seeing Defendants' citations to admissible evidence?

Defendants' last-minute production does not resolve this dispute, however. Defendants have unilaterally redacted whole pages of the settlement communications they produced. *See* Ex. 1 at 4–7; Ex. 2 at 1, 4–6, 11–14; Ex. 3 at 1–2, 5–6. Defendants also redacted part of a letter from the SEC. *See* Ex. 5 at 2. There is no justification for these redactions. Nor do Defendants provide any. Defendants merely say they redacted "the portion of the document reflecting Ripple and the SEC Staff's discussion of a potential framework for resolution." Opp. at 10 n.6. But Defendants cite neither rule, nor statute, nor reasoned opinion allowing a party to produce settlement communications but redact "potential frameworks for resolution." These redactions are impermissible, and Defendants should be compelled to remove them. And to the extent Defendants are withholding additional settlement communications, they should be compelled to produce those as well.

**III.   Document-Retention Policies Should Be Produced.**

With respect to Plaintiff's request for Defendants' document-retention policies, Defendants are wrong both on the facts and the law.

Factually, Defendants say that they have already provided "the very information that [Plaintiff] seeks from the production of the document." Opp. at 11. But Defendants have disclosed only that "Ripple maintains corporate data for at least 7 years and has emails from current and former employees for the Relevant Period." Opp. Ex. A at 2. That vague statement is not responsive to Plaintiff's request for documents sufficient to show Defendants' retention policy because it does not actually say anything about Defendants' retention policy. Instead, it merely contends that Defendants have in their possession an unspecified amount of "corporate data"—whatever that means—and an unspecified number of emails from an unspecified number of employees.[2]

On the law, Defendants do not argue burden. Instead, they misconstrue in-circuit holdings concerning relevance, which actually support Plaintiff's position that the document-retention policies must be produced. Specifically, Defendants incorrectly argue that "the predominant view of courts in this Circuit . . . is that document retention policies are discoverable '*only* in circumstances where the non-moving party has claimed that requested discovery documents are "unavailable" or when there are indicia that the discovery process was not thorough, reliable, or transparent.'" Opp. at 12 (emphasis added). For this proposition, they quote *McMorow v. Mondolez Int'l, Inc.*, 2019 WL 3852498 (S.D. Cal. Apr. 19, 2019). But the portion of *McMorrow* they quote concerns that court's recounting of what *other* courts in *other* circuits have required. *See id.* at *3. *McMorrow*'s actual holding was clear:

> This Court does not find that a showing of spoliation or discovery misconduct is necessary before requiring production of a party's document retention policies. The moving party need only demonstrate that production of the non-moving party's document retention policies would enable it to determine the universe of responsive documents, evaluate the completeness of the existing document production, identify any gaps in document production, and craft targeted discovery requests to efficiently obtain any missing records.

---

[2] Defendants complain that Plaintiff did not "request further information or ask any questions" after receiving this vague non-response to Plaintiff's request for document-retention policies. *See* Opp. at 11. But the rules do not require Plaintiff to play "20 Questions" before moving to compel. Defendants refused to produce the documents; the parties conferred; they reached an impasse; the issue is ripe.

*Id.* *McMorrow* noted that showing documents have been deemed unavailable, or that there are indicia that the discovery process was not thorough, reliable, or transparent, can satisfy this burden. *Id.* But *McMorrow* did not hold that such a showing is required, as Defendants incorrectly claim. What is more, for direct support of its holding, the *McMorrow* court relied on *Sharma v. BMW of N. Am. LLC*, 2016 WL 1019668, at *4 (N.D. Cal. Mar. 15, 2016), which also did not require any showing that documents were unavailable or that the discovery process was not thorough, reliable, or transparent, and which formed the basis for Plaintiff's motion on this issue. *See* Mot. at 13.

*McMorrow* and *Sharma* state the prevailing law in this circuit, and that law favors Plaintiff. Reviewing Defendants' document-retention policies here will help Plaintiff understand what documents are likely to be available, and it will help Plaintiff craft targeted discovery requests—particularly with respect to Slack messages and emails, which the documents produced so far show were the primary forms of written communication among Ripple employees. Then, comparing what is produced with what Defendants are supposed to maintain under their retention policies will allow Plaintiff to identify any gaps in production and, if necessary, seek additional production.

