1   DAMIEN J. MARSHALL (admitted *pro hac vice*)
    dmarshall@kslaw.com
2   ANDREW MICHAELSON (admitted *pro hac vice*)
    amichaelson@kslaw.com
3   KING & SPALDING LLP
    1185 Avenue of the Americas, 34th Floor
4   New York, NY 10036
    Tel: (212) 556-2100; Fax: (212) 556-2222
5
    SUZANNE E. NERO (SBN 284894)
6   snero@kslaw.com
    KING & SPALDING LLP
7   50 California Street, Suite 3300
    San Francisco, CA 94111
8   Tel: (415) 318-1200; Fax: (415) 318-1300
9   ANDREW J. CERESNEY (admitted *pro hac vice*)
    aceresney@debevoise.com
10  DEBEVOISE & PLIMPTON LLP
    919 Third Avenue
11  New York, NY 10022
    Tel: (212) 909-6000; Fax: (212) 909-6836
12
13  *Attorneys for Defendants Ripple Labs Inc.,*
    *XRP II, LLC, and Bradley Garlinghouse*
14
                    UNITED STATES DISTRICT COURT
15
                  NORTHERN DISTRICT OF CALIFORNIA
16
                         OAKLAND DIVISION
17
18  In re RIPPLE LABS INC. LITIGATION          Case No. 4:18-cv-06753-PJH
19
    _____         **DECLARATION OF ANA GUARDADO**
20                                               **IN SUPPORT OF LEAD PLAINTIFF'S**
    This Document Relates to:                    **ADMINISTRATIVE MOTION TO FILE**
21                                               **UNDER SEAL MATERIALS RELATING**
    ALL ACTIONS                                  **TO LEAD PLAINTIFF'S REPLY IN**
22                                               **SUPPORT OF HIS MOTION TO**
                                                 **COMPEL PRODUCTION OF**
23                                               **DOCUMENTS AND PRIVILEGE LOG**
24
25
26
27
28

I, Ana Guardado, declare as follows:

1.     I am Litigation Counsel at Ripple Labs Inc.  I make this declaration in support of Lead Plaintiff's Administrative Motion to File Under Seal Materials Relating to Lead Plaintiff's Reply in Support of His Motion to Compel Production of Documents and Privilege Log ("Motion to Seal"), Dkt. 132.  Based on my personal experience, knowledge, and review of the files, records, and communications in this case, I have personal knowledge of the facts set forth in this Declaration and, if called to testify, could and would testify competently to those facts under oath.

2.     Plaintiff's Motion to Seal seeks to redact portions of Plaintiff's Reply and five exhibits (the "Protected Materials"), described in greater detail below.  Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse (collectively, "Ripple") designated these documents as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the Stipulated Protective Order as Modified by the Court ("Protective Order"), Dkt. 120, and Plaintiff was thus compelled to file these documents under seal.  Ripple now submits this declaration, pursuant to the Protective Order and Civil Local Rule 79-5(d)-(e), in support of the Motion to Seal.

3.     For "sealed materials attached to a discovery motion unrelated to the merits of a case . . . a party need only satisfy the less exacting 'good cause' standard."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)); *see also In re NCAA Student-Athlete Name and Likeness Licensing Litig.*, No. 09-cv-01967 CW (NC), 2013 WL 1997252 (N.D. Cal. May 13, 2013) (finding that "[s]ources of business information that might harm a litigant's competitive standing often warrant protection under seal" and sealing various documents containing confidential and commercially sensitive information) (internal quotation marks and citation omitted).  In addition, courts in this District and Circuit "have long recognized the general policy of protecting settlement negotiations and communications in order to promote settlement."  *Celgard, LLC v. Targray Tech. Internat'l Inc.*, 2019 WL 3841997, at *2-*3 (N.D. Cal. Aug. 15, 2019) (citing *United States v. Contra Costa Cty. Water Dist.*, 678 F.2d 90, 92 (9th

Cir. 1982)); *see also Seals v. Mitchell*, 2011 WL 1233650, at *5 (N.D. Cal. Mar. 30, 2011) (sealing settlement discussions).

4.      I have reviewed each portion of the Protected Materials, which are described below.  The Protected Materials all describe and relate to Ripple's preliminary and confidential settlement communications with the SEC during the course of a multi-year enforcement investigation.  Following that investigation, the SEC filed a civil enforcement action in the Southern District of New York, and Ripple is actively engaged in defending itself in that ongoing litigation.

5.      Ripple produced the Protected Materials to Plaintiff in redacted form.  Ripple redacted all discussion of settlement terms and negotiations, but it left unredacted and produced to Plaintiff the factual and legal analyses underlying the settlement negotiations.  The redactions are at issue in Plaintiff's Motion to Compel and not subject to this Motion to Seal.  This Motion to Seal concerns the unredacted portions of these settlement communications, which include the factual and legal analyses portions of these settlement discussions.

6.      These unredacted factual and legal analyses are themselves part of Ripple's settlement communications.  These analyses include discussions of different aspects of Ripple's business and relevant legal analyses, as they relate to the redacted settlement terms and negotiations.  As such, disclosure of these materials could give the public, including other government regulatory entities, insight into the topics at issue in Ripple's confidential, preliminary and thus far unsuccessful settlement negotiations and the topics included in the redacted terms of those discussions.  Disclosure would also give Ripple's competitors unfair and non-public insight into Ripple's confidential analysis of certain aspects of its business discussed therein.

