# EXHIBIT B

1    James Q. Taylor-Copeland (284743)
     james@taylorcopelandlaw.com
2    TAYLOR-COPELAND LAW
     501 W. Broadway, Suite 800
3    San Diego, CA 92101
     Telephone: (619) 400-4944
4    Facsimile: (619) 566-4341

5    Marc M. Seltzer (54534)
     mseltzer@susmangodfrey.com
6    Steven G. Sklaver (237612)
     ssklaver@susmangodfrey.com
7    Oleg Elkhunovich (269238)
     oelkhunovich@susmangodfrey.com
8    Meng Xi (280099)
     mxi@susmangodfrey.com
9    SUSMAN GODFREY L.L.P.
     1900 Avenue of the Stars, 14th Floor
10   Los Angeles, CA 90067
     Telephone: (310) 789-3100
11   Facsimile: (310) 789-3150

12   P. Ryan Burningham (*pro hac vice*)
     rburningham@susmangodfrey.com
13   SUSMAN GODFREY L.L.P.
     1201 Third Avenue, Suite 3800
14   Seattle, WA 98101
     Telephone: (206) 516-3880
15   Facsimile: (206) 516-3883

16   *Counsel for Lead Plaintiff Bradley Sostack*

Damien J. Marshall (*pro hac vice*)
dmarshall@kslaw.com
Andrew Michaelson (*pro hac vice*)
amichaelson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100; Fax: (212) 556-2222

Suzanne E. Nero (SBN 284894)
snero@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300

Andrew J. Ceresney (*pro hac vice*)
aceresney@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

*Attorneys for Defendants Ripple Labs, Inc.,XRP II LLC, and Bradley Garlinghouse*

17              UNITED STATES DISTRICT COURT

18             NORTHERN DISTRICT OF CALIFORNIA

19                  OAKLAND DIVISION

20

21   In re RIPPLE LABS INC. LITIGATION,     Case No. 4:18-cv-06753-PJH

22                                **REVISED STIPULATED [PROPOSED]**
                                   **PROTECTIVE ORDER AS MODIFIED**
23   This Document Relates to:            **BY THE COURT**

24   ALL ACTIONS

25

26

27

28

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate, and petition the Court, to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.C, below, that this Stipulated Protective Order does not by itself entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. **DEFINITIONS**

    A. <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    B. <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). "Confidential Information" shall include any Discovery Materials that the Producing Party reasonably believes is not in the public domain and contains any trade secret or other confidential, strategic, research, development, or commercially sensitive information. "Confidential Information" shall include, but is not limited to, for example, the following documents and tangible things produced or otherwise exchanged: non-public financial records and/or related documents; communications that are not publicly available pertaining to revenue and profits or other commercially sensitive matters; documents and communications containing information or data

1    relating to future products, services, projects, and/or other business solutions not

2    yet commercially released; documents and communications containing

3    information or data relating to business, marketing, and/or product strategy;

4    documents and communications containing information or data relating to

5    commercial or settlement agreements; documents and communications relating to

6    market and/or competitive analyses; non-public documents and communications

7    related directly or indirectly to any litigation, arbitration, or governmental,

8    regulatory, or other inquiry or investigation; and third-party confidential

9    information.

10   C.   Counsel (without qualifier): Outside Counsel of Record and House Counsel (as

11        well as their support staff).

12   D.   Designating Party: a Party or Non-Party that designates information or items <u>as</u>

13        <u>"CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES</u>

14        <u>ONLY" pursuant to this Protective Order or the Protective Order in</u> *SEC v. Ripple*

15        *Labs*<u>, Case No. 20-CV-10832 (AT).  To the extent the Designating Party is not</u>

16        <u>the Producing Party, the Designating Party shall be identified by the Producing</u>

17        <u>Party in the production letter accompanying the production of documents.</u>~~that it~~

18        ~~produces in disclosures or in responses to discovery as "CONFIDENTIAL" or~~

19        ~~"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."~~

20   E.   Disclosure or Discovery Material: all items or information, regardless of the

21        medium or manner in which it is generated, stored, or maintained (including,

22        among other things, testimony, transcripts, and tangible things), that are produced

23        or generated in disclosures or responses to discovery in this matter.

