| | |
|---|---|
| James Q. Taylor-Copeland (SBN 284743)<br>james@taylorcopelandlaw.com<br>TAYLOR-COPELAND LAW<br>501 W. Broadway, Suite 800<br>San Diego, CA 92101<br>Telephone: (619) 400-4944<br>Facsimile: (619) 566-4341<br><br>Marc M. Seltzer (SBN 54534)<br>mseltzer@susmangodfrey.com<br>Steven G. Sklaver (SBN 237612)<br>ssklaver@susmangodfrey.com<br>Oleg Elkhunovich (SBN 269238)<br>oelkhunovich@susmangodfrey.com<br>Meng Xi (SBN 280099)<br>mxi@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, 14th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 789-3100<br>Facsimile: (310) 789-3150<br><br>P. Ryan Burningham (Admitted *pro hac vice*)<br>rburningham@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br>Telephone: (206) 516-3880<br>Facsimile: 206) 516-3883<br><br>*Counsel for Lead Plaintiff Bradley Sostack* | Damien J. Marshall (Admitted *pro hac vice*)<br>dmarshall@kslaw.com<br>Andrew Michaelson (Admitted *pro hac vice*)<br>amichaelson@kslaw.com<br>KING & SPALDING LLP<br>1185 Avenue of the Americas, 34th Floor<br>New York, NY 10036<br>Tel: (212) 556-2100; Fax: (212) 556-2222<br><br>Suzanne E. Nero (SBN 284894)<br>snero@kslaw.com<br>KING & SPALDING LLP<br>50 California Street, Suite 3300<br>San Francisco, CA 94111<br>Tel: (415) 318-1200; Fax: (415) 318-1300<br><br>Andrew J. Ceresney (Admitted *pro hac vice*)<br>aceresney@debevoise.com<br>DEBEVOISE & PLIMPTON LLP<br>919 Third Avenue<br>New York, NY 10022<br>Tel: (212) 909-6000; Fax: (212) 909-6836<br><br>*Attorneys for Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION,<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:18-cv-06753-PJH<br><br>**JOINT ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED AND CONSOLIDATED FOR PRETRIAL PURPOSES AND [PROPOSED] ORDER**<br><br>(Civil L.R. 3-12 and 7-11)<br><br>Judge: Hon. Phyllis J. Hamilton |

Pursuant to this Court's Order, Dkt. 35 at ¶¶ 6–7, as well as Northern District of California Civil Local Rules 3-12(b) and 7-11(a), and in support of Order of Sua Sponte Referral, Dkt. 72, No. 3:21-cv-06518-SK (*see* Civil Local Rules 3-12(c) and 3-12(e)), Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse (collectively "Ripple") and Lead Plaintiff Bradley Sostack, by and through their undersigned counsel, hereby move the Court to consider whether *Toomey v. Ripple Labs, Inc.*, No. 21-cv-06518-SK, a case recently transferred to this District from the Middle District of Florida, is related to the putative class action, *In re Ripple Labs Inc. Litig.*, pending before this Court.[1]

The Court previously granted similar motions with respect to other actions deemed related. Dkts. 101, 110. In order of filing date, the matters submitted for determination under Civil Local Rule 3-12(b) are as follows:

| **Case Name** | **Case Number** | **Filing Date** |
|---|---|---|
| *In re Ripple Labs Inc. Litigation* | 4:18-cv-6753-PJH | August 5, 2019[2] |
| *Toomey v. Ripple Labs, Inc. et al.* | 3:21-cv-06518-SK | January 25, 2021 (transferred to this District on August 24, 2021) |

Civil Local Rule 3-12(a) provides that an action is related to another "when (1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the case are conducted before different Judges."  These criteria are met here.

The *Toomey* action raises claims that concern substantially the same events as the *In re Ripple Labs* matter, and that involve substantially similar parties. Notably, based on the allegations in *Toomey*, it appears from the face of the *Toomey* complaint that Plaintiffs Toomey and Sergalis are members of the putative class alleged in the *In re Ripple Labs* action, which consists of all

---

[1] Per Civil Local Rule 7-11(a), a declaration explaining why a stipulation could not be obtained is attached as Exhibit 1.  Defendants understand that Plaintiffs Toomey and Sergalis intend to object to consolidation and/or seek relief from this Court's Order on Consolidation, Dkt. 35.

