**BURSOR & FISHER, P.A.**
Sarah N. Westcot (State Bar No. 264916)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile:  (925) 407-2700
E-mail: swestcot@bursor.com

*Attorneys for Tyler Toomey and Markas Sergalis*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| In re RIPPLE LABS INC. LITIGATION,<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:18-cv-06753-PJH<br><br>**TYLER TOOMEY AND MARKAS SERGALIS' RESPONSE IN OPPOSITION TO JOINT ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED AND CONSOLIDATED FOR PRETRIAL PURPOSES AND [PROPOSED] ORDER (ECF Nos. 145 AND 145.1)** |
|---|---|

**TABLE OF CONTENTS**

**PAGE(S)**

BACKGROUND ................................................................................................................................1

ARGUMENT ....................................................................................................................................2

I.    CONSOLIDATION OF THE *TOOMEY* MATTER INTO THE *IN RE RIPPLE* MATTER IS INAPPROPRIATE ...............................................................................2

    A.    The Differences Between The *Toomey* Action And The *In re Ripple* Action Render Consolidation Unwarranted ................................................................3

CONCLUSION .................................................................................................................................4

TYLER TOOMEY AND MARKAS SERGALIS' RESPONSE IN OPPOSITION TO JOINT ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 4:18-cv-06753-PJH

i

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of California*,
  877 F.2d 777 (9th Cir. 1989) .................................................................................... 3

*Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*,
  720 F. Supp. 805 (N.D. Cal. 1989) ........................................................................... 3

*Zakinov v. Ripple Labs, Inc.*,
  2020 WL 922815 (N.D. Cal. Feb. 26, 2020) ......................................................... 3, 4

**STATUTES**

15 U.S.C. §77z-1 ............................................................................................................ 1

California Business and Professions Code § 17200 and § 17500 .................................... 1

**RULES**

Federal Rules of Civil Procedure, Rule 42 ................................................................... 2, 3

Tyler Toomey and Markas Sergalis, Plaintiffs in the *Toomey v. Ripple Labs, Inc. et al.*, Case No. 3:21-cv-06518-SK (N.D. Cal.) matter, agree that the *Toomey* action is related to the *In re Ripple Labs Inc. Litigation*, Case No. 4:18-cv-6753-PJH (N.D. Cal.) ("*In re Ripple*") matter, but oppose formal consolidation of the *Toomey* matter into the *In re Ripple* matter due to several significant differences between the two cases. The *Toomey* matter should retain an independent existence from the *In re Ripple* matter because unlike *In re Ripple* and the other cases previously consolidated therein, the *Toomey* action involves claims under Florida state law only against Defendants Ripple Labs, Inc., XRP II, LLC, and Bradley Garlinghouse (collectively the "Ripple Defendants"), which claims may retain an independent significance depending on the outcome of the *In re Ripple* matter. Further, the *Toomey* action includes additional parties, namely MCO Malta Dax Limited, Foris, Inc., and Foris Dax, Inc. (collectively "Crypto.com"), and seeks relief from Crypto.com that cannot be awarded in the *In re Ripple* action, namely fees paid by Plaintiff Toomey and class members to Crypto.com for XRP trades.

## BACKGROUND

***In re Ripple Labs.*** Plaintiff Bradley Sostack brings claims for violation of federal securities laws and California state securities laws against the Ripple Defendants. *See* Consolidated First Amended Complaint for Violations of Federal and California Law (ECF No. 87), ¶¶ 175-230; *see also* Order Granting in Part and Denying in Part Motion to Dismiss Consolidated First Amended Complaint (ECF No. 115) (granting motion to dismiss as to claims under California Business and Professions Code § 17200 and § 17500 such that only the California securities law claims survive). On March 18, 2019, this Court entered an order ("Order") regarding publication of notice under the Private Securities Litigation Reform Act ("PSLRA") 15 U.S.C. §77z-1, and setting a briefing schedule for lead plaintiff motions pursuant to the PSLRA (ECF No. 35). As is customary, the Order stated that subsequent actions would be consolidated into the main action after conclusion of the lead plaintiff process. Order, ¶ 6. Pursuant to the Order, other cases asserting claims under the federal securities laws were consolidated into the *In re Ripple* action. *See Coffey v. Ripple Labs, Inc., et al.*, Case No. 4:18-cv-03286 (N.D. Cal.) (ECF 1-1) (asserting violations of federal securities laws and California state law); *In re Ripple Labs Inc. Litigation*,

4:18-cv-06753 (N.D. Cal) (ECF No. 63) (asserting violations of federal securities laws and California state law); *Simmons v. Ripple Labs, Inc., et al.*, Case No. 4:20-cv-05127 (N.D. Cal.) (ECF No. 1) (individual action asserting violations of federal securities laws only); *Bitcoin Manipulation Abatement LLC v. Ripple Labs, Inc., et al.*, Case No. 4:20-cv-03022 (N.D. Cal) (ECF No. 1) (asserting violations of federal securities laws and California state law).  None of the consolidated cases assert violations of Florida securities laws, Florida consumer protection statutes, or Florida common law.

