Damien J. Marshall (Admitted *pro hac vice*)
dmarshall@kslaw.com
Andrew Michaelson (Admitted *pro hac vice*)
amichaelson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100; Fax: (212) 556-2222

Suzanne E. Nero (SBN 284894)
snero@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300

Andrew J. Ceresney (Admitted *pro hac vice*)
aceresney@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

*Attorneys for Defendants Ripple Labs Inc.,
XRP II, LLC, and Bradley Garlinghouse*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION, <br><br> This Document Relates to: <br><br> ALL ACTIONS | Case No. 4:18-cv-06753-PJH <br><br> **DEFENDANTS' REPLY IN FURTHER SUPPORT OF THE JOINT ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED AND CONSOLIDATED FOR PRETRIAL PURPOSES** <br><br> (Civil L.R. 3-12 and 7-11) <br><br> Judge: Hon. Phyllis J. Hamilton |

## PRELIMINARY STATEMENT

It is undisputed that *Toomey v. Ripple Labs Inc.*, No. 21-cv-06518-SK (N.D. Cal.) is related to this action, and it should therefore be consolidated for pretrial proceedings as set forth in the Court's March 19, 2019 Order. Dkt 35. Consolidation is appropriate here for the same reasons that the Court consolidated all of the other related cases: it will promote efficiency and decrease the risk of inconsistent outcomes in actions that are premised on the same theory of liability, involve common issues of fact, are brought by members of the same putative class, and name the same core set of defendants. All of the cases, including *Toomey*, turn on the same legal issue of whether Ripple's distributions of XRP constitute "investment contracts" under the *Howey* test. *See SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946).

Plaintiffs Tyler Toomey and Markas Sergalis ("Toomey") waited for years to file their lawsuit. They entirely missed the Court's process to appoint Lead Plaintiff in this action and have since engaged in a series of machinations seemingly intended to avoid consolidation. Their gamesmanship should not be rewarded, and their opposition to consolidation should be rejected.

## ARGUMENT

It is "the norm in securities class actions" to consolidate actions that raise common questions of law and fact. *Malriat v. QuantumScape Corp.*, 2021 WL 1550454, at *2 (N.D. Cal. Apr. 20, 2021). The PSLRA encourages consolidation where "more than one action on behalf of a class asserting substantially the same claim" is filed. 15 U.S.C. § 78u–4(a)(3)(A)(ii). Rule 42 affords the court wide latitude to consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a); *see also Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). Civil Local Rule 3-12(a) provides that actions are related when they concern "substantially the same parties, property, transaction or event"; and it would be unduly burdensome to allow the cases to proceed before different judges. Civ. L.R. 3-12(a). "Neither Rule 42 nor the PSLRA demands that actions be identical before they may be consolidated." *In re Synergy Pharm. Inc. Securities Litig.*, 2019 WL 6150713, at *3 (E.D.N.Y. Nov. 20, 2019). Securities class actions "are particularly suited to consolidation to help expedite pretrial proceedings, reduce case duplication, avoid the involvement of parties and witnesses in

multiple proceedings, and minimize the expenditure of time and money." *Hufnagle v. Rino Int'l Corp.*, 2011 WL 710704, at *2 (C.D. Cal. Feb. 14, 2011).

Toomey is attempting to circumvent a lengthy process that resulted in this consolidated action. As the Court is aware, beginning in 2018, numerous cases were filed against Ripple in this district and elsewhere by purchasers of XRP alleging that Ripple engaged in unregistered sales of a security in violation of federal and state law. In June 2019, Mr. Sostack (who is a resident of Florida) was named Lead Plaintiff. Toomey could have—but did not—filed a timely action and participated in the process resulting in appointment of the Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i); Dkt 35.

After skipping this Court's process of appointing a Lead Plaintiff, Toomey made a number of moves that appear to be intended to avoid consolidation and proceed with a case that is separate but duplicative of this one. In January 2021, Toomey filed an initial complaint based on factual allegations similar to the Consolidated First Amended Complaint in this action, but on behalf of a putative class of Florida purchasers asserting only Florida claims. After Ripple noted to Toomey that his putative class was entirely subsumed by the putative class in this case and asked Toomey whether he would consent to transfer, Toomey filed an amended complaint adding federal securities claims against certain cryptocurrency exchanges (presumably in an attempt to avoid transfer and consolidation).[1]

Congress passed the PSLRA to target "perceived abuses of the class-action vehicle" in private securities litigation. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 81 (2006). To curb these abuses, the PSLRA established safeguards to protect against frivolous and duplicative litigation. *Id*. Those safeguards require, among other things, that courts determine consolidation before nominating a Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii), (v); 15 U.S.C. § 77z-1(a)(3)(B)(ii), (v). Toomey is not the Lead Plaintiff, and he should not be able to challenge the Lead Plaintiff's "authority to decide what claims to assert on behalf of securities holders" or

---

[1] For a more complete description of Toomey's gamesmanship, see Defendants' Motion to Transfer, Dismiss, or Stay Plaintiffs' Second Amended Complaint. *See Toomey*, No. 21-cv-06518-SK Dkts. 45 and 57.

interfere with his "ability and authority to manage the Consolidated Securities Actions." *In re Synergy*, 2019 WL 6150713, at *5.

