James Q. Taylor-Copeland (SBN 284743)
james@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

Marc M. Seltzer (SBN 54534)
mseltzer@susmangodfrey.com
Steven G. Sklaver (SBN 237612)
ssklaver@susmangodfrey.com
Oleg Elkhunovich (SBN 269238)
oelkhunovich@susmangodfrey.com
Meng Xi (SBN 280099)
mxi@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

P. Ryan Burningham (Admitted *pro hac vice*)
rburningham@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: 206) 516-3883

*Counsel for Lead Plaintiff Bradley Sostack*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION,<br><br>_____<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:18-cv-06753-PJH<br><br>**LEAD PLAINTIFF BRADLEY SOSTACK'S REPLY IN SUPPORT OF JOINT ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED AND CONSOLIDATED FOR PRETRIAL PURPOSES**<br><br>(Civil L.R. 3-12 and 7-11)<br><br>Judge: Hon. Phyllis J. Hamilton |

The Toomey Plaintiffs "**agree that the _Toomey_ action is related**" to this consolidated case, but nevertheless argue—without any supporting case law—that the cases should not be consolidated because the _Toomey_ action brings slightly different claims against a slightly different group of defendants.  Dkt. 146 at 1 (emphasis added).  This argument flies directly in the face of this Court's clear order that "related actions that are subsequently filed in . . . this District shall be consolidated for pretrial purposes."  Dkt. 35 at ¶¶ 6–7.  It is also contrary to a mountain of case law in this District and elsewhere, where courts routinely consolidate actions brought by "niche plaintiffs" arguing a separate subclass must be carved out and/or a separate lead plaintiff appointed to oversee certain claims.  _Aronson v. McKesson HBOC, Inc._, 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999) (consolidating action and rejecting argument by "niche plaintiffs" that "a separate lead plaintiff should be appointed because there may be different defendants for their claims."); _Miller v. Ventro Corp._, 2001 WL 34497752, at *3–5 (N.D. Cal. Nov. 28, 2001) (same); _In re Enron Corp. Sec. Litig._, 206 F.R.D. 427, 451 (S.D. Tex. 2002) ("Thus their requests for splintering the action or appointing multiple Lead Plaintiffs to represent specialized interests, especially in light of the common facts and legal issues here, would undermine the purpose of the PSLRA.").

The Toomey Plaintiffs' opposition to consolidation is nothing more than a lawyer-driven attempt to circumvent the PSLRA lead plaintiff process and this Court's June 21, 2019 Order appointing Bradley Sostack as the PSLRA Lead Plaintiff. Dkt. 60.  Allowing the _Toomey_ action to proceed separately would interfere with the orderly prosecution of this consolidated litigation.  The Court should consolidate the indisputably related _Toomey_ action with this case.

## I.  Background

Mr. Sostack was appointed Lead Plaintiff in this action pursuant to the PLSRA nearly two years ago.  Dkt 60.  He represents a putative class of all XRP purchasers and alleges that XRP is an unregistered security.  As Lead Plaintiff, Mr. Sostack is pursuing claims arising out of Ripple's unregistered sales of XRP on behalf of "[a]ll persons or entities who purchased XRP."  Dkt. 87 at ¶ 166.  He has litigated two motions to dismiss filed by Ripple, which were resolved in February and October of 2020.  Dkt. 85, 115.  Presently, he is actively engaged in discovery.  To date, all related private actions save the _Toomey_ action have been consolidated into the instant case,

1    including twice since Mr. Sostack was appointed Lead Plaintiff..  *See, e.g.*, Dkt. 96, 101, 113.

2          On January 25, 2021—nearly two years later after Mr. Sostack was appointed as Lead

3    Plaintiff—the Toomey Plaintiffs began their effort to circumvent this Court's Lead Plaintiff

4    appointment.  First, Mr. Toomey filed a copycat suit in the Middle District of Florida on behalf of

5    a putative class defined as "all persons or entities in the State of Florida who purchased XRP."

6    *Toomey*, Dkt. 1 at ¶ 187.[1]  He brought claims against precisely the same defendants as those

7    currently named in Mr. Sostack's operative consolidated complaint (Ripple, XRP II, and

8    Garlinghouse), and alleged violations of Florida law.  *Id.* ¶¶ 12–15, 195–239.

9          On March 26, 2021—after Ripple informed Toomey that it intended to seek transfer of his

10   case to this District—he amended the complaint to add Markas Sergalis as a second plaintiff, and

11   to add Crypto.com and Kraken as defendants, asserting Section 5 and 12 Securities Act claims

12   against them.  *Toomey*, Dkt. 26 at ¶¶ 21, 25–29, 277–284, 309–316.  On May 5, 2021, Mr. Sergalis

13   (who allegedly purchased XRP through Kraken) voluntarily dismissed his claims against Kraken.

