MATTHEW G. BALL (SBN 208881)
matthew.ball@klgates.com
JEREMY M. MCLAUGHLIN (SBN 258644)
jeremy.mclaughlin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, California 94111
Telephone: (415) 249-1014
Facsimile:  (415) 882-8220

STAVROULA E. LAMBRAKOPOULOS (*Pro Hac Vice*)
stavroula.lambrakopoulos@klgates.com
K&L GATES LLP
1601 K Street, N.W.
Washington, DC 20006
Telephone: (202) 778-9248
Facsimile:  (202) 778-9100
*Attorneys for Foris Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VLADI ZAKINOV, *et al.*,<br>　　　Plaintiffs,<br><br>v.<br><br>RIPPLE LABS, INC., *et al.*,<br>　　　Defendants. | 4:18-cv-06753-PJH<br><br>**MOTION FOR CLARIFICATION** |

Defendants Foris, Inc. ("Foris"), Foris Dax, Inc. ("Foris Dax"), and Foris DAX Global Limited ("Foris Global") (collectively, "Foris Defendants") request clarification of certain aspects of one of the Court's orders consolidating *Toomey v. Ripple Labs, Inc.*, No. 3:21-cv-6518 (N.D. Cal.), with the above-captioned case. On September 20, 2021, the Court entered separate orders on the *Zakinov* (hereinafter "*In re Ripple*") and *Toomey* dockets. *See In re Ripple*, ECF No. 149; *Toomey*, ECF No. 85. This motion relates to the latter order.

In particular, the order docketed in *Toomey* states: "Also, to the extent that the newly-consolidated action involves legal issues arising only under Florida state law, or involves legal issues relating to defendants that are not named in In re Ripple, those issues will not be addressed until the court has resolved the legal issues raised by the earlier-filed action." *Toomey*, ECF No. 85 at 1. Foris Defendants are not named in *In re Ripple* and seek clarification of the scope of the matters that, for

the time being, "will not be addressed." Although Foris Defendants do not object to consolidation at this stage,[1] they would like to ensure prompt resolution of their motions to dismiss and want to make sure they understand their current status in *In re Ripple*, particularly as it relates to discovery.

**A. Foris Defendants request a ruling on their motions to dismiss**

Foris Defendants filed two motions to dismiss the Second Amended Complaint filed by the *Toomey* Plaintiffs that were in the midst of briefing when this matter was transferred to this Court and remain pending. *Toomey*, ECF Nos. 81, 82. Foris Defendants understand the Court's reference to the "legal issues raised by the earlier-filed action" to refer primarily to whether XRP is a security. Foris Defendants' motions to dismiss do not address that issue and instead raise other arguments that, as discussed below, can be resolved independently of the determination of XRP's status as a security. Foris Defendants and the *Toomey* plaintiffs have an outstanding request for the entry of a stipulated briefing schedule that would require the *Toomey* plaintiffs to respond to the motions to dismiss by October 29, 2021, and would provide Foris Defendants 21 days thereafter to file a reply. *Toomey*, ECF No. 83. For a number of reasons, Foris Defendants request that the Court adopt that schedule and that, after the motions are fully briefed, the Court rule on the motions to dismiss at its earliest opportunity.

***First***, other defendants in the consolidated case have received rulings on their motions to dismiss, and Foris Defendants would like the same opportunity. *See In Re Ripple*, ECF Nos. 85, 115. This is particularly important given that dispositive motions in *In re Ripple* are not scheduled to be argued until March 2023. *In re Ripple*, ECF No. 125 at 1. In the meantime, Foris Defendants are publicly associated with a lawsuit that they believe is entirely devoid of merit, and would be unduly prejudiced by needing to wait well over a year, while the other parties complete their discovery and file their dispositive motions, before receiving a ruling on their motions.

***Second***, there are numerous grounds for dismissal that uniquely apply to the Foris Defendants and that do not depend on resolution of the other issues currently outstanding (or that have previously been decided) in *In re Ripple*. For instance, although the Court found that the allegations in *In re Ripple*

---

[1] The Court gave Foris Defendants thirty (30) days from the September 20 order to file objections. *Toomey*, ECF No. 86 at 2-3. Although this motion is not an objection, Foris Defendants are filing it within the thirty day period set for objections for the avoidance of doubt as to its timeliness. Foris Defendants did not raise these issues earlier because none of the briefing related to consolidation was served on them.

were sufficient to overcome a statute of repose defense asserted by the Ripple Defendants at the motion to dismiss stage, that case was filed in August 2019. *In re Ripple*, ECF No. 85 at 15. By contrast, the *Toomey* plaintiffs did not assert federal securities claims against Foris Defendants until March 2021. *Toomey*, ECF No. 81 at 11, ECF No. 82 at 14. This nearly two-year difference makes the case against Foris Defendants untimely even if the earlier-filed complaint in *In re Ripple* does not have the same defect as to the Ripple Defendants. Indeed, the Court's ruling in *In re Ripple* makes clear that XRP was offered, at the very latest, by 2017, which would mean that federal securities law claims first asserted in 2021 are clearly barred by the three-year statute of repose. *See In re Ripple*, ECF No. 85 at 18.

