**BURSOR & FISHER, P.A.**
Sarah N. Westcot (SBN 264916)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: 305-330-5512
Facsimile: (305) 676-9006

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADI ZAKINOV, *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>RIPPLE LABS, INC., *et al.*,<br>    Defendants. | Case No. 4:18-cv-06753-PJH<br><br>***TOOMEY* PLAINTIFFS' RESPONSE TO DEFENDANTS FORIS DAX GLOBAL LIMITED, FORIS, INC., AND FORIS DAX, INC.'s MOTION FOR CLARIFICATION** |

Plaintiffs in the now-consolidated *Toomey v. Ripple Labs, Inc.*, No. 3:21-cv-6518 (N.D. Cal.) action, hereby respond to Defendants Foris, Inc. ("Foris"), Foris Dax, Inc. ("Foris Dax"), and Foris DAX Global Limited's ("Foris Global") (collectively, "Foris Defendants") motion for clarification to address the assertions contained therein.

By way of background, the Court issued a Related Case Order on the *Zakinov* docket on September 20, 2021 (ECF No. 149) wherein the Court related the *Toomey* matter to the *Zakinov* matter. The Related Case Order stated that "[u]nless otherwise ordered, any dates for hearing noticed motions are vacated and must be re-noticed by the moving party before the newly assigned judge." To date, the Foris Defendants have not re-noticed their motions to dismiss. The Court additionally entered an Order Consolidating Cases on September 20, 2021 in the *Toomey* action, stating that "to the extent that the newly-consolidated action involves legal issues arising only under Florida state law, or involves legal issues relating to defendants that are not named in In re

TOOMEY PLAINTIFFS' RESPONSE TO DEFENDANTS FORIS DAX GLOBAL LIMITED, FORIS, INC., AND FORIS DAX, INC.'S MOTION FOR CLARIFICATION
CASE NO. 4:18-cv-06753-PJH

1

Ripple, those issues will not be addressed until the court has resolved the legal issues raised by the earlier-filed action." (ECF No. 85).  Plaintiffs in the *Toomey* action understand this to mean that the Court will resolve the threshold legal issue (namely whether XRP is a security) before considering any additional issues related to Florida law or the additional defendants named in the *Toomey* action, tantamount to a stay of the *Toomey* action pending resolution of the threshold legal issues.  To the extent the Court envisions otherwise, Plaintiffs agree that clarification as to moving forward is necessary.

The Foris Defendants raise several issues in their motion that require a brief response.

### A. The Foris Defendants Must Re-Notice Their Motion To Dismiss As Ordered In The Related Case Order

*First*, the Court's Related Cases Order clearly requires the Foris Defendants to re-notice their motions to dismiss for a new hearing date, which they have not done.  It is true that, prior to the case being formally related to and consolidated with the present matter, the parties entered into a stipulation setting forth a briefing schedule.  However, such stipulation was rendered moot by the Related Cases Order.  If the Foris Defendants seek resolution of their motions to dismiss, they should follow the instructions in the Related Cases Order and re-notice the motion for a new date before this Court, under which a new briefing schedule will follow.  If the Court should be inclined to set an alternative briefing schedule, the *Toomey* Plaintiffs request that they be provided twenty-one (21) days from the entry of an order of clarification.  The *Toomey* Plaintiffs do not oppose an additional twenty-one days for the Foris Defendants to file replies.   However, it is not appropriate for the Court to simply adopt the schedule in a now moot stipulation, such a result would be prejudicial to the *Toomey* Plaintiffs.

*Second*, the Foris Defendants use their administrative motion for clarification to re-assert substantive arguments regarding their contemplated motion to dismiss.  This is not the time or place for substantive arguments, but the *Toomey* Plaintiffs wish to note that they categorically

TOOMEY PLAINTIFFS' RESPONSE TO DEFENDANTS FORIS DAX GLOBAL LIMITED, FORIS, INC., AND FORIS DAX, INC.'S MOTION FOR CLARIFICATION
CASE NO. 4:18-cv-06753-PJH

2

disagree that any of the arguments raised by the Foris Defendants have any merit whatsoever and stand ready and able to substantively oppose each of those arguments during motion to dismiss briefing, should the Court choose to proceed with the same.

**Third**, the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 77z–1, has overlaid the *Toomey* action from its inception, and has served as a bar to Plaintiffs in the *Toomey* action from obtaining any discovery from any defendant to date. Under the PSLRA, discovery as to the Foris Defendants is stayed pending a resolution of the motions to dismiss. 15 U.S.C. § 77z–1(b)(1). As the *Toomey* Plaintiffs understand the Court's consolidation order, the Court is tabling all issues related to the Foris Defendants and Florida state law claims until after resolution of the legal issues in the *Zakinov* action. The *Toomey* Plaintiffs understand that following resolution of the legal issues in *Zakinov*, motion to dismiss briefing and a discovery period related to the unique issues in *Toomey* would follow, to the extent they are still relevant. If the Court envisions otherwise, then the *Toomey* Plaintiffs should be able to seek discovery from the Foris Defendants (and the Ripple Defendants) regarding their unique claims immediately. The *Toomey* Plaintiffs agree that clarification on this point from the Court would be useful.

**B. The *Toomey* Plaintiffs Are Entitled To Full And Fair Discovery**

In seeking to shield themselves from discovery, the Foris Defendants request a stay of discovery against them (which already exists pursuant to the PSLRA), but then raise a number of requests, all of which are prejudicial to the *Toomey* Plaintiffs. As it relates to the subject of discovery, the *Toomey* Plaintiffs suggest that the *Toomey* action be stayed pending resolution of the legal issues in the *Zakinov* action. Then, the *Toomey* action can resume (as necessary). The *Toomey* Plaintiffs understand this as the upshot of the Court's consolidation order.

Placing the *Toomey* Plaintiffs on the existing discovery schedule is unfair because the parties in *Zakinov* have already completed approximately a year of discovery relating to the issues

TOOMEY PLAINTIFFS' RESPONSE TO DEFENDANTS FORIS DAX GLOBAL LIMITED, FORIS, INC., AND FORIS DAX, INC.'S MOTION FOR CLARIFICATION
CASE NO. 4:18-cv-06753-PJH

3

in this case, and the *Toomey* Plaintiffs have received no discovery to date (due to the PSLRA stay). If the Court should require both actions to be on the same schedule, then the Court should order that all discovery produced to date, and deposition transcripts, be provided to the *Toomey* Plaintiffs immediately. The *Toomey* Plaintiffs should also be entitled to depose or re-depose witnesses as necessary. The *Toomey* Plaintiffs should also be permitted to immediately seek additional discovery against the Foris Defendants and the Ripple Defendants regarding the unique legal issues in the *Toomey* case.

Dated: October 21, 2021

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  */s/ Sarah N. Westcot*

Sarah N. Westcot
701 Brickell Ave, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

*Attorneys for Plaintiffs*

TOOMEY PLAINTIFFS' RESPONSE TO DEFENDANTS FORIS DAX GLOBAL LIMITED, FORIS, INC., AND FORIS DAX, INC.'S MOTION FOR CLARIFICATION
CASE NO. 4:18-cv-06753-PJH

4