James Q. Taylor-Copeland (SBN 284743)
james@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

Marc M. Seltzer (SBN 54534)
mseltzer@susmangodfrey.com
Steven G. Sklaver (SBN 237612)
ssklaver@susmangodfrey.com
Oleg Elkhunovich (SBN 269238)
oelkhunovich@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Meng Xi (SBN 280099)
mxi@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Ste. 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

P. Ryan Burningham (Admitted *pro hac vice*)
rburningham@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: 206) 516-3883

*Counsel for Lead Plaintiff Bradley Sostack*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re RIPPLE LABS INC. LITIGATION,

---

This Document Relates to:

ALL ACTIONS

Case No. 4:18-cv-06753-PJH

**LEAD PLAINTIFF BRADLEY SOSTACK'S RESPONSE TO FORIS DEFENDANTS' MOTION FOR CLARIFICATION**

Judge: Hon. Phyllis J. Hamilton

Lead Plaintiff Bradley Sostack respectfully submits this response to the Foris Defendants' Motion for Clarification (ECF No. 150).

On September 3, 2021, Lead Plaintiff and defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse filed a joint administrative motion asking the Court to consider whether *Toomey v. Ripple Labs, Inc.*, No. 3:21-cv-06518, should be related to and consolidated with this consolidated case, *In re Ripple Labs Inc. Litigation*, No. 4:18-cv-06753. ECF No. 145. On September 20, 2021, the Court consolidated the *Toomey* action with the *In re Ripple* action for pretrial purposes. ECF No. 149. The Court's order in the *In re Ripple* action instructed that "any dates for hearing noticed motions are vacated and must be re-noticed by the moving party before the newly assigned judge." *Id.* And the consolidation order issued in the *Toomey* action explained that, "to the extent that the newly-consolidated action involves legal issues arising only under Florida state law, or involves legal issues relating to defendants that are not named in *In re Ripple*, those issues will not be addressed until the court has resolved the legal issues raised by the earlier-filed action." *Toomey*, ECF No. 85.

The Court's orders were not ambiguous. Any hearing dates in *Toomey* were vacated, and the Court will not address legal issues arising only under Florida law or legal issues relating to defendants not named in *In re Ripple* (including the Foris Defendants) until the Court has resolved the legal issues raised by *In re Ripple*. In effect, the *Toomey* action is stayed pending resolution of *In re Ripple*.

The Foris Defendants' motion is couched as one for "clarification," but it is effectively asking the Court to reverse course and address issues relating to the Foris Defendants now despite the Court's clear instruction that it would address them later. The Court should decline this request because none of the reasons the Foris Defendants present in support are persuasive.

*First*, the Foris Defendants claim they will be "unduly prejudiced" by waiting until the legal issues raised by *In re Ripple* are resolved. Mot. at 2. But merely being named as a defendant is not legal prejudice—let alone "undue" prejudice. As the Ninth Circuit has explained, legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands*

*Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). "Uncertainty because a dispute remains unresolved is not legal prejudice." *Id.*

*Second*, the Foris Defendants argue that their asserted grounds for dismissal are unique to them. The Fortis Defendants are incorrect. All three issues the Fortis Defendants identify have arisen or may arise in *In re Ripple*. The Foris Defendants' statute-of-repose defense is the same as that raised by the *In re Ripple* defendants, just with different dates. The Foris Defendants' domestic-transaction argument is not unique either. Although the *In re Ripple* defendants have not raised that issue in this action, Mr. Garlinghouse raised the issue in a motion to dismiss in the SEC enforcement proceeding against the *In re Ripple* defendants pending in the Southern District of New York. *See S.E.C. v. Ripple Labs Inc.*, No. 20-cv-10832-AT-SN, ECF No. 111 at 20–29 (Mem. of Law in Support of Def. Bradley Garlinghouse's Mot. to Dismiss). The statutory-seller issue also is not unique to the Foris Defendants. As they admit, who is and who is not a statutory seller has already been briefed and addressed by this Court. *See* Order Granting in Part and Denying in Part Defs.' Mot. to Dismiss at 21–22, ECF No. 85.

In sum, the Foris Defendants' purported grounds for dismissal are not unique to the *Toomey* action. But even if these issues were unique to them, permitting the Foris Defendants to engage in motion practice at this stage of the proceedings would needlessly complicate the prosecution and defense of *In re Ripple*, potentially resulting in duplication, and needless expense and effort. The *Toomey* plaintiffs are members of the putative class in *In re Ripple*, no parties have objected to consolidation, and it is the Court-appointed Lead Plaintiff, not the *Toomey* plaintiffs, that is "empowered to control the management of the litigation as a whole." *In re Bank of Am. Corp. Securities, Derivative & ERISA Litig.*, 2010 WL 1438780, at *2 (S.D.N.Y. Apr. 9, 2010). The PSLRA calls for appointing a lead plaintiff to avoid precisely this sort of duplication of effort and confusion caused by later-filed complaints. *See McIntire v. Mariano*, 2019 WL 78982, at *6 (S.D. Fla. Jan. 2, 2019).

*Third*, the Foris Defendants' concern that the *Toomey* plaintiffs will circumvent the PSLRA's discovery stay is unfounded. The *Toomey* plaintiffs concede that the Court's consolidation order effectively stayed the *Toomey* action pending resolution of *In re Ripple*. *See*

*Toomey* Pl.'s Resp. at 3, ECF No. 151. Consequently, no party has proposed seeking discovery from the Foris Defendants.

The Court's orders were clear. The *Toomey* action is effectively stayed pending resolution of *In re Ripple*. For the reasons above, that should not change.

Dated: October 25, 2021

By: /s/ P. Ryan Burningham
P. Ryan Burningham

James Q. Taylor-Copeland (SBN 284743)
james@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

Marc M. Seltzer (SBN 54534)
mseltzer@susmangodfrey.com
Steven G. Sklaver (SBN 237612)
ssklaver@susmangodfrey.com
Oleg Elkhunovich (SBN 269238)
oelkhunovich@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Meng Xi (SBN 280099)
mxi@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Ste. 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

P. Ryan Burningham (Admitted *pro hac vice*)
rburningham@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: 206) 516-3883

*Counsel for Lead Plaintiff Bradley Sostack*