April 11, 2022

**DISCOVERY MATTER**

<u>BY ECF</u>
Honorable Robert M. Illman
United States District Court
Northern District of California
Eureka-McKinleyville Courthouse
3140 Boeing Ave
McKinleyville, CA 95519

   Re: *In re Ripple Labs Inc. Litigation*, Case No. 4:18-cv-06753-PJH

Dear Judge Illman:

Pursuant to the Order of Reference to Magistrate Judge (Dkt. 135) and the Court's Standing Order § 13(a),[1] Lead Plaintiff Bradley Sostack ("Plaintiff") and Defendants Ripple Labs, Inc., XRP II, LLC, and Bradley Garlinghouse (collectively "Defendants") submit this joint letter regarding a discovery dispute over the production of documents from another case—*S.E.C. v. Ripple Labs Inc.*, No. 1:20-cv-10832-AT-SN (S.D.N.Y.) (the "*SEC Action*")—which alleges similar security law violations as alleged by Lead Plaintiff here and is currently pending in the Southern District of New York. The parties have met and conferred numerous times over this issue, and now respectfully request the Court's attention to resolve the remaining impasse.

<u>Issue</u>

Whether, in response to Plaintiff's Request for Production 103 ("All documents produced by any party or by any third-party in the case *Securities and Exchange Commission v. Ripple Labs, Inc.*, 20 Civ. 10832 (AT), S.D.N.Y."),[2] Defendants must produce documents in this case that were produced or provided to Defendants by third parties in the *SEC Action* and contain confidentiality designations under the Protective Order in the *SEC Action*.

<u>**Plaintiff's Final Position**</u>

The Court should order Defendants to produce the documents from the *SEC Action*. Defendants have these documents in their possession and ***have already agreed to produce them***. *See* Attachment B (Defendants' Response to RFP 103). The documents are plainly relevant, *see* Dkt. 157 (stipulating that the *SEC Action* "involves many of the same factual and legal questions at issue in this case"), and there is no burden in producing these documents. The Protective Orders in this matter and the *SEC Action* both explicitly provide mechanisms for producing a third party's confidential material,[3] and the confidentiality of these documents will be equally protected by the Protective Order in this action as in the *SEC Action*. *See Huang v. Big Data Supply Inc.*, 2021 WL 4816827, at *5–6 (C.D. Cal. Aug. 12, 2021) (ordering production of third-party confidential

---

[1] https://www.cand.uscourts.gov/wp-content/uploads/judges/illman-rmi/RMI-Standing-Order.pdf
[2] *See* Attachment A.
[3] *See* Dkt. 143 § 9(c) (Revised Stipulated Protective Order) (Attachment C); *SEC Action*, Dkt. 53 ¶ 23 (Stipulation and Protective Order) (Attachment D).

April 11, 2022
Page 2

documents in party's possession and noting that the protective order permitted the producing party to designate items for protection). Plaintiff therefore respectfully requests that the Court issue the following order, which is consistent with the procedures in both Protective Orders:

> Defendants are required to produce all documents and written discovery produced in the *Securities and Exchange Commission v. Ripple Labs Inc., et al.*, Case No. 1:20-cv-1083-AT-SN (S.D.N.Y.) action within thirty (30) days of the issuance of this Order, including: (a) all documents produced by any party or third party, (b) all discovery responses, (c) all deposition transcripts, and (d) all expert reports produced by any party. Within seven (7) days of the issuance of this order, Defendants must provide notice to all third parties pursuant to section 9 of the protective order in this action and paragraph 23 of the protective order in the *SEC Action*, along with a copy of this order. If any third party files a motion for a protective order in this Court before the deadline to produce, production of that party's documents (or documents discussing the same) is stayed pending resolution of the motion. All documents will be produced pursuant to the protective order in this action (Dkt. 143) with the same confidentiality designations as in the *SEC Action*.

Defendants' arguments against Plaintiff's requested relief have no merit and should be rejected.

*First*, Defendants misleadingly describe the *SEC Action* Protective Order as requiring third parties to "affirmatively opt-in before their materials may be produced." The language quoted by Defendants, from paragraphs 9–10 and 13 of the *SEC Action* Protective Order, deals with Defendants' *use* of confidential materials produced pursuant to the Protective Order. The issue here is Defendants' ***production*** of those materials in other litigation, which is addressed in an entirely different section of the *SEC Action* Protective Order. *See* Attachment D at 12–13 ("F. Confidential Material Subpoenaed or Ordered Produced in Other Litigation"). Section F explicitly allows for production of a third party's confidential materials without affirmative consent:

> Nothing in this Order will prevent a Receiving Party from producing any Confidential Material in its possession in response to a lawful subpoena or other compulsory process (collectively, a "**Demand**"), provided that such Receiving Party, to the extent permitted by law, gives written notice to the Designating Party as soon as reasonably permitted by the time allowed under the request, and in no event less than ten (10) business days before any disclosure unless prohibited by law. . . . Upon receiving such notice, the Designating Party will bear the burden to oppose compliance with the Demand.[4]

*Second*, Defendants incorrectly state that Plaintiff's requested relief would "come at the expense of third parties seeking to raise potentially valid objections and/or protect confidential information."[5] Not so. Plaintiff's requested relief effectuates the explicit procedures in the

---

[4] *See id.* ¶ 23.
[5] Most third parties, including the SEC, have already consented to production.

April 11, 2022
Page 3

Protective Orders: it (a) has Defendants give the notice they are required to provide pursuant to the Protective Orders, and (b) allows third parties the opportunity to seek a protective order in this action before any documents are produced. Defendants' position—that a third party can hijack production by simply withholding consent—is irreconcilable with explicit language *that **Defendants stipulated to*** in both Protective Orders that puts the burden on third parties to protect their own rights. *See* Attachment C (Protective Order in this matter) § 9(c) (allowing production of a third party's confidential documents after notice unless the third party "files a motion for a protective order in this Court"); Attachment D (*SEC Action* Protective Order) ¶ 23 (third party "bear[s] the burden to oppose compliance"). The Court should reject Defendants' self-serving position that these agreed-to and court-ordered procedures are now improper and unfair.

Defendant's argument that some third parties oppose production on "relevance" grounds is disingenuous. Almost half of the non-consenting "third parties" are current or former employees of Ripple, including Ripple's executive chairman Chris Larsen. Their materials are clearly relevant. And to the extent that they do have concerns, they are able to raise them in this Court in a timely motion for a protective order. Troublingly, Defendants only raised this issue recently, and only provided a full list of these individuals when circulating their portion of the draft letter.

*Third*, Defendant's argument that Plaintiff should be forced to subpoena the documents from third parties is inconsistent with well-established case law and basic principles of fairness. Defendants do not cite a single case for their assertion that a subpoena is the "normal process" in this situation. That is because it is not. Courts routinely hold that discovery should proceed from a party over a third party, *see, e.g.*, *Genus Lifesciences Inc. v. Lannett Co., Inc.*, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019) ("[W]hen an opposing party and a non-party both possess documents, the documents should be sought from the party to the case." (citation omitted)), and facilitate the production of documents from prior litigation to avoid the need for expensive and duplicative discovery, *see, e.g.*, *Hall v. Marriott Int'l, Inc.*, 2021 WL 1906464, at *7–8 (S.D. Cal. May 12, 2021) (ordering production of written discovery from related litigation and noting that "having the discovery from the D.C. action could streamline discovery in this action"). Courts, unsurprisingly, favor efficient, streamlined discovery over burdensome, unnecessary procedures.

Defendants' insistence that Plaintiff now subpoena twenty entities, including current and former Ripple employees, ***when Defendants already have the documents in their possession***, is also unfair. Plaintiff has spent significant time and effort over the last year working with Defendants to contact and secure consent from third parties in good faith to help minimize Defendants' burden. Defendants now improperly refuse to work with Plaintiff to get the documents in the most efficient and timely manner—an order from this Court that will clearly allow for production. The Court should reject Defendants' nonsensical argument that because Plaintiff previously subpoenaed documents from one third party, Plaintiff should now be forced to subpoena twenty other third parties (and enforce those subpoenas in jurisdictions across the country, if necessary) to get documents that Defendants already have in their possession.

For these reasons, the Court should provide the requested relief.

April 11, 2022
Page 4

### **Defendants' Final Position**

Plaintiff asks this Court to order Defendants to produce documents that third parties produced or provided to either the SEC or Defendants in the *SEC Action* and designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the SEC Action Protective Order. Defendants oppose this request for three reasons: (1) the SEC Action Protective Order prevents Defendants from agreeing to produce such documents; (2) many third parties have objected to Defendants producing these documents to Plaintiff, including on relevance grounds (i.e., that the claims and defendants in the *SEC Action* are not identical to those in this action); and (3) Plaintiff has not undertaken any effort to obtain these documents through the normal third-party subpoena process, which would permit third parties a full and fair opportunity to be heard. As discussed more fully below, this Court should not allow the rights of third parties who produced documents in a government enforcement action under protections of another court's protective order to be superseded by Plaintiff's preference to not undertake the effort to obtain these documents through the lawful means available to them.

<u>Defendants' Obligations Under SEC Action Protective Order</u>

Subject to certain limited objections, Defendants do not dispute that third-party discovery in the *SEC Action* will generally be discoverable in this action. Plaintiff properly sought these documents from Defendants first, and, as discussed below, Defendants made every effort to contact and obtain consent from third parties to produce those documents in accordance with this Court's Protective Order, Dkt. 143 § 9(c). Attach. E. That said, Defendants are bound not just by the Protective Order in this action but by the SEC Action Protective Order as well.

The SEC Action Protective Order provides that documents produced in that litigation and designated under that order can only be disclosed to a designated list of individuals (none that include litigants in another action). Attach. D ¶¶ 9-10; *see also* ¶ 13 (confidential material     cannot be used "for any other purpose whatsoever by a Receiving Party, including for . . . any other litigation or proceeding, unless agreed to in a signed writing between such Receiving Party and the Designating Party.") Thus, while the Protective Order in this action requires that third-parties object only if they to wish to ***opt-out*** of production of its materials, the SEC Action Protective Order requires that third parties ***affirmatively opt-in*** before their materials may be disclosed.[6] Paragraph 23 provides a limited exception to earlier requirements for instances in which the Receiving Party receives "a lawful subpoena or other compulsory process." *Id.* ¶ 23.

These stringent requirements are in place to protect the rights of the third parties and to ensure that those parties have proper notice and the opportunity to defend their interests. *Lemberg Law LLC v. Hussin*, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) ("The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts.") (citing *United States v. C.B.S., Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1982)); *see also Mona Vie, Inc. v. Amway Corp.*, 2009 WL 524938, at *4 (D. Colo. Mar. 2, 2009) (admonishing a party's attempt to

---

[6] *Compare* Attach. C ¶ 9.C ("***If the Non-Party fails to object***") *with* Attach. D ¶ 13: ("***unless agreed to in a signed writing*** between such Receiving Party and the Designating Party.")

April 11, 2022
Page 5

circumvent another court's protective order by seeking discovery of one party's confidential documents through a non-party).

<u>Defendants' Extensive Efforts to Obtain Third Party Consents</u>

As a result of the limitations in the SEC Action Protective Order, Defendants undertook extensive efforts to identify and provide notice to third parties who had produced or provided documents Confidential documents in the *SEC Action*.   Contrary to Plaintiff's characterization of the parties' efforts, it was *Defendants* who, in good faith, have spent nearly a year working to obtain as many consents as possible (efforts which continue to this day).   Defendants sent their first notice letters in May 2021 (Attch. E), and on August 18, 2021 provided a list to Plaintiff of which third-parties had consented and which had not.   Ripple even provided the contact information to Plaintiff for the third parties who did not consent, precisely so that Plaintiff could obtain those documents through the subpoena process or informal discussions.

To date, Ripple has received consent from 28 third parties, but 15 have affirmatively objected to production, and 4 have not responded to Defendants' request.[7]   While abiding by the limitations presented by the SEC Action Protective Order, Defendants have nonetheless produced over 185,000 documents that were produced in the *SEC Action* comprising well over a million pages.

<u>Third Parties Have Objected to Defendants' Request</u>

As noted above, 15 third parties have objected to Defendants' production of their documents. While the precise reason for each third-party's objection is unknown to Defendants, several of the third parties have contended that documents produced in the *SEC Action* are not relevant to this action because they relate to a Defendant (Chris Larsen) in the *SEC Action* who is not a party to this case.   Others have raised concerns about other third-parties' confidential information being contained in their production.   Defendants have informed Plaintiff of these objections and provided written correspondence sent from third parties that identified some of their concerns.

<u>Plaintiff Should Obtain These Documents Through the Subpoena Process</u>

Fortunately, there is an easy and appropriate remedy for Plaintiff and non-consenting third parties to sort out these issues: Plaintiff may, and should, subpoena those third parties for the documents they produced in the *SEC Action*. *See* Fed. R. Civ. P. 45.   That process—which is the normal process contemplated by the Federal Rules of Civil Procedure—ensures that third parties will have a full and fair opportunity to raise objections and provide only those documents that are relevant under the document requests.   *Loop AI Labs Inc v. Gatti*, 2015 WL 5522166, at *6 (N.D. Cal. Sept. 18, 2015) (weighing the "relevance of the discovery sought" in determining the appropriate scope of a subpoena); *Kelly v. Provident Life and Accident Ins. Co.*, 2008 WL 5132851 (S.D. Cal. Dec. 5, 2008) (noting that a relevance analysis is still required when seeking documents produced in a

---

[7] Plaintiff correctly notes that some of the objecting parties (9 of 15) are current or former Ripple employees, but does not explain why that means they (or any other third-party) should be deprived of the opportunity to discuss the scope of any document production with Plaintiff in this action before having to burden this Court with a motion for a protective order.

10524702v1/016433

April 11, 2022
Page 6

collateral action). Curiously, Plaintiff has chosen to issue a subpoena to one third-party, but rather than pursue this lawful activity for the others, has instead chosen to file this meritless motion without, to our knowledge, attempting to resolve the third parties' concerns.

