DAMIEN J. MARSHALL (admitted *pro hac vice*)
dmarshall@kslaw.com
ANDREW MICHAELSON (admitted *pro hac vice*)
amichaelson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100; Fax: (212) 556-2222

SUZANNE E. NERO (SBN 284894)
snero@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300

ANDREW J. CERESNEY (admitted *pro hac vice*)
aceresney@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

*Attorneys for Defendants Ripple Labs Inc.,
XRP II, LLC, and Bradley Garlinghouse*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:18-cv-06753-PJH<br><br>**DECLARATION OF ANA GUARDADO IN SUPPORT OF LEAD PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL MATERIALS RELATING TO LEAD PLAINTIFF'S MOTION TO FOR CLASS CERTIFICATION** |

I, Ana Guardado, declare as follows:

1. I am Senior Litigation Counsel at Ripple Labs Inc. I make this declaration in support of Lead Plaintiff's Administrative Motion to File Under Seal Materials Relating to Lead Plaintiff's Motion for Class Certification ("Motion to Seal"), Dkt. 180. Based on my personal experience, knowledge, and review of the files, records, and communications in this case, I have personal knowledge of the facts set forth in this Declaration and, if called to testify, could and would testify competently to those facts under oath.

2. Lead Plaintiff's Motion to Seal seeks to redact portions of Lead Plaintiff's Motion for Class Certification, supporting declaration, and 43 exhibits (the "Protected Materials"), described in greater detail below. Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse (collectively, "Ripple") designated these documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the Stipulated Protective Order as Modified by the Court ("Protective Order"), Dkt. 143, and Lead Plaintiff was thus compelled to file these documents under seal. Ripple now submits this declaration, pursuant to the Protective Order and Civil Local Rule 79-5, in support of the Motion to Seal.

3. In the Ninth Circuit, if a motion is "more than tangentially related to the underlying cause of that action," compelling reasons are necessary to justify sealing materials. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101, 1103 (9th Cir. 2016). However, if this is not the case, only good cause is necessary to justify sealing. *Id.* at 1097. The Ninth Circuit has not addressed the issue of whether a class certification motion and materials filed with that motion must meet the "compelling reasons" standard or the less onerous "good cause" standard. *Gustafson v. Goodman Mfg. Co. LP*, No. CV-13-08274-PCT-JAT, 2016 WL 393640, at *2 (D. Ariz. Feb. 2, 2016) (explaining that the Ninth Circuit has not ruled on whether a class certification motion is a dispositive or non-dispositive motion or whether, under *Auto Safety*, the "compelling reasons" standard is properly applied to a class motion). But "[c]ourts in this district have generally considered motions for class certification nondispositive," meaning that the "good cause" standard would apply. *In re NCAA Student Athlete Name & Likeness*

1  *Licensing Litig.*, No. 09-cv-01967 CW (NC), 2013 WL 3014138, at *1 (N.D. Cal. June 17,
2  2013).

3        4.      As to the good cause standard, a party seeking to file documents under seal
4  pursuant to that standard must make a "particularized showing" under the "good cause standard
5  of Rule 26(c)." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)
6  (citations and quotation marks omitted). The Court has "broad latitude" under Rule 26(c) "to
7  prevent disclosure of materials for many types of information, including, but not limited to, trade
8  secrets or other confidential research, development, or commercial information." *Phillips v.*
9  *General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

10        5.      The "compelling reasons" standard requires a party to "articulate compelling
11  reasons supported by specific factual findings that outweigh the general history of access and the
12  public policies favoring disclosure." *Kamakana*, 447 F.3d at 1179 (citations and quotation marks
13  omitted). "Compelling reasons" have included preventing: disclosure of "sources of business
14  information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*,
15  435 U.S. 589, 598 (1978) (citations omitted); the "release of trade secrets," *Kamakana*, 447 F.3d
16  at 1179 (citing *Nixon*, 435 U.S. at 598); and "the release of . . . information [that] would result in
17  an invasion of the privacy interests of third parties." *GoDaddy.com LLC v. RPost Commc'ns*
18  *Ltd.*, No. CV-14-00126-PHX-JAT, 2016 WL 1158851, at *5 (D. Ariz. Mar. 24, 2016), on
19  reconsideration in part, No. CV-14-00126-PHX-JAT, 2016 WL 1274120 (D. Ariz. Mar. 31,
20  2016).

