# EXHIBIT 42
# Filed Under Seal

DAMIEN J. MARSHALL (admitted *pro hac vice*)
dmarshall@kslaw.com
ANDREW MICHAELSON (admitted *pro hac vice*)
amichaelson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100; Fax: (212) 556-2222

SUZANNE E. NERO (SBN 284894)
snero@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300

ANDREW J. CERESNEY (admitted *pro hac vice*)
aceresney@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

*Attorneys for Defendants Ripple Labs Inc.,
XRP II, LLC, and Bradley Garlinghouse*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:18-cv-06753-PJH<br><br>**DEFENDANTS' RESPONSES TO LEAD PLAINTIFF'S INTERROGATORIES, SET TWO**<br><br>**DESIGNATED "CONFIDENTIAL" UNDER THE PROTECTIVE ORDER** |

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | Lead Plaintiff |
| 2 | RESPONDING PARTY: | Defendants Ripple Labs Inc. ("Ripple"); XRP II, LLC ("XRP II"); |
| 3 | | and Bradley Garlinghouse ("Garlinghouse") |
| 4 | SET NUMBER: | Two |

Pursuant to Federal Rule of Civil Procedure 33, Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse (together, "Defendants") hereby submit these responses and objections to Lead Plaintiff's Second Set of Interrogatories.

## PRELIMINARY STATEMENT

Defendants have undertaken a reasonably diligent search to respond to Lead Plaintiff's Second Set of Interrogatories. Discovery is ongoing, Plaintiff has not yet filed a motion to certify the putative class, yet Lead Plaintiff's Interrogatory No. 2 asks Defendants to preview "*all* legal and factual bases" that might support Defendants' opposition to that as yet unfiled motion. This request is improper and premature. It is possible that future discovery, investigation, or Lead Plaintiff's motion for class certification may reveal additional facts or information and/or may advance arguments that may lead Defendants to assert arguments in opposition to class certification that were not anticipated at the time of filing this response. Defendants expressly reserve and do not waive the right to raise any argument in opposition to Lead Plaintiff's motion for class certification. Defendants reserve the right to amend and/or supplement their responses, including in response to Lead Plaintiff's motion for class certification. Defendants also reserve the right to use subsequently discovered information in depositions, at trial, and in support of or opposition to any motion, petition or other proceeding in this matter.

Defendants do not concede that any portion of their response to this Interrogatory is admissible at trial or in connection with any non-discovery motion, petition, or proceeding. Defendants reserve all rights to object to the introduction of any portion of this response at trial or any non-discovery motion, petition, or proceeding.

Defendants with their responses to these Interrogatories do not waive but expressly preserve all objections on grounds of privilege, work product protection, right of privacy or any

other such privilege or immunity. Defendants' good faith response to this Interrogatory should not be read to imply that Defendants have in any way waived such objections or protections. To the extent Lead Plaintiff attempts to interpret this Interrogatory in a way that would require Defendants to specifically invoke any of these objections or protections, Defendants reserve the right to do so.

**GENERAL OBJECTIONS**

1. Defendants object to the Interrogatory to the extent it seeks to impose obligations inconsistent with, beyond, or in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, the Stipulated Protective Order as Modified by the Court (ECF No. 120) (the "Protective Order"), the Stipulated Order Regarding Discovery of Electronically Stored Information for Standard Litigation as Modified by the Court (ECF No. 121) (the "ESI Stipulation"), the Order Regarding the Parties' Stipulation to Modify the Case Schedule (ECF No. 158) ("Scheduling Order"), and any other court order or stipulation governing discovery in this case.

2. Defendants object to the Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privileges. Defendants will not provide any privileged and/or protected information. Any disclosure of privileged information would be inadvertent and should not be deemed a waiver of privilege.

3. Any responses to this Interrogatory provided by Defendants are solely for the purpose of this litigation. Any attempt by Lead Plaintiff or any other person or entity to use or disseminate the Responses, the information contained in the Responses, or the documents produced by Defendants in this litigation beyond this litigation is objected to as improper and will be subject to appropriate action.

4. By this Response, Defendants do not, and do not intend to: (1) waive any objections as to the admissibility of evidence or the competency of, relevancy of, materiality of, or privilege attaching to any information disclosed in this Response; or (2) waive the right to object to other

discovery requests or undertakings involving or reflecting the subject matter requested herein. This Response does not constitute, nor should it be construed as, admissions with respect to the relevancy or admissibility of any evidence or document, or the truth or accuracy of any statement, characterization, or other information contained in Lead Plaintiff's Interrogatory or in any document.

