DAMIEN J. MARSHALL (admitted *pro hac vice*)
dmarshall@kslaw.com
ANDREW MICHAELSON (admitted *pro hac vice*)
amichaelson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100; Fax: (212) 556-2222

SUZANNE E. NERO (SBN 284894)
snero@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300

*Attorneys for Defendants Ripple Labs Inc.,
XRP II, LLC, and Bradley Garlinghouse*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION <br><br> This Document Relates to: <br><br> ALL ACTIONS | Case No. 4:18-cv-06753-PJH <br><br> **DEFENDANTS RIPPLE LABS INC., XRP II, LLC, AND BRAD GARLINGHOUSE'S NOTICE OF MOTION AND MOTION PURSUANT TO LOCAL RULES 6-3 AND 7-11 TO MODIFY THE SCHEDULING ORDER** |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

  PLEASE TAKE NOTICE THAT Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse ("Ripple" or "Defendants") hereby move the Court, pursuant to Civil Local Rules 6-3 and 7-11 and Paragraph 3 of the Court's Standing Order in Civil Cases, for an Order granting Ripple's request to modify the scheduling order.

  This Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the supporting Declaration of Suzanne E. Nero ("Nero Decl.") and all exhibits thereto, such oral argument as may be heard at the hearing on this Motion, and any further information that may be presented to the Court regarding this Motion. Counsel for Ripple engaged in written exchanges and a telephonic discussion with counsel for Lead Plaintiff Bradley Sostack ("Sostack" or "Lead Plaintiff") in an attempt to reach a stipulation concerning the relief requested in this Motion; however, Sostack declined to stipulate to the relief Ripple seeks. Ripple now requests that the Court grant the relief sought herein. *See* Nero Decl. ¶¶ 12-13.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse ("Ripple" or "Defendants") hereby move the Court, pursuant to Civil Local Rules 6-3 and 7-11 and Paragraph 3 of the Court's Standing Order in Civil Cases, for an Order granting a six-month extension to the fact discovery and the other subsequent deadlines. Defendants seek this extension because the key question underlying this case—whether sales of XRP constitute an "investment contract" pursuant to *SEC v. W.J. Howey Co.*, 328 U.S. 293, 301 (1946)—is currently under submission in fully briefed summary judgment motions in the concurrent litigation *SEC v. Ripple Labs Inc. et al.*, 1:20-cv-10832-AT-SN (S.D.N.Y.) (the "SEC Action").[1] Ripple thus has good cause for seeking this extension. Granting an extension to the deadlines in this case will be far more efficient for the parties and the Court, minimize or eliminate the need for extensive and duplicative discovery into issues that will be decided in the pending SEC Action, and reduce the risk of conflicting rulings on the central issue in both litigations. This Court has previously agreed that it would be in the interests of both the parties and judicial economy for the SEC Action to precede certain deadlines in this action, ECF No. 157 ¶ 4, and granting this extension serves this same purpose here. The non-overlapping issues (such as class certification) will proceed while the overlapping issues will follow the SEC Action to the benefit of judicial and party resources.

**I.     BACKGROUND**

**A.  The SEC Action Overlaps with Key Issues in this Case**

Both this case and the pending SEC Action revolve around the same central question—whether sales of XRP constitutes "investment contracts." As recently as its motion for class certification, Lead Plaintiff explained that "the central question" in this action is "whether XRP is an unregistered security." ECF No. 181 at 2; *see also* ECF No. 145 at 3. That issue is also at the heart of the SEC Action and is poised for resolution soon. Both Ripple and the SEC have moved

---

[1] Ripple does not seek to extend any deadlines relating to the class certification briefing schedule, which addresses separate issues from the SEC Action and will be briefed according to the current schedule.

for summary judgment on this central question of whether XRP constitutes an investment contract pursuant to *Howey*. *See, e.g.*, Plf. Mem. of Law in Supp. of Mot. Summ J., SEC Action, ECF No. 640 at 10 (Sept 17, 2022); Defs. Mem. of Law in Supp. of Mot. Summ J., SEC Action, ECF No. 643 at 16 (Sept 17, 2022). The motions have been fully briefed since November 2022 and are awaiting a decision. Nero Decl. ¶ 4.

