DAMIEN J. MARSHALL (admitted *pro hac vice*)
dmarshall@kslaw.com
ANDREW MICHAELSON (admitted *pro hac vice*)
amichaelson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100; Fax: (212) 556-2222

SUZANNE E. NERO (SBN 284894)
snero@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300

*Attorneys for Defendants Ripple Labs Inc.,
XRP II, LLC, and Bradley Garlinghouse*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:18-cv-06753-PJH<br><br>**DECLARATION OF SUZANNE E. NERO IN SUPPORT OF DEFENDANTS RIPPLE LABS INC., XRP II, LLC, AND BRAD GARLINGHOUSE'S NOTICE OF MOTION AND MOTION PURSUANT TO LOCAL RULES 6-3 AND 7-11 TO MODIFY THE SCHEDULING ORDER** |

I, Suzanne E. Nero, hereby declare as follows:

1. I am a member in good standing of the bar of the State of California, a partner with the law firm King & Spalding LLP, and counsel of record for Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse ("Ripple" or "Defendants"). I have personal knowledge of the facts set forth herein, and if called as a witness, could and would testify competently thereto.

2. Pursuant to Civil Local Rules 6-3 and 7-11 and Paragraph 3 of the Court's Standing Order in Civil Cases, I make this declaration in support of the parties' Notice of Motion, Motion to Modify the Scheduling Order as well as the accompanying Memorandum of Points and Authorities and [Proposed] Order.

3. Ripple seeks an Order granting a six-month extension to the fact discovery and the other subsequent deadlines to take advantage of the efficiencies in allowing certain overlapping issues in the concurrent litigation *SEC v. Ripple Labs Inc. et al.*, 1:20-cv-10832-AT-SN (S.D.N.Y.) (the "SEC Action") to precede related issues in this case.

4. The key question underlying both this case and the SEC Action is whether sales of XRP constitute an investment contract pursuant to *SEC v. W.J. Howey Co.*, 328 U.S. 293, 301 (1946). That key question is currently awaiting ruling by Judge Torres on summary judgment motions that are fully briefed since November 2022.

5. Discovery related to this key question will be similar in both cases. Lead Plaintiff has recently requested to use the transcripts from the SEC Action but indicated his intent to also depose the same individuals, including on the same topics of which they already gave prior testimony.

6. As such, granting an extension to the deadlines in this case will be far more efficient for the parties and the Court, minimize or eliminate the need for extensive discovery into issues that will be decided in the pending SEC Action, and reduce the risk of conflicting rulings on the central issue in both litigations.

7. This Court issued its first Case Management and Pretrial Order before the SEC

1   Action was filed.  ECF No. 124 & ECF No. 125.

2         8.      On February 23, 2022, the parties stipulated to extend the pretrial schedule.  ECF No. 157.

3         9.      Since that time, Ripple has diligently complied with Lead Plaintiff's discovery requests.  Much of the discovery that Lead Plaintiff requested consisted of the discovery in the SEC Action.  Lead Plaintiff has sought all documents produced by any party or third-party in the SEC Action, discovery requests and responses, expert reports, deposition transcripts which Defendants produced (in accordance with the appropriate confidentiality provisions in both this action and the SEC Action).  Defendants have produced over 650,000 documents to Lead Plaintiff to date.

      10.     Lead Plaintiff has indicated his intent to depose eight current or former Ripple employees in the first three months of the year, and Lead Plaintiff served five third-party subpoenas for depositions and documents.  Ripple expects this discovery will be largely duplicative of discovery already taken in both the SEC investigation and SEC Action—indeed, seven of the eight individuals gave deposition testimony in the SEC Action and four also gave testimony in the SEC investigation.  Lead Plaintiff recently requested to use the transcripts from the SEC Action but concurrently wants to depose many of the same individuals, including on the same topics of which they already gave prior testimony.

      11.     Ripple itself has also timely served written discovery and sought the deposition of Lead Plaintiff and other witnesses relevant to class certification.  Ripple has diligently pursued discovery, complied with the pretrial schedule, and has not sought to delay progress in this action.

      12.     On or around Thursday, December 15, my colleague Andrew Michaelson had a phone conversation with counsel for Lead Plaintiff Steven Sklaver regarding Ripple's request to extend the close of fact discovery and subsequent pretrial dates.

      13.     On December 20, Lead Plaintiff's counsel Steven Sklaver informed me by email that Lead Plaintiff would not agree to an extension of the current deadlines.  I informed him on

that same date that Ripple intended to file this motion and would note Lead Plaintiff's opposition to that motion.

14. There have been two prior modifications to the Scheduling Order. First, by agreement of the parties in February 2022. ECF No. 157 & ECF No. 158. And recently, a small one-week extension to the class certification opposition and reply briefing deadlines in order to accommodate a scheduling conflict for Lead Plaintiff's damages expert. ECF No. 185.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of December, 2022, at Oakland, California.

_____
Suzanne E. Nero