Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
Steven G. Sklaver (237612)
ssklaver@susmangodfrey.com
Oleg Elkhunovich (269238)
oelkhunovich@susmangodfrey.com
Krysta Kauble Pachman (280951)
kpachman@susmangodfrey.com
Nicholas N. Spear (304281)
nspear@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

James Q. Taylor-Copeland (284743)
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
james@taylorcopelandlaw.com
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

*Counsel for Lead Plaintiff Bradley Sostack*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS, INC. LITIGATION | Case No. 4:18-cv-06753-PJH (RMI)<br>Formerly Consolidated/Related<br>Case No. 4:21-cv-06518 (Closed 9-27-21) |
| This Document Relates to:<br><br>All Actions | <u>CLASS ACTION</u><br><br>**LEAD PLAINTIFF BRADLEY SOSTACK'S OPPOSITION TO DEFENDANTS' MOTION PURSUANT TO LOCAL RULES 6-3 AND 7-11 TO MODIFY THE SCHEDULING ORDER** |

1    Defendants' motion—unnecessarily filed on the eve of and requiring a response to be

2  drafted over the long holiday weekend—effectively seeks a stay of this long-pending case under

3  the thin veil of a "six-month extension" request.  Dkt. 188.  Defendants' motion should be denied

4  because it is procedurally improper and fails on the merits.  *First*, this motion is really a motion to

5  stay proceedings that should have been brought as a noticed motion, not an administrative motion

6  requiring an immediate turnaround over the holiday weekend.  *Second*, the motion fails on the

7  merits because Defendants' claimed "efficiencies" gloss over black-letter principles of collateral

8  estoppel that limit the preclusive effect of rulings in the SEC Action and overstate the potential

9  applicability of any SEC Action rulings to this case.  *Third*, Lead Plaintiff—whose claims have

10  been pending for almost four years—will be unfairly prejudiced by the *de facto* indefinite stay

11  that Defendants seek, and so will the putative class.  Defendants, by contrast, will not be

12  prejudiced by having to participate in the limited additional discovery remaining in this case.

13  **I.      Defendants' Motion is a Procedurally Improper Motion to Stay.**

14    Defendants style their motion as seeking a six-month extension, but the motion makes

15  clear that their goal is to halt the remaining discovery in this case—and specifically to avoid

16  having their witnesses deposed—until the SEC Action court rules on the pending motions for

17  summary judgment.  Dkt. 188 at 6–7.  In other words, the issue is not that Defendants need more

18  time to complete discovery and thus need an *extension*; rather, they do not want to engage in that

19  discovery at all and thus want a *stay* pending the resolution of the summary judgment motions in

20  the SEC Action.

21    This motion is therefore procedurally improper.  Defendants moved pursuant to Local

22  Rules 6-3 and 7-11, *see* Dkt. 188 at 3, which deal with motions to enlarge or shorten time and

23  miscellaneous administrative matters, respectively.[1]  As this Court previously held, these rules do

24  not supply the proper mechanism to seek a stay, which requires a noticed motion:

25    Preliminarily, the court notes that Civil Local Rule 7-11, which is meant to cover
26    requests for relief in connection with "miscellaneous administrative matters"—

27    _____
      [1] Defendants also bring their motion pursuant to "Paragraph 3 of the Court's Standing Order in
28  Civil Cases," but that deals with the unrelated issue of summary judgment separate statements.

1

such as motions to exceed otherwise applicable page limitations or motions to file documents under seal—is not the appropriate vehicle by which to request a stay of all litigation proceedings. Rather, plaintiff should have filed a properly noticed motion pursuant to Civil Local Rule 7-1 et seq. and the 35 day briefing schedule set forth therein, in order provide all affected parties with the opportunity to be fully heard on the matter.

*Omoregie v. Boardwalk Auto Ctr., Inc.*, 2008 WL 4792643, at *1 (N.D. Cal. Oct. 31, 2008); *accord Morgenstein v. AT&T Mobility LLC*, 2009 WL 3021177, at *1–3 (N.D. Cal. Sept. 17, 2009). Defendants should not be able to avoid the noticed motion process, deny Lead Plaintiff a full and fair opportunity to respond, and skip the line by misleadingly framing their motion as seeking an extension of time. This is reason alone to deny the motion.

## II.  Defendants Fail to Establish Good Cause to Delay Discovery.

"Under Ninth Circuit law, a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Onn v. Carnival Corp.*, 2021 WL 1267264, at *1 (N.D. Cal. Apr. 6, 2021) (cleaned up). Here, Defendants cannot meet this heavy burden—and therefore cannot establish good cause to stay discovery—because the issues will not be simplified by a stay, Lead Plaintiff and the putative class will be damaged by a stay, and Defendants will not suffer any "hardship or inequity" if discovery moves forward. *See Grant House v. Nat'l Collegiate Athletic Ass'n*, 2021 WL 4924776, at *1 (N.D. Cal. Feb. 25, 2021) (describing the stay analysis).

