Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
Steven G. Sklaver (237612)
ssklaver@susmangodfrey.com
Oleg Elkhunovich (269238)
oelkhunovich@susmangodfrey.com
Krysta Kauble Pachman (280951)
kpachman@susmangodfrey.com
Nicholas N. Spear (304281)
nspear@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

James Q. Taylor-Copeland (284743)
james@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

*Attorneys for Lead Plaintiff Bradley Sostack*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION, | Case No. 4:18-cv-06753-PJH (RMI)<br>Formerly Consolidated/Related<br>Case No. 4:21-cv-06518 (Closed 9-27-21) |
| This Document Relates To:<br>ALL ACTIONS | <u>CLASS ACTION</u><br><br>**DECLARATION OF OLEG ELKHUNOVICH IN SUPPORT OF LEAD PLAINTIFF BRADLEY SOSTACK'S OPPOSITION TO DEFENDANTS' MOTION PURSUANT TO LOCAL RULES 6-3 AND 7-11 TO MODIFY THE SCHEDULING ORDER** |

I, Oleg Elkhunovich, hereby declare as follows:

1.   I am a member in good standing of the bar of the State of California, a partner with the law firm of Susman Godfrey L.L.P., and counsel of record for Lead Plaintiff Bradley Sostack. I have personal knowledge of the facts set forth herein, and if called as a witness, would testify competently thereto.

2.   I make this declaration in support of "Lead Plaintiff Bradley Sostack's Opposition to Defendants' Motion Pursuant to Local Rules 6-3 and 7-11 to Modify the Scheduling Order."

3.   Defendants' motion, although styled as an extension motion, is in effect a motion to stay discovery pending the resolution of the summary judgment motions in *Securities and Exchange Commission v. Ripple Labs, Inc., et al.*, Case No. 1:20-cv-10832-AT-SN (S.D.N.Y.) (the "SEC Action"). This stay motion should have been brought as a noticed motion, not an extension motion pursuant to Local Rule 6-3 or an administrative motion pursuant to Local Rule 7-11.

4.   Defendants filed this motion on Thursday, December 22, 2022, in the afternoon. Because Defendants improperly brought the motion pursuant to Local Rules 6-3 and 7-11, a response was due in four days. *See* N.D. Cal. Civ. L.R. 6-3(b), 7-11(b). The response period took place almost entirely over the holiday weekend and the Monday Federal holiday.

5.   The summary judgment motions in the SEC Action will not affect whether discovery or a trial is needed in this action. A resolution in Defendants' favor in the SEC Action would not have a collateral estoppel effect in this action because Lead Plaintiff is not a party to the SEC Action, nor is he in privity with the S.E.C. Although a resolution in the SEC's favor would have collateral estoppel effect in this action, there are still unique factual issues that would require discovery and potentially a trial regardless of what happens in the SEC Action.

6.   Defendants' primary argument in their SEC Action summary judgment motion is that offers and sales XRP were not offers and sales of unregistered securities because there was no contractual relationship between XRP purchasers and Defendants. As described in Lead Plaintiff's memorandum of points and authorities in opposition to the motion, the Ninth Circuit has rejected such a limited view of the *Howey* test.

1

7. Defendants also incorrectly assert that the statute of repose will be resolved in the SEC Action. The statute of repose does not apply to the S.E.C., *see* 15 U.S.C. § 77m, and the SEC Action summary judgment briefs make no mention of the statute of repose. *See* SEC Action, Dkts. 640, 643, 674, 675, 729, 730. I also note that Defendants misdescribe this Court's order denying their motion to dismiss. Defendants state that the Court "identified the relevant repose date of August 5, 2016." Dkt. 188 at 4. But the Court explicitly left open the possibility of an earlier repose date. *See* Dkt. 85 (MTD Order) at 19 n.5.

8. A stay would unfairly prejudice Lead Plaintiff and the putative class. The consolidated cases have been pending for well over four years. *See* Dkt. 2 (noting that the *Zakinov* case was filed on June 5, 2018, the *Oconer* case was filed on June 27, 2018, and the *Greenwald* case was filed on July 3, 2018). Lead Plaintiff filed his lead plaintiff motion on May 20, 2019, *see* Dkt. 19, and the consolidated complaint was filed on August 5, 2019, *see* Dkt. 63. Despite Defendants' request for a six-month extension, a decision on the summary judgment motions in the SEC Action is unlikely to occur in that time period. The SEC Action court previously took eleven months from filing to decide the motions to dismiss. SEC Action, Dkts. 107, 111, 182, 223, 224, 441. The briefing for those motions totaled 150 pages and there were 22 exhibits. *Id.*, Dkts. 107, 109, 111, 114, 182, 182, 223, 224. The pending summary judgment motions were filed in September 2022, total 410 pages, and were supported by extensive Rule 56.1 statements and over 1000 exhibits. *See id.*, 621–29, 640–43, 662–70, 673–75, 729–30. There is no timetable for a decision on these motions and there are no current upcoming scheduling order deadlines. *See id.*, Dkt. 472.

9. Although the parties have agreed to phase certain deadlines in this action to allow discovery in SEC Action to be completed first, Lead Plaintiff has never agreed to stay this action pending the resolution of issues in the SEC Action, despite requests from Defendants.

10. Defendants will not be prejudiced if the requested relief is denied. The current fact discovery deadline is March 31, 2023. Dkt. 158. Defendants have never informed Lead Plaintiff that they believe discovery cannot be completed by this deadline. This is unsurprising, because document production is substantially completed and there is limited discovery remaining:

2

      a.    <u>Written Discovery</u>:  Defendants recently served written discovery on Lead Plaintiff, with responses due on January 9, 2023.  Lead Plaintiff will likely serve some additional written discovery (primarily interrogatories and requests for admission) on Defendants before the deadline.

      b.    <u>Depositions</u>:  Defendants noticed three depositions, which will take place in January 2023.  Lead Plaintiff has currently requested eight fact depositions, which can easily be completed in January, February, and March 2023.  Lead Plaintiff will also serve a Federal Rule of Civil Procedure 30(b)(6) notice by the end of this week.  This will add only minimal additional burden, as the corporate representative(s) will almost certainly be included in the eight currently requested deponents.

      c.    <u>Subpoenas</u>:  The parties have served subpoenas for data on five third-party cryptocurrency exchanges.  The parties are in the process of negotiating with the exchanges over these subpoenas.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of December, 2022, at Sun Valley, Idaho.

/s/ *Oleg Elkhunovich*
Oleg Elkhunovich
oelkhunovich@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Telephone: 310-789-3100
Facsimile: 310-789-3150

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2022, I electronically filed the foregoing document with the clerk of the Court and served counsel of record via the CM/ECF system.

/s/ *Oleg Elkhunovich*
Oleg Elkhunovich