# EXHIBIT A

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
Steven G. Sklaver (237612)
ssklaver@susmangodfrey.com
Oleg Elkhunovich (269238)
oelkhunovich@susmangodfrey.com
Krysta Kauble Pachman (280951)
kpachman@susmangodfrey.com
Nicholas N. Spear (304281)
nspear@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

James Q. Taylor-Copeland (284743)
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
james@taylorcopelandlaw.com
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

*Counsel for Lead Plaintiff Bradley Sostack*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION,<br>______________________<br>This Document Relates To:<br>ALL ACTIONS<br>______________________ | Case No. 4:18-cv-06753-PJH<br>**CLASS ACTION**<br>**RESPONSE AND OBJECTIONS TO DEFENDANT RIPPLE LABS INC.'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY: Defendant Ripple Labs Inc.

RESPONDING PARTY: Lead Plaintiff Bradley Sostack

SET NUMBER: One

Pursuant to Federal Rule of Civil Procedure 33, Lead Plaintiff Bradley Sostack ("Lead Plaintiff") hereby responds and objects to Defendant Ripple Labs Inc.'s ("Ripple" or "Defendant"), Interrogatories as follows:

**PRELIMINARY STATEMENT**

Lead Plaintiff has undertaken a reasonably diligent search to locate responsive information and respond to Ripple's First Set of Interrogatories. Fact and expert discovery is ongoing, and it is possible that future discovery and investigation may reveal additional facts or information and/or may establish entirely new factual conclusions, which may lead Lead Plaintiff to change his responses to these Interrogatories. Lead Plaintiff reserves the right to amend and/or supplement his responses should he discover other responsive information. Lead Plaintiff also reserves the right to use subsequently discovered information in depositions, at trial, and in support of or opposition to any motion, petition or other proceeding in this matter. Lead Plaintiff makes each of these responses solely for the purpose of, and in relation to, this case.

Lead Plaintiff does not concede that any portion of his responses to these Interrogatories is admissible at trial or in connection with any non-discovery motion, petition or proceeding. Lead Plaintiff reserves all rights to object to the introduction of any portion of these responses—or any document produced pursuant to them—at trial or any non-discovery motion, petition or proceeding.

Finally, Lead Plaintiff's objections and responses to Ripple's Interrogatories are made in good faith. Where appropriate, Plaintiff has asserted specific objections in response to specific Interrogatories. Nevertheless, Lead Plaintiff with his responses to these Interrogatories does not waive but expressly preserve all objections on grounds of privilege, work product protection, right of privacy or any other such privilege or immunity. Lead Plaintiff further does not waive but

expressly preserve their right to protect against the inappropriate and inadvertent disclosure of confidential and proprietary information belonging to Lead Plaintiff or third-parties. Lead Plaintiff's good faith responses to these Interrogatories should not be read to imply that Lead Plaintiff has in any way waived such objections or protections. To the extent Ripple attempts to interpret these Interrogatories in a way that would require Lead Plaintiff to specifically invoke any of these objections or protections, Lead Plaintiff reserves the right to do so.

## GENERAL OBJECTIONS

1. Lead Plaintiff objects to the Interrogatories to the extent they seek to impose obligations inconsistent with, beyond, or in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, the Stipulated Protective Order as Modified by the Court (ECF No. 120) (the "Protective Order"), the Stipulated Order Regarding Discovery of Electronically Stored Information for Standard Litigation as Modified by the Court (ECF No. 121) (the "ESI Stipulation"), the Order Regarding the Parties' Stipulation to Modify the Case Schedule (ECF No. 158) ("Scheduling Order"), and any other court order or stipulation governing discovery in this case.

2. Lead Plaintiff objects to the Interrogatories to the extent they seek information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privileges. Lead Plaintiff will not provide any privileged and/or protected information. Any disclosure of privileged information would be inadvertent and should not be deemed a waiver of privilege.

3. Any responses to these Interrogatories provided by Lead Plaintiff are solely for the purpose of this litigation. Any attempt by Ripple or any other person or entity to use or disseminate the Responses, the information contained in the Responses, or the documents produced by Lead Plaintiff in this litigation beyond this litigation is objected to as improper and will be subject to appropriate action.

