UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| VLADI ZAKINOV, *et al.*, | Case No. 18-cv-06753-PJH (RMI) |
| Plaintiffs, | |
| v. | **ORDER RE: DISCOVERY DISPUTE LETTER BRIEF** |
| RIPPLE LABS, INC., *et al.*, | Re: Dkt. No. 192 |
| Defendants. | |

Now pending before the court is a jointly-filed discovery dispute letter brief through which Defendants request an order compelling certain financial information pertaining to Plaintiff Bradley Sostack's trading activities relating to digital assets *other than* the digital asset (XRP) which is the subject of this litigation. *See generally* Ltr. Br. (dkt. 192) at 1-6. Specifically, Defendants seek an order: (1) directing Mr. Sostack to reappear for his deposition and to answer questions under oath about his trading in digital assets other than XRP; (2) directing Plaintiff to complete responses to Interrogatory Nos. 4 & 5; and, (3) overruling Mr. Sostack's objections to third party subpoenas that prevent Defendant Ripple from independently obtaining his trading records from third party exchanges. *See id*. at 1-3. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the court finds these matters suitable for disposition without oral argument; and, as explained below, Defendants' requests to compel the above-described information is denied.

Recently, Mr. Sostack submitted a declaration (*see* Sostack Decl., Exh. 66 to Pl.'s Class Cert. Mot. (dkt. 181-66) at 2-3), in support of his motion for class certification (which described the central question underlying this case as, "whether XRP is an unregistered security," *see* Pl.'s

Class Cert. Mot. (dkt. 181) at 10). In pertinent part, Mr. Sostack declared as follows: that he did not purchase XRP for any consumptive use; that, instead, he purchased XRP with the expectation that he would be able to profit from that purchase by selling XRP later at a higher price; that this expectation was based on Ripple's promotional activity, including its repeated representations that adoption of XRP by financial institutions would increase demand for XRP; and, that he also expected Ripple to develop and improve the XRP Ledger as well as secure additional exchanges through which XRP could be traded or sold. *See* Sostack Decl. (dkt. 181-66) at 2.

In the wake of the filing of the class certification motion, and Mr. Sostack's declaration, Defendants pursued the discovery outline above – to wit, information relating to Mr. Sostack's trading activities related to any digital assets *other than* XRP. *See* Ltr. Br. (dkt. 192) at 1. Defendants reason that this information is relevant because: "[i]f Plaintiff has a practice of day-trading numerous digital assets that would undermine his representation that he purchased XRP based on an 'expectation' that it would increase in value, *based on Ripple's efforts*, but rather, suggests that he was speculating in the digital asset market broadly." *Id*. at 1-2 (emphasis in original).

Defendants' explanation as to the relevance of this discovery is two-fold – Defendants contend that, "Plaintiff's declaration was clearly intended to help meet his burden under *Howey*[1] and establish his adequacy to represent his proposed class. *Id*. at 1, 2. In essence, while stating that the Sostack Declaration is itself relevant to the *Howey* analysis (*id*. at 1), Defendants then add (without any real explanation) that "[t]he discovery sought is also relevant to Plaintiff's attempt to meet his burden under *Howey* (*id*. at 2)." The undersigned disagrees with the second part of this contention. It is totally unclear what relevance, if any, might conceivably exist between Mr. Sostack's trading activities in digital assets that are not the subject of this litigation and the inquiry as to whether or not XRP fits the definition of an "investment contract" under *Howey* and its progeny. Accordingly, that argument is rejected as unpersuasive.

---

[1] *SEC v. W.J. Howey Co.*, 328 U.S. 293, 298-99 (1946) (holding that the term "investment contract" means "a contract, transaction or scheme whereby a person . . . is led to expect profits solely from the efforts of the promoter or a third party[.]").

Defendants also contend that the discovery sought "is [also] relevant to Plaintiff's adequacy and typicality to serve as a class representative under Rule 23(a)." *Id*. at 2. To be clear, Defendants already possess very detailed information about Mr. Sostack's XRP transactions. *See id*. at 2. What Defendants now seek, however, are details about Mr. Sostack's finances and trading activities that have nothing to do with XRP or Defendants' business. To put it in their own words, Defendants submit that "[i]f Plaintiff is a speculative day trader who bought XRP hoping to turn a quick profit, he cannot adequately represent a class that, to prove its claims, must establish they had "investment contracts" with Ripple premised on an expectation of profits *based on Ripple's efforts*." *Id*. (emphasis in original).

The undersigned similarly finds this logic to be unpersuasive. Assuming the court acceded to Defendants' requests, and assuming Defendants received a trove of information that clearly demonstrated a long history of short-turnaround transactions that could be used to characterize Mr. Sostack's history in trading other (non-XRP) digital assets based on momentum, or rank speculation, or any other method of decision-making including flipping coins or rolling dice to help him decide when to buy and sell those assets – the undersigned sees no valid evidentiary significance down that path. The undersigned finds that such evidence would have negligible – if any – probative value at all. In fact, if there was any probative value at all attending this information (there is none), even then it would be merely cumulative of the evidence that Defendants already possess: that is, details about Mr. Sostack's trading activities of XRP itself.

In short, the financial information sought by Defendants is attended with weighty privacy rights, which – if the discovery sought was even remotely relevant – those concerns might be appropriately addressed by the terms of a protective order. However, because the evidence is not at all relevant for its stated purpose (challenging his suitability as a class representative), the undersigned sees no legitimate reason for such an intrusion into Mr. Sostack's other financial dealings, dealings that have no connection to the subject matter of this case. If Defendants wish to challenge Mr. Sustack's suitability to serve as a class representative under the theories they have articulated in the course of this discovery dispute, they can do so by making use of his trading data relating to XRP itself. Arming Defendants with a trove of extraneous information about Mr.

1  Sostack's other financial dealings – dealings that are utterly disconnected from issues involved in
2  this case – would do nothing to further advance Defendants' ability to persuade the court that Mr.
3  Sostack is an unsuitable class representative while needlessly intruding into his unrelated private
4  financial affairs to the benefit of no one. Accordingly, for these reasons, as well as the reasons
5  articulated by Plaintiff (*see id*. at 4-6), the undersigned rules as follows: Defendants' request to
6  compel Mr. Sostack to reappear for his deposition and to answer questions under oath about his
7  trading in digital assets other than XRP is **DENIED**; Defendants' request for an order directing
8  Plaintiff to complete responses to Interrogatory Nos. 4 & 5 is also **DENIED**; and, Mr. Sostack's
9  objections to Defendants' third-party subpoenas for independently obtaining his trading records
10 from third party exchanges are **SUSTAINED**.

**IT IS SO ORDERED.**

Dated: January 23, 2023

ROBERT M. ILLMAN
United States Magistrate Judge