DAMIEN J. MARSHALL (admitted *pro hac vice*)
dmarshall@kslaw.com
ANDREW MICHAELSON (admitted *pro hac vice*)
amichaelson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100; Fax: (212) 556-2222

SUZANNE E. NERO (SBN 284894)
snero@kslaw.com
MEGHAN H. STRONG (SBN 324503)
mstrong@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300

ANDREW J. CERESNEY (admitted *pro hac vice*)
aceresney@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

*Attorneys for Defendants Ripple Labs Inc.,
XRP II, LLC, and Bradley Garlinghouse*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:18-cv-06753-PJH<br><br>**DECLARATION OF MEGHAN H. STRONG IN SUPPORT OF DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date:     April 26, 2023<br>Time:    1:30 p.m.<br>Ctrm:    3<br><br>Consolidated FAC Filed: March 25, 2020<br>Trial Date: July 17, 2023 |

# DECLARATION OF MEGHAN H. STRONG

I, Meghan H. Strong, declare as follows:

1. I am a member of the bar of the state of California and an associate in the law firm of King & Spalding LLP. I serve as counsel for Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse ("Defendants") in the above-captioned action. I have personal knowledge of the following facts and, if called as a witness, could and would competently testify to the matters stated herein. I make this declaration in support of Defendants' Opposition to Lead Plaintiff's Motion for Class Certification ("Opposition").

2. On December 22, 2020, the SEC filed suit against Ripple Labs Inc., Brad Garlinghouse, and Chris Larsen in an action captioned *SEC v. Ripple Labs et al.*, No. 1:20-cv-10832 (S.D.N.Y.) (the "SEC Action"). Both the SEC and Defendants have filed motions for summary judgment, which have been fully briefs since November 2022. *See generally* SEC Action ECF Nos. 621, 639, 662, 667, 723, 726.

3. Cross-referencing the trading records of Lead Plaintiff Bradley Sostack ("Plaintiff") (attached hereto as Exhibit 8, as discussed further herein) against the trading records of a market maker that had an engagement with Ripple (attached to Plaintiff's Motion as Exhibit 43) shows that just two of Plaintiff's XRP transactions came from that market maker, constituting 0.09%—*less than a tenth of one percent*—of the total amount of XRP he bought. Plaintiff acquired 99.9% of his XRP from other, unknown counterparties.

4. When Plaintiff filed both his Consolidated Complaint and his Consolidated First Amended Complaint he defined the class as "All persons or entities who purchased XRP." ECF No. 63 ¶ 160; ECF No. 87 ¶ 166.

5. On October 31, 2022, Defendants served their Responses to Lead Plaintiff's Interrogatories, Set Two, in which they contended that Plaintiff's class should not be certified because, among other reasons, it contained "significant numbers of class members that lack standing because they were not injured." Pl. Ex. 42 at 5. After receiving this response, Plaintiff revised his class definitions to include only those XRP purchasers who continue to hold XRP or who sold for a loss. *See* Plaintiff's Motion for Class Certification, ECF No. 181.

6. Attached hereto as **Exhibit 1** is a true and correct copy of excerpts from the deposition transcript of Christian A. Larsen, taken in the SEC Action on September 14, 2021 and produced in this action at RPLI_03529991. We have redacted portions of the transcript that are not cited in the Opposition in order to minimize the need to request permission to seal materials on which Defendants do not rely.

7. Attached hereto as **Exhibit 2** is a true and correct copy of excerpts from the deposition transcript of Asheesh Birla, taken in the SEC Action on June 23, 2021 and produced in this action at RPLI_01674718. We have redacted portions of the transcript that are not cited in the Opposition in order to minimize the need to request permission to seal materials on which Defendants do not rely.

8. Attached hereto as **Exhibit 3** is a true and correct copy of excerpts from the deposition transcript of Dinuka Samarasinghe, taken in the SEC Action on June 9, 2021 and produced in this action at RPLI_01675579. We have redacted portions of the transcript that are not cited in the Opposition in order to minimize the need to request permission to seal materials on which Defendants do not rely.

