# EXHIBIT 21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,    Case No.: 20-cv-10832 (AT)
                                                            (SN)
            Plaintiff,

    -against-

RIPPLE LABS, INC., BRADLEY GARLINGHOUSE, and
CHRISTIAN A. LARSEN

            Defendants.
------------------------------------------------------------------X

*AMICUS CURIAE* **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

> LEWIS BRISBOIS BISGAARD & SMITH LLP
> *Attorneys for Non-Party*
> CRYPTILLIAN PAYMENT SYSTEM, LLC
> 77 Water Street, Suite 2100
> New York, New York 10005
> (212) 232.1300

By:    Eileen Budd (EB 3108)

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................................ ii
INTEREST OF AMICUS CURIAE ................................................................................................. 1
BACKGROUND ............................................................................................................................. 2
ARGUMENT ................................................................................................................................... 4
I.    SECURITIES LAWS DO NOT APPLY ........................................................................... 4
II.    THE HOWEY TEST .......................................................................................................... 5
    A.    Not A Common Enterprise ..................................................................................... 5
    B.    There Is No Expectation of Profits From Ripple's Efforts ..................................... 6
CONCLUSION ................................................................................................................................ 6

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*S.E.C. v. W.J. Howey Co.*,
   328 U.S. 293 (1946)............................................................................................4, 6

*United Hous. Found, Inc. v. Forman*,
   421 U.S. 837 (1975)...............................................................................................4

**Statutes**

Securities Exchange Act of 1934................................................................................4

Securities Laws .........................................................................................................4

**Other Authorities**

https://www.sec.gov/news/speech/speech-hinman-061418..............................................2

**INTEREST OF AMICUS CURIAE**

This memorandum of law is submitted in further support of Defendants', Bradley Garlinghouse, Christian A. Larsen, and Ripple Labs Inc., Opposition to Plaintiff, Security and Exchange Commission's (SEC) Summary Judgment Motion. Plaintiff Security and Exchange Commission (SEC) in this litigation seeks to enforce its opinions in lieu of engaging in the democratic process of enacting regulation and/or legislation. Granting SEC's motion for summary judgment will have a chilling effect on innovation.

Cryptillian Payment Systems, LLC ("Cryptillian") is a Delaware, for-profit company with offices in Rhode Island and New Hampshire. Cryptillian designed and developed a secure digital asset ("Crypto") payment and transaction platform that allows users ("Cardholders") to store Crypto in secure online wallets and when desired, use a traditional magnetic stripe or EMV chip payment card to transfer Crypto to a retailer ("Merchant"), in a way identical to a traditional credit or debit card purchase. *See* Declaration of Vincent Bono dated November 10, 2022 ("Bono Dec.") In this way Cryptillian allows its Cardholders and Merchants to utilize Crypto in a way indistinguishable from *fiat* currency. Even inclusive of the cost of transferring Crypto in and out of the Cryptillian system, this use is much less expensive for both Cardholders and Merchants than traditional payment card processing services which can be as much as $0.50 USD per transaction and upwards of 3.5% of each transaction total or higher. Unlike those traditional payment services, Cryptillian's Crypto transactions never touch the legacy payment network used by Visa, MasterCard, American Express and Discover which are burdened by obsolete technology holdovers and fees for services that have not had meaning since the 1980s but are still passed on to purchasers or retailers. Id. Cryptillian's platform is an innovated system which will greatly benefit customers and merchants.

The transfer of Crypto between Cardholders and Merchants is achieved with Cryptillian proprietary technology, to facilitate the transfer of tokens into or out of Cryptillian wallets the individual blockchain systems of each token must be utilized. Id. Since, XRP, the token developed by Defendants, is one supported by Cryptillian, the XRP Ledger ("XRPL") is utilized to move XRP into and out of Cryptillian Cardholder and Merchant Wallets. The development, testing and use of the XRPL was done without any knowledge, support or guidance from Defendants. Defendants do not benefit in any way, and in fact are completely unaware of transactions that occur in the manner.

**BACKGROUND**

On September 1, 2021 Cryptillian began testing of its Crypto based payment card system and with selected volunteer merchants and cardholders, and supports six tokens for use. When the SEC filed its suit against Defendants in December of 2020 many digital asset exchanges and trading platforms delisted the XRP token out of concern. Id. This in and of itself shows the chilling effect even an undecided matter has when an organ of the Government becomes involved in any market. That filing and the subsequent delistings arguably made XRP the LEAST likely token to be traded or speculated on as any type of investment tool. Yet when Cryptillian launched nearly a year after the suit filing, XRP quickly became, and still is, the second most popular token used by its Cardholders.

Interestingly Ether, the token that former SEC Director Hinman in his speech on June 14, 2018 specifically identified as NOT a security, is the LEAST popular token for use by Cryptillian cardholders.[1]

---

[1] A copy of Director Hinman's speech is located at https://www.sec.gov/news/speech/speech-hinman-061418.

4859-0247-5325.1

Pending litigation is not settled law despite SEC's public insinuations. However, the consequences of public perception to the contrary is very real. In fact, the specter of potential wrongdoing looms over each and every person or company that uses XRP in its business or as a means of exchange. In its filing, the SEC alleges the XRP token themselves represent individual investment contracts and specifically asserted that to be the case for XRP in the secondary market - which means that at the very least anyone transferring XRP and at worst anyone even owning XRP is at risk. *See* ECF 46 ("The nature of XRP itself made it the common thread among Ripple, its management, and all other XRP holders."); ECF 153 at 24 ("The XRP traded, even in the secondary market, is the embodiment of those facts, circumstances, promises, and expectations, and today represents that investment contract."); and, ECF Doc. 87 at 44:7-16 (Mar. 19, 2021) ("Presumably under this theory then, every individual in the world who is selling XRP would be committing a Section 5 violation based on what you just said.") (Netburn, J.)

