1   Marc M. Seltzer (54534)
    mseltzer@susmangodfrey.com
2   Steven G. Sklaver (237612)
    ssklaver@susmangodfrey.com
3   Oleg Elkhunovich (269238)
    oelkhunovich@susmangodfrey.com
4   Krysta Kauble Pachman (280951)
    kpachman@susmangodfrey.com
5   Nicholas N. Spear (304281)
    nspear@susmangodfrey.com
6   SUSMAN GODFREY L.L.P.
    1900 Avenue of the Stars, Suite 1400
7   Los Angeles, CA  90067-6029
    Telephone: (310) 789-3100
8   Facsimile: (310) 789-3150

9   James Q. Taylor-Copeland (284743)
    TAYLOR-COPELAND LAW
10  501 W. Broadway, Suite 800
    San Diego, CA 92101
11  james@taylorcopelandlaw.com
    Telephone: (619) 400-4944
12  Facsimile: (619) 566-4341

13  *Counsel for Lead Plaintiff Bradley Sostack*

14              **UNITED STATES DISTRICT COURT**

15            **NORTHERN DISTRICT OF CALIFORNIA**

16                    **OAKLAND DIVISION**

17

| In re RIPPLE LABS, INC. LITIGATION | **DISCOVERY MATTER** |
|---|---|
|  | Case No. 4:18-cv-06753-PJH (RMI) |
| This Document Relates to: | Formerly Consolidated/Related |
|  | Case No. 4:21-cv-06518 (Closed 9-27-21) |
| All Actions |  |
|  | CLASS ACTION |
|  | **LEAD PLAINTIFF BRADLEY SOSTACK'S UNOPPOSED NOTICE OF MOTION AND MOTION PURSUANT TO L.R. 6-3 AND 7-11 TO MODIFY THE SCHEDULING ORDER TO ALLOW LIMITED POST-CERTIFICATION DISCOVERY** |

18
19
20
21
22
23
24
25
26
27
28

**UNOPPOSED NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Lead Plaintiff Bradley Sostack hereby moves the Court, pursuant to Civil Local Rules 6-3 and 7-11, for an Order granting Lead Plaintiff's request to modify the scheduling order to allow limited post-certification discovery.

This Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the supporting Declaration of Nicholas N. Spear ("Spear Decl."), such oral argument as may be heard on this Motion, and any further information that may be presented to the Court regarding this Motion.  Counsel for Lead Plaintiff engaged in oral and written exchanges with counsel for Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse ("Defendants") regarding this Motion and Defendants do not oppose it, but reserve all rights to later challenge the requested discovery on grounds other than its timing.  *See* Spear Decl. ¶ 10.  Lead Plaintiff now requests that the Court grant the relief sought herein.

Dated: March 6, 2023                                SUSMAN GODFREY L.L.P.

By */s/ Nicholas N. Spear*
Marc M. Seltzer (54534)
Steven G. Sklaver (237612)
Oleg Elkhunovich (269238)
Krysta Kauble Pachman (280951)
Nicholas N. Spear (304281)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
oelkhunovich@susmangodfrey.com
kpachman@susmangodfrey.com
nspear@susmangodfrey.com

James Q. Taylor-Copeland (284743)
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
james@taylorcopelandlaw.com
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

*Counsel for Lead Plaintiff Bradley Sostack*

0

UNOPPOSED NTC OF MTN & MTN PURSUANT TO L.R. 6-3 AND 7-11
TO MODIFY THE SCHEDULING ORDER

11324625v1/016433

## MEMORANDUM OF POINTS AND AUTHORITIES

Lead Plaintiff Bradley Sostack seeks a modification to the scheduling order to allow limited post-certification discovery related to the identification of potential class members. This modification will avoid unnecessary and premature motion practice, will not affect any other date in the scheduling order, and will not cause prejudice to any party.

