| | |
|---|---|
| 1 | Marc M. Seltzer (54534) |
| | mseltzer@susmangodfrey.com |
| 2 | Steven G. Sklaver (237612) |
| | ssklaver@susmangodfrey.com |
| 3 | Oleg Elkhunovich (269238) |
| | oelkhunovich@susmangodfrey.com |
| 4 | Krysta Kauble Pachman (280951) |
| | kpachman@susmangodfrey.com |
| 5 | Nicholas N. Spear (304281) |
| | nspear@susmangodfrey.com |
| 6 | SUSMAN GODFREY L.L.P. |
| | 1900 Avenue of the Stars, Suite 1400 |
| 7 | Los Angeles, CA  90067-6029 |
| | Telephone: (310) 789-3100 |
| 8 | Facsimile: (310) 789-3150 |
| | |
| 9 | James Q. Taylor-Copeland (284743) |
| | TAYLOR-COPELAND LAW |
| 10 | 501 W. Broadway, Suite 800 |
| | San Diego, CA 92101 |
| 11 | james@taylorcopelandlaw.com |
| | Telephone: (619) 400-4944 |
| 12 | Facsimile: (619) 566-4341 |
| 13 | *Counsel for Lead Plaintiff Bradley Sostack* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re RIPPLE LABS, INC. LITIGATION | **DISCOVERY MATTER** |
| | Case No. 4:18-cv-06753-PJH (RMI) |
| | Formerly Consolidated/Related |
| | Case No. 4:21-cv-06518 (Closed 9-27-21) |
| This Document Relates to: | |
| All Actions | CLASS ACTION |
| | **DECLARATION OF NICHOLAS N. SPEAR IN SUPPORT OF LEAD PLAINTIFF BRADLEY SOSTACK'S UNOPPOSED MOTION PURSUANT TO L.R. 6-3 AND 7-11 TO MODIFY THE SCHEDULING ORDER TO ALLOW LIMITED POST-CERTIFICATION DISCOVERY** |

I, Nicholas N. Spear, hereby declare as follows:

1. I am a member in good standing of the bar of the State of California, a partner with the law firm of Susman Godfrey L.L.P., and counsel of record for Lead Plaintiff Bradley Sostack. I have personal knowledge of the facts set forth herein, and if called as a witness, would testify competently thereto.

2. I make this declaration, pursuant to Northern District of California Civil Local Rules 6-3(a) and 7-11(a), in support of "Lead Plaintiff Bradley Sostack's Unopposed Motion Pursuant to L.R. 6-3 and 7-11 to Modify the Scheduling Order to Allow Limited Post-Certification Discovery."

3. On December 9 and 12, 2022, Lead Plaintiff served subpoenas duces tecum on five digital asset exchanges (collectively, the "Exchanges").

4. Each subpoena included a Request 7, which stated: "Documents sufficient to identify each party to any XRP Transaction on your exchange during the Relevant Period, including the User Account, name, email address, and physical address of each party." The primary relevance of this request is to assist in the notification process for potential class members if a class is certified.

5. Lead Plaintiff has met and conferred with the Exchanges over the subpoena requests, including Request 7. The Exchanges do not dispute that they maintain the data sought in Request 7, but object to producing it. The Exchanges' objections include that the data is not needed until after the Court certifies a class. At least one Exchange has informed Lead Plaintiff during the meet-and-confer process that the Exchange might not object to production of the data if the data were sought after the Court certified a class.

6. Lead Plaintiff and the Exchanges would be prejudiced if they were required to litigate Request 7 before the Court's ruling on class certification. Motion practice is premature because the data is not needed until after a class is certified. Motion practice would also be wasteful and inefficient at this stage because the Court's rulings on Lead Plaintiff's motion for class certification may affect the scope of the data sought and the Exchanges' objections to the production of the data.

7. Litigating this issue (to the extent necessary) after the Court's ruling on class certification will benefit all parties. The parties will have the benefit of the Court's order on class certification, which will allow for a more targeted and informed discovery process. In addition, this would be a more efficient use of judicial resources, as the Court's ruling on class certification may obviate or minimize the need for judicial intervention.

8. Lead Plaintiff therefore requests that the Court modify the schedule to provide a ninety (90)-day period after class certification during which Lead Plaintiff could seek information about potential members of any class certified by the Court from the Exchanges. This modification would not affect discovery for any other issue, would not alter any other deadlines in the Court's scheduling orders (Dkts. 158, 185), and would not prejudice any party.

9. The Court has modified the schedule on two prior occasions. First, the Court granted in part the parties' stipulation regarding a modified case schedule in February 2022. Dkts. 157–58. Second, in December 2022, the Court granted the parties' stipulation to extend the deadlines for the class certification opposition and reply by one week. Dkt. 185.

10. Lead Plaintiff requested that Defendants stipulate to the proposed modification to the schedule and the parties have met and conferred regarding the proposed via email, phone, and Zoom. Defendants have informed Lead Plaintiff that they will not oppose the proposed modification to the schedule but reserve all rights to challenge Request 7 on other grounds.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of March, 2023, at Los Angeles, California.

       /s/ Nicholas N. Spear
       Nicholas Spear
       Susman Godfrey L.L.P.