KASOWITZ BENSON TORRES LLP
Jason S. Takenouchi (Cal. Bar No. 234835)
101 California Street, Suite 3000
San Francisco, CA 94111
Telephone: (415) 421-6140
Facsimile:  (415) 398-5030
JTakenouchi@kasowitz.com

KASOWITZ BENSON TORRES LLP
Michael A. Hanin
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1788
Facsimile:  (212) 835-5058
MHanin@kasowitz.com

*Attorneys for Non-Party GSR Markets, Ltd.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION, <br><br> This Document Relates To: <br><br> ALL ACTIONS | Case No.: 4:18-CV-06753-PJH (RMI) <br><br> Formerly Consolidated/Related <br><br> Case No. 4:21-cv-06518 (Close 9-27-21) <br><br> **NON-PARTY GSR MARKETS, LTD.'S 79-5(f)(3) STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL INFORMATION FILED BY PLAINTIFF** |

Pursuant to and in compliance with Civil Local Rule 79-5, Non-Party GSR Markets, Ltd. ("GSR") submits this Local Rule 79-5(f)(3) Statement in Support of Sealing Portions of Certain Information Filed By Plaintiff:  specifically, a Declaration provided to Plaintiff in this action by one of GSR's principals (the "Declaration," Dkt. 181-64).

The Declaration identifies the declarant and his city of residence and contains commercially sensitive information.  None of this information bears on the outcome of this action; in particular, the declarant's right to privacy heavily outweighs disclosing personally identifiable information.  GSR respectfully requests that the Court continue to seal both the

NON-PARTY GSR MARKETS, LTD.'S 79-5(F)(3) STATEMENT IN SUPPORT OF SEALING PORTIONS OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

KASOWITZ BENSON TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Declaration and those portions of the parties' class certification briefing (*e.g.* Dkt. 219, at 6) that quote from the Declaration.  GSR understands that Defendant Ripple Labs, Inc. has previously moved, independently, to seal the Declaration.  And Plaintiff does not oppose GSR's request that the Declaration remains under seal.

## I. LEGAL STANDARD

Civil Local Rule 79-5(c)(1) requires a designating party to explain in a "specific statement" the legal standard and reasons for sealing a document, including "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."  Given the non-dispositive class certification motion[1] at issue, the designating party must make a "particularized showing" under the "good cause standard of Rule 26(c)."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citations and quotation marks omitted); *see also Apple, Inc. v. Samsung Electronics, Co., Ltd.*, 727 F.3d 1214 (Fed. Cir. 2013) ("[T]he Ninth Circuit has carved out an exception to the presumption of access to judicial records for judicial records filed under seal when attached to a non-dispositive motion.  Under the exception ... a particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents.").

The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information."  *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

---

[1] Courts in this district "generally treat motions for class certification as nondispositive," unless "denial of class status means that the stakes are too low for the named plaintiffs to continue the matter."  *Circle Click Media LLC v. Regus Mgt. Group LLC*, 12-CV-04000-EMC, 2016 WL 8253802, at *1 (N.D. Cal. Mar. 14, 2016); *In re NCAA Student Athlete Name & Likeness Licensing Litig.*, No. 09-cv-01967 CW (NC), 2013 WL 3014138, at *1 (N.D. Cal. June 17, 2013) ("[c]ourts in this district have generally considered motions for class certification nondispositive," meaning that the "good cause" standard would apply).  Because the lead plaintiff here sustained a loss of approximately $118,100, *see* Dkt. 87 at ¶ 13, the motion for class certification is non-dispositive and the "good cause" for sealing standard applies.

- 2 -

NON-PARTY GSR MARKETS, LTD.'S 79-5(F)(3) STATEMENT IN SUPPORT OF SEALING PORTIONS OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

KASOWITZ BENSON TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## II. ARGUMENT

GSR is a non-party to this action. GSR consented to the production in this action of certain confidential GSR documents previously produced by GSR in another matter, and provided the Declaration, in the spirit of compromise, in response to a specific inquiry by Plaintiff. Pursuant to the Protective Order entered in this case, the materials produced by GSR were designated "Confidential" or "Highly Confidential." Plaintiff's Reply in Support of Motion for Class Certification quoted from the Declaration.

