1 | DAMIEN J. MARSHALL (admitted *pro hac vice*)
dmarshall@kslaw.com
2 | ANDREW MICHAELSON (admitted *pro hac vice*)
amichaelson@kslaw.com
3 | KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
4 | New York, NY 10036
Tel: (212) 556-2100; Fax: (212) 556-2222
5 |
SUZANNE E. NERO (SBN 284894)
6 | snero@kslaw.com
MEGHAN H STRONG (SBN 324503)
7 | mstrong@kslaw.com
KING & SPALDING LLP
8 | 50 California Street, Suite 3300
San Francisco, CA 94111
9 | Tel: (415) 318-1200; Fax: (415) 318-1300

10 | ANDREW J. CERESNEY (admitted *pro hac vice*)
aceresney@debevoise.com
11 | DEBEVOISE & PLIMPTON LLP
919 Third Avenue
12 | New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836
13 |
14 | *Attorneys for Defendants Ripple Labs Inc.,
XRP II, LLC, and Bradley Garlinghouse*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION | Case No. 4:18-cv-06753-PJH |
| This Document Relates to:<br>ALL ACTIONS | **DEFENDANTS' STATEMENT IN SUPPORT OF LEAD PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL MATERIALS RELATING TO LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

1    Pursuant to Northern District of California Civil Local Rules 7-11, 79-5(c), 79-5(f), and
2    this Court's Standing Order, Defendants Ripple Labs Inc., XRP II, LLC, and Bradley
3    Garlinghouse (collectively, "Ripple") respectfully submit this statement and declaration in
4    response to Lead Plaintiff's Administrative Motion to Consider Whether Another Party's
5    Materials Should be Sealed (ECF No. 218).

6    Lead Plaintiff's Motion to Seal seeks to redact portions of Plaintiff's Reply in support of
7    Motion for Class Certification, supporting declaration, and 5 exhibits (the "Protected Materials"),
8    described in greater detail below. Ripple designated these documents as "CONFIDENTIAL" or
9    "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the Stipulated Protective
10   Order as Modified by the Court ("Protective Order"), Dkt. 143, and Lead Plaintiff was thus
11   compelled to file these documents under seal. Ripple now submits this statement and
12   accompanying declaration in support of the Motion to Seal.

13   In the Ninth Circuit, if a motion is "more than tangentially related to the underlying cause
14   of that action," compelling reasons are necessary to justify sealing materials. *Ctr. for Auto Safety*
15   *v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101, 1103 (9th Cir. 2016). However, if this is not the
16   case, only good cause is necessary to justify sealing. Id. at 1097. The Ninth Circuit has not
17   addressed the issue of whether a class certification motion and materials filed with that motion
18   must meet the "compelling reasons" standard or the less onerous "good cause" standard.
19   *Gustafson v. Goodman Mfg. Co. LP*, No. CV-13-08274-PCT-JAT, 2016 WL 393640, at *2 (D.
20   Ariz. Feb. 2, 2016) (explaining that the Ninth Circuit has not ruled on whether a class
21   certification motion is a dispositive or non-dispositive motion or whether, under *Auto Safety*, the
22   "compelling reasons" standard is properly applied to a class motion). But "[c]ourts in this district
23   have generally considered motions for class certification nondispositive," meaning that the "good
24   cause" standard would apply. *In re NCAA Student Athlete Name & Likeness Licensing Litig.*, No.
25   09-cv-01967 CW (NC), 2013 WL 3014138, at *1 (N.D. Cal. June 17, 2013).

26   As to the good cause standard, a party seeking to file documents under seal pursuant to
27   that standard must make a "particularized showing" under the "good cause standard of Rule
28   26(c)." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citations

and quotation marks omitted). The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

The "compelling reasons" standard requires a party to "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1179 (citations and quotation marks omitted). "Compelling reasons" have included preventing: disclosure of "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted); the "release of trade secrets," *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598); and "the release of . . . information [that] would result in an invasion of the privacy interests of third parties." *GoDaddy.com LLC v. RPost Commc'ns Ltd.*, No. CV-14-00126-PHX-JAT, 2016 WL 1158851, at *5 (D. Ariz. Mar. 24, 2016), on reconsideration in part, No. CV-14-00126-PHX-JAT, 2016 WL 1274120 (D. Ariz. Mar. 31, 2016).

Regardless of which standard applies, under either the "compelling reasons" or "good cause" standard and for the reasons stated below, it is appropriate to seal the Protected Materials.

The Protected Materials contain information Ripple considers to be highly sensitive and confidential information, the disclosure of which could result in competitive harm to Ripple. The Protected Materials should be sealed for the reasons set forth in the below chart:

| Type of Material Defendants Seek to Seal | Page/Paragraph/Exhibit Numbers to be Redacted or Sealed in Full |
|---|---|
| Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm. | Reply in support of Motion for Class Certification at 6, 9, and 15; N. Spear Decl. at ¶ 9, 10, and 11; Exhibits 70, 72, 73, and 74. |

For the reasons stated above, Ripple respectfully requests that the Court grant the Motion to Seal and allow the Protected Materials to remain under seal.

Further, Ripple has identified one Exhibit that Lead Plaintiff filed under seal but that Ripple does not seek to keep under seal. The exhibit is therefore attached to this Statement and is being filed publicly on the docket.

Attached hereto is a true and correct copy of Exhibit 71 to the Spear Declaration.

DATED: April 7, 2023                KING & SPALDING LLP

By:    /s/ Meghan H. Strong
       Meghan H. Strong

DAMIEN J. MARSHALL (admitted pro hac vice)
dmarshall@kslaw.com
ANDREW MICHAELSON (admitted pro hac vice)
amichaelson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100; Fax: (212) 556-2222

SUZANNE E. NERO (SBN 284894)
snero@kslaw.com
MEGHAN H STRONG (SBN 324503)
mstrong@kslaw.com
KING & SPALDING LLP
50 California St., Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300

ANDREW J. CERESNEY (admitted pro hac vice)
aceresney@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

*Attorneys for Defendants Ripple Labs Inc.,
XRP II, LLC, and Bradley Garlinghouse*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2023, I electronically filed the foregoing document with the clerk of the Court and served counsel of record via the CM/ECF system.

                                          */s/ Meghan H. Strong*
                                          Meghan H. Strong