DAMIEN J. MARSHALL
(admitted *pro hac vice*)
dmarshall@kslaw.com
ANDREW MICHAELSON
(admitted *pro hac vice*)
amichaelson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100; Fax: (212) 556-2222

SUZANNE E. NERO (SBN 284894)
snero@kslaw.com
MEGHAN H. STRONG (SBN 324503)
mstrong@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300

ANDREW J. CERESNEY
(admitted *pro hac vice*)
aceresney@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

*Attorneys for Defendants Ripple Labs Inc.,
XRP II, LLC, and Bradley Garlinghouse*

MICHAEL K. KELLOGG
(admitted *pro hac vice*)
mkellogg@kellogghansen.com
REID M. FIGEL
(admitted *pro hac vice*)
rfigel@kellogghansen.com
GREGORY G. RAPAWY
(admitted *pro hac vice*)
grapawy@kellogghansen.com
BRADLEY E. OPPENHEIMER
(admitted *pro hac vice*)
boppenheimer@kellogghansen.com
BETHAN R. JONES
(admitted *pro hac vice*)
bjones@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
+1 (202) 326-7900

*Counsel for Defendant Ripple Labs Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:18-cv-06753-PJH<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE REBUTTAL REPORT OF PLAINTIFF'S EXPERT**<br><br>Date:  May 25, 2023<br>Time:  1:30 p.m.<br>Ctrm:  3<br><br>Consolidated FAC Filed: March 25, 2020<br>Trial Date: July 17, 2023 |

# NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on May 25, 2023 at 1:30 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Phyllis J. Hamilton, United States District Judge, Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse (together "Ripple" or "Defendants") will move the Court to enter an order: (a) striking the late-filed rebuttal report of Plaintiff Bradley Sostack's putative expert witness, Dr. Steven P. Feinstein, or (b) in the alternative, permitting Defendants to conduct a second deposition of Dr. Feinstein to address his Rebuttal Report and to file any appropriate responsive filings or briefing, and postponing the class certification hearing (currently set for April 26, 2023) to allow sufficient time for those tasks. Defendants' Motion is made pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure and is based on this Notice of Motion and supporting Memorandum of Points and Authorities, reply briefing in further support of this Motion, the arguments of counsel, and any other matters as the Court may consider. Prior to filing this Motion, Defendants met and conferred with counsel for Plaintiff Bradley Sostack, but the parties were not able to reach an agreement.

DATED: April 7, 2023                KING & SPALDING LLP

By: /s/ *Damien J. Marshall*
    Damien J. Marshall

DAMIEN J. MARSHALL (admitted pro hac vice)
dmarshall@kslaw.com
ANDREW MICHAELSON (admitted pro hac vice)
amichaelson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100; Fax: (212) 556-2222

SUZANNE E. NERO (SBN 284894)
snero@kslaw.com
MEGHAN H STRONG (SBN 324503)
mstrong@kslaw.com
KING & SPALDING LLP
50 California St., Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300

MICHAEL KELLOGG (pro hac vice)
mkellogg@kellogghansen.com
BRADLEY OPPENHEIMER (pro hac vice)
boppenheimer@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
Sumner Square
1615 M. Street, N.W., Suite 400
Washington D.C. 20036
Tel: (202) 326-7900

ANDREW J. CERESNEY (admitted pro hac vice)
aceresney@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

*Attorneys for Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse*

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................ 1

II.   BACKGROUND .................................................................................................................. 2

    A.    Dr. Feinstein's Initial Report. ................................................................................. 2

    B.    Dr. Feinstein's Second Report. ............................................................................... 3

III.  LEGAL STANDARD .......................................................................................................... 4

IV.  ARGUMENT ....................................................................................................................... 5

    A.    Dr. Feinstein's Rebuttal Expert Report is Untimely. .............................................. 5

    B.    The Court Should Strike Dr. Feinstein's Untimely Report. ................................... 7

    C.    Alternatively, Defendants Should Be Permitted to Depose Dr. Feinstein on the Rebuttal Report and the Hearing Should be Postponed. ............................................................................................................... 10

V.   CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases** Page(s)

*City and Cty. of San Francisco v. Purdue Pharma L.P.*,
  2022 WL 1203075 (N.D. Cal. Apr. 22, 2022) ................................................................6

*Dean v. China Agritech*,
  2012 WL 1835708 (C.D. Cal. May 3, 2012) ..................................................................7

*Fed. Deposit Ins. Corp. v. Van Dellen*,
  2012 WL 12886825 (C.D. Cal. Nov. 6, 2012) ...............................................................7

*Finklestein v. Liberty Digital Inc.*,
  2005 WL 1074364 (Del. Ch. Ct. April 25, 2005) ..........................................................7

*Hoffman v. Constr. Protective Servs., Inc.*,
  541 F.3d 1175 (9th Cir. 2008), *as amended* (Sept. 16, 2008) ......................................8

*Jarose v. Cnty. of Humboldt*,
  2023 WL 2333880 (N.D. Cal. Mar. 1, 2023) .................................................................5

*Jarrow Formulas, Inc. v. Now Health Grp., Inc.*,
  2012 WL 3186576 (C.D. Cal. Aug. 2, 2012), *aff'd,* 579 F. App'x 995 (Fed.
  Cir. 2014) .......................................................................................................................7

*Leadership Stud., Inc. v. Blanchard Training & Dev., Inc.*,
  2018 WL 1989554 (S.D. Cal. Apr. 27, 2018) ................................................................6

*Luke v. Fam. Care & Urgent Med. Clinics*,
  323 F. App'x 496 (9th Cir. 2009) ..................................................................................7

*Mangiaracina v. BNSF Ry. Co.*,
  2021 WL 5113166 (N.D. Cal. Nov. 3, 2021) .................................................................4

*Mariscal v. Graco, Inc.*,
  52 F. Supp. 3d 973 (N.D. Cal. 2014) .............................................................................5

*Marmont v. Bernzomatic Corp.*,
  2018 WL 6252500 (C.D. Cal. July 31, 2018) ..............................................................10

*Matthew Enterprise, Inc. v. Chrysler Group LLC*,
  2016 WL 4272430 (N.D. Cal. Aug. 15, 2016) ...............................................................6

*Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*,
  2018 WL 3861840 (N.D. Ohio Aug. 14, 2018) .............................................................7

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
  31 F.4th 651 (9th Cir. 2022) (en banc) ..........................................................................8

*Reinsdorf v. Skechers U.S.A.*,
    922 F. Supp. 2d 866 (C.D. Cal. 2013) ................................................................................8

*Rovid v. Graco Children's Prod. Inc.*,
    2018 WL 5906075 (N.D. Cal. Nov. 9, 2018) ......................................................................7

*Sherman v. Regents of Univ. of California*,
    2022 WL 1471417 (N.D. Cal. May 10, 2022) ..................................................................10

*Sicav v. James Jun Wang*,
    2015 WL 268855 (S.D.N.Y. Jan. 21, 2015) .......................................................................7

*Sonoma Tires, Inc. v. Big O Tires, LLC*,
    2013 WL 12174138 (N.D. Cal. Apr. 19, 2013) ................................................................10

*Stoyas v. Toshiba Corp.*,
    2022 WL 19406 (C.D. Cal. Jan. 3, 2022) .......................................................................1, 9

*Torres v. City of L.A.*,
    548 F.3d 1197 (9th Cir. 2008) ............................................................................................5

*Van Osten v. Home Depot, U.S.A., Inc.*,
    2020 WL 7427212 (S.D. Cal. Dec. 17, 2020) ..................................................................10

*Wong v. Regents of the Univ. of Cal.*,
    410 F.3d 1052 (9th Cir. 2005) ............................................................................................9

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
    259 F.3d 1101 (9th Cir. 2001) ....................................................................................4, 7, 8

**Statutes**

15 U.S.C. § 77l(a)(1)..................................................................................................................2

**Rules**

Fed. R. Civ. P. 26(a)(2)(B)(i).........................................................................................1, 4, 5, 8

Fed. R. Civ. P. 26(a)(2)(D)(ii) ......................................................................................1, 4, 5, 9

Fed. R. Civ. P. 26(b)(4)(A) .......................................................................................................10

Fed. R. Civ. P. 37 .........................................................................................................1, 4, 7, 8

**Other Authorities**

California Corporations Code § 25503 .......................................................................................2

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   **INTRODUCTION**

The Federal Rules of Civil Procedure require experts to disclose "all" of their opinions and the bases for them in a written report. Fed. R. Civ. P. 26(a)(2)(B)(i). The Federal Rules also require disclosure of any rebuttal expert reports within 30 days of the report to which they respond. Fed. R. Civ. P. 26(a)(2)(D)(ii). Plaintiff did not come close to complying with those rules here, in a transparent attempt to sandbag Defendants.

In November 2022, Dr. Feinstein submitted a threadbare initial report in support of Plaintiff's Motion for Class Certification, barely six pages long and spending more time on Dr. Feinstein's personal background than on his opinion. On February 3, 2023, Defendants filed their Opposition to the Motion for Class Certification, supported by the expert report of Dr. Mukarram Attari. On March 31, 2023, more than 30 days following that submission and after Defendants had already deposed Dr. Feinstein, Plaintiff submitted a new Rebuttal Report from Dr. Feinstein in which he attempts to rebut Dr. Attari's opinions and offers new opinions missing from his opening report.

This late expert report contravenes the Federal Rules and prejudices Defendants. As the Rebuttal Report makes clear, Dr. Feinstein did not include the bases for all of his opinions in his initial report, and his Rebuttal Report came well after the 30-day deadline. As a result, Defendants have been denied the opportunity to depose Dr. Feinstein on the entirety of his opinions[1] and to address those opinions in its Opposition to Class Certification. Compounding the harm, Plaintiff's Reply in Support of Motion for Class Certification cites liberally to the Rebuttal Report that Defendants are unable to challenge through even basic forms of expert discovery, such as deposing Dr. Feinstein.

The Federal Rules, along with fundamental notions of procedural fairness, require the late expert report to be stricken. *Stoyas v. Toshiba Corp.*, 2022 WL 19406, at *2 (C.D. Cal. Jan. 3,

---

[1] Plaintiff has refused to make Dr. Feinstein available for a second deposition following the disclosure of his Rebuttal Report.

1

2022) (striking plaintiff's expert reply report, submitted in connection class certification, because the report was untimely). In the alternative, the Court should order that Plaintiff make Dr. Feinstein available for a deposition and postpone the hearing on class certification (scheduled for April 26, 2023) in the interest of efficiency, to ensure that expert discovery and briefing, including *Daubert* briefing, is complete prior to such hearing.

## II. BACKGROUND

### A. Dr. Feinstein's Initial Report.

Dr. Feinstein has now issued two reports in this case. Dr. Feinstein's Initial Report was a short one. The substantive portion spans less than three pages, from Paragraph 16 to 26 (on pages 4 to 6). Dr. Feinstein's expert opinion is at paragraph 16 of his Initial Report:

> For this case, damages for claims under Section 12(a)(1) of the Securities Act and California Corporations Code § 25503 can be computed using a common methodology for all class members. The common class-wide methodology for determining damages for all XRP purchasers involves the straightforward application of statutory arithmetic formulas.

ECF No. 181-61, Ex. 62 ¶ 16 (citing 15 U.S.C. § 77l(a)(1)). He quoted the respective federal and state statutory measure of damages and then presented damages formulas that (only partially) mirror the applicable statutes—one formula for individuals who purchased and later sold XRP, and another for individuals who purchased XRP but never sold it. *See id*. ¶¶ 19–20, 25.[2] For putative class members who purchased and later sold XRP, Dr. Feinstein proposed the following damages formula: take the "$ amount paid," add interest income, and subtract the "$ amount received at time of sale." *Id*. ¶ 19. For putative class members who purchased but never sold XRP, Dr. Feinstein opined that those damages could be calculated using the amount paid at the time of

---

[2] Despite quoting the statutes at length, Dr. Feinstein's damages calculation does not fully align with the law. Both the federal and state statutes provide rescissionary damages that require that current holders of the alleged unregistered security "tender" their holdings in exchange for a specified damages payment. *See* 15 U.S.C. § 77l(a)(1) (damages available only "upon the tender of such security"); Cal. Corp. Code § 25503 (same). Dr. Feinstein's damages methodology instead assumes that class members will retain their XRP and subtracts "current $ value of XRP" from the damages amount, ECF No. 181-61, Ex. 62 ¶ 19–a remedy with no statutory basis.

purchase, plus interest, minus the current monetary value of XRP. *Id.* ¶ 20.

Dr. Feinstein's initial report did not analyze how his proposed formulas would apply in practice to purchases and sales of XRP, whether actual or hypothetical. The report did not specify, for example, how the formula would apply to purchasers who bought and sold in multiple transactions, to foreign purchasers who bought using foreign currencies and never converted to US dollars, to purchasers who bought using digital assets like Bitcoin, to purchasers who bought for consumptive use (e.g. who bought XRP and then used it to buy coffee), or to purchasers who bought pursuant to bilateral contracts with terms bearing on price or gain or loss. Nor did Dr. Feinstein articulate what "interest income" should be, much less evaluate whether purchasers in different countries or using different currencies should have different interest rates. *Id*. ¶ 22.

Dr. Feinstein's deposition confirmed that he undertook no meaningful effort to understand XRP or the myriad ways in which XRP is bought or sold. For example, he confessed that he was unfamiliar with On-Demand Liquidity (Ripple's solution for facilitating cross-border transactions, for which billions of dollars' worth of XRP has been used to date), and that he had not taken into account the possibility that some putative class members might have unique bilateral contracts with terms that bear on their potential gain or loss. *See* Feinstein Tr. 14:2-9; 112:19-113:22. Dr. Feinstein erroneously dismissed such bilateral contracts as "unusual aberrant hypotheticals," *id.* at 116:21-117:10; *see also id.* at 52:21-53:6, unaware that such transactions involve billions of XRP. ECF No. 201-55, Ex. 54 at ¶ 4. He conceded that this scenario is "something I would have to study further. I just don't know as I sit here now." *Id.* at 123:4-6.

**B.    Dr. Feinstein's Second Report.**

On February 3, 2023, Defendants submitted their Opposition to Class Certification, with a supporting expert report from Dr. Attari. (Dr. Attari was *not* a rebuttal expert to Dr. Feinstein; no rebuttal was required, given the lack of substance and facial defects in Dr. Feinstein's initial report.) The 30-day deadline to submit a rebuttal to Dr. Attari passed on March 5, 2023.

On March 31, 2023, Plaintiff submitted his Reply, together with a Rebuttal Report from Dr. Feinstein. *See* ECF No. 219-2, Ex. 67. Dr. Feinstein's Rebuttal Report responds to the opinions of Ripple's expert, Dr. Attari. In doing so, it also attempts to shore up the deficiencies from Dr.

3

Feinstein's initial report. The Rebuttal Report is twice the length of the initial report, and its list of materials considered contains nearly twice as many entries as that in the initial report. It addresses (though unsuccessfully) several of the omissions from the initial report identified above, such as Dr. Feinstein's failure to consider bilateral contracts, *id.* ¶¶ 8-14, his failure to consider how to calculate damages for class members with multiple purchases and sales, *id.* ¶¶ 15-17, and his failure to consider XRP purchased with other cryptocurrencies or used to buy tangible goods, *id.* ¶¶ 18-23. Even then, Dr. Feinstein does not actually explain how damages would be calculated in these scenarios, instead he opined that they would depend on "whatever decision the Court makes," *id.* ¶ 17—a truism in litigation that does not require expertise.

## III. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 26(a)(2)(B)(i) requires that expert reports must contain "a *complete* statement of *all* opinions the witness will express and the basis and reasons for them" (emphasis added). Where, as here, there is no stipulation by the parties or court order governing the timing of expert reports for class certification, "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)" a party must notify of its intent to submit a rebuttal expert report "within 30 days after the other party's disclosure." *Id.* 26(a)(2)(D)(i)-(ii); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Absent other direction from the court, a rebuttal report shall be filed within 30 days after the disclosure of the evidence that the expert is assigned to rebut." (internal quotation marks omitted)).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Mangiaracina v. BNSF Ry. Co.*, 2021 WL 5113166, at *2 (N.D. Cal. Nov. 3, 2021) (Rule 37 "gives teeth" to the disclosure requirements in Rule 26); *Yeti*, 259 F.3d at 1106 (Rule 37 provides an "automatic" sanction that is intended to encourage full disclosure of expert opinions) (quoting Fed. R. Civ. P. 37 advisory committee's note (1993)). The party who failed to properly disclose an expert bears the burden to show that the failure to comply with Rule 26(a)

was substantially justified or harmless. *See Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008).

IV. **ARGUMENT**

    A. **Dr. Feinstein's Rebuttal Expert Report is Untimely.**

    **1.** Plaintiff and Dr. Feinstein did not attempt to disguise the Rebuttal Report; it is titled "Rebuttal Expert Report of Professor Steven P. Feinstein" and says that it is intended "to respond to . . . the opinions in the Expert Report of Dr. Mukarram Attari, dated 3 February 2023." ECF No. 219-2, Ex. 67, ¶ 2. Accordingly, the deadline for Dr. Feinstein's Rebuttal Report was set by Fed. R. Civ. P. 26: it had to be filed "within 30 days after the other party's disclosure," *i.e.*, by March 5.[3] Fed. R. Civ. P. 26(a)(2)(D)(ii). Dr. Feinstein's report is thus untimely under Rule 26.

    **2.** Plaintiff cannot avoid this conclusion by arguing that only certain parts of the Rebuttal Report respond to Dr. Attari while other parts respond to arguments made by Defendants in their Opposition to Class Certification, because doing so would run afoul of Rule 26(a)(2)(B)(i)'s requirement that Dr. Feinstein's opening report contain a *complete* statement of his opinions and the reasons for them. Experts must disclose their complete opinions and reasons, "not a sneak preview of a moving target. To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports . . . ." *Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973, 983-84 (N.D. Cal. 2014); *see also Jarose v. Cnty. of Humboldt*, 2023 WL 2333880, at *9 (N.D. Cal. Mar. 1, 2023) ("A party cannot note in its expert report that there are gaps to be filled, and then use that as a wellspring to justify myriad supplemental disclosures and additional analysis."). That rationale applies with particular force where, as here, the second report was submitted after the expert had already been deposed, and after Defendants' opposition brief had already been filed, leaving Defendants with no meaningful

---

[3] The Court's scheduling orders are silent as to the timing of filing expert reports in connection with briefing on class certification. By order entered on December 14, 2022, the Court ordered that the deadline for Defendants to file their opposition to class certification was February 3, 2023, and the deadline for Plaintiff to file any reply was March 31, 2023. ECF No. 185. The Court had previously set a hearing on Plaintiff's Motion for Class Certification for April 26, 2023, ECF No. 217, less than four weeks after the close of briefing.

1  opportunity to test and respond to the late-disclosed opinions.

2  Dr. Feinstein's initial report was basic and brief. His overarching opinion is that a common methodology exists to calculate classwide damages because a statute provides that method. His initial report consisted of little more than block-quotes to the statutory formulas, restatement of the formulas (omitting the tender requirement), and a conclusion. Indeed, the formula in his initial report has only three inputs: amount paid (in dollars), interest, and either amount received upon sale (in dollars) or current value of XRP (in dollars). But he offered no analysis whatsoever to show how any of those three inputs, let alone all of them, could be determined in a coherent, uniform manner for the entirety of Plaintiff's proposed class. He applied no economic or financial analysis and did not address any of the myriad ways in which XRP is bought or sold that create obvious real-world problems for determining each of the three inputs he proposed. Indeed, Dr. Feinstein's initial report was agnostic as to XRP: it could have been issued in *any* case involving allegations of the sale of an unregistered security. That is likely because Dr. Feinstein had no meaningful knowledge about XRP. *See supra* at 2-4. The Court does not need an expert to tell it what the statute says about damages in the abstract.

Confessing weakness, the portion of Dr. Feinstein's Rebuttal Report that concerns a "common methodology" runs, in substance, more than twice the length of his initial report. Having now considered some of the factors that he fatally ignored in his initial report and for which he could not provide answers at his deposition, Dr. Feinstein revised his proposed "formula" to calculate damages and tries (unsuccessfully) to wave away other defects from his initial report. ECF No. 219-2, Ex. 67 at ¶¶ 5-23. All of those points could have been, but were not, raised in Dr. Feinstein's initial report. Experts are not entitled to a "do over" of this sort. *See Leadership Stud., Inc. v. Blanchard Training & Dev., Inc.*, 2018 WL 1989554, at *9 (S.D. Cal. Apr. 27, 2018), *report and recommendation adopted*, 2018 WL 3752373 (S.D. Cal. Aug. 7, 2018) ("[A] rebuttal expert report is not to be used as an opportunity for a 'do-over' of an initial expert report."); *see also City and Cty. of San Francisco v. Purdue Pharma L.P.*, 2022 WL 1203075, at *1 (N.D. Cal. Apr. 22, 2022) (excluding opinions from rebuttal report because "[r]esponding to an identified omission with new analysis is not proper rebuttal opinion"); *Matthew Enterprise, Inc. v. Chrysler Group*

6

*LLC*, 2016 WL 4272430, at *4 (N.D. Cal. Aug. 15, 2016) (excluding opinions from rebuttal report and explaining that experts "cannot offer new bases for an old opinion on rebuttal").

This is not the first time Dr. Feinstein has engaged in such gamesmanship. In *Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, 2018 WL 3861840, at *1 (N.D. Ohio Aug. 14, 2018), Dr. Feinstein initially issued a thin report that he later supplemented in subsequent reports. There (unlike here), the Plaintiff requested leave to file a second report from Dr. Feinstein, and there (unlike here) Defendants had the opportunity to depose Dr. Feinstein following issuance of his follow-on reports. *Id.* ECF Nos. 391, 407. The court then excluded Dr. Feinstein's opinion that damages were measurable on a class-wide basis on grounds of unreliability, and subsequently denied class certification. *See* 2018 WL 3861840, at *1.[4] The only difference here is that Dr. Feinstein's subsequent report was strategically timed to preclude Defendants from an opportunity to test its contents. The Court should not condone that gambit.

### B. The Court Should Strike Dr. Feinstein's Untimely Report.

Because the Rebuttal Report is untimely, the "automatic" sanction in Rule 37(c)(1) requires its exclusion. *Yeti*, 259 F.3d at 1106 (quoting Fed. R. Civ. P. 37 advisory committee's note (1993)). Indeed, Dr. Feinstein's Rebuttal Report is "the exact type of supplemental report that the Ninth Circuit and courts across this Circuit have held should be excluded or struck under Rule 37(c)." *Rovid v. Graco Children's Prod. Inc.*, 2018 WL 5906075, at *11 (N.D. Cal. Nov. 9, 2018) (citing *Luke v. Fam. Care & Urgent Med. Clinics*, 323 F. App'x 496, 499-500 (9th Cir. 2009); *Jarrow Formulas, Inc. v. Now Health Grp., Inc.*, 2012 WL 3186576, at *15 (C.D. Cal. Aug. 2, 2012), *aff'd,* 579 F. App'x 995 (Fed. Cir. 2014); *Fed. Deposit Ins. Corp. v. Van Dellen*, 2012 WL

---

[4] Several other courts have excluded or discounted Dr. Feinstein's opinions before. *See, e.g.*, *Sicav v. James Jun Wang*, 2015 WL 268855 at *1 (S.D.N.Y. Jan. 21, 2015) (excluding Dr. Feinstein's report due to failure to address facts of the case and denying class certification); *Dean v. China Agritech*, 2012 WL 1835708, at *7-8 (C.D. Cal. May 3, 2012) (denying motion for class certification and questioning whether Dr. Feinstein's expert opinion was "meaningful"). In *Finklestein v. Liberty Digital Inc.*, 2005 WL 1074364 (Del. Ch. Ct. April 25, 2005), the court found Dr. Feinstein's analysis to be "unreliable and to provide no rational insight" into the relevant issues. *Id.* at *17. Dr. Feinstein "fail[ed] to consider the actual circumstances" during the relevant time period, *id.* at *14; his "assumptions b[ore] no relationship to reality" and were "both unrealistic and unsupported by the record," *id.*; and his analysis "smack[ed] of a stubborn desire to stick with a pre-conceived [valuation] regardless of the facts," *id.* at *16.

12886825, at *2 (C.D. Cal. Nov. 6, 2012)); *see Reinsdorf v. Skechers U.S.A.*, 922 F. Supp. 2d 866, 880-81 (C.D. Cal. 2013) (citing Fed. R. Civ. P. 37(c)(1)).

The Court need not consider whether any lesser sanctions might be appropriate unless Plaintiff can carry the burden of showing that this untimeliness was "substantially justified or harmless." *Yeti*, 259 F.3d at 1106-07 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."). Plaintiff cannot do so because there is no justification for ignoring Rule 26(a)'s timing requirements, and the violation is not "harmless." To the contrary, Plaintiff's tardy disclosure—less than four weeks prior to the Court's scheduled hearing on class certification—deprives Defendants of adequate time to depose Dr. Feinstein on his new opinions and submit any appropriate briefing or rebuttal in response. That alone forecloses a finding of harmlessness. *See, e.g.*, *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008), *as amended* (Sept. 16, 2008) (finding late disclosure was not harmless because it "deprived Defendants of the ability to serve fact discovery related to the opinion and to address the opinion with their own experts").

Plaintiff's reply in support of class certification is replete with citations to the Rebuttal Report, which Defendants have had no opportunity to challenge through ordinary course expert discovery including, for example, a deposition of the expert on the opinions submitted.[5] At this late juncture, the only means of recourse would be an adjustment to the class certification hearing schedule, which is itself a form of "harm."[6] *See, e.g.*, *Hoffman*, 541 F.3d at 1180 (9th Cir. 2008)

---

[5] In the Rebuttal Report, Dr. Feinstein for the first time relies on transaction data from exchanges to support an opinion that transaction records are available from exchanges. (His Initial Report cited no discovery documents at all.) This appears to be an attempt to address other deficiencies in Plaintiff's motion for class certification, namely that Plaintiff has not met his burden under *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 668 (9th Cir. 2022) (en banc), to establish that individualized issues concerning standing do not predominate. *See* ECF No. 201 at 22. Dr. Feinstein's newfound argument still does not fix the standing problem, though, because exchange transaction records say nothing about the (lack of) standing of class members who purchased on decentralized exchanges, through bespoke bilateral contracts, as consideration for goods or services, or through any number of other methods.

[6] Defendants attempted to move forward with a deposition in advance of the class certification hearing date, despite the prejudicial timing, but Plaintiff refused to make Dr. Feinstein available

("Later disclosure . . . would have most likely required the court to create a new briefing schedule and perhaps re-open discovery, rather than simply set a trial date. Such modifications to the court's and the parties' schedules supports a finding that the failure to disclose was not harmless.").

A recent case on point is *Stoyas v. Toshiba Corp.*, 2022 WL 19406, at *2 (C.D. Cal. Jan. 3, 2022), in which the plaintiff filed an untimely expert reply report in support of class certification. In *Stoyas*, the plaintiff's initial motion for class certification had been supported by the (timely) expert report of Dr. Matthew D. Cain. The defendant filed an opposition to class certification supported by a rebuttal expert report, and then the plaintiff thereafter submitted a reply report from Dr. Cain. The court struck Dr. Cain's reply report because the Scheduling Order in that case did not contemplate reply briefs, noting that in order "[t]o abate the prejudice, the court would be forced to allow Defendant to submit a sur-reply brief and have its expert prepare a sur-reply report in response to Dr. Cain's Reply Report." *Id.* at *3. Permitting that amended schedule, the court found, would cause "further delay with resolution of the motion for class certification." *Id.* (citing *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to."). The plaintiff in *Stoyas* attempted to argue that the brief should be permitted as a rebuttal brief pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii), but the Court rejected that argument, noting that it would have been untimely even if framed as a rebuttal. *Id.* at *2, n. 1.

The same result obtains here. Plaintiff's submission of Dr. Feinstein's Rebuttal Report was well beyond 30 days from the disclosure of the report that it rebuts. For any opinions that do not rebut Dr. Attari's, those should have been disclosed in Dr. Feinstein's initial report nearly five months ago. Plaintiff missed those deadlines, and his failure to meet them is neither justified nor harmless. Accordingly, the Rebuttal Report must be stricken.

/ / /

/ / /

---

for a second deposition after submitting his Rebuttal Report.

9

### C. Alternatively, Defendants Should Be Permitted to Depose Dr. Feinstein on the Rebuttal Report and the Hearing Should be Postponed.

If the Court declines to strike Dr. Feinstein's Rebuttal Report, it should, at the very least, permit Defendants leave to re-depose Dr. Feinstein to address his Rebuttal Report and postpone the class certification hearing to allow time for Defendants to file any appropriate responsive filings or briefing.

Rule 26(b)(4)(A) guarantees that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." *See also Sherman v. Regents of Univ. of California*, 2022 WL 1471417, at *5 (N.D. Cal. May 10, 2022). That rule effectively would be nullified if parties could submit a barebones initial report, present their expert for a deposition based on that report, and then only after the deposition reveal the full breadth of the expert's opinions. A further deposition is necessary to avoid the obvious prejudice that would cause. *See Van Osten v. Home Depot, U.S.A., Inc.*, 2020 WL 7427212, at *2 (S.D. Cal. Dec. 17, 2020) (ordering deposition of late disclosed rebuttal expert to avoid prejudice to opposing party); *Sonoma Tires, Inc. v. Big O Tires, LLC*, 2013 WL 12174138, at *2 (N.D. Cal. Apr. 19, 2013) (reopening discovery and ordering the party that submitted an untimely expert report to make the expert available for a deposition).

If Dr. Feinstein's Rebuttal Report remains in the record, Defendants must also have the opportunity to move for its exclusion. *See Marmont v. Bernzomatic Corp.*, 2018 WL 6252500, at *7 (C.D. Cal. July 31, 2018). Even putting aside the need for a deposition, the current schedule does not afford sufficient time for such a motion to be fully briefed in advance of the class certification hearing. Accordingly, if the Court declines to strike Dr. Feinstein's belated Rebuttal Report, it should postpone the class certification hearing by an appropriate interval to allow time for Dr. Feinstein to be re-deposed and for Defendants to file any appropriate responsive filings or briefing.

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

The Court should strike Dr. Feinstein's Rebuttal Report or, in the alternative, postpone the class certification hearing and provide Defendants an opportunity to re-depose Dr. Feinstein and to file any appropriate responsive filings or briefing.

DATED: April 7, 2023            KING & SPALDING LLP

By:   /s/ *Damien J. Marshall*
        Damien J. Marshall

DAMIEN J. MARSHALL (admitted pro hac vice)
dmarshall@kslaw.com
ANDREW MICHAELSON (admitted pro hac vice)
amichaelson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100; Fax: (212) 556-2222

SUZANNE E. NERO (SBN 284894)
snero@kslaw.com
MEGHAN H. STRONG (SBN 324503)
KING & SPALDING LLP
50 California St., Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300

MICHAEL KELLOGG (pro hac vice)
mkellogg@kellogghansen.com
BRADLEY OPPENHEIMER (pro hac vice)
boppenheimer@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
Sumner Square
1615 M. Street, N.W., Suite 400
Washington D.C. 20036
Tel: (202) 326-7900

ANDREW J. CERESNEY (admitted pro hac vice)
aceresney@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

Attorneys for Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse