Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
Steven G. Sklaver (237612)
ssklaver@susmangodfrey.com
Oleg Elkhunovich (269238)
oelkhunovich@susmangodfrey.com
Krysta Kauble Pachman (280951)
kpachman@susmangodfrey.com
Nicholas N. Spear (304281)
nspear@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

James Q. Taylor-Copeland (284743)
james@taylorcopelandlaw.com
Max Ambrose (320964)
maxambrose@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

*Counsel for Lead Plaintiff Bradley Sostack*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS, INC. LITIGATION | Case No. 4:18-cv-06753-PJH (RMI)<br>Formerly Consolidated/Related<br>Case No. 4:21-cv-06518 (Closed 9-27-21) |
| | CLASS ACTION |
| This Document Relates to: | **LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE REBUTTAL REPORT OF PLAINTIFF'S EXPERT** |
| All Actions | Consolidated First Amended Complaint Filed:  March 25, 2020 |

1

# <u>TABLE OF CONTENTS</u>

2

I.    INTRODUCTION .................................................................................................. 1

II.   BACKGROUND .................................................................................................. 2

III.  ARGUMENT ....................................................................................................... 4

    A.    Defendants' Motion is Procedurally Improper under ................................ 4

    B.    Defendants Provide No Legal or Factual Basis for Striking Dr. Feinstein's
        Class Certification Rebuttal Report .......................................................... 5

        1.    Rule 26(a)(2)(D)(ii) Does Not Apply to a Class Certification Report ........ 5

        2.    The Feinstein Rebuttal Report Appropriately Responds to New
                Arguments Raised in Defendants' Opposition and in the Attari
                Report .................................................................................................... 7

    C.    The Feinstein Rebuttal Report Has Not Prejudiced Defendants ........................... 9

    D.    Defendants Alternative Relief Should be Denied ................................. 12

IV.   CONCLUSION ................................................................................................. 12

11433000v1/016433

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*City & Cnty. of San Francisco v. Purdue Pharma L.P.*,
  2022 WL 1203075 (N.D. Cal. Apr. 22, 2022) ............................................................................ 9

5

*Doe v. Uber Techs., Inc.*,
6
  2022 WL 767095 (N.D. Cal. Mar. 11, 2022)............................................................................. 5

7

*Fed. Deposit Ins. Corp. v. Van Dellen*,
  2012 WL 12886825 (C.D. Cal. Nov. 6, 2012)........................................................................... 6

8

*Fodera v. Equinox Holdings, Inc.*,
9
  341 F.R.D. 616 (N.D. Cal. 2022) ......................................................................................... 1, 6

10

*Hoffman v. Constr. Protective Servs., Inc.*,
  541 F.3d 1175 (9th Cir. 2008) .............................................................................................. 11

11

*In re China Intelligent Lighting & Elecs., Inc. Sec. Litig.*,
12
  2013 WL 5789237 (C.D. Cal. Oct. 25, 2013)........................................................................... 8

13

*In re Oppenheimer Rochester Funds Grp. Sec. Litig.*,
  318 F.R.D. 435 (D. Colo. 2015)............................................................................................. 8

14

*Jarose v. Cnty. of Humboldt*,
15
  2023 WL 2333880 (N.D. Cal. Mar. 1, 2023)........................................................................... 9

16

*Jarrow Formulas, Inc. v. Now Health Grp., Inc.*,
  2012 WL 3186576 (C.D. Cal. Aug. 2, 2012)............................................................................ 6

17

*Leadership Stud., Inc. v. Blanchard Training & Dev., Inc.*,
18
  2018 WL 1989554 (S.D. Cal. Apr. 27, 2018)........................................................................... 9

19

*Luke v. Fam. Care & Urgent Med. Clinics*,
  323 F. App'x 496 (9th Cir. 2009) ........................................................................................... 6

20

*Malriat v. QuantumScape Corp.*,
21
  2022 WL 17974629 (N.D. Cal. Dec. 19, 2022) ....................................................................... 7

22

*Mangiaracina v. BNSF Ry. Co.*,
  2021 WL 5113166 (N.D. Cal. Nov. 3, 2021)............................................................................ 6

23

*Mariscal v. Graco, Inc.*,
24
  52 F. Supp. 3d 973 (N.D. Cal. 2014) ...................................................................................... 9

25

*Matthew Enter., Inc. v. Chrysler Grp. LLC*,
  2016 WL 4272430 (N.D. Cal. Aug. 15, 2016).......................................................................... 9

26

*Reinsdorf v. Skechers U.S.A.*,
27
  922 F. Supp. 2d 866 (C.D. Cal. 2013).................................................................................... 6

28

ii

*Ridgeway v. Wal-Mart Stores Inc*,
 2014 WL 4477662 (N.D. Cal. Sept. 10, 2014) ........................................................... 6

*Rodgers v. Fitzgerald*,
 2016 WL 4658974 (N.D. Cal. Sept. 7, 2016) ............................................................. 9

*Rovid v. Graco Children's Prod. Inc.*,
 2018 WL 5906075 (N.D. Cal. Nov. 9, 2018) ............................................................. 5

*Ruiz v. JCP Logistics Inc.*,
 2015 WL 12696114 (C.D. Cal. June 16, 2015) ........................................................... 6

*Silverman v. Lane*,
 2019 WL 4040111 (N.D. Cal. Aug. 27, 2019) ............................................................ 5

*Stoyas v. Toshiba Corp.*,
 2022 WL 19406 (C.D. Cal. Jan. 3, 2022) ........................................................... 11, 12

*United States v. Griffin*,
 84 F.3d 912 (7th Cir. 1996) ........................................................................................ 12

*Wong v. Regents of the Univ. of Cal.*,
 410 F.3d 1052 (9th Cir. 2005) .................................................................................... 12

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
 259 F.3d 1101 (9th Cir. 2001) ...................................................................................... 6

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................ 6

Fed. R. Civ. P. 26 ......................................................................................................... *passim*

Fed. R. Civ. P. 37 .................................................................................................... 4, 6, 9

Local Rule 7-3(d) ......................................................................................................... 1, 5

Local Rule 37-1(a) .................................................................................................... 1, 4, 5

OPPOSITION TO MOTION TO STRIKE
4:18-cv-06753-PJH

1    I.      **INTRODUCTION**

2           Defendants' motion to strike Lead Plaintiff's damages expert Dr. Steven P. Feinstein's class

3    certification rebuttal report is a meritless and improper attempt to manufacture an issue where none

4    exists.  The Court should deny Defendants' motion.

5           *First*, Defendants' motion to strike is procedurally improper.  Federal Rule of Civil

6    Procedure 37(a) and Local Rule 37-1(a) require that Defendants meet and confer with Lead Plaintiff

7    about their motion.  Defendants, however, ***never*** even informed Lead Plaintiff that they intended

8    to file a motion to strike Dr. Feinstein's rebuttal report.  Instead, Defendants met and conferred

9    with Lead Plaintiff regarding a different request—to take an additional deposition of Dr. Feinstein.

10   In addition, Defendants disregard the limitations for objections to reply evidence set forth in Local

11   Rule 7-3(d)(1).  Defendants' failure to comply with the Federal and Local Rules is reason alone to

12   deny the motion.

13          *Second*, Defendants' motion is substantively flawed because Dr. Feinstein's class

14   certification expert rebuttal report was not controlled by Federal Rule of Civil Procedure 26(a)(2).

15   At the parties' request, the Court set the deadline for Rule 26(a)(2) expert disclosures to fall after

16   the class certification motion was fully briefed.  Courts routinely hold that class certification expert

17   reports submitted before the Rule 26(a)(2) disclosure deadline are not subject to Rule 26(a)(2)'s

18   strictures.  *See, e.g.*, *Fodera v. Equinox Holdings, Inc.*, 341 F.R.D. 616, 627 n.2 (N.D. Cal. 2022)

19   ("Expert disclosure has always trailed the filing of this [class certification] motion.  Rule 26(a)(2)

20   does not require advance expert disclosure for use in class certification briefing.").  Defendants also

21   wrongly assert that Dr. Feinstein's rebuttal report includes opinions that should have been included

22   in the opening report.  It is undisputed that the rebuttal report is directly responsive to issues raised

23   in Defendants' class certification opposition and is fully consistent with Dr. Feinstein's opening

24   class certification expert report and his deposition testimony, which took place before Defendants

25   filed their opposition.

26          *Third*, Defendants cannot show that they were harmed by Lead Plaintiff's submission of

27   Dr. Feinstein's rebuttal report because Dr. Feinstein was already extensively cross-examined on

28

1

11433000v1/016433

1   the same issues during his deposition, which Defendants do not seriously dispute.  Indeed, Dr.

2   Feinstein's rebuttal corrects multiple misrepresentations about his deposition that Defendants'

3   made in their opposition.  Similarly, Defendants' misleading claim that they have been deprived of

4   the ability to respond to the rebuttal report ignores that the issues were addressed in depth in their

5   opposition and the scheduling order provides Lead Plaintiff with the last word on its motion for

6   class certification.

7        *Finally*, the Court should reject Defendants' alternative request for a second deposition of

8   Dr. Feinstein for these same reasons.

9   **II.**    **<u>BACKGROUND</u>**

10        In November 2020, the Court issued a Minute Order and a "Case Management and Pretrial

11   Order" setting case deadlines.  Dkts. 124–25.  Under these Orders, the parties' Rule 26(a)(2) expert

12   disclosures were due before the deadline to file a motion for class certification.  *Id.*  On February

13   23, 2022, the parties filed a "Joint Stipulation and [Proposed] Order Modifying Case Schedule."

14   Dkt. 157.  The Joint Stipulation re-sequenced the case schedule so that class certification would be

15   fully briefed <u>before</u> the parties' Rule 26(a)(2) expert disclosures were due.  *Id.*  The Court granted

16   the stipulation in part, including the parties' proposed re-sequencing of class certification and Rule

17   26(a)(2) disclosures.  Dkt. 158.  Subsequent requests and modifications to the scheduling order

18   have not altered the sequencing of class certification and expert disclosures.  Dkts. 184–85, 188,

19   208, 215–17, 229, 233.

20        On November 18, 2022, Lead Plaintiff filed his motion for class certification.  Dkt. 181.  In

21   support of his motion, Lead Plaintiff filed an "Expert Report of Professor Steven P. Feinstein,

22   PH.D., CFA."  Dkt. 181-61.  The report included the following conclusion:

23           For this case, damages for claims under Section 12(a)(1) of the Securities Act and

24           California Corporations Code § 25503 can be computed using a common
        methodology for all class members. The common class-wide methodology for

25           determining damages for all XRP purchasers involves the straightforward
        application of statutory arithmetic formulas.

26
27   *Id.* ¶ 16.  The Report described the common arithmetic formulas that could be used to calculate

28   damages for the federal and state securities claims.  *Id.* ¶¶ 17–26.  Under the then-current

1  scheduling order, Defendants' opposition to class certification was due on January 27, 2022.  Dkt.

2  158.

3        On November 29, 2022, Defendants requested "depositions of the declarants in support of

4  [Lead Plaintiff's] class cert motion," which included Dr. Feinstein.  *See* Ex. 1 (Dec. 2022 Email

5  Chain).[1]  Due to Dr. Feinstein's availability in January 2023, Defendants requested a one-week

6  extension on their opposition.  *See id.*  The Joint Stipulation seeking this extension stated that "the

7  deadline for Defendants' Opposition should be extended by one week to provide sufficient time

8  between the deposition of Dr. Feinstein and the filing of the Opposition[.]" Dkt. 185.  On January

9  9, 2023, Lead Plaintiff served his responses to Ripple's first interrogatories, which included a

10  calculation of the damages for Lead Plaintiff using the formula Dr. Feinstein set forth in his Report.

11  Ex. 2 (Rog. Resp.) at 6.  Defendants deposed Dr. Feinstein on January 20, 2023.  Ex. 3 (Feinstein

12  Depo.).   During this three-hour deposition, Defendants' counsel extensively questioned Dr.

13  Feinstein about his damages methodology and how it applied to XRP transactions.  *Id.*

14        On February 3, 2023—77 days after Lead Plaintiff filed his motion—Defendants filed their

15  opposition to class certification.  Dkt. 201.  Defendants' opposition brief included four pages of

16  critiques of Dr. Feinstein's class certification report and deposition testimony.  *Id.* at 24–28.

17  Defendants also filed an "Expert Report of Dr. Mukarram Attari" on the same day.  Dkt. 201-53.

18  The Attari Report opines on issues raised in response to Lead Plaintiff's motion for class

19  certification, including issues that relate to the calculation of damages.  *Id.*  For example, the Attari

20  Report includes an analysis of the calculation of gains and losses from sales of XRP.  *Id.* ¶¶ 23–41;

21  *compare* Dkt. 181-61 (Feinstein Report) at ¶ 19 (describing a common damages formula for those

22  who sold XRP).  Defendants did not move to strike or exclude Dr. Feinstein's class certification

23  report as part of their opposition filings.  Lead Plaintiff deposed Dr. Attari on March 8, 2023.

24        On March 31, 2023, Lead Plaintiff filed his reply in support of class certification.  Dkt. 219.

25  In conjunction with this filing, Lead Plaintiff filed a "Rebuttal Expert Report of Professor Steven

26  P. Feinstein, PH.D., CFA." Dkt. 219-2.  The rebuttal report contains two substantive sections.  The

27

28  [1] All exhibits are attached to the concurrently filed Declaration of Nicholas N. Spear.

3

OPPOSITION TO MOTION TO STRIKE
4:18-cv-06753-PJH

first is titled "Responses to Defendants' Opposition." *Id.* at ¶¶ 5–23.  The second is titled "Critique of the Attari Report." *Id.* at ¶¶ 24–42.

The week after Lead Plaintiff filed his reply, Defendants demanded a second deposition of Dr. Feinstein.  Defendants stated that they would limit questioning to "the subject of common methodology and not cover Attari," but "reserve[d] the right to move the court to depose Feinstein on both subjects" if Lead Plaintiff would not agree to a second deposition. Ex. 5 (4/5/23 Michaelson Email).  Lead Plaintiff responded that a second deposition was not warranted because Defendants had already "crossed [Dr. Feinstein] on the exact topics you now claim warrant a new deposition" and had not "identified any material discrepancies between Dr. Feinstein's deposition testimony and his rebuttal declaration." Ex. 6 (4/5/23 Spear Email).  Two days later, Defendants filed this motion to strike.  Dkt. 231.  At no point did Defendants meet and confer with Lead Plaintiff about a motion to strike, or even mention that they were considering such a motion. *See* Declaration of Nicholas N. Spear ("Spear Decl.") ¶ 7.

## III. <u>ARGUMENT</u>

### A. <u>Defendants' Motion is Procedurally Improper</u>

Defendants claim that Dr. Feinstein's rebuttal report violates Rule 26 and should therefore be stricken under Rule 37(c)(1).  Mot. 5–9.  To bring a motion under Rule 37, the movant must have "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Similarly, Civil Local Rule 37-1(a) states: "The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues."

The motion to strike states that "Defendants met and conferred with counsel for Plaintiff Bradley Sostack, but the parties were not able to reach an agreement." Dkt. 231 (Not. of MTS) at 1.  This is not accurate.  In the lead-up to this motion, Defendants requested a second deposition of Dr. Feinstein on limited topics, and stated that if Lead Plaintiff did not agree, Defendants "reserve[d] the right to move the court to depose Feinstein on both subjects." Ex. 5 (4/5/23

1  Michaelson Email).  Defendants never told Lead Plaintiff that they intended to move to strike the

2  Feinstein rebuttal report—in whole or in part—before filing their motion, and therefore could not

3  have met and conferred about this relief.  *See* Spear Decl. ¶ 7.  Defendants have therefore failed to

4  comply with Rule 37(a) and Local Rule 37-1(a), which is reason alone to deny Defendants' motion.

5  *See Doe v. Uber Techs., Inc.*, 2022 WL 767095, at *1 (N.D. Cal. Mar. 11, 2022) (denying motion

6  to compel for failure to comply with Rule 37(a) and Local Rule 37-1(a)); *Silverman v. Lane*, 2019

7  WL 4040111, at *8 (N.D. Cal. Aug. 27, 2019) (same).

8          In addition, Local Rule 7-3(d) states that "[o]nce a reply is filed, no additional memoranda,

9  papers or letters may be filed without prior Court approval" except an "Objection to Reply

10 Evidence" or a "Statement of Recent Decision," and provides the following limitations on

11 objections to reply evidence:

12         **Objection to Reply Evidence.**  If new evidence has been submitted in the reply,
           the opposing party may file and serve an Objection to Reply Evidence, which may
13         not exceed 5 pages of text, stating its objections to the new evidence, which may
           not include further argument on the motion.  The Objection to Reply Evidence must
14         be filed and served not more than 7 days after the reply was filed.  Fed. R. Civ. P.
           6(d), which extends deadlines that are tied to service (as opposed to filing), does
15         not apply and thus does not extend this deadline.

16 Defendants' motion to strike, which is well over five pages and reargues Defendants' critiques of

17 Dr. Feinstein, plainly violates this rule.  This too warrants denial of the motion.

18     B.     **Defendants Provide No Legal or Factual Basis for Striking Dr. Feinstein's
              Class Certification Rebuttal Report**
19

20            1.     Rule 26(a)(2)(D)(ii) Does Not Apply to a Class Certification Report

21         Defendants argue that Dr. Feinstein's class certification rebuttal report is "untimely" under

22 Rule 26(a)(2)(D)(ii) because it was not served within 30 days of Dr. Attari's report.  Mot. 5, 7–9.

23 But Dr. Feinstein's rebuttal report, submitted solely to support class certification, is not a Rule

24 26(a)(2) expert disclosure, so the Rule 26(a)(2)(D)(ii) deadline does not apply.  As described above,

25 the Court re-sequenced class certification and expert disclosures—at the parties' ***joint*** request—so

26 that expert disclosures governed by Rule 26(a)(2)(D)(ii) were not due until ***after*** class certification

27 was fully briefed.  *See* Dkts. 124–25, 157–58.  Lead Plaintiff's Rule 26(a)(2) expert disclosures are

28 not due for another 2.5 weeks, and his rebuttal disclosures are due in three months.  Dkt. 217.  Thus,

1    Rule 26(a)(2)(D)(ii) provides no basis to strike Dr. Feinstein's class certification rebuttal report.

2    *See Fodera*, 341 F.R.D. at 627 n.2 ("Nor were the plaintiffs required to disclose the surveys as part

3    of their expert disclosure under Rules 23(a)(2)(B) or 26(b)(4)(C)(ii), as Equinox asserts.   The

4    pretrial schedule originally proposed by the parties and adopted by me set the hearing for the class

5    certification motion on February 9, 2022, and expert disclosures by March 16, 2022.   Expert

6    disclosure has always trailed the filing of this motion.   Rule 26(a)(2) does not require advance

7    expert disclosure for use in class certification briefing." (citations omitted)); *Ridgeway v. Wal-Mart*

8    *Stores Inc*, 2014 WL 4477662, at *11 (N.D. Cal. Sept. 10, 2014) ("Rule 26(a)(2) does not require

9    advance disclosure of expert witness reports for use in class certification briefing.   The Court agrees

10   with plaintiffs' contention that no date has yet been set for disclosure of expert witnesses, and thus

11   Wal–Mart's position as to the timeliness of the Rule 26 disclosures is false.").[2]

12          Defendants' failure to distinguish between pre-Rule 26(a)(2) class certification reports and

13   Rule 26(a)(2) expert disclosures infects (and undercuts) their entire analysis.   Indeed, Defendants

14   do not cite a single case in which a court applied the Rule 26(a)(2)(D)(ii) deadlines to class

15   certification reports filed before the Rule 26(a)(2) disclosure deadline.   *See Yeti by Molly, Ltd. v.*

16   *Deckers Outdoor Corp.*, 259 F.3d 1101, 1105–06 (9th Cir. 2001) (discussing sanctions for untimely

17   26(a)(2) reports); *Luke v. Fam. Care & Urgent Med. Clinics*, 323 F. App'x 496, 499–500 (9th Cir.

18   2009) (striking untimely supplemental Rule 26(a)(2) expert report); *Mangiaracina v. BNSF Ry.*

19   *Co.*, 2021 WL 5113166, at *2 (N.D. Cal. Nov. 3, 2021) (same); *Rovid v. Graco Children's Prod.*

20   *Inc.*, 2018 WL 5906075, at *10–11 (N.D. Cal. Nov. 9, 2018) (same); *Reinsdorf v. Skechers U.S.A.*,

21   922 F. Supp. 2d 866, 880–81 (C.D. Cal. 2013); *Jarrow Formulas, Inc. v. Now Health Grp., Inc.*,

22   2012 WL 3186576, at *14–17 (C.D. Cal. Aug. 2, 2012) (same); *Fed. Deposit Ins. Corp. v. Van*

23   *Dellen*, 2012 WL 12886825, at *1–2 (C.D. Cal. Nov. 6, 2012) (same).

24

25   _____

[2] *See also Ruiz v. JCP Logistics Inc.*, 2015 WL 12696114, at *3 n.2 (C.D. Cal. June 16, 2015)
26   ("Rule 26(a) and (e), however, do not require advance disclosure of expert witness reports for use
in class certification briefing.   Nor did the Court's Scheduling Order require disclosure of expert
27   witnesses before the filing of this Motion.   Thus, the Court declines to exclude the Banos
Declaration under Federal Rules of Civil Procedure 26 and 37.").
28

11433000v1/016433

1    Defendants' own conduct establishes that they know that Rule 26(a)(2)(D)(ii) doesn't apply

2    to pre-Rule 26(a)(2) class certification reports because they filed their own class certification report

3    **77 days** after Dr. Feinstein's opening report was filed.   *See* Dkt. 201-53 (Attari Report).

4    Defendants, in other words, attack Lead Plaintiff for doing the exact same thing that Defendants

5    themselves did.   Defendants disingenuously claim that the deadline did not apply to Dr. Attari

6    because he only opined about Lead Plaintiff's motion and "was *not* a rebuttal expert to Dr.

7    Feinstein[.]"   Mot. 3 (emphasis in original).   That is plainly false.   *See* Section II, *supra*.   For

8    example, Defendants' counsel questioned Dr. Feinstein at length about how his methodology would

9    apply to transactions with payments over multiple days.   *See, e.g.*, Ex. 3 (Feinstein Depo.) at 115:3–

10   117:10.   Dr. Attari's report addresses the same thing.   Dkt. 201-53 at ¶ 25.   Similarly Defendants

11   (incorrectly) fault Dr. Feinstein for calculating gains and losses in dollars, as opposed to the

12   consideration actually paid for XRP (*e.g.*, Bitcoin).   Dkt. 201 at 35.   Dr. Attari testified that gains

13   or losses needed to be calculated in the consideration used to purchase the XRP.   Ex. 4 (Attari

14   Depo.) at 128:23–129:15.   The Attari report thus plainly attempts to rebut Dr. Feinstein's opinions.[3]

15                    2.    The Feinstein Rebuttal Report Appropriately Responds to Arguments Raised
                            in Defendants' Opposition and in the Attari Report

16

17        Defendants argue that the entire Feinstein rebuttal report should be stricken because Dr.

18   Feinstein's opening report did not contain "a *complete* statement of his opinions" pursuant to Rule

19   26(a)(2)(B)(i).   Mot. 5 (emphasis in original).   Defendants again improperly blur class certification

20   reports, which need only address whether the analysis can be applied classwide, with Rule 26(a)(2)

21   expert disclosures, which are not yet due for weeks under the agreed-upon scheduling order.   *See,*

22   *e.g.*, *Malriat v. QuantumScape Corp.*, 2022 WL 17974629, at *12 (N.D. Cal. Dec. 19, 2022)

23   ("[T]he court's task was to determine whether the expert report was capable of showing class-wide

24   impact, not to reach a conclusion on the merits of the plaintiffs' claims." (cleaned up)).

25        Defendants also incorrectly claim that Dr. Feinstein's rebuttal report "confess[es]

26
_____

27   [3] In any event, even if Rule 26(a)(2)(D)(ii) applied to Dr. Feinstein's critiques of Dr. Attari (and it
     does not), it would not—by Defendants' own admission—apply to Dr. Feinstein's responses to
28   Defendants' class certification opposition. Mot. 5.

11433000v1/016433

1   weakness" and is a "do over" of his opening report.  Mot. 5–7.  Defendants, in fact, spend much of

2   their motion attacking the adequacy of Dr. Feinstein's opening report.  *Id.* 2–3, 5–7.  These attacks,

3   which are really just a poorly-disguised class certification sur-reply, are meritless.  It is well-settled

4   that damages under Section 12(a) can be proven using a common methodology.  *See, e.g.*, *In re*

5   *Oppenheimer Rochester Funds Grp. Sec. Litig.*, 318 F.R.D. 435, 447 (D. Colo. 2015); *In re China*

6   *Intelligent Lighting & Elecs., Inc. Sec. Litig.*, 2013 WL 5789237, at *6 (C.D. Cal. Oct. 25, 2013).[4]

7   Dr. Feinstein's opening report provided arithmetic formulas that are capable of being used

8   classwide and opined that these formulas could be applied to transactions involving XRP.  Dkt.

9   181-61 at ¶¶ 16–23.  Lead Plaintiff subsequently provided an interrogatory response calculating

10  Lead Plaintiff's damages using Dr. Feinstein's methodology, *see* Ex. 2 (Rog Resp.) at 6, and Dr.

11  Feinstein sat for a three-hour deposition where, in response to Defendants' counsel's cross-

12  examination, he described in detail how his methodology has the capacity to be applied to various

13  XRP transaction scenarios, Ex. 3 (Feinstein Depo.).  Defendants were therefore on full notice of

14  Dr. Feinstein's class certification opinions and had a fair opportunity to challenge them.  And they

15  did in Defendants' opposition, which provided detailed (albeit incorrect and merits-based) critiques

16  of Dr. Feinstein's opinions.  Dkt. 201 at 24–28.[5]

17      The Feinstein rebuttal report directly addresses Defendants' opposition and explains why

18  (a) Defendants' opposition misconstrues Dr. Feinstein's opinions, and (b) the classwide formulas

19  supplied in the opening report can be straightforwardly applied to every situation identified in the

20  opposition.  Dkt. 219-2 at ¶¶ 5–23.  Defendants argue that "[a]ll of these points could have been,

21  but were not, raised in Dr. Feinstein's initial report."  Mot. 6.  But an expert is not required to

22  anticipate and address in his or her opening report every theoretical potential counterargument a

23  defendant might raise in opposition.  Defendants, in fact, deposed Dr. Feinstein on their lines of

24  attack ***before*** they even filed their opposition to class certification and ***never*** contended that Dr.

25

26  [4] *See also* Dkt. 181 (Class Cert Mtn.) at 24–25; Dkt. 219 (Class Cert Reply) at 12–13.

27  [5] As noted, the deadline for Defendants' class certification opposition was extended due to Dr.
    Feinstein's availability in January 2023.  Dkt. 185.  Defendants do not contend they lacked
    sufficient time to respond.

28

Feinstein's testimony improperly went beyond the opinions in Dr. Feinstein's opening report.  It is undisputed that every section of the Feinstein rebuttal report is responsive to either the class certification opposition or the Attari Report.  Ex. 6 (4/5/23 Spear Email).  This is perfectly appropriate in reply.  *See Rodgers v. Fitzgerald*, 2016 WL 4658974, at *8 (N.D. Cal. Sept. 7, 2016) ("Although it is improper to raise new issues or submit new facts on reply, here, the Reply Altwal declaration and Exhibit 4 simply respond to the assertions raised by Defendants in their opposition brief." (citation omitted)).[6]

## C.   The Feinstein Rebuttal Report Has Not Prejudiced Defendants

Defendants' motion to strike fails for an additional reason—Defendants have not been harmed by Dr. Feinstein's rebuttal report.  *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").  Thus, regardless of whether Dr. Feinstein's rebuttal report violates Rule 26 (and it does not), sanctions are neither "automatic," Mot. 7, nor even permissible under Rule 37(c)(1).

Defendants claim that they were harmed because they have been "deprive[d] . . . of adequate time to depose Dr. Feinstein on his new opinions and submit any appropriate briefing or rebuttal in response."  Mot. 8.  This is false because Defendants extensively cross-examined Dr.

---

[6] Defendants' cited cases (Mot. 6–7), which do not address pre-Rule 26(a)(2) class certification reports, are inapposite or support Lead Plaintiff's position. *See Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973, 983–84 (N.D. Cal. 2014) (striking expert opinions that should have been disclosed in an opening report under Rule 26(a)(2)(B)(i));  *Jarose v. Cnty. of Humboldt*, 2023 WL 2333880, at *9 (N.D. Cal. Mar. 1, 2023) (same); *Leadership Stud., Inc. v. Blanchard Training & Dev., Inc.*, 2018 WL 1989554, at *9, 11–15 (S.D. Cal. Apr. 27, 2018) (denying a motion to strike a Rule 26(a)(2) rebuttal expert report because it appropriately responded to arguments made by the other side, and noting that "there is no bright line rule requiring automatic exclusion of a rebuttal report that contains information that could have been included in an initial expert report"), *report and recommendation adopted*, 2018 WL 3752373 (S.D. Cal. Aug. 7, 2018); *City & Cnty. of San Francisco v. Purdue Pharma L.P.*, 2022 WL 1203075, at *1 (N.D. Cal. Apr. 22, 2022) (striking a Rule 26(a)(2) expert rebuttal report because the expert did not attempt to "explain, repel, counteract or disprove evidence of the adverse party," but instead offered "a new model based on a new methodology in response to a criticism of her opening report"); *Matthew Enter., Inc. v. Chrysler Grp. LLC*, 2016 WL 4272430, at *4 (N.D. Cal. Aug. 15, 2016) (striking portions of a Rule 26(a)(2) expert rebuttal report that offered a "new methodology").

1   Feinstein on the same common methodology issues in a three-hour deposition *before* filing their

2   opposition:

| Rebuttal Report (Dkt. 219-2) | Feinstein Deposition (Ex. 3) |
|---|---|
| "The Classwide Damages Methodology Can Accommodate Any Alleged "Bilateral Contracts" (¶¶ 8–14) | 51:8–53:6<br>112:19–118:17<br>142:13–143:13 |
| "The Common Methodology Can Apply to Any Form of Consideration Used to Purchase or Sell XRP" (¶¶ 18–20) | 56:24–57:24<br>63:19–65:8<br>67:25–73:18<br>75:22–77:25<br>82:4–83:20<br>85:22–86:14<br>87:8–89:16<br>90:20–97:25<br>100:20–103:5<br>108:15–110:2<br>135:13–137:19<br>138:24 –142:12 |
| "The Common Damages Methodology Accommodates Trades Made with Tangible Goods" (¶¶ 21–23) | 59:20–60:3<br>78:1–9<br>112:12–18<br>136:16–137:19 |

Tellingly, Defendants do not identify any portion of the rebuttal report that is inconsistent with Dr.

Feinstein's deposition testimony, despite Lead Plaintiff's request that they do so. *See* Ex. 6 (4/5/23

Spear Email) ("It is also undisputed that you deposed Dr. Feinstein over multiple hours in January

2023—at your request—and crossed him on the exact topics you now claim warrant a new

deposition.  You have not identified any material discrepancies between Dr. Feinstein's deposition

11433000v1/016433

1  testimony and his rebuttal declaration.").[7]

2         Thus, Defendants have not been "deprive[d]" of the opportunity to depose Dr. Feinstein on

3  the opinions in his rebuttal report.[8]  For this same reason, the Court should reject Defendants'

4  argument that they were prohibited from "submit[ting] any appropriate briefing or rebuttal in

5  response." Mot. 8.  Defendants *did* submit briefing in response to Dr Feinstein's opinions—their

6  opposition to class certification.  Defendants' claim that they were unable to file a rebuttal response

7  glosses over that (a) they did file a rebuttal report on some issues (the Attari Report), and (b) they

8  had the ability to file a rebuttal report on other issues at the time they filed their opposition, but

9  chose not to do so.[9]

10         This case is nothing like *Hoffman v. Construction Protective Services, Inc.* (*see* Mot. 8–9),

11  in which the court found that the plaintiffs' failure to include computations for all categories of

12  damages in a Rule 26(a)(2) expert disclosure was prejudicial and barred their inclusion in a

13  supplemental report.  541 F.3d 1175, 1179–80 (9th Cir. 2008).  Nor is *Stoyas v. Toshiba Corp.*,

14  2022 WL 19406 (C.D. Cal. Jan. 3, 2022), "on point."  *See* Mot. 9.  In *Stoyas*, the court and the

15  parties synced up the class certification briefing deadlines with the deadlines for Rule 26(a)(2)

16  expert disclosures.  2022 WL 19406, at *1.  The court struck a rebuttal Rule 26(a)(2) expert report

17  submitted with the plaintiff's reply brief because the court did not authorize Rule 26(a)(2) reply

18  disclosures, and the parties did not jointly agree to them.  *Id.* at *2–3.  The court found these actions

19  prejudicial because it would require additional briefing and expert work.  *Id.* at *3 (citing *Hoffman*

20  and *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005)).  Here, by contrast,

---

[7] The only common methodology issue not explicitly raised in Dr. Feinstein's deposition was whether losses should be calculated on a portfolio or individual basis.  Dkt. 219-2 (Feinstein Rebuttal Report) at ¶¶ 15–17 (responding to page 25 of Defendants' opposition).  Dr. Feinstein, however, addressed the similar issue of whether losses should be calculated using a first in, first out (FIFO) or last in, first out (LIFO) methodology, and explained that either one could be applied classwide. Ex. 3 (Feinstein Depo.) at 106:13–107:14.

[8] Defendants also ignore that they will have an opportunity to depose Dr. Feinstein again during the Rule 26(a)(2) expert discovery period.

[9] Defendants do not seriously contend that they have been harmed by Dr. Feinstein's response to the Attari Report.  Nor could they.  Dr. Attari addressed similar issues to those raised in Defendants' deposition of Dr. Feinstein.  And Defendants initially proposed a second deposition of Dr. Feinstein that would not address his critiques of Dr. Attari.  Ex. 5.

OPPOSITION TO MOTION TO STRIKE
4:18-cv-06753-PJH

the Rule 26(a)(2) deadlines are not synced with class certification at the parties' joint request.  And here, unlike *Stoyas*, Defendants have had the full opportunity to depose Dr. Feinstein and provide any opposition briefing they wanted.

Finally, the Court should reject Defendants' irrelevant *ad hominem* attacks on Dr. Feinstein. *See* Dkt. 219 (Class Cert Reply) at 14–15.  None of the cited cases, Mot. 7, address the issue here—the timeliness and contents of a pre-Rule 26(a)(2) class certification expert report—and should therefore be disregarded.  *See United States v. Griffin*, 84 F.3d 912, 927 (7th Cir. 1996) (referencing the "oft-quoted adage: If the law is against you, argue the facts; if the facts are against you, argue the law; and if they both are against you, pound the table and attack your opponent").

### D.        Defendants' Alternative Relief Should be Denied

Defendants request that the Court permit a second deposition of Dr. Feinstein in the alternative.  Mot. 10.  This too should be denied.  As described in detail in the previous sections, Dr. Feinstein's rebuttal report is not controlled by Rule 26(a)(2), and in any event Defendants have had a full opportunity to depose Dr. Feinstein and provide responsive briefing and rebuttal reports. *See* Section III.B.–C., *supra*.

### IV.     CONCLUSION

The Court should deny Defendants' motion to strike.

Dated: April 19, 2023                    SUSMAN GODFREY L.L.P.

By */s/ Nicholas N. Spear*
Marc M. Seltzer (54534)
Steven G. Sklaver (237612)
Oleg Elkhunovich (269238)
Krysta Kauble Pachman (280951)
Nicholas N. Spear (304281)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
oelkhunovich@susmangodfrey.com
kpachman@susmangodfrey.com
nspear@susmangodfrey.com

11433000v1/016433

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

James Q. Taylor-Copeland (284743)
Max Ambrose (320964)
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
james@taylorcopelandlaw.com
maxambrose@taylorcopelandlaw.com
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

*Counsel for Plaintiff Bradley Sostack*

13

11433000v1/016433