DAMIEN J. MARSHALL
(admitted *pro hac vice*)
dmarshall@kslaw.com
ANDREW MICHAELSON
(admitted *pro hac vice*)
amichaelson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100; Fax: (212) 556-2222

SUZANNE E. NERO (SBN 284894)
snero@kslaw.com
MEGHAN H. STRONG (SBN 324503)
mstrong@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300

ANDREW J. CERESNEY
(admitted *pro hac vice*)
aceresney@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

MICHAEL K. KELLOGG
(admitted *pro hac vice*)
mkellogg@kellogghansen.com
REID M. FIGEL
(admitted *pro hac vice*)
rfigel@kellogghansen.com
GREGORY G. RAPAWY
(admitted *pro hac vice*)
grapawy@kellogghansen.com
BRADLEY E. OPPENHEIMER
(admitted *pro hac vice*)
boppenheimer@kellogghansen.com
BETHAN R. JONES
(admitted *pro hac vice*)
bjones@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900

*Counsel for Defendant Ripple Labs Inc.*

*Attorneys for Defendants Ripple Labs Inc.,
XRP II, LLC, and Bradley Garlinghouse*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re RIPPLE LABS INC. LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:18-cv-06753-PJH<br><br>**DEFENDANTS' REPLY ISO MOTION TO STRIKE REBUTTAL REPORT OF PLAINTIFF'S EXPERT** |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 2

    A.    The Parties Met and Conferred. ...................................................................... 2

    B.    Defendants' Motion is Not an "Objection to Reply Evidence." ...................... 3

    C.    Rule 26(a)(2)(d) Applies to the Rebuttal Report. ............................................ 3

    D.    Dr. Attari's Report was Timely Submitted. ..................................................... 6

    E.    Defendants Have Been Harmed. ...................................................................... 6

III. CONCLUSION .................................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Bernstein v. Virgin Am., Inc.*,
  2018 WL 6199679 (N.D. Cal. Nov. 28, 2018) ..........................................................................2

*Bowman v. International Business Mach. Corp*,
  2012 WL 6596933 (S.D. Ind. Dec. 18, 2012) ..........................................................................4

*Briseno v. ConAgra Foods, Inc.*,
  844 F.3d 1121 (9th Cir. 2017) .................................................................................................4

*Cason–Merenda v. Detroit Med. Ctr.*,
  2010 WL 1286410 (E.D. Mich. Mar. 31, 2010) ......................................................................4

*City and Cnty. of San Francisco v. Purdue Pharma L.P.*,
  2022 WL 1203075 (N.D. Cal. Apr. 22, 2022) .........................................................................5

*Doe v. Uber Technologies, Inc.*,
  2022 WL 767095 (N.D. Cal. Mar. 11, 2022) ...........................................................................3

*Fed. Deposit Ins. Corp. v. Van Dellen*,
  2012 WL 12886825 (C.D. Cal. Nov. 6, 2012) .........................................................................5

*Fodera v. Equinox Holdings, Inc.*,
  341 F.R.D. 616 (N.D. Cal. 2022) ........................................................................................4, 5

*In re Intel Corp. Microprocessor Antitrust Litig.*,
  2010 WL 2802271 (D. Del. Mar. 22, 2010) ............................................................................4

*Jarrow Formulas, Inc. v. Now Health Grp., Inc.*,
  2012 WL 3186576 (C.D. Cal. Aug. 2, 2012), *aff'd*, 579 F. App'x 995 (Fed.
  Cir. 2014) ................................................................................................................................5

*Luke v. Family Care & Urgent Med. Clinics*,
  323 F. App'x 496 (9th Cir. 2009). Yet, Dr. Feinstein's Rebuttal Report ..................................5

*Matthew Enterprise, Inc. v. Chrysler Grp. LLC*,
  2016 WL 4272430 (N.D. Cal. Aug. 15, 2016) ........................................................................5

*Phillips v. Netblue, Inc.*,
  2007 WL 528722 (N.D. Cal. Feb. 13, 2007) ...........................................................................5

*Reinsdorf v. Skechers U.S.A.*,
  922 F. Supp. 2d 866 (C.D. Cal. 2013) .....................................................................................5

*Rovid v. Graco Children's Prod. Inc.*,
  2018 WL 5906075 (N.D. Cal. Nov. 9, 2018) (Hamilton, J.) ...................................................5

*Silverman v. Lane*,
  2019 WL 4040111 (N.D. Cal. Aug. 27, 2019) ...................................................................3

*Simmons v. Ford Motor Co.*,
  2021 WL 6062633 (S.D. Fla. Dec. 22, 2021) ............................................................3, 4, 5

*Stoyas v. Toshiba Corp.*,
  2022 WL 19406 (C.D. Cal. Jan. 3, 2022) ........................................................................3

**Other Authorities**

N.D. Cal. Civil L.R. 37-1(a) ...............................................................................................2

N.D. Cal. Civil L.R. 1-5(n) .................................................................................................2

N.D. Cal. Civil L.R. 7-3(d) .................................................................................................3

Fed. R. Civ. P. 26 ..................................................................................................... *passim*

Fed. R. Civ. P. 37 .......................................................................................................3, 4, 5, 6

**I. INTRODUCTION**

Plaintiff's attempt to sandbag Defendants with a belatedly-disclosed expert report is palpably unfair. Plaintiff seeks to support his pending Motion for Class Certification—which is set for hearing next week (April 26)—with an expert rebuttal report to which Defendants have had no meaningful opportunity to respond. Defendants requested the opportunity to depose Dr. Feinstein on his belatedly-disclosed report in advance of the hearing, but Plaintiff refused. Accordingly, his untimely Rebuttal Report should be stricken.

Plaintiff first disclosed Dr. Feinstein's Rebuttal Report on March 31, 2023, as an exhibit to his Reply Brief in Support of Class Certification. The Rebuttal Report indisputably contains new opinions. For the first time, Dr. Feinstein expressed opinions in rebuttal to Defendants' timely-submitted expert report of Dr. Mukarram Attari. In addition, Dr. Feinstein amended and substantially added to his initial, threadbare opinion on whether there exists a common methodology to calculate class-wide damages. Defendants have had no opportunity to depose Dr. Feinstein on these new opinions, let alone submit any response.

The Federal Rules prevent this. Since Dr. Feinstein's second report is submitted as a rebuttal to that of Defendants' expert, the Rules required Plaintiff to disclose it within 30 days of Defendants' disclosure of the Attari report. Fed. R. Civ. P. 26(a)(2)(D)(ii). Confessing that this deadline was missed, Plaintiff contends that the rebuttal deadline does not apply because the report is not a Rule 26(a)(2) disclosure. This is incorrect: courts have consistently ruled that expert reports in support of class certification are subject to Rule 26(a)(2).

With law and equity against him, Plaintiff complains about process, alleging a failure to adequately meet and confer. In fact, the parties *did* meet and confer. In writing and by phone, Defendants raised the precise concern that animates their Motion to Strike—that they have been sandbagged by Dr. Feinstein's Rebuttal Report and are entitled to an opportunity to respond. Defendants requested to depose Dr. Feinstein, and Plaintiff made clear, twice, that he would not make Dr. Feinstein available. The parties were at an impasse. No rules require that Defendants ask a third time, nor do they require parties to itemize all variations of relief they might seek for the issue discussed. Accordingly, the Court should grant Defendants' Motion.

## II. ARGUMENT

### A. The Parties Met and Conferred.

It is telling that Plaintiff's primary argument is not a substantive defense of his position, but rather a complaint that Defendants failed to adequately meet and confer under Local Rule 37-1(a). To be clear, Plaintiff does not and cannot argue that no meet-and-confer took place. Rather, his argument is that Defendants did meet and confer with Plaintiff, but they supposedly did not warn him clearly enough in the meet-and-confer that Defendants would move to strike Dr. Feinstein's Rebuttal Report as a sanction.

This argument is frivolous as a matter of law and fact. "Civil Local Rule 37-1(a) does not require that the parties meet and confer about each type of sanction to be sought, but rather the merits of each discovery issue that is in dispute." *Bernstein v. Virgin Am., Inc.*, 2018 WL 6199679, at *6 n.4 (N.D. Cal. Nov. 28, 2018). The parties did so here. During the meet-and-confer call, Defendants articulated the unfairness presented by Plaintiff's reliance on Dr. Feinstein Rebuttal Report, including because it presented new opinions. Declaration of A. Michaelson ISO Reply ("Michaelson Decl.") ¶ 2. Defendants specifically stated that Dr. Feinstein expressed new opinions in rebuttal to Dr. Attari's report, and also that Dr. Feinstein attempted to expand upon the opinions concerning a common methodology to calculate damages presented in his initial report. *Id.* (Indeed, the substantive portion of Dr. Feinstein's initial report was just three pages; the Rebuttal Report is 11. *Compare* ECF No. 181-61 *with* ECF No. 219-2.) Defendants made clear to Plaintiff in connection with this discussion that they "reserve[d] all rights to seek other relief" if Plaintiff would not allow Defendants to depose Dr. Feinstein on his late report. Pl. Ex. 6 at 3. After the meet-and-confer call, Plaintiff twice confirmed his refusal in writing. Pl. Ex. 6 at 2; Michaelson Decl., Ex. 1.

Plaintiff attempts to downplay that discussion but cannot deny that the meet-and-confer happened. *See* Civ. L.R. 1-5(n) (defining "meet and confer" as "to communicate directly and to discuss in good faith the issue(s) required under the particular Rule or order"). Nothing more is required. *Bernstein*, 2018 WL 6199679, at *6 n.4. Plaintiff cites no case denying a motion under Local Rule 37-1(a) on the grounds that the meet-and-confer supposedly failed to address a specific

sanction sought, and Defendants are aware of none. Indeed, given that Plaintiff refused to make Dr. Feinstein available for a deposition, the notion that Defendants were obligated to ask if Plaintiff would agree to *strike* the report is absurd. The meet-and-confer that occurred was plainly sufficient, and the cases Plaintiff cites are facially distinguishable: they involved parties who failed to meet and confer *at all*, see *Doe v. Uber Technologies, Inc.*, 2022 WL 767095, at *1 (N.D. Cal. Mar. 11, 2022), and who ignored opposing counsel's request to meet and confer, *Silverman v. Lane*, 2019 WL 4040111, at *8 (N.D. Cal. Aug. 27, 2019). No such facts are present here.[1]

**B.     Defendants' Motion is Not an "Objection to Reply Evidence."**

Plaintiff incorrectly alleges that the Motion to Strike is improper under Local Rule 7-3(d) because it should instead be styled an "Objection to Reply Evidence." Opp. at 5 (citing no authority). Defendants' Motion is not an objection to reply evidence under Local Rule 7-3(d). It is a Motion to Strike under Federal Rule of Civil Procedure 37. The Motion is therefore not bound by the page limits of Local Rule 7-3(d).[2]

**C.     Rule 26(a)(2)(d) Applies to the Rebuttal Report.**

Plaintiff concedes that the Rebuttal Report is, at least in part, a rebuttal of Defendants' expert (Opp. at 9), but argues that Rule 26(a)(2)(d)(ii) does not apply to class certification experts. That argument contradicts decisions both within the Ninth Circuit and across the country, all of which have found that Rule 26(a)(2)(d)(ii) applies to motions practice, including motions for class certification. *See, e.g.*, *Stoyas v. Toshiba Corp.*, 2022 WL 19406, at *2 (C.D. Cal. Jan. 3, 2022) (rejecting an argument that plaintiff could file a rebuttal expert brief in support of its reply brief for class certification pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii), because the rebuttal report would have been untimely); *Simmons v. Ford Motor Co.,* 2021 WL 6062633, at *1 (S.D. Fla. Dec. 22,

---

[1] Notably absent from Plaintiff's Opposition is any assertion that this dispute could have been resolved if Plaintiff better understood the specific form of relief that Defendants might have sought. If Plaintiff believed additional meet-and-confer sessions would resolve the dispute, he could have reached out to Defendants to schedule one in the nearly two weeks between the filing of Defendants' Motion and Plaintiff's Opposition. He did not.

[2] Even if Local Rule 7-3(d) applied here (and it does not), Plaintiff does not argue that Defendants' filing was untimely under that rule, so at most Defendants' filing would have exceeded the rule's page limits. Any such error would be harmless given Plaintiff's equally long opposition brief.

2021) (holding that Plaintiffs' rebuttal expert reports submitted with their reply in support of class certification must be stricken under Rule 37(c)(1) for failing to comply with Rule 26(a)(2)(d)(ii)); *Bowman v. International Business Mach. Corp*, 2012 WL 6596933, at *2–3 (S.D. Ind. Dec. 18, 2012) (striking two expert reply reports submitted by Plaintiffs in response to Defendants' opposition to class certification for failure to adhere to Rule 26(a)(2)(d)(ii)); *Cason–Merenda v. Detroit Med. Ctr.*, 2010 WL 1286410, at *1–2 (E.D. Mich. Mar. 31, 2010) (excluding a rebuttal report filed five days after the 30–day deadline and on the same day as plaintiff's class certification motion); *In re Intel Corp. Microprocessor Antitrust Litig.*, 2010 WL 2802271, at *1 (D. Del. Mar. 22, 2010) ("Pursuant to Fed. R. Civ. P. 26(a)(2)(C)(ii), Class Plaintiffs were required to disclose Prof. Noll as a potential rebuttal witness, absent a stipulation or court order, within 30 days after Intel's disclosure of its expert witness . . .").

The court in *Simmons* took particular care to explain why Rule 26(a)(2)(D)(ii) applies to expert reports submitted in support of class certification. There, plaintiff made the very same argument that Plaintiff makes here: that Rule 26(a) does not apply to class certification experts, only experts to be used at trial. *See Simmons*, 2021 WL 6062633, at *2. The court explained that Plaintiff's argument fails to consider the text, context, and fairness considerations that animate Rules 26 and 37. *See id.* Rule 26(a) does not exist in a vacuum; it operates in conjunction with Rule 37(c)(1). *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1125 (9th Cir. 2017) (noting that words and phrases should not be read "in isolation, but with an eye toward the purpose and context of the statute . . . An interpretation that gives effect to every clause is generally preferable to one that does not."). Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence *on a motion*, at a hearing, or at a trial[.]" Fed. R. Civ. P. 37(c)(1) (emphasis added). By the very terms of Rule 37, Rule 26 applies to expert evidence provided during motion practice. Consequently, "permitting untimely expert testimony to be considered in support of a motion for class certification would be in direct contravention of the text and plain meaning of Rules 26 and 37." *Simmons*, 2021 WL 6062633, at *2.

The single case cited by Plaintiff, *Fodera v. Equinox Holdings, Inc.*, 341 F.R.D. 616 (N.D.

Cal. 2022) is inapposite: it involved neither expert testimony nor a belated disclosure of evidence on reply.[3] The *Fodera* court was simply not presented with an issue that raised the notice concerns Rule 26(a)(2)(D)(ii) and Rule 37 are designed to address. In contrast to the issue presented in *Fodera*, here Ripple had no opportunity to depose Dr. Feinstein on his new Rebuttal Report opinions before the motion for class certification became ripe for review. Finally, and as noted in *Simmons*, fundamental considerations of fair notice favor application of Rule 26(a)(2)(D)(ii) to expert reports submitted in support of a motion for class certification. *See Simmons*, 2021 WL 6062633, at *3. Rule 26's expert disclosure rule is intended "to facilitate a fair contest with the basic issues and facts disclosed to the fullest practical extent." *See Phillips v. Netblue, Inc.*, 2007 WL 528722, at *2 (N.D. Cal. Feb. 13, 2007). To ensure a fair process, parties cannot use rebuttal or supplemental reports as a "loophole through which a party who submits partial expert witness disclosures, or who wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed." *Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 499-500 (9th Cir. 2009). Yet, Dr. Feinstein's Rebuttal Report was submitted for precisely that reason and therefore must be excluded. *See Rovid v. Graco Children's Prod. Inc.*, 2018 WL 5906075, at *11 (N.D. Cal. Nov. 9, 2018) (Hamilton, J.) (citing *Luke*, 323 F. App'x at 499-500); *Jarrow Formulas, Inc. v. Now Health Grp., Inc.*, 2012 WL 3186576, at *15 (C.D. Cal. Aug. 2, 2012), *aff'd*, 579 F. App'x 995 (Fed. Cir. 2014); *Fed. Deposit Ins. Corp. v. Van Dellen*, 2012 WL 12886825, at *2 (C.D. Cal. Nov. 6, 2012)); *Reinsdorf v. Skechers U.S.A.*, 922 F. Supp. 2d 866, 880-81 (C.D. Cal. 2013) (citing Fed. R. Civ. P. 37(c)(1)). Indeed, courts will strike such reports even when they are submitted in a timely manner. *City and Cnty. of San Francisco v. Purdue Pharma L.P.*, 2022 WL 1203075, at *1 (N.D. Cal. Apr. 22, 2022) ("Responding to an identified omission with new analysis is not proper rebuttal opinion"); *Matthew Enterprise, Inc. v. Chrysler Grp. LLC*, 2016 WL

---

[3] Defendants in *Fodera* moved to strike statements by potential class members (not expert testimony) that the plaintiffs filed with their initial class certification motion (not on reply). 341 F.R.D. at 626. The court denied the motion because Defendants had the opportunity to investigate and depose class members regarding these surveys in advance of their opposition to class certification—an opportunity plainly missing here. *Id.* at 627.

4272430, at *4 (N.D. Cal. Aug. 15, 2016) (excluding opinions from rebuttal report and explaining that experts "cannot offer new bases for an old opinion on rebuttal").

### D. Dr. Attari's Report was Timely Submitted.

In a last-ditch effort to excuse their rule violation, Plaintiff misleadingly suggests that Dr. Attari's report was a rebuttal report required to comply with Rule 26(a)(2)(D)(ii). That would not help Plaintiff even if he were right; Plaintiff was free to move to exclude Dr. Attari's report if he genuinely believed it was an untimely rebuttal. But Plaintiff is wrong in any case. Dr. Attari's report was not about a common damages methodology (the sole topic Dr. Feinstein's initial report addressed), and it did not rebut Dr. Feinstein's opinions. Dr. Attari's report does not even mention Dr. Feinstein, and Dr. Attari clearly testified in his deposition that he was "not offering any opinions about Dr. Feinstein's report." Michaelson Decl., Ex. 2, Attari Dep. 53:19-54:16. Rather, Dr. Attari's report offered an opinion on whether it is possible to determine with common evidence whether an XRP purchaser experienced a gain or loss as a result of their purchase and sale of XRP (for purposes of determining injury and standing, not damages). ECF No. 201-53 ¶ 7.

### E. Defendants Have Been Harmed.

Finally, Plaintiff asserts that Dr. Feinstein's improper report has not prejudiced Defendants. Opp. at 9-12. This is not the appropriate legal standard. Rather, Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was *substantially justified or is harmless*." (emphasis added). This is Plaintiff's burden to prove, and he cannot clear either hurdle.

Plaintiff does not even advance any independent argument that his failure to properly disclose Dr. Feinstein's opinions was substantially justified. That is because he cannot. Plaintiff knew he would have to put forward a common methodology for damages with his class certification. There is no excuse for Dr. Feinstein's initial report not to contain every opinion and basis for that opinion. Even if there were, there is no excuse for failing to timely disclose Dr. Feinstein's rebuttal to Dr. Attari within 30 days of the disclosure of Dr. Attari's report.

Nor is Plaintiff's reliance on the improper report harmless. Plaintiff asserts Defendants

deposed Dr. Feinstein "***before*** filing their opposition," Opp. at 10 (emphasis in original), but that is exactly the point.  Defendants' only opportunity to depose Dr. Feinstein was before submission of their opposition, and their only opportunity to respond in writing was in the opposition.  They have had ***no*** opportunity to depose or respond to his new rebuttal opinions.  Yet Plaintiff relies on them throughout his reply.  Under these circumstances, Plaintiff cannot establish that the improper report is harmless.

## III. CONCLUSION

For the foregoing reasons and those stated in Defendants' initial Motion, Defendants respectfully request that the Court strike Dr. Feinstein's Rebuttal Report or, in the alternative, grant Defendants an opportunity to re-depose Dr. Feinstein and file a sur-reply responding to his Rebuttal Report before the Court rules on Plaintiff's Motion for Class Certification.

DATED: April 21, 2023              KING & SPALDING LLP


                                   By:   */s/ Andrew Michaelson*
                                         Andrew Michaelson

                                         DAMIEN J. MARSHALL (admitted pro hac vice)
                                         dmarshall@kslaw.com
                                         ANDREW MICHAELSON (admitted pro hac vice)
                                         amichaelson@kslaw.com
                                         KING & SPALDING LLP
                                         1185 Avenue of the Americas, 34th Floor
                                         New York, NY 10036
                                         Tel: (212) 556-2100; Fax: (212) 556-2222

                                         SUZANNE E. NERO (SBN 284894)
                                         snero@kslaw.com
                                         MEGHAN H. STRONG (SBN 324503)
                                         mstrong@kslaw.com
                                         KING & SPALDING LLP
                                         50 California St., Suite 3300
                                         San Francisco, CA 94111
                                         Tel: (415) 318-1200; Fax: (415) 318-1300

                                         ANDREW J. CERESNEY (admitted pro hac vice)
                                         aceresney@debevoise.com
                                         DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

*Attorneys for Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse*

MICHAEL K. KELLOGG
(admitted pro hac vice)
mkellogg@kellogghansen.com
REID M. FIGEL
(admitted pro hac vice)
rfigel@kellogghansen.com
GREGORY G. RAPAWY
(admitted pro hac vice)
grapawy@kellogghansen.com
BRADLEY E. OPPENHEIMER
(admitted pro hac vice)
boppenheimer@kellogghansen.com
BETHAN R. JONES
(admitted pro hac vice)
bjones@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
+1 (202) 326-7900

*Counsel for Defendant Ripple Labs Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2023, I electronically filed the foregoing document with the clerk of the Court and served counsel of record via the CM/ECF system.

*/s/ Andrew Michaelson*
Andrew Michaelson