UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VLADI ZAKINOV, et al.,

    Plaintiffs,

v.

RIPPLE LABS, INC., et al.,

    Defendants.

Case No. 18-cv-06753-PJH

**ORDER RE MOTIONS TO SEAL**

Re: Dkt. No. 181, 200, 218

    This is a securities case. In connection with plaintiffs' motion for class certification, the parties filed three motions to seal. See Dkt. 181, 200, 218. The court has already issued an order on the class certification motion, and now rules as follows on the motions to seal.

## DISCUSSION

A.    Legal standard

    "There is a general principle in favor of public access to federal court records." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). "The proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails." Kamakana v. City & City of Honolulu, 447 F.3d 1172, 1182 (9th Cir. 2006).

    The Ninth Circuit has recognized that two different standards may apply when a request to seal a document is made in connection with a motion—namely the "compelling reasons" standard or the "good cause" standard. Ctr. For Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-97 (9th Cir. 2016). The compelling reasons standard applies

to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case." Id. at 1101.

Courts in this district have ruled that the compelling reasons standard controls sealing requests made in connection with a motion for class certification. Yan Mei Zheng v. Toyota Motor Corp., 2019 WL 6841324, at *1 (N.D. Cal. Dec. 16, 2019); Hadley v. Kellogg Sales Co., 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018).

Under the compelling reasons standard, a court may seal a record only if it finds a "compelling reason" to support such treatment and articulates "the factual basis for its ruling, without relying on hypothesis or conjecture." Ctr. for Auto Safety, 809 F.3d at 1096-97. If it has made such finding, the court "must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. at 1097. Factors relevant to that balancing test include the public interest "in understanding the judicial process," Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 n.6 (9th Cir. 2010), as well as the volume of material sought to be sealed, Algarin v. Maybelline, LLC, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014).

The Ninth Circuit has acknowledged that "[w]hat constitutes a 'compelling reason' is best left to the sound discretion of the trial court." Ctr. for Auto Safety, 809 F.3d at 1097.

B.   Analysis

The parties have filed three motions to seal, seeking the sealing of excerpts of their briefs along with certain attached declarations and exhibits. See Dkt. 180, 200, 218. As the court indicated at the hearing, nothing in the parties' briefs meets the high standard for sealing set forth in this court's Civil Local Rule 79-5, so the motions to seal are DENIED to the extent that they seek the sealing of any portion of any brief. The court now addresses each of the three motions to seal in turn.

First motion to seal (Dkt. 180)

Along with the opening motion for class certification, plaintiff filed a motion seeking the sealing of certain portions of the motion and an attorney declaration, along with the

entirety of certain exhibits, based on the confidentiality designations made by defendants and/or third parties. See Dkt. 180. Defendants then filed a supporting declaration setting forth the basis for the requested sealing. See Dkt. 182. In the declaration, defendants state that they have identified two exhibits for which they do not seek sealing (namely, exhibits 24 and 42) and one exhibit for which they seek sealing of only redacted portions (exhibit 3). Id. at 5. Defendants maintain that the following exhibits should be sealed in their entirety: exhibits 1, 2, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 43, and 64.

      For the majority of those exhibits (namely, exhibits 1, 2, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, and 64), defendants cite only the following boilerplate language, without more: "[d]ocuments or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm." See Dkt. 182 at 4. The court finds that defendants' broad, generalized language does not meet the standard for sealing as set forth in Civil Local Rule 79-5(c)(1), especially given the volume of the sealing request, and thus, the motion to seal is DENIED on that basis.

      For exhibits 1, 4, 8, 13, 27, 38, and 40, defendants cite the following language, without more: "[d]ocuments or portions thereof describing or providing financial information or highly confidential internal valuation information or derived from or quoting from such information, such that trade secret information would be revealed if filed publicly and significant competitive harm would likely result." See Dkt. 182 at 4. As before, the court concludes that defendants' broad, generalized language does not meet the standard for sealing as set forth in Civil Local Rule 79-5(c)(1), and thus, the motion to seal is DENIED on that basis.

      For exhibit 26, defendants cite the following language, without more: "[d]ocuments or portions thereof describing or providing highly confidential and trade secret information on contractual clauses and the trade secret internal policies relating to those contractual

clauses. Disclosure of this trade secret information would be very likely to cause significant competitive harm." See Dkt. 182 at 4. Defendants do not identify anything specific about this contract that justifies secrecy, and instead appear to rely on a broad rationale that would justify the sealing of every contract in its entirety. The court cannot approve such a broad standard, and in the absence of any more narrowly-tailored request to seal a portion of this exhibit, the court finds that the motion to seal exhibit 26 must be DENIED on this basis.

For exhibits 27 and 41, defendants argue that "[d]ocuments or portions thereof describing or providing highly confidential and private information on individual Defendant Bradley Garlinghouse. Disclosure of this private information would be very likely to cause significant invasion of privacy." See Dkt. 182 at 4. Defendants do not provide any additional information regarding the nature of the claimed private information, nor do they attempt to narrow the sealing request to seek the sealing of only the information that they claim to be private.

Exhibit 27 is a transcript excerpt of the Garlinghouse deposition, and appears to contain discussion of the makeup of Ripple's board of directors, as well as Garlinghouse's meetings with the SEC, and the sources of Garlinghouse's income. See Dkt. 180, Ex. 27. Defendants provide no support for their argument that generalized discussion of a defendant's sources of income are properly sealable, and the court denies the request to seal Exhibit 27.

Exhibit 41 is a set of Garlinghouse's interrogatory objections and responses. As before, defendants do not identify the nature of any claimed private information in this exhibit. The court's review of the document shows that it contains a list of Garlinghouse's international travel for 2017 through 2020. See Dkt. 180, Ex. 41. Defendants provide no support for their argument that a list of past travel destinations, without more, is properly sealable, and thus, the court denies the request to seal exhibit 41.

For exhibits 35 and 43, defendants argue that the documents contain information that was designated as confidential or highly confidential by a third party. See Dkt. 182 at

4. Plaintiff further filed a response indicating that third party Poloniex, LLC requests the sealing of only a portion of exhibit 43 (specifically, exhibit 43 is a spreadsheet showing XRP transactions, and Poloniex requests the sealing of only column A of the spreadsheet, which lists the user who made each transaction).  See Dkt. 183.  Because the request to seal exhibit 43 was narrowed to seek the sealing of only information regarding individual user names, the court GRANTS the motion to seal to the extent that it seeks to seal column A of exhibit 43.

For exhibit 35, however, no supporting statement was filed.  And upon the court's review of the document, there does not appear to be any information that meets the high standard for sealing.  Thus, based on the arguments made in connection with the first motion to seal, the court finds no basis to seal exhibit 35.  Thus, the motion to seal is DENIED as to exhibit 35.

Finally, for exhibits 6, 7, 9, 10, 18, 19, 20, 21, 22, and 23, defendants argue that they "contain[] Personally Identifiable Information ("PII") of individual Ripple employees, disclosure of which would be very likely to cause a significant invasion of privacy."  See Dkt. 182 at 4.  As before, defendants do not identify the nature of any claimed personal information.  The court's review of the documents showed that they largely consist of emails discussing defendants' business operations, which left unclear why defendants claimed that the information was private.

However, after reviewing defendants' proposed redactions for exhibit 3, it appears that defendants are taking the position that any employee email address (i.e., their work email address, not their personal email address) should be considered personal information and protected by a motion to seal.  See Dkt. 182-1.  In fact, for the exhibits other than exhibit 3 (namely, exhibits 6, 7, 9, 10, 18, 19, 20, 21, 22, and 23), defendants appear to be taking the position that the presence of an employee email address should result in the sealing of the entire document.  Defendants provide no support for this position.  Although a private individual's personal email address may be considered private information, the court knows of no authority for applying the same rationale for

1    employee email addresses where the employer is a defendant in the case.  And
2    moreover, the court certainly knows of no authority for sealing entire exhibits due to the
3    presence of an employee email address.  Thus, to the extent that defendants seek the
4    sealing of the entirety of exhibits 6, 7, 9, 10, 18, 19, 20, 21, 22, and 23, the request to
5    seal is DENIED.  However, due to the narrowly-tailored nature of the redactions in exhibit
6    3, the court will allow defendants to similarly redact the email addresses from exhibits 6,
7    7, 9, 10, 18, 19, 20, 21, 22, and 23.

8    Accordingly, with respect to the exhibits, the first motion to seal (Dkt. 180) is
9    GRANTED in part and DENIED in part, as set forth above.  With respect to the Spear
10   declaration, the motion to seal is DENIED, as the declaration contains only high-level
11   descriptions of documents and does not contain any private information.  And as stated
12   above, the motion to seal any portion of the opening class certification brief is DENIED.
13   The parties are directed to file public versions of the brief, declaration, and exhibits no
14   later than **September 1, 2023**.

15   Second motion to seal (Dkt. 200)

16   In connection with their opposition to the class certification motion, defendants
17   filed a motion to seal.  See Dkt. 200.  The motion seeks the sealing of portions of
18   defendants' opposition brief, as well as the entirety of exhibits 6, 7, 8, and 26-51.

19   Plaintiff filed a supporting declaration seeking the sealing of exhibits 6 and 8, along
20   with portions of the opposition brief.  As stated above and at the hearing, to the extent
21   that any parties seeks the sealing of any portion of the briefs, the motion to seal is
22   DENIED.

23   As to exhibit 6, plaintiff argues that it contains deposition excerpts that discuss
24   plaintiff's private financial information.  As to exhibit 8, plaintiff argues that it contains
25   detailed trading records, including photos of plaintiff's passports.  See Dkt. 205-1.
26   Plaintiff makes no argument as to exhibit 7, and on that basis, the motion to seal is
27   DENIED as to exhibit 7.

28   As to exhibit 6, the court's review of the deposition transcript excerpts showed that

they do not reveal detailed information about plaintiff's financial affairs, and instead contain only generalized discussions of plaintiff's trading practices.  See Dkt. 200-2.  In contrast, exhibit 8 does indeed contain detailed financial information, as well as the aforementioned passport photos.  See Dkt. 200-4.  Additionally, to the extent that plaintiff argues that both exhibits were sealed as part of a discovery dispute earlier in the case, the court points out that sealing is governed by a "good cause" standard on a discovery motion, as opposed to the heightened "compelling reasons" standard applicable on a class certification motion.

Accordingly, the motion to seal is GRANTED as to exhibit 8, and DENIED as to exhibits 6 and 7.

Defendants also filed a declaration, stating that they had met and conferred with counsel for the third-party affiants whose affidavits are contained within exhibits 26-51, and the affiants' counsel stated that they had no objection to the public filing of the affidavits so long as the personal identifiable information was redacted.  See Dkt. 204, ¶ 4.  Defendants' counsel also filed revised versions of exhibits 26-51, with only the personal information (specifically, the affiants' names and addresses) redacted.  See Dkt. 204.  Because the revised and redacted exhibits seek the narrow sealing of only private information, the motion to seal is GRANTED as to the redacted exhibits 26-51.

Accordingly, defendants' motion to seal (Dkt. 200) is GRANTED in part and DENIED in part.  Specifically, it is GRANTED as to exhibits 6, 8, and the redacted versions of exhibits 26-51, and DENIED as to the portions of the class certification opposition brief and as to exhibit 7.  The parties are directed to file public versions of the brief and exhibit no later than **September 1, 2023**.

Third motion to seal (Dkt. 218)

In connection with his reply brief, plaintiff filed a motion to seal.  See Dkt. 218.  The motion seeks the sealing of portions of the reply brief and an attorney declaration, as well as the entirety of five of defendants' exhibits (namely, exhibits 70-74).

As to the reply brief, plaintiff represents that it contains information that has been

designated confidential by defendants as well as three third-parties, namely the SEC, GSR Markets, and Chris Larsen.  See Dkt. 218 at 2.  Of those third-parties, only GSR Markets filed a supporting declaration, arguing that the information in the reply brief regarding GSR's processes for trading cryptocurrency should be sealed.  See Dkt. 227.  As discussed above, the court found nothing in the briefs that merited sealing, so to the extent that the motion seeks the sealing of any portion of the reply brief, the motion to seal is DENIED.

The declaration filed by GSR also argued that exhibit 64, filed in connection with plaintiffs' opening motion to seal, should be sealed.  GSR argues that exhibit 64 "identifies the declarant and his city of residence and contains commercially sensitive information." See Dkt. 27 at 1. The declaration further argues that exhibit 64 "contains information regarding GSR's business practices, including its internal process for trading cryptocurrency on particular exchanges, that is competitively sensitive, proprietary, and would, if disclosed, grant competitors a window into GSR's trading methods and strategies." Id. at 4.

Although GSR's declaration is untimely to the extent it seeks the sealing of exhibit 64, because plaintiff's motion to seal did not indicate whether third-parties had been served with a copy of the motion to seal, the court will consider GSR's argument now.  And upon the court's own review of exhibit 64, the court concludes that the document contains only generalized information about GSR's business, and thus does not meet the high threshold for sealing.  However, the court will allow the declarant's city of residence to be redacted from public filing, and thus GRANTS the motion to seal on only that limited basis.

Upon the court's own review of the filings, it also determined that the sealing request for exhibit 35 (discussed above, in connection with the first motion to seal) is based on GSR's confidentiality claim.  However, because GSR made no argument in favor of sealing exhibit 35, the sealing request remains DENIED.

Defendants also filed a supporting declaration, seeking the sealing of four of the

five exhibits, as well as portions of the declaration that refers to those exhibits.  See Dkt. 228.  Defendants no longer seek the sealing of exhibit 71.  Id. at 4.  As to the remaining exhibits and declaration, defendants argue, in only general language, that "[d]ocuments or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm."  Id. at 3; see also Dkt. 228-1 at 2.  As before, the court finds that this broad, generalized language does not meet the standard for sealing as set forth in Civil Local Rule 79-5(c)(1), and thus, the motion to seal is DENIED on that basis.  Because defendants made no other arguments in favor of sealing, the third motion to seal is DENIED in its entirety.  The parties are directed to file public versions of the brief, declaration, and exhibits no later than **September 1, 2023**.

**CONCLUSION**

For the foregoing reasons, the parties' first motion to seal (Dkt. 181) is GRANTED in part and DENIED in part, the parties' second motion to seal (Dkt. 200) is GRANTED in part and DENIED in part, and the parties' third motion to seal (Dkt. 218) is DENIED.

Specifically, the first motion to seal is granted as to the limited redactions of email addresses in exhibits 3, 6, 7, 9, 10, 18, 19, 20, 21, 22, and 23, as to the limited redactions of user names in exhibit 43, and as to the limited redaction of the declarant's city of residence in exhibit 64.  The first motion to seal is denied on all other bases.

The second motion to seal is granted as to exhibit 8, and as to the limited redactions in exhibits 26-51.  The second motion to seal is denied on all other bases.

The third motion to seal is denied in its entirety.

The parties are directed to file public versions of the briefs, declarations, and exhibits, consistent with this order, no later than **September 1, 2023**.

**IT IS SO ORDERED.**

Dated:  August 15, 2023

                                  /s/ *Phyllis J. Hamilton*
                              PHYLLIS J. HAMILTON
                              United States District Judge