DAMIEN J. MARSHALL
(admitted *pro hac vice*)
dmarshall@kslaw.com
ANDREW MICHAELSON
(admitted *pro hac vice*)
amichaelson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100; Fax: (212) 556-2222

LISA BUGNI (SBN 323962)
lbugni@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300

ANDREW J. CERESNEY
(admitted *pro hac vice*)
aceresney@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

*Counsel for Defendants Ripple Labs Inc.,
XRP II, LLC, and Bradley Garlinghouse*

MICHAEL K. KELLOGG
(admitted *pro hac vice*)
mkellogg@kellogghansen.com
REID M. FIGEL
(admitted *pro hac vice*)
rfigel@kellogghansen.com
GREGORY G. RAPAWY
(admitted *pro hac vice*)
grapawy@kellogghansen.com
BRADLEY E. OPPENHEIMER
(admitted *pro hac vice*)
boppenheimer@kellogghansen.com
BETHAN R. JONES
(admitted *pro hac vice*)
bjones@kellogghansen.com
JUSTIN B. BERG
(admitted *pro hac vice*)
jberg@kellogghansen.com

KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
+1 (202) 326-7900

*Counsel for Defendant Ripple Labs Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| In re RIPPLE LABS INC. LITIGATION | Case No. 4:18-cv-06753-PJH |
|---|---|
| This Document Relates to:<br><br>ALL ACTIONS | JOINT MOTION FOR ENTRY OF FINAL JUDGMENT AND TO STAY |

Lead Plaintiff Bradley Sostack ("Plaintiff") and Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse ("Defendants," and collectively with Plaintiff, the "Parties"), by and through undersigned counsel, jointly request that the Court direct entry of final judgment on Plaintiff's class action claims pursuant to Rule 54(b) and stay further proceedings on Plaintiff's remaining individual state law claim until resolution of any and all appeals of the class action claims. In support thereof, the Parties state the following:

## INTRODUCTION

Following this Court's Order and Opinion Granting In Part and Denying In Part Defendants' Motion for Summary Judgment, ECF No. 419, all that remains is a single, state-law claim that Plaintiff is pursuing on an individual basis (the "Individual Claim"), ECF No. 87 ¶¶ 197–206.[1] The Court ordered the Parties to attend a Settlement Conference with Magistrate Judge Peter H. Kang, but good faith attempts to settle the case were unsuccessful. The Parties are now facing pretrial deadlines: By November 14, 2024, the Parties must meet and confer about their preparation of the joint pretrial statement, *see* Judge Hamilton Civil Pretrial Instructions Standing Order § B.2, and anticipate discussing joint *voir dire* questions and joint jury instructions as well, *see id.* § B.3(j). By November 21, 2024, the Parties must submit, among other things, their joint pretrial statement, trial briefs, motions *in limine*, voir dire questions, jury instructions, and verdict forms. *See id.* § B.3. And trial on the Individual Claim is set for January 21, 2025.

Plaintiff's damages on the Individual Claim are less than $1,000 and, regardless of the outcome of the trial, Plaintiff intends to appeal this Court's Summary Judgment Order resolving the class claims. Accordingly, to advance resolution of the class claims, streamline the remaining litigation, and avoid unnecessary further burden on the Court and the Parties, the Parties jointly move the Court to direct entry of final judgment on the class claims resolved by the Court's Summary Judgment Order pursuant to Federal Rule of Civil Procedure 54(b), and

---

[1] The Parties presume the Court's familiarity with the background of this case, further details of which can be found in the Parties' summary judgment papers and this Court's Summary Judgment Order. *See* ECF Nos. 329, 372, 402, & 419.

to stay proceedings on the Individual Claim pending appeal.

I.     **Legal Standard For Entry of Final Judgment and to Stay**

"[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) "is intended to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple claim situations at a time that best serves the need of the litigation." *Good v. Ohio Edison*, 104 F.3d 93, 95 (6th Cir. 1997) (citation omitted). Rule 54(b) certification is no longer confined to the "infrequent harsh case." *Tsyn v. Wells Fargo Advisors, LLC*, 2016 WL 7635883, at *2 (N.D. Cal. June 27, 2016). Instead, "[t]he Ninth Circuit has indicated . . . that the modern trend is toward permitting Rule 54(b) certification, or, more exactly, 'toward greater deference to a district court's decision to certify under Rule 54(b).'" *Id.* (quoting *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991)).

The determination of whether to grant partial final judgment "involves an inquiry into the interest of sound judicial administration and a weighing of the equities at stake." *Rachford v. Air Line Pilots Assoc.*, 2006 WL 2595937, at *1 (N.D. Cal. Sept. 11, 2006) (citing *Wood v. CGG Bend*, LLC, 422 F.3d 873, 878 (9th Cir. 2005)) (internal quotations omitted). Factors to consider include: "(1) whether certification will result in unnecessary appellate review; (2) whether the claims finally adjudicated were separate, distinct, and independent of any of the other claims or counterclaims involved; (3) whether review of the adjudicated claims would not be mooted by any future developments in the case; and (4) whether the nature of the claims was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.*, at *2.

Additionally, a court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "If a district court certifies claims for appeal pursuant to Rule 54(b), it should stay all proceedings on the remaining claims if the interests of efficiency and fairness are served by doing so." *Doe v. Univ.*

*of Calif.*, 1993 WL 361540, at *2 (N.D. Cal. Sept. 2, 1993).

**II.     The Parties Agree That There Is No Just Reason to Delay Entry of Final Judgment on the Class Claims and Stay Proceedings on the Individual Claim Pending Appeal.**

The Court's Summary Judgment Order, which resolved Plaintiff's federal and state class claims with finality, is appropriate for entry of judgment under Rule 54(b). *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7–8 (1980). Plaintiff intends to appeal, *inter alia*, the Court's rulings that there existed no genuine issue of material fact precluding summary judgment as to (i) the applicability of the Securities Act's statute of repose (with respect to the federal class claims) and (ii) whether Plaintiff or any member of the state class is in "strict privity" with Ripple (with respect to the state class claims). The equities and notions of "sound judicial administration" weigh overwhelmingly in favor of directing entry of final judgment on the class claims so that Plaintiff's appeal may proceed promptly. Each of the four Rule 54(b) factors weigh in favor of entry of final judgment:

*First*, directing entry of final judgment will not result in unnecessary appellate review. Regardless of how the Individual Claim would be resolved at trial, Plaintiff would seek review of the Court's Summary Judgment Order on behalf of both the federal and state classes.

*Second*, the class claims that would become subject to appeal have issues that are distinct from the Individual Claim. Whereas the class claims put at issue all U.S. purchases of XRP over a six-year period, the Individual Claim concerns purchases by a single buyer in January 2018. And, the Individual Claim requires proof of elements that are not present in the class claims, such as falsity and materiality. While the class claims and the Individual Claim involve some of the same facts, Rule 54(b) certification is nonetheless appropriate where, as here, it would help to "streamline the ensuing litigation." *Texaco*, 939 F.2d at 798 (affirming Rule 54(b) certification even where claims disposed of on appeal and remaining claims would require proof of the same facts); *see also Alcan Aluminum Corp. v. Carlsberg Fin. Corp.*, 689 F.2d 815, 817 (9th Cir. 1982) (affirming Rule 54(b) certification and stating that "it is not required that

the Rule 54(b) claims be separate from and independent of the other claims").[2]

*Third*, appellate review of the adjudicated class claims is unlikely to be mooted by future developments on the Individual Claim.  As explained above, regardless of how the Individual Claim would be resolved at trial, Plaintiff would seek review of the Court's Summary Judgment Order as applied to the class claims.

*Fourth*, the Ninth Circuit would not need to decide the same (or even a similar) issue on subsequent appeals.  If the Court enters final judgment on the class claims and stays further proceedings on the Individual Claim, and if the Ninth Circuit thereafter affirms this Court's rulings on repose (for the federal class claims) and privity (for the state class claims), there would be ample motivation for the Parties to resolve the Individual Claim and minimal chance of a trial or further appeal.  And if the Ninth Circuit were to reverse this Court's rulings, the case would return to this Court for (a single) trial, and it is anticipated that any further appeal would concern different issues and the application of different standards.  Entering final judgment therefore presents no risk of piecemeal appeals.

Accordingly, there is no just reason to delay entry of final judgment on the class claims pursuant to Rule 54(b) and to stay proceedings on the Individual Claim until the resolution of

---

[2] *See also Belyea v. GreenSky, Inc.*, 2022 WL 20656597, at *2 (N.D. Cal. Apr. 20, 2022); (granting Rule 54(b) certification and noting that the relevant "inquiry does not require the issues raised on appeal to be completely distinct from the rest of the action, so long as resolving the claims would streamline the ensuing litigation"); *Crowe v. Cnty. of San Diego*, 2005 WL 8156612, *5 (S.D. Cal. July 25, 2005) (granting Rule 54(b) certification because "factual overlap" between the claims at issue "firmly convinced" the court "application of Rule 54(b) would serve to streamline this litigation"); *Adidas Am., Inc. v. Payless Shoesource, Inc.*, 166 F. App'x 268, 270 (9th Cir. 2006) ("[B]y not granting the Rule 54(b) request, the District Court would have increased the likelihood of two full trials[.] . . . By granting the motion, the District Court properly conserved judicial resources."); *Purdy Mobile Homes, Inc. v. Champion Home Builders Co.*, 594 F.2d 1313, 1316–17 (9th Cir. 1979) (affirming entry of final judgment pursuant to Rule 54(b) where plaintiff brought state and federal claims and the district court had disposed of only the federal claims on summary judgment because "if review of the federal claims were delayed until after trial on the state claims, reversal on [Plaintiff's class] claims likely would require a second trial, consuming valuable judicial resources"); *see also Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 576 (9th Cir. 2018) (noting that "advancing [the parties'] goals and easing the [parties'] burden of financing the litigation effort" further supported affirming Rule 54(b) certification).

any and all appeals of the class claims.

## CONCLUSION

For the reasons stated herein, the Parties respectfully request that the Court direct entry of final judgment on the federal and state class claims pursuant to Rule 54(b) and stay further proceedings on Plaintiff's Individual Claim.

DATED: October 28, 2024

KING & SPALDING LLP

By: /s/ Andrew Michaelson
      Andrew Michaelson
DAMIEN J. MARSHALL (admitted *pro hac vice*)
dmarshall@kslaw.com
ANDREW MICHAELSON (admitted *pro hac vice*)
amichaelson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100; Fax: (212) 556-2222
LISA R. BUGNI (SBN 323962)
lbugni@kslaw.com
KING & SPALDING LLP
50 California St., Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300
ANDREW J. CERESNEY (admitted *pro hac vice*)
aceresney@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836
*Counsel for Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse*

MICHAEL K. KELLOGG (admitted *pro hac vice*)
mkellogg@kellogghansen.com
REID M. FIGEL (admitted *pro hac vice*)
rfigel@kellogghansen.com
GREGORY G. RAPAWY (admitted *pro hac vice*)

grapawy@kellogghansen.com
BRADLEY E. OPPENHEIMER (admitted *pro hac vice*)
boppenheimer@kellogghansen.com
BETHAN R. JONES (admitted *pro hac vice*)
bjones@kellogghansen.com
JUSTIN B. BERG (admitted *pro hac vice*)
jberg@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
+1 (202) 326-7900
*Counsel for Defendant Ripple Labs Inc.*

By: /s/ Nicholas N. Spear
MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
STEVEN G. SKLAVER (237612)
ssklaver@susmangodfrey.com
OLEG ELKHUNOVICH (269238)
oelkhunovich@susmangodfrey.com
KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
NICHOLAS N. SPEAR (304281)
nspear@susmangodfrey.com
MICHAEL TAYAG (350113)
mtayag@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

JAMES Q. TAYLOR-COPELAND (284743)
james@taylorcopelandlaw.com
MAX AMBROSE (320964)
maxambrose@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4944
Facsimile: (619) 566-4341
*Counsel for Lead Plaintiff Bradley Sostack and Class Counsel*

JOINT MOTION FOR ENTRY OF FINAL JUDGMENT AND TO STAY        6        Case No. 4:18-cv-06753-PJH

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

DATED: October 28, 2024

                                              */s/ Andrew Michaelson*
                                              Andrew Michaelson