# EXHIBIT G

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY SOSTACK, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RIPPLE LABS, INC., et al.,<br><br>    Defendants. | Case No. 18-cv-06753-PJH<br><br>**ORDER GRANTING IN PART MOTION TO APPROVE FORM AND MANNER OF CLASS NOTICE**<br><br>Re: Dkt. No. 303, 308 |

    Plaintiff's motion to approve the form and manner of class notice came on for hearing on January 11, 2024. The court also heard the motion to intervene for a limited purpose, filed by non-party and proposed intervenor Payward Inc. (d/b/a "Kraken"). Plaintiff appeared through his counsel, Nicholas Spear and Michael Tayag. Defendants appeared through their counsel, Andrew Michaelson and Bradley Oppenheimer. Kraken appeared through its counsel, Michael O'Connor. Having read the papers filed by the parties and carefully considered their arguments and relevant authority, and good cause appearing, the court hereby rules as follows.

    Starting with plaintiff's motion to approve the form and manner of class notice,[1] defendants acknowledge that they dispute only one issue – namely, whether the class should include (and thus, whether notice should be sent to) only U.S. residents, or all purchasers of XRP who made their purchase on a U.S-based digital asset exchange. As

---

[1] In connection with plaintiff's motion, plaintiff also filed a motion to consider whether another party's information should be sealed. See Dkt. 302. However, plaintiff subsequently filed a declaration stating that no party sought the sealing of the information contained in that motion. See Dkt. 310. Thus, the sealing motion is denied as moot.

the court acknowledged at the hearing, the language used in the class certification order was susceptible to both interpretations, and thus, the parties essentially seek clarification of the class certification order as to the geographic scope of the class.

The court also stated at the hearing that its intent, at the time of the class certification order, was to limit the class to U.S. residents, based on the considerations set forth in that order – namely, that "[o]ther countries should have the opportunity to regulate cryptocurrency in the manner in which they see fit" (Dkt. 264 at 14). While plaintiff is correct that there is no jurisdictional obstacle to including non-U.S. residents in the class, the court, having considered the arguments made at the hearing, now concludes that the prudential considerations identified in the class certification order warrant limiting the class to U.S. residents, and thus notice should be sent only to U.S. residents.

As mentioned above, defendants did not dispute any other aspect of the form or manner of class notice.

Turning now to Kraken's motion to intervene for the limited purpose of opposing plaintiff's motion, the parties represented at the hearing that there was no opposition to Kraken's intervention for its limited purpose. Thus, as stated at the hearing, Kraken's motion to intervene for that limited purpose is GRANTED.

The subject of Kraken's opposition to plaintiff's motion is that Kraken seeks to tailor the language used in the class notice sent to its particular clients. As explained in the parties' papers, Kraken declined to provide its clients' contact information to the class notice administrator, which resulted in a discovery dispute. Magistrate Judge Illman resolved the dispute by giving Kraken the choice of either (1) providing the contact information, or (2) providing direct notice to its clients. See Dkt. 287. Kraken opted for (2), agreeing to provide class notice directly to its clients.

As the court stated at the hearing, while Kraken is free to send supplementary information to its clients that is tailored to their particular needs, the fact remains that Kraken – by opting to provide direct notice – agreed to send the class notice in the

2

standardized format sent to all class members. After the court addressed this issue at the hearing, the parties represented that they will be able to agree upon a form for the notice that can be sent to Kraken's clients, and that they will submit a stipulation regarding the final form of notice. See Dkt. 334 at 26.

Accordingly, there being no other disputes as to the form and manner of class notice, plaintiff's motion is GRANTED in part, and denied in part only to the extent that it seeks to send notice to non-U.S. residents. As stated at the hearing, the parties are directed to submit a stipulation to approve the final form of class notice.

**IT IS SO ORDERED.**

Dated: January 18, 2024

/s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge