UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re RIPPLE LABS, INC. LITIGATION<br><br>This Document Relates To:<br>  All Actions | Case No. 18-cv-06753-PJH<br><br>**ORDER RE MOTIONS TO SEAL**<br>Re: Dkt. No. 425, 426 |

This is a securities case.  In connection with defendant's summary judgment motion, the parties filed a number of motions to seal.  At the hearing, the court denied the sealing motions to the extent they sought to seal any portions of the parties' briefs.  The court then directed the parties to re-assess the scope of their requests to seal exhibits in light of that denial, and then to submit a narrowed motion to seal.  See Dkt. 419 at 17; Dkt. 415 at 5.

Now before the court are plaintiff's narrowed motion to seal (Dkt. 425) and defendants' narrowed motion to seal (Dkt. 426).  Having considered the arguments made by the parties, the court hereby rules as follows.

**DISCUSSION**

A.  Legal standard

"There is a general principle in favor of public access to federal court records." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978).  "The proponent of sealing bears the burden with respect to sealing.  A failure to meet that burden means that the default posture of public access prevails."  Kamakana v. City & City of Honolulu, 447 F.3d 1172, 1182 (9th Cir. 2006).

The Ninth Circuit has recognized that two different standards may apply when a

request to seal a document is made in connection with a motion—namely the "compelling reasons" standard or the "good cause" standard.  Ctr. For Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-97 (9th Cir. 2016).  The compelling reasons standard applies to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case," including summary judgment motions and related Daubert motions.  Id. at 1100-01.

Under the compelling reasons standard, a court may seal a record only if it finds a "compelling reason" to support such treatment and articulates "the factual basis for its ruling, without relying on hypothesis or conjecture."  Ctr. for Auto Safety, 809 F.3d at 1096-97.  If it has made such finding, the court "must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret."  Id. at 1097.  Factors relevant to that balancing test include the public interest "in understanding the judicial process," Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 n.6 (9th Cir. 2010), as well as the volume of material sought to be sealed, Algarin v. Maybelline, LLC, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014).

The Ninth Circuit has acknowledged that "[w]hat constitutes a 'compelling reason' is best left to the sound discretion of the trial court."  Ctr. for Auto Safety, 809 F.3d at 1097.

B. Analysis

Plaintiff's motion seeks the sealing of portions of exhibits 29, 30, and 33 submitted in support of defendants' motion for summary judgment, and exhibit 6 submitted in support of defendants' motion to exclude the testimony of Steven P. Feinstein, based on the presence of confidential, sensitive, and personally identifiable information.  The court concludes that the narrowed redactions sought by plaintiff do meet the Ninth Circuit's "compelling reasons" standard, and thus, plaintiff's motion to seal (Dkt. 425) is GRANTED.

Defendants' motion seeks the sealing of the following: exhibits 13, 14, 17, 42, 45, 54, 55 and 72 submitted in support of defendant's motion for summary judgment; exhibits

3, 14, 17, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 47, 48, 49, 50, 51, 52, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 67, 69, 72, 75, 93, 94, 140, 141, 142, 143, 144, 145, 146, and 147 submitted in support of plaintiff's opposition to defendants' motion for summary judgment; exhibits 5, 7, 8, 9, 11, 12, 13, 16, 17, 18, 22, 23, 24, and 26 submitted in support of plaintiff's opposition to defendants' motion to exclude the testimony of Saifedean Ammous; exhibits 10 and 11 in support of defendants' motion to exclude the testimony of Steven P. Feinstein; exhibit F and G in support of plaintiff's opposition to defendants' motion to exclude the testimony of Steven P. Feinstein; exhibit 9, 10, and 11 in support of plaintiff's opposition to defendants' motion to exclude the testimony of Jeremy Clark; exhibit 1 of plaintiff's motion to exclude the testimony of Alan Schwartz; and exhibit H and J of defendant's motion to exclude the testimony of Joel Seligman.  The court concludes that the narrowed redactions sought by defendants do meet the Ninth Circuit's "compelling reasons" standard, and thus, defendants' motion to seal (Dkt. 426) is GRANTED.

      The previous motions to seal filed by the parties (Dkt. 338, 340, 342, 343, 347, 349, 356, 365, 366, 367, 368, 369, 370, 371, 373, 379, 380, 381, 382, 387, and 389) are terminated as moot.

**IT IS SO ORDERED.**

Dated: January 8, 2025

                                                               /s/ *Phyllis J. Hamilton*
                                                PHYLLIS J. HAMILTON
                                                United States District Judge