**IV.     Defendants Must Either Justify or Reverse Privilege Withholdings and Redactions.**

Defendants do not contest that privilege claims must be logged. Instead, they cling to the brazen assertion that "no information to date has been withheld on the basis of privilege." Opp. at 14. This assertion is wrong. Defendants have produced slip-sheets for 540 documents marked "Withheld for Privilege," Mot. Ex. 3, and Defendants have made what appear to be privilege redactions (the redactions are not labeled) in over a thousand documents, Mot. Ex. 4. There can be no question that Defendants are withholding and have redacted documents based on privilege.

Defendants attempt to justify their improper withholding and redactions—for which no log has been provided—by arguing that Defendants simply reproduced these documents as they were previously produced to the SEC and that Plaintiff asked for nothing more. Opp. at 14 ("Plaintiff requested that Defendants produce documents previously provided to the SEC, and that is what Defendants did."). This argument misconstrues both Plaintiff's request and Defendants' discovery obligations.

First, the request at issue asked for "[a]ll communications with the SEC concerning XRP and all documents concerning such communications." Mot. Ex. 1 at 10. The request is not limited to documents produced to the SEC in a manner they were produced to the agency. Plaintiff's request encompasses the full contents of the documents actually produced to the SEC. It also encompasses the documents Defendants withheld from the SEC but which Defendants identified for the SEC in a privilege log because those are clearly documents concerning Defendants' communications with the SEC. The Court should not permit Defendants to rewrite Plaintiff's request in order to save themselves the task of justifying their decision to withhold information from responsive, relevant documents.

Inexplicably, Defendants do not dispute that they have previously prepared and produced a privilege log to the SEC. By their own logic, any such log would be responsive to Plaintiff's request. Yet they refuse to produce it, denying Plaintiff the ability to test Defendants' privilege assertions.

Recognizing their justification for withholding and redacting documents without a log is untenable, Defendants resort to arguing that this dispute is not ripe because they "continue to move through Plaintiff's remaining 101 document requests." This argument too falls flat.[3] Defendants have had Plaintiff's requests for nearly five months, but so far they have done little more than reproduce to Plaintiff documents they previously produced to the SEC, and they failed to specify a "reasonable time" by which their production of responsive documents would be completed. *Contra* Fed. R. Civ. P. 34(b)(2)(B). Defendants cannot sit on their hands, hope that Plaintiff will be satisfied with their copy-paste production of documents that had already been gathered, searched,

---

[3] Defendants repeat multiple times in their opposition that Plaintiff has served over a hundred RFPs, presumably implying the requests are excessive but without saying so. Plaintiff's requests are both proportional to the needs of this case and comparable to Defendants' own discovery requests. To date, Plaintiff has served 102 RFPs on Defendants, who are a corporation, its CEO, and its affiliate. Burningham Decl. ¶ 9. By contrast, Defendants have served 88 RFPs on Plaintiff—an individual investor. *See* Burningham Decl. ¶ 10. In any event, the rules do not limit the number of requests for production. Moreover, Defendants have already "moved through" Plaintiff's other document requests and determined that information responsive to RFP Nos. 5–8, 10–13, 16–17, 20, 25–29, 31–35, 40–43, 47–48, 54, 56–57, 60–62, 67, 69, 71–72, 77–78, 80–82, 86–90, 92–93, and 97 are contained within the documents Defendants have already produced—a fact Plaintiff pointed out in his motion but that Defendants entirely ignored. *See* Mot. at 15; Mot. Ex. 2.

and reviewed (and logged for privilege), and say they will get to other requests eventually.[4] Defendants already agreed "that relevant, non-privileged documents and communications that Defendants previously provided to or received from the SEC [would] be produced by December 16, 2020" and that "a privilege log of any withheld documents [would] be provided by December 23, 2020." Joint Case Mgmt. Stmt., ECF No. 122 at 4. Defendants should be compelled to produce a privilege and redaction log by a date certain.

Finally, Defendants' argument that the privilege log they provided to the SEC in March of last year should not be produced is entirely meritless. That argument—tucked away in a footnote to deemphasize the fact that the log is plainly responsive to Plaintiff's request—relies on the absurd premise that the privilege log Defendants sent the SEC has no relevance here. *See* Opp. at 15 n.11. The SEC investigated Defendants for violations of the same securities laws at issue here. As part of that investigation, the SEC requested, and Defendants produced, relevant documents. There is no reason for Defendants to have logged irrelevant documents, so the documents identified in that privilege log were relevant to the SEC's investigation and responsive to the SEC's requests. Defendants should be compelled to produce, by a date certain, the log they have already created but are withholding.

## V. Defendants' Non-Privilege Redactions Are Improper.

Defendants do not dispute that redactions on any basis other than privilege are inappropriate where, as here, a protective order shields sensitive information from disclosure. *See* Opp. at 15–16. Instead, Defendants say that the redactions were the same redactions made in Defendants' production to the SEC. As explained above, however, *see supra* § IV, that documents were produced to the SEC with redactions is no excuse for withholding information from Plaintiff here. Defendants also say that they had "***already agreed*** to consider removing certain redactions as they respond to Plaintiff's additional document requests." Opp. at 16 (emphasis in original). Setting aside that Defendants only agreed to "respond" (not to "consider removing certain redactions"), Defendants' present offer to "consider removing certain redactions" is illusory. An offer to

---

[4] Nor can Defendants rest on their alleged desire to "expedite" production of documents excuse their failure to log privilege withholdings or otherwise comply with the rules.

consider action is no offer at all. This issue is ripe for determination. Because Defendants do not dispute that redactions for privacy, confidentiality, or relevance are inappropriate here, the Court should compel Defendants to remove all such redactions by a date certain.[5]

**CONCLUSION**

For the reasons above, Plaintiff requests the Court to issue an order compelling Defendants to do the following by a date certain: (1) produce their email communications with the SEC; (2) produce their remaining settlement communications with the SEC and remove all redactions from the settlement communications they have produced; (3) produce their document-retention policies; (4) produce a log of all redactions and withholdings for privilege in Defendants' productions to date and produce the log they previously provided to the SEC; and (5) remove all redactions made for reasons other than privilege.

---

[5] Defendants claim 37 documents redacting Mr. Garlinghouse's financial information are not at issue because the parties did not specifically confer regarding these documents. *See* Opp. at 14 n.10. Plaintiff's position is that ***all*** redactions not for privilege are impermissible. Defendants have not articulated any reason for the parties to meet and confer regarding each redaction individually or to distinguish these 37 documents from other redacted documents for purposes of this motion.

| | | |
|---|---|---|
| Dated: March 1, 2021 | | SUSMAN GODFREY L.L.P. |
| | By: | /s/ *P. Ryan Burningham* |

        Marc M. Seltzer (54534)
        Steven G. Sklaver (237612)
        Oleg Elkhunovich (269238)
        Meng Xi (280099)
        SUSMAN GODFREY L.L.P.
        1900 Avenue of the Stars, Suite 1400
        Los Angeles, CA 90067-6029
        Telephone: (310) 789-3100
        Facsimile: (310) 789-3150
        mseltzer@susmangodfrey.com
        ssklaver@susmangodfrey.com
        oelkhunovich@susmangodfrey.com
        mxi@susmangodfrey.com

        P. Ryan Burningham (*pro hac vice*)
        SUSMAN GODFREY L.L.P.
        1201 Third Avenue, Suite 3800
        Seattle, WA 98101
        Telephone: (206) 516-3880
        Facsimile: (206) 516-3883
        rburningham@susmangodfrey.com

        James Q. Taylor-Copeland (284743)
        TAYLOR-COPELAND LAW
        501 W. Broadway, Suite 800
        San Diego, CA 92101
        james@taylorcopelandlaw.com
        Telephone: (619) 400-4944
        Facsimile: (619) 566-4341

        *Counsel for Lead Plaintiff Bradley Sostack*

# CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2021, I electronically filed the foregoing document with the clerk of the Court and served counsel of record via the CM/ECF system.

/s/ *P. Ryan Burningham*
P. Ryan Burningham