7.      As settlement communications and confidential discussions of Ripple's business, the Protected Materials are highly sensitive, and their disclosure would create a substantial risk of serious harm, including harm to Ripple's standing in the SEC action and other pending actions, as well as its ability to settle those actions.  There is also a substantial risk of harm to Ripple's competitive standing from a business perspective because of the discussions of certain

aspects of Ripple's business.  I therefore submit that good cause exists to seal the Protected

Materials, as described below.

| Documents to be Filed Under Seal | Line Nos. to be Redacted / Sealed in Full | Basis for Sealing |
|---|---|---|
| Portions of Lead Plaintiff's Reply in Support of His Motion to Compel Production of Documents and Privilege Log | 6:15-17<br>6:25-28<br>7:1-5 | The redacted portions of Plaintiff's Reply describe underlying exhibits that are themselves sealed.  Because good cause exists to seal the underlying exhibits, as described below, these descriptions of the exhibits should also be redacted. |
| Burningham Decl. Exhibit 1 (RPLI_00302981) | Sealed in Full | Exhibit 1 is a letter from Ripple's counsel to the SEC labeled as a Rule 408 Communication.  It includes settlement discussions between Ripple and the SEC, and factual and legal analysis relevant to those discussions. Ripple is now actively litigating a suit filed by the SEC when the parties failed to reach a settlement.  Ripple considers all nonpublic information related to the SEC's pre-filing investigation, including and in particular settlement discussions conducted during the investigation, to be highly confidential, and disclosure of this material would create a substantial risk of serious harm.  Ripple believes its standing in the SEC action and other pending actions, including its ability to settle the SEC action and other pending actions, would be negatively impacted by the disclosure of this document. |
| Burningham Decl. Exhibit 2 (RPLI_00302989) | Sealed in Full | Exhibit 2 is a letter from Ripple's counsel to the SEC labeled as a Rule 408 Communication.  It includes settlement discussions between Ripple and the SEC, and factual and legal analysis relevant to those discussions. Ripple is now actively litigating a suit filed by the SEC when the parties failed to reach a settlement.  Ripple considers all |

| | | nonpublic information related to the SEC's pre-filing investigation, including and in particular settlement discussions conducted during the investigation, to be highly confidential, and disclosure of this material would create a substantial risk of serious harm.  Ripple believes its standing in the SEC action and other pending actions, including its ability to settle the SEC action and other pending actions, would be negatively impacted by the disclosure of this document. |
| --- | --- | --- |
| Burningham Decl. Exhibit 3 (RPLI_00303004) | Sealed in Full | Exhibit 3 is a letter from Ripple's counsel to the SEC labeled as a Rule 408 Communication.  It includes settlement discussions between Ripple and the SEC, and factual and legal analysis relevant to those discussions. Ripple is now actively litigating a suit filed by the SEC when the parties failed to reach a settlement.  Ripple considers all nonpublic information related to the SEC's pre-filing investigation, including and in particular settlement discussions conducted during the investigation, to be highly confidential, and disclosure of this material would create a substantial risk of serious harm.  Ripple believes its standing in the SEC action and other pending actions, including its ability to settle the SEC action and other pending actions, would be negatively impacted by the disclosure of this document. |
| Burningham Decl. Exhibit 4 (RPLI_00303011) | Sealed in Full | Exhibit 4 is a letter from Ripple's counsel to the SEC labeled as a Rule 408 Communication.  It includes settlement discussions between Ripple and the SEC, and factual and legal analysis relevant to those discussions. Ripple is now actively litigating a suit filed by the SEC when the parties failed to reach a settlement.  Ripple considers all |

| | | nonpublic information related to the SEC's pre-filing investigation, including and in particular settlement discussions conducted during the investigation, to be highly confidential, and disclosure of this material would create a substantial risk of serious harm.  Ripple believes its standing in the SEC action and other pending actions, including its ability to settle the SEC action and other pending actions, would be negatively impacted by the disclosure of this document. |
|---|---|---|
| Burningham Decl. Exhibit 5 (RPLI_00303032) | Sealed in Full | Exhibit 5 is a letter from the SEC to Ripple's counsel concerning the SEC's investigation of Ripple.  It includes discussion of the parties' efforts to reach a settlement, related factual and legal analysis, and the SEC's related requests for information. The letter itself calls the SEC's investigation "non-public." Ripple is now actively litigating a suit filed by the SEC when the parties failed to reach a settlement.  Ripple considers all nonpublic information related to the SEC's pre-filing investigation, including and in particular settlement discussions conducted during the investigation, to be highly confidential, and disclosure of this material would create a substantial risk of serious harm. Ripple believes its standing in the SEC action and other pending actions, including its ability to settle the SEC action and other pending actions, would be negatively impacted by the disclosure of this document. |

8.     For the reasons stated above, Ripple respectfully requests that the Court grant the Motion to Seal and allow the Protected Materials to remain under seal.

1        I declare under penalty of perjury that the foregoing is true and correct.  Executed this 4th

2   day of March, 2021, in San Francisco, California.

 

 

                                                        Ana Guardado

1

ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)(3)

2      I, Suzanne E. Nero, am the ECF user whose login is being used to file the foregoing

3 document.  I attest pursuant to Civil L.R. 5-1(i)(3) that Ana Guardado has concurred in this

4 filing.

5

6  Dated:  March 5, 2021                          By:   */s/ Suzanne E. Nero*

7                                                        Suzanne E. Nero

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28