24   F.   Expert: a person with specialized knowledge or experience in a matter pertinent to

25        the litigation who has been retained by a Party or its counsel to serve as an expert

26        witness or as a consultant in this action.

27   G.   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

28

<ol start="1" style="list-style:none">
<li>Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.</li>
</ol>

H. House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

I. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

J. Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

K. Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

L. Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

M. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

N. Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

O. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material

1   (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

2   all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

3   conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

4   However, the protections conferred by this Stipulation and Order do not cover the following

5   information: (a) any information that is wholly in the public domain at the time of disclosure to a

6   Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

7   a result of publication not involving a violation of this Order, including becoming part of the

8   public record through trial or otherwise; and (b) any information known to the Receiving Party

9   prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

10  obtained the information lawfully and under no obligation of confidentiality to the Designating

11  Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

12      **4.  DURATION**

13          Even after final disposition of this litigation, the confidentiality obligations imposed by

14  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court

15  order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

16  claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

17  the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

18  action, including the time limits for filing any motions or applications for extension of time

19  pursuant to applicable law. The United States District Court for the Northern District of

20  California shall have jurisdiction to enforce this Order during and beyond final disposition of this

21  Action. The recipient of any Protected Material hereby agrees to subject itself / himself / herself

22  to the jurisdiction of this Court for the purpose of any proceedings related to the performance

23  under, compliance with, or violations of this Order. The Court will retain jurisdiction to enforce

24  this Order for only a year after this Action's final disposition.

25      **5.  DESIGNATING PROTECTED MATERIAL**

26          A.  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party

27              or Non- Party that designates information or items for protection under this Order

28

1    must take care to limit any such designation to specific material that qualifies

2    under the appropriate standards. Mass, indiscriminate, or routinized designations

3    are prohibited. If it comes to a Designating Party's attention that information or

4    items that it designated for protection do not qualify for protection, then that

5    Designating Party must promptly notify all other Parties that it is withdrawing the

6    mistaken designation.

7        B.    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order,

8              or as otherwise stipulated or ordered, Disclosure or Discovery Material that

9              qualifies for protection under this Order must be clearly so designated before the

10             material is disclosed or produced.

11             Designation in conformity with this Order requires:

12                 1)   for information in documentary form (e.g., paper or electronic documents,

13                      but excluding transcripts of depositions or other pretrial or trial

14                      proceedings), that the Producing Party affix the legend

15                      "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

16                      EYES ONLY" to each page that contains protected material or, where

17                      appropriate and at the discretion of the Producing Party, to the cover sheet

18                      or first page of a multiple-page document. A Party or Non-Party that

19                      makes original documents or materials available for inspection need not

20                      designate them for protection until after the inspecting Party has indicated

21                      which material it would like copied and produced. During the inspection

22                      and before the designation, all of the material made available for

23                      inspection shall be deemed "CONFIDENTIAL." After the inspecting

24                      Party has identified the documents it wants copied and produced, the

25                      Producing Party must determine which documents, or portions thereof,

26                      qualify for protection under this Order. Then, before producing the

27                      specified documents, the Producing Party must affix the

28

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY" legend to each page that contains Protected Material or,
where appropriate and at the discretion of the Producing Party, to the
cover sheet or first page of a multiple-page document.

2) for interrogatory answers and responses to requests for admissions, that
the Designating Party state in the answers or responses that the answers or
responses or specific parts thereof are designated as "CONFIDENTIAL"
or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The
appropriate legend shall also be placed at the top of each page of
interrogatory answers or responses to requests for admission containing
the designated Protected Material.

3) for testimony given in deposition or in other pretrial or trial proceedings,
that the Designating Party identify on the record, before the close of the
deposition, hearing, or other proceeding, all protected testimony. With
respect to deposition or other transcripts containing Protected Material, as
instructed by the Designating Party, the Court reporter shall affix
prominently the legend "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any transcript that is
prepared before the expiration of a 30-day period for designation shall be
treated during that period as if it had been designated as "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety
(including exhibits) unless otherwise agreed. After the expiration of that
period, the transcript shall be treated only as actually designated.

4) for information produced in some form other than documentary and for
any other tangible items, that the Producing Party affix in a prominent
place on the exterior of the container or containers in which the
information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C. <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Such correction shall be made reasonably promptly upon discovery of the inadvertent failure to designate the material as confidential prior to disclosure.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for

1   its belief that the confidentiality designation was not proper and must give the

2   Designating Party an opportunity to review the designated material, to reconsider

3   the circumstances, and, if no change in designation is offered, to explain the basis

4   for the chosen designation. A Challenging Party may proceed to the next stage of

5   the challenge process only if it has engaged in this meet-and-confer process first

6   or establishes that the Designating Party is unwilling to participate in the meet-

7   and-confer process in a timely manner.

8   C.   Judicial Intervention. If the Parties cannot resolve a challenge without Court

9   intervention and the Challenging Party still seeks to pursue a challenge to a

10   confidentiality designation after considering the justification offered by the

11   Designating Party, the Challenging Party shall serve written notice (which may be

12   accomplished via email), in accordance with this specific paragraph of the Order,

13   identifying for the Designating Party the challenged material. The Designating

14   Party may move the Court under Civil Local Rule 7 (and in compliance with Civil

15   Local Rule 79-5, if applicable) for an order retaining confidentiality within 14

16   days of receipt of the written notice of challenge under this provision. Each such

17   motion must be accompanied by a competent declaration affirming that the

18   movant has complied with the meet-and-confer requirements imposed in the

19   preceding paragraph. Failure by the Designating Party to make such a motion,

20   including the required declaration within 14 days shall automatically waive the

21   confidentiality designation for each challenged designation. In addition, the

22   Challenging Party may file a motion challenging a confidentiality designation at

23   any time if there is good cause for doing so, including a challenge to the

24   designation of a deposition transcript or any portion thereof. Any motion brought

25   pursuant to this provision must be accompanied by a competent declaration

26   affirming that the movant has complied with the meet and confer requirements

27   imposed by the preceding paragraph.

28

1    The burden of persuasion in any such challenge proceeding shall be on the

2    Designating Party. Frivolous challenges and those made for an improper purpose

3    (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

4    expose the Challenging Party to sanctions. Unless the Designating Party has

5    waived the confidentiality designation by failing to file a motion to retain

6    confidentiality as described above, all parties shall continue to afford the material

7    in question the level of protection to which it is entitled under the Producing

8    Party's designation until the court rules on the challenge.

9  **7.   ACCESS TO AND USE OF PROTECTED MATERIALS**

10   A.   <u>Basic Principles and Requests to File Under Seal</u>. A Receiving Party may use

11        Protected Material that is disclosed or produced by another Party or by a Non-

12        Party in connection with this case only for prosecuting, defending, or attempting

13        to settle this litigation. If a Receiving Party desires to file Protected Material or

14        portions thereof with the Court, the Receiving Party must do so in a manner

15        consistent with Civil Local Rule 79-5(d)-(e). Otherwise, such Protected Material

16        may be disclosed only to the categories of persons and under the conditions

17        described in this Order. When the litigation has been terminated, a Receiving

18        Party must comply with the provisions of Section 13 below (FINAL

19        DISPOSITION).

20   B.   <u>Storage and Maintenance</u>. Protected Material must be stored and maintained by a

21        Receiving Party at a location and in a secure manner that ensures that access is

22        limited to the persons authorized under this Order. Any copies, reproductions,

23        excerpts, summaries, compilations, notes, memoranda, analyses, reports, briefs, or

24        discovery response that paraphrase, extract, or contain Protected Material and any

25        electronic image or database containing Protected Material shall be subject to the

26        terms of this Order to the same extent as the material or information from which

27

28

1    such summary, compilations, notes, copy, memoranda, analysis, electronic image,

2    reports, briefs, discovery response, or database is derived.

3    C.  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

4    ordered by the Court or permitted in writing by the Designating Party, a

5    Receiving Party may disclose any information or item designated

6    "CONFIDENTIAL" only to:

7        1)  the Receiving Party's Outside Counsel of Record in this action, as well as

8            employees of said Outside Counsel of Record to whom it is reasonably

9            necessary to disclose the information for this litigation;

10       2)  the officers, directors, and employees (including House Counsel) of the

11           Receiving Party to whom disclosure is reasonably necessary for this

12           litigation and who have signed the "Acknowledgment and Agreement to

13           Be Bound" (Exhibit A);

14       3)  Experts (as defined in this Order) of the Receiving Party to whom

15           disclosure is reasonably necessary for this litigation and who have signed

16           the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17       4)  the Court and its personnel;

18       5)  Court reporters and their staff, professional jury or trial consultants, mock

19           jurors, and Professional Vendors to whom disclosure is reasonably

20           necessary for this litigation and who have signed the "Acknowledgment

21           and Agreement to Be Bound" (Exhibit A);

22       6)  during their depositions, witnesses in the action to whom disclosure is

23           reasonably necessary and who have signed the "Acknowledgment and

24           Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the

25           Designating Party or ordered by the Court. Transcribed deposition

26           testimony or exhibits to depositions that reveal Protected Material must be

27           treated by the court reporter consistent with Section 5.B.3 (providing for

28

REVISED STIPULATED [PROPOSED]                          Case No. 4:18-cv-06753-PJH
PROTECTIVE ORDER AS MODIFIED            11
BY THE COURT

the preparation of transcripts containing Protected Material) and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

7) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

8) any mediator mutually agreed upon by the Parties or appointed by the Court.

D. Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

1) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

2) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the 1 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3) the Court and its personnel;

4) Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

6)  any mediator mutually agreed upon by the Parties, or appointed by the Court.

## 8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER PROCEEDINGS

If a Party is served with a subpoena or a Court order issued in another proceeding or litigation, including any governmental, regulatory, or other inquiries and/or investigations, that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

    A.  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or Court order;

    B.  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    C.  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or Court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that Court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

**9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

    A.  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    B.  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

        2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

        3)  make the information requested available for inspection by the Non-Party.

    C.  If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request, unless otherwise specified by an existing agreement between the Producing Party and the Non-Party. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party

1    shall bear the burden and expense of seeking protection in this Court of its

2    Protected Material.

3    **10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

4        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

5    Material to any person or in any circumstance not authorized under this Stipulated Protective

6    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

7    unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

8    Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

9    made of all the terms of this Order, and (d) request such person or persons to execute the

10   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11   **11. 502(d) ORDER AND CLAWBACK PROCEDURE**

12       This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject

13   to the provisions of this Order, if a Producing Party discloses information in connection with the

14   pending litigation that the Producing Party thereafter claims to be privileged or subject to the

15   work product protection ("Protected Information"), the disclosure of that Protected Information

16   will not constitute or be deemed a waiver or forfeiture — in this or any other action — of any

17   claim of privilege or work product protection that the Producing Party would otherwise be

18   entitled to assert with respect to the Protected Information and its subject matter.

19       A.  This Order protects any disclosure of Protected Information, whether that

20           disclosure is inadvertent or otherwise.

21       B.  A Producing Party must notify the party receiving the Protected Information ("the

22           Receiving Party") in writing, that it has disclosed that Protected Information

23           without intending a waiver by the disclosure. Upon receipt of notification, the

24           Receiving Party shall immediately take all reasonable steps to destroy or return all

25           copies, electronic or otherwise, of such document or other information, and shall

26           provide a certification that it will cease further review, dissemination, and use of

27           the Protected Information.

28

C.  This Order shall be interpreted to provide the maximum protection allowed to the Disclosing Party by Federal Rule of Evidence 502(d).

## 12. LIMITATION OF DISCOVERY OF EXPERT MATERIALS

Experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications to and from a testifying or consulting Expert, and all materials generated by a testifying or consulting Expert with respect to that person's work, are exempt from discovery unless actually relied upon by the testifying Expert in forming any opinions in this litigation and such information is not already disclosed in the Expert's report. The foregoing does not otherwise restrict discovery by oral deposition of testifying Experts, does not obligate any Party to retain draft reports, and is not intended in any way to narrow the protection regarding disclosure of expert materials in Fed. R. Civ. P. 26.

## 13. MISCELLANEOUS

A.  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C.  Filing Protected Material. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing

that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public recor pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

D.  Party's Use of Its Own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Nothing in this Order shall prevent a Party from using its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in any manner it chooses.

E.  Hearings and Appeals. In the event a Receiving Party reasonably anticipates utilizing Protected Material during a pre-trial hearing, such Receiving Party shall use best efforts to provide written notice no less than twenty-four (24) hours prior to the hearing to the Producing Party and/or the Designating Party.  The foregoing applies except when a hearing is scheduled to be held on a Monday, in which case the Receiving Party shall use best efforts to provide written notice no later than 12:00 pm PST on the Friday that precedes the hearing. Provided such written notice is provided, the provisions of this Order shall not prevent use of Protected Material at a hearing, subject to the Designating Party's right to make a motion to seal, including a motion to seal portions of the hearing transcript. In the event that any Protected Material is used in any Court proceeding in this action or any appeal in connection with this action, except for the use of Protected Material during trial which shall be governed by a separate agreement that complies with Judge Hamilton's Standing Orders and Civil Local Rule 79-5, such Protected Material shall not lose its protected status through such use.

F.  Non-Parties. The terms of this Order are applicable to information produced by Non-Parties in this action. The Parties, in conducting discovery from Non-Parties,

1    shall attach a copy of this Order to such discovery requests, subpoenas, or other

2    discovery to apprise them of their rights herein.

3    **14. FINAL DISPOSITION**

4    Within 60 days after the final disposition of this action, as defined in paragraph 4, each

5    Receiving Party must return all Protected Material to the Producing Party or destroy such

6    material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

7    compilations, summaries, and any other format reproducing or capturing any of the Protected

8    Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

9    submit a written certification to the Producing Party (and, if not the same person or entity, to the

10   Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

11   the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

12   not retained any copies, abstracts, compilations, summaries or any other format reproducing or

13   capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

14   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

15   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

16   product, and consultant and expert work product, even if such materials contain Protected

17   Material. Any such archival copies that contain or constitute Protected Material remain subject to

18   this Protective Order as set forth I Section 4 (DURATION).

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28

1    **IT IS SO STIPULATED**, through Counsel of Record.

2

3   DATED:  August 6, 2021

4   By: /s/ James Taylor-Copeland              By: /s/ Suzanne E. Nero

5        James Q. Taylor-Copeland (284743)          Suzanne E. Nero (SBN 284894)
         TAYLOR-COPELAND LAW                         snero@kslaw.com
6        1900 Avenue of the Stars, 14th Floor        KING & SPALDING LLP
         San Diego, CA 92101                         50 California Street, Suite 3300
7        james@taylorcopelandlaw.com                 San Francisco, CA 94111
                                                     Telephone: (415) 318-1200
8        *Counsel for Plaintiff*                     Facsimile:  (415) 318-1300

9                                                    *Counsel for Defendants*

10

11       Pursuant to the foregoing stipulation, **IT IS SO ORDERED**.

12

13

14   Dated: _____     _____

15                                     UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

I, _____ [print or type full name], of _____

4

[print or type full address], declare under penalty of perjury that I have read in its entirety and

5

understand the Stipulated Protective Order that was issued by the United States District Court for

6

the Northern District of California on _____ [date] in the case of _____

7

_____ **[insert formal name of the case and the number and initials**

8

**assigned to it by the Court]**. I agree to comply with and to be bound by all the terms of this

9

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

10

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

11

not disclose in any manner any information or item that is subject to this Stipulated Protective

12

Order to any person or entity except in strict compliance with the provisions of this Order. I

13

further agree to submit to the jurisdiction of the United States District Court for the Northern

14

District of California for the purpose of enforcing the terms of this Stipulated Protective Order,

15

even if such enforcement proceedings occur after termination of this action.

16

I hereby appoint _____ [print or type full name] of _____

17

_____ [print or type full address and telephone number] as my California agent

18

for service of process in connection with this action or any proceedings related to enforcement of

19

this Stipulated Protective Order.

20

21

Date: _____

22

City and State where sworn and signed: _____

23

Printed Name: _____

24

25

26

Signature: _____

27

28