[2] Mr. Sostack filed a Consolidated Complaint in this Court on August 5, 2019, Dkt. 63, which superseded three earlier actions filed in 2018 in California Superior Court that had been removed to the Northern District of California, Dkt. 2-1, 2-2.

purchasers of XRP. *See* Second Amended Complaint, *Toomey v. Ripple Labs, Inc.*, No. 21-cv-06518-SK (N.D. Cal. March 26, 2021), Dkt. 26 at ¶¶ 20–21 (explaining when and how much XRP Plaintiffs purchased). Moreover, the two cases are premised on the same theory of liability: that Defendants' distributions of XRP, a digital asset, constitute "investment contracts" that render them securities under federal and/or state securities laws, but Defendants did not register XRP as required. *E.g.*, *id.* at ¶¶ 1–8. In *In re Ripple Labs*, claims are asserted under federal securities law and California law. *Toomey* asserts claims against Defendants under Florida law, but has acknowledged that the standards for whether XRP constitutes a security "are identical" between Florida law and federal law. *Id.* ¶ 143. *Toomey*'s claims are supported with similar allegations, *e.g., id.* at ¶¶ 51–61 (overlapping allegations about XRP's marketing), ¶¶ 54–197 (overlapping allegations about listing XRP on exchanges), ¶¶ 148–62 (relying on same SEC guidance and framework). Finally, Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse are defendants in both actions.

Defendants moved to transfer the *Toomey* case to this Court. In granting Ripple's motion to transfer the *Toomey* action to this district under both the "first-to-file" rule and Section 1404(a), the Middle District of Florida explained "[Toomey's] claims encompass and are based on the same alleged liability of the private actions consolidated in the California Action. Further, the parties are similar and the legal and factual issues are substantially similar so that Plaintiff's interests are represented in the California action through the putative class members." No. 3:21-cv-000093-BJD-JBT, Dkt. 69 (Aug. 20, 2021).

Because this action and *Toomey* involve and concern nearly identical parties, transactions, and events, it would be inefficient, unduly burdensome, and duplicative to have these cases proceed before two different judges. Relating these actions serves the interests of justice and furthers judicial economy.

On March 18, 2019, this Court issued an Order Regarding Publication of Notice Pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 77z-1, Briefing Schedule On Motion For Appointment As Lead Plaintiff, Filing of Lead Plaintiffs' Consolidated Complaint And Defendants' Response To The Consolidated Complaint ("Order"). Dkt. 35. The Order provides

that, once filed, "[t]he consolidated complaint shall be the operative complaint and shall supersede all complaints filed in any action consolidated into this Action." *Id*. at ¶ 4. The Court held that "[a]ll related actions that are subsequently filed in . . . this District shall be consolidated into this action for pretrial purposes," and then instructed that "[t]he parties shall file an Administrative Motion to Consider Whether Cases Should be Related pursuant to Civil L.R. 3-12 whenever a case that should be consolidated into this action is filed in . . . this District." *Id*. at ¶¶ 6–7. Thus, should the Court determine that these actions are related, it should also order the cases consolidated for pretrial purposes. *Id*.

For the foregoing reasons, Ripple and Mr. Sostack respectfully request that this Court order that (1) *Toomey* is related to this action, and (2) the cases are consolidated for pretrial purposes consistent with this Court's prior order.

Dated: September 3, 2021

By: */s/ P. Ryan Burningham*
P. Ryan Burningham
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

*Counsel for Lead Plaintiff*

Respectfully submitted,

By: */s/ Suzanne E. Nero*
Suzanne E. Nero
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200
Fax: (415) 318-1300

*Counsel for Defendants*

**SIGNATURE ATTESTATION**

I, Suzanne E. Nero, hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized its filing.

By:   */s/ Suzanne E. Nero*
       Suzanne E. Nero

**[PROPOSED] ORDER**

For the reasons set forth above, the Court ORDERS that *Toomey v. Ripple Labs, Inc.*, No. 21-cv-06518-SK is related and consolidated to this instant action and directs the clerk to take all actions prescribed to it under paragraph 7 of this Court's March 18, 2019 order regarding publication of notice (Dkt. 35).

**IT IS SO ORDERED.**

Dated: _____, 2021

_____
Hon. Phyllis J. Hamilton
United States District Judge