*Toomey.*  Unlike the *In re Ripple* action and the cases consolidated therein, the *Toomey* action does not bring claims for violations of federal securities laws or California law against the Ripple Defendants; rather, it asserts violations of Florida state law on behalf of a Florida class of XRP investors.  *See* Second Amended Complaint (ECF No. 26) ("SAC").  The SAC further asserts claims against Crypto.com for violation of federal securities laws, Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"), and common law claims based on Florida law.  As it relates to Crypto.com, the SAC seeks, among other things, recovery of fees paid by Plaintiff Toomey and the class to Crypto.com regarding purchase and sale of XRP.  Plaintiffs and Crypto.com have filed a stipulation and proposed order to set a briefing schedule for Crypto.com's motion to dismiss and to oppose Plaintiff Toomey's lead plaintiff motion as it relates to his claims against Crypto.com (ECF No. 73).  Mr. Sostack does not allege that he purchased XRP through Crypto.com, nor has Crypto.com been named as a defendant in the *In re Ripple* matter.

## ARGUMENT

### I. CONSOLIDATION OF THE *TOOMEY* MATTER INTO THE *IN RE RIPPLE* MATTER IS INAPPROPRIATE

Local Rule 3-12(a) permits relation "when (1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges."  Federal Rule of Civil Procedure ("Rule") 42 allows the Court to "join for hearing or trial any or all matters at issue in the actions," "consolidate the actions," or "issue any other orders to avoid unnecessary cost or delay" where the actions "involve a common

TYLER TOOMEY AND MARKAS SERGALIS' RESPONSE IN OPPOSITION TO JOINT ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 4:18-cv-06753-PJH

2

question of law or fact."

Here, relation of the *Toomey* and *In re Ripple* matters is appropriate, but formal consolidation is not.

### A. The Differences Between The *Toomey* Action And The *In re Ripple* Action Render Consolidation Unwarranted

In the joint administrative motion and stipulation submitted by counsel for Plaintiff Bradley Sostack and the Ripple Defendants (ECF No. 145), Mr. Sostack and the Ripple Defendants "request that this Court order that (1) Toomey is related to this action, and (2) the cases are consolidated for pretrial purposes consistent with this Court's prior order." *Id.* at 4. Plaintiffs Toomey and Sergalis oppose the request for consolidation.

In determining whether consolidation is appropriate under Rule 42, "[t]he district court has broad discretion." *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Here, consolidation is unwarranted because, unlike the other consolidated actions, the *Toomey* action may retain an independent significance depending on the outcome of the *In re Ripple* action. For example, should the federal securities claims be unsuccessful for a reason unique to the federal securities laws, the *Toomey* plaintiffs may still be able to proceed as to their Florida state law claims. The clearest example of this is the three-year statute of repose under the federal securities laws, which after close of the pleadings remains an open question. *Zakinov v. Ripple Labs, Inc.*, 2020 WL 922815, at *10 (N.D. Cal. Feb. 26, 2020) ("The court cautions that, once the parties have developed a factual record, it may revisit its determination on whether defendant made their first bona fide XRP offer to the public before or after August 5, 2016."). Should the Court determine that the federal claims are barred by the statute of repose, the federal claims would be dismissed but the *Toomey* plaintiffs would still be able to pursue their claims under Florida state law. Further, there is uncertainty as to whether the California state law claims will be successful, and whether they will apply to a nationwide class.

TYLER TOOMEY AND MARKAS SERGALIS' RESPONSE IN OPPOSITION TO JOINT ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 4:18-cv-06753-PJH

3

The *Toomey* action also involves different parties, namely Crypto.com, against whom Plaintiff Toomey brings claims for violation of federal securities laws, FDUPTA, and Florida common law. These claims will require separate consideration apart from the *In re Ripple* action. Specifically, among other things, Plaintiff Toomey makes a claim to recover fees collected by Crypto.com relating to the purchase and sale of XRP. This relief is not requested in the *In re Ripple* action and cannot be awarded because Crypto.com is not named as a defendant.

In light of the foregoing, formal consolidation between the two matters is inappropriate.

## CONCLUSION

For the foregoing reasons, the *Toomey* plaintiffs request that the *Toomey* action be related to the *In re Ripple* action but that the matters not be formally consolidated. As such, the *Toomey* plaintiffs request that the administrative motion be denied in part.

Dated:  September 7, 2021        **BURSOR & FISHER, P.A**.

By:     /s/ *Sarah N. Westcot*

Sarah N. Westcot (State Bar No. 264916)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile   (925) 407-2700
E-mail: swestcot@bursor.com

*Attorneys for Tyler Toomey and Markas Sergalis*