Toomey objects to consolidation on the grounds that he (1) alleges claims under Florida state law, rather than federal or California law, and (2) names additional defendants from which he might obtain relief that "cannot be awarded in the *In re Ripple* action, namely fees paid by Plaintiff Toomey and class members to Crypto.com for XRP trades." Dkt. 146 at 4. These objections fail because "[d]ifferences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Ali v. Intel Corp.*, 2018 WL 2412111, at *2 n.4 (N.D. Cal. May 29, 2018) (internal quotation omitted). Indeed, these distinctions were presented to the Middle District of Florida in Plaintiffs' opposition to transfer but were rejected and this case was transferred to this Court. *See Toomey*, No. 21-cv-06518-SK, Dkt. 69 ("Plaintiffs' claims encompass and are based on the same alleged liability of the private actions consolidated in the California Action. Further, the parties are similar and the legal and factual issues are substantially similar so that Plaintiffs' interests are represented in the California Action through the putative class members.").

*Toomey* and this case have overlapping classes[2] and are premised on an identical theory of liability. The claims in *both* cases turn on the same fundamental question: whether Ripple's distributions of XRP constitute "investment contracts" under the *Howey* test. *See Howey*, 328 U.S. at 299. That same test governs the outcome of the federal and California claims asserted in this case, as well as the Florida claims asserted by Toomey. Indeed, Toomey has acknowledged that the tests for whether XRP constitutes a security "are identical" between Florida law and federal law. *Compare Toomey*, No. 21-cv-06518-SK, Dkt. 26 ¶¶ 140–88 *with* Dkt. 87 ¶¶ 127–58 (alleging XRP meets all the elements of a security under the *Howey* test).

Toomey's claims are also directed at the same "core set of defendants," namely Ripple. *Farhar v. Ontrak, Inc.*, 2021 WL 2980589, at *2 (C.D. Cal. July 13, 2021); *see also Miller v.*

---

[2] The putative class sought for certification in this case includes "[a]ll persons or entities who purchased XRP." Dkt. 87 ¶ 166.

*Ventro Corp.*, 2001 WL 34497752, at *4–6 (N.D. Cal. Nov. 28, 2001) ("[T]he fact that other parties are included does not preclude consolidation."). Toomey's addition of the exchange defendants should not defeat consolidation. One of the two exchange defendants (Foris Dax, Inc., Foris, Inc., Payward, Inc. d/b/a Kraken), has already been voluntarily dismissed, and the claims against the other are the same claims Plaintiff Sostack has already raised against Ripple—violations of Sections 5 and 12(a)(1) of the Securities Act of 1933. *Compare Toomey*, No. 21-cv-06518-SK, Dkt. 26 ¶¶ 277–84 *with In re Ripple*, No. 18-CV-06753-PJH Dkt. 87 ¶¶ 175–81.[3]

Toomey's opposition to consolidation threatens to undermine years of efforts by the parties in this case to conserve judicial resources, proceed in an efficient manner, and reduce case duplication. As just one example, Ripple would be forced to respond to simultaneous and significantly overlapping discovery, and third parties would as well.[4] When disputes inevitably arise, this Court would have to resolve those disputes for two different cases with similar (but not identical) discovery requests.

Moreover, if Toomey is allowed to proceed separately, it would provide a blueprint for others to file copycat actions, tweak their allegations or name nominal defendants to evade this Court's consolidation order, and then force Ripple and this Court to wade through each action individually. The impact would not only be felt in this case but countless other securities actions across the country. Toomey's objections should be rejected, and the Court should grant the parties' joint motion to relate and consolidate these actions.

## CONCLUSION

For the foregoing reasons, Ripple respectfully requests that this Court order that (1) *Toomey* is related to this action, and (2) the cases are consolidated for pretrial purposes consistent with this Court's prior order.

---

[3] Moreover, the additional remedies that Toomey seeks from the remaining exchange defendants— "fees collected by Crypto.com relating to the purchase and sale of XRP" (Opp. at 7)—are nominal compared to the broader relief sought against the Ripple defendants.

[4] Prior to transfer, Toomey served 133 discovery requests on Ripple and served a dozen third-party subpoenas. *Toomey*, No. 21-cv-06518-SK, Dkt. 45 at 6.

| | |
|---|---|
| Dated: September 10, 2021 | Respectfully submitted,<br><br>By:    */s/ Suzanne E. Nero*<br>      Suzanne E. Nero<br>      KING & SPALDING LLP<br>      50 California Street, Suite 3300<br>      San Francisco, CA 94111<br>      Tel: (415) 318-1200<br>      Fax: (415) 318-1300<br><br>*Counsel for Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse* |