14   *Toomey*, Dkt. 48.  Mr. Toomey does not allege that he purchased XRP through Kraken—only

15   through Crypto.com—and the Toomey Defendants appear to admit that Kraken is no longer in this

16   case.  Resp. at 1 (identifying Crypto.com as the only defendant unique to the *Toomey* action).

17         On June 1, 2021, Mr. Toomey (but not Mr. Sergalis) moved for appointment as lead

18   plaintiff for a putative class of XRP purchasers that is entirely subsumed with the putative class in

19   this case.  *See Toomey*, Dkt. 58.  In that motion, Mr. Toomey brazenly—and mistakenly—claimed

20   to have, at less than $50, "the largest known financial interest in the relief sought by the Class,"

21   *id.* at 4, even though Mr. Sostack, a Florida resident, suffered a loss of nearly $120,000 as a result

22   of his XRP investments.  Dkt. 87 at ¶ 13.  Lead Plaintiff Sostack then had to move to intervene in

23   the *Toomey* action in the Middle District of Florida and oppose Mr. Toomey's motion for

24   appointment as lead plaintiff.  *Toomey*, Dkt. 61 & 62.

25         Recognizing that the Toomey Plaintiffs' claims arise out of the same set of facts and

26   concern the same central question of law presented in the *In re Ripple Labs* litigation, the Middle

---

[1] *Toomey* docket entries refer to *Toomey v. Ripple Labs, Inc. et al*, Case No. 3:21-cv-00093 (M.D. Fla.), now transferred to this District as Case No. 3:21-cv-06518-WHO (N.D. Cal.)

1   District of Florida granted Ripple's motion to transfer the *Toomey* action to the Northern District

2   of Florida, explaining: "[Toomey's] claims encompass and are based on the same alleged liability

3   of the private actions consolidated in the California Action.  Further, the parties are similar and the

4   legal and factual issues are substantially similar so that Plaintiff's interests are represented in the

5   California action through the putative class members." *Toomey*, Dkt. 69.

6   **II.  Courts Routinely Consolidate Similar Class Actions Pursuant to the PSLRA.**

7          The "PSLRA creates rights in plaintiffs possessing the greatest financial stake in the

8   litigation.  They have the right to be appointed lead plaintiffs, to control the course of the class

9   action litigation, and to select class counsel of their choice." *In re BankAmerica Corp. Securities*

10  *Litig.*, 95 F.Supp.2d 1044, 1049 (E.D. Mo. 2000).  The *Toomey* action seeks to frustrate Mr.

11  Sostack's rights as the PSLRA Lead Plaintiff to control the class action litigation and is "precisely

12  the sort of lawyer-driven machinations the PSLRA was designed to prevent." *Id.* at 1050.

13         The PSLRA provides for consolidation of similar securities class actions, and, to protect

14  the rights create by the PSLRA, courts "routinely consolidate multiple class actions that allege

15  essentially similar, but not identical, securities claims." *In re MicroStrategy Inc. Securities Litig.*,

16  110 F.Supp.2d 427, 431 (E.D. Va. 2000) ("[T]he existence of slight differences in class periods,

17  parties, or damages among the suits does not necessarily defeat consolidation where the essential

18  claims and factual allegations are similar."); *Miller*, 2001 WL 34497752, at *5 ("the fact that other

19  parties are included does not preclude consolidation."); *Werner v. Satterlee, Stephens, Burke &*

20  *Burke*, 797 F.Supp. 1196, 1211 (S.D.N.Y. 1992) (consolidation of class actions appropriate even

21  where cases lacked identity of parties).

22         The Toomey Plaintiffs' "arguments do not fully take into account that the Reform Act

23  establishes a procedure for the court's speedy consolidation of all pending claims." *Aronson*, 79

24  F. Supp. 2d at 1151.  The PSLRA does not permit putative class members to create their own

25  subclasses by filing spin-off suits, particularly where, as here, the duly appointed Lead Plaintiff's

26  interests are not antagonistic to the interests of any class members.  *See In re Patriot Nat'l, Inc.*

27  *Securities Litig.*, 828 Fed. App'x 760, 764–65 (2d Cir. 2020); *Pipefitters Local 522 & 633 Pension*

28  *Trust Fund v. JDS Uniphase Corporation*, 2002 WL 35650215 (N.D. Cal. Aug. 7, 2002)

1  ("Division of related class actions in this manner is contrary to the purpose underlying the

2  PSLRA's 'procedure for the speedy consolidation of all pending claims.'").   To conclude

3  otherwise would render the PSLRA's lead-plaintiff-selection process meaningless.  It would invite

4  a cascade of smaller and smaller copycat litigation.  Every would-be lead plaintiff would file her

5  own suit, asserting slightly different claims on behalf of slightly different subclasses, until each

6  litigation became a hundred or thousand-part *matryoshka* doll.  That is not the law.  *Aronson*, 79

7  F. Supp. 2d at 1151 ("Although each plaintiff undoubtedly has an interest in securing an outcome

8  most favorable to its position, 'every warrior in this battle cannot be a general.'") (quoting *In re*

9  *Cendant*, 182 F.R.D. 144, 148 (D.N.J. 1998)).   On the contrary, that is precisely the sort of

10  indefinite delay caused by later-filed complaints the PSLRA was designed to avoid.  For this

11  reason, Federal courts have unequivocally denounced attempts to circumvent the PSLRA by filing

12  follow-on suits in competing jurisdictions.  *See, e.g., In re BankAmerica Corp. Securities Litig*.,

13  96 F.Supp.2d at 1050 (where federal actions were consolidated and a competing suit was filed in

14  state court, enjoining state-court case and explaining that the state case was "nothing more than a

15  thinly-veiled attempt to circumvent federal law").

16  **III.    The *Toomey* Action Raises Common Question of Law and Fact to this Case.**

17         There can be no question that the *Toomey* action raises common questions of law and fact

18  to this case.  Notably, it appears from the face of the *Toomey* complaint that the Toomey Plaintiffs

19  are members of the putative class alleged here, which consists of all purchasers of XRP.  *See*

20  *Toomey*, Dkt. 26 at ¶¶ 20–21 (explaining when and how much XRP Plaintiffs purchased).

21  Moreover, the two cases are premised on the same theory of liability: that Defendants'

22  distributions of XRP, a digital asset, constitute "investment contracts" that render them securities

23  under federal and/or state securities laws.  *E.g., id.* at ¶¶ 1–8.  In this case, claims are asserted

24  under federal securities law and California law.  *Toomey* asserts claims against Defendants under

25  Florida law, but has acknowledged that the standards for whether XRP constitutes a security "are

26  identical" between Florida law and federal law. *Id.* ¶ 143.  *Toomey*'s claims are supported with

27  similar allegations, *e.g., id.* at ¶¶ 51-61 (overlapping allegations about XRP's marketing), ¶¶ 54–

28  197 (overlapping allegations about listing XRP on exchanges), ¶¶ 148–62 (relying on same SEC

guidance and framework).    Finally, Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse are defendants in both actions.

Despite the extensive overlap of common questions of fact and law, the Toomey Plaintiffs argue that consolidation is inappropriate because (1) their Florida securities claims may not be subject to the same statute of repose as the federal securities claims brought in this case and (2) the *Toomey* action includes Crypto.com as an additional defendant.  The Toomey Plaintiffs are unable to cite any case law supporting these arguments.  The reason is simple.  Both arguments have been squarely rejected by courts in this District.

For example, in *Miller v. Ventro Corp.*, a group of plaintiff bondholders opposed consolidation of their action with cases brought by stockholders; arguing that the cases were not sufficiently similar because the bondholders alleged additional violations of the securities laws involving different evidentiary and pleading burdens, named additional defendants that were not included in the stockholder suits, and were entitled to different remedies.  2001 WL 34497752, at * 3.  The Court rejected this argument, noting that the "inclusion of additional claims . . . are all based on the same factual allegations."  *Id.* at *4 ("'[C]onsolidation is often warranted where multiple securities fraud class actions 'are based on the same public statements and reports.'" (quoting *In re MicroStrategy Inc. Securities Litigation*, 110 F. Supp. 2d at 431)).  So too here.  The Toomey Plaintiffs' claims are based on the very same conduct complained of by Mr. Sostack in this case.  "Moreover, the fact that other parties are included does not preclude consolidation." *Id.*; *see also Aronson* 79 F.Supp.2d at 1150 (consolidating action and rejecting argument by "niche plaintiffs" that "a separate lead plaintiff should be appointed because there may be different defendants for their claims.").

## IV.    Conclusion

Based on the foregoing, Lead Plaintiff Bradley Sostack respectfully requests that this Court consolidate the *Toomey* action with the *In re Ripple Labs Inc. Litig.* for pretrial purposes.

Dated:  September 10, 2021                 By: */s/ Oleg Elkhunovich*
                                              Oleg Elkhunovich
                                              SUSMAN GODFREY L.L.P.

1900 Avenue of the Stars
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Counsel for Lead Plaintiff*

1

<u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that on September 10, 2021, I electronically filed the foregoing document

3   with the clerk of the Court and served counsel of record via the CM/ECF system.

4

5                                              /s/ *Oleg Elkhunovich*
                                               Oleg Elkhunovich

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28