Moreover, Foris Defendants, who are alleged to operate an online platform used to purchase XRP or to have "participated" in the sales of XRP,[2] have argued the failure to plead a domestic transaction. *Toomey*, ECF No. 81 at 9-11, No. 82 at 12-14. The defendants in *In re Ripple* did not seek dismissal on a similar ground. Likewise, Foris Global is an Irish company and has contended that the Court lacks personal jurisdiction over it, *Toomey*, ECF No. 82 at 7-9 − an argument that was not made by the defendants in *In re Ripple*.

Additionally, although the Court has already concluded that the complaint against Ripple Labs and certain affiliated parties adequately pleads that they are statutory sellers, the argument that Foris Defendants make on that point is different. Even if the issuer of XRP (Ripple Labs) is a seller, it by no means follows that a platform on which XRP is alleged to have been traded (which is what Foris Defendants are alleged to be) is also a seller. The defendants in *In re Ripple* are also alleged to have made over $1 billion on XRP and to have actively promoted it through a variety of channels. *In re Ripple*, ECF No. 85 at 22. None of this is even alleged to be true of Foris Defendants.

***Third***, resolution of the motions to dismiss is necessary to avoid circumvention by the *Toomey* plaintiffs of the Private Securities Litigation Reform Act, which provides that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent

---

[2] The *Toomey* plaintiffs group together Foris Defendants in a way that is unclear and fails to comport with the entities' actual operations. But for present purposes, Foris Defendants take the vague and conclusory allegations as true.

undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). No such motion to take discovery has been filed, and the *Toomey* plaintiffs should not be permitted to take discovery from Foris Defendants while the motions to dismiss are pending. But given that discovery is ongoing in *In re Ripple*, there is a risk, absent a prompt ruling on the motions to dismiss (or other relief, discussed below), that Foris Defendants could be prematurely forced to respond to burdensome discovery or be prejudiced if they refrain from taking and participating in their own discovery, even if the claims against them are ultimately found not to be viable.

Apart from the burden, such an approach would also give the T*oomey* plaintiffs a license to fish in order to try to cure deficiencies in their complaint. Although Foris Defendants are confident that no amount of discovery can overcome these deficiencies, the *Toomey* plaintiffs should not be permitted to bypass the statutory scheme. This is particularly true because such circumvention would unfairly benefit the *Toomey* plaintiffs from a timeliness perspective. Whereas a later amendment could conceivably relate back to the initial filing (which itself is untimely), a prompt dismissal would make any later re-filing even more untimely than the current iteration.

**B.   Alternatively, Foris Defendants request a stay of discovery against them**

In the event the Court declines to rule on the motions to dismiss pending resolution of other matters in *In re Ripple*, Foris Defendants seek clarification about how the discovery deadlines in *In re Ripple* apply to them. In this scenario, Foris Defendants' preferred outcome is a stay that prevents any plaintiffs in *In re Ripple*/*Toomey* from taking discovery from Foris Defendants (and likewise prevents Foris Defendants from taking discovery from any plaintiffs) until Foris Defendants' motions to dismiss are resolved. Such a stay would be the only way of preserving Foris Defendants' statutory immunity from discovery.[3]

Finally, if the Court postpones a ruling on the motions to dismiss and does not grant Foris Defendants any relief from discovery, Foris Defendants seek clarification about how they should proceed with discovery. The Court's order could be read to suggest that Foris Defendants cannot

---

[3] Foris Defendants recognize that this procedure creates inefficiencies, as there would potentially need to be an additional discovery window built in at the tail end of *In re Ripple* to allow Foris Defendants to take and respond to discovery. That is among the reasons why Foris Defendants believe that the most practical resolution is a ruling at the Court's earliest convenience (following full briefing) on the pending motions to dismiss.

defend themselves at all until other outstanding issues are addressed. If Foris Defendants are required to respond to discovery (an outcome they seek to avoid), they should likewise be able to take discovery.

As a result, if the Court does not grant any of the other relief sought in this motion, Foris Defendants request that the Court, at a minimum, expressly impose on the *Toomey* plaintiffs and Foris Defendants the same discovery deadlines that are applicable to the other parties in *In re Ripple*.

Dated: October 20, 2021

Respectfully submitted,

/s/Matthew G. Ball

MATTHEW G. BALL (SBN 208881)
matthew.ball@klgates.com
JEREMY M. MCLAUGHLIN (SBN 258644)
jeremy.mclaughlin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, California 94111
Telephone: (415) 249-1014
Facsimile:  (415) 882-8220

STAVROULA E. LAMBRAKOPOULOS
(*Pro Hac Vice*)
stavroula.lambrakopoulos@klgates.com
K&L GATES LLP
1601 K Street, N.W.
Washington, DC 20006
Telephone: (202) 778-9248
Facsimile:  (202) 778-9100
*Attorneys for Foris Defendants*

**PROOF OF SERVICE**

Case No. 4:18-cv-06753-PJH

I am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is K&L GATES LLP, Four Embarcadero Center  Suite 1200  San Francisco  CA 94111.

I hereby certify that on October 20, 2021, I used the CM/ECF system for electronic service on all parties/attorneys of record registered for CM/ECF service of the following document(s):

**MOTION FOR CLARIFICATION**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 20, 2021, at San Francisco, California.

/s/ Kim Love
Kim Love
kim.love@klgates.com

PROOF OF SERVICE