While Plaintiff seeks an order from this Court compelling Defendants to produce confidential third-party documents for the sake of "orderly" discovery, it would do so at the expense of third parties seeking to raise potentially valid objections. Plaintiff's request seeks to shift the burden and expense of discovery from the party who chose to initiate this action, to non-parties (including former employees of Ripple) and this Court. Plaintiff's approach would require third parties to file an affirmative motion for a protective order without first requiring Plaintiff to engage the third-party to see if sensible resolutions can be reached on the scope of a production without Court intervention. This tactic should not be condoned as it would operate to the detriment of non-parties who are entitled to the confidentiality protections afforded them in an ongoing, high profile government enforcement action and will place an unnecessary burden on this Court. For all of these reasons, Plaintiff's request should be denied.

Dated: April 11, 2022

| | |
|---|---|
| */s/ Nicholas N. Spear* | */s/ Suzanne E. Nero* |
| James Q. Taylor-Copeland (SBN 284743) | Damien J. Marshall *(Admitted pro hac vice)* |
| james@taylorcopelandlaw.com | dmarshall@kslaw.com |
| TAYLOR-COPELAND LAW | Andrew Michaelson *(Admitted pro hac vice)* |
| 501 W. Broadway, Suite 800 | amichaelson@kslaw.com |
| San Diego, CA 92101 | KING & SPALDING LLP |
| Telephone: (619) 400-4944 | 1185 Avenue of the Americas, 34th Floor |
| Facsimile: (619) 566-4341 | New York, NY 10036 |
| | Telephone: (212) 556-2100 |
| Marc M. Seltzer (SBN 54534) | Facsimile: (212) 556-2222 |
| mseltzer@susmangodfrey.com | |
| Steven G. Sklaver (SBN 237612) | Suzanne E. Nero (SBN 284894) |
| ssklaver@susmangodfrey.com | snero@kslaw.com |
| Oleg Elkhunovich (SBN 269238) | KING & SPALDING LLP |
| oelkhunovich@susmangodfrey.com | 50 California Street, Suite 3300 |
| Krysta Kauble Pachman (280951) | San Francisco, CA 94111 |
| kpachman@susmangodfrey.com | Telephone: (415) 318-1200 |
| Nicholas N. Spear (304281) | Facsimile: (415) 318-1300 |
| nspear@susmangodfrey.com | |
| SUSMAN GODFREY L.L.P. | Andrew J. Ceresney *(Admitted pro hac vice)* |
| 1900 Avenue of the Stars, 14th Floor Los | aceresney@debevoise.com |
| Angeles, CA 90067 | DEBEVOISE & PLIMPTON LLP |
| Telephone: (310) 789-3100 | 919 Third Avenue |
| Facsimile: (310) 789-3150 | New York, NY 10022 |

10524702v1/016433

April 11, 2022
Page 7


P. Ryan Burningham *(Admitted pro hac vice)*
rburningham@susmangodfrey.com SUSMAN
GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: 206) 516-3883

*Counsel for Lead Plaintiff Bradley Sostack*

Telephone: (212) 909-6000
Facsimile: (212) 909-6836

*Attorneys for Defendants Ripple Labs Inc.,
XRP II, LLC, and Bradley Garlinghouse*

April 11, 2022
Page 8

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in

the filing of this document has been obtained from the other signatory.

DATED: April 11, 2021            */s/ Nicholas N. Spear*
                                              Nicholas N. Spear

10524702v1/016433

April 11, 2022
Page 9

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2022, I electronically filed the foregoing document with

the clerk of the Court and served counsel of record via the CM/ECF system.

Damien J. Marshall
dmarshall@kslaw.com
Andrew Michaelson
amichaelson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

Suzanne E. Nero (SBN 284894)
snero@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

Andrew J. Ceresney
*aceresney*@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836

*Attorneys for Defendants Ripple Labs Inc.,*
*XRP II, LLC, and Bradley Garlinghouse*

*/s/ Nicholas N. Spear*
Nicholas N. Spear

10524702v1/016433

Attachment A

1   James Q. Taylor-Copeland (284743)
    james@taylorcopelandlaw.com
2   TAYLOR-COPELAND LAW
    501 W. Broadway, Suite 800
3   San Diego, CA 92101
    Telephone: (619) 400-4944
4   Facsimile: (619) 566-4341

5   Marc M. Seltzer (54534)
    mseltzer@susmangodfrey.com
6   Steven G. Sklaver (237612)
    ssklaver@susmangodfrey.com
7   Oleg Elkhunovich (269238)
    oelkhunovich@susmangodfrey.com
8   Meng Xi (280099)
    mxi@susmangodfrey.com
9   SUSMAN GODFREY L.L.P.
    1900 Avenue of the Stars, 14th Floor
10  Los Angeles, CA 90067
    Telephone: (310) 789-3100
11  Facsimile: (310) 789-3150

12  P. Ryan Burningham (*pro hac vice*)
    rburningham@susmangodfrey.com
13  SUSMAN GODFREY L.L.P.
    1201 Third Avenue, Suite 3800
14  Seattle, WA  98101
    Telephone: (206) 516-3880
15  Facsimile:  206) 516-3883

16
17  *Counsel for Lead Plaintiff Bradley Sostack*

18              UNITED STATES DISTRICT COURT

19            NORTHERN DISTRICT OF CALIFORNIA

20                   OAKLAND DIVISION

21  | | |
    |---|---|
    In re RIPPLE LABS INC. LITIGATION,

22  

23  This Document Relates To:

24  ALL ACTIONS

| | |
|---|---|
| ) | Case No. 4:18-cv-06753-PJH |
| ) | |
| ) | **CLASS ACTION** |
| ) | |
| ) | LEAD PLAINTIFF'S FOURTH SET OF |
| ) | REQUESTS FOR THE PRODUCTION OF |
| ) | DOCUMENTS |
| ) | |
| ) | **JURY TRIAL DEMANDED** |

25
26
27
28

8017201v1/016433

**TO DEFENDANTS RIPPLE LABS, INC., XRP II, LLC, and BRADLEY GARLINGHOUSE:**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Lead Plaintiff requests that Defendants Ripple Labs, Inc. ("Ripple"); XRP II, LLC ("XRP II"); and Bradley Garlinghouse ("Garlinghouse," and collectively "You(r)") produce and make available for inspection and copying all documents and communications requested below in accordance with the definitions and instructions set forth below, at the office of  Susman Godfrey L.L.P., 1900 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067 within thirty days.

LEAD PLAINTIFF'S FOURTH SET OF RFPS

**DEFINITIONS**

The definitions and rules of construction set forth in the Federal Rules of Civil Procedure are incorporated herein by reference.  The following definitions shall also apply to these requests.

1.      "All" shall include the term "each," and vice versa, as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

2.      "Documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).

**INSTRUCTIONS**

1.      All documents shall be produced in the order they are kept in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile thereof.

2.      If a document was prepared in several copies, or if additional copies were subsequently made, and any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, handwritten notations on the front or back of the document, all such non-identical copies shall be produced.

3.      Documents shall be produced in such fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural person in whose possession they were found, and the business address of each document's custodian(s).

4.      Documents attached to each other should not be separated.

5.      These requests relate to all documents which are in your possession, custody or control, or in the possession, custody or control of your predecessors, successors, parents, subsidiaries, divisions or affiliates, or their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

6.      The documents to be produced pursuant to these requests specifically embrace, in addition to documents within your possession, custody or control, all documents within the possession,

**LEAD PLAINTIFF'S FOURTH SET OF RFPS**

custody or control of any of your agents, accountants, representatives or attorneys.  Such documents also embrace originals and identical copies (whether different from the original because of notes made thereon or otherwise) of the documents described in these requests.

7.     The fact that a document has been or will be produced by another party does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical in all respects.

8.     You shall produce the original of each document described below or, if the original is not in your custody, then a copy thereof, and in any event, all non-identical copies which differ from the original or from the other copies produced for any reason, including, but not limited to, the making of notes thereon.

9.     If any documents fall within the scope of any request but are not being produced, or are being produced with portions redacted, pursuant to any claim of privilege or confidentiality, please provide a log containing the following information:

    a.   the nature of the privilege claimed (*i.e.*, attorney-client, work-product, etc.);

    b.   the name of the person or entity claiming privilege and the name of the attorney, if any, with respect to whom the privilege is claimed;

    c.   the facts upon which you rely as the basis for claiming any privilege as to the specific information or document;

    d.   identify the type of document (*i.e.*, letter, memo, etc.); set forth the subject matter thereof; identify the person who prepared it and each person (if any) who signed it; identify each person to whom it was directed, circulated or shown; and identify each person now in possession of the document.  If any document is produced in redacted form, the word "REDACTED" is to be placed in the redacted section of the document; and

    e.   whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not

4

8017201v1/016433

being produced in full and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not being produced.

10.    If any document called for by these requests has been destroyed or discarded, that document is to be identified by stating:

    a.   the nature of the document;

    b.   the names of any addressor or addressee;

    c.   if there are any indicated or blind copies;

    d.   the document's date, subject matter, number of pages, and attachments or appendices;

    e.   all persons to whom the document was distributed, shown or explained;

    f.   its date of destruction or discard, manner of destruction or discard; and

    g.   the persons authorizing or carrying out such destruction or discard.

11.    With respect to any documents which you contend would be in some way "burdensome" or "oppressive" to produce, please state the specific reasons for that objection.

12.    If you object to part of any request, please furnish documents responsive to the remainder of the request.

13.    Each request refers to all documents You know exist or that You can locate or discover by reasonably diligent efforts.

**PRODUCTION FORMAT**

Documents should be produced in accordance with Appendix 1 of the parties' Stipulated Order Re: Discovery of Electronically Stored Information for Standard Litigation.

**DOCUMENTS REQUESTED FOR PRODUCTION**

<u>REQUEST NO. 103</u>:

      All documents produced by any party or by any third party in the case *Securities and Exchange Commission v. Ripple Labs, Inc.*, 20 Civ. 10832 (AT), S.D.N.Y.

LEAD PLAINTIFF'S FOURTH SET OF RFPS

8017201v1/016433

1

2     DATED:  March 24, 2021                    Respectfully submitted,

3                                                */s/James Taylor-Copeland*
                                                 _____
4                                                James Q. Taylor-Copeland
                                                 TAYLOR-COPELAND LAW
5                                                501 W. Broadway, Suite 800
                                                 San Diego, CA 92101
6                                                Telephone: (619) 400-4944
                                                 Facsimile: (619) 566-4341
7
                                                 */s/ Steven G. Sklaver*
8                                                _____
                                                 Marc M. Seltzer
9                                                Steven G. Sklaver
                                                 Oleg Elkhunovich
10                                               Meng Xi
                                                 SUSMAN GODFREY L.L.P.
11                                               1900 Avenue of the Stars, 14th Floor
                                                 Los Angeles, CA 90067
12                                               Telephone: (310) 789-3100
                                                 Facsimile: (310) 789-3150
13
                                                 P. Ryan Burningham (*pro hac vice*)
14                                               rburningham@susmangodfrey.com
                                                 SUSMAN GODFREY L.L.P.
15                                               1201 Third Avenue, Suite 3800
                                                 Seattle, WA  98101
16                                               Telephone: (206) 516-3880
                                                 Facsimile:  206) 516-3883

17                                               Counsel for Lead Plaintiff Bradley Sostack

18

19

20

21

22

23

24

25

26

27                                              7
28                            LEAD PLAINTIFF'S FOURTH SET OF RFPS
       8017201v1/016433

Attachment B

DAMIEN J. MARSHALL (admitted *pro hac vice*)
dmarshall@kslaw.com
ANDREW MICHAELSON (admitted *pro hac vice*)
amichaelson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100; Fax: (212) 556-2222

SUZANNE E. NERO (SBN 284894)
snero@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300

ANDREW J. CERESNEY (admitted *pro hac vice*)
aceresney@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

*Attorneys for Defendants Ripple Labs Inc.,*
*XRP II, LLC, and Bradley Garlinghouse*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION | Case No. 4:18-cv-06753-PJH |
| This Document Relates to: | **DEFENDANTS' RESPONSES TO LEAD PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR** |
| ALL ACTIONS | |

1    PROPOUNDING PARTY:    Lead Plaintiff

2    RESPONDING PARTY:     Defendants Ripple Labs Inc. ("Ripple"); XRP II, LLC ("XRP II");

3                          and Bradley Garlinghouse ("Garlinghouse")

4    SET NUMBER:           Four

5        Pursuant to Federal Rule of Civil Procedure 34, Defendants Ripple Labs Inc., XRP II,

6    LLC, and Bradley Garlinghouse (together, "Defendants") hereby respond and object to Lead

7    Plaintiff's Request for the Production of Documents, Set Four (the "Requests").

8                                **GENERAL OBJECTIONS**

9        1.      Defendants object to the Requests to the extent they seek to impose obligations

10   inconsistent with, beyond, or in addition to those imposed by the Federal Rules of Civil

11   Procedure, the Local Rules of the Northern District of California, the Stipulated Protective Order

12   as Modified by the Court (ECF No. 120) (the "Protective Order"), the Stipulated Order

13   Regarding Discovery of Electronically Stored Information for Standard Litigation as Modified

14   by the Court (ECF No. 121) (the "ESI Stipulation"), and any other court order or stipulation

15   governing discovery in this case.

16       2.      Defendants object to the Requests to the extent they seek information protected by

17   the attorney-client privilege, the attorney work product doctrine, and/or any other applicable

18   privileges. Defendants will not provide any privileged and/or protected information. Any

19   disclosure of privileged information would be inadvertent and should not be deemed a waiver of

20   privilege.

21       3.      Defendants object to the Requests to the extent they seek information that is not

22   relevant to any claim or defense in this action and is not reasonably likely to lead to the

23   discovery of relevant information.

24       4.      Any responses to these Requests provided by Defendants are solely for the

25   purpose of this litigation. Any attempt by Plaintiff or any other person or entity to use or

26   disseminate the Responses, the information contained in the Responses, or the documents

27   produced by Defendants in this litigation beyond this litigation is objected to as improper and

28   will be subject to appropriate action.

5.      By these Responses, Defendants do not, and do not intend to: (1) waive any objections as to the admissibility of evidence or the competency of, relevancy of, materiality of, or privilege attaching to any information disclosed in these Responses; or (2) waive the right to object to other discovery requests or undertakings involving or reflecting the subject matter requested herein.  These Responses do not constitute, nor should they be construed as, admissions with respect to the relevancy or admissibility of any evidence or document, or the truth or accuracy of any statement, characterization, or other information contained in Plaintiff's Requests or in any document.  Defendants expressly do not concede the relevancy or materiality of any documents or information produced based on these Responses or any subject matter to which they refer.

6.      These Responses are based upon information currently known or believed to be true by Defendants. Defendants reserve the right to modify or supplement these Responses.

## OBJECTIONS TO INSTRUCTIONS

1.      Defendants object to Instruction No. 3 to the extent that it imposes obligations beyond that required by the Federal Rules of Civil Procedure and the ESI Stipulation in this case.

2.      Defendants object to Instruction Nos. 5 and 6 to the extent they seek to impose an obligation to collect documents that are not in Defendants' possession, custody or control. Defendants further object to the use of these instructions which includes documents in the possession, custody or control of "attorneys" to the extent that it seeks information protected from discovery on grounds of privilege, work product protection, right of privacy and/or any other such privilege or immunity.

3.      Defendants object to Instruction No. 6 on the grounds that it contradicts Instruction Nos. 2 and 8 (as to the production of identical copies) and the ESI Stipulation. Defendants further object to this Instruction on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case to the extent it requires Defendants to produce both originals and identical copies of all responsive documents.

4.      Defendants object to Instruction No. 9 on the grounds that it imposes obligations beyond those required under the Federal Rules of Civil Procedure and the ESI Stipulation in this

1   case.

2        5.     Defendants object to Instruction No. 10 on the grounds that it is unduly burdensome

3   and not proportional to the needs of the case and to the extent it imposes an obligation greater than

4   required under the Federal Rules of Civil Procedure or the ESI Stipulation in this case.

5                 **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

6   **REQUEST NO. 103:**

7        All documents produced by any party or by any third party in the case *Securities and*

8   *Exchange Commission v. Ripple Labs, Inc.*, 20 Civ. 10832 (AT), S.D.N.Y.

9   **RESPONSE TO REQUEST NO. 103:**

10        In addition to the General Objections set forth above, Defendants object to this Request

11   on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the

12   case, including because it seeks "all documents," even non-substantive documents that have no

13   relevance  to Plaintiff's claims and documents that are publicly available through the docket for

14   the above-mentioned case.  Moreover, the burden of this request is not proportional to the needs

15   of the case because it seeks a continual production of documents about an active and ongoing

16   litigation.  Defendants also object to this Request to the extent that it seeks the private,

17   confidential, proprietary, or otherwise privileged or legally protected information of Defendants

18   and/or third parties.  Defendants further object to the extent this Request seeks documents

19   subject to a Protective Order and/or that Defendants are otherwise prevented from disclosing.

20        Subject to and without waiving the foregoing objections, Defendants will produce to

21   Plaintiff documents produced in the case *Securities and Exchange Commission v. Ripple Labs*,

22   *Inc.*, 20 Civ. 10832 (S.D.N.Y.), subject to Defendants' obligations under the Protective Order, or

23   inform Plaintiff of documents not produced.

24

25

26

27

28

1  DATED: April 23, 2021                    KING & SPALDING LLP

2                                            By:    /s/ Suzanne E. Nero
                                                    Suzanne E. Nero

3
                                             DAMIEN J. MARSHALL (admitted *pro hac vice*)
4                                            dmarshall@kslaw.com
                                             ANDREW MICHAELSON (admitted *pro hac vice*)
5                                            amichaelson@kslaw.com
                                             KING & SPALDING LLP
6                                            1185 Avenue of the Americas, 34th Floor
                                             New York, NY 10036
7                                            Tel: (212) 556-2100; Fax: (212) 556-2222

8
                                             SUZANNE E. NERO (SBN 284894)
9                                            snero@kslaw.com
                                             KING & SPALDING LLP
10                                           50 California St., Suite 3300
                                             San Francisco, CA 94111
11                                           Tel: (415) 318-1200; Fax: (415) 318-1300

12
                                             ANDREW J. CERESNEY (admitted *pro hac vice*)
13                                           aceresney@debevoise.com
                                             DEBEVOISE & PLIMPTON LLP
14                                           919 Third Avenue
                                             New York, NY 10022
15                                           Tel: (212) 909-6000; Fax: (212) 909-6836

16
                                             *Attorneys for Defendants Ripple Labs Inc.,*
17                                           *XRP II, LLC, and Bradley Garlinghouse*

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in the county of San Francisco, State of California, in the office of a member of the bar of this Court, at whose direction this service was made. I am over the age of eighteen years and not a party to the within action.

On April 23, 2021, I served the following documents in the manner described below:

- **DEFENDANTS' RESPONSES TO LEAD PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**

☑  BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy through King & Spalding LLP's electronic mail system to the email addresses set forth below.

On the following part(ies) in this action:

| | |
|---|---|
| James Q. Taylor-Copeland | *Counsel for Lead Plaintiff Bradley* |
| james@taylorcopelandlaw.com | *Sostack* |
| TAYLOR-COPELAND LAW | |
| 501 W. Broadway, Suite 800 | |
| San Diego, CA 92101 | |
| Tel.: 619-400-4944; Fax: 619-566-4341 | |
| | |
| Marc M. Seltzer | *Counsel for Lead Plaintiff Bradley* |
| mseltzer@susmangodfrey.com | *Sostack* |
| Steven G. Sklaver | |
| ssklaver@susmangodfrey.com | |
| Oleg Elkhunovich | |
| oelkhunovich@susmangodfrey.com | |
| Meng Xi | |
| mxi@susmangodfrey.com | |
| SUSMAN GODFREY L.L.P. | |
| 1900 Avenue of the Stars, 14th Floor | |
| Los Angeles, CA 90067 | |
| Tel.: 310-789-3100; Fax: 310-789-3150 | |
| | |
| P. Ryan Burningham | *Counsel for Lead Plaintiff Bradley* |
| rburningham@susmangodfrey.com | *Sostack* |
| SUSMAN GODFREY L.L.P. | |
| 1201 Third Avenue, Suite 3800 | |
| Seattle, WA 98101 | |
| Tel.: 206-516-3880; Fax: 206-516-3883 | |

*///*
*///*
*///*

1

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 23, 2021, at Oakland, California.

2

3

/s/ Suzanne E. Nero

4

Suzanne E. Nero

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attachment C

James Q. Taylor-Copeland (284743)
james@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
Steven G. Sklaver (237612)
ssklaver@susmangodfrey.com
Oleg Elkhunovich (269238)
oelkhunovich@susmangodfrey.com
Meng Xi (280099)
mxi@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

P. Ryan Burningham (*pro hac vice*)
rburningham@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

*Counsel for Lead Plaintiff Bradley Sostack*

Damien J. Marshall (*pro hac vice*)
dmarshall@kslaw.com
Andrew Michaelson (*pro hac vice*)
amichaelson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100; Fax: (212) 556-2222

Suzanne E. Nero (SBN 284894)
snero@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300

Andrew J. Ceresney (*pro hac vice*)
aceresney@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

*Attorneys for Defendants Ripple Labs, Inc.,XRP II LLC, and Bradley Garlinghouse*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| In re RIPPLE LABS INC. LITIGATION, | Case No. 4:18-cv-06753-PJH |
|---|---|
| This Document Relates to: | **REVISED STIPULATED** [PROPOSED] **PROTECTIVE ORDER AS MODIFIED BY THE COURT** |
| ALL ACTIONS | |

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate, and petition the Court, to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.C, below, that this Stipulated Protective Order does not by itself entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2. DEFINITIONS

A. <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

B. <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). "Confidential Information" shall include any Discovery Materials that the Producing Party reasonably believes is not in the public domain and contains any trade secret or other confidential, strategic, research, development, or commercially sensitive information. "Confidential Information" shall include, but is not limited to, for example, the following documents and tangible things produced or otherwise exchanged: non-public financial records and/or related documents; communications that are not publicly available pertaining to revenue and profits or other commercially sensitive matters; documents and communications containing information or data

relating to future products, services, projects, and/or other business solutions not yet commercially released; documents and communications containing information or data relating to business, marketing, and/or product strategy; documents and communications containing information or data relating to commercial or settlement agreements; documents and communications relating to market and/or competitive analyses; non-public documents and communications related directly or indirectly to any litigation, arbitration, or governmental, regulatory, or other inquiry or investigation; and third-party confidential information.

C. Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

D. Designating Party: a Party or Non-Party that designates information or items as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Protective Order or the Protective Order in *SEC v. Ripple Labs*, Case No. 20-CV-10832 (AT). To the extent the Designating Party is not the Producing Party, the Designating Party shall be identified by the Producing Party in the production letter accompanying the production of documents.

E. Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

F. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

G. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious

1       harm that could not be avoided by less restrictive means.

2     H.    <u>House Counsel</u>: attorneys who are employees of a party to this action. House

3       Counsel does not include Outside Counsel of Record or any other outside counsel.

4     I.    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal

5       entity not named as a Party to this action.

6     J.    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this

7       action but are retained to represent or advise a party to this action and have

8       appeared in this action on behalf of that party or are affiliated with a law firm

9       which has appeared on behalf of that party.

10     K.    <u>Party</u>: any party to this action, including all of its officers, directors, employees,

11       consultants, retained experts, and Outside Counsel of Record (and their support

12       staffs).

13     L.    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery

14       Material in this action.

15     M.    <u>Professional Vendors</u>: persons or entities that provide litigation support services

16       (e.g., photocopying, videotaping, translating, preparing exhibits or

17       demonstrations, and organizing, storing, or retrieving data in any form or

18       medium) and their employees and subcontractors.

19     N.    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

20       "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

21       ONLY."

22     O.    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a

23       Producing Party.

24    **3. SCOPE**

25       The protections conferred by this Stipulation and Order cover not only Protected Material

26 (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

27 all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

28

conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is wholly in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The United States District Court for the Northern District of California shall have jurisdiction to enforce this Order during and beyond final disposition of this Action. The recipient of any Protected Material hereby agrees to subject itself / himself / herself to the jurisdiction of this Court for the purpose of any proceedings related to the performance under, compliance with, or violations of this Order. The Court will retain jurisdiction to enforce this Order for only a year after this Action's final disposition.

**5. DESIGNATING PROTECTED MATERIAL**

    A. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non- Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations

are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, then that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

B. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

1) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material or, where appropriate and at the discretion of the Producing Party, to the cover sheet or first page of a multiple-page document. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material or,

where appropriate and at the discretion of the Producing Party, to the cover sheet or first page of a multiple-page document.

2) for interrogatory answers and responses to requests for admissions, that the Designating Party state in the answers or responses that the answers or responses or specific parts thereof are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The appropriate legend shall also be placed at the top of each page of interrogatory answers or responses to requests for admission containing the designated Protected Material.

3) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. With respect to deposition or other transcripts containing Protected Material, as instructed by the Designating Party, the Court reporter shall affix prominently the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety (including exhibits) unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

4) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or

portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C. Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Such correction shall be made reasonably promptly upon discovery of the inadvertent failure to designate the material as confidential prior to disclosure.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

A. Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B. Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the

Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

C. <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention and the Challenging Party still seeks to pursue a challenge to a confidentiality designation after considering the justification offered by the Designating Party, the Challenging Party shall serve written notice (which may be accomplished via email), in accordance with this specific paragraph of the Order, identifying for the Designating Party the challenged material. The Designating Party may move the Court under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) for an order retaining confidentiality within 14 days of receipt of the written notice of challenge under this provision. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion, including the required declaration within 14 days shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portion thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.  ACCESS TO AND USE OF PROTECTED MATERIALS

A.  <u>Basic Principles and Requests to File Under Seal</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. If a Receiving Party desires to file Protected Material or portions thereof with the Court, the Receiving Party must do so in a manner consistent with Civil Local Rule 79-5(d)-(e). Otherwise, such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

B.  <u>Storage and Maintenance</u>. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Any copies, reproductions, excerpts, summaries, compilations, notes, memoranda, analyses, reports, briefs, or discovery response that paraphrase, extract, or contain Protected Material and any electronic image or database containing Protected Material shall be subject to the terms of this Order to the same extent as the material or information from which

such summary, compilations, notes, copy, memoranda, analysis, electronic image, reports, briefs, discovery response, or database is derived.

C.  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

2)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4)  the Court and its personnel;

5)  Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be treated by the court reporter consistent with Section 5.B.3 (providing for

the preparation of transcripts containing Protected Material) and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

7)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

8)  any mediator mutually agreed upon by the Parties or appointed by the Court.

D.  <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

1)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

2)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the 1 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3)  the Court and its personnel;

4)  Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

6) any mediator mutually agreed upon by the Parties, or appointed by the Court.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER PROCEEDINGS

If a Party is served with a subpoena or a Court order issued in another proceeding or litigation, including any governmental, regulatory, or other inquiries and/or investigations, that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

A. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or Court order;

B. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

C. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or Court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that Court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

A. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3) make the information requested available for inspection by the Non-Party.

C. If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request, unless otherwise specified by an existing agreement between the Producing Party and the Non-Party. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party

shall bear the burden and expense of seeking protection in this Court of its

Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. 502(d) ORDER AND CLAWBACK PROCEDURE**

This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a Producing Party discloses information in connection with the pending litigation that the Producing Party thereafter claims to be privileged or subject to the work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture — in this or any other action — of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

    A.  This Order protects any disclosure of Protected Information, whether that disclosure is inadvertent or otherwise.

    B.  A Producing Party must notify the party receiving the Protected Information ("the Receiving Party") in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. Upon receipt of notification, the Receiving Party shall immediately take all reasonable steps to destroy or return all copies, electronic or otherwise, of such document or other information, and shall provide a certification that it will cease further review, dissemination, and use of the Protected Information.

C. This Order shall be interpreted to provide the maximum protection allowed to the Disclosing Party by Federal Rule of Evidence 502(d).

**12. LIMITATION OF DISCOVERY OF EXPERT MATERIALS**

Experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications to and from a testifying or consulting Expert, and all materials generated by a testifying or consulting Expert with respect to that person's work, are exempt from discovery unless actually relied upon by the testifying Expert in forming any opinions in this litigation and such information is not already disclosed in the Expert's report. The foregoing does not otherwise restrict discovery by oral deposition of testifying Experts, does not obligate any Party to retain draft reports, and is not intended in any way to narrow the protection regarding disclosure of expert materials in Fed. R. Civ. P. 26.

**13. MISCELLANEOUS**

A. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C. <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing

that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

D. <u>Party's Use of Its Own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Nothing in this Order shall prevent a Party from using its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in any manner it chooses.

E. <u>Hearings and Appeals</u>. In the event a Receiving Party reasonably anticipates utilizing Protected Material during a pre-trial hearing, such Receiving Party shall use best efforts to provide written notice no less than twenty-four (24) hours prior to the hearing to the Producing Party and/or the Designating Party. The foregoing applies except when a hearing is scheduled to be held on a Monday, in which case the Receiving Party shall use best efforts to provide written notice no later than 12:00 pm PST on the Friday that precedes the hearing. Provided such written notice is provided, the provisions of this Order shall not prevent use of Protected Material at a hearing, subject to the Designating Party's right to make a motion to seal, including a motion to seal portions of the hearing transcript. In the event that any Protected Material is used in any Court proceeding in this action or any appeal in connection with this action, except for the use of Protected Material during trial which shall be governed by a separate agreement that complies with Judge Hamilton's Standing Orders and Civil Local Rule 79-5, such Protected Material shall not lose its protected status through such use.

F. <u>Non-Parties</u>. The terms of this Order are applicable to information produced by Non-Parties in this action. The Parties, in conducting discovery from Non-Parties,

1    shall attach a copy of this Order to such discovery requests, subpoenas, or other

2    discovery to apprise them of their rights herein.

3    **14. FINAL DISPOSITION**

4    Within 60 days after the final disposition of this action, as defined in paragraph 4, each

5    Receiving Party must return all Protected Material to the Producing Party or destroy such

6    material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

7    compilations, summaries, and any other format reproducing or capturing any of the Protected

8    Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

9    submit a written certification to the Producing Party (and, if not the same person or entity, to the

10   Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

11   the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

12   not retained any copies, abstracts, compilations, summaries or any other format reproducing or

13   capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

14   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

15   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

16   product, and consultant and expert work product, even if such materials contain Protected

17   Material. Any such archival copies that contain or constitute Protected Material remain subject to

18   this Protective Order as set forth I Section 4 (DURATION).

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28

REVISED STIPULATED [PROPOSED]                    18            Case No. 4:18-cv-06753-PJH
PROTECTIVE ORDER AS MODIFIED
BY THE COURT

**IT IS SO STIPULATED**, through Counsel of Record.

DATED: August 6, 2021

By: /s/ James Taylor-Copeland

    James Q. Taylor-Copeland (284743)
    TAYLOR-COPELAND LAW
    1900 Avenue of the Stars, 14th Floor
    San Diego, CA 92101
    james@taylorcopelandlaw.com

    *Counsel for Plaintiff*

By: /s/ Suzanne E. Nero

    Suzanne E. Nero (SBN 284894)
    snero@kslaw.com
    KING & SPALDING LLP
    50 California Street, Suite 3300
    San Francisco, CA 94111
    Telephone: (415) 318-1200
    Facsimile:  (415) 318-1300

    *Counsel for Defendants*

Pursuant to the foregoing stipulation, **IT IS SO ORDERED**.

Dated: _____August 9, 2021_____

                                   _____

UNITED STATES DISTRICT JUDGE
PHYLLIS J. HAMILTON

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of _____ **_____ [insert formal name of the case and the number and initials assigned to it by the Court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed Name: _____



Signature: _____

Attachment D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __03/09/2021__

SECURITIES AND EXCHANGE COMMISSION,

                             Plaintiff,

    v.

RIPPLE LABS INC., BRADLEY
GARLINGHOUSE, and CHRISTIAN A.
LARSEN,

                           Defendants.

Case No. 20-CV-10832 (AT)

## STIPULATION AND PROTECTIVE ORDER

Defendants Ripple Labs Inc., Bradley Garlinghouse, and Christian A. Larsen
(collectively, "**Defendants**") and Plaintiff Securities and Exchange Commission (each of the
foregoing, a "**Party**" and, collectively, the "**Parties**") are engaged in discovery proceedings in
the above-captioned action (the "**Litigation**"), which may include, among other things, taking
depositions and producing documents. The Parties to this Stipulation and [Proposed] Protective
Order (the "**Order**") having agreed to the terms of this Order, it is therefore,

ORDERED that any person subject to this Order—including, without limitation, the
Parties, their representatives, agents, experts and consultants, all third parties providing
discovery in connection with the Litigation, and all other interested persons with actual or
constructive notice of this Order—shall adhere to the following terms:

    **A.**      **Scope**

    1.      This Order governs the handling of all information; documents; deposition
testimony (whether based upon oral examination or written questions); answers to
interrogatories; responses to requests for admission; responses to requests for documents and
electronically stored information; responses to subpoenas or other voluntary requests for

information from non-parties to this Litigation; and any other information or material produced, given, or exchanged, including any information contained therein or derived therefrom (collectively referred to as "**Discovery Material**"), and all other information produced or furnished by or on behalf of any Party or other third party that meets the definition of Confidential Material under Paragraph 4 and has been so designated by either a Party or a non-party (in each case, the "**Designating Party**").  This Order is also subject to this Court's Individual Practices, the Local Rules of this District (the "**Local Rules**"), and the Federal Rules of Civil Procedure (the "**Rules**") on matters of procedure and calculation of time periods.

2.      Nothing in this Order precludes any Party or non-party from seeking relief from the Court with regard to the production of documents or information.

3.      This Order does not alter any confidentiality obligations that any Party or non-party may have at law or under another agreement.

**B.      Confidential Material**

4.      A Designating Party may designate any Discovery Material as "Confidential" under the terms of this Order if the Designating Party reasonably believes in good faith that such Discovery Material constitutes or contains non-public proprietary, confidential, technical, business, financial, personal, or commercially sensitive information ("**Confidential Discovery Material**").  A Designating Party may designate any Discovery Material as "Highly Confidential" under the terms of this Order if the Designating Party reasonably believes in good faith that disclosure of such Discovery Material, other than as permitted pursuant to this Order, will create a likelihood of harm to the business, financial, personal, competitive, or commercial interests of the Designating Party and/or is substantially likely to cause injury to the Designating Party ("**Highly Confidential Discovery Material**").  Confidential Discovery Material and Highly Confidential Discovery Material (collectively, "**Confidential Material**") shall not

include information that (a) at the time of the disclosure hereunder is available to the public;

(b) after disclosure hereunder becomes available to the public through no act, or failure to act, by

any Party to whom material is being produced pursuant to the terms of this Order (in each case, a

"**Receiving Party**"); or (c) a Receiving Party can show was independently developed by that

Receiving Party.

### C.    Manner and Time of Designation

5.    The designation of Discovery Material as Confidential Discovery Material or

Highly Confidential Discovery Material shall be made in the following manner:

a.    <u>Documents and other materials apart from depositions or other pre-trial testimony</u>.  Documents shall be designated as Confidential Material before or at the time they are disclosed or produced.  Where reasonably practicable, documents shall be designated as Confidential Material by stamping or otherwise clearly affixing the legend "Confidential" or "Highly Confidential" to every such page (or relevant portion thereof) in a manner that will not interfere with legibility.  In the case of electronically stored information produced in native format, documents shall be designated as Confidential Material by including "Confidential" or "Highly Confidential" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential" to the media containing the Discovery Material (e.g., CD-ROM, USB, DVD).  In such circumstances where the marking of each piece of Discovery Material is impractical or impossible, the Designating Party shall designate in writing the Discovery Material that it regards as "Confidential" or "Highly Confidential" at the time of its production.

b.    <u>Depositions and other pre-trial testimony</u>.  Testimony (including exhibits) during an oral deposition or other pre-trial testimony shall be designated as "Confidential" or "Highly Confidential" by: (i) a statement to that effect on the record during the deposition or testimony at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) written notice, sent to all counsel of record by the Designating Party within ten (10) business days of receipt of the rough or final transcript (whichever is earliest) designating the entire transcript or portions thereof. Prior to such time, all portions of the deposition transcript shall be considered to have been designated "Confidential."  Nothing in this paragraph, however, shall preclude any witness from reviewing his or her own deposition transcript.  Each court reporter participating in any such deposition or testimony shall be provided with a copy of this Order and shall adhere to its provisions.  Each court reporter shall mark those

3

portions (including exhibits) of such deposition or testimony transcript(s) (and where the deposition is videotaped, the relevant portions of the recording) with the legend "CONFIDENTIAL OR HIGHLY CONFIDENTIAL – DESIGNATED BY COUNSEL," and shall place on the cover of any such transcript(s) and recording(s) the following legend:

THIS TRANSCRIPT CONTAINS MATERIALS WHICH ARE CLAIMED TO BE CONFIDENTIAL AND/OR HIGHLY CONFIDENTIAL BY COUNSEL AND COVERED BY A STIPULATED PROTECTIVE ORDER.

6.   <u>Redaction of Confidential Materials</u>:  Except as otherwise provided in this Order, or as otherwise ordered, Discovery Material specified below may be redacted by the Designating Party from the documents it produces in the following manner:

a.    For any matter the Designating Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity, the Designating Party shall mark each place where matter has been redacted with a legend stating "REDACTED – PRIVILEGE," and shall specify the basis for the redaction (e.g., privilege, etc.) in its claim of privilege pursuant to Rule 26(b)(5)(A); and

b.    For any matter that any Designating Party claims, in good faith, contains "Personally Identifiable Information," "Sensitive Private Data," or "Nonpublic Personal Information" as these terms are defined under federal, state or foreign data protection laws, the Designating Party shall mark each place where matter has been redacted with a legend stating "REDACTED – PII" and specify that the basis for the redaction was to protect personal data from unauthorized disclosure concurrently with its claims of privilege pursuant to Rule 26(b)(5)(A).  The right to challenge and the process for challenging redactions shall be the same as the right to challenge and the process for challenging the confidentiality designations of Discovery Material as set forth in Section D.

7.   <u>Upward Designation of Discovery Material</u>.  A Party may upwardly designate any Discovery Material produced by another Party or any non-party (i.e., change the designation of any Discovery Material produced without a designation to a designation of "Confidential" or "Highly Confidential" or change the designation of any Discovery Material produced as "Confidential" to a designation of "Highly Confidential"), provided that said Party has a basis

under Paragraph 4 of this Order to so designate.  Upward designation shall be accomplished by providing written notice to all Parties (and, if the Discovery Material was produced by a non-party, to that person or entity) identifying (by Bates number or other individually identifiable information) the Discovery Material to be upwardly designated.  Thereafter, the upwardly designated Discovery Material will be treated as Confidential Discovery Material or Highly Confidential Discovery Material in conformity with the new designation, and will be fully subject to this Order from the date of such notice forward, subject to the provisions of Section D below.

8.     <u>Inadvertent Failure to Designate  Discovery  Material</u>.  Inadvertent failure to designate Discovery Material as "Confidential" or "Highly Confidential" shall not constitute a waiver of the Designating Party's right to later designate such Discovery Material as "Confidential" or "Highly Confidential" pursuant to this Order.  If a document is designated "Confidential" or "Highly Confidential" and one or more copies of the documents or the original are also produced but not so designated, the copies or original shall also be treated as Confidential Discovery Material or Highly Confidential Discovery Material if the recipient is actually aware of such fact, subject to Paragraph 14.  A Designating Party may designate as "Confidential" or "Highly Confidential" any Discovery Material that has already been produced, including Discovery Material that the Designating Party inadvertently failed to designate as "Confidential" or "Highly Confidential," by providing supplemental written notice to all Receiving Parties identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated.  Thereafter, the re-designated Discovery Material will be treated as Confidential Discovery Material or Highly Confidential Discovery Material in conformity with the new designation, and will be fully subject to this Order from the date of such

notice forward.  Promptly after providing such notice, the Designating Party shall provide re-labeled copies of the Confidential Material to each Party reflecting the change in designation.  In addition, upon receiving such supplemental written notice, any Receiving Party that disclosed the Discovery Material before its designation as "Confidential" or  "Highly Confidential" in a manner not permitted by the provisions of this Order made applicable by virtue of the re-designation shall exercise its best efforts to ensure: (i) the return and destruction of such re-designated Discovery Material by any person not authorized to receive it under the terms of this Order; (ii) that any documents or other materials derived from such re-designated Discovery Material are treated in accordance with the applicable restrictions for Confidential Discovery Material or Highly Confidential Discovery Material pursuant to this Order; (iii) that such re-designated Discovery Material is not further disclosed except in accordance with the terms of this Order; and (iv) that any such re-designated Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 13.

9.  Unless otherwise provided in this or subsequent Orders of the Court, Confidential Discovery Material shall only be used in connection with the Litigation and in accordance with this Order, and may only be disclosed, summarized, described, characterized, shown to, or otherwise communicated or made available in whole or in part to the following persons:

a.  The Parties and the directors, officers, general partners, limited partners, managers, members, employees, and staff of the Parties who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation;

b.  Counsel who represent the Parties in this Litigation (including in-house counsel) and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including third-party copying and litigation support services) who are charged with assisting in work on this Litigation and to whom it is necessary that Confidential Material be shown for purposes of assisting in such work;

6

    c.    Experts or consultants retained by counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including third-party copying and litigation support services) who are assisting with the Litigation, provided that no disclosure shall occur until each expert or consultant has agreed to be bound by the terms of this Order by executing the form of Exhibit A to this Order (the "**Non-Disclosure Agreement**");

    d.    Witnesses or deponents and their counsel only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation (provided that upon completion of the review, the witness or deponent shall return the documents to the furnishing Party, other than copies provided to a court reporter as marked exhibits);

    e.    Persons who are identified by the relevant document, accompanying cover letter, email, or other communication as the author or addressee; or who were the actual or intended recipient of such document in the ordinary course of business; or, in the case of meeting minutes and presentations, an attendee of the meeting;

    f.    Other employees, staff, or representatives of the Parties who have a legitimate need to review such material in connection with the Litigation (and who shall, prior to reviewing such material, execute the Non-Disclosure Agreement);

    g.    The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

    h.    Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the relevant Designating Party of the Confidential Material (i) after notice to all Parties and an opportunity to object, and (ii) after such persons have executed the Non-Disclosure Agreement.

10.    Unless otherwise provided in this or subsequent Orders of the Court, Highly Confidential Discovery Material shall only be used in connection with the Litigation and in accordance with this Order, and may only be disclosed, summarized, described, characterized, shown to, or otherwise communicated or made available in whole or in part to the following persons:

    a.    Parties to this Litigation;

b.     Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including third-party copying and litigation support services) who are assisting with the Litigation;

c.     Experts or consultants retained by counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including third-party copying and litigation support services) who are assisting with the Litigation, subject to compliance by the individual and the Parties with the provisions of Paragraph 9(c) relating to the Non-Disclosure Agreement;

d.     Witnesses or deponents and their counsel only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation (provided that upon completion of the review, the witness or deponent shall return the documents to the furnishing Party, other than copies provided to a court reporter as marked exhibits);

e.     Persons who are identified by the relevant document, accompanying cover letter, email, or other communication as the author, addressee, or actual or intended recipient of such document in the ordinary course of business, or, in the case of meeting minutes and presentations, an attendee of the meeting;

f.     The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

g.     Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the relevant Designating Party of the Highly Confidential Discovery Material (i) after notice to all Parties and an opportunity has been had to object, and (ii) after such persons have executed the Non-Disclosure Agreement.

11.    To the extent that testimony is sought concerning Confidential Discovery Material or Highly Confidential Discovery Material during any deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from that portion of the deposition or testimony.

12.    Counsel for each Party shall maintain copies of all Non-Disclosure Agreements executed by persons who received access to Confidential Material from that Party. If disclosure

to any person or entity is ordered by the Court *sua sponte*, the Non-Disclosure Agreement of the recipient shall be maintained by counsel for the Party that produced the disclosed information. Counsel for each Party shall, upon written request by another Party, provide a copy of any Non-Disclosure Agreement maintained by such counsel pursuant to the first sentence of this Paragraph to the requesting Party within five (5) days of receipt of such written request; provided, however, that such requests must specify the signatory by name.

13.     Confidential Material shall be used by Receiving Parties solely for the prosecution of, defense of, appeal of, attempted settlement of or the enforcement of insurance rights with respect to, the Litigation, and only as provided in this Order.  Confidential Material shall not be used or employed for any other purpose whatsoever by a Receiving Party, including for any commercial purpose or for any other litigation or proceeding, unless agreed to in a signed writing between such Receiving Party and the Designating Party or unless such Confidential Material becomes part of the public record.

14.     Nothing in this Order shall prevent any Party from using the Party's own information or documents, or any other information or documents not subject to this Order, even if such information or documents are duplicative of Discovery Materials designated as Confidential Material by another Party.

15.     <u>Sealing of Confidential Material Filed with or Submitted to the Court</u>.  In the event that counsel for any Party determines to file with, or submit to, the Court any Confidential Material or papers containing or referencing Confidential Material, such Party shall  seek leave of Court to file or submit such Confidential Material or papers under seal following the procedures described in Judge Torres's Individual Practices (Part IV.A.ii), including to: "meet and confer with any opposing parties (or third parties seeking confidential treatment of the

information, if any) in advance to narrow the scope of the request. When a party seeks leave to file sealed or redacted materials on the ground that an opposing party or third party has requested it, that party shall notify the opposing party or third party that it must file, within three days, a letter explaining the need to seal or redact the materials."

16.    Use of Confidential Material in Public.   Unless otherwise ordered, in the event that any Party determines to use any Confidential Material at trial or any hearing to be held in open court, such Party shall so advise the relevant Designating Party ten business (10) days in advance, and seek to challenge the designations of such Confidential Material pursuant to Section D.   In the event the Court has not ruled on a request for judicial intervention pursuant to Paragraph 19 by the relevant filing deadline, the Parties agree to file the Confidential Material in question under seal pending a ruling by the Court.

### D.    Challenges to Designations

17.    The designation of any Discovery Materials as Confidential Material, including for the purpose of introducing such Confidential Material in public filings, at trial, or any hearing to be held in open court, is subject to challenge by any Party or non-party with standing to object. The following procedure shall apply to any such challenge.

18.    Meet and Confer.   A Party or non-party challenging the designation of Confidential Material must do so in good faith and must begin the process by providing written notice to the Designating Party and counsel for all other Parties identifying with particularity the Confidential Material whose designation is being challenged (i.e., by Bates number, page range, deposition transcript lines, etc.) and the basis for the challenge, and thereafter meeting and, upon notice to counsel for all Parties, conferring with counsel for the Designating Party.   Counsel for other Parties may, but are not required to, attend such conferences.   In conferring, the challenging Party or non-party must explain the basis for its belief that the confidentiality

designation is not proper and must give the Designating Party an opportunity to review the

Confidential Material, to reconsider the designation and, if no change in designation is offered,

to explain the basis for the designation. The Designating Party must respond to the challenge in

writing no later than five (5) business days after the meet-and-confer.

19.     <u>Judicial Intervention</u>. If the meet and confer process is unsuccessful, the

challenging Party and any other Parties involved may seek a ruling on the matter from the Court.

Such Parties shall describe the dispute in a single joint letter to the Court, in accordance with the

Court's Individual Practices and applicable Local Rules. Until the Court rules on the dispute, the

Confidential Material shall continue to be treated as designated. Nothing in this Order, nor any

action or agreement of a Party or non-party under this Order, shall limit the Court's power to

issue any orders that may be appropriate with respect to the use and disclosure of any Discovery

Material.

20.     The provisions of this Order are not intended to shift any burdens of proof,

including the burden of establishing that any Discovery Material validly constitutes Confidential

Discovery Material or Highly Confidential Discovery Material, which burden remains on the

Designating Party. A Receiving Party shall not be obliged to challenge the propriety of a

confidentiality designation at the time made, and a failure to do so shall not preclude a

subsequent challenge thereto.

## E.     Conclusion of Litigation

21.     Within thirty (30) days after the conclusion of the entirety of the Litigation

(including appeals and any other proceeding in which Confidential Material is permitted to be

used) and upon written request of the Designating Party, all persons having received Confidential

Material shall either: (i) make a good-faith and reasonable effort to return such material and all

copies thereof (including summaries, excerpts, and derivative works) to the Designating Party,

with the Designating Party bearing the reasonable costs of such return; or (ii) make a good-faith and reasonable effort to destroy all Confidential Material and certify that such Confidential Material has been destroyed; however, counsel for any Party or non-party may retain a complete file of all litigation documents filed with the Court and any attorney work product prepared in connection with the Litigation, provided that such counsel shall maintain the confidentiality thereof and shall not disclose such Confidential Material to any person except pursuant an agreement by the Designating Party, or as otherwise specified in Section F. Notwithstanding anything to the contrary in this Order, documents need not be destroyed if there is a written agreement by the Designating Party to the contrary, including but not limited to the Designating Party's agreement that the Confidential Material may be used in another legal proceeding. Nothing in this Paragraph shall override any Party's legal obligation to preserve documents.

22. The restrictions on the use of Confidential Material shall survive the conclusion of the Litigation. During the pendency of this Litigation only, the Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Following the conclusion of the entirety of the Litigation (including appeals and any other proceeding in which Confidential Material is permitted to be used), any dispute concerning restrictions on the use of Confidential Material will be resolved pursuant to Paragraphs 19 and 20 in any court of competent jurisdiction.

**F.  Confidential Material Subpoenaed or Ordered Produced in Other Litigation**

23. Nothing in this Order will prevent a Receiving Party from producing any Confidential Material in its possession in response to a lawful subpoena or other compulsory process (collectively, a "**Demand**"), provided that such Receiving Party, to the extent permitted by law, gives written notice to the Designating Party as soon as reasonably permitted by the time

allowed under the request, and in no event less than ten (10) business days before any disclosure unless prohibited by law. Such notification must include a copy of the Demand. Upon receiving such notice, the Designating Party will bear the burden to oppose compliance with the Demand.

24. The Receiving Party must also immediately inform in writing the person who caused the Demand to issue that some or all of the requested materials are subject to this Order, and in so doing provide a copy of this Order.

25. The obligations set forth in this Section will remain in effect while any Party has in its possession, custody, or control any Confidential Material received from any Designating Party in connection with the Litigation.

26. Nothing in this Section shall be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful direction from another court or from a government agency.

**G.      Disclosures Required or Permitted by Law**

27. Notwithstanding any other provisions contained herein, this Order does not limit or restrict any Party from using or disclosing any Confidential Materials to the extent otherwise required by law or permitted under Sections 21(a)(2), 24(c) and 24(f) of the Securities Exchange Act of 1934 and Rule 24c-1, promulgated thereunder, subject to the limitations and restrictions therein, provided any recipient has completed the Non-Disclosure Agreement.

**H.      Non-Waiver of Confidentiality or Privilege**

28. <u>Disclosure of Confidential Material</u>. In the event of a disclosure by a Receiving Party of Confidential Material to persons or entities not authorized by this Order to receive such Confidential Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure, immediately: (i) notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Material subject to this Order; (ii) make

reasonable efforts to recover the disclosed Confidential Material and all copies thereof, as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (iii) notify the Designating Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Confidential Material and ensure against further dissemination or use thereof. Disclosure of Confidential Material other than in accordance with the terms of this Order by a Receiving Party may subject that Receiving Party to such sanctions and remedies as the Court may deem appropriate.

29.     The inadvertent or unintentional disclosure of Confidential Material, regardless of whether the information or document was so designated at the time of the disclosure, shall not be deemed a waiver, either in whole or in part, of a Designating Party's claim of confidentiality, either as to the specific information or document disclosed or as to any other information or documents relating thereto on the same or related subject matter.

30.     Disclosure of Discovery Materials Protected By the Attorney-Client Privilege or Work Product Doctrine. Consistent with Federal Rule of Evidence 502 and Rule 26(b)(5)(B), if a Party or non-party notifies any Receiving Party that Discovery Material was produced that is protected from disclosure under the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or immunity ("**Privileged Material**"), the disclosure shall not be deemed a waiver in whole or in part of the applicable privilege or protection, either as to the specific material or information disclosed or as to any other material or information relating thereto or on the same or related subject matter. Upon notification, the Receiving Party shall (i) destroy or return all copies of such Privileged Material within five (5) business days of receipt of such notice or discovery; (ii) provide a certification of counsel that all such Privileged Material

14

has been returned or destroyed; (iii) take reasonable steps to retrieve documents if the Receiving Party disclosed them to any person or entity before being notified of the privilege claim, and provide written notification to the Party or non-party that produced such Privileged Material as to whether it was successfully retrieved; and (iv) not use the Privileged Material for any purpose absent further order of the Court.  Any Party or non-party providing notice to any Receiving Party that it has disclosed Privileged Material must include, to the extent not already provided, within or simultaneously with such notice sufficient information for the Receiving Party to evaluate the privilege claim(s) asserted, per Rule 26(b)(5)(B).  The Receiving Party may move the Court under seal for an order allowing use of the Privileged Material in the Litigation; provided, however, the Receiving Party may not argue that the disclosure of the Privileged Material to the Receiving Party waived the privilege.

## I.  Amendment

31.  Upon good cause shown, and upon notice to all Parties as provided by the applicable Rules and Local Rules, any Party may move to amend the provisions of this Order at any time.

## J.  Producing Non-Parties

32.  Any Party issuing a subpoena to a non-party shall notify the non-party that the protections of this Order are available to such non-party.  Any Party who has already issued a subpoena to a non-party shall notify the non-party that the protections of this Order are available to such non-party.

33.  Except as expressly provided herein, this Order does not expand, create, limit, or otherwise alter any rights any non-party may have to seek relief from the Court under the Rules (including Rule 26(c)), the Local Rules, this Court's Individual Practices, or applicable case law to seek to protect Confidential Material after receiving notice from a Party of that Party's

intended disclosure. Further, except as expressly provided herein, this Order does not expand, create, limit or otherwise alter the rights any Party may have under the foregoing provisions to oppose any non-party request for relief on any ground.

### K.      No Admission

34.      Nothing in this Order operates to create an admission by any Party that any Discovery Material is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of Discovery Material, in accordance with applicable law, including the Rules and the Local Rules.

### L.      Persons Bound

35.      This Order shall take effect when entered and shall be binding upon the Parties, their counsel, and persons made subject to this Order by its terms, including any non-parties who produce documents subject to and with notice of this Order. In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material or Highly Confidential Discovery Material until the newly joined party by its counsel has executed and filed with the Court a copy of this Order.

### M.      Governing Law

36.      This Order shall be interpreted under the laws of the state of New York.

### N.      Counterparts

37.      This Order may be executed in several counterparts, each of which shall be deemed an original and all of which shall together constitute one and the same instrument. Delivery of an executed counterpart of a signature page to this Order by facsimile or scanned pages shall be effective as delivery of a manually executed counterpart to this Order.

**SO STIPULATED AND AGREED:**

_(signature)_
_____

Dugan Bliss
(blissd@sec.gov)
Jorge G. Tenreiro
Daphna A. Waxman
Jon A. Daniels
Securities and Exchange Commission
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281
+1 (212) 336-9145

_Attorneys for Plaintiff Securities and_
_Exchange Commission_

_(signature)_
_____

Andrew J. Ceresney
(aceresney@debevoise.com)
Mary Jo White
Lisa Zornberg
Christopher S. Ford
Joy Guo
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

_____

Michael K. Kellogg
(mkellogg@kellogghansen.com)
Reid M. Figel
Kellogg, Hansen, Todd, Figel, & Frederick
PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+1 (202) 326-7900

_Attorneys for Defendant Ripple Labs Inc._

**SO STIPULATED AND AGREED:**

_(signature)_

_____

_____

Dugan Bliss
(blissd@sec.gov)
Jorge G. Tenreiro
Daphna A. Waxman
Jon A. Daniels
Securities and Exchange Commission
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281
+1 (212) 336-9145

_Attorneys for Plaintiff Securities and Exchange Commission_

Andrew J. Ceresney
(aceresney@debevoise.com)
Mary Jo White
Lisa Zornberg
Christopher S. Ford
Joy Guo
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

_(signature)_

Michael K. Kellogg
(mkellogg@kellogghansen.com)
Reid M. Figel
Kellogg, Hansen, Todd, Figel, & Frederick PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+1 (202) 326-7900

_Attorneys for Defendant Ripple Labs Inc._

Matthew C. Solomon
(msolomon@cgsh.com)
Alexander J. Janghorbani
Lucas Hakkenberg
Samuel Levander
Cleary Gottlieb Steen & Hamilton
2112 Pennsylvania Avenue NW
Washington, DC 20037
+1 (202) 974-1680

*Attorneys for Defendant Bradley
Garlinghouse*

Martin Flumenbaum
(mflumenbaum@paulweiss.com)
Michael E. Gertzman
Meredith Dearborn
Justin D. Ward
Kristina A. Bunting
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, NY 10019
+1 (212) 373-3000

*Attorneys for Defendant Christian A. Larsen*

**SO ORDERED.**

Dated: March 3, 2021
      New York, New York

SARAH NETBURN
United States Magistrate Judge

_____

Matthew C. Solomon
(msolomon@cgsh.com)
Alexander J. Janghorbani
Lucas Hakkenberg
Samuel Levander
Cleary Gottlieb Steen & Hamilton
2112 Pennsylvania Avenue NW
Washington, DC 20037
+1 (202) 974-1680

*Attorneys for Defendant Bradley
Garlinghouse*

_Martin Flumenbaum_ /MRD
_____

Martin Flumenbaum
(mflumenbaum@paulweiss.com)
Michael E. Gertzman
Meredith Dearborn
Justin D. Ward
Kristina A. Bunting
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, NY 10019
+1 (212) 373-3000

*Attorneys for Defendant Christian A. Larsen*

**SO ORDERED** this ___ day of _____, 2021


_____
Hon. Analisa Torres
United States District Judge

18

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                                    Plaintiff,

v.                                                      Case No. 20-CV-10832 (AT)

RIPPLE LABS INC., BRADLEY
GARLINGHOUSE, and CHRISTIAN A.
LARSEN,

                                    Defendants.

## <u>NON-DISCLOSURE AGREEMENT</u>

I, _____, acknowledge that I have received, read and understand the Protective Order in the above-captioned action governing the non-disclosure of those portions of discovery or other materials in these proceedings that have been designated as Confidential Discovery Material or Highly Confidential Discovery Material, as defined therein.  I will not disclose such Confidential Discovery Material or Highly Confidential Discovery Material to anyone other than pursuant to the terms of the Protective Order, and at the conclusion of the Litigation I will return all Discovery Materials as defined in the Protective Order to the Party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and my willful violation of any term of the Protective Order could subject me to punishment for contempt of court.

Dated: _____

                            _____
                            Name:
                            Title:

Attachment E

# KING & SPALDING

King & Spalding LLP
50 California Street
Suite 3300
San Francisco, CA 94111
Tel: +1 415 318 1200
Fax: +1 415 318 1300
www.kslaw.com

Suzanne E. Nero
Direct Dial: +1 415 318 1254
Direct Fax: +1 415 318 1300
snero@kslaw.com

May 21, 2021

Andrew (Andy) J. Geist
Bill Martin
O'Melveny
Times Square Tower
7 Times Square
New York, NY 10036
ageist@omm.com
wmartin@omm.com

Re:     Notice of Potential Production of Documents Bittrex, Inc. Designated as
        Confidential

Dear Messrs. Geist and Martin:

We represent Defendants Ripple Labs, Inc., XRP II, LLC and Bradley Garlinghouse in *Zakinov v. Ripple Labs Inc.*, No. 4:18-cv-06753-PJH (N.D. Cal.) (the "California Action"). As part of the discovery process in that case, Plaintiff Bradley Sostack has requested from the Ripple Defendants documents that Bittrex, Inc. produced in *Securities and Exchange Commission v. Ripple Labs Inc. et al.*, Case No. 20-cv-10832-AT-SN (S.D.N.Y.) (the "SEC Action") and designated as "CONFIDENTIAL" or "HIGHLY-CONFIDENTIAL" under the Protective Order in that case.

The Protective Order in the SEC Action sets forth a procedure to follow when a party in that case receives documents from a producing party that are responsive to a "lawful subpoena" or "other compulsory process." Specifically Paragraph 23 provides:

> Nothing in this Order will prevent a Receiving Party from producing any Confidential Material in its possession in response to a lawful subpoena or other compulsory process (collectively, a "**Demand**"), provided that such Receiving Party, to the extent permitted by law, gives written notice to the Designating Party as soon as reasonably permitted by the time allowed under the request, and in no

May 21, 2021
Page 2

event less than ten (10) business days before any disclosure unless prohibited by law. Such notification must include a copy of the Demand. Upon Receiving such notice, the Designating Party will bear the burden to oppose compliance with the Demand.

To date, Ripple has been served with only a document request in the California Action—not a subpoena or compulsory process.  However, if Ripple declines to produce to the Plaintiff documents that it has obtained from you in the SEC Action, Ripple anticipates that Plaintiff would serve you with a subpoena in the California Action and/or move to compel production of the materials.  In order to prevent unnecessary motion practice or burdensome subpoenas to Bittrex, Inc. seeking documents that you have already produced in the SEC Action (and potentially seeking additional documents that you have not already produced), we are writing to seek your permission to provide the documents previously produced in the SEC Action to Plaintiff in the California Action subject to the protections under the California Action's Protective Order (enclosed), which are comparable to those protections provided by the Protective Order in the SEC Action.  We are further seeking your consent, pursuant to Paragraph 13 of the Protective Order in the SEC Action, to use the documents in connection with the California Action.  Please let us know within 30 days of the date of this letter if you will consent.  If we have not heard from you after 30 days, we will assume Bittrex, Inc. does not consent to the provision of these documents and will inform Plaintiff's counsel of Bittrex, Inc.'s objection.

Please don't hesitate to contact me if you have any questions or concerns.

Sincerely,

Suzanne E. Nero

Enclosure

# SEC ACTION

# PROTECTIVE ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  03/09/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                                    Plaintiff,

              v.

RIPPLE LABS INC., BRADLEY
GARLINGHOUSE, and CHRISTIAN A.
LARSEN,

                                    Defendants.

Case No. 20-CV-10832 (AT)

## STIPULATION AND PROTECTIVE ORDER

Defendants Ripple Labs Inc., Bradley Garlinghouse, and Christian A. Larsen (collectively, "**Defendants**") and Plaintiff Securities and Exchange Commission (each of the foregoing, a "**Party**" and, collectively, the "**Parties**") are engaged in discovery proceedings in the above-captioned action (the "**Litigation**"), which may include, among other things, taking depositions and producing documents.  The Parties to this Stipulation and [Proposed] Protective Order (the "**Order**") having agreed to the terms of this Order, it is therefore,

ORDERED that any person subject to this Order—including, without limitation, the Parties, their representatives, agents, experts and consultants, all third parties providing discovery in connection with the Litigation, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms:

**A.    Scope**

1.    This Order governs the handling of all information; documents; deposition testimony (whether based upon oral examination or written questions); answers to interrogatories; responses to requests for admission; responses to requests for documents and electronically stored information; responses to subpoenas or other voluntary requests for

information from non-parties to this Litigation; and any other information or material produced, given, or exchanged, including any information contained therein or derived therefrom (collectively referred to as "**Discovery Material**"), and all other information produced or furnished by or on behalf of any Party or other third party that meets the definition of Confidential Material under Paragraph 4 and has been so designated by either a Party or a non-party (in each case, the "**Designating Party**").  This Order is also subject to this Court's Individual Practices, the Local Rules of this District (the "**Local Rules**"), and the Federal Rules of Civil Procedure (the "**Rules**") on matters of procedure and calculation of time periods.

2.      Nothing in this Order precludes any Party or non-party from seeking relief from the Court with regard to the production of documents or information.

3.      This Order does not alter any confidentiality obligations that any Party or non-party may have at law or under another agreement.

**B.      Confidential Material**

4.      A Designating Party may designate any Discovery Material as "Confidential" under the terms of this Order if the Designating Party reasonably believes in good faith that such Discovery Material constitutes or contains non-public proprietary, confidential, technical, business, financial, personal, or commercially sensitive information ("**Confidential Discovery Material**").  A Designating Party may designate any Discovery Material as "Highly Confidential" under the terms of this Order if the Designating Party reasonably believes in good faith that disclosure of such Discovery Material, other than as permitted pursuant to this Order, will create a likelihood of harm to the business, financial, personal, competitive, or commercial interests of the Designating Party and/or is substantially likely to cause injury to the Designating Party ("**Highly Confidential Discovery Material**").  Confidential Discovery Material and Highly Confidential Discovery Material (collectively, "**Confidential Material**") shall not

2

include information that (a) at the time of the disclosure hereunder is available to the public;

(b) after disclosure hereunder becomes available to the public through no act, or failure to act, by

any Party to whom material is being produced pursuant to the terms of this Order (in each case, a

"**Receiving Party**"); or (c) a Receiving Party can show was independently developed by that

Receiving Party.

### C.    Manner and Time of Designation

5.    The designation of Discovery Material as Confidential Discovery Material or

Highly Confidential Discovery Material shall be made in the following manner:

a.    <u>Documents and other materials apart from depositions or other pre-trial testimony</u>.  Documents shall be designated as Confidential Material before or at the time they are disclosed or produced.  Where reasonably practicable, documents shall be designated as Confidential Material by stamping or otherwise clearly affixing the legend "Confidential" or "Highly Confidential" to every such page (or relevant portion thereof) in a manner that will not interfere with legibility.  In the case of electronically stored information produced in native format, documents shall be designated as Confidential Material by including "Confidential" or "Highly Confidential" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential" to the media containing the Discovery Material (e.g., CD-ROM, USB, DVD).  In such circumstances where the marking of each piece of Discovery Material is impractical or impossible, the Designating Party shall designate in writing the Discovery Material that it regards as "Confidential" or "Highly Confidential" at the time of its production.

b.    <u>Depositions and other pre-trial testimony</u>.  Testimony (including exhibits) during an oral deposition or other pre-trial testimony shall be designated as "Confidential" or "Highly Confidential" by: (i) a statement to that effect on the record during the deposition or testimony at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) written notice, sent to all counsel of record by the Designating Party within ten (10) business days of receipt of the rough or final transcript (whichever is earliest) designating the entire transcript or portions thereof. Prior to such time, all portions of the deposition transcript shall be considered to have been designated "Confidential."  Nothing in this paragraph, however, shall preclude any witness from reviewing his or her own deposition transcript.  Each court reporter participating in any such deposition or testimony shall be provided with a copy of this Order and shall adhere to its provisions.  Each court reporter shall mark those

3

portions (including exhibits) of such deposition or testimony transcript(s) (and where the deposition is videotaped, the relevant portions of the recording) with the legend "CONFIDENTIAL OR HIGHLY CONFIDENTIAL – DESIGNATED BY COUNSEL," and shall place on the cover of any such transcript(s) and recording(s) the following legend:

THIS TRANSCRIPT CONTAINS MATERIALS WHICH ARE CLAIMED TO BE CONFIDENTIAL AND/OR HIGHLY CONFIDENTIAL BY COUNSEL AND COVERED BY A STIPULATED PROTECTIVE ORDER.

6.      <u>Redaction of Confidential Materials</u>:  Except as otherwise provided in this Order, or as otherwise ordered, Discovery Material specified below may be redacted by the Designating Party from the documents it produces in the following manner:

    a.      For any matter the Designating Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity, the Designating Party shall mark each place where matter has been redacted with a legend stating "REDACTED – PRIVILEGE," and shall specify the basis for the redaction (e.g., privilege, etc.) in its claim of privilege pursuant to Rule 26(b)(5)(A); and

    b.      For any matter that any Designating Party claims, in good faith, contains "Personally Identifiable Information," "Sensitive Private Data," or "Nonpublic Personal Information" as these terms are defined under federal, state or foreign data protection laws, the Designating Party shall mark each place where matter has been redacted with a legend stating "REDACTED – PII" and specify that the basis for the redaction was to protect personal data from unauthorized disclosure concurrently with its claims of privilege pursuant to Rule 26(b)(5)(A).  The right to challenge and the process for challenging redactions shall be the same as the right to challenge and the process for challenging the confidentiality designations of Discovery Material as set forth in Section D.

7.      <u>Upward Designation of Discovery Material</u>.  A Party may upwardly designate any Discovery Material produced by another Party or any non-party (i.e., change the designation of any Discovery Material produced without a designation to a designation of "Confidential" or "Highly Confidential" or change the designation of any Discovery Material produced as "Confidential" to a designation of "Highly Confidential"), provided that said Party has a basis

under Paragraph 4 of this Order to so designate.  Upward designation shall be accomplished by providing written notice to all Parties (and, if the Discovery Material was produced by a non-party, to that person or entity) identifying (by Bates number or other individually identifiable information) the Discovery Material to be upwardly designated.  Thereafter, the upwardly designated Discovery Material will be treated as Confidential Discovery Material or Highly Confidential Discovery Material in conformity with the new designation, and will be fully subject to this Order from the date of such notice forward, subject to the provisions of Section D below.

8.     <u>Inadvertent Failure to Designate  Discovery  Material</u>.  Inadvertent failure to designate Discovery Material as "Confidential" or "Highly Confidential" shall not constitute a waiver of the Designating Party's right to later designate such Discovery Material as "Confidential" or "Highly Confidential" pursuant to this Order.  If a document is designated "Confidential" or "Highly Confidential" and one or more copies of the documents or the original are also produced but not so designated, the copies or original shall also be treated as Confidential Discovery Material or Highly Confidential Discovery Material if the recipient is actually aware of such fact, subject to Paragraph 14.  A Designating Party may designate as "Confidential" or "Highly Confidential" any Discovery Material that has already been produced, including Discovery Material that the Designating Party inadvertently failed to designate as "Confidential" or "Highly Confidential," by providing supplemental written notice to all Receiving Parties identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated.  Thereafter, the re-designated Discovery Material will be treated as Confidential Discovery Material or Highly Confidential Discovery Material in conformity with the new designation, and will be fully subject to this Order from the date of such

notice forward.  Promptly after providing such notice, the Designating Party shall provide re-labeled copies of the Confidential Material to each Party reflecting the change in designation.  In addition, upon receiving such supplemental written notice, any Receiving Party that disclosed the Discovery Material before its designation as "Confidential" or  "Highly Confidential" in a manner not permitted by the provisions of this Order made applicable by virtue of the re-designation shall exercise its best efforts to ensure: (i) the return and destruction of such re-designated Discovery Material by any person not authorized to receive it under the terms of this Order; (ii) that any documents or other materials derived from such re-designated Discovery Material are treated in accordance with the applicable restrictions for Confidential Discovery Material or Highly Confidential Discovery Material pursuant to this Order; (iii) that such re-designated Discovery Material is not further disclosed except in accordance with the terms of this Order; and (iv) that any such re-designated Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 13.

     9.     Unless otherwise provided in this or subsequent Orders of the Court, Confidential Discovery Material shall only be used in connection with the Litigation and in accordance with this Order, and may only be disclosed, summarized, described, characterized, shown to, or otherwise communicated or made available in whole or in part to the following persons:

     a.     The Parties and the directors, officers, general partners, limited partners, managers, members, employees, and staff of the Parties who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation;

     b.     Counsel who represent the Parties in this Litigation (including in-house counsel) and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including third-party copying and litigation support services) who are charged with assisting in work on this Litigation and to whom it is necessary that Confidential Material be shown for purposes of assisting in such work;

c.      Experts or consultants retained by counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including third-party copying and litigation support services) who are assisting with the Litigation, provided that no disclosure shall occur until each expert or consultant has agreed to be bound by the terms of this Order by executing the form of Exhibit A to this Order (the "**Non-Disclosure Agreement**");

d.      Witnesses or deponents and their counsel only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation (provided that upon completion of the review, the witness or deponent shall return the documents to the furnishing Party, other than copies provided to a court reporter as marked exhibits);

e.      Persons who are identified by the relevant document, accompanying cover letter, email, or other communication as the author or addressee; or who were the actual or intended recipient of such document in the ordinary course of business; or, in the case of meeting minutes and presentations, an attendee of the meeting;

f.      Other employees, staff, or representatives of the Parties who have a legitimate need to review such material in connection with the Litigation (and who shall, prior to reviewing such material, execute the Non-Disclosure Agreement);

g.      The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

h.      Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the relevant Designating Party of the Confidential Material (i) after notice to all Parties and an opportunity to object, and (ii) after such persons have executed the Non-Disclosure Agreement.

10.     Unless otherwise provided in this or subsequent Orders of the Court, Highly Confidential Discovery Material shall only be used in connection with the Litigation and in accordance with this Order, and may only be disclosed, summarized, described, characterized, shown to, or otherwise communicated or made available in whole or in part to the following persons:

a.      Parties to this Litigation;

b.      Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including third-party copying and litigation support services) who are assisting with the Litigation;

c.      Experts or consultants retained by counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including third-party copying and litigation support services) who are assisting with the Litigation, subject to compliance by the individual and the Parties with the provisions of Paragraph 9(c) relating to the Non-Disclosure Agreement;

d.      Witnesses or deponents and their counsel only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation (provided that upon completion of the review, the witness or deponent shall return the documents to the furnishing Party, other than copies provided to a court reporter as marked exhibits);

e.      Persons who are identified by the relevant document, accompanying cover letter, email, or other communication as the author, addressee, or actual or intended recipient of such document in the ordinary course of business, or, in the case of meeting minutes and presentations, an attendee of the meeting;

f.      The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

g.      Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the relevant Designating Party of the Highly Confidential Discovery Material (i) after notice to all Parties and an opportunity has been had to object, and (ii) after such persons have executed the Non-Disclosure Agreement.

11.     To the extent that testimony is sought concerning Confidential Discovery Material or Highly Confidential Discovery Material during any deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from that portion of the deposition or testimony.

12.     Counsel for each Party shall maintain copies of all Non-Disclosure Agreements executed by persons who received access to Confidential Material from that Party.  If disclosure

8

to any person or entity is ordered by the Court *sua sponte*, the Non-Disclosure Agreement of the recipient shall be maintained by counsel for the Party that produced the disclosed information. Counsel for each Party shall, upon written request by another Party, provide a copy of any Non-Disclosure Agreement maintained by such counsel pursuant to the first sentence of this Paragraph to the requesting Party within five (5) days of receipt of such written request; provided, however, that such requests must specify the signatory by name.

13.     Confidential Material shall be used by Receiving Parties solely for the prosecution of, defense of, appeal of, attempted settlement of or the enforcement of insurance rights with respect to, the Litigation, and only as provided in this Order.  Confidential Material shall not be used or employed for any other purpose whatsoever by a Receiving Party, including for any commercial purpose or for any other litigation or proceeding, unless agreed to in a signed writing between such Receiving Party and the Designating Party or unless such Confidential Material becomes part of the public record.

14.     Nothing in this Order shall prevent any Party from using the Party's own information or documents, or any other information or documents not subject to this Order, even if such information or documents are duplicative of Discovery Materials designated as Confidential Material by another Party.

15.     <u>Sealing of Confidential Material Filed with or Submitted to the Court</u>.  In the event that counsel for any Party determines to file with, or submit to, the Court any Confidential Material or papers containing or referencing Confidential Material, such Party shall  seek leave of Court to file or submit such Confidential Material or papers under seal following the procedures described in Judge Torres's Individual Practices (Part IV.A.ii), including to: "meet and confer with any opposing parties (or third parties seeking confidential treatment of the

9

information, if any) in advance to narrow the scope of the request. When a party seeks leave to file sealed or redacted materials on the ground that an opposing party or third party has requested it, that party shall notify the opposing party or third party that it must file, within three days, a letter explaining the need to seal or redact the materials."

16.     <u>Use of Confidential Material in Public</u>.  Unless otherwise ordered, in the event that any Party determines to use any Confidential Material at trial or any hearing to be held in open court, such Party shall so advise the relevant Designating Party ten business (10) days in advance, and seek to challenge the designations of such Confidential Material pursuant to Section D.  In the event the Court has not ruled on a request for judicial intervention pursuant to Paragraph 19 by the relevant filing deadline, the Parties agree to file the Confidential Material in question under seal pending a ruling by the Court.

**D.     Challenges to Designations**

17.     The designation of any Discovery Materials as Confidential Material, including for the purpose of introducing such Confidential Material in public filings, at trial, or any hearing to be held in open court, is subject to challenge by any Party or non-party with standing to object. The following procedure shall apply to any such challenge.

18.     <u>Meet and Confer</u>.  A Party or non-party challenging the designation of Confidential Material must do so in good faith and must begin the process by providing written notice to the Designating Party and counsel for all other Parties identifying with particularity the Confidential Material whose designation is being challenged (i.e., by Bates number, page range, deposition transcript lines, etc.) and the basis for the challenge, and thereafter meeting and, upon notice to counsel for all Parties, conferring with counsel for the Designating Party.  Counsel for other Parties may, but are not required to, attend such conferences.  In conferring, the challenging Party or non-party must explain the basis for its belief that the confidentiality

designation is not proper and must give the Designating Party an opportunity to review the

Confidential Material, to reconsider the designation and, if no change in designation is offered,

to explain the basis for the designation. The Designating Party must respond to the challenge in

writing no later than five (5) business days after the meet-and-confer.

19.     <u>Judicial Intervention</u>.  If the meet and confer process is unsuccessful, the

challenging Party and any other Parties involved may seek a ruling on the matter from the Court.

Such Parties shall describe the dispute in a single joint letter to the Court, in accordance with the

Court's Individual Practices and applicable Local Rules.  Until the Court rules on the dispute, the

Confidential Material shall continue to be treated as designated.  Nothing in this Order, nor any

action or agreement of a Party or non-party under this Order, shall limit the Court's power to

issue any orders that may be appropriate with respect to the use and disclosure of any Discovery

Material.

20.     The provisions of this Order are not intended to shift any burdens of proof,

including the burden of establishing that any Discovery Material validly constitutes Confidential

Discovery Material or Highly Confidential Discovery Material, which burden remains on the

Designating Party.  A Receiving Party shall not be obliged to challenge the propriety of a

confidentiality designation at the time made, and a failure to do so shall not preclude a

subsequent challenge thereto.

### E.     Conclusion of Litigation

21.     Within thirty (30) days after the conclusion of the entirety of the Litigation

(including appeals and any other proceeding in which Confidential Material is permitted to be

used) and upon written request of the Designating Party, all persons having received Confidential

Material shall either: (i) make a good-faith and reasonable effort to return such material and all

copies thereof (including summaries, excerpts, and derivative works) to the Designating Party,

with the Designating Party bearing the reasonable costs of such return; or (ii) make a good-faith and reasonable effort to destroy all Confidential Material and certify that such Confidential Material has been destroyed; however, counsel for any Party or non-party may retain a complete file of all litigation documents filed with the Court and any attorney work product prepared in connection with the Litigation, provided that such counsel shall maintain the confidentiality thereof and shall not disclose such Confidential Material to any person except pursuant an agreement by the Designating Party, or as otherwise specified in Section F. Notwithstanding anything to the contrary in this Order, documents need not be destroyed if there is a written agreement by the Designating Party to the contrary, including but not limited to the Designating Party's agreement that the Confidential Material may be used in another legal proceeding. Nothing in this Paragraph shall override any Party's legal obligation to preserve documents.

22.     The restrictions on the use of Confidential Material shall survive the conclusion of the Litigation. During the pendency of this Litigation only, the Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Following the conclusion of the entirety of the Litigation (including appeals and any other proceeding in which Confidential Material is permitted to be used), any dispute concerning restrictions on the use of Confidential Material will be resolved pursuant to Paragraphs 19 and 20 in any court of competent jurisdiction.

**F.     Confidential Material Subpoenaed or Ordered Produced in Other Litigation**

23.     Nothing in this Order will prevent a Receiving Party from producing any Confidential Material in its possession in response to a lawful subpoena or other compulsory process (collectively, a "**Demand**"), provided that such Receiving Party, to the extent permitted by law, gives written notice to the Designating Party as soon as reasonably permitted by the time

12

allowed under the request, and in no event less than ten (10) business days before any disclosure unless prohibited by law.  Such notification must include a copy of the Demand.  Upon receiving such notice, the Designating Party will bear the burden to oppose compliance with the Demand.

24.     The Receiving Party must also immediately inform in writing the person who caused the Demand to issue that some or all of the requested materials are subject to this Order, and in so doing provide a copy of this Order.

25.     The obligations set forth in this Section will remain in effect while any Party has in its possession, custody, or control any Confidential Material received from any Designating Party in connection with the Litigation.

26.     Nothing in this Section shall be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful direction from another court or from a government agency.

**G.     Disclosures Required or Permitted by Law**

27.     Notwithstanding any other provisions contained herein, this Order does not limit or restrict any Party from using or disclosing any Confidential Materials to the extent otherwise required by law or permitted under Sections 21(a)(2), 24(c) and 24(f) of the Securities Exchange Act of 1934 and Rule 24c-1, promulgated thereunder, subject to the limitations and restrictions therein, provided any recipient has completed the Non-Disclosure Agreement.

**H.     Non-Waiver of Confidentiality or Privilege**

28.     <u>Disclosure of Confidential Material</u>.  In the event of a disclosure by a Receiving Party of Confidential Material to persons or entities not authorized by this Order to receive such Confidential Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure, immediately: (i) notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Material subject to this Order; (ii) make

13

reasonable efforts to recover the disclosed Confidential Material and all copies thereof, as well as

preclude further dissemination or use by the person or entity to whom the disclosure was made;

and (iii) notify the Designating Party of the identity of the person or entity to whom the

disclosure was made, the circumstances surrounding the disclosure, and the steps taken to

recover the disclosed Confidential Material and ensure against further dissemination or use

thereof.  Disclosure of Confidential Material other than in accordance with the terms of this

Order by a Receiving Party may subject that Receiving Party to such sanctions and remedies as

the Court may deem appropriate.

29.      The inadvertent or unintentional disclosure of Confidential Material, regardless of

whether the information or document was so designated at the time of the disclosure, shall not be

deemed a waiver, either in whole or in part, of a Designating Party's claim of confidentiality,

either as to the specific information or document disclosed or as to any other information or

documents relating thereto on the same or related subject matter.

30.      Disclosure of Discovery Materials Protected By the Attorney-Client Privilege or

Work Product Doctrine.  Consistent with Federal Rule of Evidence 502 and Rule 26(b)(5)(B), if

a Party or non-party notifies any Receiving Party that Discovery Material was produced that is

protected from disclosure under the attorney-client privilege, work-product doctrine, and/or any

other applicable privilege or immunity ("**Privileged Material**"), the disclosure shall not be

deemed a waiver in whole or in part of the applicable privilege or protection, either as to the

specific material or information disclosed or as to any other material or information relating

thereto or on the same or related subject matter.  Upon notification, the Receiving Party shall (i)

destroy or return all copies of such Privileged Material within five (5) business days of receipt of

such notice or discovery; (ii) provide a certification of counsel that all such Privileged Material

14

has been returned or destroyed; (iii) take reasonable steps to retrieve documents if the Receiving Party disclosed them to any person or entity before being notified of the privilege claim, and provide written notification to the Party or non-party that produced such Privileged Material as to whether it was successfully retrieved; and (iv) not use the Privileged Material for any purpose absent further order of the Court.  Any Party or non-party providing notice to any Receiving Party that it has disclosed Privileged Material must include, to the extent not already provided, within or simultaneously with such notice sufficient information for the Receiving Party to evaluate the privilege claim(s) asserted, per Rule 26(b)(5)(B).  The Receiving Party may move the Court under seal for an order allowing use of the Privileged Material in the Litigation; provided, however, the Receiving Party may not argue that the disclosure of the Privileged Material to the Receiving Party waived the privilege.

### I.      Amendment

31.     Upon good cause shown, and upon notice to all Parties as provided by the applicable Rules and Local Rules, any Party may move to amend the provisions of this Order at any time.

### J.      Producing Non-Parties

32.     Any Party issuing a subpoena to a non-party shall notify the non-party that the protections of this Order are available to such non-party.  Any Party who has already issued a subpoena to a non-party shall notify the non-party that the protections of this Order are available to such non-party.

33.     Except as expressly provided herein, this Order does not expand, create, limit, or otherwise alter any rights any non-party may have to seek relief from the Court under the Rules (including Rule 26(c)), the Local Rules, this Court's Individual Practices, or applicable case law to seek to protect Confidential Material after receiving notice from a Party of that Party's

intended disclosure. Further, except as expressly provided herein, this Order does not expand, create, limit or otherwise alter the rights any Party may have under the foregoing provisions to oppose any non-party request for relief on any ground.

### K.      No Admission

34.      Nothing in this Order operates to create an admission by any Party that any Discovery Material is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of Discovery Material, in accordance with applicable law, including the Rules and the Local Rules.

### L.      Persons Bound

35.      This Order shall take effect when entered and shall be binding upon the Parties, their counsel, and persons made subject to this Order by its terms, including any non-parties who produce documents subject to and with notice of this Order. In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material or Highly Confidential Discovery Material until the newly joined party by its counsel has executed and filed with the Court a copy of this Order.

### M.      Governing Law

36.      This Order shall be interpreted under the laws of the state of New York.

### N.      Counterparts

37.      This Order may be executed in several counterparts, each of which shall be deemed an original and all of which shall together constitute one and the same instrument. Delivery of an executed counterpart of a signature page to this Order by facsimile or scanned pages shall be effective as delivery of a manually executed counterpart to this Order.

**SO STIPULATED AND AGREED:**

Dugan Bliss
(blissd@sec.gov)
Jorge G. Tenreiro
Daphna A. Waxman
Jon A. Daniels
Securities and Exchange Commission
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281
+1 (212) 336-9145

*Attorneys for Plaintiff Securities and*
*Exchange Commission*

Andrew J. Ceresney
(aceresney@debevoise.com)
Mary Jo White
Lisa Zornberg
Christopher S. Ford
Joy Guo
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

Michael K. Kellogg
(mkellogg@kellogghansen.com)
Reid M. Figel
Kellogg, Hansen, Todd, Figel, & Frederick
PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+1 (202) 326-7900

*Attorneys for Defendant Ripple Labs Inc.*

**SO STIPULATED AND AGREED:**


_____

Dugan Bliss
(blissd@sec.gov)
Jorge G. Tenreiro
Daphna A. Waxman
Jon A. Daniels
Securities and Exchange Commission
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281
+1 (212) 336-9145

*Attorneys for Plaintiff Securities and Exchange Commission*

_____

Andrew J. Ceresney
(aceresney@debevoise.com)
Mary Jo White
Lisa Zornberg
Christopher S. Ford
Joy Guo
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000


Michael K. Kellogg
(mkellogg@kellogghansen.com)
Reid M. Figel
Kellogg, Hansen, Todd, Figel, & Frederick PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+1 (202) 326-7900

*Attorneys for Defendant Ripple Labs Inc.*

Matthew C. Solomon
(msolomon@cgsh.com)
Alexander J. Janghorbani
Lucas Hakkenberg
Samuel Levander
Cleary Gottlieb Steen & Hamilton
2112 Pennsylvania Avenue NW
Washington, DC 20037
+1 (202) 974-1680

*Attorneys for Defendant Bradley
Garlinghouse*

Martin Flumenbaum
(mflumenbaum@paulweiss.com)
Michael E. Gertzman
Meredith Dearborn
Justin D. Ward
Kristina A. Bunting
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, NY 10019
+1 (212) 373-3000

*Attorneys for Defendant Christian A. Larsen*

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

Dated: March 3, 2021
    New York, New York

Matthew C. Solomon
(msolomon@cgsh.com)
Alexander J. Janghorbani
Lucas Hakkenberg
Samuel Levander
Cleary Gottlieb Steen & Hamilton
2112 Pennsylvania Avenue NW
Washington, DC 20037
+1 (202) 974-1680

*Attorneys for Defendant Bradley
Garlinghouse*

Martin Flumenbaum /MRD

Martin Flumenbaum
(mflumenbaum@paulweiss.com)
Michael E. Gertzman
Meredith Dearborn
Justin D. Ward
Kristina A. Bunting
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, NY 10019
+1 (212) 373-3000

*Attorneys for Defendant Christian A. Larsen*

**SO ORDERED** this ___ day of _____, 2021

_____
Hon. Analisa Torres
United States District Judge

18

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                              Plaintiff,

v.

RIPPLE LABS INC., BRADLEY
GARLINGHOUSE, and CHRISTIAN A.
LARSEN,

                              Defendants.

Case No. 20-CV-10832 (AT)

---

## <u>NON-DISCLOSURE AGREEMENT</u>

I, _____, acknowledge that I have received, read and understand the Protective Order in the above-captioned action governing the non-disclosure of those portions of discovery or other materials in these proceedings that have been designated as Confidential Discovery Material or Highly Confidential Discovery Material, as defined therein.  I will not disclose such Confidential Discovery Material or Highly Confidential Discovery Material to anyone other than pursuant to the terms of the Protective Order, and at the conclusion of the Litigation I will return all Discovery Materials as defined in the Protective Order to the Party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and my willful violation of any term of the Protective Order could subject me to punishment for contempt of court.

Dated: _____

_____
Name:
Title:

# CALIFORNIA ACTION
# PROTECTIVE ORDER

James Q. Taylor-Copeland (284743)
james@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
Steven G. Sklaver (237612)
ssklaver@susmangodfrey.com
Oleg Elkhunovich (269238)
oelkhunovich@susmangodfrey.com
Meng Xi (280099)
mxi@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

P. Ryan Burningham (*pro hac vice*)
rburningham@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

*Counsel for Lead Plaintiff Bradley Sostack*

Damien J. Marshall (*pro hac vice*)
dmarshall@bsfllp.com
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

Maxwell V. Pritt (SBN 253155)
mpritt@bsfllp.com
BOIES SCHILLER FLEXNER LLP
435 Tasso Street, Suite 205
Palo Alto, CA 94301
Telephone: 650.445.6400
Facsimile: 650.329.8507

Menno Goedman (SBN 301271)
mgoedman@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

*Attorneys for Defendants Ripple Labs, Inc.,
XRP II LLC, and Bradley Garlinghouse*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION, | Case No. 18-cv-06753-PJH |
| | **STIPULATED [PROPOSED] PROTECTIVE ORDER AS MODIFIED BY THE COURT** |
| This Document Relates To: | |
| ALL ACTIONS | |

**1.      PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate, and petition the Court, to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.C, below, that this Stipulated Protective Order does not by itself entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.      DEFINITIONS**

A.  <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

B.  <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). "Confidential Information" shall include any Discovery Materials that the Producing Party reasonably believes is not in the public domain and contains any trade secret or other confidential, strategic, research, development, or commercially sensitive information. "Confidential Information" shall include, but is not limited to, for example, the following documents and tangible things produced or otherwise exchanged: non-public financial records and/or related documents; communications that are not publicly available pertaining to revenue and profits or other commercially sensitive matters; documents and communications containing information or data relating to future products, services, projects, and/or other business solutions not yet commercially released; documents and communications containing information or data relating to business, marketing, and/or product strategy; documents and communications containing information or data relating to

commercial or settlement agreements; documents and communications relating to market and/or competitive analyses; non-public documents and communications related directly or indirectly to any litigation, arbitration, or governmental, regulatory, or other inquiry or investigation; and third-party confidential information.

C. Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

D. Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

E. Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

F. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

G. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

H. House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

I. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

J. Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

3

K. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

L. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

M. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

N. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

O. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is wholly in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

4

defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The United States District Court for the Northern District of California shall have jurisdiction to enforce this Order during and beyond final disposition of this Action. The recipient of any Protected Material hereby agrees to subject itself / himself / herself to the jurisdiction of this Court for the purpose of any proceedings related to the performance under, compliance with, or violations of this Order. The Court will retain jurisdiction to enforce this Order for only a year after this Action's final disposition.

**5.      DESIGNATING PROTECTED MATERIAL**

    A. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, then that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    B. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

        Designation in conformity with this Order requires:

        1. for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material or, where appropriate and at the discretion of the Producing Party, to the cover sheet or first page of a multiple-page document. A Party or Non-Party that makes original documents or materials available for inspection

need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material or, where appropriate and at the discretion of the Producing Party, to the cover sheet or first page of a multiple-page document.

2. for interrogatory answers and responses to requests for admissions, that the Designating Party state in the answers or responses that the answers or responses or specific parts thereof are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The appropriate legend shall also be placed at the top of each page of interrogatory answers or responses to requests for admission containing the designated Protected Material.

3. for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. With respect to deposition or other transcripts containing Protected Material, as instructed by the Designating Party, the Court reporter shall affix prominently the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety (including exhibits) unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

6

      4.   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C.   Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Such correction shall be made reasonably promptly upon discovery of the inadvertent failure to designate the material as confidential prior to disclosure.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A.   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B.   Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the

7

confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

C. <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention and the Challenging Party still seeks to pursue a challenge to a confidentiality designation after considering the justification offered by the Designating Party, the Challenging Party shall serve written notice (which may be accomplished via email), in accordance with this specific paragraph of the Order, identifying for the Designating Party the challenged material. The Designating Party may move the Court under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) for an order retaining confidentiality within 14 days of receipt of the written notice of challenge under this provision. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion, including the required declaration within 14 days shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portion thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties

8

shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

A. <u>Basic Principles and Requests to File Under Seal</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. If a Receiving Party desires to file Protected Material or portions thereof with the Court, the Receiving Party must do so in a manner consistent with Civil Local Rule 79-5(d)-(e). Otherwise, such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

B. <u>Storage and Maintenance</u>. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Any copies, reproductions, excerpts, summaries, compilations, notes, memoranda, analyses, reports, briefs, or discovery response that paraphrase, extract, or contain Protected Material and any electronic image or database containing Protected Material shall be subject to the terms of this Order to the same extent as the material or information from which such summary, compilations, notes, copy, memoranda, analysis, electronic image, reports, briefs, discovery response, or database is derived.

C. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    1. the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

    2. the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9

3. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4. the Court and its personnel;

5. Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6. during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be treated by the court reporter consistent with Section 5.B.3 (providing for the preparation of transcripts containing Protected Material) and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

7. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

8. any mediator mutually agreed upon by the Parties or appointed by the Court.

D. Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

1. the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

2. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

3. the Court and its personnel;

4. Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

6. any mediator mutually agreed upon by the Parties, or appointed by the Court.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER PROCEEDINGS**

If a Party is served with a subpoena or a Court order issued in another proceeding or litigation, including any governmental, regulatory, or other inquiries and/or investigations, that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

A. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or Court order;

B. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

C. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or Court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that

11

Court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

9.    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

A.  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party.

C.  If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request, unless otherwise specified by an existing agreement between the Producing Party and the Non-Party. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its

Protected Material.

10.      **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.      **502(d) ORDER AND CLAWBACK PROCEDURE**

This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a Producing Party discloses information in connection with the pending litigation that the Producing Party thereafter claims to be privileged or subject to the work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture — in this or any other action — of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

   A.  This Order protects any disclosure of Protected Information, whether that disclosure is inadvertent or otherwise.

   B.  A Producing Party must notify the party receiving the Protected Information ("the Receiving Party") in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. Upon receipt of notification, the Receiving Party shall immediately take all reasonable steps to destroy or return all copies, electronic or otherwise, of such document or other information, and shall provide a certification that it will cease further review, dissemination, and use of the Protected Information.

   C.  This Order shall be interpreted to provide the maximum protection allowed to the Disclosing Party by Federal Rule of Evidence 502(d).

12.      **LIMITATION ON DISCOVERY OF EXPERT MATERIALS**

13

Experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications to and from a testifying or consulting Expert, and all materials generated by a testifying or consulting Expert with respect to that person's work, are exempt from discovery unless actually relied upon by the testifying Expert in forming any opinions in this litigation and such information is not already disclosed in the Expert's report. The foregoing does not otherwise restrict discovery by oral deposition of testifying Experts, does not obligate any Party to retain draft reports, and is not intended in any way to narrow the protections regarding disclosure of expert materials in Fed. R. Civ. P. 26.

13. **MISCELLANEOUS**

   A. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

   B. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

   C. <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

14

D. **Party's Use of Its Own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.** Nothing in this Order shall prevent a Party from using its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in any manner it chooses.

E. **Hearings and Appeals.** In the event a Receiving Party reasonably anticipates utilizing Protected Material during a pre-trial hearing, such Receiving Party shall use best efforts to provide written notice no less than twenty-four (24) hours prior to the hearing to the Producing Party and/or the Designating Party. The foregoing applies except when a hearing is scheduled to be held on a Monday, in which case the Receiving Party shall use best efforts to provide written notice no later than 12:00 pm PST on the Friday that precedes the hearing. Provided such written notice is provided, the provisions of this Order shall not prevent use of Protected Material at a hearing, subject to the Designating Party's right to make a motion to seal, including a motion to seal portions of the hearing transcript. In the event that any Protected Material is used in any Court proceeding in this action or any appeal in connection with this action, except for the use of Protected Material during trial which shall be governed by a separate agreement that complies with Judge Hamilton's Standing Orders and Civil Local Rule 79-5, such Protected Material shall not lose its protected status through such use.

F. **Non-Parties.** The terms of this Order are applicable to information produced by Non-Parties in this action. The Parties, in conducting discovery from Non-Parties, shall attach a copy of this Order to such discovery requests, subpoenas, or other discovery to apprise them of their rights herein.

13. **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

15

1   by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material
2   that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,
3   abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected
4   Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all
5   pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,
6   correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant
7   and expert work product, even if such materials contain Protected Material. Any such archival copies
8   that contain or constitute Protected Material remain subject to this Protective Order as set forth in
9   Section 4 (DURATION).

11          **IT IS SO STIPULATED**, through Counsel of Record.

12   Dated:  May 13, 2020

15   By: _/s/ Oleg Elkhunovich_____        By: _/s/ Damien J. Marshall_____
16      Oleg Elkhunovich                               Damien J. Marshall
        SUSMAN GODFREY L.L.P.                          BOIES SCHILLER FLEXNER L.L.P.
17      1900 Avenue of the Stars, 14th Floor           55 Hudson Yards, 20th Floor
        Los Angeles, CA 90067                          New York, NY 10001
18      oelkhunovich@susmangodfrey.com                 DMarshall@bsfllp.com
        *Counsel for Plaintiff*                        *Counsel for Defendants*
19

21          Pursuant to the foregoing stipulation, **IT IS SO ORDERED**.

24   Dated:  November 4, 2020

25      _____
        The Honorable Phyllis J. Hamilton
26      UNITED STATES DISTRICT JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the Court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

17