21        6.      Regardless of which standard applies, under either the "compelling reasons" or
22  "good cause" standard and for the reasons stated below, it is appropriate to seal the Protected
23  Materials.

24        7.      I have reviewed each portion of the Protected Materials, which contain
25  information Ripple considers to be highly sensitive and confidential information, the disclosure
26  of which could result in competitive harm to Ripple. I submit that the Protected Materials should
27  be sealed for the reasons set forth in the below chart:

28

| Type of Material Defendants Seek to Seal | Page/Paragraph/Exhibit Numbers to be Redacted or Sealed in Full |
|---|---|
| Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm. | Motion for Class Certification at 4, 5, 6, 7, 8, 9, 16, 17, 20, 21, 23, 24, 26, 27; N. Spear Decl. at ¶¶ 3, 4, 5, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 38, 39, 40, 41; Exhibits 1, 2, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 64. |
| Documents or portions thereof describing or providing financial information or highly confidential internal valuation information or derived from or quoting from such information, such that trade secret information would be revealed if filed publicly and significant competitive harm would likely result. | Motion for Class Certification at i, 1, 9, 18, 23, 24; N. Spear Decl. at ¶¶ 3, 6, 9, 15; Exhibits 1, 4, 8, 13, 27, 38, 40. |
| Documents or portions thereof describing or providing highly confidential and trade secret information on contractual clauses and the trade secret internal policies relating to those contractual clauses. Disclosure of this trade secret information would be very likely to cause significant competitive harm. | Motion for Class Certification at 26; N. Spear Decl. at ¶ 28; Exhibit 26. |
| Documents or portions thereof describing or providing highly confidential and private information on individual Defendant Bradley Garlinghouse. Disclosure of this private information would be very likely to cause significant invasion of privacy. | Motion for Class Certification at 31; Exhibits 27, 41. |
| Documents or portions thereof describing or containing third-party information or information that was designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY by a third party. | Motion for Class Certification at 7, 8, 10, 11, 12, 24; Exhibits 35, 43. |
| Documents containing Personally Identifiable Information ("PII") of individual Ripple employees, disclosure of which would be very likely to cause a significant invasion of privacy. | Exhibits 6, 7, 9, 10, 18, 19, 20, 21, 22, 23. |

8.      For the reasons stated above, Ripple respectfully requests that the Court grant the Motion to Seal and allow the Protected Materials to remain under seal.

9.      Further, in an effort to ensure its sealing requests are narrowly tailored, Ripple has identified three Exhibits that Lead Plaintiff filed under seal but that Ripple does not seek to keep under seal. Versions of these exhibits are therefore attached to this Declaration and being filed publicly on the docket.

10.     Attached hereto is a true and correct copy of Exhibit 3 to the Spear Declaration, produced in this matter at bates number RPLI_00339208, in which the PII of Ripple employees is redacted.

11.     Attached hereto is a true and correct copy of Exhibit 24 to the Spear Declaration, produced in this matter at bates number RPLI_00308325.

12.     Attached hereto is a true and correct copy of Exhibit 42 to the Spear Declaration, Defendants' October 31, 2022 "Responses to Lead Plaintiff's Interrogatories, Set 2."

13.     Attached hereto is a lesser-redacted version of Lead Plaintiff's motion, which removes the redactions on passages discussing Exhibits 3, 24, and 42.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22nd day of November, 2022, in San Francisco, California.

_/s/ Ana Guardado_
Ana Guardado

ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)(3)

I, Suzanne E. Nero, am the ECF user whose login is being used to file the foregoing document. I attest pursuant to Civil L.R. 5-1(i)(3) that Ana Guardado has concurred in this filing.

Dated: November 23, 2022                    By:   */s/ Suzanne E. Nero*
                                                  Suzanne E. Nero

CIV. L.R. 5-1(i)(3) ATTESTATION           1           Case No. 4:18-cv-06753-PJH