5. These Responses are based upon information currently known or believed to be true by Defendants. Defendants reserve the right to modify or supplement these Responses.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

6. Defendants object to the Definitions and Instructions insofar as they depart from the requirements of the Federal Rules of Civil Procedure and the Local Rules. Defendants will respond to the Interrogatories in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules.

**RESPONSES TO INTERROGATORY**

**INTERROGATORY NO. 2:**

If YOU contend that the CLASS should not be certified for any reason, please state with particularity all legal and factual bases for YOUR contention.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections set forth above, Defendants object to this Interrogatory because it is premature and improper. Lead Plaintiff asks Defendants to preview their opposition to a motion that has not yet been filed and for which Lead Plaintiff, not Defendants, bears the burden of proof. Any opposition to class certification will necessarily be responsive to Lead Plaintiff's motion to certify the class. Defendants further object to this Interrogatory because it is overbroad and unduly burdensome in that it seeks "all" legal and factual bases for any potential opposition to class certification. Given the size of the putative class alone, "all" factual bases for Defendants' opposition could encompass information specific to tens if not hundreds of thousands of individuals in the putative class and "all" legal bases will necessarily

1  depend on the motion that Lead Plaintiff ultimately files. Defendants further object that this
2  contention interrogatory is premature because fact discovery is still ongoing.

3  Subject to and without waiving the foregoing objections Defendants respond as follows:
4  Defendants contend that the putative class should not be certified under Rule 23(a) and Rule 23(b)
5  of the Federal Rule of Civil Procedure. Specifically, Defendants contend that the putative class—
6  defined as "all persons or entities who purchased XRP"—is overly broad and that Lead Plaintiff,
7  a Florida resident, is an atypical and inadequate representative for such a class, including because
8  the putative class encompasses: (i) foreign purchasers who must be excluded under *Morrison v.*
9  *National Australia Bank Ltd.*, 561 U.S. 247, 268 (2010); (ii) purchasers who bought from sellers
10 other than Ripple on the secondary market that must be excluded under both federal and state law,
11 *Pinter v. Dahl*, 486 U.S. 622, 644 n.21 (1988); (iii) significant numbers of class members that lack
12 standing because they were not injured; and (iv) non-California residents and purchasers who
13 bought outside of California pursuing California state law claims. Defendants further contend that
14 the class, as currently defined, contains impermissible conflicts, and that determining whether any
15 putative class member has a valid claim and standing will require individualized, purchaser-by-
16 purchaser inquiries, incapable of proof with common evidence.

17 This Response is provided in good faith based on currently available facts and knowledge.
18 However, because discovery and investigation are still ongoing and Lead Plaintiff has not yet filed
19 its motion for class certification, Defendants may identify additional arguments that they will raise
20 in opposition to class certification that are not included in this Response.

21

22 Dated: October 31, 2022                KING & SPALDING LLP

23

24                                        */s/ Suzanne E. Nero*
                                          SUZANNE E. NERO
25                                        snero@kslaw.com
                                          50 California St., Suite 3300
26                                        San Francisco, CA 94111
                                          Tel: (415) 318-1200; Fax: (415) 318-1300
27

28

DAMIEN J. MARSHALL (admitted *pro hac vice*)
dmarshall@kslaw.com
ANDREW MICHAELSON (admitted *pro hac vice*)
amichaelson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Amerias, 34th Floot
New York, NY 10036
Tel: (212) 556-2100; Fax: (212) 556-2222

ANDREW J. CERESNEY (admitted *pro hac vice*)
aceresney@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

*Attorneys for Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse*

# CERTIFICATE OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in the county of San Francisco, State of California, in the office of a member of the bar of this Court, at whose direction this service was made. I am over the age of eighteen years and not a party to the within action.

On October 31, 2022, I served the following documents in the manner described below:

- **DEFENDANTS' RESPONSES TO LEAD PLAINTIFF'S INTERROGATORIES, SET TWO**

☒ BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy through King & Spalding LLP's electronic mail system to the email addresses set forth below.

On the following part(ies) in this action:

| | |
|---|---|
| James Q. Taylor-Copeland<br>TAYLOR-COPELAND LAW<br>501 W. Broadway, Suite 800<br>San Diego, CA 92101<br>Telephone: (619) 400-4944<br>Facsimile: (619) 566-4341<br>james@taylorcopelandlaw.com | *Counsel for Lead Plaintiff Bradley Sostack* |

Marc M. Seltzer
Steven G. Sklaver
Oleg Elkhunovich
Krysta Kauble Pachman
Nicholas N. Spear
SUSMAN GODFREY LLP
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
oelkhunovich@susmangodfrey.com
kpachman@susmangodfrey.com
nspear@susmangodfrey.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 31, 2022, at San Francisco, California.

*/s/ Meghan Strong*
Meghan Strong