There are other related issues as well. For example, the SEC's allegations directly conflict with Lead Plaintiff's argument on the statute of repose. The SEC alleges that there has been a single continuous offering of XRP since 2013, and that as early as August 2013, Ripple's founder approved the offering of XRP to "purchasers in the open market." Compl., SEC Action, ECF No. 4, ¶¶ 1, 3, 73 (Dec. 22, 2020). Here, the Court identified the relevant repose date of August 5, 2016 (ECF No. 85 at 15)—approximately three years after the SEC is attempting to prove that unregistered public sales of XRP occurred. Moreover, both the SEC and Lead Plaintiff seek essentially an identical remedy (disgorgement for the SEC and restitution for Lead Plaintiff) on behalf of the same group of purchasers.

### B. The Court Previously Recognized the Efficiencies of Permitting Certain Aspects of the SEC Case to Precede This Case in Setting an Appropriate Schedule

This Court issued its first Case Management and Pretrial Order before the SEC Action was filed on December 22, 2020. ECF No. 124 & ECF No. 125. It soon became clear, however, that the SEC Action would not only address many of the same issues as this action, but that it would be resolved before this action and would alter the issues in this case. Consequently, on February 23, 2022, the parties stipulated to extend the pretrial schedule. ECF No. 157. The parties did so because "the overlap of factual and legal issues between this case and the SEC Action," demonstrated "that there are efficiencies in having certain aspects of the SEC Action precede certain deadlines in this action." *Id.* The parties agreed that permitting decisions in the SEC Action to precede this action "will reduce the burden on the parties, streamline discovery in this case, and potentially reduce the burden on the Court by narrowing the issues in dispute." *Id.* ¶ 4. The parties

agreed to a revised schedule "[t]o ensure this case is nonetheless proceeding efficiently, and in as timely a fashion as developments in the SEC Action permit." *Id.* ¶ 5. That schedule included modest extensions to the class certification deadlines, which did not overlap with SEC Action issues, and longer extensions for other deadlines that did overlap. *Id*. ¶ 7. This Court "agree[d] with the rationale behind the parties' request" and modified the pretrial schedule, including setting an end-date of March 31, 2023 for non-expert discovery. ECF No. 158.[2]

Since that time, Ripple has diligently complied with Lead Plaintiff's discovery requests. *See* Nero Decl. ¶ 9. Much of the discovery that Lead Plaintiff requested consisted of the discovery in the SEC Action, including all documents produced by any party or third-party in the SEC Action, discovery requests and responses, expert reports, and deposition transcripts. *Id*. In response, Defendants have produced more than 650,000 documents. *Id*. Ripple itself has also timely served written discovery and sought the deposition of Lead Plaintiff and other witnesses relevant to class certification. *Id*. ¶ 11.

Given the upcoming fact discovery deadline, Lead Plaintiff recently indicated his intent to depose eight current or former Ripple employees before the close of the current fact discovery deadline. Nero Decl. ¶ 10. Ripple expects this discovery will be largely duplicative of discovery already taken in both the SEC investigation and SEC Action—seven of the eight individuals gave deposition testimony in the SEC Action and four also gave testimony in the SEC investigation. *Id*. And Lead Plaintiff recently served five third-party subpoenas for depositions and documents, which also contain overlapping issues of subpoenas served by the SEC in the SEC Action. *Id*.

### C.  Meet and Confer Efforts

Because of the inefficiencies in proceeding in significant discovery efforts now when overlapping issues will soon be decided in the SEC Action, and will undoubtedly influence this action, Ripple requested that Lead Plaintiff consent to extend the close of fact discovery and

---

[2] The only other modification to the case schedule was a one-week extension to the class certification opposition and reply briefing deadlines in order to accommodate a scheduling conflict for Lead Plaintiff's damages expert. ECF No. 185. Nero Decl. ¶ 14.

subsequent pretrial dates by six months. Nero Decl. ¶ 12. On December 20, Lead Plaintiff informed Ripple it would not agree to an extension of the current deadlines. *Id.* ¶ 13. Ripple now files the present motion seeking the requested relief.

## II.  LEGAL STANDARD

"The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order will not be disturbed unless they evidence a clear abuse of discretion." *Winns v. Exela Enterpr. Solutions, Inc.*, 2021 WL 5973049, *1 (N.D. Cal. Nov. 4, 2021) (cleaned up); *see also Jimerson v. City of Hayward*, 2017 WL 130283, at *1 (N.D. Cal. Jan. 13, 2017) (courts are granted "wide discretion in the determination of pre-trial matters."). Courts have authority to modify a case schedule upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). The purpose of Rule 16 is to "provide for judicial control over a case" thus "making the trial process more efficient, less costly, as well as improving and facilitating the opportunities for settlement." *Newton v. AC&S, Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990).

## III.  ARGUMENT

Ripple has demonstrated good cause for its request to extend the close of fact discovery and subsequent deadlines to afford time for the SEC Action to proceed, which will likely resolve overlapping issues in the two cases. If required to complete fact discovery on the current schedule, the parties will be forced to engage in substantial discovery concerning whether transactions in XRP qualify as investment contracts; a question fully briefed for resolution in the SEC Action. Requiring the parties to complete additional (and largely duplicative) fact discovery without the benefit of this decision would cause substantial harm and be a waste of both the parties' and this Court's resources and time.

The cases address the same "central question" and involve overlapping analysis of the same law and facts. Indeed, Lead Plaintiff recently requested to use the transcripts from the SEC Action but concurrently wants to depose many of the same individuals, including on the same topics of which they already gave prior testimony. Nero Decl. ¶ 10. The outcome of the SEC Action will

undoubtedly impact the analysis in this action, a fact this Court has already acknowledged.  *See* ECF No. 158 at 1 (agreeing "that there would be efficiencies in allowing the SDNY case to precede this case").  Operating under the current schedule almost certainly will mean that expert work will be conducted, and dispositive motions may be briefed in this case, all while awaiting the Court's decision on summary judgment in the SEC Action.  If the current deadlines in this case are not extended, one could expect that the parties will, at minimum, seek to supplement any filing upon ruling in that case if not reopen discovery, creating inefficiencies for both the parties and the court.

Proceeding under the current schedule also enhances the possibility of conflicting rulings on related questions and issues in this case and the SEC Action, including on the central question of whether sales of XRP constitute "investment contracts" under *Howey*, and the issue of repose and when Ripple's public sales of XRP began.  There is no reason to create such a conflict when a short extension will allow both cases to proceed in an organized and efficient manner.

Lead Plaintiff would not only *not* be prejudiced by this extension, but he would also benefit from it.  First, as noted, much of the discovery Lead Plaintiff now seeks was sought in the SEC Action and produced to Lead Plaintiff.  Second, a decision in the SEC Action is likely to narrow the issues for discovery and decision by this Court.  An extension will allow the parties to tailor their discovery without duplicating efforts or setting up the possibility for conflicting rulings.

Ripple has diligently pursued discovery, complied with the pretrial schedule, and has not sought to delay progress in this action.  *See supra* p. 5 (detailing discovery efforts); *Solaria Corp. v. GCL Sys. Integration Tech. Co.*, 2022 WL 279870, at *2 (N.D. Cal. Jan. 31, 2022) (finding good cause where the moving party diligently pursued discovery).  But no amount of diligence can account for the impact that a decision in the SEC Action will have on the resolution of this matter.  An extension is necessary to accommodate that reality.

## CONCLUSION

For these reasons, Ripple respectfully requests that this Court grant its Motion to Modify the Scheduling Order to the dates set forth in the accompanying [Proposed] Order.

DATED: December 22, 2022       KING & SPALDING LLP


By:   */s/ Suzanne E. Nero*
      Suzanne E. Nero

      DAMIEN J. MARSHALL (admitted *pro hac vice*)
      dmarshall@kslaw.com
      ANDREW MICHAELSON (admitted *pro hac vice*)
      amichaelson@kslaw.com
      KING & SPALDING LLP
      1185 Avenue of the Americas, 34th Floor
      New York, NY 10036
      Tel: (212) 556-2100; Fax: (212) 556-2222

      SUZANNE E. NERO (SBN 284894)
      snero@kslaw.com
      KING & SPALDING LLP
      50 California St., Suite 3300
      San Francisco, CA 94111
      Tel: (415) 318-1200; Fax: (415) 318-1300

      *Attorneys for Defendants Ripple Labs Inc.,
      XRP II, LLC, and Bradley Garlinghouse*