### A.  Defendants' Claimed Efficiencies Do Not Exist.

Defendants' arguments about the "likely" resolution of "overlapping issues" and the concern of hypothetical inconsistent rulings, Dkt. 188 at 6–7, gloss over black-letter principles of collateral estoppel. A summary judgment ruling in favor of Defendants in the SEC Action—which is obviously Defendants' sought outcome there—would not "resolve" any issues in this case. In the SEC Action, Defendants primarily seek a summary judgment ruling that offers and sales of XRP are not investment contracts and oppose the S.E.C.'s summary judgment motion that Defendants offered and sold unregistered securities. If Defendants were to succeed, any such rulings would have no collateral estoppel effect in this case because Lead Plaintiff is not a party to the SEC Action and is not in privity with the S.E.C. *See Bruzzone v. McManis*, 2018 WL

2

11174581v1/016433

5734546, at *4 (N.D. Cal. Oct. 31, 2018) (collateral estoppel requires "the party against whom issue preclusion is asserted was a party or in privity with a party at the first proceeding"). Thus, even if the SEC Action court rules in Defendants' favor (by granting Defendants' summary judgment motion or denying the S.E.C.'s motion), this Court would not be bound by that ruling and Lead Plaintiff would still have the full ability to litigate his claims that Defendants offered and sold unregistered securities in violation of state and federal law.

Moreover, any theoretical rulings in Defendants' favor in the SEC Action would likely have limited persuasive value in this action. Defendants' main argument in the SEC Action is that the *Howey* test *requires* a contractual relationship between XRP purchasers and the Defendants. *See* SEC Action, Case No. 1:20-cv-10832-AT-SN, Dkt. 643 at 28–51 (S.D.N.Y.). Regardless of the merits of this argument in the Second Circuit, the Ninth Circuit has expressly held that the *Howey* inquiry is not so limited. *See Hocking v. Dubois*, 885 F.2d 1449, 1457–58 (9th Cir. 1989) (en banc) ("In attempting to determine whether a scheme involves a security, the inquiry is not limited to the contract or other written instrument. . . . In defining the term investment contract, *Howey* itself uses the terms 'contract, transaction or scheme,' leaving open the possibility that the security not be formed of one neat, tidy certificate, but a general 'scheme' of profit seeking activities." (citations omitted)).

Defendants' arguments about the statute of repose, Dkt. 188 at 4, 7, are even more attenuated. The statute of repose in the Securities Act does not apply to the S.E.C. *See* 15 U.S.C. § 77m (limiting its reach to claims under sections 77k and 77*l*, both of which deal with private rights of action). The pending motions for summary judgment will not, therefore, address whether and how the statute of repose applies to Defendants' offers and sales of XRP. Indeed, the word "repose" does not even appear in either the S.E.C.'s or Defendants' summary judgment briefing in the SEC Action. Tellingly, Defendants only cite (inaccurately) to allegations in the S.E.C.'s complaint to incorrectly imply that the pending summary judgment motions will decide

1    the repose issue.  *See* Dkt. 188 at 4.  There is therefore no basis to delay or stay proceedings due

2    to the statute of repose.[2]

3         B.    Lead Plaintiff and the Putative Class Will Be Unfairly Prejudiced by a Stay.

4         Defendants fail to cite *anything* to support the implication that a ruling in the SEC Action

5    will be issued with sufficient time to complete discovery by the deadline of the requested six-

6    month extension.  In fact, the record suggests the opposite.  The SEC Action court previously

7    took eleven months from filing to decide the motions to dismiss, which related solely to the

8    individual defendants and totaled 150 pages of briefing and 22 exhibits.  The pending summary

9    judgment motions cover all parties, with briefing totaling 410 pages supported by extensive Rule

10   56.1 statements and well over 1000 exhibits.  These motions—filed in September 2022—are

11   unlikely to be decided before **late next year at the earliest**.  Although Defendants' motion

12   requests a six-month "extension," the exact same arguments could—and likely will—be used to

13   seek continued stays going forward.[3]

14        Lead Plaintiff (and the putative class) will be unfairly prejudiced by this potentially

15   lengthy delay.  The class claims against Defendants have already been pending for **years**—the

16   consolidated cases against Defendants were first filed in summer 2018, and Lead Plaintiff filed

17   the Consolidated Complaint on August 5, 2019.  *See* Dkt. 2, 63.  Their day in Court should not be

18   further delayed by a new extension of potentially indefinite length.  *See Leyva v. Certified*

19   *Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) ("A stay should not be granted unless it

20   appears likely the other proceedings will be concluded within a reasonable time in relation to the

21   urgency of the claims presented to the court.").  And while the parties have previously agreed to

22   phase "certain aspects" of this case to allow the discovery in SEC Action to conclude first, Dkts.

23

24   ---

     [2] To be sure, a ruling against Defendants and in the S.E.C.'s favor could be used against
     Defendants in this action under the doctrine of offensive nonmutual collateral estoppel.  *See*

25   *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326–33 (1979); *Syverson v. Int'l Bus. Machines*
     *Corp.*, 472 F.3d 1072, 1078 (9th Cir. 2007).  But Lead Plaintiff would still need discovery and a
     trial regarding other issues in this case.

26   [3] Indeed, Defendants' motion suggests they want this action stayed pending "[t]he outcome of
     the SEC Action," Dkt. 188 at 6–7, which may not occur for months, or even years, if both

27   summary judgment motions are denied.  Notably, unlike this case's scheduling order with
     deadlines through trial, the SEC Action currently has no pending pretrial or trial deadlines.

28

                                                    4

1  157–58, Lead Plaintiff has always rejected Defendants' requests for a stay.  *See* Declaration of

2  Oleg Elkhunovich ("Elkhunovich Decl.") ¶ 9 (filed concurrently herewith).

3        Defendants will face no similar prejudice if the motion is denied and the case moves

4  forward.  *See Grant House*, 2021 WL 4924776, at *1 ("'[I]f there is even a fair possibility that the

5  stay . . . will work damage to some one else,' the party seeking the stay 'must make out a clear

6  case of hardship or inequity.'"  (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936))).

7  Critically, Defendants do not contend that the current deadlines are infeasible.  Nor could they, as

8  the remaining discovery to be completed is limited.  *See* Elkhunovich Decl. ¶ 10.  Document

9  production has been substantially completed.  The remaining written discovery—including

10  subpoenas for data that the parties have served on cryptocurrency exchanges—are or will be

11  narrow and straightforward.  Defendants' requested depositions will be completed by mid-

12  January.  And there is plenty of time in January, February, and March 2023 to complete Lead

13  Plaintiff's requested depositions.  Lead Plaintiff will also serve a Rule 30(b)(6) notice this week,

14  but that will add only minimal burden because the corporate representative(s) will likely be one of

15  the requested individuals.  *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)

16  ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or

17  inequity' within the meaning of *Landis*.").  Defendants' arguments about theoretical briefing

18  supplementation and discovery reopening, Dkt. 188 at 7, are pure speculation and should be

19  disregarded.[4]

20  **III.**    **Conclusion**

21        The Court should deny Defendants' motion pursuant to Local Rules 6-3 and 7-11.

22

23

24     [4] Defendants argue that their motion satisfies Rule 16(b)'s "good cause" standard. Dkt. 188 at 6–7 (citing cases).  But that standard, which focuses on whether a party's diligence supports additional time or opportunity to complete a task, *see, e.g., Solaria Corp. v. GCL Sys. Integration*

25  *Tech. Co.*, 2022 WL 279870, at *2–3 (N.D. Cal. Jan. 31, 2022) (cited by Defendants), is inapposite here because there is no dispute that the parties can complete discovery within the

26  current deadlines.  Defendants' motion implicitly recognizes the inapplicability of the Rule 16(b) standard, as the motion confines its "diligence" arguments to a single paragraph at the end.  *See*

27  Dkt. 188 at 7.  Again, Defendants should not be able to avoid the more stringent "stay" standard by misleadingly framing their requested relief as an extension of deadlines.

28

1

Dated:  December 27, 2022

SUSMAN GODFREY L.L.P.

2

By:   /s/ *Oleg Elkhunovich*

3

Marc M. Seltzer (54534)
Steven G. Sklaver (237612)

4

Oleg Elkhunovich (269238)
Krysta Kauble Pachman (280951)

5

Nicholas N. Spear (304281)
SUSMAN GODFREY L.L.P.

6

1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067-6029

7

Telephone: (310) 789-3100
Facsimile: (310) 789-3150

8

mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

9

oelkhunovich@susmangodfrey.com
kpachman@susmangodfrey.com

10

nspear@susmangodfrey.com

11

James Q. Taylor-Copeland (284743)
TAYLOR-COPELAND LAW

12

501 W. Broadway, Suite 800
San Diego, CA 92101

13

james@taylorcopelandlaw.com
Telephone: (619) 400-4944

14

Facsimile: (619) 566-4341

15

*Counsel for Lead Plaintiff Bradley
Sostack*

16

17

18

19

20

21

22

23

24

25

26

27

28

6

11174581v1/016433

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2022, I electronically filed the foregoing document with the clerk of the Court and served counsel of record via the CM/ECF system.

/s/ Oleg Elkhunovich
Oleg Elkhunovich

7

11174581v1/016433