4. By these Responses, Plaintiff does not, and does not intend to: (1) waive any objections as to the admissibility of evidence or the competency of, relevancy of, materiality of, or privilege attaching to any information disclosed in these Responses; or (2) waive the right to object to other discovery requests or undertakings involving or reflecting the subject matter requested herein. These Responses do not constitute, nor should they be construed as, admissions with respect to the relevancy or admissibility of any evidence or document, or the truth or accuracy of any statement, characterization, or other information contained in Ripple's Interrogatories or in any document.

5. Lead Plaintiff objects to the Definitions and Instructions insofar as they depart from the requirements of the Federal Rules of Civil Procedure and the Local Rules. Lead Plaintiff will respond to the Interrogatories in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules. Lead Plaintiff further objects to the use of the term "decentralized" in the definition of "XRP LEDGER."

6. These Responses are based upon information currently known or believed to be true by Lead Plaintiff. Lead Plaintiff reserves the right to modify or supplement these Responses.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**

IDENTIFY with specificity any evidence (including any DOCUMENTS or COMMUNICATIONS relied upon) that YOU viewed and relied upon, in whole or in part, in making YOUR purchases of XRP.

**RESPONSE**:

In addition to the General Objections, Lead Plaintiff objects to this interrogatory because it seeks irrelevant information. *See, e.g.*, *Warfield v. Alaniz*, 569 F.3d 1015, 1021 (9th Cir. 2009) ("Under *Howey*, courts conduct an objective inquiry into the character of the instrument or transaction offered based on what the purchasers were 'led to expect'"). Lead Plaintiff further

objects to this interrogatory as vague and ambiguous due to the use of the undefined term "evidence." Lead Plaintiff further objects to this interrogatory as overbroad and unduly burdensome because it seeks the identification of "any evidence" that Lead Plaintiff "viewed or relied upon, in whole or in part" in relation to transactions made five years ago.

Subject to and without waiving the foregoing objections, Lead Plaintiff responds as follows: Lead Plaintiff purchased XRP on the Poloniex and Changelly exchanges in January 2018. Before making these purchases, Lead Plaintiff reviewed news reports, social media posts, discussion blogs, and information on Ripple's website (www.ripple.com), including at least the following specific materials:

- Videos posted online in which Garlinghouse discussed the price of XRP;
- Tweets from Ripple discussing the price of XRP and Ripple's partnerships with banks and financial institutions;
- Reddit posts discussing the price of XRP, including a July 24, 2017 post by Ripple Chief Technology Office David Schwartz where Schwartz addressed why banks would "use XRP if 60% of all tokens are in the possession of Ripple";
- Posts on xrpchat.com, including posts by Schwartz; and
- Blog posts about XRP on ripple.com.

**INTERROGATORY NO. 2**

For each of YOUR sales of XRP, IDENTIFY all factors that YOU considered in YOUR decision to buy or sell XRP, including for example, without limitation, the timing of the purchase or sale, price of XRP at the time of the purchase or sale, and choice of VIRTUAL CURRENCY into which the sale proceeds were transferred.

**RESPONSE**:

In addition to the General Objections, Lead Plaintiff objects to this interrogatory as nonsensical because, despite stating that the request is for "Each of YOUR sales of XRP," the interrogatory then seeks information about "factors" Lead Plaintiff considered in "buy[ing]" and

"purchas[ing]" XRP. Lead Plaintiff does not understand what information Defendants' seek or which transactions are covered by this interrogatory. Lead Plaintiff further objects to this interrogatory as vague and ambiguous due to the use of the undefined term "factors." Lead Plaintiff further objects to this interrogatory because it addresses information. *See, e.g.*, *Warfield v. Alaniz*, 569 F.3d 1015, 1021 (9th Cir. 2009) ("Under *Howey*, courts conduct an objective inquiry into the character of the instrument or transaction offered based on what the purchasers were 'led to expect'"). Lead Plaintiff further objects to this interrogatory as overbroad and unduly burdensome because it seeks the identification of "all factors" related to "sales of XRP" made almost five years ago. Lead Plaintiff further objects to this interrogatory as containing impermissible subparts.

Subject to and without waiving the foregoing objections, Lead Plaintiff responds as follows: Lead Plaintiff is willing to meet and confer with Defendants about the scope and meaning of this interrogatory.

**INTERROGATORY NO. 3**

For each of the factors IDENTIFIED in response to Interrogatory No. 2, state whether each factor influenced YOUR decision to buy or sell XRP.

**RESPONSE**:

Lead Plaintiff incorporates by reference his objections to Interrogatory 2. Lead Plaintiff further objects to this interrogatory as vague and ambiguous due to the undefined term "influenced."

Subject to and without waiving the foregoing objections, Lead Plaintiff responds as follows: Lead Plaintiff is willing to meet and confer with Defendants about the scope and meaning of this interrogatory.

**INTERROGATORY NO. 4**

IDENTIFY each CRYPTOCURRENCY EXCHANGE on which YOU have bought or sold any VIRTUAL CURRENCY at any time during the relevant period.

**RESPONSE**:

In addition to the General Objections, Lead Plaintiff objects to this interrogatory because it seeks irrelevant information. Lead Plaintiff further objects to this interrogatory as an invasion of his personal privacy and the privacy of his financial affairs. *See, e.g.*, *Zaltzman v. Clark*, 1992 WL 426466, at *1 (N.D. Cal. Oct. 1, 1992); *Funke v. Life Fin. Corp.*, 2003 WL 1787125, at *2 (S.D.N.Y. Apr. 3, 2003); *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 2005 WL 3801463, at *2 (N.D. Ill. Apr. 18, 2005). Lead Plaintiff further objects to this interrogatory as overbroad and unduly burdensome because it seeks the identification of "any CRYPTOCURRENCY EXCHANGE" used over more than five years.

Subject to and without waiving the foregoing objections, Lead Plaintiff responds as follows: Based on a reasonable investigation to date, Lead Plaintiff used the following exchanges to buy or sell XRP: Poloniex and Changelly.

**INTERROGATORY NO. 5**

IDENTIFY each distributed ledger or blockchain on which YOU have bought or sold any VIRTUAL CURRENCY.

**RESPONSE**:

In addition to the General Objections, Lead Plaintiff objects to this interrogatory because it seeks irrelevant information. Lead Plaintiff further objects to this interrogatory as an invasion of his personal privacy and the privacy of his financial affairs. *See, e.g.*, *Zaltzman*, 1992 WL 426466, at *1; *Funke*, 2003 WL 1787125, at *2; *Lawrence E. Jaffe Pension Plan*, 2005 WL 3801463, at *2. Lead Plaintiff further objects to this interrogatory as overbroad and unduly burdensome because it seeks the identification of "each distributed ledger or blockchain" used over more than five years. Lead Plaintiff further objects to this interrogatory as vague and ambiguous, as it is unclear whether and how the undefined terms "distributed ledger" and "blockchain" are distinct from the defined term "CRYTOCURRENCY EXCHANGE." Lead Plaintiff will construe this interrogatory as not

addressing "CRYPTOCURRENCY EXCHANGES."

Subject to and without waiving the foregoing objections, Lead Plaintiff responds as follows: Based on a reasonable investigation to date, Lead Plaintiff has not bought or sold XRP on any distributed ledger or blockchain.

**INTERROGATORY NO. 6**

Based on the formula set forth in Professor Steven Feinstein's report (Exhibit 62 to YOUR Motion for Class Certification in this action, ECF No. 181-61), IDENTIFY with particularity any damages YOU claim to have incurred in this action.

**RESPONSE**:

In addition to the General Objections, Lead Plaintiff objects on the ground that this interrogatory is premature because it calls for information that will be the subject of expert reports, which will be served in accordance with this Court's scheduling order. *See Dairy v. Harry Shelton Livestock, LLC*, , 2020 WL 6269541, at *2 (N.D. Cal. Oct. 23, 2020) (Illman, J.); *Amgen Inc. v. Sandoz, Inc.*, 2017 WL 1352052, at *2 (N.D. Cal. Apr. 13, 2017). Lead Plaintiff further objects to this interrogatory as vague and ambiguous due to the undefine phrase "with particularity." Lead Plaintiff further objects to this interrogatory as it seeks information already in Defendants' possession, as Defendants could perform the same calculations using the information provided in this action.

Subject to and without waiving the foregoing objections, Lead Plaintiff responds as follows: Section 12(a)(1) of the Securities Act states: "Any person who . . . offers or sells a security in violation of section 77e of this title . . . shall be liable, subject to subsection (b), to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security." 15 U.S.C. § 77*l*(a)(1). In a report submitted in support of class

certification, Lead Plaintiff's expert Dr. Steven P. Feinstein wrote: "Specifically, assuming liability of Defendants is established, the damages for any particular class member who purchased XRP and subsequently sold the XRP can be computed by quantifying the amount the investor paid for the XRP when purchased, subtracting the amount received for the XRP when sold, and adding to that difference the total return that would have been earned on the initial investment using a suitable or statutory interest rate." Dkt. 181-61 ¶ 19. Exclusive of interest, *see id.* ¶ 22, Lead Plaintiff's damages under the methodology in the Feinstein Report are: $101,297.

**INTERROGATORY NO. 7**

IDENTIFY the date by which YOU contend there was a bona fide offering of XRP to the public and all evidence YOU intend to rely on to support that contention.

**RESPONSE**:

In addition to the General Objections, Lead Plaintiff objects on the ground that discovery is ongoing and fact depositions have not yet taken place and there is absolutely no justification or need for Lead Plaintiff's contentions on this issue at this time. *See, e.g.*, *Amgen Inc. v. Sandoz Inc.*, 2016 WL 913105, at *2 (N.D. Cal. Mar. 10, 2016) ("[C]ourts in this district have placed 'a burden of justification' on a party who seeks answers to contention interrogatories before substantial documentary or testimonial discovery has been completed. . . . In the case where a defendant seeks responses to early contention interrogatories from a plaintiff, courts should be 'especially vigilant' in evaluating the proffered justifications when the plaintiff's complaint is not 'facially infirm' and the defendant appears to have control over or adequate access to much of the evidence relevant to its alleged misconduct."). Lead Plaintiff further objects to this interrogatory to the extent it seeks information covered by an applicable privilege, including the attorney client privilege or the work product privilege.

**INTERROGATORY NO. 8**

IDENTIFY all putative class members with whom you COMMUNICATED about the relief

sought in this action, including their names and the date, time, and method of such COMMUNICATIONS.

**RESPONSE**:

In addition to the General Objections, Lead Plaintiff objects to this interrogatory because it is overbroad and seeks irrelevant information. Lead Plaintiff further objects to this interrogatory to the extent it seeks information covered by an applicable privilege, including the attorney client privilege or the work product privilege.

Subject to and without waiving the foregoing objections, Lead Plaintiff responds as follows: None.

Dated: January 9, 2023

SUSMAN GODFREY L.L.P.

By *Nicholas N. Spear*

Marc M. Seltzer (54534)
Steven G. Sklaver (237612)
Oleg Elkhunovich (269238)
Krysta Kauble Pachman (280951)
Nicholas N. Spear (304281)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
oelkhunovich@susmangodfrey.com
kpachman@susmangodfrey.com
nspear@susmangodfrey.com

James Q. Taylor-Copeland (284743)
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
james@taylorcopelandlaw.com
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

*Counsel for Lead Plaintiff Bradley Sostack*

CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2023, I served the foregoing document via e-mail to the following counsel of record:

Andrew J. Ceresney (*pro hac vice*)
aceresney@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836

Damien J. Marshall
dmarshall@kslaw.com
Andrew Michaelson
amichaelson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100
Fax: (212) 556-2222

Suzanne E. Nero
snero@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200
Fax: (415) 318-1300

*Attorneys for Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse*

*Nicholas N Spear*
Nicholas N. Spear