9. Attached hereto as **Exhibit 4** is a true and correct copy of excerpts from the deposition transcript of Cameron Azari, taken in this action on January 20, 2023.

10. Attached hereto as **Exhibit 5** is a true and correct copy of excerpts from the deposition transcript of Steven P. Feinstein, taken in this action on January 20, 2023.

11. Attached hereto as **Exhibit 6** is a true and correct copy of excerpts from the deposition transcript of Lead Plaintiff Bradley Sostack (Vol. I), taken on January 13, 2023.

12. Attached hereto as **Exhibit 7** is a true and correct copy of Exhibit 1 to the deposition of Bradley Sostack.

13. Attached hereto as **Exhibit 8** is a true and correct copy of a document produced in this action by Poloniex at POLO_SOSTACK_00000004. The document was produced in native Excel format but has been saved as a PDF to be provided to the Court.

14. Attached hereto as **Exhibit 9** is a true and correct copy of the Brief of Amicus Curiae The Chamber of Digital Commerce, submitted in the SEC Action at ECF No. 649.

15. Attached hereto as **Exhibit 10** is a true and correct copy of the Brief of Amicus Curiae I-Remit, Inc. in Support of Defendants' Motion for Summary Judgment, submitted in the SEC Action at ECF No. 660.

16. Attached hereto as **Exhibit 11** is a true and correct copy of the Brief of Amicus Curiae TapJets, Inc. In Support of Defendant Ripple Labs, Inc. Motion for Summary Judgment, submitted in the SEC Action at ECF No. 661.

17. Attached hereto as **Exhibit 12** is a true and correct copy of the Brief for Amici Curiae Investor Choice Advocates Network and Phillip Goldstein in Support of Defendants' Motion for Summary Judgment, submitted in the SEC Action at ECF No. 683.

18. Attached hereto as **Exhibit 13** is a true and correct copy of the Brief of Amicus Curiae, Spend the Bits, Inc. in Support of Defendant Ripple Labs, Inc.'s Motion for Summary Judgment, submitted in the SEC Action at ECF No. 684.

19. Attached hereto as **Exhibit 14** is a true and correct copy of the Amicus Curiae Brief of Coinbase, Inc. in Support of the Defendants' Fair Notice Defense, submitted in the SEC Action at ECF No. 705.

20. Attached hereto as **Exhibit 15** is a true and correct copy of the Brief of Amicus Curiae The Blockchain Association, submitted in the SEC Action at ECF No. 706.

21. Attached hereto as **Exhibit 16** is a true and correct copy of the Amicus Curiae Brief of Paradigm Operations LP, submitted in the SEC Action at ECF No. 707.

22. Attached hereto as **Exhibit 17** is a true and correct copy of The Brief of Amicus Curiae, XRP Holders, in Opposition of Plaintiff's Motion for Summary Judgment, submitted in the SEC Action at ECF No. 708.

23. Attached hereto as **Exhibit 18** is a true and correct copy of the Brief of Amicus Curiae of Veri Dao, LLC in Support of Defendants' Motion for Summary Judgment, submitted in the SEC Action at ECF No. 709.

24. Attached hereto as **Exhibit 19** is a true and correct copy of the Brief of Amicus Curiae Reaper Financial, LLC in Support of Defendant Ripple Labs, Inc., submitted in the SEC Action at ECF No. 710.

25. Attached hereto as **Exhibit 20** is a true and correct copy of the Brief of the Crypto Counsel for Innovation as Amicus Curiae in Support of Defendants, submitted in the SEC Action at ECF No. 711.

26. Attached hereto as **Exhibit 21** is a true and correct copy of the Amicus Curiae Memorandum of Law in Support of Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment, submitted by Cryptillian Payment Systems in the SEC Action at ECF No. 716.

27. Attached hereto as **Exhibit 22** is a true and correct copy of the Brief of Amicus Curiae Valhil Capital, LLC in Support of Defendants' Motion for Summary Judgment, submitted in the SEC Action at ECF No. 722.

28. Attached hereto as **Exhibit 23** is a true and correct copy of the Memorandum of Law in Support of Motion to Interview Pursuant to Federal Rules of Civil Procedure 24, submitted in the SEC Action at ECF No. 123.

29. Attached hereto as **Exhibit 24** is a true and correct copy of a letter brief to the Honorable Analisa Torres, United States District Judge, submitted on March 19, 2021 in the SEC Action as ECF No. 75.

30. Attached hereto as **Exhibit 25** is a true and correct copy of excerpts from the March 19, 2021 hearing in the SEC Action, available at SEC Action ECF No. 87.

31. Attached hereto as **Exhibits 26 through 51** are true and correct copies of nearly 3,500 affidavits signed by various individuals who state that they hold or held XRP. These affidavits were originally submitted in the SEC Action as Exhibit 167 (in 26 parts) to Defendants' Opposition to Plaintiff's Motion for Summary Judgement at ECF Nos. 665.1-665.26, and they were produced in this action at RPLI_03630846 through RPLI_03634645.

32. Attached hereto as **Exhibit 52** is true and correct copy of the February 3, 2023 Expert Report of Dr. Mukarram Attari.

33. Attached hereto as **Exhibit 53** is a true and correct copy of the February 3, 2023 declaration of David Schwartz.

34. Attached hereto as **Exhibit 54** is a true and correct copy of the February 3, 2023

declaration of Monica Long.

35. Attached hereto as **Exhibit 55** is a true and correct copy of "UK regulatory approach to cryptoassets and stablecoins: Consultation and call for evidence," released by HM Treasury in January 2021 and available at https://assets.publishing.service.gov.uk/government/uploads/system/uploads/attachment_data/file/950206/HM_Treasury_Cryptoasset_and_Stablecoin_consultation.pdf.

36. Attached hereto as **Exhibit 56** is a true and correct copy of the news article "Japan's top securities regulator says XRP is not a security," by Yogita Khatri, published on The Block on January 13, 2021 and available at https://www.theblock.co/post/90922/japan-fsa-xrp-comments-cryptocurrency.

37. Attached hereto as **Exhibit 57** is a true and correct copy of the news article "SEC Assault on Ripple Provokes Wider Debate," by Roslyn Layton, published on Forbes on June 30, 2021 and available at https://www.forbes.com/sites/roslynlayton/2021/06/30/sec-assault-on-ripple-provokes-wider-debate/?sh=71cb96a329e1.

38. Attached hereto as **Exhibit 58** is a true and correct copy of the Q4 2018 XRP Market Report published on Ripple.com on January 24, 2019 and produced in this action at RPLI_0215817.

39. Attached hereto as **Exhibit 59** is a true and correct copy of the Articles of Incorporation of NewCoin, Inc. dated September 19, 2012.

40. Attached hereto as **Exhibit 60** is a true and correct copy of the Certificate of Merger by which XRP II, LLC merged with and into Ripple Market DE LLC under the name Ripple Markets DE LLC, dated December 3, 2021.

41. Attached hereto as **Exhibit 61** is a true and correct copy of "Investor Bulletin: Initial Coin Offerings," posted on SEC.gov on July 25, 2017 and available at https://perma.cc/ELA6-XADE.

42. Attached hereto as **Exhibit 62** is a true and correct copy of the Certificate of Amendment of the Articles of Incorporation of OpenCoin Inc., dated October 18, 2013.

43. Attached hereto as **Exhibit 63** is a true and correct copy of the Certificate of

Amendment of the Articles of Incorporation of NewCoin, Inc., dated October 3, 2012.

44. Attached hereto as **Exhibits 64** is a true and correct copy of the page "XRP Overview" from XRPL.org, last accessed on February 2, 2023 and available at https://xrpl.org/xrp-overview.html.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed this 3rd day of February 2023, at San Francisco, California.

_____
MEGHAN H. STRONG