This theory is flawed at best and would be somewhat analogous to finding anyone consuming the oranges grown by W.J. Howey Co being in violation of Section 5 of the Act. Needless to say, should the SEC prevail this would be a tremendous blow to the willingness of everyday Americans to embrace or even try new technologies.

One of the terms frequently associated with digital assets is "utility". If an asset has "utility" it typically means that it has a use beyond its speculative value. The SEC also alleges that XRP has no utility. ECF Doc. 87 at 51:15-16 ("Now, the court referenced a utility for XRP. We dispute whether that utility actually exists, your Honor."); ECF Doc. 46 at 63 ("No Significant Non-Investment "Use" for XRP Exists") (original emphasis).

Cryptillian Cardholders and Merchants utilize XRP as a means of exchange every day tracking Cardholder purchases and Merchant sales with no regard to the investment opportunity

3

4859-0247-5325.1

presented (or not presented thanks to the SEC's suit) demonstrating the fundamental and basic utility of ANY asset.

## ARGUMENT

Defendants' Opposition should be granted because XRP is not an investment contract. Cryptillian's Cardholders and Merchants daily demonstrate dozens of unique instances of non-investment use of XRP. In each transaction, neither Cryptillian, the Cardholder purchasing goods or services nor the Merchant selling those goods or services form a common enterprise with Defendants or rely on the efforts of Defendants in any way.

### I. SECURITIES LAWS DO NOT APPLY

The SEC is granted authority over the securities industry by The Securities Exchange Act of 1934 however: "[w]hen a purchaser is motivated by a desire to use or consume the item purchased… the securities laws do not apply." United Hous. Found, Inc. v. Forman, 421 U.S. 837 (1975). Thus if an asset is purchased to use, consume or otherwise hold with "a desire to use or consume the item purchased." Id. at 852–53 it is not a security. Since XRP's use by Cryptillian and its users is independent of participation, oversight or contribution by Defendants, and driven by a desire to use XRP as a secure method of exchange for goods and services, XRP serves as a commodity, and as such not subject to the securities laws.

According to the U.S. Supreme Court, securities laws are applicable when an "investment contract" is "a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party." S.E.C. v. W.J. Howey Co., 328 U.S. 293, 298–99 (1946) as this standard is now known as the this Howey test is used to determine whether an investment contract exists and consists of three prongs: (1) has there been an investment of money (2) in a common enterprise (3) with the expectation of profit from the sole efforts of another. Id.

4

## II. THE HOWEY TEST

Cryptillian collects a minimal percentage of the Crypto used for each transaction on its platform as part of its fee structure. This acquisition is, as a fee for service, a consumptive use on the part of the customer which is not considered an investment, thus pursuant to Forman, *supra*, securities law should not apply. Notwithstanding that this transaction is not an investment, even under the standard from Howey, prongs 2 and 3 clearly fail in this matter. There simply is no common enterprise despite SEC assertions that any use of XRP derives from Defendants' efforts or is somehow under their control. ECF 153 at 24. The SEC simply cannot implicate XRP purchasers or users who had no knowledge of Defendants, never communicated with Defendants, purchased XRP from parties other than Defendants for purposes unrelated to any plan or project of Defendants.

### A. Not A Common Enterprise

Cryptillian is a proprietary platform that allows Cardholders to easily transfer Crypto to Merchants in exchange for goods or services specifically excluding any financial institution at the time of transfer. Further Cryptillian makes the transfer seamless for the users despite multiple token types being allowed (although not converted between each other). Further the actuation method is use of a payment card which is ubiquitous for purchases today across all age groups and levels of technological sophistication.

This is not "common enterprise" with Defendants design and vision for the use of XRP Defendants' original and current plan for XRP is as an add-on, upgrade or replacement for classic banking transfer methods specifically international or "cross border" transfers. *See* ECF 46 at ¶¶ 67, 243, 266, 358, 362. Even drilling further into each Cryptillian transaction it is absurd to imagine that Defendants formed a common enterprise with the Cardholder transferring XRP

tokens via Cryptillian to a merchant in exchange for a pair of designer sneakers. Accordingly the second prong of the Howey test, existed, must fail.

B.  **There Is No Expectation of Profits From Ripple's Efforts**

Cryptillian derives its profits from retaining a minimal portion of each Crypto transaction made with its platform, in this case XRP. Cryptillian's Merchants derive their profits from the sale of their goods or services to Cryptillian's Cardholders, who in turn have no expectation of profit at all. In all these instances there is no expectation of profit from the efforts of any third party, and certainly not the efforts of Defendants. Cryptillian's cardholders have merely elected to use Cryptillian's platform to pay Cryptillian's merchants for a product, good or service. So, the third Howey prong fails as well.

## CONCLUSION

For the above reasons Cryptillian respectfully requests this Court grant Defendants' Motion for Summary Judgement.

Dated: New York, New York
November 10, 2022

LEWIS BRISBOIS BISGAARD & SMITH LLP

by: */s/ Eileen Budd*
Eileen Budd, Esq. (EB 3180)
*Attorneys for Non-Party*
CRYPTILLIAN PAYMENT SYSTEM, LLC
77 Water Street, Suite 2100
New York, New York 10005
(212) 232.1300
Email: Eileen.Budd@lewisbrisbois.com

TO: All appearing counsel (via ECF)