On December 9 and 12, 2022, Lead Plaintiff served subpoenas on five digital asset exchanges (collectively, the "Exchanges"). Spear Decl. ¶ 3. Request 7 in the subpoenas requested the production of "[d]ocuments sufficient to identify each party to any XRP Transaction on your exchange during the Relevant Period, including the User Account, name, email address, and physical address of each party." *Id.* ¶ 4. The primary relevance of this data is to assist in the notification process for potential class members if a class is certified. *Id.* The Exchanges do not dispute that they maintain this data, but currently object to its production as premature. *Id.* ¶ 5. The Exchanges object to producing this data before the Court rules on Lead Plaintiff's pending motion for class certification. *Id.*[1]

Lead Plaintiff intends to seek relief from the Court if the Exchanges will not produce this data. Lead Plaintiff, however, agrees with the Exchanges that the issue does not need to be adjudicated now. *First*, Lead Plaintiff does not need this data until a class is certified. *Second*, the Court's ruling on class certification will affect the scope of the requested data. And *third*, the Exchanges' willingness to produce data in response to Request 7 may be affected by the Court's ruling on class certification. Spear Decl. ¶¶ 5–6. Lead Plaintiff and the Exchanges would thus be prejudiced if Lead Plaintiff were required to seek this data before the Court's ruling on class certification because it would force the parties into premature and potentially wasteful discovery motion practice. *Id.* ¶ 6. The parties and the Court would be substantially benefited by post-certification discovery on this limited issue because it would allow for more targeted and informed discovery and would be a more efficient use of judicial resources. *Id.* ¶ 7.

---

[1] Pursuant to the scheduling orders, Lead Plaintiff filed his motion for class certification on November 18, 2022 and Defendants filed their opposition on February 3, 2023. Dkts. 158; 185. Lead Plaintiff's reply brief is due on March 31, 2023 and a hearing on the motion is set for April 26, 2023. *Id.*

11324625v1/016433

1      Lead Plaintiff therefore requests that the Court permit post-certification discovery on this

2   limited issue if the Court grants, in whole or in part, Lead Plaintiff's motion for class certification.

3   Specifically, Lead Plaintiff requests that the Court modify the scheduling order to provide a ninety

4   (90)-day period after class certification during which Lead Plaintiff could seek information about

5   potential members of any class certified by the Court from the Exchanges.  This modification would

6   not affect discovery for any other issue and would not alter any other deadlines in the Court's

7   scheduling orders (Dkts. 158, 185).  Spear Decl. ¶ 8.

8      There have been two prior modifications to the Scheduling Order.  *See* Dkts. 158 (modifying

9   all case deadlines); 185 (extending the deadlines for Defendants' opposition to class certification

10  and Lead Plaintiff's reply in support of class certification by one week).  Spear Decl. ¶ 9.  Lead

11  Plaintiff requested that Defendants stipulate to this proposed modification, and the parties met and

12  conferred on multiple occasions to discuss it.  *Id.* ¶ 10.  Defendants informed Lead Plaintiff that

13  they would not oppose a motion seeking the proposed modification to the scheduling order.  *Id.*

14  Dated: March 6, 2023                          SUSMAN GODFREY L.L.P.

15                                          By */s/ Nicholas N. Spear*
                                               Marc M. Seltzer (54534)
16                                             Steven G. Sklaver (237612)
                                               Oleg Elkhunovich (269238)
17                                             Krysta Kauble Pachman (280951)
                                               Nicholas N. Spear (304281)
18                                             SUSMAN GODFREY L.L.P.
                                               1900 Avenue of the Stars, Suite 1400
19                                             Los Angeles, CA  90067-6029
                                               Telephone: (310) 789-3100
20                                             Facsimile: (310) 789-3150
                                               mseltzer@susmangodfrey.com
21                                             ssklaver@susmangodfrey.com
                                               oelkhunovich@susmangodfrey.com
22                                             kpachman@susmangodfrey.com
                                               nspear@susmangodfrey.com
23
                                               James Q. Taylor-Copeland (284743)
24                                             TAYLOR-COPELAND LAW
                                               501 W. Broadway, Suite 800
25                                             San Diego, CA 92101
                                               james@taylorcopelandlaw.com
26                                             Telephone: (619) 400-4944
                                               Facsimile: (619) 566-4341
27
                                               *Counsel for Lead Plaintiff Bradley Sostack*
28

UNOPPOSED NTC OF MTN & MTN PURSUANT TO L.R. 6-3 AND 7-11
TO MODIFY THE SCHEDULING ORDER
11324625v1/016433

1

## **CERTIFICATE OF SERVICE**

2

3        I hereby certify that on March 6, 2023, I electronically filed the foregoing document with

4   the clerk of the Court and served counsel of record via the CM/ECF system.

5                                              */s/ Nicholas N. Spear*
                                               Nicholas N. Spear
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNOPPOSED NTC OF MTN & MTN PURSUANT TO L.R. 6-3 AND 7-11
TO MODIFY THE SCHEDULING ORDER

11324625v1/016433