As an initial matter, the privacy interests of non-parties, including those of GSR's principal, plainly satisfy the "good cause" standard for sealing. *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Products Liab. Litig.*, MDL 2672 CRB (JSC), 2016 WL 11807130, at *2 (N.D. Cal. Aug. 24, 2016) (finding a "the disclosure of the non-party employees' names would infringe on those individuals' privacy rights," which constituted a "compelling reason for sealing"); *Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing third parties' names where such information "implicates important privacy concerns of nonparties – whose names are not relevant to the disposition of this case – that outweigh the public's interest in disclosure of these judicial records"); *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015) ("Disclosure of [former, nonparty employees' identities] would infringe the privacy rights of those two individuals, which constitutes a compelling reason for sealing."); *Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *1 (N.D. Cal. Apr. 27, 2012) ("Employees and former employees who are not parties to this litigation have privacy interests in their personnel information, and in other sensitive identifying information[.]"); *In re NCAA Student-Athlete Name and Likeness Licensing Litigation*, No. 09-cv-01967 CW (NC), 2013 WL 1997252, *2 (N.D. Cal. May 13, 2013) (granting applications to seal agreements involving non-parties). Declarant's identity and city of residence have no bearing on the outcome of this case; as such, declarant's right to privacy and safety vastly outweighs any benefit gained by disclosure.

Kasowitz Benson
Torres LLP
Attorneys at Law
San Francisco

- 3 -

NON-PARTY GSR MARKETS, LTD.'S 79-5(F)(3) STATEMENT IN SUPPORT OF SEALING PORTIONS OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

1   The Declaration also contains information regarding GSR's business practices, including
2   its internal process for trading cryptocurrency on particular exchanges, that is competitively
3   sensitive, proprietary, and would, if disclosed, grant competitors a window into GSR's trading
4   methods and strategies.  As such, there is good cause to prevent the disclosure of said
5   information.  *See, e.g.*, *Campbell v. Facebook Inc.*, 13-cv-05996 PJH (MEJ), 2015 WL 12965295,
6   at *2 (N.D. Cal. Oct. 15, 2015) ("good cause" established for sealing documents that would have
7   disclosed "Facebook's internal processes"); *In re NCAA Student-Athlete Name and Likeness*
8   *Licensing Litig.*, 09-CV-01967 CW (NC), 2013 WL 3014138, at *2 (N.D. Cal. June 17, 2013)
9   (sealing exhibits containing trade secrets based on showing of "good cause").

10  Because the Declaration consists of only three paragraphs on a single page, redacting the
11  competitively sensitive and personally-identifiable information would result in redacting virtually
12  the entire document.  With no less restrictive alternative to sealing, and no objection by the
13  parties to continued sealing, the Court should maintain the Declaration (and the references thereto
14  in the parties' briefing) under seal.

### III.    CONCLUSION

GSR respectfully that the Court maintain under seal both the Declaration and any references to the Declaration in the parties' class certification briefing.

- 4 -

NON-PARTY GSR MARKETS, LTD.'S 79-5(F)(3) STATEMENT IN SUPPORT OF SEALING PORTIONS OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

Kasowitz Benson Torres LLP
Attorneys at Law
San Francisco

| | | |
|---|---|---|
| 1 | Dated: April 7, 2023 | KASOWITZ BENSON TORRES LLP |
| 2 | | |
| 3 | | By: /s/ *Jason S. Takenouchi* |
| 4 | | Jason S. Takenouchi |
| 5 | | KASOWITZ BENSON TORRES LLP |
| 6 | | Jason S. Takenouchi (Cal. Bar No. 234835) |
| | | 101 California Street, Suite 3000 |
| 7 | | San Francisco, CA  94111 |
| | | Telephone: (415) 421-6140 |
| 8 | | Facsimile:  (415) 398-5030 |
| | | jtakenouchi@kasowitz.com |
| 9 | | |
| | | KASOWITZ BENSON TORRES LLP |
| 10 | | Michael A. Hanin |
| | | 1633 Broadway |
| 11 | | New York, NY 10019 |
| | | Telephone: (212) 506-1788 |
| 12 | | Facsimile:  (212) 835-5058 |
| | | MHanin@kasowitz.com |
| 13 | | |
| 14 | | *Attorneys for Non-Party GSR Markets, Ltd.* |

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NON-PARTY GSR MARKETS, LTD.'S 79-5(F)(3) STATEMENT IN SUPPORT OF SEALING PORTIONS OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED